| | |
|---|---|
| 1 | BETH W. PETRONIO, *pro hac vice forthcoming* |
| 2 | beth.petronio@klgates.com<br>K&L GATES LLP |
| 3 | 1717 Main Street, Suite 2800<br>Dallas, TX 75201 |
| 4 | Telephone:  (214) 939-5815<br>Facsimile:   (214) 939-5849 |

JASON N. HAYCOCK (SBN 278983)
jason.haycock@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:  (415) 882-8200
Facsimile:   (415) 882-8220

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-CV-00983<br><br>**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1331, 1367, 1441, 1446]**<br><br>(Orange County Superior Court Case No. 30-2022-01250695-CU-AT-CXC)<br><br>Complaint Filed:  March 18, 2022<br>Trial Date:           TBD |

**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT TO FEDERAL COURT**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS**

**PLEASE TAKE NOTICE** that Defendant Tyler Technologies, Inc. ("Tyler"), with the consent and agreement of all other Defendants, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Orange, where the action is now pending, to the United States District Court for the Central District of California. This civil action is removed on the basis of federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

## PROCEDURAL HISTORY

1. On March 18, 2022, Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2, and Jane Roe 3 commenced a civil action in the Superior Court of the State of California for the County of Orange, entitled *Roe v. The State Bar of California*, Case No. 30-2022-01250695-CU-AT-CXC, by filing a complaint. All process, pleadings, and orders served upon defendants are attached hereto. A true and correct copy of the original complaint is attached hereto as **Exhibit A**.

2. As originally filed, the complaint named as defendants the State Bar, JudyRecords.com, an Employee Doe, and Does 1 through 10. *See* Ex. A at ¶¶5-9.

///

3. As originally filed, the complaint, which is styled as a class action, alleged seven causes of action: (1) violation of the California Information Practices Act of 1977 against Defendant The State Bar of California (the "State Bar"); (2) invasion of privacy under article one, section one of the California Constitution against all Defendants; (3) invasion of privacy under section 1798.53 of the California Civil Code against Defendant JudyRecords.com and Does 1 to 2; (4) violation of Plaintiffs' rights to informational privacy and equal protection under 42 U.S.C. § 1983 against Defendant Employee Doe and Does 3 to 10; (5) violation of Plaintiffs' rights to informational privacy under 42 U.S.C. § 1983 against Defendants State Bar and Does 3 to 10; (6) violation of section two of the Sherman Antitrust Act against Defendants State Bar, JudyRecords.com and Does 5 to 10; and (7) violation of section three of the Sherman Antitrust Act against Defendants State Bar, JudyRecords.com and Does 5 to 10.

4. On March 24, 2022, Plaintiffs amended their complaint to substitute an incorrectly named defendant, JudyRecords.com, with the true name of the party, Kevan Schwitzer. A true and correct copy of the notice that effectuated that amendment, filed with the Superior Court pursuant to section 473 of the California Code of Civil Procedure, is attached hereto as **Exhibit B**.

5. On March 24, 2022, Plaintiffs served the State Bar with a summons and the complaint. Plaintiffs filed a proof of service on March 28, 2022. A true and correct copy of that proof of service is attached hereto as **Exhibit C**.

6. On March 24, 2022, Plaintiffs also purported to serve the Employee Doe by emailing the State Bar a summons and the complaint. Plaintiffs filed a proof of service of Employee Doe on March 28, 2022, indicating Plaintiffs' apparent belief that emailing the State Bar properly effectuated service on the fictitious defendant Employee Doe. Defendants disagree that Plaintiffs properly served any such fictitious individual. A true and correct copy of that proof of service is attached hereto as **Exhibit D**.

2
**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT TO FEDERAL COURT**

7. On March 25, 2022, Plaintiffs amended their complaint to substitute the fictitiously named defendant, Doe 1, with the true name of the party, Tyler. A true and correct copy of the notice that effectuated that amendment, filed with the Superior Court pursuant to section 474 of the California Code of Civil Procedure, is attached hereto as **Exhibit E**.

