# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 03/18/2022 04:33:01 PM.
30-2022-01250695-CU-AT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.
Case 8:22-cv-00983-DOC-DFM   Document 1-1   Filed 05/13/22   Page 2 of 18   Page ID #:8

1  Lenore L. Albert, Esq.   SBN 210876
2  LAW OFFICES OF LENORE ALBERT
   31872 Joshua Dr #22C
3  Trabuco Canyon, CA 92679
4  Telephone (424)365-0741
   Email: lenalbert@InteractiveCounsel.com
5  Attorney for Plaintiffs, John Roe 1, Jane Roe
   1, Jane Roe 2, and Jane Roe 3, *on behalf of*
6  *themselves and all others similarly situated*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, *on behalf of themselves and all others similarly situated*,<br><br>                           Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA; JUDYRECORDS.COM; EMPLOYEE DOE; and DOES 1 through 10, inclusive,<br>                           Defendants. | CASE NO. 30-2022-01250695-CU-AT-CXC<br>Assigned For All Purposes<br>Assigned to the Honorable:<br>CX-105     Judge Randall J. Sherman<br><br>**CLASS ACTION COMPLAINT**<br>1.  **Violation of Cal. Information Practices Act of 1977**<br>2.  **Invasion of Privacy (Cal. Const. Art I § 1)**<br>3.  **Invasion of Privacy (Civ. Code § 1798.53)**<br>4.  **42 U.S.C. § 1983 Invasion of Privacy**<br>5.  **42 U.S.C. § 1983 Invasion of Privacy**<br>6.  **Antitrust Violation - Sherman Act § 2**<br>7.  **Antitrust Violation - Sherman Act § 3**<br><br>[**DEMAND FOR JURY TRIAL**] |

Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2 and Jane Roe 3 (referred to collectively as "Plaintiff" or "Plaintiffs"), by and through their attorney, bring this action against Defendants, the State Bar of California, the owner of JudyRecords.com, Employee Doe responsible for the data breach, and Does 1 through 10, and each of them so captioned, (collectively the "Defendants") and

1

**Class Action Complaint**
*Roe v The State Bar of California, et al.*

alleges the following on information and belief, except as to those allegations which pertain to the Plaintiff and are within their personal knowledge:

## PARTIES

1. Plaintiff, John Roe 1, at all times mentioned herein relevant to this complaint is employed in and is a resident of Orange County, California and had filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "John Roe 1" to protect his legitimate interests in his privacy.

2. Plaintiff, Jane Roe 1, at all times mentioned herein relevant to this complaint was a resident of Los Angeles County, California, employed in Orange County, California and had filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 1" to protect her legitimate interests in her privacy.

3. Plaintiff, Jane Roe 2, at all times mentioned herein relevant to this complaint was a former judge licensed by the State Bar of California and resident of San Diego County, California and was the subject of a confidential investigation filed with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 2" to protect her legitimate interests in her privacy.

4. Plaintiff, Jane Roe 2, at all times mentioned herein relevant to this complaint was an attorney licensed by the State Bar of California and resident of Contra Costa County, California and was the subject of a confidential Complaint filed with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 2" to protect her legitimate interests in her privacy.

5. Defendant THE STATE BAR OF CALIFORNIA, is a public corporation and has two offices located in (1) San Francisco, California; and (2) Los Angeles, California. On or about February 24, 2022, the State Bar publicly announced that it released approximately 260,000 confidential disciplinary records to a third party through one of its ports which displayed those records on a website with the URL JudyRecords.com.

6. Defendant JUDYRECORDS.COM operates a website that publishes information from various federal and state agencies. 260,000 confidential State Bar of California records were published on this website. Plaintiff does not know the true name and capacity of Defendant JUDYRECORDS.COM, and, as such, names said Defendant by such fictitious name. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant when such information is ascertained.

7. Defendant EMPLOYEE DOE is the person employed by the State Bar of California designated with the responsibility for ensuring the agency complies with all of the provisions of the Information Practices Act of 1977 ("IPA") and/or ensure that confidential information in digital form would be secure from being released to third parties by accessing the internet. Plaintiff does not know the true name and capacity of the Defendant EMPLOYEE DOE, and, as such, names said Defendant by such fictitious name. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant when such information is ascertained.

