# EXHIBIT H

Electronically Filed by Superior Court of California, County of Orange, 04/13/2022 08:00:00 AM.
30-2022-01250695-CU-AT-CXC - ROA # 27 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.
Case 8:22-cv-00983-DOC-JDE Document 1-3 Filed 05/13/22 Page 2 of 22 Page ID #:46

1 Lenore L. Albert, Esq. SBN 210876
2 LAW OFFICES OF LENORE ALBERT
31872 Joshua Dr #22C
3 Trabuco Canyon, CA 92679
Telephone (424)365-0741
4 Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
5 Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of*
6  *themselves and all others similarly situated*

7

8                **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF ORANGE**

10

11 JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*,

CASE NO. 30-2022-01250695-CU-AT-CXC

Assigned to the Hon. Randall J. Sherman, CX-105
Complaint filed: 03-18-2022

13                            Plaintiff,

14 vs.

**FIRST AMENDED CLASS ACTION COMPLAINT**

15 THE STATE BAR OF CALIFORNIA; TYLER
16 TECHNOLOGIES, INC.; KEVAN SCHWITZER;
RICK RANKIN; and DOES 4 through 10,
17 inclusive,
18                            Defendants.

1. **Violation of Cal. Information Practices Act of 1977**

2. **Invasion of Privacy (Cal. Const. Art I § 1)**

3. **Invasion of Privacy (Civ. Code § 1798.53)**

4. **Antitrust Violation - Sherman Act § 2**

5. **Antitrust Violation - Sherman Act § 3**

6. **Negligence**

7. **Negligence per Se**

[DEMAND FOR JURY TRIAL]

26

27       Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2 and Jane Roe 3 (referred to collectively as

28 "Plaintiff" or "Plaintiffs"), by and through their attorney, amend their pleadings as a matter of right

and bring this action against Defendants, the State Bar of California, Tyler Technologies, Inc., Kevan

**1**

Schwitzer (JudyRecords.com), Rick Rankin, and Does 4 through 10, and each of them so captioned, (collectively the "Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiffs and are within their personal knowledge:

## **PARTIES**

1.      Plaintiff, John Roe 1, at all times mentioned herein relevant to this complaint is employed in and is a resident of Orange County, California and had filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "John Roe 1" to protect his legitimate interests in his privacy.

2.      Plaintiff, Jane Roe 1, at all times mentioned herein relevant to this complaint was a resident of Los Angeles County, California and had filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 1" to protect her legitimate interests in her privacy.

3.      Plaintiff, Jane Roe 2, at all times mentioned herein relevant to this complaint was a former judge licensed by the State Bar of California and resident of San Diego County, California and was the subject of a confidential investigation filed with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 2" to protect her legitimate interests in her privacy.

4.      Plaintiff, Jane Roe 3, at all times mentioned herein relevant to this complaint was an attorney licensed by the State Bar of California and resident of Contra Costa County, California and was the subject of a confidential Complaint filed with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 3" to protect her legitimate interests in her privacy.

5.      Plaintiff, John Roe 2, at all times mentioned herein relevant to this complaint is an attorney licensed by the State Bar of California and resident of Los Angeles County, California and was the subject of a confidential investigation filed with the State Bar of California. Plaintiff sues under the pseudonym of "John Roe 2" to protect her legitimate interests in her privacy.

6.      Defendant THE STATE BAR OF CALIFORNIA, is a public corporation and has two offices located in (1) San Francisco, California; and (2) Los Angeles, California. On or about February 24, 2022, the State Bar announced that it released approximately 260,000 (later 322,525) confidential disciplinary records to a third party through one of its ports which displayed those records on a website with the URL JudyRecords.com. It was not the result of a hack.

**2**

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

7.      Defendant KEVAN SCHWITZER fictitiously sued as JUDYRECORDS.COM is a resident of Texas and operates a website that publishes information from various federal and state agencies. 260,000 confidential State Bar of California records were published on this website.

Plaintiff is informed and believes and alleges thereon that Defendant RICK RANKIN, principal of RPR Impact, LLC, was hired to perform the services as interim Director of the Information Technology Department of the State Bar of California fictitiously sued as EMPLOYEE DOE at all times mentioned herein and is the person employed by the State Bar of California designated with the responsibility for ensuring the agency complies with all of the provisions of the Information Practices Act of 1977 ("IPA") and/or ensure that confidential information in digital form would be secure from being released to third parties by accessing the internet.

