1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MICHAEL A. GOLD (Bar No. 90667)
2  *mgold@jmbm.com*
   JUSTIN ANDERSON (Bar No. 328969)
3  *Janderson@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
4  Los Angeles, California 90067-4308
   Telephone:   (310) 203-8080
5  Facsimile:   (310) 203-0567

6  Attorneys for DEFENDANT RICK
   RANKIN

7

8

9              UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11

12  JOHN ROE 1, an individual, JANE          Case No. 8-22-CV-00983-DOC-DFM
    ROE 1, an individual, JANE
13  ROE 2 an individual, JANE ROE 3, an      **DEFENDANT RICK RANKIN'S**
    individual, JANE ROE 3, an individual,   **NOTICE OF MOTION AND**
14  JOHN ROE 2, on behalf of themselves      **MOTION TO DISMISS**
    and all others similarly situated,       **PLAINTIFFS' FIRST AMENDED**
                                             **COMPLAINT; MEMORANDUM**
15              Plaintiffs,                   **OF POINTS AND AUTHORITIES**

16         v.                                Declaration of Justin A. Anderson,
                                             Request for Judicial Notice, and
17  THE STATE BAR OF CALIFORNIA,             [Proposed] Order filed concurrently
    TYLER TECHNOLOGIES, INC.,
18  KEVAN SCHWITZER, RICK                    Date:      August 8, 2022
    RANKIN, and DOES 4 through 10,           Time:      8:30 a.m.
19  inclusive,                               Place:     Ronald Reagan Federal
                                                        Building and United States
20              Defendants.                             Courthouse
                                                        411 West 4th St., Santa Ana
21                                                      Santa Ana, California 92701-
                                                        4516
22                                           Judge:     David O. Carter

23                                           First Amended
                                             Complaint filed:   April 13, 2022
24
                                             Notice of
25                                           Removal filed:     May 13, 2022

26                                           Trial Date:        Not Set

27

28

---

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 8, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10A of the above-entitled Court, located at 411 West 4th St., Santa Ana, California 92701-4516, the Honorable David O. Carter presiding, defendant Rick Rankin ("Rankin") will and hereby does move this Court for an order dismissing without leave to amend the First Amended Class Action Complaint ("Complaint" or "FAC") filed by Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2 ("Plaintiffs") as to Rankin.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 26, 2022. *See* Declaration of Justin A. Anderson, submitted concurrently herewith, ¶ 2.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) Plaintiffs' invasion of privacy claim against Rankin under the California Constitution fails to adequately allege that a legally protected privacy interest or that a serious—and intentional—invasion of privacy occurred and (2) Plaintiffs' also fail to sufficiently allege duty or actual damages in support of their negligence and negligence *per se* tort claims against Rankin.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Justin A. Anderson filed concurrently herewith, the Complaint, any reply Defendant may make, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to or at the hearing on this Motion.

1

2    DATED:  June 6, 2022

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

JEFFER MANGELS BUTLER &
MITCHELL LLP
MICHAEL A. GOLD
JUSTIN ANDERSON

By:   _____/s/ Michael A. Gold_____
            MICHAEL A. GOLD
      Attorneys for Defendant Rick Rankin

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF FACTS .................................................................... 2

        A.      The State Bar And Rick Rankin ............................................... 2

        B.      Judy Records Collects And Indexes Docket Data .................... 2

        C.      Plaintiffs .................................................................................. 3

        D.      The First Amended Complaint .................................................. 4

III.    LEGAL STANDARD ........................................................................... 4

IV.     ARGUMENT ....................................................................................... 6

        A.      Plaintiffs Fail To State A Claim For Invasion Of Privacy Under
                The California Constitution ....................................................... 6

        B.      Plaintiffs Fail To State A Claim For Either Negligence Or
                Negligence Per Se .................................................................. 11

                i.      Plaintiffs Fail To Allege Duty ...................................... 11

                ii.     Plaintiffs' Negligence Claims Fail For Lack Of Injury .... 11

                iii.    Plaintiffs Identify No Law That Would Support A
                        Negligence Per Se Theory ........................................... 15

        C.      Plaintiffs' Anonymous Pleading Is Improper ......................... 16

        D.      Plaintiffs' Claims For Equitable Relief Should Be Dismissed ... 16

V.      CONCLUSION .................................................................................. 17

i

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ..................................................................... 5

*In re Adobe Sys., Inc. Priv. Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014)...................................................... 14, 15

*Aguilar v. Hartford Accident & Indem. Co.*,
2019 WL 2912861 (C.D. Cal. Mar. 13, 2019) ........................................... 14

*Am. Acad. Of Pediatrics v. Lungren*,
940 P.3d 797 (1997) ..................................................................................... 6

*Antman v. Uber Techs., Inc.*,
2018 WL 2151231 (N.D. Cal. May 10, 2018) ........................................... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................. 4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 4

*Belluomini v. Citigroup, Inc.*,
No. CV 13-01743 CRB, 2013 WL 3855589 (N. D. Cal., July 24,
2013) .................................................................................................... 6, 8

*Burns v. Mammoth Media, Inc.*,
2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) ........................................... 14

*Calop Bus. Sys., Inc. v. City of Los Angeles*,
984 F. Supp. 2d 981 (C.D. Cal. 2013)........................................................ 5

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ......................................................................... 5

*Colony Cove Properties, LLC v. City of Carson*,
640 F.3d 948 (9th Cir. 2011) .................................................................... 13

*Corona v. Sony Pictures Entm't, Inc.*,
2015 WL 3916744 (C.D. Cal. June 15, 2015).......................................... 13

ii

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

JMBM | Jeffer Mangels Butler & Mitchell LLP

*Dent v. Nat'l Football League*,
  902 F.3d 1109 (9th Cir. 2018) .................................................................. 15

*Doe v. U.S. Healthworks Inc.*,
  No. CV1505689SJOAFMX, 2016 WL 11745513 (C.D. Cal. Feb. 4,
  2016) ......................................................................................................... 16

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
  2016 WL 6523428 (S.D. Cal. Nov. 3, 2016).................................... 7, 16, 17

*Folgelstrom v. Lamps Plus, Inc.*,
  195 Cal.App.4th 986 (2011) ........................................................................ 8

*Gadomski v. Patelco Credit Union*,
  2022 WL 223878 (E.D. Cal. Jan. 25, 2022) ............................................. 15

*Gardiner v. Walmart Inc.*,
  2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ............................................ 13

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020)....................................................... 10

*Greenstein v. Noblr Reciprocal Exch.*,
  2022 WL 472183 (N.D. Cal. Feb. 15, 2022).............................................. 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc.
  896 F.2d 1542 (9th Cir. 1990) ..................................................................... 5

*Hill v. Nat'l Collegiate Athletic Assn.*,
  7 Cal. 4th 1 (1994) .................................................................................. 6, 9

*Hoff v. Vacaville Unified Sch. Dist.*,
  19 Cal.4th 925 (Cal. 1998) .................................................................. 15, 16

*Holly v. Alta Newport Hosp., Inc.*,
  2020 WL 1853308 (C.D. Cal. Apr. 10, 2020)...................................11, 12, 14

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012)................................................... 7, 8

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) .................................................................. 17

*Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*,
  315 F. App'x 603 (9th Cir. 2008) .............................................................. 15

iii

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................. 6, 10

*Paz v. State of California*,
  22 Cal. 4th 550 (2000) ...................................................................... 11

*Razuki v. Caliber Home Loans, Inc.*,
  No. 17cv1718-LAB (WVG), 2018 WL 2761818 (S.D. Cal., June 8,
  2018) ................................................................................................ 6, 7

*In re Rose*,
  22 Cal.4th 430 (Cal. 2000) ................................................................. 2

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 Fed. App'x 689
  (9th Cir. 2010) ................................................................................... 8

*Ruiz v. Gap, Inc.*,
  622 F.Supp.2d 908 (N.D. Cal. 2009), *aff'd*, 380 Fed. Appx. 689 (9th
  Cir. 2010) ......................................................................................... 12

*Schnitt v. SN Servicing Corp.*,
  No. 21-cv-03355-WHO, 2021 WL 3493754 (N.D. Cal., Aug. 9,
  2021) ................................................................................................. 7

*Scott–Codiga v. Cnty. of Monterey*,
  10–CV–05450–LHK, 2011 WL 4434812 (N.D. Cal. Sept. 23, 2011) ................. 9

*Shapiro v. AT&T Mobility, LLC*,
  No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778 (C.D. Cal., May
  18, 2020) ........................................................................................ 8, 10

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................... 11, 14

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .............................................................. 5

*In re Yahoo Mail Litigation*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........................................... 8, 9, 10

*Zbitnoff v. Nationstar Mortg., LLC*,
  No. C 13-05221 WHA, 2014 WL 1101161
  (N.D. Cal. Mar. 18, 2014) ............................................................. 9, 10

iv

JMBM | Jeffer Mangels
Butler & Mitchell LLP

**Statutes**

42 U.S.C.
§ 1983 ........................................................................................... 4

Cal. Bus. & Prof. Code
§ 6001 ........................................................................................... 2

**Other Authorities**

California Constitution ......................................................................*passim*

Federal Rule of Civil Procedure
Rule 10(a) ................................................................................... 16
Rule 12(b)(6) ............................................................................ 4, 5

JMBM | Jeffer Mangels Butler & Mitchell LLP

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3      The State Bar of California (the "State Bar") utilizes the Odyssey Portal, an

4 online case management system created and maintained by defendant Tyler

5 Technologies, Inc. ("Tyler").  On February 24, 2022, the State Bar learned that

6 certain nonpublic case profile data—case number, filing date, case type, case status,

7 and respondent and complaining witness names ("Docket Data")—had been

8 inadvertently harvested from the Odyssey Portal and posted on JudyRecords.com, a

9 third-party website that aggregates court records and is managed by Kevan

10 Schwitzer (the "Incident").  The State Bar, Tyler, Schwitzer, and the State Bar's

11 interim I.T. Director, Rick Rankin (Rankin, and collectively, "Defendants"),

12 promptly acted to remove the Docket Data from JudyRecords.com, which was

13 completed two days later, on February 26.

14      The same day, the State Bar began posting regularly-updated Frequently

15 Asked Questions ("FAQ[s]") about the Incident, and informed the public that: only

16 Docket Data had been harvested or posted; only 1,034 records showed signs of

17 being viewed ("Viewed Records"), and; only six of those Viewed Records were

18 listed as the case type "Mental Health/Substance Abuse."

19      Plaintiffs are five anonymous individuals who are either (a) attorneys who

20 have been the subject of a disciplinary proceeding or (b) non-attorneys who have

21 submitted complaints to the State Bar against attorneys.  Mere days after the State

22 Bar announced the Incident, Plaintiffs filed a lawsuit asserting seven causes of

23 action.

24      Plaintiffs assert three purported causes of action against Rankin: (1) invasion

25 of privacy under the California Constitution, (2) negligence, and (3) negligence *per*

26 *se*.

27      Each of Plaintiffs' causes of action against Rankin fails to state a claim, for

28 the following reasons:

1

JMBM | Jeffer Mangels Butler & Mitchell LLP

*First*, Plaintiffs' invasion of privacy claim under the California Constitution fails to adequately allege that a legally protected privacy interest or that a serious—and intentional—invasion of privacy occurred.

*Second*, Plaintiffs' also fail to sufficiently allege duty or actual damages in support of their negligence and negligence *per se* tort claims.

For the reasons below, and because no amendment could cure the deficiencies inherent in the already-amended Complaint, the case should be dismissed with prejudice as to Rankin.

## II.   STATEMENT OF FACTS

### A.   The State Bar And Rick Rankin

The State Bar is a constitutional entity, established by article VI, section 9 of the California Constitution, and an integral part of the judicial function of the State of California.  *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; *In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000). [1]

Rankin is the principal of RPR Impact, LLC, and an independent contractor acting as interim IT Director for the State Bar.  FAC ¶ 7.

### B.   Judy Records Collects And Indexes Docket Data

On February 24, 2022, the State Bar learned that certain confidential Docket Data related to disciplinary proceedings, as well as nonconfidential records from the State Bar's database, were publicly available on JudyRecords.com. [2]  Ex. B, at 3. [3]

The State Bar and Rankin swiftly responded to the Incident.

By February 26, 2022, JudyRecords.com had permanently removed from the

---

[1] The State Bar's functions and its information technology systems are described in the State Bar's Motion to Dismiss the Complaint.

[2] The State Bar and Rankin's response to the Incident is more fully described in the State Bar's Motion to Dismiss the Complaint.

[3] All citations to "Ex." refer to the Exhibits attached to the Request for Judicial Notice in Support of Rankin's Motion to Dismiss the FAC.  Rankin's Request for Judicial Notice filed with this Motion further explains why the Exhibits are incorporated by reference into the FAC and properly judicially noticeable.

2

1   website all non-public Docket Data.  *Id.*  There is no allegation that the Docket Data

2   was available on any other website or internet archive.  Plaintiffs do not allege that

3   any entity besides JudyRecords.com obtained the Docket Data.

4      Defendants' investigation revealed the limited scope of the information that

5   may have been viewed on JudyRecords.com.  *Id.*  Overall, JudyRecords.com

6   scraped and indexed 322,525 Docket Data records, which would not ordinarily have

7   been viewable by the public on the Odyssey Portal.  *Id.* at 1.  Only 1,034 of the

8   322,525 records showed signs of having been viewed (i.e., a page view). *Id.* [4]  Of

9   the 1,034 Viewed Records, six contained the case type: "Inactive 6007(b)(3) Mental

10  Illness or Substance Abuse."  *Id.*  None of the Plaintiffs allege that their complaints

11  involved allegations of mental illness or substance abuse, and none allege that their

12  Docket Data showed evidence of a page view.  *See* FAC ¶¶ 1-5.

13     Although not subject to any statutory notification requirement, the State Bar

14  already has notified the six individuals whose Docket Data contained a reference to

15  mental illness or substance abuse.  *Id.*  None of the Plaintiffs allege they were

16  among these six individuals.

17    **C.**  <u>**Plaintiffs**</u>

18     Plaintiffs are five anonymous individuals who allege that the State Bar

19  maintains disciplinary process records that include their information in some way.

20  John Roe 1 and Jane Roe 1 allegedly filed complaints against attorneys.  FAC ¶¶ 1,

21  2.  Jane Roe 2, Jane Roe 3, and John Roe 2 are or were allegedly licensed by the

22  State Bar and the subjects of complaints.  *Id.* ¶¶ 3–5.  Plaintiffs say they live in

23  California but otherwise provide no details about themselves.  Nor do Plaintiffs

24  allege that they received notification letters from the State Bar indicating their

25  Docket Data was affected in any way by the Incident.  Ex. B, at 1.

26

27

28  ─────────────────
    [4] Only one Docket Data record included a Social Security number, and it showed no sign of
    having been viewed.  Ex. B, at 2.

─────────────────
DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

JMBM | Jeffer Mangels Butler & Mitchell LLP

**D.     The First Amended Complaint**

On March 18, 2022, Plaintiffs filed the first iteration of the Complaint in California state court on behalf of Plaintiffs, alleging claims arising from the Incident against the State Bar, JudyRecords.com, and a series of anonymous "Doe" defendants.  Plaintiffs have since amended the Complaint three times.  First, on March 24, they substituted Schwitzer for JudyRecords.com.[5]  Second, on March 25, they substituted Tyler for Doe 1.  Third, on April 13, Plaintiffs filed the first amended complaint ("FAC").  Among other changes, the FAC: (1) added an additional anonymous plaintiff (John Roe 2); (2) substituted Rankin for the Employee Doe; (3) removed two causes of action alleging violations of Plaintiffs' rights to informational privacy and equal protection under 42 U.S.C. § 1983; (4) added causes of action for common-law negligence and negligence *per se*; and (5) altered various other substantive allegations.

The FAC asserts three causes of action against Rankin: (1) invasion of privacy under article 1, section 1 of the California Constitution; (2) negligence; and (3) negligence *per se*.  The FAC also alleges a putative class of California residents who are identified in the "nonpublic" records indexed on JudyRecords.com, excluding the Court, Defendants, and any associates.

On May 13, with consent from all named defendants, Tyler removed the case to federal court.  Dkt. 1.  Rankin now files this motion to dismiss.

**III.    LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Such factual allegations must suffice to create "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662,

[5] Plaintiffs voluntarily dismissed Schwitzer with prejudice on May 20, 2022.

4

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1    678 (2009), and thereby "raise a right to relief above the speculative level,"

2    *Twombly*, 550 U.S. at 555.  In other words, a complaint must contain "more than

3    labels and conclusions, and a formulaic recitation of the elements of a cause of

4    action will not do."  *Id.*  Although a court must accept the allegations in the

5    complaint as true and construe them in the light most favorable to the plaintiff, the

6    "court is not required to accept legal conclusions cast in the form of factual

7    allegations if those conclusions cannot reasonably be drawn from the facts alleged."

8    *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  Mere

9    conclusory allegations of law and unwarranted inferences are insufficient to defeat a

10   motion to dismiss.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord*

11   *Ashcroft*, 556 U.S. at 678.

12        A district court generally will not consider evidence or documents beyond the

13   complaint in the context of a Rule 12(b)(6) motion to dismiss.  *See Hal Roach*

14   *Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

15   Courts may, however, "consider certain materials—documents attached to the

16   complaint, documents incorporated by reference in the complaint, or matters of

17   judicial notice—without converting the motion to dismiss into a motion for

18   summary judgment."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Here, the

19   FAQs—and a Whittier Daily News article (FAC ¶ 32; Ex. C)—were incorporated

20   into and referenced in the FAC (¶¶ 6, 8, 30, 36) and are proper for this Court to

21   consider.  Moreover, because the FAQs—and a State Bar press release pertinent to

22   the Incident (Ex. A)—are posted on a publicly-available website of a public

23   corporation created as an administrative arm of the California Supreme Court, they

24   are properly the subject of judicial notice by this Court.  *Calop Bus. Sys., Inc. v. City*

25   *of Los Angeles*, 984 F. Supp. 2d 981, 993 (C.D. Cal. 2013) (taking judicial notice of

26   "Frequently Asked Questions" section of government website about city ordinance).

27

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

## IV.   ARGUMENT

### A.   Plaintiffs Fail To State A Claim For Invasion Of Privacy Under The California Constitution

The California Constitution creates a privacy right that protects individuals from the invasion of their privacy by private parties. *Am. Acad. Of Pediatrics v. Lungren*, 940 P.3d 797, 808 (1997).  But the California Constitution sets a "high bar" for establishing an invasion of privacy claim.  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) *citing Belluomini v. Citigroup, Inc.*, No. CV 13-01743 CRB, 2013 WL 3855589, at *6 (N. D. Cal., July 24, 2013).

To state a claim for invasion of privacy in violation of the California Constitution, Plaintiffs must sufficiently allege three threshold elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 39–40 (1994).  In order to qualify as a "serious invasion of privacy," the defendant's conduct must be "an egregious breach of the social norms underlying the privacy right."  *Hill*, 7 Cal.4th at 37.

"Whether a legally recognizable privacy interest is present in a given case is a question of law to be decided by the court."  *Id.* at 40.  Likewise, whether defendant's conduct constitutes a serious invasion of privacy "may be adjudicated as a matter of law" if "the undisputed material facts show…an insubstantial impact on privacy interests."  *Id.*  Here, Plaintiffs have failed to sufficiently allege the required elements of a constitutional invasion of privacy claim as a matter of law.

*First*, Plaintiffs fail to plead a serious invasion of privacy because the FAC does not plead either an egregious or intentional act.  As a matter of law, "[l]osing personal data through insufficient security doesn't rise to the level of an egregious breach of social norms underlying the protection of sensitive data." *Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB (WVG), 2018 WL 2761818, at *2

6

(S.D. Cal., June 8, 2018). "Even negligent conduct that leads to theft of highly personal information, including social security numbers, does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiff's right to privacy." *Id.*, *quoting In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012); *see also Schnitt v. SN Servicing Corp.*, No. 21-cv-03355-WHO, 2021 WL 3493754, at *7-8 (N.D. Cal., Aug. 9, 2021) (finding even negligent data breach exposing personal and financial information, including names, addresses, loan numbers, balance and billing information, not sufficient to state a claim).

Additionally, for an invasion to be "serious," the plaintiff must allege that their privacy was intentionally invaded. *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (dismissing complaint that failed to allege facts "suggest[ing] that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one").

Here, the nature of the incident does not rise to the level of an "egregious" breach. Although Plaintiffs make the conclusory allegation that Defendants' actions involved "intentional conduct" (FAC ¶ 25), the FAC fails to allege any intentionally malicious or criminal conduct. Rather, Plaintiffs have alleged mere negligence that exposed otherwise non-public information as a result of allegedly insufficient security. FAC ¶¶ 112-120. Such allegations are, as a matter of law, insufficient to rise to the level of an egregious breach of social norms required to state a claim under the California Constitution. *See, e.g, Dugas*, 2016 WL 6523428, at *12 ("Plaintiff fails, for example, to allege any facts that would suggest that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one."). And the FAC's summary allegation that records were published on JudyRecords.com "[a]s a direct and proximate result of the intentional conduct by Rick Rankin" (FAC ¶ 25), is simply too vague. This is

7

especially true given the absence of any allegation about what specific information about any Plaintiff was posted online or how it was sensitive in nature.

Moreover, "[e]ven disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy."  *In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014); *see also Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778, at *2 (C.D. Cal., May 18, 2020) ("The alleged disclosure of Plaintiff's AT&T account information and CPNI, and Plaintiff and his family's personal, business, legal, and financial information does not constitute an egregious breach of social norms."); *In re iPhone,* 844 F. Supp. 2d at 1063 (even conduct that "leads to theft of highly personal information, including social security numbers, does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy" and holding that disclosure of unique device identifier number, personal data, and geolocation information did not constitute an egregious breach of privacy); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127-28 (N.D. Cal. 2008), *aff'd*, 380 Fed. App'x 689 (9th Cir. 2010) (theft of laptop containing personal information, including social security numbers, was not egregious breach of privacy); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992 (2011) (disclosure of plaintiff's address not egregious breach of privacy); *see also Belluomini*, 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013) (disclosure of Social Security numbers and contact information does not constitute an "egregious breach").

Plaintiffs here do not even allege that any of their highly personal information was affected by the Incident, and thus cannot satisfy the third element of their claim.

*Second*, as to the first two elements required of an invasion of privacy claim, the FAC avers only that Plaintiffs "had a legally protected privacy interest" and "a reasonable expectation of privacy" in the Docket Data.  FAC ¶¶ 66, 68.  Such allegations are "simply a bare recitation of the elements of a privacy claim," and

8

thus are "fatally conclusory." *In re Yahoo*, 7 F. Supp. 3d at 1041; *see also Zbitnoff v. Nationstar Mortg., LLC*, No. C 13-05221 WHA, 2014 WL 1101161, at *4 (N.D. Cal. Mar. 18, 2014) (dismissing claim because the "plaintiff fail[ed] to plead her [California] constitutional [privacy] claim with the required specificity"); *Scott–Codiga v. Cnty. of Monterey,* 10–CV–05450–LHK, 2011 WL 4434812, at *7 (N.D. Cal. Sept. 23, 2011) (dismissing claim because the plaintiff had not "specified the material defendants released to the public in enough detail for the Court to determine whether it might conceivably fall within a recognized privacy interest protected by the [California] constitution" (internal citation omitted)).  Moreover, "the California Constitution protects only the 'dissemination or misuse of *sensitive* and *confidential* information.'"  *In re Yahoo*, 7 F. Supp. 3d at 1040, *citing Hill* 7 Cal.4th at 35 (emphasis in original).

The FAC's allegations regarding Docket Data being posted on JudyRecords.com (*see, e.g.,* FAC ¶¶ 21-22), are plainly inadequate – Plaintiffs fail to allege what specific information belonging to them was actually published to JudyRecords.com, whether any member of the public actually accessed that information, or how their particular Docket Data qualifies as confidential or sensitive information.  Plaintiffs do not even allege what data of theirs was breached.

Also, during the four months that the State Bar Docket Data records were available for search on JudyRecords.com, there are only 1,034 Docket Data records for which there is an indication of a page view.  Exhibit A, pp. 1, 3.  The Plaintiffs have not alleged that any specific Docket Data related to them was actually accessed or that any member of the public actually viewed that information.[6]

---

[6]  Because Plaintiffs have chosen to proceed anonymously, there is no way to confirm whether any of their information was accessed, and, if so, whether what was accessed was legally protected confidential or sensitive information.  The State Bar has made notification to all individuals that had information posted to JudyRecords.com; yet Plaintiffs have not amended their complaint to state that they were given notice that their records were made available for searching on

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    The court in *In Re Yahoo* faced a similar situation.  There, the plaintiffs

2    generally alleged that emails intercepted by Yahoo contained sensitive personal

3    information, but did not allege what specific content in the emails was legally

4    protected.  7 F. Supp. 3d at 1041.  Instead, plaintiffs alleged in a conclusory fashion

5    that the emails were "private."  *Id.*  The court found that plaintiffs' allegations failed

6    as a matter of law and were "fatally conclusory."  *Id.*; *see also Zbitnoff*, 2014 WL

7    1101161, at *4 (holding allegation that information was "private information" was

8    too conclusory); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830

9    (N.D. Cal. 2020) (plaintiffs failed to alleged sufficient information about the content

10   of conversations that were recorded to support a privacy claim); *Shapiro*, 2020 WL

11   4341778, at *2 ("Plaintiff's use of the phrases 'account information,' 'personal,

12   legal, and business information,' and 'confidential financial, business, and legal

13   information,' are too vague for the Court to determine whether Plaintiff has a right

14   to protection of such information under the California Constitution."); *Low*, 900 F.

15   Supp. 2d 1025 (N.D. Cal. 2012) (refusing to find serious invasion of privacy where

16   plaintiffs could not allege that third parties actually obtained or viewed any

17   confidential information).

18   Here, other than generically alleging that "State Bar disciplinary records"

19   (FAC ¶ 22), "confidential information from the State Bar" (*Id.*), and "confidential

20   disciplinary records or other confidential information" (FAC ¶ 25), was made public

21   on JudyRecords.com, Plaintiffs have not specifically identified what information

22   was actually available for searching on JudyRecords.com or was accessed and then

23   viewed by the public.  Plaintiffs' conclusory allegations do not suffice.

24   In sum, Plaintiffs have simply failed to allege any sufficient basis for a

25   constitutional invasion of privacy claim. This Court should dismiss this claim

26   without leave to amend.

27

28   JudyRecords.com, which suggests that none of the 322,525 Docket Data records involved these
Plaintiffs.

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

**B.**      <u>Plaintiffs Fail To State A Claim For Either Negligence Or Negligence Per Se</u>

Plaintiffs' negligence claims should be dismissed for several independent reasons: (1) the FAC fails to sufficiently allege that Rankin owed Plaintiffs a duty; (2) the FAC does not allege actual damages sufficient to support negligence claims; and (3) Plaintiffs fail to establish that Rankin violated any law that would support a negligence *per se* theory.

### i.     Plaintiffs Fail To Allege Duty

To state a claim for negligence, Plaintiffs must sufficiently allege *inter alia* that Rankin owed Plaintiffs a duty. *See Paz v. State of California*, 22 Cal. 4th 550 (2000). Here, Plaintiffs assert that Rankin owed them duties to (1) provide reasonable notice of the breach; (2) provide steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; and/or (4) maintain proper security measures to ensure the information remained confidential. FAC ¶ 115. No such duties exist.

With respect to the first and second grounds, which both allege a duty to notify, Plaintiffs cite to no source of such a duty as to Rankin. Similarly, with respect to the third and fourth grounds, Plaintiffs offer no statute or other authority establishing that Rankin had a duty to institute or maintain any particular security measures, let alone "proper" measures as alleged in the FAC.

### ii.     Plaintiffs' Negligence Claims Fail For Lack Of Injury

"Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012).

As a preliminary matter, Plaintiffs' allegations of injury are too threadbare to support a negligence claim. For example, Plaintiffs allege that they suffered emotional distress, yet do not offer a single concrete detail describing how any individual Plaintiff was so affected. *Holly v. Alta Newport Hosp., Inc.*, 2020 WL

11

---

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1853308, at *6 (C.D. Cal. Apr. 10, 2020) (holding "although actual damages can include emotional distress, a plaintiff must support [their] claim for pain and suffering with something more than [their] own conclusory allegations, such as specific claims of genuine injury") (internal quotation marks and citation omitted). Similarly, Plaintiffs allege they spent time and incurred expense responding to the disclosure of their disciplinary records, but do not include any well-pled facts to support that claim, such as what remedial steps they took or costs they incurred (if any).  Such barebones allegations do not suffice to state a claim.

In addition to being overly conclusory, the types of damages are each insufficient as a matter of law:

**_Emotional Distress._**  Plaintiffs allege that the Incident has caused them emotional distress, such as worry, anxiety, fear, paranoia, shame, and depression. FAC ¶¶ 38, 41, 119, 128.   But Plaintiffs' premise their alleged emotional distress on the theory that "[t]he State Bar _could have_ released [their] fingerprints and social security numbers along with investigation information."  FAC ¶ 38 (emphasis added).  The FAC contains zero allegation about any of Plaintiffs' information that was actually disclosed.  Such hypothetical harm and injury cannot sustain a claim for emotional damages.  _Ruiz v. Gap, Inc._, 622 F. Supp. 2d 908, 913-914 (N.D. Cal. 2009), _aff'd_, 380 Fed. Appx. 689 (9th Cir. 2010) (Holding that "[u]nder California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action.")

Furthermore, the FAC and its incorporated documents support only that Docket Data was scraped and indexed by JudyRecords.com, nothing else.   For example, the Whittier Daily News article cited in the FAC reported that the records on JudyRecords.com "included case number, type, status, file date and respondent and complaining witness names."  FAC ¶ 32; Ex. C.  Similarly, the State Bar's website—which the FAC specifically cites several times, (_see, e.g._, FAC ¶¶ 6, 30, 36)—states only that "limited case profile data" (_i.e._, Docket Data) was available.

12

Ex. A, at 3.  At most, the Docket Data contained six records with the words "mental health/substance abuse" (none of the Plaintiffs allege their records contain this notation) and a single Social Security number (for which there is no evidence of a page view).  Taken together, the allegations and incorporated documents contradict and render implausible Plaintiffs' unsupported suggestion that their fingerprints and Social Security numbers "could have" been released in the Incident, or that they had any plausible ground to believe this occurred.  Plaintiffs' claims for emotional distress therefore should be rejected as unsupported.  *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (ruling "court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint") (citing *Iqbal,* 556 U.S. at 679).

>        ***Lost Time and Expense.***  Plaintiffs allege that due to the State Bar's purported breach they "spen[t] time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing."  FAC ¶ 128; *see also* ¶¶ 41, 119.  Yet again, Plaintiffs' allegations are deficient: they do not identify a single concrete action they took or expense they incurred to mitigate any purported effect of the Incident.  Lacking such well-pled facts, the claim is fatally conclusory.

>        Plaintiffs also fail to show that spending time and expense was "reasonable and necessary" in context.  *Gardiner v. Walmart Inc.*, 2021 WL 2520103, at *6 (N.D. Cal. Mar. 5, 2021); *see also, e.g., Greenstein v. Noblr Reciprocal Exch.*, 2022 WL 472183, at *6 (N.D. Cal. Feb. 15, 2022) (ruling in Article III standing context that "mitigation expenses cannot establish an injury in the absence of a real and imminent risk of harm"); *Antman v. Uber Techs., Inc.*, 2018 WL 2151231, at *10 (N.D. Cal. May 10, 2018) (holding "mitigation expenses do not qualify as injury because the risk of identity theft must be real before mitigation can establish [Article III] injury in fact"); *Corona v. Sony Pictures Entm't, Inc.*, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2015) (finding credit monitoring may be "compensable where

JMBM | Jeffer Mangels
Butler & Mitchell LLP

13

evidence shows that the need for future monitoring is a reasonably certain consequence of the defendant's breach of duty").  Nowhere in the FAC do Plaintiffs allege that any particular action or expense would have been a reasonable and necessary response to this Incident, especially when the information at issue—the Docket Data—is not the type that can be used to steal someone's identity.  *Burns v. Mammoth Media, Inc.*, 2021 WL 3500964, at *3 (C.D. Cal. Aug. 6, 2021) (holding that "Plaintiff's allegations as to the likelihood of identity theft and fraud" were "impossible to square" with the fact that "Plaintiff's compromised information did not include his birth date, address, social security number, or any financial information.")

*Future Injury.*  Although Plaintiffs rattle off a list of what "could" happen as a result of the disclosure, such as "reputational harm" or "stalking," these allegations are wholly speculative.  FAC ¶¶ 38–39.  At no point does the FAC allege that any of these harms actually occurred.  Allegations of "mere danger of future harm, unaccompanied by present damage, will not support a negligence claim."  *See Aguilar v. Hartford Accident & Indem. Co.*, 2019 WL 2912861, at *2 (C.D. Cal. Mar. 13, 2019); *see also Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020) (explaining that "bare allegation of increased risk of identity theft is too speculative to satisfy the pleading requirement to show actual damages" (internal quotation marks and citation omitted)).  Such alleged future injury thus cannot sustain the damages element here.

*Delayed Notification.*  To the extent Plaintiffs' negligence claim is predicated on Rankin's alleged "delay and failure to notify" them, that argument also fails.  FAC ¶ 119; *see also* ¶¶ 28, 41, 91.  To adequately state a negligence claim on this theory, Plaintiffs must allege "cognizable injury proximately caused" by the delay.  *In re Sony Gaming Networks*, 996 F. Supp. 2d at 965 (dismissing negligence claim predicated on delay in notification because plaintiffs' allegations of economic injury traceable to delay were "implausible"); *see also In re Adobe Sys., Inc. Priv. Litig.*,

14

JMBM | Jeffer Mangels Butler & Mitchell LLP

66 F. Supp. 3d 1197, 1217 (N.D. Cal. 2014) (ruling plaintiffs must show "incremental harm as a result of the delay").  Here, even if Rankin owed a duty to notify—and no such duty exists, *see* Section B(i), *supra*—Plaintiffs allege no incremental injury arising from the delayed notification.

**Physical Injury.**  The FAC does not allege any physical injuries apart from one unsupported allegation that Plaintiffs suffered a "loss of sleep."  FAC ¶¶ 119, 129.  That allegation is too conclusory to withstand a motion to dismiss.  *See, e.g., Gadomski v. Patelco Credit Union*, 2022 WL 223878, at *3 (E.D. Cal. Jan. 25, 2022) (holding that an allegation that plaintiff "suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character" was too conclusory to survive a motion to dismiss.).

**Economic Damages.**  To the extent that Plaintiffs allege economic losses, those injuries are barred by the "economic loss rule," which prohibits the recovery of  purely economic loss in the "absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule."  *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) (finding "recovery of purely economic loss is foreclosed").  Plaintiffs' bare recitation of these elements, including a "special relationship" between the parties, does not suffice.

### iii.   Plaintiffs Identify No Law That Would Support A Negligence Per Se Theory

Plaintiffs assert negligence and negligence *per se* as two separate claims.  FAC ¶¶ 112-29.  However, "under California law, negligence *per se* is a doctrine, not an independent cause of action."  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018). In California, negligence *per se* is a "presumption of negligence that arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute."  *See, e.g., Hoff v.*

15

*Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 938 (Cal. 1998).  Accordingly, negligence *per se* is simply a codified evidentiary doctrine and does not *per se* establish tort liability."  *Dugas*, 1016 WL 6523428, at \*12, *citing Quiroz v. Seventh Ave. Ctr.*, 140 Cal.App.4th 1256, 1284-85 (Cal. Ct. App. 2006).  "[N]egligence *per se* does not state an independent cause of action because '[t]he doctrine does not provide a private right of action for violation of a statute.'"  *Dugas*, 2016 WL 6523428, at \*12, *quoting People of Cal. v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008).  Thus, to the extent Plaintiffs' FAC purports to assert an independent cause of action for negligence *per se*, that cause of action should be dismissed.

Moreover, because Rankin is not alleged to have violated any statute, or the California Constitution, Plaintiffs' negligence *per se* claim fails for this reason as well.

### C.   Plaintiffs' Anonymous Pleading Is Improper

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties."  A plaintiff may proceed under a pseudonym after she has sought and been granted leave from the court.  *See Doe v. U.S. Healthworks Inc.*, No. CV1505689SJOAFMX, 2016 WL 11745513, at \*6 (C.D. Cal. Feb. 4, 2016) (dismissing complaint for improper pseudonymous pleading).  Plaintiffs have not sought or obtained leave to proceed pseudonymously, and their use of fictitious names is improper and prejudicial to Rankin.  Rankin cannot sufficiently investigate Plaintiffs' allegations without knowing their names.

### D.   Plaintiffs' Claims For Equitable Relief Should Be Dismissed

To obtain injunctive relief, Plaintiffs must show that they (1) "personally would benefit in a tangible way" from the requested injunction and are (2) "realistically threatened by a repetition of the violation."  *Dugas*, 2016 WL 6523428, at \*8 (internal quotation marks and citation omitted).  Here, neither element is met.

16

JMBM | Jeffer Mangels Butler & Mitchell LLP

Once the State Bar became aware of the issue concerning the Odyssey Portal, it immediately took remedial steps.  Plaintiffs would therefore obtain no personal benefit from an injunction.  Additionally, Plaintiffs allege no facts supporting that they are "realistically threatened by a repetition of the violation." *Dugas*, 2016 WL 6523428, at *8.  The only allegation of a data incident occurring prior to the instant matter is a conclusory, two-sentence paragraph that identifies no actual disclosure of bar members' information or misconduct by the State Bar or Rankin.  *See* FAC ¶ 40.  Thus, the FAC itself shows that the instant matter was a one-time occurrence that does not warrant injunctive or other equitable relief.

## V.   **CONCLUSION**

Courts consider five factors in determining whether a motion to dismiss should be granted with, or without, prejudice, including "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077–78 (9th Cir. 2004).  Significantly, "[f]utility alone can justify the denial of a motion to amend." *Id.*  As discussed above, Plaintiffs' already-amended FAC suffers several fatal deficiencies to each of their claims against Rankin.  These deficiencies cannot be cured through another amendment.  No leave to amend should be permitted in these circumstances.

For the foregoing reasons, Rankin respectfully requests that the Court grant his Motion and dismiss the FAC with prejudice.

DEFENDANT RICK RANKIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED:  June 6, 2022

JEFFER MANGELS BUTLER &
MITCHELL LLP
MICHAEL A. GOLD
JUSTIN ANDERSON

By:  _____
                    /s/ Michael A. Gold
                    MICHAEL A. GOLD
              Attorneys for Defendant Rick Rankin

18