COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT J. ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8-22-CV-00983-DOC-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Courtroom: 10A<br>Judge: Hon. David O. Carter<br>Date: August 8, 2022<br>Time: 8:30 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS .................................................................... 3

   A.   The State Bar .......................................................................... 3

   B.   JudyRecords Collects and Indexes Docket Data ................... 3

   C.   Plaintiffs ................................................................................. 5

   D.   The Complaint and the First Amended Complaint ................ 6

III.  LEGAL STANDARD .......................................................................... 7

IV.   ARGUMENT........................................................................................ 8

   A.   Plaintiffs Fail to State a Claim for Violation of the IPA ...... 8

      i.    The State Bar is Not Subject to the IPA ..................... 8

      ii.   Plaintiffs Fail to Satisfy the CTCA............................. 8

      iii.  The FAC Fails to Allege that Plaintiffs Suffered Any
            Adverse Effect ............................................................ 9

   B.   Plaintiffs Fail to State a Claim for Invasion of Privacy Under the
        California Constitution......................................................... 10

   C.   Plaintiffs Fail to State a Claim for Either Negligence or
        Negligence *Per Se* ............................................................. 12

      i.    The CTCA Bars Plaintiffs' Negligence Claims ........ 13

      ii.   Plaintiffs Fail to Allege Duty.................................... 13

      iii.  Plaintiffs' Negligence Claims Fail for Lack of Injury.............. 14

      iv.   Plaintiffs' Negligence *Per Se* Theory Is Unsupported ............. 18

   D.   Plaintiffs Fail to State a Sherman Act Claim ...................... 18

      i.    Plaintiffs' Section 2 Allegations Fail to State a Claim.............. 18

      ii.   Defendants Are Immune from Antitrust Liability.................... 21

      iii.  Section 3 of the Sherman Act Does Not Apply....................... 23

      iv.   Plaintiffs' Section 3 Allegations Would Also Fail to State a
            Claim under Section 1................................................. 23

   E.   Plaintiffs' Anonymous Pleading is Improper ...................... 24

   F.   Plaintiffs' Claims for Equitable Relief Should Be Dismissed............. 24

V.    CONCLUSION .................................................................................. 25

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM**

# TABLE OF AUTHORITIES

**Cases**

*In re Adobe Sys., Inc. Priv. Litig.*,
  66 F. Supp. 3d 1197 (N.D. Cal. 2014)..................................................17

*Aguilar v. Hartford Accident & Indem. Co.*,
  2019 WL 2912861 (C.D. Cal. Mar. 13, 2019) ...................................16

*Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*,
  592 F.3d 991 (9th Cir. 2010) ...............................................................18

*Allstate Indem. Co. v. Lewis*,
  985 F. Supp. 1341 (M.D. Ala. 1997)....................................................20

*Antman v. Uber Techs., Inc.*,
  2018 WL 2151231 (N.D. Cal. May 10, 2018) ...................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................7

*In re Attorney Discipline Sys.*,
  19 Cal.4th 582 (Cal. 1998) ....................................................................3

*Bates v. State Bar of Ariz.*,
  433 U.S. 350 (1977)..............................................................................22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................7

*Belluomini v. Citigroup, Inc.*,
  2013 WL 3855589 (N.D. Cal. July 24, 2013) ...................................11

*Burns v. Mammoth Media, Inc.*,
  2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) ....................................16

*Catlin v. Wash. Energy Co.*,
  791 F.2d 1343 (9th Cir. 1986) .............................................................19

*City of San Jose v. Super. Ct.*,
  12 Cal.3d 447 (1974) ..............................................................................9

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

**MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM**

# TABLE OF AUTHORITIES
(continued)

*City of Stockton v. Super. Ct.*,
   42 Cal.4th 730 (2007) ................................................................................. 9

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ....................................................................... 7

*Colony Cove Props., LLC v. City of Carson*,
   640 F.3d 948 (9th Cir. 2011) ................................................................... 15

*Corona v. Sony Pictures Entm't, Inc.*,
   2015 WL 3916744 (C.D. Cal. June 15, 2015) ...................................... 16

*Damner v. Facebook Inc.*,
   2020 WL 7862706 (N.D. Cal. Dec. 31, 2020) ..................................... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ................................................................... 19

*Dent v. Nat'l Football League*,
   902 F.3d 1109 (9th Cir. 2018) ................................................................. 18

*State ex rel. Dept. of Cal. Highway Patrol v. Super. Ct.*,
   60 Cal.4th 1002 (2015) ............................................................................. 13

*Dilts v. Cantua Elem. Sch. Dist.*,
   189 Cal.App.3d 27 (1987) ......................................................................... 9

*Doe v. U.S. Healthworks Inc.*,
   2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) ..................................... 24

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) .......................... 12, 24, 25

*Free FreeHand Corp. v. Adobe Sys. Inc.*,
   852 F. Supp. 2d 1171 (N.D. Cal. 2012) ................................................ 20

*Gadomski v. Patelco Credit Union*,
   2022 WL 223878 (E.D. Cal. Jan. 25, 2022) ........................................ 17

*Gardiner v. Walmart Inc.*,
   2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ...................................... 16

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-

**MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM**

# TABLE OF AUTHORITIES
(continued)

*Goldfarb v. Va. State Bar,*
   421 U.S. 773 (1975)...........................................................................22

*Greenstein v. Noblr Reciprocal Exch.,*
   2022 WL 472183 (N.D. Cal. Feb. 15, 2022).....................................16

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
   896 F.2d 1542 (9th Cir. 1990) .............................................................7

*Hill v. Nat'l Collegiate Athletic Assn.,*
   7 Cal.4th 1 (1994) .....................................................................10, 11

*Hobbs v. Franchise Tax Bd.,*
   No. C047391, 2005 WL 3540851 (Cal. Ct. App. Dec. 28, 2005).....................10

*Holly v. Alta Newport Hosp., Inc.,*
   2020 WL 1853308 (C.D. Cal. Apr. 10, 2020).............................14, 16

*Hoover v. Ronwin,*
   466 U.S. 558 (1984)...........................................................................22

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,*
   516 F. Supp. 2d 324 (D. Del. 2007), *aff'd*, 602 F.3d 237 (3d Cir.
   2010) ....................................................................................................19

*Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.,*
   627 F.2d 919 (9th Cir. 1980) .............................................................20

*In re iPhone Application Litig.,*
   844 F. Supp.2d 1040 (N.D. Cal. 2012)..............................................11

*JBL Enters., Inc. v. Jhirmack Enters., Inc.,*
   698 F.2d 1011 (9th Cir. 1983) ...........................................................20

*Johnson v. Buckley,*
   356 F.3d 1067 (9th Cir. 2004) ...........................................................25

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.,*
   315 F. App'x 603 (9th Cir. 2008).......................................................17

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-

**MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM**

# TABLE OF AUTHORITIES

(continued)

*Konig v. State Bar of Cal.*,
    2004 WL 2091990 (N.D. Cal. Sept. 16, 2004)....................................13

*Lachtman v. Regents of Univ. of Cal.*,
    158 Cal.App.4th 187 (2007) ...........................................................9, 10

*Lawline v. Am. Bar Ass'n*,
    738 F. Supp. 288 (N.D. Ill. 1990), *aff'd*, 956 F.2d 1378 (7th Cir.
    1992) ...................................................................................................22

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ............................................................21

*Miklosy v. Regents of Univ. of Cal.*,
    44 Cal.4th 876 (2008) ........................................................................13

*N.C. State Bd. of Dental Exam'rs v. FTC*,
    574 U.S. 494 (2015)......................................................................21, 22

*Ovando v. Cnty. of L.A.*,
    159 Cal.App.4th 42 (2008) ..................................................................9

*Paladin Assocs. v. Mont. Power Co.*,
    328 F.3d 1145 (9th Cir. 2003) ...........................................................21

*Paz v. State*,
    22 Cal.4th 550 (2000) ........................................................................13

*Razuki v. Caliber Home Loans, Inc.*,
    2018 WL 2761818 (S.D. Cal. June 8, 2018) ......................................11

*In re Rose*,
    22 Cal.4th 430 (Cal. 2000) ..................................................................3

*Rosenthal v. Justices of the Sup. Ct. of Cal.*,
    910 F.2d 561 (9th Cir. 1990) ...............................................................3

*Ruiz v. Gap, Inc.*,
    540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th
    Cir. 2010) ...........................................................................................11

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-v-

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

# TABLE OF AUTHORITIES
(continued)

*Scott–Codiga v. Cnty. of Monterey*,
2011 WL 4434812 (N.D. Cal. Sept. 23, 2011)....................................................11

*Smith v. State Bar*,
212 Cal.App. 3d 971 (Ct. App. 1989) ...............................................................13

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ...............................................................14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. 2014) ...............................................................17

*Soublet v. Cty. of Alameda*,
2018 WL 6268872 (N.D. Cal. Nov. 29, 2018) .....................................................8

*Spectrum Sports, Inc. v. McQuillan*,
506 U.S. 447 (1993)..........................................................................................20

*State Oil Co. v. Khan*,
522 U.S. 3 (1997)...............................................................................................24

*State v. Super. Ct.*,
32 Cal.4th 1234 (2004) ........................................................................................9

*Texaco Inc. v. Dagher*,
547 U.S. 1 (2006)...............................................................................................23

*U.S. v. Grinnell Corp.*,
384 U.S. 563 (1966)...........................................................................................19

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ...............................................................................7

*Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*,
540 U.S. 398 (2004)...........................................................................................21

*Viriyapanthu v. State Bar of Cal.*,
813 Fed. Appx. 312 (9th Cir. 2020) ...................................................................21

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
382 U.S. 172 (1965)...........................................................................................20

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-vi-

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

# TABLE OF AUTHORITIES
(continued)

*In re Yahoo Mail Litig.*,
   7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................... 11

*Zbitnoff v. Nationstar Mortg., LLC*,
   2014 WL 1101161 (N.D. Cal. Mar. 18, 2014) .................................. 11


**Statutes**

Cal. Bus. & Prof. Code
   § 6001 ................................................................................. 3, 13, 22
   § 6002 ........................................................................................ 22
   § 6007(b)(3) ................................................................................. 1
   § 6086.1(b) ................................................................................... 3

Cal. Civ. Code
   § 1798.3(b)(2) .............................................................................. 8
   § 1798.29 ...................................................................................... 8
   § 1798.45(c) .......................................................................... 2, 8, 9
   § 1798.53 ...................................................................................... 6

Cal. Code of Civ. Proc.
   § 430.10(e) ................................................................................... 9

Cal. Gov. Code
   § 815 .......................................................................................... 13
   § 815(a) ...................................................................................... 13
   § 945.4 .......................................................................................... 8

California Information Practices Act .................................................. *passim*

California Tort Claims Act ................................................................ *passim*

42 U.S.C. § 1983 ................................................................................. 6

Sherman Antitrust Act
   Section 1 ..................................................................................... 23
   Section 2 .............................................................................. *passim*
   Section 3 ....................................................................... 2, 6, 23, 24

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-vii-

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

# TABLE OF AUTHORITIES
(continued)

**Other Authorities**

California Constitution
    Article I, section 1 ............................................................................... 6
    Article VI ............................................................................................ 8
    Article VI, section 9 .................................................................. 3, 8, 13

Federal Rules of Civil Procedure
    10(a) .................................................................................................. 24
    12(b)(6) ............................................................................................... 7

C.D. Cal. Local Rule 7-3 ............................................................................ 7

## I.    INTRODUCTION

The State Bar of California is a public corporation organized under the California Constitution as an administrative arm of the California Supreme Court for the licensing and regulation of attorneys.  The State Bar's mandate includes attorney licensing and the review and prosecution, where warranted, of alleged attorney ethical violations.  To carry out these core functions, the State Bar uses the Odyssey Portal, an online case management system created and maintained by Tyler Technologies, Inc. ("Tyler").  On February 24, 2022, the State Bar learned that certain nonpublic attorney discipline data—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—had been inadvertently harvested from the Odyssey Portal and posted on JudyRecords.com, a third-party website that aggregates court records and is managed by Kevan Schwitzer (the "Incident").  The State Bar, Tyler, Schwitzer, and the State Bar's interim IT Director, Rick Rankin (collectively, "Defendants"), promptly acted to remove the Docket Data from JudyRecords.com, which was completed two days later, on February 26.

The State Bar also issued a public statement about the Incident and posted to its website Frequently Asked Questions ("FAQs"), which it regularly updated. Those postings, incorporated by reference into the First Amended Complaint ("FAC") and otherwise properly subject to judicial notice, make clear that the Incident involved only Docket Data, *not* complaints or other case documents from underlying disciplinary proceedings.  The State Bar also informed the public that during the time Docket Data was available on JudyRecords.com, only 1,034 records showed signs of having been viewed ("Viewed Records"), and only six Viewed Records contained the case type "Mental Health/Substance Abuse."[1]  Furthermore,

---

[1] Pursuant to California Business & Professional Code § 6007(b)(3), a licensee may be enrolled as inactive if "because of mental infirmity or illness, or because of habitual use of intoxicants or drugs, [the licensee] is (i) unable or habitually fails to perform his or her duties or undertakings competently, or (ii) unable to practice law without substantial threat of harm to the interests of his or her clients or the public."

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

the State Bar said it would voluntarily notify anyone affected by the Incident.  In May 2022, the State Bar began to send those notification letters and emails.  As of June 3, 2022, all notifications concerning Viewed Records had been sent.

Plaintiffs are five anonymous individuals who are either (a) attorneys who have been the subject of a State Bar disciplinary proceeding or (b) non-attorneys who have submitted complaints against attorneys, *i.e.*, complaining witnesses.  Mere days after the State Bar announced the Incident, Plaintiffs filed a lawsuit asserting seven causes of action.  Each of their causes of action is barred or fails to state a claim, for the following reasons:

*First*, Plaintiffs' claim under the California Information Practices Act ("IPA") fails because the IPA does not apply to the State Bar.  Plaintiffs also have not adequately alleged compliance with the California Tort Claims Act ("CTCA"), or that the State Bar's purported violation caused them to suffer an "adverse effect." Cal. Civ. Code § 1798.45(c).

*Second*, Plaintiffs' two tort claims—negligence and negligence *per se*—are barred by the CTCA and, in any event, Plaintiffs do not sufficiently allege the required elements of duty or actual damages.

*Third*, Plaintiffs' invasion of privacy claim under the California Constitution fails to adequately allege the required elements of specificity or intent.

*Fourth*, and finally, Plaintiffs' nonsensical claims under the Sherman Antitrust Act should be dismissed for myriad reasons, including *inter alia* that Plaintiffs do not sufficiently allege specific intent to release information or monopolize a relevant market by doing so, cognizable anticompetitive conduct, or a causal antitrust injury. In addition, the State Bar is immune to antitrust suits in its role of administering attorney disciplinary proceedings.  Plaintiffs' cause of action under Section 3 of the Sherman Act is both wholly inapplicable in a case that involves no alleged conduct in federal territories, and fails to state a claim on the merits.

For the reasons below, and because no amendment could cure the deficiencies

Cooley LLP
Attorneys at Law
Los Angeles

2

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE No. 8:22-CV-00983-DOC-DFM

in the already-amended FAC, the case should be dismissed with prejudice.

## II.     STATEMENT OF FACTS

### A.     THE STATE BAR

The State Bar is a constitutional entity, established by article VI, section 9 of the California Constitution, and an integral part of the judicial function of the State of California. *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; *In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000). It is a public corporation created as an administrative arm of the California Supreme Court for the purpose of assisting in matters of attorney admission and discipline. *See In re Attorney Discipline Sys.,* 19 Cal.4th 582, 598–99 (Cal. 1998); *see also Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566 (9th Cir. 1990); (FAC ¶ 12). Although the State Bar conducts its disciplinary proceedings under statutory authority, the California Supreme Court retains inherent power to control all matters related to attorney discipline. *See In re Attorney Discipline Sys.*, 19 Cal.4th at 600.

A core part of the State Bar's function is attorney discipline, which includes reviewing and prosecuting, as necessary, ethics complaints against attorneys. *Id.* at 589. Disciplinary investigations are confidential until formal charges are publicly filed. Cal. Bus. & Prof. Code, § 6086.1(b). The State Bar maintains internal records of disciplinary investigations and proceedings through the Odyssey Portal, an online case management system created and maintained by Tyler. (FAC ¶¶ 8, 16.) The Odyssey Portal, which is accessible from the State Bar Court's website, allows complainants and respondents to view publicly filed documents from State Bar Court disciplinary proceedings, *i.e.*, once formal charges are filed. (FAC ¶¶ 17–19.)

### B.     JUDYRECORDS COLLECTS AND INDEXES DOCKET DATA

On February 24, 2022, the State Bar learned that confidential Docket Data was publicly available on JudyRecords.com, in addition to State Bar Court filings that had always been publicly available on the State Bar website. (Ex. A.[2]) The

---

[2] All citations to "Ex." refer to the Exhibits attached to the Declaration of Tiana

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

Docket Data consisted of the case number, filing date, case type, case status, and names of respondents and complaining witnesses.  (Ex. B at 3.)

JudyRecords.com is a nationwide database of court case records run by Schwitzer.  (FAC ¶ 7.)  Schwitzer created and deployed a program to automatically collect information from public-facing websites, a technique colloquially known as "scraping," after which Schwitzer would aggregate the information and index it on JudyRecords.com.  (Ex. B at 3.)

The State Bar and Rankin—the principal of RPR Impact, LLC and an independent contractor acting as interim IT Director for the State Bar, (FAC ¶ 7)— swiftly responded to the Incident.  Among other things, they immediately disabled the Odyssey Portal, contacted the hosting provider and domain name registrar for Judyrecords.com to demand immediate removal of Docket Data, and then worked with Schwitzer to delete Docket Data from the site.  (Ex. B at 4.)  The State Bar also retained a team of IT forensics experts to investigate, demanded that Tyler remediate all issues in the Odyssey Portal, and submitted a report on the vulnerability to CVE, a website sponsored by the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency ("CISA"), which identifies, defines, and catalogues cybersecurity vulnerabilities.  (*Id.*)

By February 26, 2022, JudyRecords.com had permanently removed all Docket Data from the site.  (*Id.*)  Plaintiffs do not allege that Docket Data was available on any other website or internet archive.  Nor do Plaintiffs allege that any entity or individual besides JudyRecords.com obtained Docket Data.

Defendants' investigation revealed that the Odyssey Portal had a vulnerability previously unknown to the State Bar.  (*Id.* at 3.)  Due to that vulnerability, Schwitzer's data-scraping program unintentionally collected both public records and Docket Data, which was not intended to be public.  (*Id.*)  Tyler

Demas in Support of the State Bar's Motion to Dismiss the FAC.  The State Bar's Request for Judicial Notice filed with this motion further explains why the Exhibits are incorporated by reference into the FAC and properly judicially noticeable.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

addressed the security vulnerability, and the Odyssey Portal was back online by March 15.  (*Id.* at 1.)

The investigation also revealed the limited scope of the information on JudyRecords.com.  (*Id.*)  Overall, JudyRecords.com scraped and indexed 322,525 Docket Data records, which would not ordinarily have been viewable by the public on the Odyssey Portal.  (*Id.* at 2.)  Only 1,034 of the 322,525 Docket Data records showed signs of having been viewed (*i.e.*, a page view).  (*Id.*)  Of these 1,034 Viewed Records, only six contained the case type: "Inactive 6007(b)(3) Mental Illness or Substance Abuse."  (*Id*. at 1.)  None of the Plaintiffs allege that they were involved in this type of proceeding, and none allege that their Docket Data showed evidence of a page view.  (*See* FAC ¶¶ 1–5.[3])

The State Bar promptly and transparently informed the public about the Incident by immediately issuing a press release and providing regular updates on a dedicated webpage.  (*See* Exs. A, B.)  Although not subject to any statutory notification requirement, the State Bar has begun the process of informing the individuals associated with the 322,525 Docket Data records.  The State Bar has already notified the approximately 1,300 individuals whose names appeared on Viewed Records, including the six individuals whose Docket Data contained a reference to mental illness or substance abuse.  (Ex. B at 1.)  None of the Plaintiffs allege they are in this group.

## C.   PLAINTIFFS

Plaintiffs are five anonymous individuals who allege that the State Bar

---

[3]  The other potential case types are listed in the notice letter sent to certain respondents and linked in the State Bar FAQs website: 6180/6190, 9.20 Violation - State Bar Court Order, ADP, Agreement in Lieu of Discipline, Conviction Matter, Discipline in Other Jurisdiction, Early Neutral Evaluation Conference, Moral Character, Original Matter, Other, Pre-filing Motion to Quash, Probation, Probation Violation, RA - Insufficient Funds, RA - Insurance Claim, RA - Reversal of Judgment, RA - Sanction Order, Reinstatement, Reproval, Resignation with Charges Pending, Rule 2605 - Vexatious Complainant, Rule. 9.20 - Interim Conviction Matter, Rule 9.20 - Order, Rule 9.20 - Resignation, and Unauthorized Practice of Law - Non-Attorney. Some of these reflect internal State Bar coding references. (Ex. B at 1 (Sample respondent notice, *available at* https://tinyurl.com/yc473bpr).)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

maintains disciplinary records that include their information in some way.  John Roe 1 and Jane Roe 1 allegedly filed complaints against attorneys.  (FAC ¶¶ 1, 2.)  Jane Roe 2, Jane Roe 3, and John Roe 2 allegedly are or were attorneys licensed to practice law in the State of California and the subjects of complaints.  (*Id.* ¶¶ 3–5.)  Plaintiffs say they live in California but otherwise provide no details about themselves.  Plaintiffs do not allege that Docket Data pertaining to them was affected in any way by the Incident, nor do they allege receiving notification letters from the State Bar stating that their Docket Data was viewed by anyone.  (Ex. B at 1.)

### D.   THE COMPLAINT AND THE FIRST AMENDED COMPLAINT

On March 24, 2022, Plaintiffs served the State Bar with a summons and complaint filed in California state court, alleging claims arising from the Incident against the State Bar, JudyRecords.com, and a series of anonymous "Doe" defendants.  Plaintiffs have since amended that complaint three times.  First, on March 24, they substituted Schwitzer for JudyRecords.com.  Second, on March 25, they substituted Tyler for Doe Defendant 1.  Third, on April 13, Plaintiffs filed the FAC.  Among other changes, the FAC: (1) added another anonymous plaintiff (John Roe 2); (2) substituted Rankin for Employee Doe; (3) removed two causes of action alleging violations of Plaintiffs' rights to informational privacy and equal protection under 42 U.S.C. § 1983; (4) added causes of action for common-law negligence and negligence *per se*; and (5) altered various other substantive allegations.  (*See* Dkt. 1.)

The FAC lodges seven causes of action against various groupings of defendants: (1) violation of the IPA; (2) invasion of privacy under article I, section 1 of the California Constitution; (3) invasion of privacy under California Civil Code section 1798.53; (4) violation of section 2 of the Sherman Antitrust Act; (5) violation of section 3 of the Sherman Antitrust Act; (6) negligence; and (7) negligence *per se*.  All but the third cause of action are brought against the State Bar.  Plaintiffs seek to represent a putative class of California residents who are

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

identified in "nonpublic" records indexed on JudyRecords.com, excluding the Court, Defendants, and any associates.

On May 13, with consent from all named defendants, Tyler removed the case to federal court. (Dkt. 1.) On May 20, the Court granted Plaintiffs' stipulated request to dismiss Schwitzer from the FAC. (Dkt. 26.) The State Bar now files this motion to dismiss.[4]

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such factual allegations must suffice to create "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and thereby "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

A district court generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for

---

[4] Pursuant to Local Rule 7-3, the parties met and conferred on May 26, 2022.

Cooley LLP
Attorneys at Law
Los Angeles

7

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE IPA

Plaintiffs' IPA claim should be dismissed for three independent reasons: (1) the State Bar is not subject to the IPA; (2) Plaintiffs do not adequately allege the requisite compliance with the CTCA; and (3) the FAC fails to sufficiently allege that the State Bar's purported violation caused them to suffer an "adverse effect."  Cal. Civ. Code. § 1798.45(c).

#### i.   The State Bar is Not Subject to the IPA

Plaintiffs' first cause of action alleges that the State Bar is subject to duties imposed by California Civil Code § 1798.29 because it "is a public corporation that owns or licenses computerized data that includes personal information of California residents."  (FAC ¶ 52.)  The IPA applies to an "agency," but as defined in the statute, that term expressly excludes "any agency established under Article VI of the California Constitution."  Cal. Civ. Code 1798.3(b)(2).  Because the State Bar is established under article VI, section 9 of the California Constitution, it is not an "agency" under the IPA and cannot be held liable.  *See Damner v. Facebook Inc.*, 2020 WL 7862706, at *8 (N.D. Cal. Dec. 31, 2020) (ruling IPA claim "fails as a matter of law" because Facebook is not a state agency).  Plaintiffs' IPA claim cannot be cured through amendment; the Court should dismiss it with prejudice.  *See Soublet v. Cnty. of Alameda*, 2018 WL 6268872, at *6 (N.D. Cal. Nov. 29, 2018).[5]

#### ii.   Plaintiffs Fail to Satisfy the CTCA

Even if the State Bar were subject to the IPA, which it is not, Plaintiffs' IPA claim requires dismissal for another reason: the FAC fails to allege that each of the five Plaintiffs complied with the CTCA's administrative claim presentation requirement.  "[N]o suit for money or damages may be brought against a public

---

[5] Notwithstanding the IPA's inapplicability, the State Bar voluntarily notified impacted individuals. (Ex. B at 1.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."  Cal. Gov. Code § 945.4.  "A plaintiff suing the state or a local public entity must allege facts demonstrating either compliance with the claim presentation requirement or an excuse for noncompliance as an essential element of the cause of action."  *Ovando v. Cnty. of L.A.*, 159 Cal.App.4th 42, 65 (2008).  In an action against a government entity or its employees, failure to allege compliance with claims presentation requirement is grounds for dismissal.  Cal. Code of Civ. Proc., § 430.10(e); *State of California v. Super. Ct.*, 32 Cal.4th 1234, 1239 (2004); *see also City of San Jose v. Super. Ct.*, 12 Cal.3d 447, 545 (1974) (ruling that compliance with the presentation requirement is mandatory).[6]

The FAC fails to allege CTCA compliance for at least three reasons.  *First*, although there are five Plaintiffs, the FAC alleges only that "a claim was filed with the State Bar of California even though a private right of action exists outside the Tort Claims Act . . . ."  (FAC ¶ 42.)  Simple math shows that if a single claim was presented, not all five Plaintiffs have complied with the claim presentation requirement.  *Second*, the FAC does not specify which Plaintiff, if any, presented a claim, nor can the State Bar discern this from Plaintiffs' anonymous pleading.  *See* Section IV.E, *infra*.  *Third*, the FAC fails to allege that any complaint was "acted upon" by the State Bar.  The IPA claim should be dismissed.  *See City of Stockton v. Super. Ct.*, 42 Cal.4th 730, 734 (2007) (holding that failure to present a timely claim under the CTCA bars suit against the entity).

### iii.   The FAC Fails to Allege that Plaintiffs Suffered Any Adverse Effect

The IPA claim also fails because the FAC does not allege that the State Bar's

---

[6] The presentation requirement serves several purposes, including giving a state entity the timely opportunity to investigate, determine facts, settle meritorious claims, and protect itself from fraudulent ones.  *See Dilts v. Cantua Elem. Sch. Dist.*, 189 Cal.App.3d 27, 32 (1987).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

9

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

purported violations adversely affected Plaintiffs.  Cal. Civ. Code § 1798.45(c).  "[A]n essential element of a claim under the IPA is proof that as a proximate result of the agency's failure to comply with the IPA there was an 'adverse effect' on the plaintiff."  *Lachtman v. Regents of Univ. of Cal.*, 158 Cal.App.4th 187, 212 (2007) (quoting Cal. Civ. Code. § 1798.45(c)); *see also Hobbs v. Franchise Tax Bd.*, No. C047391, 2005 WL 3540851, at *3 (Cal. Ct. App. Dec. 28, 2005) (explaining that an "essential element" of an IPA claim "is proof that the plaintiffs suffered an adverse consequence as the result of violations").

Here, Plaintiffs baldly allege that they "have been harmed" because the State Bar violated three provisions of the IPA, and thus they are entitled to "emotional distress damages for the worry, delay, anxiety and extreme distress."  (FAC ¶ 62.)  Nothing more.  These threadbare allegations are insufficient to sustain the damages element of an IPA claim.  *See Lachtman,* 158 Cal.App.4th at 212 (dismissing IPA claim where the plaintiff failed show "that any purported disclosure of his student records with other students had an adversely effected [sic] on him").  For example, Plaintiffs do not specifically state that *any* information about them was released in the Incident, and if so, what that information was, who accessed it, and how this caused Plaintiffs to be adversely affected.[7]  Because Plaintiffs "fail[] to identify what, if any, harm [they] suffered as a result of" the disclosure (if any) of the Docket Data, *id.*, the IPA claim must be dismissed.

## B.   PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION

To state a claim for invasion of privacy in violation of the California Constitution, Plaintiffs must sufficiently allege three elements: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the

---

[7] Insofar as Plaintiffs allege harm from a delay in notification, any such allegation is contradicted by the FAC, which concedes that the State Bar discovered the Incident on February 24, 2022, (FAC ¶ 27), and publicly disclosed it two days later, (Ex. A).  As discussed *supra* at Section IV.A.i, the State Bar is not subject to the IPA.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

10

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal.4th 1, 39–40 (1994). Plaintiffs' allegations do not meet any of these three elements.

Plaintiffs utterly fail to satisfy the third element because the FAC does not plead either an egregious or intentional act. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an *egregious breach of the social norms* underlying the privacy right." *Id.* at 37 (emphasis added). In the data-security context, "[l]osing personal data through insufficient security doesn't rise to the level of an egregious breach of social norms." *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 2761818, at *2 (S.D. Cal. June 8, 2018); *see also Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (dismissing IPA claim where two stolen laptops contained unencrypted personal information about approximately 800,000 job applicants because "[t]his increased risk and the manner in which it was allegedly created . . . d[id] not constitute an egregious breach"). Here, Plaintiffs do not even allege what data of theirs was made available, let alone whether making that data available was an "egregious breach of social norms." *Hill,* 7 Cal.4th at 37.[8]

As to the first two elements, the FAC avers only that Plaintiffs "had a legally protected privacy interest" and "had a reasonable expectation of privacy" in the Docket Data. (FAC ¶¶ 66, 68.) Such allegations "are simply a bare recitation of the elements of a privacy claim" and thus are "fatally conclusory." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014); *see also Zbitnoff v. Nationstar*

---

[8] Even conduct that "leads to theft of highly personal information, including social security numbers, does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy." *In re iPhone Application Litig.*, 844 F. Supp.2d 1040, 1063 (N.D. Cal. 2012) (holding disclosure of unique device identifier number, personal data, and geolocation information does not constitute an "egregious breach" (internal quotation marks and citation omitted)); *see also Belluomini v. Citigroup, Inc.*, 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013) (ruling disclosure of Social Security numbers and contact information does not constitute an "egregious breach"). Plaintiffs do not allege that any of their highly personal information was affected by the Incident, and thus cannot satisfy the third element.

Cooley LLP
Attorneys at Law
Los Angeles

11

Memorandum in Support of The CA
State Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DOC-DFM

*Mortg., LLC*, 2014 WL 1101161, at \*4 (N.D. Cal. Mar. 18, 2014) (dismissing claim because "plaintiff fail[ed] to plead her [California] constitutional [privacy] claim with the required specificity"); *Scott–Codiga v. Cnty. of Monterey*, 2011 WL 4434812, at \*7 (N.D. Cal. Sept. 23, 2011) (dismissing claim because plaintiff had not "specified the material defendants released to the public in enough detail for the Court to determine whether it might conceivably fall within a recognized privacy interest protected by the [California] constitution" (internal citation omitted)).

Additionally, for an invasion to be "serious," the plaintiff must allege an *intentional* invasion of their privacy. *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at \*12 (S.D. Cal. Nov. 3, 2016) (dismissing complaint that failed to allege facts "suggest[ing] that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one"). The FAC does not allege any well-pled fact that the State Bar intentionally invaded Plaintiffs' privacy. At best, Plaintiffs aver that the State Bar intentionally transferred records to Tyler to upload to the Odyssey Portal, but that was no more than a necessary step in creating the online case management system and is not an intentional invasion of privacy. The FAC's bare allegation that the records were published on JudyRecords.com "[a]s a direct and proximate result of the intentional conduct by Rick Rankin, Tyler Technologies, the State Bar of California, and Kevan Schwitzer," (FAC ¶ 25), is simply too vague. This is especially true given the absence of any allegation about what specific information about any Plaintiff was posted or how it was sensitive in nature.

The invasion of privacy claim is deficient at every level and should be dismissed without leave to amend.

## C.   PLAINTIFFS FAIL TO STATE A CLAIM FOR EITHER NEGLIGENCE OR NEGLIGENCE *PER SE*

Plaintiffs' negligence claims should be dismissed for several independent reasons: (1) they are barred by the CTCA; (2) the FAC fails to sufficiently allege

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

1    that the State Bar owed Plaintiffs a duty; (3) the FAC does not allege actual damages
2    sufficient to support the negligence claims; and (4) Plaintiffs fail to establish that the
3    State Bar violated any law to support a negligence *per se* theory.

### i.     The CTCA Bars Plaintiffs' Negligence Claims

5         The CTCA sets forth the general rule that "a public entity is not liable for an
6    injury" caused by the public entity or its employees, "[e]xcept as otherwise provided
7    by statute."  Cal. Gov. Code § 815.  Thus, "[i]f the Legislature has not created a
8    statutory basis for it, there is no government tort liability."  *State ex rel. Dep't. of*
9    *Cal. Highway Patrol v. Super. Ct.*, 60 Cal.4th 1002, 1009 (2015); *see also Miklosy v.*
10   *Regents of Univ. of Cal.*, 44 Cal.4th 876, 899 (2008) (ruling "our own decisions
11   confirm that section 815 abolishes common law tort liability for public entities").

12        As a "public entity," the State Bar qualifies for the CTCA's protections.  Cal.
13   Gov. Code, § 815(a); *see, e.g,* Cal. Const., art. VI, § 9 ("The State Bar of California
14   is a public corporation."); Cal. Bus. & Prof. Code, § 6001 (same).  Thus, California
15   courts have recognized that "the [CTCA] applies to tort allegations against the State
16   Bar."  *Smith v. State Bar*, 212 Cal.App. 3d 971, 976 (Ct. App. 1989); *see also Konig*
17   *v. State Bar of Cal.*, 2004 WL 2091990, at *6 (N.D. Cal. Sept. 16, 2004) (citing
18   *Smith* with approval).  Plaintiffs do not identify any statutory basis for their tort
19   claims (with the exception of the IPA, which does not apply to the State Bar);
20   accordingly, those claims are barred by the CTCA and must be dismissed.

### ii.    Plaintiffs Fail to Allege Duty

22        To state a claim for negligence, Plaintiffs must sufficiently allege *inter alia*
23   that the State Bar owed Plaintiffs a duty.  *See Paz v. State*, 22 Cal.4th 550, 559
24   (2000).  Here, Plaintiffs assert that the State Bar owed them duties to (1) provide
25   reasonable notice of the breach; (2) provide steps to take to protect themselves;
26   (3) institute proper security measures to keep the information confidential; and/or
27   (4) maintain proper security measures to ensure the information remained
28   confidential.  (FAC ¶ 115.)  No such duties exist.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

13

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

With respect to the first and second grounds, which both allege a duty to notify, the only possible source of such a duty identified in the FAC is the IPA, which does not apply to the State Bar. *See* Section IV.B, *supra*. Plaintiffs allege no other statute or other authority establishing that the State Bar has a duty to notify. Similarly, with respect to the third and fourth grounds, Plaintiffs offer no statute or other authority establishing that the State Bar had a duty to institute or maintain any particular security measures, let alone "proper" measures as alleged in the FAC.

### iii.    Plaintiffs' Negligence Claims Fail for Lack of Injury

"Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012).

As a preliminary matter, Plaintiffs' allegations of injury are too threadbare to support a negligence claim. For example, Plaintiffs allege they suffered emotional distress, but they do not offer a single concrete detail describing how any individual Plaintiff was affected. *Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020) (holding "although actual damages can include emotional distress, a plaintiff must support [their] claim for pain and suffering with something more than [their] own conclusory allegations, such as specific claims of genuine injury" (internal quotation marks and citation omitted)). Similarly, Plaintiffs allege they spent time and incurred expenses responding to the disclosure of their disciplinary records, but they do not include any well-pled facts to support that claim, such as what remedial steps they took or costs they incurred (if any). Such barebones allegations do not suffice to state a claim.

In addition to being overly conclusory, each of the types of alleged damages are insufficient as a matter of law:

***Emotional Distress.*** Plaintiffs allege that the Incident has caused them emotional distress, such as worry, anxiety, fear, paranoia, shame, and depression. (FAC ¶¶ 38, 41, 119, 128.) But Plaintiffs premise their alleged emotional distress

Cooley LLP
Attorneys at Law
Los Angeles

14

Memorandum in Support of The CA
State Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DOC-DFM

on the theory that "[t]he State Bar *could have* released [their] fingerprints and social security numbers along with investigation information."   (FAC ¶ 38 (emphasis added).)   The FAC contains zero allegations that any of Plaintiffs' information that was actually disclosed.  Such hypothetical harm and injury cannot sustain a claim for emotional damages.  *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913–14 (N.D. Cal. 2009), *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010) (holding that "[u]nder California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action").

Furthermore, the FAC and its incorporated documents support only that certain surface-level Docket Data was scraped and indexed by JudyRecords.com, nothing else.  For example, the Whittier Daily News article cited in the FAC reported that the only information exposed was "case number, type, status, file date and respondent and complaining witness names."  (FAC ¶ 32; Ex. C.)  Similarly, the State Bar's website—which the FAC repeatedly cites, (*see* FAC ¶¶ 6, 8, 30, 36)— states only that "limited case profile data" (*i.e.*, Docket Data) was available, (Ex. B at 3).  At most, this Docket Data contained six records with the words "mental health/substance abuse" (and none of the Plaintiffs allege their records contain this notation).  Taken together, the allegations and incorporated documents contradict and render implausible Plaintiffs' unsupported suggestion that their fingerprints and Social Security numbers "could have" been released in the Incident.  Plaintiffs' deficient and conclusory claims for emotional distress should be rejected.  *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (ruling "court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint") (citing *Iqbal,* 556 U.S. at 679)).

***Lost Time and Expense.***  Plaintiffs allege that because of the Incident they "spen[t] time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing."  (FAC ¶ 128; *see also* ¶¶ 41, 119.)  Yet again, Plaintiffs' allegations are deficient: they do not identify a single

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

concrete action they took or expense they incurred to mitigate any purported effect of the Incident. Lacking such well-pled facts, the claim is fatally conclusory.

Plaintiffs also fail to show that spending time and expense was "reasonable and necessary" in context. *Gardiner v. Walmart Inc.*, 2021 WL 2520103, at *6 (N.D. Cal. Mar. 5, 2021); *see also, e.g., Greenstein v. Noblr Reciprocal Exch.*, 2022 WL 472183, at *6 (N.D. Cal. Feb. 15, 2022) (ruling in Article III standing context that "mitigation expenses cannot establish an injury in the absence of a real and imminent risk of harm"); *Antman v. Uber Techs., Inc.*, 2018 WL 2151231, at *10 (N.D. Cal. May 10, 2018) (holding "mitigation expenses do not qualify as injury because the risk of identity theft must be real before mitigation can establish [Article III] injury in fact"); *Corona v. Sony Pictures Entm't, Inc.*, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2015) (finding credit monitoring may be "compensable where evidence shows that the need for future monitoring is a reasonably certain consequence of the defendant's breach of duty"). Nowhere do Plaintiffs allege that any particular action or expense would have been a reasonable and necessary response to this Incident, especially given Plaintiffs' awareness that the limited information at issue—the Docket Data—is not the type that can be used to steal someone's identity. *Burns v. Mammoth Media, Inc.*, 2021 WL 3500964, at *3 (C.D. Cal. Aug. 6, 2021) (holding "Plaintiff's allegations as to the likelihood of identity theft and fraud" were "impossible to square" with the fact that "Plaintiff's compromised information did not include his birth date, address, social security number, or any financial information").

**Future Injury.** Although Plaintiffs recite a list of what "could" happen as a result of the Incident, such as "reputational harm" or "stalking," these allegations are wholly speculative. (FAC ¶¶ 38–39.) At no point does the FAC demonstrate that any of these harms actually occurred. Allegations of "mere danger of future harm, unaccompanied by present damage, will not support a negligence claim." *Aguilar v. Hartford Accident & Indem. Co.*, 2019 WL 2912861, at *2 (C.D. Cal. Mar. 13,

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

16

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

2019); *see also Holly*, 2020 WL 1853308, at *6 (explaining "bare allegation of increased risk of identity theft is too speculative to satisfy the pleading requirement to show actual damages" (internal quotation marks and citation omitted)).  Such alleged future injury cannot sustain the damages element here.

  ***Delayed Notification.***  To the extent Plaintiffs' negligence claim is predicated on the State Bar's alleged "delay and failure to notify" them, that argument also fails.  (FAC ¶ 119; *see also id.* ¶¶ 28, 41, 91.)  To adequately state a negligence claim on this theory, Plaintiffs must allege "cognizable injury proximately caused" by an unreasonable delay.  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 965 (S.D. Cal. 2014) (dismissing negligence claim predicated on delay in notification because plaintiffs' allegations of economic injury traceable to delay were "implausible"); *see also In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1217 (N.D. Cal. 2014) (ruling plaintiffs must show "incremental harm as a result of the delay").  Here, even if the State Bar owed a duty to notify—and no such duty exists, *see* Section IV.C.ii, *supra*—Plaintiffs allege no incremental injury arising from any delayed notification, or that any delay was unreasonable enough to support a claim here.

  ***Physical Injury.***  The FAC does not allege any physical injuries apart from one unsupported allegation that Plaintiffs suffered a "loss of sleep."  (FAC ¶¶ 119, 129.)  That allegation is too conclusory to withstand a motion to dismiss.  *See, e.g., Gadomski v. Patelco Credit Union*, 2022 WL 223878, at *3 (E.D. Cal. Jan. 25, 2022) (holding that an allegation that plaintiff "suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character" was too conclusory to survive a motion to dismiss.).

  ***Economic Damages.***  To the extent that Plaintiffs allege economic losses, those injuries are barred by the "economic loss rule," which prohibits the recovery of purely economic loss in the "absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other

Cooley LLP
Attorneys at Law
Los Angeles

17

Memorandum in Support of The CA
State Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DOC-DFM

common law exception to the rule." *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) (finding "recovery of purely economic loss is foreclosed"). Plaintiffs have failed to allege that any of the exceptions to the economic loss rule apply to them; the negligence claims must be dismissed.

### iv.   Plaintiffs' Negligence *Per Se* Theory Is Unsupported

The negligence *per se* claim must be dismissed because the FAC alleges no law that would support such a claim. Plaintiffs assert negligence and negligence *per se* as two separate claims. (FAC ¶¶ 112–29.) However, "under California law, negligence *per se* is a doctrine, not an independent cause of action." *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018). "Under [the] doctrine, a statute may establish the standard of care" for which "the defendant's violation of a statute can give rise to a presumption that it failed to exercise due care." *Id.* at 1118. The FAC alleges negligence *per se* on only two grounds: (1) the State Bar's alleged violations of the IPA and (2) the California Constitution. (FAC ¶ 127.) Because the State Bar is not subject to the IPA and did not violate it or the California Constitution, as discussed above, Plaintiffs' negligence *per se* theory fails.

### D.   PLAINTIFFS FAIL TO STATE A SHERMAN ACT CLAIM

Plaintiffs' antitrust allegations against the State Bar are unusual, to say the least. Plaintiffs appear to allege that there is a grand conspiracy to use the State Bar's disciplinary process to harm solo practitioners in favor of large law firms. (FAC ¶¶ 81–105.) That, of course, is utterly implausible, especially on the scant factual allegations in the FAC. Nor is there any authority to suggest that such a conspiracy, even if well-pled, would run afoul of the Sherman Act. Both Sherman Act claims should be dismissed for the reasons below.

### i.   Plaintiffs' Section 2 Allegations Fail to State a Claim

Nothing alleged in the FAC remotely resembles an antitrust claim under Section 2 of the Sherman Act. Plaintiffs repeat the refrain "attempted monopolization," (FAC ¶ 84), but this case does not fit into that well-established

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

18

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

Section 2 paradigm, which requires the plaintiff to demonstrate "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal anti-trust injury." *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998 (9th Cir. 2010); *see also U.S. v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966). Further, attempted monopolization under Section 2 requires that a plaintiff allege "(1) a specific intent to monopolize a relevant market; (2) predatory or anticompetitive conduct; and (3) a dangerous probability of success." *Catlin v. Wash. Energy Co.*, 791 F.2d 1343, 1348 (9th Cir. 1986).[9] The FAC does not satisfy any of these required elements.

*First*, Plaintiffs allege no facts demonstrating that the State Bar had the specific intent to release any information as part of the Incident or to monopolize a relevant market by doing so. The only allegation about the State Bar's intent is that it "directly or indirectly through Tyler Technologies intentionally decided to open its port(s) and publish all its public records concerning disciplinary proceedings." (FAC ¶ 17.) Such a vague allegation falls well short of the mark: it is unsupported by any well-pled fact and, even if credited, does not show an intent to release confidential information to the public as part of a monopolization scheme. Nor is any intent to monopolize shown by the documents Plaintiffs incorporated into the FAC by reference; quite the opposite. Specifically, the State Bar issued multiple public statements (on its FAQs webpage) that it did not intend to allow the Docket Data records to be harvested or indexed on JudyRecords.com, and it was unaware of the Odyssey Portal vulnerability. (*See generally* Ex. B.) Plaintiffs' failure to aver any fact to the contrary dooms their claim. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not, however, required to accept as true

---

[9] For the same reasons that the FAC fails to allege an attempted monopolization claim, it also fails to state a claim for conspiracy to monopolize, which requires allegations of "(1) an agreement or understanding between [alleged conspirators]; (2) a specific intent to monopolize; and (3) overt acts in furtherance of the alleged conspiracy." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 516 F. Supp. 2d 324, 341 (D. Del. 2007), *aff'd*, 602 F.3d 237 (3d Cir. 2010).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

19

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

The FAC also fails to allege a relevant market that the State Bar could have attempted to monopolize.  To define a market, the court must determine: (1) "the field in which the plaintiff was engaged . . . in geographic and distributional terms," and (2) "the product (or product line) that competes in that field." *JBL Enters., Inc. v. Jhirmack Enters., Inc.*, 698 F.2d 1011, 1016 (9th Cir. 1983).  Lacking a defined market, it is impossible to determine whether the State Bar had market power. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993) (explaining "the dangerous probability of monopolization in an attempt case . . . requires inquiry into the relevant product and geographic market and the defendant's economic power in that market"); *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965) ("Without a definition of that market there is no way to measure [a defendant's] ability to lessen or destroy competition.").

*Second*, Plaintiffs' allegations about anticompetitive activity are sorely lacking.  Absent from the FAC are typical allegations of anticompetitive conduct recognized by courts, such as "(1) charging monopolist prices; (2) discontinuing support for and development of [acquired products; and] (3) bundling [products to further enhance marketshare]."  *Free FreeHand Corp. v. Adobe Sys. Inc.*, 852 F. Supp. 2d 1171, 1180 (N.D. Cal. 2012).  Rather, the FAC alleges merely that "Tyler Technologies and the State Bar of California joined in anticompetitive behavior which benefitted lawyers." (FAC ¶ 96.)  This bald allegation is deficient; it does not describe any specific anticompetitive conduct.

The only plausible inference from the FAC and incorporated documents is that the State Bar worked to remedy the Incident as quickly and completely as possible.  Insofar as the FAC alleges negligence by the State Bar related to the Incident, such a claim will not support antitrust liability.  *Compare Hunt-Wesson*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

20

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

*Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 924 (9th Cir. 1980) (ruling Section 2 claims require "***willful*** acquisition or maintenance" of monopoly power) (emphasis added) *with Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1347 (M.D. Ala. 1997) ("Negligence, by definition, is not an intentional tort").  And insofar as the FAC alleges that the State Bar took no action or did not act quickly enough in response to the Incident, neither would satisfy the requirement that Plaintiffs must plead *affirmative* acts of anticompetitive conduct.  *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) ("To safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive *conduct.*").

   *Third*, the FAC does not establish a cognizable causal antitrust injury, which must be "injury to the market or to competition in general, not merely injury to individuals."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 812 (9th Cir. 1988). "Where the defendant's conduct harms the plaintiff without adversely affecting competition generally, there is no antitrust injury."  *Paladin Assocs. v. Mont. Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003).  The conclusory harm that Plaintiffs allege—that some attorneys with disciplinary complaints disclosed in the Incident might not get hired—is speculative and, even if accepted, does not plausibly reduce competition in the "legal profession." (FAC ¶ 99.)  It is thus not an antitrust injury. Plaintiffs also fail to offer even conclusory allegations of a "probability of success," let alone a dangerous one, or one that rises above the speculative level.

   Given the above, no Section 2 claim can survive.  *Viriyapanthu v. State Bar of Cal.*, 813 Fed. App'x. 312, 313 (9th Cir. 2020) (holding that conclusory accusations of conspiracy against the State Bar of California were properly dismissed for failure to state a claim).  The Section 2 claim must be dismissed.

### ii.   Defendants Are Immune from Antitrust Liability

   A state entity is immune from antitrust liability when its activities are (1) subject to active state supervision and (2) is undertaken pursuant to a clearly

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

21

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

articulated state policy. *N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 503–04 (2015). Under this two-part test, the State Bar is immune from antitrust claims asserted in the FAC that allege liability arising from the State Bar's authority to regulate and discipline attorneys.[10]

It is well established that the State Bar is immune for actions taken pursuant to its disciplinary authority. That is because the State Bar administers the disciplinary process pursuant to state law, and its decisions are subject to final approval from the California Supreme Court. *See* Cal. Bus. & Prof. Code §§ 6001–02; *Hoover v. Ronwin*, 466 U.S. 558, 573 (1984). At its core, the FAC alleges that the State Bar misused its disciplinary authority to harm certain lawyers; namely, solo practitioners. The Odyssey Portal and the Docket Data it contains are necessary components of the State Bar's disciplinary process; the State Bar would not be able to run its disciplinary proceedings without the ability to retain or manage the records related to those proceedings. Notably, the purported antitrust injury from the Incident is that certain lawyers would reputationally suffer if anyone learned about the complaints against them. (*See, e.g.*, FAC ¶ 86 (alleging the State Bar "mainly disciplines solo practitioners and consumer lawyers that represent plaintiffs against large corporations, insurance companies, or the government").) Because that alleged injury necessarily arises from the State Bar's execution of its disciplinary authority, the State Bar is immune from antitrust liability here.

Multiple federal courts have held that state bars are immune from liability under the Sherman Act. *See, e.g.*, *Bates v. State Bar of Ariz.*, 433 U.S. 350 (1977) (holding that the Sherman Act did not apply to the State Bar of Arizona); *Goldfarb*

---

[10] Plaintiffs allege that "the State Bar of California is not entitled to Parker state-action immunity because it is controlled in part by marketplace participants." (FAC ¶ 103.) But in *Dental Examiners*, the U.S. Supreme Court ruled that a state regulatory board controlled by market participants may "invoke state-action antitrust immunity" so long as it "satisf[ies] [the] active supervision requirement." 574 U.S. at 496. Moreover, following *Dental Examiners*, the State Bar adopted an antitrust policy to meet the requirements set forth by the Supreme Court. *See* State Bar Antitrust Policy, dated Sept. 26, 2017, *available at* https://tinyurl.com/vbursk2h.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

22

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

*v. Va. State Bar*, 421 U.S. 773 (1975); *Lawline v. Am. Bar Ass'n*, 738 F. Supp. 288 (N.D. Ill. 1990), *aff'd*, 956 F.2d 1378 (7th Cir. 1992) (holding Illinois State Bar Association and Chicago Bar Association are immune from liability under Section 2). The same should hold true here.

### iii.    Section 3 of the Sherman Act Does Not Apply

Section 3 of the Sherman Act applies to "[e]very contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any *Territory of the United States or of the District of Columbia*, or in restraint of trade or commerce between any such *Territory* and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, is declared illegal." 15 U.S.C.A. § 3 (emphasis added). The alleged violation of the Sherman Act in this case took place in California, which is not a Territory of the United States or the District of Columbia. (*See* FAC ¶ 109.) Therefore, this claim, brought in alternative to Plaintiffs' fourth cause of action, should be dismissed. (*See id.* ¶¶ 106–11.)

### iv.    Plaintiffs' Section 3 Allegations Would Also Fail to State a Claim under Section 1

Even if this Court were to analyze Plaintiffs' Section 3 claim under the rubric of Section 1 of the Sherman Act (which the Court has no obligation to do), it fails for all of the same reasons that the Section 2 claim fails: Plaintiffs fail to adequately allege a relevant market, intent to monopolize, or cognizable anticompetitive activity, and the State Bar is immune from liability under the Sherman Act.

Further, Plaintiffs have not pled sufficient facts to support their claim that Defendants "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize" legal services in California. 15 U.S.C. § 3. "'Congress intended to outlaw only *unreasonable* restraints'" under the Sherman Act. *Texaco Inc. v. Dagher,* 547 U.S. 1, 5 (2006) (quoting *State Oil Co. v.*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

23

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

*Khan,* 522 U.S. 3, 10 (1997)).  "[M]ost antitrust claims are analyzed under a 'rule of reason,' according to which the finder of fact must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors."  *State Oil,* 522 U.S. at 10.  Plaintiffs allege that the State Bar "unlawfully restrained competition of lawyers by unduly hindering the lawyers whose confidential information was breached from employing his or her talents, industry or capital in a lawful undertaking or attempted to do so, thus keeping the public from receiving legal services as freely as it would without such restraints." (FAC ¶ 109.)  Once again, this claim presents only a threadbare conclusion without any factual allegations.  As such, Plaintiffs' Section 3 claim does not meet *Twombly*'s pleading standard and must be dismissed.

### E.    PLAINTIFFS' ANONYMOUS PLEADING IS IMPROPER

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties."  A plaintiff may proceed under a pseudonym after she has sought and been granted leave from the court.  *See Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *6 (C.D. Cal. Feb. 4, 2016) (dismissing complaint for improper pseudonymous pleading).  Plaintiffs have not sought or obtained leave to proceed pseudonymously, and their use of fictitious names is improper and prejudicial to the State Bar.  Specifically, the State Bar cannot sufficiently investigate Plaintiffs' allegations without knowing their names.  The use of fictitious names is especially improper when Plaintiffs are obligated to first submit administrative claims under the CTCA before proceeding in court.  While Plaintiffs vaguely allege that a single administrative claim "was filed," (FAC ¶ 42), they do not say which Plaintiff filed this claim, and the State Bar is unable to match the name on any administrative claim it may have received with Jane and John Roes.  *See* Section IV.A.ii, *supra*.

### F.    PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF SHOULD BE DISMISSED

To obtain injunctive relief, Plaintiffs must show that they (1) "personally would benefit in a tangible way" from the requested injunction and are

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

24

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

(2) "realistically threatened by a repetition of the violation." *Dugas*, 2016 WL 6523428, at *8 (internal quotation and citation omitted).  Neither element is met.

Plaintiffs fail to allege that they would accrue personal benefit from an injunction.  Once the State Bar became aware of the issue concerning the Odyssey Portal, it immediately took remedial steps, including securing the removal of all Docket Data from JudyRecords.com.  The State Bar also regularly updated the public about the Incident and its response, including—despite not being bound by the IPA—voluntarily notifying the approximately 1,300 individuals with Viewed Records that certain limited information about them was inadvertently disclosed. (Ex. B at 1.)  There could be no personal benefit to Plaintiffs from any injunction.

Furthermore, Plaintiffs allege no facts supporting that they are "realistically threatened by a repetition of the violation." *Dugas*, 2016 WL 6523428, at *8.  The only allegation of a data-related event prior to the Incident is a conclusory, two-sentence paragraph that identifies no actual disclosure of bar members' information or any misconduct by the State Bar.  (*See* FAC ¶ 40.)  Thus, Plaintiffs' own allegations show only that the Incident was an unprecedented event.  Accordingly, Plaintiffs are not entitled to injunctive or other equitable relief.

## V.    CONCLUSION

Courts consider five factors in determining whether a motion to dismiss should be granted with, or without, prejudice, including "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Importantly, "[f]utility alone can justify the denial of a motion to amend." *Id.*  As discussed above, Plaintiffs' already-amended FAC suffers several fatal deficiencies to each of its claims, which cannot be cured through another amendment.  No leave to amend is warranted in these circumstances.

For the foregoing reasons, the State Bar respectfully requests that the Court grant its motion and dismiss the FAC with prejudice.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

25

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

1   Dated:  June 6, 2022                    COOLEY LLP

2

3                                            */s/ Tiana Demas*
                                             Tiana Demas
4

5                                            *Attorneys for Defendant*
                                             THE STATE BAR OF CALIFORNIA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

26

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM