COOLEY LLP
MICHAEL G. RHODES (116127) rhodesmg@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-DOC-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Courtroom: 10A<br>Judge: Hon. David O. Carter<br>Date: August 8, 2022<br>Time: 8:30 a.m. |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant The State Bar of California respectfully requests that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the documents identified below in support of the State Bar's concurrently filed Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"). All of the materials subject to this request are attached as Exhibits A, B, and C to the accompanying Declaration of Tiana Demas in Support of The State Bar of California's Motion to Dismiss Plaintiffs' First Amended Complaint ("Demas Decl.").

## I. INTRODUCTION

The Court should consider Exhibits A, B, and C because these documents are incorporated by reference into the First Amended Complaint ("FAC"), are judicially noticeable under Federal Rule of Evidence 201, or both.

## II. LEGAL STANDARDS

***Incorporation by reference.*** A district court generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under the incorporation by reference doctrine, "[a] court may consider a writing referenced in a complaint but not explicitly incorporated therein, if the complaint relies on the document and its authenticity is unquestioned." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig. ("Sony")*, 903 F. Supp. 2d 942, 954 (S.D. Cal. 2012) (internal quotations omitted). Considering such documents in their entirety is crucial "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

1  documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d
2  897, 905 (N.D. Cal. 2019); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
3  2005) (ruling on motion to dismiss that district court properly incorporated by
4  reference content surrounding allegedly defamatory photograph and caption on
5  defendant's website).

6  "Once a document is deemed incorporated by reference, **the entire document
7  is assumed to be true** for purposes of a motion to dismiss, and both parties—and the
8  Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768
9  F.3d 1046, 1058 n.10 (9th Cir. 2014). While the facts contained in such documents
10 cannot be used to controvert "well-pled" facts in a complaint, *Khoja v. Orexigen
11 Therapeutics, Inc.,* 899 F.3d 988, 1015 (9th Cir. 2018) (finding no abuse of discretion
12 where district court incorporated by reference an article that "revealed the
13 materiality" of a claim), facts in incorporated documents are properly used to dispute
14 "conclusory" allegations, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7
15 (N.D. Cal. Apr. 28, 2020); *see also Narvasa v. U.S. Bancorp*, 713 F. App'x 728, 729
16 (9th Cir. 2018) (holding court is "not required to accept as true conclusory allegations
17 which are contradicted by documents referred to in the complaint" (quoting *Steckman
18 v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998)); *Sprewell v. Golden
19 State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as
20 true allegations that contradict matters properly [presented] by exhibit.").

21 ***Judicial notice.*** Federal Rule of Evidence 201 requires the Court to "take
22 judicial notice if a party requests it and the court is supplied with the necessary
23 information." Fed. R. Evid. 201(c)(2). The Court may take judicial notice of a fact
24 that is not subject to reasonable dispute because it can be accurately and readily
25 determined from sources whose accuracy cannot reasonably be questioned. *Id.* "A
26 court may take judicial notice of 'matters of public record' without converting a
27 motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*,
28 250 F.3d 668, 689 (9th Cir. 2001) (citing *MGIC Indem. Corp. v. Weisman,* 803 F.2d

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

500, 504 (9th Cir. 1986)).

Courts are authorized to take judicial notice of documents that are publicly filed or otherwise publicly available, including information on government agency websites. *See generally Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Oroamerica Inc. v. D & W Jewelry Co.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of United States Patent and Trademark Office filings); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sep. 9, 2008) ("This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice."); *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 993 (C.D. Cal. 2013) (taking judicial notice of "Frequently Asked Questions" section of government website about city ordinance).

### III. ARGUMENT

#### A. Documents subject to this request

The State Bar submits the following documents for the Court's consideration in connection with the Motion:

| Ex. | Description | Cited in FAC ¶ |
|---|---|---|
| A | Press release issued by the State Bar, dated February 26, 2022, titled "State Bar of California Addresses Breach of Confidential Information."[1] | ¶¶ 6, 8, 30, 36. |
| B | Frequently asked questions ("FAQs") issued by the State Bar, dated February 27, 2022 to June 3, 2022, titled "Data Breach Updates."[2] | ¶¶ 6, 8, 30, 36. |
| C | Article in Whittier Daily News, dated February 28, 2022, titled "Security glitch enabled website to publish attorney discipline records, State Bar says."[3] | ¶ 32. |

---

[1] Available at https://www.calbar.ca.gov/About-Us/News/News-Releases/state-bar-of-california-addresses-breach-of-confidential-data (accessed June 3, 2022).
[2] Available at https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates (accessed June 3, 2022).
[3] Available at https://www.whittierdailynews.com/2022/02/28/security-glitch-enabled-website-to-publish-attorney-discipline-records-state-bar-says/ (accessed June 3, 2022).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

### B. Exhibits A–C are incorporated by reference into the FAC

Exhibits A, B, and C are incorporated into the FAC by reference because Plaintiffs cite to these publications, include statements about what the Exhibits contain, and rely on them for several elements of the claims alleged in the FAC. (FAC ¶¶ 6, 8, 30, 36 (citing Exhibits A & B); *id.* ¶ 32 (citing Exhibit C). As such, these publications "form the basis" of Plaintiffs' claims. *See, e.g.*, *In re Silicon Storage Tech., Inc.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."). In data breach litigation, courts commonly take judicial notice of news articles and press releases about the alleged breach when those materials are referenced in the complaint. *See, e.g., Sony,* 903 F. Supp. 2d at 954–55 ("[T]he SNE User Agreement, SNE Privacy Policy, SCEA Privacy Policy, **Announcement Update, and CNET Article** are all appropriate for judicial notice as Plaintiffs rely on and quote from each of the documents in the Consolidated Complaint, and do not question their authenticity." (emphasis added)). As such, Exhibits A, B, and C should be incorporated by reference into the FAC and considered by the Court along with the Motion.

### C. Exhibits A–C are properly subject to judicial notice because they are publicly available

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.* repeats the well-established rule that, "[i]n general, websites and their contents may be judicially noticed." 2020 WL 1694361, at *2 (N.D. Cal. Apr. 7, 2020) (citations omitted). That is especially true for government websites, which are presumptively reliable. *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Oroamerica.*, 10 F. App'x at 517 n.4; *Paralyzed Veterans of Am.*, 2008 WL 4183981, at *5; *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.,* 547 F.3d 962, 968–69 n.4 (9th Cir. 2008) (taking judicial notice of gaming compacts located on official California Gambling Control

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

Commission website); *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of "public records" that "can be accessed at Santa Monica's official website"); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking judicial notice of www.ebay.com and information it contained under Fed. R. Evid. 201). Federal courts in California also deem online government agency "Frequently Asked Questions" reliable and judicially notice them. *See, e.g.*, *Calop Bus. Sys.*, 984 F. Supp. 2d at 993.

This case concerns certain limited nonpublic attorney discipline case profile data—case number, filing date, case type, case status, and respondent and complaining witness names—that was inadvertently harvested and indexed on a public website called JudyRecords.com (the "Incident"), and the State Bar's response to the Incident. Exhibit A is a State Bar press release about the Incident, published on the State Bar's website on February 26, 2022, just two days after the Incident was discovered. Exhibit B is an FAQs webpage created by the State Bar on February 27, 2022, and updated through June 3, 2022, about the State Bar's response to the Incident, the types of information involved, and the steps the State Bar has taken to notify affected individuals. Both Exhibits A and B contain publicly available information about the Incident and were issued by a government agency. It is therefore proper for the Court to judicially notice them here. Furthermore, Exhibit C is a news article from the Whittier Daily News about the Incident, which was posted on the Internet on February 28, 2022. Because Exhibits A, B, and C are undeniably in the public realm, and have been since they were posted on the Internet, the Court should grant the State Bar's request to judicially notice them.

## IV. CONCLUSION

For the foregoing reasons, the State Bar respectfully requests that the Court consider under the incorporation by reference doctrine and/or take judicial notice of Exhibits A, B, and C.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
THE CA STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

Dated: June 6, 2022

COOLEY LLP

*/s/ Tiana Demas*
Tiana Demas

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA