1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  3 Embarcadero Center
   20th Floor
3  San Francisco, CA 94111
   Telephone:  (415) 693-2000
4  Facsimile:   (415) 693-2222

5  TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
   110 N. Wacker Drive, Suite 4200
6  Chicago, IL 60606
   Telephone:  (312) 881-6500
7  Facsimile:   (312) 881-6598

8  BARRETT J. ANDERSON (318539) (banderson@cooley.com)
   WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
9  4401 Eastgate Mall
   San Diego, CA 92121
10 Telephone:  (858) 550-6000
   Facsimile:   (858) 550-6420
11
   GREGORY MERCHANT (341287) (gmerchant@cooley.com)
12 3175 Hanover Street
   Palo Alto, CA 94304
13 Telephone:  (650) 843-5000
   Facsimile:   (650) 849-7400
14
   *Attorneys for Defendant*
15 THE STATE BAR OF CALIFORNIA

16 *Additional counsel on next page*

17                    UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| 19  JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated, | Case No. 8-22-CV-00983-DOC-DFM |
| 20 | **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| 21 | |
| 22           Plaintiffs, | Courtroom:  10A |
| 23        v. | Judge:  Hon. David O. Carter |
| | Date:  July 18, 2022 |
| 24  THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive, | Time:  8:30 a.m. |
| 25 | |
| 26 | |
| 27           Defendants. | |
| 28 | |

K&L GATES LLP
CHRISTINA N. GOODRICH (261722) (christina.goodrich@klgates.com)
ZACHARY T. TIMM (316564) (zach.timm@klgates.com)
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

BETH W. PETRONIO (admitted *pro hac vice*) (beth.petronio@klgates.com)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Facsimile: (214) 939-5849

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.


JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL A. GOLD (90667) (mgold@jmbm.com )
JUSTIN ANDERSON (328969) (janderson@jmbm.com)
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

*Attorneys for Defendant*
RICK RANKIN

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1
II. RELEVANT BACKGROUND ...................................................................... 1
III. LEGAL STANDARD ..................................................................................... 2
IV. ARGUMENT ................................................................................................... 3
    A. Plaintiffs fail to show a need for anonymity ........................................ 3
        i. Plaintiffs' alleged fear of retaliation is meritless ....................... 4
        ii. Plaintiffs' privacy argument is insufficient ................................ 6
    B. Allowing Plaintiffs to proceed under pseudonyms would prejudice Defendants ........................................................................... 8
    C. Plaintiffs' need for anonymity does not overcome the public's interest in knowing their names ............................................................ 9
V. CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*4 Exotic Dancers v. Spearmint Rhino*,
  2009 WL 250054 (C.D. Cal. Jan. 29, 2009) .................................................. *passim*

*In re Ashley Madison Consumer Data Breach Litig.*,
  2016 WL 1366616 (E.D. Mo. Apr. 6, 2016) ....................................................... 6, 9

*Doe v. Amazon.com, Inc.*,
  2011 WL 13073281 (W.D. Wash. Dec. 23, 2011) ............................................. 5, 6

*Doe v. Bergstrom*,
  315 F. App'x 656 (9th Cir. 2009) ....................................................................... 4, 7

*Doe v. John F. Kennedy University*,
  2013 WL 4565061 (N.D. Cal. Aug. 27, 2013) ............................................... 6, 7, 8

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
  596 F.3d 1036 (9th Cir. 2010) ......................................................................... *passim*

*Doe v. U.S. Healthworks Inc.*,
  2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) .................................................... 5, 9

*Doe v. UNUM Life Ins. Co. of Am.*,
  164 F. Supp. 3d 1140 (N.D. Cal. Feb. 22, 2016) ............................................... 7, 9

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) ....................................................................... *passim*

*Link Treasure Ltd. v. Baby Trend, Inc.*,
  809 F. Supp. 2d 1191 (C.D. Cal. 2011) ................................................................. 3

*Roe v. Skillz, Inc.*,
  858 F. App'x 240 (9th Cir. 2021) ................................................................... 2, 4, 9

*Smith v. Patel*,
  2009 WL 3046022 (C.D. Cal. Sept. 18, 2009) ...................................................... 5

*United States v. Stoterau*,
  524 F.3d 988 (9th Cir. 2008) ............................................................................. 2, 9

# TABLE OF AUTHORITIES
(continued)

**Other Authorities**

California Tort Claims Act ..................................................................................2, 8

Federal Rule of Civil Procedure
   10(a) ........................................................................................................................2
   56(c)(4) ...............................................................................................................3, 4

Federal Rule of Evidence
   402 ..........................................................................................................................4
   403 ..........................................................................................................................4
   602 ..........................................................................................................................4
   701 ..........................................................................................................................4
   802 ..........................................................................................................................4
   901 ..........................................................................................................................4
   1002 ........................................................................................................................4

Local Rule 7-7 ..........................................................................................................3

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-

MEMORANDUM IN SUPPORT OF THE CA
STATE BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DOC-DFM

## I. INTRODUCTION

Defendants The State Bar of California, Tyler Technologies, Inc., and Rick Rankin (collectively, "Defendants") jointly oppose Plaintiffs' Motion for Protective Order to proceed under pseudonyms. (Dkt. 41 ("Mot.").) Plaintiffs rely only on unsupported argument and conclusory, irrelevant, and otherwise inadmissible declarations that, even if credited, do not come close to satisfying the exacting standard for proceeding pseudonymously set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). In short, Plaintiffs fail to overcome "the default presumption . . . that the plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010). The motion should be denied.

## II. RELEVANT BACKGROUND

This case arises from a third party's harvesting and posting of limited nonpublic docket-level information about attorney disciplinary complaints—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—filed with the State Bar and hosted on the Odyssey Portal, a public-facing online case management system created and maintained by Tyler Technologies (the "Incident"). (Ex. A; Ex. B at 3, Ex. C.)[1] The State Bar learned of the Incident on February 24, 2022, after which Defendants acted promptly to secure the Odyssey Portal and then remove the Docket Data from the Internet, which was completed two days later, on February 26. (Ex. A; Ex. B at 3–4.)

Plaintiffs filed this class-action lawsuit in California state court on March 18. (Dkt. 1 ¶ 1.) Plaintiffs allege that they reside in California and are either (a) attorneys who have been the subject of a State Bar disciplinary proceeding or (b) non-attorneys who have submitted complaints against attorneys, *i.e.*, complaining witnesses. (Dkt. 1-1, First Amended Complaint ("FAC") ¶¶ 1–5.) Plaintiffs do not aver their real names in the First Amended Complaint and have not

---

[1] "Ex." refers to Exhibits to the Declaration of Tiana Demas filed with this brief.

disclosed their real names to Defendants. (Declaration of Tiana Demas ("Demas Decl.") ¶ 2.) Plaintiffs seek to represent "[a]ll California residents identified in the [Docket Data]," excepting the Court, Defendants, and their agents and employees. (FAC ¶¶ 43–44.)

Tyler Technologies (with the consent of all Defendants) removed the lawsuit to this Court on May 13. (Dkt. 1.) Defendants each filed a motion to dismiss on June 6. (Dkts. 35, 36, 38.) The State Bar and Mr. Rankin argued in their respective motions that Plaintiffs' anonymous pleading violates Federal Rule of Civil Procedure 10(a), which requires a complaint to "name all parties." (Dkt. 36 at 16; Dkt. 38-1 at 24.) The State Bar also argued that Plaintiffs failed to satisfy the administrative claim presentation requirement in the California Tort Claims Act ("CTCA") because (among other things) they did not specify which Plaintiffs, if any, had filed claims with the State Bar before proceeding with this litigation. (Dkt. 38-1 at 8–9.) On June 14, Plaintiffs filed the instant motion for protective order. Defendants now submit this joint opposition.

### III. LEGAL STANDARD

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the name of all the parties.'" *Advanced Textile*, 214 F.3d at 1067. The Ninth Circuit "has made clear that the use of a pseudonym should only be permitted occasionally and in 'unusual' cases." *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (quoting *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008)). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Skillz*, 858 F. App'x at 241 (quoting *Advanced Textile*, 214 F.3d at 1068).[2]

---

[2] The only authority that Plaintiffs cite in the motion is dated from the year 1981 or

## IV. ARGUMENT

### A. PLAINTIFFS FAIL TO SHOW A NEED FOR ANONYMITY

The Ninth Circuit has identified three situations in which plaintiffs may proceed under a pseudonym: "(1) when identification creates a risk of retaliatory physical or mental harm"; "(2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and "(3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Advanced Textile*, 214 F.3d at 1068 (cleaned up). The motion asserts only the first two: fear of retaliation and protection of privacy. (Mot. at 4–5.) Plaintiffs do not demonstrate either.

At the threshold, Plaintiffs' purported evidence supporting either alleged need is deficient. Jane Doe 1 did not file a declaration. John Roe 1, John Roe 2, Jane Roe 2, and Jane Roe 3 filed pseudonymous declarations lacking any explanation of why or how they have knowledge of the facts asserted. (*See* Dkt. 41-1, Declarations of Roe Plaintiffs ("Roe Decls.").) Defendants object that such "testimony" from unidentified sources lacks proper foundation and has not been properly authenticated; it is thus inadmissible under Local Rule 7-7 and Federal Rule of Civil Procedure 56(c)(4), which requires a declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *See Link Treasure Ltd. v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011) (ruling declaration "lacking adequate foundation" is inadmissible under Rule 56(c)(4)).

The declaration and exhibits submitted by Plaintiffs' counsel, (Dkt. 41-2, Declaration of Lenore Albert ("Albert Decl.")), are inadmissible on numerous grounds: they lack proper foundation, recite numerous hearsay statements, contain

---

before. (Mot. at 3.) None of Plaintiffs' cases discuss or apply the correct standard from *Advanced Textile*, decided nearly two decades later.

improper opinion by counsel, and—insofar as counsel purports to offer her own experiences and documents as "an example for this court," (*id.* ¶ 17)—are both irrelevant to any alleged need of *Plaintiffs* for anonymity and unfairly prejudicial. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 402, 403, 602, 701, 802, 901, 1002.[3] The Court should disregard this evidence.

### i.  Plaintiffs' alleged fear of retaliation is meritless

"When the party asserts that pseudonymity is necessary due to fears of retaliation, courts balance the severity of the threatened harm, the reasonableness of the fears, and the party's vulnerability to such retaliation." *4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009). Here, Plaintiffs fail to show an "objectively reasonable fear of extraordinarily severe retaliation." *Advanced Textile*, 214 F.3d at 1063.

"First, the district court must identify the harm that the plaintiffs fear." *Kamehameha Sch.*, 596 F.3d at 1043. The motion does not identify any specific threat; rather, it vaguely asserts only that Plaintiffs "already fear retaliation by the State Bar," without explaining why or providing support. (Mot. at 4.) Plaintiffs' declarations, even if credited (and they should not be), merely contain the same bare statement that they are "fearful about . . . retaliation." (Roe Decls. ¶¶ 6, 14, 22, 30.) Such vague and conclusory statements are insufficient to demonstrate a specific threat. *See Skillz*, 858 F. App'x at 241–42 (affirming denial of pseudonym motion because plaintiff's "conclusory and general statements without explanation or

---

[3] Plaintiffs' counsel asserts that her "phone number appeared on the dark web" resulting in "new voicemail spam," and suggests it as an example of "the harm or potential harm" to Plaintiffs. (Albert Decl. ¶¶ 12–14.) Counsel's personal experiences are irrelevant here. In any event, she included the same number without redaction in Exhibit 3 to her declaration, (*id.* Ex. 3 at 1), and in public filings in both California state court and this Court, (*see, e.g.*, FAC at 1; Dkt. 5, Notice of Appearance of Counsel at 1). That number is also available on counsel's public bar member profile. (Attorney Profile, Lenore LuAnn Albert, *available at* https://apps.calbar.ca.gov/attorney/Licensee/Detail/210876.) Consequently, the alleged appearance of counsel's publicly-available phone number on the Internet—whether on the "dark web" or otherwise—has nothing to do with this case, much less Plaintiffs' purported need for anonymity.

support" were insufficient to support alleged need for anonymity); *Doe v. Bergstrom*, 315 F. App'x 656, 657 (9th Cir. 2009) (affirming denial of pseudonym motion in part because "Doe has presented no evidence that the disclosure of the information he seeks to keep private may subject him to retaliation or harassment"); *Smith v. Patel*, 2009 WL 3046022, at *2 (C.D. Cal. Sept. 18, 2009) ("Plaintiff offers no specific information suggesting that disclosure of his identity would expose him to a risk of physical or mental harm, relying instead on vague generalizations about risks that all civil rights plaintiffs bear.").

Even if Plaintiffs' unsupported allegations are assumed to be true, they are not "sufficiently severe enough to warrant pseudonymity." *4 Exotic Dancers*, 2009 WL 250054, at *2. "[P]hysical harm presents the paradigmatic case for allowing anonymity." *Kamehameha Sch.*, 596 F.3d at 1043. Plaintiffs do not allege a fear of physical harm. Instead, they generally claim that using their true names in this litigation would allow someone to find "public records [that] include their phone number, email address and location" and allow them to "be doxed on the dark web, a set up for harassment of never-do-wells." (Mot. at 4–5.) Plaintiffs again fail to explain why anyone would do this, what kind of harassment they could fear, or how it would be connected to their involvement in this case. Such ambiguous and theorized harm, even if true, would not be extraordinary. *See Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *4 (C.D. Cal. Feb. 4, 2016) (finding "economic harm must be 'extraordinary'" to suffice (quoting *Advanced Textile*, 214 F.3d at 1070)); *Doe v. Amazon.com, Inc.*, 2011 WL 13073281, at *3–4 (W.D. Wash. Dec. 23, 2011) (ruling "non-physical retaliation" arising from disclosure of "full name, address, age, and ZIP code" must be "extreme" to warrant anonymity).

Plaintiffs also have not shown that their purported fear is objectively reasonable. "Courts are instructed to examine a party's fears through a critical lens." *Amazon.com*, 2011 WL 13073281, at *3. For example, in the *Kamehameha* case, the Ninth Circuit held that the fear asserted by children who had received specific

threats of violence in connection with their lawsuit was unreasonable based on "the surrounding context and other listeners' reactions to the threats." 596 F.3d at 1044–45. Plaintiffs do not identify who might harass them because of their involvement in this case or explain why, let alone provide surrounding context. There is no basis to find that their generalized claim of fear is objectively reasonable.[4]

### ii. Plaintiffs' privacy argument is insufficient

Plaintiffs' other basis for seeking to use pseudonyms—the alleged need to protect their privacy, (Mot. at 4)—fares no better. "Courts have allowed pseudonymity to protect a plaintiff's privacy when necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *4 Exotic Dancers*, 2009 WL 250054, at *3 (quoting *Advanced Textile*, 214 F.3d at 1068)). Cases involving such privacy interests are those "freighted with the high risk of stigmatization," *Doe v. John F. Kennedy University*, 2013 WL 4565061, at *3 (N.D. Cal. Aug. 27, 2013), such as "sexual abuse and assault" or "abortion and birth control use, homosexuality and transsexuality, AIDS, and the welfare or abandoned or illegitimate children," *In re Ashley Madison Consumer Data Breach Litig.*, 2016 WL 1366616, at *3 (E.D. Mo. Apr. 6, 2016) (collecting cases).

The motion does not establish that any such sensitive or highly personal matters are implicated here. Plaintiffs contend that "multiple attorneys" had "medical or other issues" revealed in the Incident, but do not identify who those attorneys are or provide detail about the alleged issues. (Mot. at 4.) Nor do Plaintiffs assert that any of *their* medical information was revealed in the Incident.[5]

---

[4] Plaintiffs also fail to satisfy the third element of the *Advanced Textile* standard because they "do[] not provide any evidence of factors that make [them] especially vulnerable to retaliation." *Amazon.com*, 2011 WL 13073281, at *3–4.

[5] Docket Data records posted in the Incident contained only a case number, filing date, case type, case status, and respondent and complaining witness names for each matter. (Ex. B at 2.) Only 1,034 records showed signs of having been viewed and only six of those contained the case type: "Inactive 6007(b)(3) Mental Illness or Substance Abuse." (*Id.*) The State Bar notified those six individuals with a unique letter and the remaining 1,028 individuals with a different letter. (*Id.*) None of the Plaintiffs claim to have received either of those letters.

1 In their inadmissible declarations, Jane Roe 2 and John Roe 2 state only that they
2 have "private medical" conditions. (Roe Decls. ¶¶ 13, 29.) They do not claim that
3 those unspecified conditions would be highly stigmatizing to them or are otherwise
4 related to the Incident or their involvement in this case. *See Doe v. UNUM Life Ins.*
5 *Co. of Am.*, 164 F. Supp. 3d 1140, 1145–46 (N.D. Cal. Feb. 22, 2016) (denying
6 pseudonym motion asserting need for anonymity because plaintiff's mental illness
7 was not "exceptional and stigmatizing"); *John F. Kennedy University*, 2013 WL
8 4565061, at *3 (denying pseudonym motion in part because "[l]earning disabilities
9 such as ADHD are not uncommon" or stigmatizing). None of the other Plaintiffs'
10 declarations state anything about a medical or other issue involving purported
11 personal information. Notably, the only notification allegedly received by one of the
12 Plaintiffs clearly states in bold, underlined text: "**the State Bar has no evidence**
13 **that your nonpublic State Bar record(s) had page views on judyrecords**."
14 (Albert Decl. Ex. 2 at 1.)[6] Plaintiffs have thus failed to demonstrate that any of their
15 sensitive or highly personal information would be disclosed if they proceeded under
16 their real names in this case. *See Bergstrom*, 315 F. App'x at 657 ("Doe's purported
17 need to proceed anonymously does not implicate the highly intimate, personal
18 information contemplated in *Advanced Textile*.").

19 Plaintiffs' privacy argument reduces to a plea that they be allowed to use
20 fictitious names to avoid undefined "embarrassment or harassment" and the alleged
21 harms of "emotional distress and potential job loss, extortion, hostility, and
22 oppression." (Mot. at 4.) "But the potential embarrassment or increased anxiety
23 brought on by litigation does not justify anonymity." *UNUM Life Ins.*, 164
24 F. Supp. 3d at 1145; *see also John F. Kennedy University*, 2013 WL 4565061, at *3

---

[6] Defendants do not dispute that the State Bar sent communications to individuals affected by the Incident with the language in the email dated May 23, 2022 in Exhibit 2 to the declaration of Plaintiffs' counsel. Defendants object that Exhibit 2 lacks adequate foundation and has not been properly authenticated because Plaintiffs have not shown that that it was received by any specific individual. Defendants quote Exhibit 2 in the event the Court deems it admissible on this motion.

1  (denying pseudonym motion in part because "[t]he social and professional harm that
2  Plaintiff believes will result . . . is not significantly different than that faced by many
3  plaintiffs who allege damages relating to mental or emotional distress"). Again,
4  Plaintiffs provide no support that using their true names in this case would cause
5  embarrassment, harassment, or the parade of other harms they allege. Even if
6  credited (and, again, they should not be), these ambiguous anxieties at best show
7  "[t]hat plaintiffs may suffer some embarrassment or economic harm," which "is not
8  enough to warrant pseudonymity." *4 Exotic Dancers*, 2009 WL 250054, at *3
9  (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (cleaned up).
10 Consequently, Plaintiffs have not shown a legitimate privacy concern weighing in
11 favor of proceeding pseudonymously.

12     **B.   ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYMS WOULD PREJUDICE DEFENDANTS**
13

14     "The Ninth Circuit has acknowledged that the use of pseudonyms can impair
15 a defendants' ability to mount a defense." *4 Exotic Dancers*, 2009 WL 250054,
16 at *3; *see also Kamehameha Sch.*, 596 F.3d at 1042 (holding presumption that
17 "parties must use their real names" rests partly on "the right of private individuals to
18 confront their accusers"). "Allowing Plaintiff to proceed anonymously would create
19 significant barriers for the defense" by hampering "Defendants' efforts to investigate
20 the case." *John F. Kennedy University*, 2013 WL 4565061, at *4.

21     The same is true here. Defendants do not know Plaintiffs' true identities and
22 thus cannot collect evidence or analyze the allegations in the First Amended
23 Complaint in order to mount a full defense. That would include discovering
24 information relevant to Plaintiffs' credibility and alleged damages, among other
25 things. For example, the Court must know Plaintiffs' true names to assess if they
26 complied with the CTCA's administrative claim presentation requirement, as
27 Plaintiffs are required to do. (*See* Dkt. 38-1 at 8–9.) Allowing Plaintiffs to proceed
28 anonymously would thus prejudice Defendants.

### C. PLAINTIFFS' NEED FOR ANONYMITY DOES NOT OVERCOME THE PUBLIC'S INTEREST IN KNOWING THEIR NAMES

"Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Stoterau*, 524 F.3d at 1013 (cleaned up); *Kamehameha Sch.*, 596 F.3d at 1046 (holding "we recognize the paramount importance of open courts"). Nothing in the motion demonstrates that Plaintiffs' alleged "need for anonymity outweighs the public's interest in the proceedings." *Skillz*, 858 F. App'x at 242; *see also UNUM Life Ins.*, 164 F. Supp. 3d at 1145 (ruling "potential embarrassment and economic harm" are not enough to outweigh the public interest in open court proceedings); *4 Exotic Dancers*, 2009 WL 250054, at *3 (recognizing "general presumption that parties' identities are public information").

The public also has an interest in knowing Plaintiffs' identities because they "brought this case as a class action." *Healthworks*, 2016 WL 11745513, at *6 (denying pseudonym motion in part because "the Court cannot determine whether Plaintiff would be an adequate class representative if he is not able and willing to disclose his identity"). "Because class actions determine the rights of absent class members, due process requires the class be fairly and adequately represented." *In re Ashley Madison*, 2016 WL 1366616, at *4. Plaintiffs should be required to proceed under their true names to enable the Court to assess whether they would be adequate class representatives and "so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation." *Id.*

### V. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to overcome the "normal presumption in litigation . . . that parties must use their real names." *Kamehameha Sch.*, 596 F.3d at 1042. The Court should deny Plaintiffs' motion to proceed in this case using pseudonyms.

Dated: June 27, 2022

COOLEY LLP

/s/ Tiana Demas
Tiana Demas

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

*The filer, Tiana Demas, attests that the other signatories listed, on whose behalf the filing also is submitted, concur in the filing's content and have authorized the filing.*

Dated: June 27, 2022

K&L GATES LLP

/s/ Beth W. Petronio
Beth W. Petronio

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.

Dated: June 27, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP

/s/ Michael A. Gold
Michael A. Gold

*Attorneys for Defendant*
RICK RANKIN