1 | Lenore L. Albert, Esq. SBN 210876
2 | LAW OFFICES OF LENORE ALBERT
3 | 1968 S. Coast Hwy #3960
  | Laguna Beach, CA 92651
4 | Telephone (424)365-0741
  | Email: lenalbert@InteractiveCounsel.com
5 | Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
6 | Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of*
  | *themselves and all others similarly situated*

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive, <br> Defendants. | CASE NO. 22-cv-00983-SSS-DFM <br><br> Assigned to the Hon. Sunshine S. Sykes <br> Complaint filed: 03-18-2022 <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS** <br><br> Hearing Date: September 16, 2022 <br> Time: 2:00PM <br> Crtm: 2 |

# TABLE OF CONTENTS

I.   Facts ................................................................................................ 1

    A.  Summary of Facts................................................................... 1

    B.  Procedural History.................................................................. 2

II.  Law ................................................................................................. 3

III. Legal Argument ............................................................................ 4

    A.  Invasion of Privacy (Cal. Const. Art. 1 Sect. 1) was Sufficiently Pled under FRCP 8(a) ..................................................................... 4

        i.   Element 1 – Legally Protected Privacy Interest ................................ 4

        ii.  Element 2 – Reasonable Expectation of Privacy .............................. 8

        iii. Element 3 – Serious Invasion of Privacy ......................................... 8

    B.  Negligence was Sufficiently Pled under FRCP 8(a) ................................. 11

        i.   Personal Information (PI)........................................................... 12

        ii.  Element 1 - Duty ..................................................................... 14

            1.  General Duty to Use Reasonable Care.................................. 14

            2.  Special Relationship as Alternative Test to Establish a Duty ..................................................................................... 15

        iii. Element 2 - Breach .................................................................. 18

        iv.  Element 3 - Causation ............................................................. 19

        v.   Element 4 - Damages .............................................................. 19

    C.  Negligence Per Se is a Type of Negligence ............................................. 20

    D.  Anonymous Pleading is Allowed ......................................................... 21

    E.  Injunctive Relief Cannot Be Stricken under FRCP 12(b)(6) ..................... 22

    F.  Leave to Amend ............................................................................ 22

IV. Conclusion .................................................................................... 23

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS

*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)................................................................. 3, 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ....................................................... 4, 21

Cabral v. Ralphs Grocery Co. (2011) 51 Cal.4th 764, 771 ................................................. 16

Conroy v. Regents of Univ. of Cal., 45 Cal.4th 1244, 1250 (2009)..................................... 11

Coyle v. Historic Mission Inn Corp. (2018) 24 Cal.App.5th 627, 643 ............................... 19

Doe v. Chafee, 355 F. Supp. 112 (N.D. Cal. 1973)............................................................. 22

Doe v. Deschamps, 64 F.R.D. 652 (D. Mont. 1974) ........................................................... 22

Doe v. Lavine, 347 F. Supp. 357 (S.D.N.Y. 1972) ............................................................. 22

Doe v. Stegall, 653 F.2d 180,186, reh'gden., 659 F.2d 1075 (5th Cir. 1981) ................... 22

Doe v. United States Youth Soccer Assn., Inc. (2017) 8 Cal.App.5th 1118, 1128............... 14

Drew, 690 F.3d 1100, 1109 (9th Cir. 2012) ....................................................................... 19

Gilliland v. Chase Home Fin., LLC (E.D. Cal., May 13, 2015, No. 2:14-cv-2834 JAM
    AC) [pp. 6]................................................................................................................... 21

Guimond v. Trans Union Credit Info. Co.,.......................................................................... 19

Hill v National Collegiate Athletic Assn. (1994) 7 Cal4th 1, 35-37 .................................. 4

Huynh v. Quora, Inc. (N.D. Cal. 2020) 508 F. Supp. 3d 633............................... 16, 17, 18

In re Adobe Sys. , 66 F.Supp.3d at 1227 ............................................................................ 19

In re Google Assistant Privacy Litig., 457 F. Supp. 3d 797, 830 (N.D. Cal. 2020)............ 6

In re iPhone Application Litig., 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) ................ 9

In re Raphael (D.N.J. 1999) 238 B.R. 69, 77. ................................................................... 9

In re Yahoo! Inc. Customer Data Sec. Breach Litig. (N.D. Cal. 2018) 313 F. Supp. 3d
    1113, 1132 ................................................................................................... 16, 17, 19, 23

Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc. (2010) 190 Cal.App.4th
    1502, 1526 .................................................................................................................. 20

**iii**

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

J'Aire , 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. ....................................... 7, 16, 17, 18

Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917 ............................................. 11

Lindsey v. Dayton . Hudson Corp., 592 F.2d 1118, 1125 (10th Cir.1979)........................ 22

Low, 900 F. Supp. 2d 1025 (N.D. Cal. 2012) ................................................................. 7

McDonald v. Aps (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034 ........................................ 10, 11

Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994) ....................................................... 3

Opperman v. Path, Inc. , 205 F. Supp. 3d 1064, 1079-80 (N.D. Cal. 2016) ............................ 11

Razuki v. Caliber Home Loans, Inc., No. 17cv1718-LAB (WVG), 2018 WL 2761818.............. 9

Roe v. Borup, 500 F. Supp. 127, 130 (E.D. Wis. 1980)..................................................... 22

Roe v. Wade, 410 U.S. 113 (1973) ................................................................................ 22

Rowland v. Christian (1968) 69 Cal.2d 108, 112 -113 ..................................................... 16

Samia v. Experian Info. Sols. (S.D. Cal., Feb. 1, 2022, 21-cv-1015 W (WVG)) [pp. 5] .......... 20

Schmitt v. SN Servicing Corp. (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 11] ............................................................................................................ 9, 11, 13

Schitt v. SN Servicing Corp., No. 21-cv-03355-WHO, 2021 WL 3493754, at *7-8 (N.D. Cal., Aug. 9, 2021) ........................................................................... 9

Scott–Codiga v. Cnty. of Monterey, 10–CV–05450–LHK, 2011 WL 4434812, at *7 (N.D. Cal. Sept. 23, 2011) ............................................................................ 7

Shapiro v. AT&T Mobility, LLC, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778 , at *3 (C.D. Cal. May 18, 2020) ...................................................................... 7

Taulbee v. EJ Distribution Corp. (2019) 35 Cal.App.5th 590, 596............................................ 20

Terpin v. AT&T Mobility, LLC , 399 F. Supp. 3d 1035, 1120, 1049 (C.D. Cal. 2019)............. 17

United States v. Doe, 556 F.2d 391,393 (6th Cir. 1977)................................................... 22

Veterans Rideshare, Inc. v. Navistar Int'l Corp. (S.D. Cal., June 1, 2021, No. 20-cv-01304-BAS-LL) [pp. 11].................................................................................. 7

Zbitnoff v. Nationstar Mortg., LLC, No. C 13-05221 WHA, 2014 WL 1101161, at *4 (N.D. Cal. Mar. 18, 2014)............................................................................ 6

**Rules**

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS

*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

Fed. R. Civ. P. 8(a)(2) ................................................................ 3, 4, 5, 8, 9, 11, 21

Fed. R. Civ. Proc. 12(b)(6) ................................................................................ 3, 22

Fed. R. Civ. Proc. 15(a) ........................................................................................ 23

State Bar Rules of Procedure, Rule 2301 ................................................................ 5

State Bar Rules of Procedure, Rule 2302(e)(2)(a)................................................... 5

Statutes

Cal. Bus & Prof Code § 6060.2(a) ...................................................... 5, 11, 18, 21

Cal. Bus & Prof. Code § 6090.6 .......................................................... 5, 11, 18, 21

Cal. Bus & Prof. Code § 6200 ............................................................. 5, 11, 18, 21

Cal. Bus & Prof. Code §§ 6000 to 6243(The State Bar Act) ............................ passim

Cal. Bus. & Prof. Code § 6086.1(b) .................................................... 5, 11, 18, 21

Cal. Bus. & Prof. Code § 6168 ............................................................ 5, 11, 18, 21

Cal. Bus. & Prof. Code § 6234 ............................................................ 5, 11, 18, 21

Cal Civil Code § 1714(a) ............................................................................... 14, 16

Cal Civ Code § 1798.21 ........................................................................................ 15

Cal. Civ. Code, § 1798.3 ................................................................................ 13, 14

Cal Civ Code § 1798.5(d)(1)(A)(i) ...................................................................... 13

Cal. Civ. Code § 1798.21 ..................................................................................... 21

Cal. Civ. Code §1798.24 ...................................................................................... 21

Cal. Civ. Code § 1798.29 ............................................................................... 15, 21

Cal. Civ. Code § 1798.47 ..................................................................................... 23

Cal. Civ. Code § 1798.53 ..................................................................................... 21


Constitutional Provisions

Cal Const Art. 1 § 1 ..................................................................................... 4, 15, 21

Cal Const. Art VI ................................................................................................. 13

# MEMORANDUM OF POINTS & AUTHORITIES

## I.    FACTS

### A.  Summary of Facts

Sometimes things are so sensitive, that their very existence is kept a secret from the public. Included in this category are State Bar investigations and confidential disciplinary proceedings.

On or about February 24, 2022, it was announced that these confidential records housed in the Odyssey Case management system within the State Bar of California's Office of Trial Counsel of the State Bar Court department had been breached on or about October 15, 2021 resulting in at least 322,525 confidential records publicized on a free public record search website called judyrecords.com. [FAC ¶6-8].

"Defendant RICK RANKIN, principal of RPR Impact, LLC, was hired to perform the services as interim Director of the Information Technology Department of the State Bar of California [] and is the person employed by the State Bar of California designated with the responsibility for ensuring the agency complies with all of the provisions of the Information Practices Act of 1977 ("IPA") and/or ensure that confidential information in digital form would be secure from being released to third parties by accessing the internet." [FAC ¶7] "As a direct and proximate result of the intentional conduct by Rick Rankin, Tyler Technologies, the State Bar of California, and Kevan Schwitzer (JudyRecords.com), details of approximately 100 to 322,525 confidential disciplinary records or other confidential information was transferred to JudyRecords.com and either all or a portion were published on JudyRecords.com for about four months." [FAC ¶ 25]

"Defendant Rick Rankin failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information such as their port which gave JudyRecords.com the ability to obtain the confidential information and place it in the public domain which the State Bar now denies any such duty." [FAC ¶ 33]

"The Defendants, Tyler Technologies, State Bar of California, [and] Rick Rankin [] conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." [FAC ¶69]

**1**

"Defendant State Bar of California and Rick Rankin were under a mandatory duty and owed a duty of due care to plaintiffs and all class members to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; and/or (4) maintain proper security measures to ensure the information remained confidential." [FAC ¶ 115]

Additionally, "Defendant State Bar of California, Rick Rankin and Tyler Technologies breached that duty by failing to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; (4) secure the portal and/or (5) maintain proper security measures to ensure the information remained confidential." [FAC ¶ 117]

"Defendant Tyler Technologies, State Bar of California, and Rick Rankin were a substantial factor in causing the plaintiffs and all class members emotional distress due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing." [FAC ¶119]

The First Amended Complaint ["FAC"] alleges that, "Plaintiffs and all class members stood in a special relationship with the Defendant State Bar of California as members of the State Bar or complainants and as such were damaged by the Defendant's breach of its duty of care or its agents or employees such as Tyler Technologies, Rick Rankin and Does 4 through 10." [FAC 124]

**B. Procedural History:**

Plaintiffs filed this putative class action on March 18, 2022.

Plaintiffs filed a first amended complaint, as of right on April 18, 2022. Plaintiffs alleged seven causes of action against four different defendants. Plaintiff alleged defendant Rick Rankin (1) violated plaintiff's privacy; (2) negligence; and (negligence per se).

Defendant Kevan Schwitzer owner and operator of JudyRecords.com has been dismissed from this action after settling with the plaintiffs so this defendant is not included in the table above.

2

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

Defendant Tyler Technologies Inc. removed this action with consent of all of the defendants to federal court on or about May 13, 2022. The case was reassigned on June 29, 2022 to Judge Sykes. [Doc. 47].

The State Bar of California is a public corporation. It's disciplinary department, the Office of Chief Trial Counsel has more power than the U.S. District Court in all aspects. For example, the U.S. District Court cannot force a member to take a medical or mental examination, open investigations, serve secret subpoenas to investigate their members medical, financial or personal affairs or place a member in a disciplinary proceeding for a physical medical diagnosis. Unlike the State Bar of California, this Court takes on a traditional judiciary role where it can merely either refer a situation off to (1) the U.S.A.G. to investigate and it is up to the U.S.A.G.'s office to determine if there is probable cause to prosecute or (2) the disciplinary panel within the U.S. District Court.

It is due to this power that the State Bar holds along with secrecy that most laws about the public's right to access to State Bar records just do not exist and are excepted from the various State Bar Act statutes. This secrecy allows the State Bar to collect medical information, financial records and the like about its members and complainants. These investigations are given a Letter code designating the type of matter is involved. Because there is no requirement for probable cause before the State Bar subpoenas and/or demands these records and medical exams, and the high propensity to comply because the State Bar is the agency that holds a member's livelihood in his or her hands, when it was discovered, there was a breach, the State Bar members and complainants became seriously distressed. Like the FISA Court, these records were not intended to be known to exist and the State Bar refused to tell the members and complainants whether their information was part of the breach.

## II.    LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. (Fed. R. Civ. Proc. 12(b)(6)). *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). When evaluating a Rule 12(b)(6), motion, the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *See, Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires

only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

## III.    LEGAL ARGUMENT

### A.  Invasion of Privacy (Cal Const Art 1 § 1) Was Sufficiently Pled under FRCP 8(a)

Defendant Rick Rankin argues that plaintiff's cause of action alleging Mr. Rankin invaded plaintiffs' constitutional right to privacy should be dismissed because "Plaintiffs have failed to sufficiently allege the required elements of a constitutional invasion of privacy claim as a matter of law." (Mot. Pg. 6:23-24).

In 1972, a right to privacy was added to Article 1 § 1 of the California Constitution. This right is broader than provided under the U.S. Constitution. There are two types of privacy (1) informational privacy, and (2) autonomous privacy. The plaintiffs have sued alleging that their right to informational privacy was violated. In order to state a valid cause of action that the plaintiff's Constitutional right to information privacy was violated, three elements must be alleged: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of the privacy interest. *Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37.

Each of the three elements to support a cause of action for Invasion of Privacy under the California Constitution Article 2, section 2 was adequately alleged under FRCP 8a as follows:

### 1.  <u>Element 1 - Legally Protected Privacy Interest</u>

Plaintiff had a legally protected privacy interest. [FAC ¶ 66]. A legally protected privacy interest includes "confidential" or "sensitive" information. The State Bar Act which is codified at Cal. Bus & Prof. Code §§ 6000 to 6243 defines *all* State Bar investigations and disciplinary matters "**confidential**" as a matter of law until public charges are filed. (See, Cal. Bus & Prof

Code § 6060.2(a) "All investigations or proceedings conducted by the State Bar concerning the moral character of an applicant shall be confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act;" Cal. Bus. & Prof. Code § 6086.1(b) "All disciplinary investigations are confidential until the time that formal charges are filed;" Cal. Bus & Prof. Code § 6090.6 "the State Bar shall have access, on an *ex parte* basis, to all nonpublic court records relevant to the competence or performance of its licensees, provided that these records shall remain confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act;" and Cal. Bus. & Prof. Code § 6168 "The State Bar may conduct an investigation of the conduct of the business of a law corporation…Such investigation shall be private and confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act;" Cal. Bus & Prof. Code § 6200 fee arbitration "offers of settlement are confidential;" and Cal. Bus. & Prof. Code § 6234 provides that "information provided to or obtained by the Attorney Diversion and Assistance Program, or any subcommittee or agent thereof, shall be as follows: (a) Confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act." Id. Plaintiff alleged the information was confidential or sensitive information about the plaintiffs in the State Bar. [FAC ¶12, 66-67]

This concept of privacy is incorporated into the State Bar Rules of Procedure. For example, State Bar Rules of Procedure, Rule 2301 provides: "Except as otherwise provided by law or by these rules, the files and records of the Office of Chief Trial Counsel are confidential." (See also, State Bar Rules of Procedure, Rule 2302(e)(2)(a) "Except as otherwise provided by law or these rules, information concerning inquiries, complaints or investigations is confidential, and shall not be shared outside of the State Bar Office of Chief Trial Counsel."). [FAC ¶14-15]

The cause of action gives adequate notice by alleging the State Bar "maintains a large volume of sensitive private information, which was recently expanded to include biometric data about members of the State Bar." [¶ 12] All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed. Some complaints and

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

investigations never end up being prosecuted, others remain confidential through prosecution, and still others become confidential after being "expunged." [¶13].

Plaintiffs alleged this confidential and sensitive information was released onto the internet from at least October 2021 through February 2022. [FAC ¶22, 31]/

As such, plaintiffs' allegations that they "had a legally protected privacy interest in the 260,000 confidential records released from the State Bar of California." [ ¶ 59] is plausible and meets the first element for invasion of privacy.

Nevertheless, Defendant argues that this element is "fatally conclusory;" citing several cases that are inapposite. (Mot. Pg. 9:1-12). On page 10, Defendant mistakenly equates "State Bar disciplinary records" with emails, conversations, and account or business information. Unlike the other types of information which are generic and may or may not include confidential information, the State Bar disciplinary records and investigations were all confidential as a matter of law under the State Bar Act.

For example, the Court in *In re Yahoo*, (N.D. Cal. 2018) 7 F. Supp. 3d at 1041 found the claim for invasion of privacy was "fatally conclusory" because it alleged "emails" were breached. All emails are not statutorily defined as confidential like the State Bar disciplinary records are.

Second, the Court in *Zbitnoff v. Nationstar Mortg., LLC*, No. C 13-05221 WHA, 2014 WL 1101161, at *4 (N.D. Cal. Mar. 18, 2014) found the claim for invasion of privacy "fatally conclusory" because the complaint alleged "private information" was breached. All private information is not statutorily defined as confidential like the State Bar disciplinary records are.

Third, the Court in *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830 (N.D. Cal. 2020) found the invasion of privacy claim "fatally conclusory" because the complaint alleged "conversations" were breached. All conversations are not statutorily defined as a confidential like the State Bar disciplinary records are.

Fourth, the Court in *Shapiro*, 2020 WL 4341778, at *2, found the invasion of privacy claim, "fatally conclusory" because the complaint alleged "'account information,' 'personal, legal, and business information,' and 'confidential financial, business, and legal information,'" were breached. But All "'account information,' 'personal, legal, and business information,' and 'confidential financial, business, and legal information,'" is not statutorily defined as

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

confidential records like the State Bar disciplinary records are. ("*See Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778 , at \*3 (C.D. Cal. May 18, 2020) (finding the first factor implausibly alleged where the complaint did not claim that a mobile phone contract affected plaintiff in a way distinct from all other customers); *cf. J'Aire*, 24 Cal.3d at 804 (finding transaction directly affected appellant where the contract "was for the renovation of the premises in which appellant maintained its business" and "could not have been performed without impinging on that business")." *Veterans Rideshare, Inc. v. Navistar Int'l Corp.* (S.D. Cal., June 1, 2021, No. 20-cv-01304-BAS-LL) [pp. 11]).

Fifth, the Court in *Scott–Codiga v. Cnty. of Monterey,* 10–CV–05450–LHK, 2011 WL 4434812, at \*7 (N.D. Cal. Sept. 23, 2011) found the invasion of privacy claim "fatally conclusory" because the Court could not determine was material was released on the internet. All material released on the internet is not statutorily defined as confidential like the State Bar disciplinary records are.

Hence, plaintiff had adequately pled that confidential State Bar records the Defendant State Bar identified as confidential were breached. The designation of what is confidential is statutorily defined in the State Bar Act and in the State Bar Rules of Procedure. The parties know what information the subject of this lawsuit and that the Defendant is has admitted these records were confidential.

Because former defendant, now third party, Kevan Schwitzer actually obtained the confidential records and disseminated them on JudyRecords.com, Defendant's citation to *Low*, 900 F. Supp. 2d 1025 (N.D. Cal. 2012) is irrelevant.

Defendant Rick Rankin asserts that "Plaintiffs fail to allege what specific information belonging to them was actually published to JudyRecords.com, whether any member of the public actually accessed that information, or how their particular Docket Data qualifies as confidential or sensitive information. Plaintiffs do not even allege what data of theirs was breached." (Mot. Pg. 8:14-19).

The defendant's argument appears to be constructed to confuse the Court.

The complaint clearly alleges that Kevan Schwitzer, a member of the public actually accessed that information, and posted some of the information on JudyRecords.com. The FAC also alleges that the case information was confidential, meaning that the case did not exist

anywhere in the public domain as such, the existence of the docket was the breach of confidential information. The existence of these investigations and cases qualifies as confidential as a matter of law because such are statutorily designated as confidential under the State Bar Act codified in the California Business & Professions Code. The allegation is that the confidential records were breached. No further detail is required under FRCP 8(a). [FAC 6-7, 12-15, 22, 31, 59, 66-67]

Defendant, Rick Rankin, contends that "there are only 1,034 Docket Data records for which there is an indication of a page view." (Mot. Pg. 9:21-22).

This is irrelevant and arguable. Plaintiffs have not had an opportunity to test the database or system to determine the scope of the breach as such asserting that 1,034 is the number of records viewed by a person other than Kevan Schwitzer is not definitive. Second, page views are irrelevant because Kevan Schwitzer was able to access over 260,000 records and disseminate them. It is the dissemination of the information that is the breach. No discovery has been open at this stage to determine how much if any ended up on the dark web or other incidence out there by other parties who were also able to take the information from the State Bar CRM system called Odyssey. None of those evidentiary facts are required at the pleading stage under FRCP 8(a). Those facts may become relevant to show extent of damage, liability or notice.

**2.  Element 2 – Reasonable Expectation of Privacy**

As stated above, the second element that must be pled to constitution an invasion of privacy is the reasonable expectation of privacy.

As shown in the first element, the law and State Bar Rules both assured the plaintiffs that their confidential and sensitive information was not going to be made public during the State Bar investigation and disciplinary process.

Plaintiffs alleged in para. 67-68 that:

Defendant represented the information would be confidential, including but not limited to during the investigation stage, while in the special program, and/or that the records were sealed.

Plaintiffs and the class had a reasonable expectation of privacy in the confidential information under the circumstances laid out in the complaint.

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

[FAC ¶67-68]

A pleading meets the standards of FRCP 8(a) under the second element so the FAC should not be dismissed for failure to adequately plead the second element of the invasion of privacy claim under the California Constitution.

### 3.  Element 3 – Serious Invasion of Privacy

Second, Defendant Rick Rankin asserts that the First Amended Complaint fails to "properly plead a serious invasion of privacy" because "[a]s a matter of law, [l]osing personal data through insufficient security doesn't rise to the level of an egregious breach of social norms underlying the protection of sensitive data." *Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB (WVG), 2018 WL 2761818." (Mot. Pg 6:25-28).

However, *Razuki* is distinguishable because *Razuki* did not have the issue of confidential records before it nor was dealing with State Br investigations where those investigations and confidential proceedings were breached due to insufficient security measures in place.

Defendant also cites *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012); *see also Schnitt v. SN Servicing Corp.*, No. 21-cv-03355-WHO, 2021 WL 3493754, at *7-8 (N.D. Cal., Aug. 9, 2021). Neither case dealt with confidential State Bar records plus neither District Court opinion is binding precedent on this court. "The doctrine of stare decisis does not compel one district court judge to follow the decision of another.'*Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d at 1371" *In re Raphael* (D.N.J. 1999) 238 B.R. 69, 77.

Defendant also argues the complaint must be dismissed because the complaint fails to allege what specific information was sensitive that was posted online asserting that this "especially true given the absence of any allegation about what specific information about any Plaintiff was posted online or how it was sensitive in nature." (Mot. Pg. 8:1-2).

However, the complaint is not about the specific information posted online by JudyRecords, but about the fact that the documents even exist which in fact names the attorney or complaining witness is the breach. ***The entire point is that the existence of the case was supposed to be kept confidential.*** As such, it is irrelevant what information other than the name of the person being posted online and designated coming the State Bar of California is all that matters. Of course, the case number key coding system would allow a person to dig deeper into

9

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

the reason for the investigation, but the point is that the existence of the record was supposed to be kept confidential and it was not. Thus, the Court should take short shrift of Defendant's arguments that revolve around the information being displayed from the confidential records that were breached.

Defendant also argues that the cause of action should be dismissed because during the four months that the State Bar Case Data records were available for search on JudyRecords.com, only 1,034 Case Data records were actually accessed by a member of the public. This is a red herring because the entire database exceeding 322,525 was accessed by a third party, JudyRecords.com and placed on the internet. [FAC ¶6-8]

Defendant repeatedly cites *In Re Yahoo.* However, unlike Yahoo, here it is not content contained in the document that is confidential and sensitive, but the existence of the document itself (the record) that was confidential and sensitive in nature. As such, the pleading was adequately pled. These documents were identified as confidential as a matter of law by the State of California and so designated in the State Bar Act (state legislation).

Furthermore, plaintiffs alleged that they had a reasonable expectation of privacy in the confidential information under the circumstances laid out in the complaint meeting the second element, which defendant does not dispute. [ ¶ 60]

The third element is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6).

The *Sheehan* court concluded that, "given the absence of an adequate factual record, ... further inquiry is necessary to determine whether the challenged policy is reasonable." *Id.* at 1003, 89 Cal.Rptr.3d 594, 201 P.3d 472 ; *see also Hill* , 7 Cal. 4th at 40, 26 Cal.Rptr.2d 834, 865 P.2d 633 ("[W]hether defendant's conduct constitutes a serious invasion of privacy [is] a mixed question[ ] of law and fact").

*McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034

"That is not a fair characterization of these detailed and lengthy complaints. When read in a common-sense way, as Rule 8 requires, plaintiffs' allegations are considerably more user-specific than defendants suggest and more than adequately allege that " *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1036.

The third element was met when plaintiffs alleged that "the Defendants, State Bar of California, JudyRecords.com, Employee Doe and Does 1 through 10's conduct constituted a

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*        30-2022-01250695-CU-AT-CXC

serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." [ ¶ 61]

> The observations by the California Supreme Court about the context-specific nature of the privacy inquiry, and that social norms on privacy are not static, are particularly apt here. *See, e.g.,Shulman* , 18 Cal. 4th at 207-08, 74 Cal.Rptr.2d 843, 955 P.2d 469 ; *see also Opperman v. Path, Inc.* , 205 F. Supp. 3d 1064, 1079-80 (N.D. Cal. 2016). Current privacy expectations are developing, to say the least, with respect to a key issue raised in these cases -- whether the data subject owns and controls his or her personal information, and whether a commercial entity that secretly harvests it commits a highly offensive or egregious act. The Court cannot say that the answers are so patently obvious that plaintiffs' allegations are implausible or inadequate as a matter of law.

> *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1035

Like the *McDonald* case, the plaintiffs have no access or control over the data that the State Bar about them.  In fact, under the State Bar Act, the plaintiffs are even deprived of obtaining the information that the government agency collects on them because their rights under California Public Records Act were taken away. (*See*, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus. & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus & Prof. Code § 6200, Cal. Bus & Prof. Code § 6234). The fact that these records were deemed to be so confidential that the subject could not even obtain a record of it for themselves demonstrates that this breach was egregious. As such, the Motion to Dismiss the second cause of action for invasion of privacy by should not be dismissed. *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1037.

**B.  Negligence Is Sufficiently Pled under FRCP 8(a)**

The elements to plead Negligence are duty, breach, causation and damages. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917). Courts in this circuit have generally applied this principle. (See,  *Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 11]  "To state a claim for negligence in California, a plaintiff must show duty, breach, causation, and damages. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (2009).").

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

As to negligence claim pled in the sixth cause of action, the FAC alleged "Defendant State Bar of California and Rick Rankin were under a mandatory duty and owed a duty of due care to plaintiffs and all class members to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; and/or (4) maintain proper security measures to ensure the information remained confidential." [FAC ¶ 115]

"Defendant State Bar of California, Rick Rankin and Tyler Technologies breached that duty by failing to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; (4) secure the portal and/or (5) maintain proper security measures to ensure the information remained confidential." [FAC ¶ 117]

"Defendant Tyler Technologies, State Bar of California, and Rick Rankin were a substantial factor in causing the plaintiffs and all class members emotional distress due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing." [FAC ¶119]

## 1. Personal Information (PI)

Plaintiff has adequately alleged that defendant State Bar of California had collected and possessed the type of information that would be included in the category of personal information (PI). Plaintiff alleged "322,525 confidential disciplinary records" were released on the internet. [FAC ¶6]

Personal information includes the name and statements attributed to the individual. Identifying a plaintiff as the target of a State Bar investigation or confidential disciplinary matter identifying the confidential case number which contains the type of investigation or discipline involved is personal information of the type that a state agency and its officers can be held accountable for.

> The term "personal information" means any information that is maintained by an agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, physical description, home address, home telephone number, education, financial matters, and medical or employment history. It includes statements made by, or attributed to, the individual.

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

Cal. Civ. Code, § 1798.3[1]

The FAC alleged that "Defendant RICK RANKIN, principal of RPR Impact, LLC, was hired to perform the services as interim Director of the Information Technology Department of the State Bar of California []and is the person employed by the State Bar of California designated with the responsibility for ensuring the agency complies with all of the provisions of the Information Practices Act of 1977 ("IPA") and/or ensure that confidential information in digital form would be secure from being released to third parties by accessing the internet."[FAC ¶7]

However, "On or about February 24, 2022, the State Bar announced that it released approximately 260,000 (later 322,525) confidential disciplinary records to a third party through one of its ports which displayed those records on a website with the URL JudyRecords.com. It was not the result of a hack." [FAC ¶6]

The Defendant contends that plaintiff has not sufficiently pleaded that the information compromised in the data breach included Personal Information.

In the case of, *Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 12-13], the Court found that alleging a later notice (not received by the plaintiff) by the defendant that an unauthorized party "may have had access" to names, contact information, birthdates, and social security numbers during the data breach, including the defendant's own privacy policy was enough to infer the defendant possession made disclosure possible of personal identifying information that was supposed to be kept confidential under Cal Civ Code § 17981.5(d)(1)(A)(i).

As a matter of law, these investigations stored in the Odyssey program were confidential. Due to a "failure with the Odyssey portal, the State Bar reported nonpublic records were swept up by JudyRecords.com and published." [FAC ¶8] The existence of these investigations and records are confidential. [FAC ¶13].

Because plaintiff filed the lawsuit before the notice went out, the fact that the plaintiff did not actually receive a notice along with the others was irrelevant.

---

[1] The State Bar is not "established" under "Article VI of the California Constitution." As such, it is not an exempt organization under Civ. Code, § 1798.3 as defined in subdivision (b)(2).

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

Like *Schmitt*, it is irrelevant whether or not plaintiff pleaded whether she received the notice sent out by the State Bar because this lawsuit was filed before the State Bar sent out the notices.

Second, like *Schmitt*, plaintiffs sufficiently pled that the information compromised in the data breach included personal information which is defined in this instance under Cal Civ Code § 1798.3 because the FAC alleged amongst other things, that the Odyssey CRM being used by the State Bar stored "confidential information from *both* its members and the public who files State Bar complaints against members of the State Bar…[] and sensitive private information, which was recently expanded to include biometric data about members of the State Bar. [FAC ¶12]

As such, the Court should find that the FAC sufficiently alleges PI.

**2. Element 1 – Duty**
  **a. General Duty to Use Reasonable Care**

Defendant asserts plaintiffs have failed to allege Defendant owed them a duty. (Mot. Pg. 11). The first element to allege a claim of negligence is duty. Civil Code section 1714(a) imparts a duty upon all people to use due care. "The first element, duty, 'may [also] be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship.' " (*Doe v. United States Youth Soccer Assn., Inc.* (2017) 8 Cal.App.5th 1118, 1128.)

As interim director of Information Technology of the State Bar of California, Rick Rankin owed a general duty of reasonable care to make sure that confidential records could not be scraped by third parties off of the internet. The FAC further alleged that he "is the person employed by the State Bar of California designated with the responsibility for ensuring the agency complies with all of the provisions of the Information Practices Act of 1977 ("IPA") and/or ensure that confidential information in digital form would be secure from being released to third parties by accessing the internet."[FAC ¶7]

The law imposed a duty upon Rick Rankin as the Interim Director of Information Technology at the State Bar to ensure that adequate security measures were put in place to prevent a data breach of plaintiffs' PI as laid out in the invasion of privacy claim above. Moreover, the Information Practices Act specifically provided that each agency, commission or board, including the State Bar must designate someone to secure the data and ensure it was

**14**

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

adequately protected from being disseminated to others. Moreover, the State Bar Act also imposed legal obligations that this information of the existence of such records must remain confidential.

As interim It Director of the State Bar, Rick Rankin had a special relationship with the plaintiffs who were either members or complainants of members submitting their PI to the State Bar for investigation purposes. [FAC ¶117-118]

This duty was adequately alleged in para. 115 of the FAC which stated the Defendant "owed a duty of due care to plaintiffs and all class members to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; and/or (4) maintain proper security measures to ensure the information remained confidential." [FAC ¶ 115]

The duty to provide reasonable notice of the breach was laid out in Cal. Civ. Code §1798.29 (an agency "shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person" … "in the most expedient time possible and without unreasonable delay" Cal. Civ. Code § 1798.29).

The duty to provide the Plaintiffs and members steps to take to protect themselves is also laid out in the IPA at Cal Civ Code § 1798.29.

The duty to institute proper security measures to keep the information confidential is laid out in the IPA at Cal Civ Code § 1798.21 and inferred in the Cal Const. Art 1 Sect. 1. ("Each agency shall establish appropriate and reasonable administrative, technical, and physical safeguards" Civ. Code § 1798.21).

Finally, the duty to maintain proper security measures to ensure the information remained confidential is also laid out in the IPA at Cal Civ Code § 1798.21.

Plaintiff also incorporated the allegations that Defendants violated the State Bar Act and State Bar Rules of Procedure. [FAC ¶ 13-15, 121]

**b. Special Relationship Test as Alternative Basis to Establish a Duty**

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

Even if this Court were to find that neither IPA, State Bar Act nor California Constitution provided a mandatory duty of due care upon the defendant, the special relationship is regularly used in data breach cases to find a duty.

This special relationship test was first recognized in the case of *Rowland* [(*Rowland v. Christian* (1968) 69 Cal.2d 108, 112 -113]  where the "court identified several considerations that, when balanced together, may justify a departure from the fundamental principle embodied in Civil Code section 1714." *Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771, internal citations omitted.

There are six factors to determine a special relationship. (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1132.

The first factor, by entrusting another with Personal Information establishes a "transaction intended to affect the plaintiff" in data breach cases.

> Privacy law is a rapidly evolving area, and the Court finds from *Corona* , as well as *Terpin* and *Yahoo!* , that entrusting PII to a company establishes a "transaction intended to affect the plaintiff." *J'Aire* , 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. Consequently, the Court concludes now, on a more developed record, that there is evidence to support a transaction intended to affect Plaintiff.

*Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 656-57

Here, plaintiffs entrusted the State Bar with their Personal Information such as fingerprints (aka biometric data), bank accounts, social security numbers, sensitive medical records dealing with their physical and mental health in addition to personal hardships, sensitive client information during these investigations and proceedings far beyond the name, social security number, birthdate and other personal information stored in this database based on the State Bar investigator requests.

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

Unlike the more common data breach cases, the plaintiffs were compelled to entrust personal information with the State Bar because the members had their entire livelihood at stake, and at times so did the complainants. Consequently, the first element is met here.

The second factor is the foreseeability of harm to the plaintiff. Courts "determine foreseeability not by reference to specific parties but instead based on the general sort of conduct at issue." *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, citing, *S. Cal. Gas Leak* , 7 Cal. 5th at 401 n.5.

Here, Plaintiffs allege that they provided personal information to the State Bar resulting in a State Bar investigation or confidential disciplinary proceeding that was later compromised, meaning said investigation or confidential matter was later disseminated onto the internet. The Court in *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, determined that such alleged harms are cognizable and reasonably foreseeable that a plaintiff would spend time and money working to secure that information. *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 657, citing *Yahoo!* , 313 F. Supp. 3d at 1132 ("[I]t was plainly foreseeable that Plaintiffs would suffer injury if Defendants did not adequately protect the PII," which "includes the user's name, email address, birth date, gender, ZIP code, occupation, industry, and personal interests"); *Terpin v. AT&T Mobility, LLC* , 399 F. Supp. 3d 1035, 1120, 1049 (C.D. Cal. 2019) (finding it foreseeable that the plaintiff would suffer injury if the defendant failed to adequately protect the plaintiff's PII).

The third factor is "the degree of certainty that the plaintiff suffered injury." *J'Aire* , 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. Here, Plaintiff alleged "emotional distress due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing." [FAC ¶119]

Such allegation shows that Plaintiff has suffered harm. *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 657.

The fourth factor is "the closeness of the connection between the defendant's conduct and the injury suffered." *J'Aire* , 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. Here, Plaintiffs obtained representation after learning of the data breach, "sufficiently demonstrating a close connection between Defendant's failure to safeguard the [PI] adequately" and Plaintiffs'

**17**

decision to spend more time and money monitoring her credit. *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 657-58.

The fifth factor is "the moral blame attached to the defendant's conduct." *J'Aire*, 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. In the State Bar Act and the State Bar Rules of Procedure, Defendant assured the plaintiffs that their privacy was important by making all of the records including the existence of the investigation or proceeding absolutely confidential. (See, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus & Prof Code § 6200, Cal. Bus. & Prof. Code § 6234). While the State Bar sent out an apology, it only did so three months after this lawsuit was filed and the data breach went undetected for four months before the Defendant became aware of it. In its apology it also obfuscated and downplayed the breach by focusing on purported page views and not the amount of confidential information that was found on a free public database on the internet. The refusal to notify the victims of the data breach is sufficient to allege moral blameworthiness. *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 658.

The sixth factor is "the policy of preventing future harm." *J'Aire* , 24 Cal. 3d at 804, 157 Cal.Rptr. 407, 598 P.2d 60. Failing to adequately safeguard confidential State Bar investigations and disciplinary matters "implicates consumer protection concerns expressed in California and federal statutes" found in the IPA, State Bar Act and State Bar Rules of Procedure. *Huynh v. Quora, Inc.* (N.D. Cal. 2020) 508 F. Supp. 3d 633, 658 (collecting cases).

In sum, the relations between the parties related to State Bar membership services as either a member attorney or a complainant seeking assistance from the State Bar's disciplinary process. Plaintiffs were required to turn over their personal information (PI) to Defendants and did so with the understanding that Defendants would adequately protect Plaintiffs' PI and inform Plaintiffs of breaches. FAC ¶ 115-116. Second, it was plainly foreseeable that Plaintiffs would suffer injury if Defendants did not adequately protect the PI. Third, the FAC asserts that others, including but not limited to Kevan Schwitzer, were able to gain access to the PI and that Defendants did not promptly notify Plaintiffs, thereby causing injury to Plaintiffs. [FAC ¶ 6-8, 41, 91, 114-119]. Fourth, the injury was allegedly suffered exactly because Defendants provided inadequate security and knew that their system was insufficient. *Id.* [FAC ¶ 33, 34, 38, 41, 115,

**18**

117 ]. Fifth, Defendants are morally culpable, given their repeated security breaches, wholly inadequate safeguards, and refusal to notify Plaintiffs ... of breaches or security vulnerabilities." Sixth, and finally, Defendants' concealment of their knowledge and failure to adequately protect Plaintiffs' PI implicates the consumer data protection concerns expressed in California statutes as noted throughout this brief. Similar concerns have justified data breach cases when private companies are sued. *See, In re Adobe Sys.* , 66 F.Supp.3d at 1227. (Almost verbatim from *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1132-33).

As such, this Court should find a duty was adequately alleged.

### 3. Element 2 – Breach

The second element of negligence is breach. "Breach is the failure to meet the standard of care." (*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643.) Plaintiff sufficiently alleged Defendant breached the duty of care in para 118 of the FAC.

### 4. Element 3 – Causation

The third element of negligence is causation. "The element of causation requires there to be a connection between the defendant's breach and the plaintiff's injury." (*Coyle*, *supra*, 24 Cal.App.5th at p. 645.) Plaintiff sufficiently alleged causation in para. 118-119.

### 5. Element 4 – Damages

The fourth element of negligence is damages.  Plaintiffs and the class have alleged emotional distress. Defendant's cases that focus on out-of-pocket costs are inapposite. None of them dealt with confidential investigations by a state agency being leaked to the public. For example, the *Samia* court did not find emotional distress supporting a data breach case, not because a data breach cannot support emotional distress, but because *Samia* did not allege why or what type of stress was caused. The Court noted the Courts in *Drew v Equifax* and *Guimond v Trans Union*, on the other hand where such allegations were sufficient to support emotional distress. The *Samia* Court explained:

> In *Drew v. Equifax Info. Servs., LLC*, for example, the plaintiff "and his psychological expert explained how the identity theft caused Drew grave post-traumatic stress due to his weakened condition and his continued association with the fraudulent accounts exacerbated his condition." *Drew*, 690 F.3d [1100, 1109 (9th Cir. 2012)]. This is more specific than any of the allegations in Sion's FAC. The same distinction can be drawn with *Guimond v. Trans Union Credit Info. Co.*,

**19**

where the plaintiff alleged that she suffered "emotional distress , manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report." <u>45 F.3d 1329, 1332</u> (9th Cir. 1995). Neither case stands for the proposition that a bald assertion of emotional distress suffices to show actual damages.

*Samia v. Experian Info. Sols.* (S.D. Cal., Feb. 1, 2022, 21-cv-1015 W (WVG)) [pp. 5]

Like *Guimond v. Trans Union Credit Info. Co.,* the plaintiffs in this State Bar data breach action alleged their emotional distress was "due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing." [FAC ¶119]

Consequently, this Court should find that the cause of action for negligence has been sufficiently pled under FRCP 8a.

## C. Negligence per se is a Type of Negligence

Defendant's request to dismiss the negligence per se claim is baseless. The elements to plead Negligence per se are the same as negligence except instead of a general duty or special relationship, a duty is implied from a law and if broken, breach is established. "Although compliance with the law does not prove the absence of negligence, violation of the law does raise a presumption that the violator was negligent. This is called negligence per se." *Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1526.

'The negligence per se doctrine is codified in Evidence Code section 669,subdivision (a), under which negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.' 'The burden is on the proponent of a negligence per se instruction to demonstrate that these elements are met.'

*Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596, internal citations omitted.

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS

*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

Defendant argues the per se negligence claim fails to site any rule, regulation or statute that the defendant violated. [Mot. Pg. 15].  Here, the FAC sufficiently alleged defendant violated the IPA and Cal Constitution ("Cal. Civ. Code §§ 1798.21, 1798.24, 1798.29, 1798.53 and/or Cal Const Art. 1 § 1") of which plaintiffs were members of a protected class.[2] [FAC ¶ 126-127] (See also, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus. & Prof. Code § 6200, Cal. Bus. & Prof. Code § 6234).

Plaintiff also incorporated the allegations that Defendants violated the State Bar Act and State Bar Rules of Procedure. [FAC ¶ 13-15, 121] All of which caused injury to the plaintiffs by way of a data breach of their confidential information which resulted in injury from an occurrent, the nature of which the IPA, State Bar Act and State Bar Rules of Procedure were designed to prevent. [FAC ¶128].

It is an alternative to a general duty of care or special relationship and the label whether "negligence per se" or "negligence" is irrelevant because labels of causes of action give way to the substance of the claim. FRCP 8(a). It is a separate alternate basis for liability wherein a separate CACI instruction will be given as such, there is no reason to dismiss the cause of action. "To survive a motion to dismiss , a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)." *Gilliland v. Chase Home Fin., LLC* (E.D. Cal., May 13, 2015, No. 2:14-cv-2834 JAM AC) [pp. 6] Defendant did not file a motion to strike "per se" from the label after

---

[2]Cal. Civ. Code §1798.24 ("an agency shall not disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains " Civ. Code, § 1798.24).

Cal. Civ. Code § 1798.53 (Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 ( P. L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains." Civ. Code, § 1798.53).

"negligence" which is the only proper resolution, if being so technical were required under FRCP 8a.

Consequently, this Court should not dismiss the seventh cause of action for negligence per se.

### D.  Anonymous Pleading is Allowed

The Ninth Circuit allows the use of pseudonyms by parties when the issue of right to privacy exists. *See, United States v. Doe*, 655 F.2d 920, 922n. (9th Cir. 1981).

The federal courts have regularly sanctioned the use of fictitious names by Plaintiffs where necessary to protect them from harassment, injury, ridicule or personal embarrassment, or where an important privacy interest is at stake. *Doe v. Stegall*, 653 F.2d 180,186, *reh'g den.*, 659 F.2d 1075 (5th Cir. 1981); *Lindsey v. Dayton . Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir.1979); *Doe v. Chafee*, 355 F. Supp. 112 (N.D. Cal. 1973); *Doe v. Lavine*, 347 F. Supp. 357 (S.D.N.Y. 1972); *Roe v. Borup,* 500 F. Supp. 127, 130 (E.D. Wis. 1980); *United States v. Doe*, *556* F.2d 391,393 (6th Cir. 1977); *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974).

The U.S. Supreme Court has also used the pseudonym "Roe" when the abortion rights case was sitting before it, *see Roe v. Wade*, 410 U.S. 113 (1973).

The decision whether to permit the use of fictitious names is left to the discretion of the trial court. The plaintiffs should be left anonymous because the records at issue were supposed to be confidential and so impugn a person's reputation that it is hard to ever come back from. A separate motion for protective Order was filed and would have been ruled upon before the motion to dismiss but for the transfer of the case to a new judge. As such, plaintiff refers this Court to the motion and joins in the motion as part of this opposition.

### E.  Injunctive Relief Cannot Be Stricken under FRCP 12(b)(6)

Defendant's request to dismiss injunctive relief is frivolous. The injunctive relief cannot be stricken by a FRCP 12(b)(6) motion. There is no reason to take out the request for injunctive relief. The Defendant's case is inapposite.

Injunctive relief is available for violations of the Constitution of California. Cal. Const. Art 1 Sect 1. ("Any agency that fails to comply with any provision of this chapter may be enjoined by any court of competent jurisdiction. The court may make any order or judgment as may be necessary to prevent the use or employment by an agency of any practices which violate

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

this chapter." Civ. Code, § 1798.47). There is no showing as of the date of this brief being filed that defendants harm is not continuing.

The Defendants failed to file a Motion to strike the relief prayed for. The motion must be denied as ridiculous and frivolous on this ground.

### F. Leave to Amend

If the Court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under <u>Rule 15(a) of the Federal Rules of Civil Procedure</u>, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of <u>Rule 15</u>... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1127 (FRCP 15(a)).

Plaintiff requests leave to amend if the Court is declined to dismiss on any basis provided by the Defendant because such dismissal would be a mere technicality that Plaintiff will be able to correct.

### IV.    CONCLUSION

Wherefore plaintiff respectfully requests this Court deny Defendant Rick Rankin's motion to dismiss and Order the Defendant to Answer the First Amended Complaint.

Dated: July 6, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651
A true and correct copy of the foregoing document entitled:

**PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner stated below:

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. on 07-06-2022, I served the following persons and/or entities ECF or email as follows:

X Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07-06-2022 | James D. Ocon | /s/James D. Ocon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

# SERVICE BY ECF

| Defendant | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| Defendant | | |
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200<br>San Francisco, CA 94111<br>415-882-8200 |

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*        30-2022-01250695-CU-AT-CXC

| | | |
|---|---|---|
| | | Fax: 415-882-8220<br>Email: jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard 8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email:<br>christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email:<br>david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath LLP<br>1177 Avenue of the Americas 41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email:<br>peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | **Michael Gold** |
| **Rick Rankin** | | MAG@jmbm.com via Email |

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

Tiana A. Demas      tdemas@cooley.com

Christina N. Goodrich      klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold      mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert      docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson      learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes      mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich      cwaidelich@cooley.com, kjones@cooley.com

David Belcher      docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio      beth.petronio@klgates.com

Gregory John Merchant      gmerchant@cooley.com

Peter William Baldwin      peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson      banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

PLAINTIFFS' OPPOSITION TO DEFENDANT RICK RANKIN'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*      30-2022-01250695-CU-AT-CXC