8. On March 28, 2022, Plaintiffs served Tyler with a summons and the complaint. Plaintiffs filed a proof of service on March 29, 2022. A true and correct copy of that proof of service is attached hereto as **Exhibit F**.

9. On March 29, 2022, Plaintiffs served Schwitzer with a summons and the complaint. Plaintiffs filed a proof of service on April 1, 2022. A true and correct copy of that proof of service is attached hereto as **Exhibit G**.

10. On April 13, 2022, Plaintiffs filed an amended complaint they styled as the First Amended Class Action Complaint ("FAC"). Among other changes, the FAC: (1) added an additional anonymous plaintiff, John Roe 2; (2) substituted a fictitiously named defendant, the Employee Doe, with the true name of an individual, Rick Rankin; (3) eliminated two causes of action alleging violations of Plaintiffs' rights to informational privacy and equal protection under 42 U.S.C. § 1983; (4) added Tyler to the list of Defendants against whom the Sherman Antitrust Act claims were asserted; (5) added causes of action for common-law negligence and negligence *per se*; and (6) altered various other allegations. A true and correct copy of the FAC is attached hereto as **Exhibit H**.

11. On April 30, 2022, Plaintiffs served Rankin with a summons and the FAC via email to Rankin's attorney, along with a Notice and Acknowledgment of Receipt form. Counsel for Rankin signed the Notice and Acknowledgment of Receipt and returned it via email on May 3, 2022. A true and correct copy of that Notice and Acknowledgment of Receipt is attached hereto as **Exhibit I**.

12. Undersigned counsel asserts, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that all named Defendants who have been properly joined and served consent to this removal, as required by 28 U.S.C. § 1446(b)(2)(a). *See also Proctor v. Vishay Intertech.*, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).

## TIMELINESS OF REMOVAL

13. This notice of removal is timely because it is filed within thirty (30) days from April 13, 2022, the date Tyler obtained a copy of the FAC, which purported to assert, for the first time, claims against Tyler under the Sherman Antitrust Act. *See* § 28 U.S.C. 1446(b)(1).

## SUBJECT MATTER JURISDICTION

14. This Court has subject matter jurisdiction over all claims asserted in this action.

15. A district court shall have original federal question jurisdiction over "all civil actions arising under the Constitutions, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have supplemental jurisdiction over all other claims that form part of "the same case or controversy" as civil actions in which the courts have original jurisdiction. 28 U.S.C. § 1367.

16. Here, Plaintiffs assert two causes of action "arising under" the Sherman Antitrust Act, a federal statute. 28 U.S.C. § 1331; *see* Ex. H at ¶¶ 81–111. Accordingly, this Court has federal question jurisdiction over Plaintiffs' two antitrust claims. *Id.* This Court also has supplemental jurisdiction over Plaintiffs' remaining causes of action because they form part of the same "case or controversy" as Plaintiffs' federal claims. 28 U.S.C. § 1367; *see* Ex. H at ¶¶ 50–80; 112–29.

## VENUE

17. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state-court action was originally pending in this judicial district; namely, the Superior Court of the State of California for the County of Orange. *See* 28 U.S.C. § 84(c).

## NOTICE TO STATE COURT AND PLAINTIFFS

18. Promptly after filing this notice of removal with this Court, Defendants will serve the notice on Plaintiffs and file a copy of the notice with the Clerk of the Orange County Superior Court, as required under 28 U.S.C. §1446(d).

## CONCLUSION

19. Based on the foregoing, Tyler, with the express consent and agreement of all Defendants, removes the civil action filed in the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California.

**K&L GATES LLP**

Dated: May 13, 2022

By: */s/ Jason N. Haycock*
BETH W. PETRONIO
JASON N. HAYCOCK

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.