8. Third party TYLER TECHNOLOGIES is the vendor that has supplied the software being used by the State Bar of California where it is reported was exploited due to a porting issue. Plaintiff has no knowledge that Tyler Technologies is responsible for the harm caused by the Data Breach but reserves the right to amend this Complaint to add Tyler Technologies upon further investigation and discovery as to what exactly caused this breach of approximately 260,000 confidential records from the State Bar of California case management system.

9. Plaintiff does not know the true names and capacities of the Defendants DOES 1 through 10, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant(s) when such information is ascertained.

10. Plaintiff is informed and believes, and alleges thereon, that each Defendant assisted, adopted, ratified, approved, conspired, or acted in concert therewith with the other Defendant(s).

11. Plaintiff is informed and believes, and alleges thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's' damages were proximately caused by the Defendants at all times mentioned in this complaint.

## FACTS

12. The State Bar of California is a public corporation that collects confidential information from *both* its members and the public who file State Bar complaints against members of the State Bar. It maintains a large volume of sensitive private information, which was recently expanded to include biometric data about members of the State Bar.

13. All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed. Some complaints and investigations never end up being prosecuted, others remain confidential through prosecution, and still others become confidential after being "expunged."

14. In or about 2019, sometime after March 16, 2018, the State Bar of California intentionally transferred some or all of their confidential records contained in their AS 400 Case Management System to a new Case Management System referred to as "Odyssey" which it purchased from Tyler Technologies.

15. The State Bar intentionally decided to open its port(s) and publish all of its public records concerning disciplinary proceedings online, including but not limited to dockets, disciplinary files, recommendations, and review department opinions. It also created a log in space called "My State Bar Portal" for all members to provide confidential information in paying their annual fees. Defendant, State Bar would also use this online site to upload "important communications" such as confidential State Bar investigation correspondence to the internet for the State Bar member such as Jane Roe 3 to download.

16. Plaintiffs are informed and believe and allege thereon that the State Bar has published that the 260,000 confidential records were not published as a result of a breach, but it was through a port used for third parties to access public records from. It did not publish a warning that prohibited third parties from obtaining records through the same port.

17. In or about October 2021, the owner of JudyRecords.com intentionally connected its database to the State Bar's port received an enormous amount of confidential information from the State Bar and published some or all of the confidential and public disciplinary data it obtained on its website which was free and open to the public to search.

18. The Plaintiffs and all Classes did not authorize the State Bar of California to allow others to gain access to the confidential information in the custody of the State Bar of California.

19. The Plaintiffs and all Classes did not authorize the owner of JudyRecords.com to obtain or publish confidential information it obtained from the State Bar of California.

20. As a direct and proximate result of the intentional conduct by both the State Bar of California and the owner of JudyRecords.com, details of approximately 100 to 260,000 confidential disciplinary records or other confidential information was transferred to JudyRecords.com and either all or a portion were published on JudyRecords.com for about four months.

21. Judyrecords.com site is set up to do a search by name wherein one can see the details of the investigation without having to click on the record. The search results are not uniform, but some level of detailed information shows up in a general search without having to select and view the actual file. The data includes the venue, the names of the parties, a URL to the record, and a case number.

22. On or about February 24, 2022 a third-party complainant informed the State Bar of California that confidential records were being published on a third-party search engine at https://Judysrecords.com.

23. To date, Defendant State Bar has not notified the members or complainants of the breach or what confidential information other than disciplinary records were obtained leaving them to guess if they should do something or what they should do next.

24. To date, Defendant State Bar has not reported the breach to the California Attorney General's office or local law enforcement. Instead, it appears that it is using the time and press to obfuscate, downplay, and deny against any liability. It has the specter of destroying and/or covering up the evidence or wrongdoing.

25. To date, the California State Bar has only reported the public disclosure of this massive number of confidential records on its website wherein it further states it is working on trying to identify 1,000 out of the 260,000 confidential records that have had unique views on the JudyRecords.com website.

26. Plaintiff is informed and believes and alleges thereon that approximately 260,000 confidential records maintained by the State Bar of California were published on https://Judysrecords.com website from October 15, 2021 to on or about February 24, 2022 as reported by Reuters which it has reduced.

27. An obscure online report by the Whittier Daily News provided "the confidential documents published by JudyRecords.com included case number, type, status, file date and respondent and complaining witness names" which the State Bar has now – reduced.

28. Plaintiff is informed and believes and alleges thereon that the State Bar of California's EMPLOYEE DOE failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information such as their port which gave JudyRecords.com the ability to obtain the confidential information and place it in the public domain which the State Bar now denies any such duty.

29. The State Bar of California has refused to provide Plaintiffs and all Classes any specific information about the breach, when requested, including but not limited to if their confidential information was breached, what information was in the breach, and what next steps the individual can take to protect themselves. They have been merely directed to the Data Breach release on www.Calbar.ca.gov website which does not provide the information required by the Information Practices Act of 1977.

30. Members of the State Bar of California and members of the public rely on the State Bar of California to keep disciplinary records confidential until formal charges are filed for the safety and protection of everyone involved.

31. The delay in providing specific information and steps to take harms the Plaintiffs and all members of all Classes because the Plaintiffs and all members of all Classes are being prevented from taking any steps to mitigate the fallout from their information being published for others to see. They need to know what information was out there so they can mitigate harm. The State Bar could have released the members fingerprints and social security numbers along with investigation information. The State Bar could have released the Complainants home address or an investigation of a supervisor. Not knowing and not getting any specific information when requested is causing anxiety, worry, and emotional distress.

32. Public disclosure of such private facts including the identity of a complainant or member under investigation can lead to reputation loss, job loss, emotional distress and in extreme cases bodily injury or loss of life. A complainant may suffer in their employment if they complained about their boss or may have a chilling effect on finding future representation to their injury. Likewise, an attorney could be harmed by others knowing the State Bar opened an investigation thus causing a chilling effect where potential clients will look elsewhere for representation. Additionally, an investigation on a complaint of stalking or violence leaked out to the public could lead to the respondent prematurely learning of it, leading to potential bodily harm upon the complaining victim. Likewise, not all investigations or even most complaints are meritorious; having an unmeritorious complaint land on a public website can lead to reputational harm, threats of extortion, or even job loss or loss of job opportunities. The reputation of an attorney is one of the most valuable assets an attorney has, and this can devastate his or her entire livelihood. It can cost anywhere between $10,000.00 to $25,000.00 per year to just try to combat and repair reputational harm on the internet.

33. This is not the first time the State Bar of California has been notified that it has released the confidential information of complainants or members. There are two decades of complaints by attorneys and complaining witnesses showing State Bar's reckless conduct in disclosing confidential information without recourse.

34. This disclosure of approximately 100 to 260,000 confidential records by Defendants and failure to notify has caused harm to the Plaintiff and all Classes, including but not limited to, time, expense,

1  worry, anxiety, reputational harm, and emotional distress. Investigation is still continuing, and Plaintiffs
2  and all members of all Classes reserve the right to amend the factual allegations as more information is
3  discovered.
4  35. A claim was filed with the State Bar of California even though a private right of action exists
5  outside the Tort Claims Act which – then the State Bar started to sweep it all under the rug.

## CLASS ALLEGATIONS

36. <u>Class Definition</u>: Plaintiffs bring this suit as a class action pursuant to California Information Practices Act of 1977, rights under the California and United States Constitution, and Antitrust laws, on behalf of themselves and all other similarly situated persons as a member of a Class defined as follows:

   a. All California residents identified in the approximately 100 to 260,000 confidential California State Bar records received by the owner/operator of https://JudyRecords.com which include both:
      i. Complainants; and
      ii. Members of the State Bar of California

37. Excluded from the Class are the Court, Defendants, and their affiliates, subsidiaries, current or former employees, officers, directors, agents, representatives, and their family members.

38. <u>Numerosity</u>: The persons who comprise the Plaintiff Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Class members are so numerous and are dispersed throughout the state that joinder of all Class members is impracticable. Class members can be identified, *inter alia*, through records maintained by the Defendants.

39. <u>Common Questions of Fact and Law</u>: Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Plaintiff Class and will apply uniformly to every member of the Plaintiff Class:

   a. Whether Defendants violated the California Information Practices Act of 1977.
   b. Whether Defendants violated the Plaintiff Classes constitutional rights.
   c. Whether Defendants violated antitrust laws.

40. Defendants have acted or refused to act on grounds generally applicable to the class.

41. A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings in different courts. A class action regarding the issues in this case does not create any problems of manageability.

42. The nature of notice to the proposed class required and/or contemplated would Defendant's list, when disclosed, would most likely be notice through email from Defendant's list which already identifies the complainants and attorney members along with their contact information, including email is the best practicable method possible. Also, mailing, media, the internet and/or other general notices are contemplated to ensure notice.

## FIRST CAUSE OF ACTION
### Violation of California Information Practices Act of 1977
### (All Plaintiffs and All Classes Against Defendant State Bar of California)

43. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 42 above as though fully set forth herein.

44. Plaintiffs bring this claim on their behalf and on behalf of all other Class members.

45. Defendant, State Bar of California, is a public corporation that owns or licenses computerized data that includes personal information of California residents. It is therefore subject to the Cal. Civil Code § 1798.29.

46. Defendant, State Bar of California, has a duty under California Civil Code § 1798.24 to not disclose personal information in a manner that would link the information disclosed to the individual to whom it pertains.
   a. As identified herein, Defendant failed to do so with 260,000 records or so.
   b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

47. Defendant, State Bar of California, also has a duty under California Civil Code § 1798.29 to prevent Plaintiffs' and class members' nonencrypted and nonredacted personal information from unauthorized access and exfiltration, theft, or disclosure.
   a. As identified herein, Defendant failed to do so with 260,000 records or so.
   b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

48. Defendant, State Bar of California, has a duty under California Civil Code 1798.21 to establish appropriate and reasonable administrative, technical, and physical safeguards to ensure compliance with the Information Practices Act of 1977 ("IPA") for it to follow to ensure the security and confidentiality of records, and to protect against anticipated threats or hazards to their security or integrity which could result in any injury.
   a. As identified herein, Defendant failed to do so.
   b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

49. Defendant, State Bar of California, also has a duty to implement and maintain reasonable security procedures and practices to protect this personal information.
   a. As identified herein, Defendant failed to do so.
   b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

50. Defendant, State Bar of California, also has a duty to disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California in the most expedient time possible and without unreasonable delay (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the agency that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable.
   a. As identified herein, Defendant failed to do so.
   b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' have been left to worry, anxious to know if their information was contained in the breach and what information that was causing emotional distress. Others still do not know about the breach and cannot take steps to protect themselves due to the breach.

51. Defendant, State Bar of California, has a duty to issue a security breach notification (1) written in plain language, shall be titled "Notice of Data Breach," and shall present the information described in paragraph (2) under the following headings: "What Happened," "What Information Was Involved," "What We Are Doing," "What You Can Do," and "For More Information."
    a. As identified herein, Defendant failed to do so.
    b. As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' have been harmed.

52. Defendant, State Bar of California, also has a duty to report the breach to the California Attorney General and ensure that a sample copy of a breach notice sent to more than 500 California residents was provided to the California Attorney General.
    a. As identified herein, Defendant failed to do so.
    b. As a direct and proximate result of Defendant's acts, notice to Plaintiffs and class members has been further delayed.

53. Plaintiffs and Class Members seek injunctive or other equitable relief to ensure Defendant adequately safeguard all confidential information going forward, by implementing reasonable security procedures and practices. This relief is particularly important because Defendant continues to hold Plaintiffs' and Class Members' confidential information which includes biometric information of other members of the State Bar of California.

54. Plaintiffs and Class Members have an interest in ensuring that their confidential information is reasonably protected, and Defendant has demonstrated a pattern of failing to adequately safeguard this information.

55. As a direct and proximate result of Defendant's conduct alleged above, Plaintiffs and the Class have been harmed entitling them to injunctive relief. Plaintiffs and all Classes are also entitled to actual and/or statutory damages, online reputation repair/branding subscription, emotional distress damages for the worry, delay, anxiety and extreme distress, costs, and an award of attorney fees.

56. Plaintiffs and the class are also entitled to exemplary damages due to Defendant's act(s) of oppression, malice, or fraud, including but not limited to the events laid out herein showing that Defendant's conduct subjected Plaintiff and all Classes to cruel and unjust hardship in conscious disregard of their rights.

## SECOND CAUSE OF ACTION
### Invasion of Privacy – Cal Constitution

**(All Plaintiffs and All Classes Against All Defendants)**

57. Plaintiffs incorporate herein by reference paragraphs 1 through 56 above in this pleading as though fully set forth herein.

58. This cause of action is being brought on behalf of Plaintiffs and all members of all Classes.

59. Plaintiffs and the class had a legally protected privacy interest in the 260,000 confidential records released from the State Bar of California.

60. Plaintiffs and the class had a reasonable expectation of privacy in the confidential information under the circumstances laid out in the complaint.

61. The Defendants, State Bar of California, JudyRecords.com, Employee Doe and Does 1 through 10's conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person.

62. As such, Plaintiffs and the Class members are entitled to injunctive relief against all Defendants and damages against JudyRecords.com, Employee Doe and Does 1 through 10.

63. Plaintiffs and the Class are entitled to costs and reasonable attorney fees.

### THIRD CAUSE OF ACTION
**Invasion of Privacy**
**(All Plaintiffs against Defendant JudyRecords.com and Does 1 to 2)**

64. Plaintiffs incorporate herein by reference paragraphs 1 through 63 above in this pleading as though fully set forth herein.

65. This cause of action is being brought on behalf of all Plaintiffs and all members of all Classes.

66. Defendant, JudyRecords.com, and Does 1 to 2, intentionally (1) received information, not otherwise public, (the confidential disciplinary records); and/or (2) released some or all of that information which it knows or should reasonably have known was obtained from personal information maintained by the State Bar of California, invading the privacy of the Plaintiffs and all members of all Classes pursuant to Cal. Civ. Code § 1798.53.

67. Public disclosure of these private facts (the confidential disciplinary records) would be offensive and objectionable to the reasonable person and were not a legitimate public concern.

68. As a direct and proximate cause, JudysRecords.com's conduct and the conduct of Does 1 to 2 harmed the Plaintiffs and all members of all Classes.

69. JudyRecords.com and Does 1 to 2's invasion of the Plaintiffs' and class members' privacy has been a substantial factor in causing shock, fear, mental suffering, anxiety, humiliation, emotional distress; harm to reputation and/or loss of standing in the community entitling them to damages.

70. Plaintiffs and all members of all Classes are entitled to costs and attorney fees.

71. Plaintiffs and all members of all Classes are also entitled to exemplary damages of $2,500.00 each pursuant to Cal. Civ. Code S 1798.53.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violation of Right to Informational Privacy & Equal Protection
### (All Plaintiffs Against Defendant EMPLOYEE DOE and Does 3 to 10)

72. Plaintiffs incorporate herein by reference paragraphs 1 through 71 above in this pleading as though fully set forth herein.

73. This cause of action is being brought on behalf of Plaintiffs and all members of all Classes.

74. Plaintiffs and the Class had a legally protected privacy interest in the 260,000 confidential records released from the State Bar of California.

75. Plaintiff and all members of all Classes had a reasonable expectation of privacy in the confidential information under the circumstances laid out in the complaint.

76. Defendant Employee Doe was acting or purporting to act in the performance of his or her official duties and Does 3 to 10 were acting in concert therewith.

77. Defendant, Employee Doe, breached his or her mandatory duty under Cal Civ Code § 1798.21 and § 1798.22.

78. Defendant, Employee Doe and Does 3 to 10, also negligently, recklessly, or intentionally violated the Plaintiffs' right to informational privacy.

79. Defendant Employee Doe and Defendants Does 3 to 10's conduct violated Plaintiffs' and all members of all Classes right of informational privacy and equal protection under the Fourteenth Amendment of the U.S. Constitution.

80. Plaintiffs and all members of all Classes were harmed.

81. Defendant Employee Doe's wrongful act(s) allowed the confidential records to be released to a third party was a substantial factor in causing harm to the Plaintiffs and all members of all Classes.

82. As a direct and proximate result, Plaintiffs and the Class are entitled to damages.

83. Plaintiff and the Class are entitled to costs and reasonable attorney fees.

84.     Plaintiffs and the Class are entitled to exemplary and/or punitive damages due to Defendant's act(s) of oppression, malice, or fraud, including but not limited to the events laid out herein showing that Defendant's conduct subjected Plaintiff and all Classes to cruel and unjust hardship in conscious disregard of their rights

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violation of Right to Informational Privacy
### (All Plaintiffs Against Defendant State Bar of California and Does 3 to 10)

85.     Plaintiffs incorporate herein by reference paragraphs 1 through 84 above in this pleading as though fully set forth herein.

86.     This cause of action is being brought on behalf of Plaintiffs and all members of all Classes.

87.     The State Bar of California has taken the Plaintiffs data and held it in a fashion outside the Plaintiffs' control, triggering Due Process Clause protection: it has 'by the affirmative exercise of its power' taken the data and 'so restrain[ed]' it that the original owner is unable to exert any control whatsoever over how the government stores or secures it. The government's 'affirmative duty to protect' the data 'arises … from the limitation which it has imposed on his freedom to act on his own behalf' to keep the data secure.

88.     The State Bar of California and Does 3 to 10 have repeatedly failed to keep this data secure, and continue to possess the Plaintiffs' confidential information and put it at risk of breach by using unsecure or reckless methods wherein the information can be accessed through the internet, entitling the Plaintiffs and all members of all Classes to prospective injunctive relief.

89.     Second, the State Bar of California and Does 3 to 10 have failed and refused to disclose to the Plaintiffs and all Classes what confidential information was posted online.

90.     Without knowing what was disclosed, the Plaintiffs and all Classes have no way to know what to do to protect their privacy or negate reputational harm that has or may have resulted.

91.     Plaintiffs' and all members of all Classes are entitled to prospective injunctive relief barring the Defendant from placing confidential information in a computer system or other relief, costs of suit and attorney's fees.

### SIXTH CAUSE OF ACTION
### Antitrust Violation Under the Sherman Act § 2
### (Attorney Member Plaintiffs Against Defendants State Bar of California, JudyRecords.com and Does 5 to 10)

**Class Action Complaint**
*Roe v The State Bar of California, et al.*

92. Plaintiffs incorporate herein by reference paragraphs 1 through 91 above in this pleading as though fully set forth herein.

93. This cause of action is being brought on behalf of the Attorney Member Plaintiffs and all members of the Attorney Member Class.

94. Defendants, the State Bar of California, JudyRecords.com and Does 5 to 10 have violated Section 2 of the Sherman Act.

95. The State Bar of California is a public corporation that has monopoly power over licensed attorneys in the State of California and the legal profession in California has an effect on interstate commerce.

96. The State Bar of California is controlled by marketplace participants (lawyers).

97. The members of the state board of the State Bar and Does 5 to 10 are not entitled to Parker state-action immunity because they are "market participants" in the very legal field they oversee, and do not receive active supervision by the State.

98. The State Bar of California and Does 5 to 10 joined in anticompetitive behavior to the benefit of lawyers who had not been investigated by the State Bar.

99. The state empowered a group of active market participants (other lawyers) in the State Bar to decide who can participate in its market (the legal profession), and on what terms.

100. Yet, the State does not actively supervise the policymakers and decisionmakers in the State Bar.

101. After receiving notice that 260,000 confidential disciplinary records were publicized on www.JudyRecords.com, the Board did nothing to notify the attorney general or the 260,000 members and complainants in violation of state law.

102. Instead, the Board of the State Bar of California decided to leave the complainants and members under investigation to be castigated by the wiles of the internet and worked with, conspired, partnered, joined, permitted, or acted in concert with JudyRecords.com to try to obfuscate and minimize what happened rather than use any of the powers at its disposal that would invoke oversight by a politically accountable official, including but not limited to, failing to report the breach to the California Attorney General as required by California law.

103. Acquired, enhanced, or maintained monopoly power by the use of exclusionary conduct beyond the powers provided in the State Bar Act causing antitrust injury.

104. Because the breach only concerned attorneys investigated for disciplinary actions and the confidential complainants, it appears that the Board's failure to act was due to anticompetitive animus.

105. Publication of confidential disciplinary complaints or investigations unreasonably restricts competition in the legal profession because potential clients are advised not to hire attorneys who have been disciplined or are being investigated for alleged unethical conduct; and

106. Publication of confidential disciplinary complaints or investigations unreasonably restricts access to justice or legal representation for the complainants because attorneys are advised not to take clients who have had multiple attorneys or attorneys that have been disciplined.

107. As a proximate result, injunctive relief is warranted.

108. As a further proximate result, actual damages and treble damages are warranted.

## SEVENTH CAUSE OF ACTION
### Sherman Act § 3
**(All Attorney Member Plaintiffs against Defendants State Bar of California, JudyRecords.com, Does 5-10)**

109. Plaintiffs incorporate herein by reference paragraphs 1 through 108 above in this pleading as though fully set forth herein.

110. This cause of action is being brought on behalf of Attorney Member Plaintiffs and all members of the Attorney Member Class.

111. Alternatively, to the Sixth Cause of Action, Defendants, the State Bar of California, JudyRecords.com and Does 5 to 10 have violated Section 3 of the Sherman Act.

112. Defendant, the State Bar of California and Does 5 to 10 unlawfully restrained competition of lawyers by unduly hindering the lawyers whose confidential information was breached from employing his or her talents, industry or capital in a lawful undertaking or attempted to do so, thus keeping the public from receiving legal services as freely as it would without such restraints.

113. As a proximate result, injunctive relief is warranted.

114. As a further proximate result, actual damages and treble damages are warranted.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and all members of all Classes pray for judgment against Defendants, and each of them, as follows:

**First Cause of Action**

1. Actual damages;
2. General damages;

15

**Class Action Complaint**
*Roe v The State Bar of California, et al.*

3. Costs;
4. Attorney fees; and
5. Any further relief the court would deem appropriate and just.

**Second Cause of Action**

1. Injunctive relief;
2. Costs;
3. Attorney fees; and
4. Any further relief the court would deem appropriate and just.

**Third Cause of Action**

1. Actual Damages;
2. General Damages;
3. Exemplary Damages of at least $2,500.00 per Plaintiff and class member;
4. Costs;
5. Attorney fees; and
6. Any further relief the court would deem appropriate and just.

**Fourth Cause of Action**

1. Actual Damages;
2. General Damages;
3. Punitive or Exemplary Damages;
4. Costs;
5. Attorney fees; and
6. Any further relief the court would deem appropriate and just.

**Fifth Cause of Action**

1. Injunctive relief;
2. Costs;
3. Attorney fees; and
4. Any further relief the court would deem appropriate and just.

**Sixth Cause of Action**

1. Injunctive relief;
2. Actual Damages;

     3. Treble Damages;

     4. Costs;

     5. Attorney fees; and

     6. Any further relief the court would deem appropriate and just.

**Seventh Cause of Action**

     1. Injunctive relief;

     2. Actual Damages;

     3. Treble Damages;

     4. Costs;

     5. Attorney fees; and

     6. Any further relief the court would deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all legal claims.

Dated: March 18, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, *on behalf of themselves and all others similarly situated*

17

**Class Action Complaint**
*Roe v The State Bar of California, et al.*