8.      Plaintiff is informed and believes and alleges thereon that Defendant TYLER TECHNOLOGIES, INC. ("Tyler Technologies") fictitiously sued as DOE 3 is the vendor that has supplied the case management software referred to as Odyssey being used by the State Bar of California. Due to a failure with the Odyssey portal, the State Bar reported nonpublic records were swept up by JudyRecords.com and published.

9.      Plaintiff does not know the true names and capacities of the Defendants DOES 4 through 10, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant(s) when such information is ascertained.

10.     Plaintiff is informed and believes, and alleges thereon, that each Defendant assisted, adopted, ratified, approved, conspired, or acted in concert therewith with the other Defendant(s).

11.     Plaintiff is informed and believes, and alleges thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's' damages were proximately caused by the Defendants at all times mentioned in this complaint.

**FACTS**

12.     The State Bar of California is a public corporation with an annual budget that exceeds $200 million. It collects confidential information from *both* its members and the public who files State Bar complaints against members of the State Bar. It maintains a large volume of sensitive private information, which was recently expanded to include biometric data about members of the State Bar.

**3**

13.     All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed. Some complaints and investigations never end up being prosecuted, others remain confidential through prosecution, and still others become confidential after being "expunged."

14.     State Bar Rules of Procedure, Rule 2301 provides: "Except as otherwise provided by law or by these rules, the files and records of the Office of Chief Trial Counsel are confidential."

15.     State Bar Rules of Procedure, Rule 2302(e)(2) provides: "(a) Except as otherwise provided by law or these rules, information concerning inquiries, complaints or investigations is confidential, and shall not be shared outside of the State Bar Office of Chief Trial Counsel."

16.     In or about 2019, sometime after March 16, 2018, the State Bar of California intentionally transferred some or all their confidential records contained in their AS 400 Case Management System to a new Case Management System referred to as "Odyssey" which it purchased for approximately $3 million from Tyler Technologies.

17.     The State Bar directly or indirectly through Tyler Technologies intentionally decided to open its port(s) and publish all its public records concerning disciplinary proceedings online, including but not limited to dockets, disciplinary files, recommendations, and review department opinions. It also created a log in space called "My State Bar Portal" for all members to provide confidential information in paying their annual fees. Defendant, State Bar would also use this online site to upload "important communications" such as confidential State Bar investigation correspondence to the internet for the State Bar member such as Jane Roe 3 to download.

18.     In 2018, the Office of Chief Trial Counsel ("OCTC") launched an online complaint portal, allowing complaining witnesses to file complaints electronically, rather than on paper via mail in both English and Spanish. For approximately 10 months afterwards, OCTC saw a significant increase in the number of complaints received overall. Four additional languages (Vietnamese, Korean, Russian, and Chinese) were added to the system in 2019 to further expand access to complaining witnesses in their preferred language.

19.     In August 2020, OCTC integrated the online complaint portal with the Odyssey case management system so that, after verification, complaints submitted, including attachments, were automatically uploaded to the case management system and a new case was opened. This eliminated the need for staff to manually enter data for complaints submitted on-line.

**4**

20.     The State Bar and Odyssey's vendor, Tyler Technologies knew the system contained over 513,000 confidential complaints more than five years-old that were closed without discipline prior to the breach.

21.     Plaintiffs are informed and believe and allege thereon that the State Bar has published that approximately 322,525 confidential records were not published as a result of a breach, but it was through a port that third parties such as JudyRecords.com used to access public records from. It did not publish a warning that prohibited third parties from obtaining records through the same port.

22.     In or about October 2021, Kevan Schwitzer decided to make the California State Bar disciplinary records part of the court records his website (JudyRecords.com) published and he intentionally interfaced with the Odyssey portal set up by Tyler Technologies that contained an enormous amount of confidential information from the State Bar and published some or all of the confidential and public disciplinary data it obtained on its website which was free and open to the public to search.

23.     The Plaintiffs and all Classes did not authorize the State Bar of California to allow others to gain access to the confidential information in the custody of the State Bar of California.

24.     The Plaintiffs and all Classes did not authorize the Kevan Schwitzer (JudyRecords.com) to obtain or publish confidential information it obtained from the State Bar of California.

25.     As a direct and proximate result of the intentional conduct by Rick Rankin, Tyler Technologies, the State Bar of California, and Kevan Schwitzer (JudyRecords.com), details of approximately 100 to 322,525 confidential disciplinary records or other confidential information was transferred to JudyRecords.com and either all or a portion were published on JudyRecords.com for about four months.

26.     Judyrecords.com site is set up to do a search by name wherein one can see the details of the investigation without having to click on the record. The search results are not uniform, but some level of detailed information shows up in a general search without having to select and view the actual file. The data includes the venue, the names of the parties, a URL to the record, and a case number.

27.     On or about February 24, 2022, a third-party complainant informed the State Bar of California that confidential records were being published on a third-party search engine at https://Judysrecords.com.

28.     As of the filing of this action, Defendant State Bar has not notified the members or complainants of the breach or what confidential information (other than generically stating disciplinary records) were obtained leaving them to guess if they should do something or what they should do next.

29.     As of the filing of this action, Defendant State Bar has not reported the breach to the California Attorney General's office or local law enforcement. Instead, it used the time and press to obfuscate, downplay, and deny against any liability. It has the specter of destroying and/or covering up the evidence or wrongdoing.

30.     As of the filing of this action, the California State Bar has only reported the public disclosure of this massive number of confidential records on its website wherein it further states it is working on trying to identify 1,000 out of the 322,525 confidential records that have had unique views on the JudyRecords.com website.

31.     Plaintiff is informed and believes and alleges thereon that approximately 322,525 nonpublic records maintained by the State Bar of California were published on https://Judysrecords.com website from October 15, 2021 to on or about February 24, 2022.

32.     An obscure online report by the Whittier Daily News provided "the confidential documents published by JudyRecords.com included case number, type, status, file date and respondent and complaining witness names" which the State Bar has now – reduced.

33.     Plaintiff is informed and believes and alleges thereon that Defendant Rick Rankin failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information such as their port which gave JudyRecords.com the ability to obtain the confidential information and place it in the public domain which the State Bar now denies any such duty.

34.     Tyler Technologies has partnered with AWS to shift data to the cloud.

35.     Using low-code or no-code solutions to build a program is quick but when integrating with databases or using other cloud services and letting the software leave the native platform endpoint security issues arise. Moreover, there was nothing in the Gannt chart or specified as to encryption of personal information or installing firewalls. A portal fix is not a reasonable industry standard solution to secure confidential records that are not encrypted.

36.     The State Bar of California has refused to provide Plaintiffs and all Classes any specific information about the breach, when requested, including but not limited to if their confidential information was breached, what information was in the breach, and what next steps the individual can take to protect themselves. They have been merely directed to the Data Breach release on www.Calbar.ca.gov website which does not provide the information required by the Information Practices Act of 1977.

First Amended Class Action Complaint

*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

37.     Members of the State Bar of California and members of the public rely on the State Bar of California to keep disciplinary records confidential until formal charges are filed for the safety and protection of everyone involved.

38.     The delay in providing specific information and steps to take harms the Plaintiffs and all members of all Classes because the Plaintiffs and all members of all Classes are being prevented from taking any steps to mitigate the fallout from their information being published for others to see. They need to know what information was out there so they can mitigate harm. The State Bar could have released the members fingerprints and social security numbers along with investigation information. The State Bar could have released the Complainants home address or an investigation of a supervisor. Not knowing and not getting any specific information when requested is causing anxiety, worry, and emotional distress.

39.     Public disclosure of such private facts including the identity of a complainant or member under investigation can lead to reputation loss, job loss, emotional distress and in extreme cases bodily injury or loss of life. A complainant may suffer in their employment if they complained about their boss or may have a chilling effect on finding future representation to their injury. Likewise, an attorney could be harmed by others knowing the State Bar opened an investigation thus causing a chilling effect where potential clients will look elsewhere for representation. Additionally, an investigation on a complaint of stalking or violence leaked out to the public could lead to the respondent prematurely learning of it, leading to potential bodily harm upon the complaining victim. Likewise, not all investigations or even most complaints are meritorious; having an unmeritorious complaint land on a public website can lead to reputational harm, threats of extortion, or even job loss or loss of job opportunities. The reputation of an attorney is one of the most valuable assets an attorney has, and this can devastate his or her entire livelihood. It can cost anywhere between $10,000.00 to $25,000.00 per year to just try to combat and repair reputational harm on the internet.

40.     This is not the first time the State Bar of California has been notified that it has released the confidential information of complainants or members. There are two decades of complaints by attorneys and complaining witnesses that have been engaged in the disciplinary system showing State Bar's reckless conduct in disclosing confidential information without recourse.

41.     This disclosure of approximately 100 to 322,525 confidential records by Defendants and failure to notify has caused harm to the Plaintiff and all Classes, including but not limited to, time, expense,

**7**

worry, anxiety, reputational harm, and emotional distress. After this action was filed, the State Bar began using the Odyssey case management system and online portal again without any assurance it took all proper security measures to keep the information confidential causing additional distress to the plaintiffs and all classes. Investigation is still continuing, and Plaintiffs and all members of all Classes reserve the right to amend the factual allegations as more information is discovered.

42.       A claim was filed with the State Bar of California even though a private right of action exists outside the Tort Claims Act which – then the State Bar started to sweep it all under the rug.

## **CLASS ALLEGATIONS**

43.       Class Definition: Plaintiffs bring this suit as a class action pursuant to California Information Practices Act of 1977, rights under the California and United States Constitution, and Antitrust laws, on behalf of themselves and all other similarly situated persons as a member of a Class defined as follows:

     a.   All California residents identified in the approximately 188 to 322,525 confidential aka "nonpublic" California State Bar records received by Kevan Schwitzer, the owner/operator of  https://JudyRecords.com which include both:

        i.   Complainants; and

        ii.   Members of the State Bar of California

44.       Excluded from the Class are the Court, Defendants, and their affiliates, subsidiaries, current or former employees, officers, directors, agents, representatives, and their family members.

45.       Numerosity:  The persons who comprise the Plaintiff Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Class members are so numerous and are dispersed throughout the state that joinder of all Class members is impracticable. Class members can be identified, *inter alia*, through records maintained by the Defendants.

46.       Common Questions of Fact and Law:  Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Plaintiff Class and will apply uniformly to every member of the Plaintiff Class:

     a.      Whether Defendants violated the California Information Practices Act of 1977.

     b.      Whether Defendants violated the Plaintiff Classes constitutional rights.

     c.      Whether Defendants violated antitrust laws.

     d.      Whether Defendants were negligent.

**8**

47.   Defendants have acted or refused to act on grounds generally applicable to the class.

48.   A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings in different courts. A class action regarding the issues in this case does not create any problems of manageability.

49.   The nature of notice to the proposed class required and/or contemplated would Defendant's list, when disclosed, would most likely be notice through email from Defendant's list which already identifies the complainants and attorney members along with their contact information, including email is the best practicable method possible. Also, mailing, media, the internet and/or other general notices are contemplated to ensure notice.

## FIRST CAUSE OF ACTION
### Violation of California Information Practices Act of 1977
### (All Plaintiffs and All Classes Against Defendant State Bar of California)

50.   Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 49 above as though fully set forth herein.

51.   Plaintiffs bring this claim on their behalf and on behalf of all other Class members.

52.   Defendant, State Bar of California, is a public corporation that owns or licenses computerized data that includes personal information of California residents. It is therefore subject to the Cal. Civil Code § 1798.29.

53.   Defendant, State Bar of California, has a duty under California Civil Code § 1798.24 to not disclose personal information in a manner that would link the information disclosed to the individual to whom it pertains.

      a.   As identified herein, Defendant failed to do so with 260,000 records or so.

      b.   As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

54.   Defendant, State Bar of California, also has a duty under California Civil Code § 1798.29 to prevent Plaintiffs' and class members' nonencrypted and nonredacted personal information from unauthorized access and exfiltration, theft, or disclosure.

      a.   As identified herein, Defendant failed to do so with 260,000 records or so.

**9**

      b.  As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

55.    Defendant, State Bar of California, has a duty under California Civil Code 1798.21 to establish appropriate and reasonable administrative, technical, and physical safeguards to ensure compliance with the Information Practices Act of 1977 ("IPA") for it to follow to ensure the security and confidentiality of records, and to protect against anticipated threats or hazards to their security or integrity which could result in any injury.

      a.  As identified herein, Defendant failed to do so.

      b.  As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

56.    Defendant, State Bar of California, also has a duty to implement and maintain reasonable security procedures and practices to protect this personal information.

      a.  As identified herein, Defendant failed to do so.

      b.  As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' unencrypted confidential information was subjected to unauthorized access and exfiltration, theft, or disclosure.

57.    Defendant, State Bar of California, also has a duty to disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California in the most expedient time possible and without unreasonable delay (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the agency that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable.

      a.  As identified herein, Defendant failed to do so.

      b.  As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' have been left to worry, anxious to know if their information was contained in the breach and

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*      30-2022-01250695-CU-AT-CXC

what information that was causing emotional distress. Others still do not know about the breach and cannot take steps to protect themselves due to the breach.

58.    Defendant, State Bar of California, has a duty to issue a security breach notification (1) written in plain language, shall be titled "Notice of Data Breach," and shall present the information described in paragraph (2) under the following headings: "What Happened," "What Information Was Involved," "What We Are Doing," "What You Can Do," and "For More Information."

    a.    As identified herein, Defendant failed to do so.

    b.    As a direct and proximate result of Defendant's acts, Plaintiffs' and class members' have been harmed.

59.    Defendant, State Bar of California, also has a duty to report the breach to the California Attorney General and ensure that a sample copy of a breach notice sent to more than 500California residents was provided to the California Attorney General.

    a.    As identified herein, Defendant failed to do so.

    b.    As a direct and proximate result of Defendant's acts, notice to Plaintiffs and class members has been further delayed.

60.    Plaintiffs and Class Members seek injunctive or other equitable relief to ensure Defendant adequately safeguard all confidential information going forward, by implementing reasonable security procedures and practices. This relief is particularly important because Defendant continues to hold Plaintiffs' and Class Members' confidential information which includes biometric information of other members of the State Bar of California.

61.    Plaintiffs and Class Members have an interest in ensuring that their confidential information is reasonably protected, and Defendant has demonstrated a pattern of failing to adequately safeguard this information.

62.    As a direct and proximate result of Defendant's conduct alleged above, Plaintiffs and the Class have been harmed entitling them to injunctive relief. Plaintiffs and all Classes are also entitled to actual and/or statutory damages, online reputation repair/branding subscription, emotional distress damages for the worry, delay, anxiety and extreme distress, costs, and an award of attorney fees.

63.    Plaintiffs and the class are also entitled to exemplary damages due to Defendant's act(s) of oppression, malice, or fraud, including but not limited to the events laid out herein showing that

Defendant's conduct subjected Plaintiff and all Classes to cruel and unjust hardship in conscious disregard of their rights.

**SECOND CAUSE OF ACTION**
**Invasion of Privacy – Cal Constitution**
**(All Plaintiffs and All Classes Against All Defendants)**

64.     Plaintiffs incorporate herein by reference paragraphs 1 through 63 above in this pleading as though fully set forth herein.

65.     This cause of action is being brought on behalf of Plaintiffs and all members of all Classes.

66.  Plaintiffs and the class had a legally protected privacy interest in the 322,525 confidential records released from the State Bar of California.

67.  Defendant represented the information would be confidential, including but not limited to during the investigation stage, while in the special program, and/or that the records were sealed.

68.     Plaintiffs and the class had a reasonable expectation of privacy in the confidential information under the circumstances laid out in the complaint.

69.     The Defendants, Tyler Technologies, State Bar of California, Rick Rankin, Kevan Schwitzer (JudyRecords.com), and Does 4 through 10's conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person.

70.     Plaintiffs are informed and believe that Defendants still have not encrypted the information before going back online and taken other standard industry security measures leaving plaintiffs at further risk.

71.     As such, Plaintiffs and the Class members are entitled to injunctive relief against all Defendants.

72.     Plaintiffs and the Class are entitled to costs and reasonable attorney fees.

**THIRD CAUSE OF ACTION**
**Invasion of Privacy**
**(All Plaintiffs against Defendant Tyler Technologies, Kevan Schwitzer (JudyRecords.com) and Does 4 to 10)**

73.     Plaintiffs incorporate herein by reference paragraphs 1 through 72 above in this pleading as though fully set forth herein.

74.     This cause of action is being brought on behalf of all Plaintiffs and all members of all Classes.

75.     Defendant, Kevan Schwitzer (JudyRecords.com), Tyler Technologies, and Does 4 to 10, intentionally (1) received information, not otherwise public, (the confidential disciplinary records); and/or (2) released some or all of that information which it knows or should reasonably have known

**12**

was obtained from personal information maintained by the State Bar of California, invading the privacy of the Plaintiffs and all members of all Classes pursuant to Cal. Civ. Code § 1798.53.

76.     Public disclosure of these private facts (the confidential disciplinary records) would be offensive and objectionable to the reasonable person and were not a legitimate public concern.

77.     As a direct and proximate cause, Tyler Technologies and Kevan Schwitzer's conduct and the conduct of Does 4 to 10 harmed the Plaintiffs and all members of all Classes.

78.     Defendant Tyler Technologies, Defendant Kevan Schwitzer (JudyRecords.com) and Defendant Does 4 to 10's invasion of the Plaintiffs' and class members' privacy has been a substantial factor in causing them to expend unnecessary time in trying to figure out what is going on, also shock, fear, mental suffering, anxiety, humiliation, emotional distress; harm to reputation and/or loss of standing in the community entitling them to special and general damages.

79.     Plaintiffs and all members of all Classes are entitled to costs and attorney fees.

80.     Plaintiffs and all members of all Classes are also entitled to exemplary damages of at least $2,500.00 each pursuant to Cal. Civ. Code § 1798.53.

## FOURTH CAUSE OF ACTION
### Antitrust Violation Under the Sherman Act § 2
**(Attorney Member Plaintiffs Against Defendants Tyler Technologies, the State Bar of California, and Does 4 to 10)**

81.     Plaintiffs incorporate herein by reference paragraphs 1 through 80 above in this pleading as though fully set forth herein.

82.     This cause of action is being brought on behalf of the Attorney Member Plaintiffs and all members of the Attorney Member Class.

83.     The State Bar of California bought and installed Tyler Technologies Odyssey case management system for approximately $5 million in 2019.

84.     Defendants, Tyler Technologies, and the State Bar of California and Does 4 to 10 have violated Section 2 of the Sherman Act by attempting to monopolize to the injury of the Attorney members plaintiffs and the class.

85.     The market in this case is comprised of the approximately 250,000 members of the California State Bar.

86.     The State Bar of California is a public corporation with a $200 million budget that has monopoly power over licensed attorneys in the State of California having an effect on interstate

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

commerce. The disciplinary system in the State Bar mainly disciplines solo practitioners and consumer lawyers that represent plaintiffs against large corporations, insurance companies, or the government.

87.    One theory why solo practitioners are disciplined more than defense counsel of large firms is that large corporations hire large firms to defend them and if there is dissatisfaction in the legal representation, the large corporation merely takes their business (and money) elsewhere.

88.    Defendant Tyler Technologies is a $1.8 billion dollar company and the leading provider of technology solutions to local, state, and federal public sector agencies using a "Low-code platform allowing for rapid deployment of new technologies and services." "Low-code" simply means they use elements such as those offered by AWS to build software platforms rather than having to know how to code or having to write the code software program itself.

89.    In or about 2016, the State Bar accepted the bid from Tyler Technologies to build out a case management system called Odyssey for the OCTC, State Bar Court and Office of Probation although that bid was nearly $1 million more than the bid from its competitor, thus having the ability to profitably raise prices above those that would be charged in a competitive market.

90.    Plaintiff alleges Tyler Technologies had market power in the public sector by 2021, when Defendant Tyler Technologies acquired NIC the leading provider of digital services to state and federal government agencies, making Tyler Technologies the dominant technology provider to public agencies in the United States. Many of the business leaders come from the public sector.

91.    After receiving notice that 260,000 confidential disciplinary records were publicized on www.JudyRecords.com, the Board of the State Bar failed to notify the California Attorney General or the 260,000 members and complainants in violation of state law.

92.    Instead, the Board of the State Bar of California decided to leave the complainants and members under investigation to be castigated by the wiles of the internet and worked with, conspired, partnered, joined, permitted, or acted in concert with Tyler Technologies and Kevan Schwitzer (JudyRecords.com) to try to obfuscate and minimize what happened rather than use any of the powers at its disposal that would invoke oversight by a politically accountable official, including but not limited to, failing to report the breach to the California Attorney General as required by California law.

93.    Plaintiff is informed, believes, and alleges thereon that Defendant Tyler Technologies and the State Bar of California failed to create a secure environment to store or manage confidential State Bar disciplinary records online in Odyssey which was paid for in part by the members of the State Bar.

94.    Defendant Tyler Technologies chose to act with the State Bar violating the rights of the plaintiffs and the class members.

95.    As a result, the breach only concerned attorneys that the State Bar chose to investigate for disciplinary actions; plaintiffs allege that the State Bar Board's failure to act was due to anticompetitive animus.

96.    As a direct and proximate result, Tyler Technologies and the State Bar of California joined in anticompetitive behavior which benefited lawyers who did not have confidential disciplinary records in the State Bar Odyssey case management system.

97.    This interfered with trade and the economic competition amongst the attorneys of the State Bar of California.

98.    By exposing confidential records online and then not giving the plaintiffs or class the information required by law so that they could mitigate their fears or exposure, the Defendants' conduct, and each of them, is akin to pernicious monopolistic behavior no less harmful than if they had published sham litigation shaming the attorneys to drive out competitors.

99.    Publication of confidential disciplinary complaints (1) unreasonably restricts competition in the legal profession because potential clients are advised to avoid attorneys who have been disciplined or are being investigated for alleged unethical conduct; and (2) unreasonably restricts access to justice or legal representation for the complainants because attorneys are advised to avoid clients who have had multiple attorneys or attorneys that have been disciplined.

100.    This injury to the Plaintiffs and all members of this class is the type that antitrust laws were made to prevent.

101.    Prior to the data breach, the State Bar was already set up to allow decisionmakers in the State Bar and those outside of the process to destroy competing members through the disciplinary process. This could be achieved in many ways, including but not limited to, conditioning reinstatement on a payment that the member had no financial means to pay, or making false complaints outside the system.

102.    This discriminatory conduct stifles competition and restricts equal access to the courts for consumers and litigants of limited means while also evading violating the excessive fines clause of the Eighth Amendment because such "and until" conditions allow the State Bar to impose a discipline akin to disbarment indirectly based on the attorney's lack of wealth which it could not impose directly, based on the alleged violation.

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

103.    Finally, the plaintiffs allege that the State Bar of California Board is not entitled to Parker state-action immunity because it is controlled in part by marketplace participants (7 board members out of 13 members are attorneys). The state empowered a group of active market participants (other lawyers) in the State Bar to decide who can participate in its market (the legal profession), and on what terms. Yet, the State does not actively supervise the policymakers and decisionmakers in the State Bar.

104.    As a proximate result, injunctive relief is warranted.

105.    As a further proximate result, actual damages, attorney fees, costs and treble damages are warranted.

## **FIFTH CAUSE OF ACTION**
### **Sherman Act § 3**
**(All Attorney Member Plaintiffs against Defendants State Bar of California, Tyler Technologies, Does 4-10)**

106.    Plaintiffs incorporate herein by reference paragraphs 1 through 105 above in this pleading as though fully set forth herein.

107.    This cause of action is being brought on behalf of Attorney Member Plaintiffs and all members of the Attorney Member Class.

108.    Alternatively, to the Fourth Cause of Action, Defendants, the State Bar of California, Kevan Schwitzer (JudyRecords.com) and Does 5 to 10 have violated Section 3 of the Sherman Act.

109.    Defendant, the State Bar of California and Does 5 to 10 unlawfully restrained competition of lawyers by unduly hindering the lawyers whose confidential information was breached from employing his or her talents, industry or capital in a lawful undertaking or attempted to do so, thus keeping the public from receiving legal services as freely as it would without such restraints.

110.    As a proximate result, injunctive relief is warranted.

111.    As a further proximate result, actual damages, attorney fees, costs and treble damages are warranted.

## **SIXTH CAUSE OF ACTION**
### **Negligence**
**(All Plaintiffs against Defendants Tyler Technologies, State Bar of California, and Rick Rankin)**

112.    Plaintiffs incorporate herein by reference paragraphs 1 through 80 above in this pleading as though fully set forth herein.

113.    This cause of action is being brought on behalf of all Plaintiffs and all members of all Classes.

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

114.    Plaintiffs and all class members personal and/or confidential information was disclosed to one or more third parties.

115.    Defendant State Bar of California and Rick Rankin were under a mandatory duty and owed a duty of due care to plaintiffs and all class members to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; and/or (4) maintain proper security measures to ensure the information remained confidential.

116.    Defendant Tyler Technologies voluntarily undertook to take responsibility for one or more of their Co-defendant's duties and/or owed the Plaintiffs and all members of all Classes a general duty of care when securing the confidential disciplinary records so it could not be accessed through the portal.

117.    Defendant State Bar of California, Rick Rankin and Tyler Technologies breached that duty by failing to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; (4) secure the portal and/or (5) maintain proper security measures to ensure the information remained confidential.

118.    Plaintiffs and all class members stood in a special relationship with the Defendant State Bar of California as members of the State Bar or complainants and as such were damaged by the Defendant's breach of its duty of care.

119.    Defendant Tyler Technologies, State Bar of California, and Rick Rankin were a substantial factor in causing the plaintiffs and all class members emotional distress due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing.

120.    Plaintiffs and all class members are entitled to actual damages and general damages.

### SEVENTH CAUSE OF ACTION
**Negligence per Se**
**(All Plaintiffs against All Defendants)**

121.    Plaintiffs incorporate herein by reference paragraphs 1 through 80 and 112 through 120 above in this pleading as though fully set forth herein.

122.    This cause of action is being brought on behalf of all Plaintiffs and all members of all Classes.

17

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

123.    Plaintiffs and all class members personal and/or confidential information was disclosed to one or more third parties.

124.    Plaintiffs and all class members stood in a special relationship with the Defendant State Bar of California as members of the State Bar or complainants and as such were damaged by the Defendant's breach of its duty of care or its agents or employees such as Tyler Technologies, Rick Rankin and Does 4 through 10.

125.    Defendant Kevan Schwitzer owed a duty to all plaintiffs and all class members not to violate their right to privacy under Cal. Const. Art 1 § 1 and/or not to violate Cal. Civ. Code § 1798.53.

126.    Plaintiffs and all class members were protected members of the class in Cal. Civ. Code §§ 1798.21, 1798.24, 1798.29, 1798.53 and/or Cal Const Art. 1 § 1.

127.    Defendants violated one more Code or Constitutional Article as referred to above.

128.    As a direct and proximate cause of Defendants' violation(s) of law, the plaintiffs and all class members suffered emotional distress, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing.

129.    Plaintiffs and all class members are entitled to actual damages and general damages.

### **PRAYER FOR RELIEF**

**First Cause of Action – Cal. IPA 1977**

1.  Injunctive relief;
2.  Actual damages;
3.  General damages;
4.  Costs;
5.  Attorney fees; and
6.  Any further relief the court would deem appropriate and just.

**Second Cause of Action – Invasion of Privacy**

1.  Injunctive relief;
2.  Costs;
3.  Attorney fees; and
4.  Any further relief the court would deem appropriate and just.

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

**Third Cause of Action – Invasion of Privacy**

1. Actual Damages;
2. General Damages;
3. Costs;
4. Exemplary Damages of at least $2,500.00 per Plaintiff and class member;
5. Attorney fees; and
6. Any further relief the court would deem appropriate and just.

**Fourth Cause of Action - Antitrust**

1. Actual Damages;
2. General Damages;
3. Costs;
4. Attorney fees;
5. Treble Damages; and
6. Any further relief the court would deem appropriate and just.

**Fifth Cause of Action - Antitrust**

1. Injunctive relief;
2. Actual Damages;
3. General Damages;
4. Costs;
5. Attorney fees;
6. Treble Damages; and
7. Any further relief the court would deem appropriate and just.

**Sixth Cause of Action - Negligence**

1. Actual Damages;
2. General Damages;
3. Costs; and
4. Any further relief the court would deem appropriate and just.

**Seventh Cause of Action – Negligence per se**

1. Actual Damages;
2. General Damages;

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

3.  Costs; and

4.  Any further relief the court would deem appropriate and just.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all legal claims.

Dated:  April 13, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

20

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 31872 Joshua Dr #22C, Trabuco Canyon, CA 92679.  On May 19, 2021, I served a copy of the following document(s) described as:
**FIRST AMENDED COMPLAINT**
On the interested parties in this action as follows:

**For Defendants State Bar of California**
Leah Wilson, Executive Director
845 S. Figueroa St.
Los Angeles, CA 90017
<u>213-765-1000</u>

**For Defendant Rick Rankin**
Rick Rankin
845 S. Figueroa St.
Los Angeles, CA 90017
<u>213-765-1000</u>

**For Defendant Tyler Technologies, Inc.**
Lynn Moore, Jr. President & CEO
5101 Tennyson Parkway
Plano, TX 75024
(800) 966-6999

**For Defendant Kevan Schwitzer**
Kevan Schwitzer
6909 State Hwy 161, Apt #320
Irving, TX 75039
Email: Judyrecordssite@gmail.com

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.  (Per Covid-19 Order)
**[x] BY MAIL**– I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Huntington Beach, California, to the aforementioned addressee(s).
 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: April 13, 2022

_/s/Lenore Albert_
Lenore Albert

**21**

First Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC