Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of
themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br>　　　　　　　Defendants. | CASE NO. 22-cv-00983-SSS-DFM<br><br>Assigned to the Hon. Sunshine S. Sykes<br>Complaint filed: 03-18-2022<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS**<br><br>Hearing Date: September 16, 2022<br>Time: 2:00PM<br>Crtm: 2 |

**PLEASE TAKE NOTICE THAT PLAINTIFFS** join in and incorporate by reference the legal arguments made by Plaintiffs in their Opposition to Defendant Rick Rankin's Motion to Dismiss the First Amended Complaint and Opposition to Defendant Tyler Technologies' Motion to Dismiss the First Amended Complaint.

i

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*　　　　　30-2022-01250695-CU-AT-CXC

# TABLE OF CONTENTS

I.  Facts ................................................................................................. 1

    A.  Summary of Facts............................................................................ 1

    B.  Procedural History .......................................................................... 2

II.  Law ................................................................................................ 2

III. Legal Argument .................................................................................. 3

    A.  Violation of the Information Practices Act ("IPA") .......................... 3

    B.  Invasion of Privacy (Cal. Const. Art. 1 Sect. 1) was Sufficiently Pled under FRCP 8(a) ............................................................................... 5

        1.  Element 1 – Legally Protected Privacy Interest ................................ 5

        2.  Element 2 – Reasonable Expectation of Privacy ............................. 7

        3.  Element 3 – Serious Invasion of Privacy ........................................ 7

    C.  Antitrust Violation of the Sherman Act § 2 Was Sufficiently Pled under FRCP 8(a)...................................................................................... 8

        1.  Conspiracy to Monopolize ............................................................ 9

            a.  The Existence of a Combination or Conspiracy to Monopolize ................................................................................ 9

            b.  An Overt Act in Furtherance of the Conspiracy .................. 10

            c.  Specific Intent to Monopolize ............................................ 10

            d.  Causal Antitrust Injury ....................................................... 11

        2.  The Professions are Included As a Trade or Commerce................. 12

    D.  Antitrust Violation of the Sherman Act § 3 (1)Was Sufficiently Pled under FRCP 8(a).............................................................................. 13

    E.  Negligence was Sufficiently Pled under FRCP 8(a) .................................. 17

        1.  Element 1 - Duty ........................................................................ 17

            a.  General Duty to Use Reasonable Care.................................. 17

        2.  Element 2 - Breach ..................................................................... 19

        3.  Element 3 - Causation ................................................................. 19

        4.  Element 4 - Damages .................................................................. 19

    F.  Negligence Per Se is a Type of Negligence ............................................. 20

G. Anonymous Pleading is Allowed ................................................... 22

H. Injunctive Relief Cannot Be Stricken under FRCP 12(b)(6) .................... 22

I. Leave to Amend ........................................................... 22

IV. Conclusion ................................................................. 23

# TABLE OF AUTHORITIES

**Cases**

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.,* 190 F.3d 1051, 1055 (9th Cir. 1999) ................... 11

*Apex Hosiery Co. v. Leader* (1940) 310 U.S. 469 ................................................................ 16

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) ............................................................... 3

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ................................................ 3, 9, 14, 15, 21

*Cianci v. Superior Court* (1985) 40 Cal.3d 903, 920. The *Cianci v. Superior Court* (1985) 40 Cal.3d 903 ................................................................................. 12

*Conroy v. Regents of Univ. of Cal.,* 45 Cal.4th 1244, 1250 (2009) ........................................ 17

*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643 ...................................... 19

*Doe v. United States Youth Soccer Assn., Inc.* (2017) 8 Cal.App.5th 1118, 1128 ....................... 17

*Drew,* 690 F.3d [1100, 1109 (9th Cir. 2012) ................................................................... 19

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.,* 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) ................................................................................................ 7

*Gilliland v. Chase Home Fin., LLC* (E.D. Cal., May 13, 2015, No. 2:14-cv-2834 JAM AC) [pp. 6] ...................................................................................................... 21

*Goldfarb* v. *Virginia State Bar* (1975) 421 U.S. 773 [44 L.Ed.2d 572, 95 S.Ct. 2004] ........ 12, 13

*Guimond v. Trans Union Credit Info. Co.,* ..................................................................... 19

*Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37 ........................................ 5

*In re Adobe Sys.* , 66 F.Supp.3d at 1227 ....................................................................... 19

*In re Google Assistant Privacy Litig.,* 457 F. Supp. 3d 797, 830 (N.D. Cal. 2020) ...................... 7

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1127 ...................................................................................................... 23

*In re Yahoo,* (N.D. Cal. 2018) 7 F. Supp. 3d at 1041 ......................................................... 7

*Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1526 ...................................................................................................... 20

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 ................................................... 17

*Manwin Licensing International S.A.R.L. v. ICM Registry, LLC* (C.D. Cal., Aug. 14, 2012, 2:11-cv-09514-PSG-(JCG)) [pp. 1] ...................................................................... 9, 11

*McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034 ........................................... 8

*McLain* v. *Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232 (1980) .................................... 15

*MetroNet Servs. Corp. v. Qwest Corp.,* 383 F.3d 1124, 1130 (9th Cir. 2004) ............................ 9

*Moyo v. Gomez,* 32 F.3d 1382, 1384 (9th Cir. 1994) ......................................................... 3

**iv**

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

*National Soc. of Professional Engineers* v. *U.S.* (1978) 435 U.S. 679, 686-696 [55 L.Ed.2d 637, 646-653, 98 S.Ct. 1355].................................................................. 13

*Ohio v. Am. Express Co.* (2018) 138 S. Ct. 2274, 2283 ........................................ 14

*Paladin Assoc., Inc. v. Montana Power Co.,*328 F.3d 1145, 1158 (9th Cir. 2003) ..................... 9

*People, Freitas v. City County of San Francisco* (1979) 92 Cal.App.3d 913, 917-18 .............. 13

*Samia v. Experian Info. Sols.* (S.D. Cal., Feb. 1, 2022, 21-cv-1015 W (WVG)) [pp. 5]........... 19

*Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 11] .......... 17

*Scott–Codiga v. Cnty. of Monterey,* 10–CV–05450–LHK, 2011 WL 4434812, at *7 (N.D. Cal. Sept. 23, 2011) ................................................................................. 7

*Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778 , at *3 (C.D. Cal. May 18, 2020) .................................................................... 7

*Standard Oil Co. of N.J. v. United States,*221 U.S. 1, 59–60, 31 S.Ct. 502, 55 L.Ed. 619 (1911).............................................................................................. 14

*State Oil Co. v. Khan,*522 U.S. 3, 10, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) ........................ 14

*Summit Health, Ltd. v. Pinhas* (1991) 500 U.S. 322 ......................................... 15, 16

*Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596 ........................................ 20

*United States* v. *Kissel*, 218 U.S. 601 (1910) .................................................. 15

*United States* v. *National Assn. of Real Estate Boards*, 339 U.S. 485, 489 (1950) .............. 15, 16

*Willis v. Santa Ana Community Hospital Ass'n* (1962) 58 Cal.2d 806 ................................ 12, 17

*Zbitnoff v. Nationstar Mortg., LLC*, No. C 13-05221 WHA, 2014 WL 1101161, at *4 (N.D. Cal. Mar. 18, 2014).......................................................................... 7

**Statutes**

15 USC § 1 ...................................................................................... 14

15 USC § 2 ...................................................................................... 8, 9

15 USC § 3 ...................................................................................... 14

Cal. Bus & Prof Code § 6060.2(a) ............................................................ 5, 8, 21

Cal. Bus & Prof. Code § 6090.6 .............................................................. 5, 8, 21

Cal. Bus & Prof. Code § 6200 ............................................................... 5, 8, 21

Cal. Bus & Prof. Code §§ 6000 to 6243 (State Bar Act) ...................................... passim

Cal. Bus. & Prof. Code § 6086.1(b) .......................................................... 5, 8, 21

Cal. Bus. & Prof. Code § 6168 .............................................................. 5, 8, 21

Cal. Bus. & Prof. Code § 6234 .............................................................. 5, 8, 21

Cal Civ Code § 1714(a) ......................................................................... 17

v

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

Cal. Civ. Code § 1798.3(b)(2) ........................................................................................ 3

Cal Civ Code § 1798.21 ........................................................................................... 18, 20

Cal. Civ. Code §1798.24 .......................................................................................... 20, 21

Cal. Civ. Code § 1798.29 ........................................................................................... 3, 20

Cal. Civ. Code §1798.47 ................................................................................................. 22

Cal. Civ. Code § 1798.53 ................................................................................................ 20

Cal Civ. Code, § 1798.63 ................................................................................................. 3

Cal. Govt Code § 11549.3 ......................................................................................... 8, 18

**Rules**

Fed. R. Civ. P. 8 ............................................... ii, 3, 5, 6, 7, 8, 9, 13, 14, 17, 20, 21

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3, 22

Fed. R. Civ. P 15(a) ....................................................................................................... 23

State Bar Rules of Procedure, Rule 2301 ...................................................................... 6

State Bar Rules of Procedure, Rule 2302(e)(2)(a) ......................................................... 6

**Constitutional Provisions**

Cal Const. Art 1 Sect. 1 ........................................................................................... 18, 20

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

# MEMORANDUM OF POINTS & AUTHORITIES

## I.      FACTS

### A.  Summary of Facts

Sometimes things are so sensitive, that their very existence is kept a secret from the public. Included in this category are State Bar investigations and confidential disciplinary proceedings.

On or about February 24, 2022, it was announced that these confidential records housed in the Odyssey Case management system within the State Bar of California's Office of Trial Counsel of the State Bar Court department had been breached on or about October 15, 2021 resulting in at least 322,525 confidential records publicized on a free public record search website called judyrecords.com. [FAC ¶6-8].

"Defendant TYLER TECHNOLOGIES, INC. ("Tyler Technologies") fictitiously sued as DOE 3 is the vendor that has supplied the case management software referred to as Odyssey being used by the State Bar of California. Due to a failure with the Odyssey portal, the State Bar reported nonpublic records were swept up by JudyRecords.com and published." [FAC ¶8]

In or about 2019, sometime after March 16, 2018, the State Bar of California intentionally transferred some or all their confidential records contained in their AS 400 Case Management System to a new Case Management System referred to as "Odyssey" which it purchased for approximately $3 million from Tyler Technologies. The State Bar directly or indirectly through Tyler Technologies intentionally decided to open its port(s) and publish all its public records concerning disciplinary proceedings online, including but not limited to dockets, disciplinary files, recommendations, and review department opinions. It also created a log in space called "My State Bar Portal" for all members to provide confidential information in paying their annual fees. Defendant, State Bar would also use this online site to upload "important communications" such as confidential State Bar investigation correspondence to the internet for the State Bar member such as Jane Roe 3 to download. [FAC ¶16-17]

The State Bar and Odyssey's vendor, Tyler Technologies knew the system contained over 513,000 confidential complaints more than five years-old that were closed without discipline prior to the breach. [FAC ¶20]

**1**

In or about October 2021, Kevan Schwitzer decided to make the California State Bar disciplinary records part of the court records his website (JudyRecords.com) published and he intentionally interfaced with the Odyssey portal set up by Tyler Technologies that contained an enormous amount of confidential information from the State Bar and published some or all the confidential and public disciplinary data it obtained on its website which was free and open to the public to search. [FAC ¶22]

As a direct and proximate result of the intentional conduct by Rick Rankin, Tyler Technologies, the State Bar of California, and Kevan Schwitzer (JudyRecords.com), details of approximately 100 to 322,525 confidential disciplinary records or other confidential information was transferred to JudyRecords.com and either all or a portion were published on JudyRecords.com for about four months. [FAC ¶25]

Tyler Technologies has partnered with AWS to shift data to the cloud. Using low-code or no-code solutions to build a program is quick but when integrating with databases or using other cloud services and letting the software leave the native platform endpoint security issues arise. Moreover, there was nothing in the Gannt chart or specified as to encryption of personal information or installing firewalls. A portal fix is not a reasonable industry standard solution to secure confidential records that are not encrypted. The State Bar of California has refused to provide Plaintiffs and all Classes any specific information about the breach, when requested, including but not limited to if their confidential information was breached, what information was in the breach, and what next steps the individual can take to protect themselves. They have been merely directed to the Data Breach release on www.Calbar.ca.gov website which does not provide the information required by the Information Practices Act of 1977. [FAC ¶34-36]

**B. Procedural History:**

Plaintiffs filed this putative class action on March 18, 2022.Defendant Tyler Technologies Inc. removed this action with consent of all defendants to federal court on or about May 13, 2022. The case was reassigned on June 29, 2022 to Judge Sykes. [Doc. 47]. The detailed procedural history is laid out in the Opposition to Rick Rankin's motion to dismiss and incorporated by reference herein.

## II.    LAW

2

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. (Fed. R. Civ. Proc. 12(b)(6)). *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). When evaluating a Rule 12(b)(6), motion, the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *See, Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

## III.    LEGAL ARGUMENT

### A. Violation of the Information Practices Act ("IPA")

Defendant State Bar argues that "The IPA applies to an "agency," but as defined in the statute, that term expressly excludes "any agency established under Article VI of the California Constitution." Cal. Civ. Code 1798.3(b)(2). Because the State Bar is established under article VI, section 9 of the California Constitution, it is not an "agency" under the IPA and cannot be held liable." (Mot. Pg. 8).

"The provisions of this chapter shall be liberally construed so as to protect the rights of privacy arising under this chapter or under the Federal or State Constitution." Civ. Code, § 1798.63 as such unless explicit all State Boards like the State Bar are liable.

The State Bar is not an agency established under Article VI of the Cal. Const. It is not a Judiciary and Article VI merely mentions that some members of the State Bar may participate in several committees. The State Bar is a consumer protection agency like the Medical Board and Board of Accountancy. Defendant, State Bar of California, is a public corporation that owns or licenses computerized data that includes personal information of California residents. It is therefore subject to the Cal. Civil Code § 1798.29.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Next, Defendant argues that the plaintiffs did not comply with the state Tort Claims Act. (Mot. Pg. 8-9). Plaintiff alleged such compliance at para 42 of the First Amended Complaint ("FAC") and then the Defendant "swept it all under the rug." This meets FRCP 8 requirements.

Next, Defendant mistakenly asserts that Plaintiffs must provide "proof" of their harm at the pleading stage citing three cases. (Mot. Pg. 10). FRCP 8 only requires enough notice to give the Defendant an understanding of what it must defend against. Here, plaintiffs alleged "Plaintiffs and the Class have been harmed entitling them to injunctive relief. Plaintiffs and all Classes are also entitled to actual and/or statutory damages, online reputation repair/branding subscription, emotional distress damages for the worry, delay, anxiety and extreme distress, costs, and an award of attorney fees." [FAC ¶ 62]. Also, plaintiffs alleged "The delay in providing specific information and steps to take harms the Plaintiffs and all members of all Classes because the Plaintiffs and all members of all Classes are being prevented from taking any steps to mitigate the fallout from their information being published for others to see. They need to know what information was out there so they can mitigate harm. The State Bar could have released the members fingerprints and social security numbers along with investigation information. The State Bar could have released the Complainants home address or an investigation of a supervisor. Not knowing and not getting any specific information when requested is causing anxiety, worry, and emotional distress.

Public disclosure of such private facts including the identity of a complainant or member under investigation can lead to reputation loss, job loss, emotional distress and in extreme cases bodily injury or loss of life. A complainant may suffer in their employment if they complained about their boss or may have a chilling effect on finding future representation to their injury. Likewise, an attorney could be harmed by others knowing the State Bar opened an investigation thus causing a chilling effect where potential clients will look elsewhere for representation. Additionally, an investigation on a complaint of stalking or violence leaked out to the public could lead to the respondent prematurely learning of it, leading to potential bodily harm upon the complaining victim. Likewise, not all investigations or even most complaints are meritorious; having an unmeritorious complaint land on a public website can lead to reputational harm, threats of extortion, or even job loss or loss of job opportunities. The reputation of an attorney is one of the most valuable assets an attorney has, and this can devastate his or her entire livelihood. It can

**4**

cost anywhere between $10,000.00 to $25,000.00 per year to just try to combat and repair reputational harm on the internet." [FAC ¶38-39]

Defendants do not dispute the allegations in para 53 to 59 of the FAC, citing to the specific Civil Code Sections within the IPA that constitute violations of the IPA.

The IPA violation claim is sufficiently pled.

**B. Invasion of Privacy (Cal Const Art 1 § 1) Was Sufficiently Pled under FRCP 8(a)**

The plaintiffs have sued alleging that their right to informational privacy was violated. To state a valid cause of action that the plaintiff's Constitutional right to information privacy was violated, three elements must be alleged: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of the privacy interest. *Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37.

Defendant State Bar argues that this cause of action should be dismissed because "Plaintiffs utterly fail to satisfy the third element because the FAC does not plead either an egregious or intentional act." (Mot. Pg. 11). The Bar also argues that the first two elements fail to contain enough facts. This is baseless. FRCP 8 only requires a simple statement.

Each of the three elements to support a cause of action for Invasion of Privacy under the California Constitution Article 1, section 1 was adequately alleged under FRCP 8a as follows:

**1. Element 1 - Legally Protected Privacy Interest**

Plaintiff had a legally protected privacy interest. [FAC ¶ 66]. A legally protected privacy interest includes "confidential" or "sensitive" information. Plaintiff alleged the information was confidential or sensitive information State Bar disciplinary matters about the plaintiffs which included biometric data. [FAC ¶8, 12, 16, 17, 22, 25, 34-36, 66-67]

The State Bar Act which is codified at Cal. Bus & Prof. Code §§ 6000 to 6243 defines *all* State Bar investigations and disciplinary matters "**confidential**" as a matter of law until public charges are filed. (See, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus & Prof. Code § 6090.6, Cal. Bus & Prof. Code § 6168, Cal. Bus & Prof. Code § 6200, and Cal. Bus & Prof. Code § 6234.

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

This concept of privacy is incorporated into the State Bar Rules of Procedure. For example, State Bar Rules of Procedure, Rule 2301 and State Bar Rules of Procedure, Rule 2302(e)(2)(a). [FAC ¶14-15]

The cause of action gives adequate notice by alleging the State Bar "maintains a large volume of sensitive private information, which was recently expanded to include biometric data about members of the State Bar." [¶ 12] All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed. Some complaints and investigations never end up being prosecuted, others remain confidential through prosecution, and still others become confidential after being "expunged." [¶13].

Plaintiffs alleged this confidential and sensitive information was released onto the internet from at least October 2021 through February 2022. [FAC ¶22, 31] As such, plaintiffs' allegations that they "had a legally protected privacy interest in the 260,000 confidential records released from the State Bar of California." [ ¶ 59] It is plausible and meets the first element for invasion of privacy.

Next, Defendant argues that the cause of action should be dismissed because "during the four months that the State Bar Case Data records were available for search on JudyRecords.com, only 1,034 Case Data records were actually accessed by a member of the public." This is irrelevant and arguable. Plaintiffs have not had an opportunity to test the database or system to determine the scope of the breach so asserting that 1,034 is the number of records viewed by a person other than Kevan Schwitzer is not definitive. Second, page views are irrelevant because Kevan Schwitzer was able to access over 260,000 records and disseminate them. It is the dissemination of the information that is the breach. No discovery has been open at this stage to determine how much if any ended up on the dark web or other incidence out there by other parties who were also able to take the information from the State Bar CRM system called Odyssey. None of those evidentiary facts are required at the pleading stage under FRCP 8(a). Those facts may become relevant to show extent of damage, liability, or notice.

Also, the defendant's argument appears to be constructed to confuse the Court.

The complaint clearly alleges that Kevan Schwitzer, a member of the public accessed that information, and posted some of the information on JudyRecords.com. The FAC also

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS

*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

alleges that the case information was confidential, meaning that the case did not exist anywhere in the public domain as such, the existence of the docket was the breach of confidential information. The existence of these investigations and cases qualifies as confidential as a matter of law because such are statutorily designated as confidential under the State Bar Act codified in the California Business & Professions Code. The allegation is that the confidential records were breached. No further detail is required under FRCP 8(a). [FAC 6-7, 12-15, 22, 31, 59, 66-67]

Defendant State Bar cites *In re Yahoo*, (N.D. Cal. 2018) 7 F. Supp. 3d at 1041. (Mot. Pg. 11). However, unlike Yahoo, here it is not content contained in the document that is confidential and sensitive, but the *existence of the document itself* (the record) that was confidential and sensitive in nature. As such, the pleading was adequately pled. These documents were identified as confidential as a matter of law by the State of California and so designated in the State Bar Act (state legislation).

As more fully briefed in Opposition to Motion to Dismiss filed by Rick Rankin, *Zbitnoff v. Nationstar Mortg., LLC*, No. C 13-05221 WHA, 2014 WL 1101161, at *4 (N.D. Cal. Mar. 18, 2014); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830 (N.D. Cal. 2020); *Scott–Codiga v. Cnty. of Monterey,* 10–CV–05450–LHK, 2011 WL 4434812, at *7 (N.D. Cal. Sept. 23, 2011); and *Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778 , at *3 (C.D. Cal. May 18, 2020)did not have statutorily defined as confidential records at issue like the State Bar disciplinary records. The first element was sufficiently alleged.

### 2.  Element 2 – Reasonable Expectation of Privacy

As stated above, the second element is the reasonable expectation of privacy. The FAC para. 67-68 sufficiently allege a reasonable expectation of privacy. Defendant does not assert this element was not sufficiently pled.

### 3.  Element 3 – Serious Invasion of Privacy

Second, Tyler Technologies asserts that the First Amended Complaint fails to "properly plead a serious invasion of privacy" because  it requires "intent" citing, *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016). (Mot. P. 12).

The third element is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6). *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034

The State Bar intended to use Odyssey system, enter the confidential information in a low code set up without security so it could be scraped by a third party. It also intentionally refused to give notice to the victims of the breach. This is sufficient.  See, *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1036.

The third element was met when plaintiffs alleged that the State Bar's "conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." [ FAC ¶¶ 38-41, 61]

Cal. Govt Code § 11549.3 lists various aspects any state agency must undertake in controlling, maintaining, and tracking personal information it collects. This includes creating policies and procedures. This section of the Government Code would not exist if the personal information ("PI") was not confidential and sensitive in nature.

Like the *McDonald* case, the plaintiffs have no access or control over the data that the State Bar gathered about them.  In fact, under the State Bar Act, the plaintiffs are even deprived of obtaining the information that the government agency collects on them because their rights under California Public Records Act were taken away. (*See*, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus & Prof. Code § 6200, Cal. Bus & Prof. Code § 6234). The fact that these records were deemed to be so confidential that the subject could not even obtain a record of it for themselves demonstrates that this breach was egregious. As such, the Motion to Dismiss the second cause of action for invasion of privacy by Defendant Tyler Technologies should not be dismissed. *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1037.

## C. Antitrust Violation of the Sherman Act § 2 Was Sufficiently Pled under FRCP 8(a)

Defendant argues "Plaintiffs allege no facts demonstrating that the State Bar had the specific intent to release any information as part of the Incident or to monopolize a relevant market by doing so." (Mot. Pg. 19).

**8**

The intent was a conspiracy not to notify the victims of the breach and obfuscate the breach and denied any duty to notify the victims because the victims were under investigation. If it were a breach of only judges or their records, the reaction would have been different.

A violation of the Sherman Act § 2 was adequately pled in the FAC para. 81-105. 15 USC § 2.

The U.S. Supreme Court "granted certiorari to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 553. It concluded that some facts should support the cause of action but there was no heightened pleading standard and FRCP 8 was the proper standard. Plaintiff sufficiently and plausibly alleged a cause of action to support an antitrust violation. Alleging why (or motive) is not an element. [FAC ¶ 91-92].

The elements to sufficiently allege a violation of Section 2 of the Sherman Act are:

> Section 2 of the Sherman Act imposes liability on "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2. For a Section 2 monopolization claim, a plaintiff must establish (1) possession of monopoly power by defendant in a relevant market, (2) predatory conduct, and (3) causal antitrust injury. *MetroNet Servs. Corp. v. Qwest Corp.,* 383 F.3d 1124, 1130 (9th Cir. 2004). A conspiracy to monopolize claim requires (1) the existence of a combination or conspiracy to monopolize, (2) an overt act in furtherance of the conspiracy, (3) the specific intent to monopolize, and (4) causal antitrust injury. *Paladin Assoc., Inc. v. Montana Power Co.,* 328 F.3d 1145, 1158 (9th Cir. 2003). And an attempted monopolization claim requires (1) specific intent to control prices or destroy competition, (2) predatory or anticompetitive conduct, (3) a dangerous probability of success, and (4) causal antitrust injury. *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 811 (9th Cir. 1988).
>
> *Manwin Licensing International S.A.R.L. v. ICM Registry, LLC* (C.D. Cal., Aug. 14, 2012, 2:11-cv-09514-PSG-(JCG)) [pp. 1]

**1. Conspiracy to Monopolize**

    **a. The Existence of a Combination or Conspiracy to Monopolize**

A conspiracy was alleged in para. 91, 92, and 94 of the FAC between the State Bar and Tyler Technologies. "After receiving notice that 260,000 confidential disciplinary records were publicized on www.JudyRecords.com, the Board of the State Bar failed to notify the California

Attorney General or the 260,000 members and complainants in violation of state law. Instead, the Board of the State Bar of California decided to leave the complainants and members under investigation to be castigated by the wiles of the internet and worked with, conspired, partnered, joined, permitted, or acted in concert with Tyler Technologies and Kevan Schwitzer (JudyRecords.com) to try to obfuscate and minimize what happened rather than use any of the powers at its disposal that would invoke oversight by a politically accountable official, including but not limited to, failing to report the breach to the California Attorney General as required by California law." [FAC ¶ 91-92]

The FAC alleges, "Defendant Tyler Technologies is a $1.8 billion dollar company and the leading provider of technology solutions to local, state, and federal public sector agencies using a "Low-code platform allowing for rapid deployment of new technologies and services." "Low-code" simply means they use elements such as those offered by AWS to build software platforms rather than having to know how to code or having to write the code software program itself. In or about 2016, the State Bar accepted the bid from Tyler Technologies to build out a case management system called Odyssey for the OCTC, State Bar Court and Office of Probation although that bid was nearly $1 million more than the bid from its competitor, thus having the ability to profitably raise prices above those that would be charged in a competitive market. [FAC ¶ 88-89] Tyler Technologies had market power in the public sector by 2021, when Defendant Tyler Technologies acquired NIC the leading provider of digital services to state and federal government agencies, making Tyler Technologies the dominant technology provider to public agencies in the United States. Many of the business leaders come from the public sector." [FAC ¶ 90]

### b.  An Overt Act in Furtherance of the Conspiracy

An overt act in furtherance of the conspiracy to violate the rights of the State Bar member plaintiffs was alleged in para. 91-92 of the FAC incorporating FAC ¶8, 12, 16, 17, 22, 25, 34-36.

### c.  Specific Intent to Monopolize

To allege specific intent to monopolize, a sufficient allegation is one that asserts the defendants intended to destroy competition.

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

The FAC alleges "[t]he State Bar of California bought and installed Tyler Technologies Odyssey case management system for approximately $5 million in 2019. Defendants, Tyler Technologies, and the State Bar of California and Does 4 to 10 have violated Section 2 of the Sherman Act by attempting to monopolize to the injury of the Attorney members plaintiffs and the class." [FAC ¶83-84]

"Defendant Tyler Technologies chose to act with the State Bar violating the rights of the plaintiffs and the class members." [FAC ¶ 94]

Defendant asserts that "First, Plaintiffs have failed to properly plead a relevant market." (Mot. Pg. 11). The FAC alleges "the market in this case is comprised of the approximately 250,000 members of the California State Bar." [FAC ¶85].

### d. Causal Antitrust Injury

Defendant also asserts that Plaintiffs have failed to plead an antitrust injury. (Mot. Pg. 21). (*See, e.g.,* FAC ¶ 99.)

> The Ninth Circuit has identified four requirements for an antitrust injury: (1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent. *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.,*190 F.3d 1051, 1055 (9th Cir. 1999).

> *Manwin Licensing International S.A.R.L. v. ICM Registry, LLC* (C.D. Cal., Aug. 14, 2012, 2:11-cv-09514-PSG-(JCG)) [pp. 1]

Here, the FAC has sufficiently alleged the antitrust injury was born out of unlawful conduct. "As a result, the breach only concerned attorneys that the State Bar chose to investigate for disciplinary actions; plaintiffs allege that the **State Bar Board's failure to act was due to anticompetitive animus**. As a direct and proximate result, Tyler Technologies and the State Bar of California joined in anticompetitive behavior which benefited lawyers who did not have confidential disciplinary records in the State Bar Odyssey case management system. This interfered with trade and the economic competition amongst the attorneys of the State Bar of California. By exposing confidential records online and then not giving the plaintiffs or class the information required by law so that they could mitigate their fears or exposure, the Defendants' conduct, and each of them, is akin to pernicious monopolistic behavior no less

harmful than if they had published sham litigation shaming the attorneys to drive out competitors." [FAC ¶ 94-98]

Publication of confidential disciplinary complaints (1) unreasonably restricts competition in the legal profession because potential clients are advised to avoid attorneys who have been disciplined or are being investigated for alleged unethical conduct; and (2) unreasonably restricts access to justice or legal representation for the complainants because attorneys are advised to avoid clients who have had multiple attorneys or attorneys that have been disciplined. [FAC ¶99]

These same factual allegations support a claim for attempted monopolization, too, incorporating FAC ¶8, 12, 16, 17, 22, 25, 34-36. Prior to the data breach, the State Bar was already set up to allow decisionmakers in the State Bar and those outside of the process to destroy competing members through the disciplinary process. This could be achieved in many ways, including but not limited to, conditioning reinstatement on a payment that the member had no financial means to pay, or making false complaints outside the system. This discriminatory conduct stifles competition and restricts equal access to the courts for consumers and litigants of limited means while also evading violating the excessive fines clause of the Eighth Amendment because such "and until" conditions allow the State Bar to impose a discipline akin to disbarment indirectly based on the attorney's lack of wealth which it could not impose directly, based on the alleged violation. [FAC ¶ 101-102]

## 2. The Professions are Included as Trade or Commerce

Defendant State Bar incorrectly states they are immune from antitrust liability. (Mot. Pg. 22). In 1975, the U.S. Supreme Court found that the professions (such as medicine and law) are included in the term "trade or commerce" and thus subject to Antitrust laws of the United States. G*oldfarb* v. *Virginia State Bar* (1975) 421 U.S. 773 [44 L.Ed.2d 572, 95 S.Ct. 2004]. The California Supreme Court soon followed thereafter in the case of *Cianci v. Superior Court* (1985) 40 Cal.3d 903, 920. The *Cianci v. Superior Court* (1985) 40 Cal.3d 903, 920 Court found that the Cartwright Act applied to all professions and rejected its prior holding in *Willis v. Santa Ana etc. Hospital Assn*. (1962) 58 Cal.2d 806.

Like the IPA in data breach cases, "[c]onsumer welfare is a principal, if not the sole, goal of antitrust laws." *Cianci v. Superior Court* (1985) 40 Cal.3d 903, 920 citing, *Marin County Bd.*

*of Realtors, Inc.* v. *Palsson, supra,* 16 Cal.3d at p. 935; see, e.g., *National Soc. of Professional Engineers* v. *U.S.* (1978) 435 U.S. 679, 686-696 [55 L.Ed.2d 637, 646-653, 98 S.Ct. 1355].

> *Goldfarb* v. *Virginia State Bar* (1975) 421 U.S. 773 [44 L.Ed.2d 572, 95 S.Ct. 2004], held that the state action exemption announced in *Parker* was inapplicable to a minimum fee schedule for lawyers published by a local bar association and enforced by the state bar . In order to come within *Parker,* anticompetitive activities must be compelled by direction of the state acting as a sovereign. (P. 791 [44 L.Ed.2d p. 587].) The Virginia Supreme Court was authorized to regulate the practice of law, and had adopted ethical codes which dealt in part with fees, "and far from exercising state power to authorize binding price fixing, explicitly directed lawyers not `to be controlled' by fee schedules." (P. 789 [44 L.Ed.2d p. 586].) When the state bar provided for disciplinary action for deviation from fee schedules, it "voluntarily joined in what is essentially a private anticompetitive activity" which is within the reach of the Sherman Act . (Pp. 791-792 [44 L.Ed.2d p. 587].)
> *People, Freitas v. City County of San Francisco* (1979) 92 Cal.App.3d 913, 917-18

Like Goldfarb, the restraints placed on the plaintiffs by the State Bar of California were not directed by the California Supreme Court. The state acting as sovereign, did not compel the State Bar to delay or refrain from disclosing the data breach to those affected, to refuse to follow the IPA because those affected were under investigation by the State Bar. As such, there is no immunity from the antitrust laws. (c.f. Bates v. State Bar of Arizona (1977) 433 U.S. 350 [53 L.Ed.2d 810, 97 S.Ct. 2691].  Where the United States Supreme Court found that a ban on price advertising, adopted by the Arizona Supreme Court, did not violate the Sherman Act , because the state court itself had adopted the challenged rule, and the state bar's role was completely defined. The court found the restraint to be compelled by direction of the state acting as sovereign.)

Defendant, the State Bar of California and Does 5 to 10 unlawfully restrained competition of lawyers by unduly hindering the lawyers whose confidential information was breached from employing his or her talents, industry or capital in a lawful undertaking or attempted to do so, thus keeping the public from receiving legal services as freely as it would without such restraints. [FAC ¶ 109]

This is the entire purpose of the Antitrust laws and the State Bar is not immune.

### D.  Antitrust Violation of the Sherman Act § 3 Was Sufficiently Pled under FRCP 8(a)

**13**

Finally, Defendant argues that the Sherman Act § 3 cause of action must be dismissed because this case is not venued in D.C. 15 USC § 3.

Sherman Act § 3 violation is just a Sherman Act § 1 violation that extends to all territories of the United States including D.C. It is not a basis to dismiss the pleading because it meets FRCP 8(a) standards. 15 USC § 1.

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. This Court has long recognized that, "[i]n view of the common law and the law in this country" when the Sherman Act was passed, the phrase "restraint of trade" is best read to mean "undue restraint." *Standard Oil Co. of N.J. v. United States,* 221 U.S. 1, 59–60, 31 S.Ct. 502, 55 L.Ed. 619 (1911). This Court's precedents have thus understood § 1 "to outlaw only *unreasonable* restraints." *State Oil Co. v. Khan,* 522 U.S. 3, 10, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) (emphasis added).

*Ohio v. Am. Express Co.* (2018) 138 S. Ct. 2274, 2283

The cause of action meets the FRCP 8a standard. As explained in *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 597 which reviewed a motion to dismiss a Sherman Act § 1 claim that repeated the elements without any supporting facts, "the complaint here furnishes no clue as to which of the four ILECs (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place. "

Here, the plaintiffs alleged what Tyler Technologies and the State Bar agreed upon and when their illicit agreement took place. As such, the pleading meets the *Bell Atl. Corp. v Twombly* standard.

In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.4 And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." Ibid.

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 556

"Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely

parallel conduct that could just as well be independent action." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 557

> ("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation--for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint").

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 557

"**[W]e do not require heightened fact pleading of specifics** [to prove a prima facie case at trial], but only enough facts to state a claim to relief that is plausible on its face. " *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570. [emphasis added].

"[T]he essence of any violation of § 1 is the illegal agreement itself — rather than the overt acts performed in furtherance of it, see *United States* v. *Kissel*, <u>218 U.S. 601</u> (1910) — proper analysis focuses not upon actual consequences, but rather upon the potential harm that would ensue if the conspiracy were successful. As we explained in *McLain* v. *Real Estate Bd. of New Orleans, Inc.*, <u>444 U.S. 232</u> (1980): "A violation may [] be found [] in a civil action under the Sherman Act, [] by proof of *either* an unlawful purpose or an anticompetitive effect. *United States* v. *United States Gypsum Co.*, 438 U.S. 422, 436, n. 13 (1978); see *United States* v. *Container Corp.*, 393 U.S. 333, 337 (1969); *United States* v. *National Assn. of Real Estate Boards*, 339 U.S. 485, 489 (1950); *United States* v. *Socony-Vacuum Oil Co.*, *supra*, at 224-225, n. 59." *Id.*, at 243. Plaintiffs "need not allege, or prove, an actual effect on interstate commerce to support federal jurisdiction." *Summit Health, Ltd. v. Pinhas* (1991) 500 U.S. 322, 330-31.

Like *Summitt Health, Ltd*, "the case is necessarily more significant than the fate of "just one [attorney] whose business is so small that his destruction makes little difference to the economy." [citation]. The case involves an alleged restraint on the practice of [legal] services. The restraint was accomplished by an alleged misuse of a [State Bar] process, which [is] the gateway that controls access to the market for [legal] services. [] The competitive significance of respondent's exclusion from the market must be measured not just by a particularized evaluation of his own practice, but rather by a general evaluation of the impact of the restraint

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

on other participants and potential participants in the market from which he has been excluded." *Summit Health, Ltd. v. Pinhas* (1991) 500 U.S. 322, 332

Like *Summitt Health*, the FAC alleges that the State Bar "conspired with others to abuse that process" which was unlawful under the IPA and Business & Professions Code in California to support a cause of action under the Sherman Act. *Summit Health, Ltd. v. Pinhas* (1991) 500 U.S. 322, 333. [FAC ¶106-111]

*In, United States v. Real Estate Boards* (1950) 339 U.S. 485, 490, the U.S. Supreme Court found that controlling a market by suppression of competition, even by a Real Estate Board through price fixing was illegal.

> The end sought by the Act was prevention of restraints to free competition in business and commercial transactions which tend to restrict production, raise prices or otherwise control the market to the detriment of purchasers or consumers of goods and services, all of which had come to be regarded as a special form of public injury.

*Apex Hosiery Co. v. Leader* (1940) 310 U.S. 469, 470-71

The State Bar is basically allocating consumers (clients) amongst businesses (lawyers) who should be competing for them by giving or allowing a Scarlet Letter to appear due to the data breach.

The State Bar also has been doing this even before the data breach by taking a slap on the wrist and then excluding qualified attorneys from reentering the membership by using the "and until" clauses and creating a financial barrier to re-entry into the marketplace of law.

"The fact that no interstate commerce is involved is not a barrier to this suit. Section 3 of the Sherman Act is not leveled at interstate activities alone." *United States v. Real Estate Boards* (1950) 339 U.S. 485, 488

"The core of the case is the charge that the members of the Washington Real Estate Board combined and conspired to fix the commission rates for their services when acting as brokers in the sale, exchange, lease and management of real property in the District of Columbia." *United States v. Real Estate Boards* (1950) 339 U.S. 485, 487

Alternatively, the facts support a common law claim as laid down in Willis v Santa Ana Community Hospital.

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

There is an established principle at common law that an action will lie where the right to pursue a lawful business, calling, trade, or occupation is intentionally interfered with either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification. ( *Guillory* v. *Godfrey,* 134 Cal.App.2d 628, 632 [ 286 P.2d 474]; *Masoni* v. *Board of Trade of S.F.,* 119 Cal.App.2d 738, 741 [ 260 P.2d 205]; see Rest., Torts, § 766, cl. (b); cf. *Lipman* v. *Brisbane Elementary Sch. Dist.,* 55 Cal.2d 224, 232 [ 11 Cal.Rptr. 97, 359 P.2d 465].) **[4]** Whether there is justification is determined not by applying precise standards but by balancing, in the light of all the circumstances, the respective importance to society and the parties of protecting the activities interfered with on the one hand and permitting the interference on the other.

*Willis v. Santa Ana Community Hospital Ass'n* (1962) 58 Cal.2d 806, 810

Like the case of *Willis* which was an antitrust action under Section 3 of the Sherman Act, State Bar member plaintiffs (lawyers) who had confidential records maintained by the State Bar about them disseminated onto a public website that questioned their conduct or qualifications when in truth those members conduct were of the highest order, the plaintiff State Bar members also should have the courtroom doors open to them to seek redress just like the doctors in *Willis*.

### E.  Negligence Is Sufficiently Pled under FRCP 8(a)

The elements to plead Negligence are duty, breach, causation, and damages. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917). Courts in this circuit have generally applied this principle. (See,  *Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 11]  "To state a claim for negligence in California, a plaintiff must show duty, breach, causation, and damages. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (2009).").

### 1.  Element 1 – Duty
####    a.  General Duty to Use Reasonable Care

The first element to allege a claim of negligence is duty. Civil Code section 1714(a) imparts a duty upon all people to use due care. "The first element, duty, 'may [also] be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship.' " (*Doe v. United States Youth Soccer Assn., Inc.* (2017) 8 Cal.App.5th 1118, 1128.)

Defendant asserts they had no duty, didn't breach a duty, no causation was alleged or damages. In federal court, notice pleading under FRCP 8a suffices. The FAC adequately alleges

**17**

"Defendant Tyler Technologies voluntarily undertook to take responsibility for one or more of their Co-defendant's duties and/or owed the Plaintiffs and all members of all Classes a general duty of care when securing the confidential disciplinary records so it could not be accessed through the portal. Defendant State Bar of California, Rick Rankin and Tyler Technologies breached that duty by failing to (1) provide reasonable notice of the breach; (2) provide the plaintiffs and members steps to take to protect themselves; (3) institute proper security measures to keep the information confidential; (4) secure the portal and/or (5) maintain proper security measures to ensure the information remained confidential." [FAC ¶115-116] As such, duty and breach were adequately alleged.

As the public agency the State Bar owed plaintiffs a duty to install a system with security measures to keep the information confidential is laid out in the IPA at Cal Civ Code § 1798.21 and inferred in the Cal Const. Art 1 Sect. 1. ("Each agency shall establish appropriate and reasonable administrative, technical, and physical safeguards" Civ. Code § 1798.21). Govt. Code § 11549.3.

Finally, the duty to maintain proper security measures to ensure the information remained confidential is also laid out in the IPA at Cal Civ Code § 1798.21.

Plaintiff also incorporated the allegations that Defendants violated the State Bar Act and State Bar Rules of Procedure. [FAC ¶ 13-15, 121]

Plaintiff incorporates the legal analysis on special relationships and personal information (PI) from the Opposition to Rick Rankin's motion to dismiss as though fully laid out herein.

In sum, the relations between the parties related to State Bar membership services as either a member attorney or a complainant seeking assistance from the State Bar's disciplinary process. Plaintiffs were required to turn over their personal information (PI) to Defendants and did so with the understanding that Defendants would adequately protect Plaintiffs' PI and inform Plaintiffs of breaches. FAC ¶ 115-116. Second, it was plainly foreseeable that Plaintiffs would suffer injury if Defendants did not adequately protect the PI. Third, the FAC asserts that others, including but not limited to Kevan Schwitzer, were able to gain access to the PI and that Defendants did not promptly notify Plaintiffs, thereby causing injury to Plaintiffs. [FAC ¶ 6-8, 41, 91, 114-119]. Fourth, the injury was allegedly suffered exactly because Defendants provided inadequate security and knew that their system was insufficient. *Id.* [FAC ¶ 33, 34, 38, 41, 115,

117 ]. Fifth, Defendants are morally culpable, given their repeated security breaches, wholly inadequate safeguards, and refusal to notify Plaintiffs ... of breaches or security vulnerabilities." Sixth, and finally, Defendants' concealment of their knowledge and failure to adequately protect Plaintiffs' PI implicates the consumer data protection concerns expressed in California statutes as noted throughout this brief. Similar concerns have justified data breach cases when private companies are sued. *See, In re Adobe Sys.* , 66 F.Supp.3d at 1227. (Almost verbatim from *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1132-33).

As such, this Court should find a duty was adequately alleged.

## 2. Element 2 – Breach

The second element of negligence is breach. "Breach is the failure to meet the standard of care." (*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643.) Plaintiff sufficiently alleged Defendant breached the duty of care in para 117 of the FAC.

## 3. Element 3 – Causation

The third element of negligence is causation. "The element of causation requires there to be a connection between the defendant's breach and the plaintiff's injury." (*Coyle*, *supra*, 24 Cal.App.5th at p. 645.) Plaintiff sufficiently alleged causation in para. 118-119.

## 4. Element 4 – Damages

The fourth element of negligence is damages.  Plaintiffs and the class have alleged emotional distress.

In *Drew v. Equifax Info. Servs., LLC*, for example, the plaintiff "and his psychological expert explained how the identity theft caused Drew grave post-traumatic stress due to his weakened condition and his continued association with the fraudulent accounts exacerbated his condition." *Drew*, 690 F.3d [1100, 1109 (9th Cir. 2012)]. This is more specific than any of the allegations in Sion's FAC. The same distinction can be drawn with *Guimond v. Trans Union Credit Info. Co.*, where the plaintiff alleged that she suffered "emotional distress , manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report." 45 F.3d 1329, 1332 (9th Cir. 1995). Neither case stands for the proposition that a bald assertion of emotional distress suffices to show actual damages.

*Samia v. Experian Info. Sols.* (S.D. Cal., Feb. 1, 2022, 21-cv-1015 W (WVG)) [pp. 5]

Like *Guimond v. Trans Union Credit Info. Co.,* the plaintiffs in this State Bar data breach action alleged their emotional distress was "due to the delay and failure to notify, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing." [FAC ¶119]

Consequently, this Court should find that the cause of action for negligence has been sufficiently pled under FRCP 8a.

**F. Negligence per se is a Type of Negligence**

Defendant's request to dismiss the negligence per se claim is baseless. The elements to plead Negligence per se are the same as negligence except instead of a general duty or special relationship, a duty is implied from a law and if broken, breach is established. "Although compliance with the law does not prove the absence of negligence, violation of the law does raise a presumption that the violator was negligent. This is called negligence per se." *Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1526.

'The negligence per se doctrine is codified in Evidence Code section 669,subdivision (a), under which negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.' 'The burden is on the proponent of a negligence per se instruction to demonstrate that these elements are met.'

*Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596, internal citations omitted.

Defendant argues "because Tyler has not violated any statute, including the California Constitution, the Roe Plaintiffs' negligence *per se* claim fails for this reason as well." Here, the FAC sufficiently alleged defendant violated the IPA and Cal Constitution ("Cal. Civ. Code §§ 1798.21, 1798.24, 1798.29, 1798.53 and/or Cal Const Art. 1 § 1") of which plaintiffs were

**20**

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

members of a protected class.[1] [FAC ¶ 126-127] (See also, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus. & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus & Prof. Code § 6200, Cal. Bus. & Prof. Code § 6234).

Plaintiff also incorporated the allegations that Defendants violated the State Bar Act and State Bar Rules of Procedure. [FAC ¶ 13-15, 121] All of which caused injury to the plaintiffs by way of a data breach of their confidential information which resulted in injury from an occurrent, the nature of which the IPA, State Bar Act and State Bar Rules of Procedure were designed to prevent. [FAC ¶128].

It is an alternative to a general duty of care or special relationship and the label whether "negligence per se" or "negligence" is irrelevant because labels of causes of action give way to the substance of the claim. FRCP 8(a). It is a separate alternate basis for liability wherein a separate CACI instruction will be given as such, there is no reason to dismiss the cause of action. "To survive a motion to dismiss , a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)." Gilliland v. Chase Home Fin., LLC (E.D. Cal., May 13, 2015, No. 2:14-cv-2834 JAM AC) [pp. 6] Defendant did not file a motion to strike "per se" from the label after "negligence" which is the only proper resolution, if being so technical were required under FRCP 8a.

Their argument that there is no such thing as negligence as per se as a separate tort misses the point. There is nothing to bar two separate causes of action for negligence. All

---

[1]Cal. Civ. Code §1798.24 ("an agency shall not disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains " Civ. Code, § 1798.24).

   Cal. Civ. Code § 1798.53 (Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 ( P. L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains." Civ. Code, § 1798.53).

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

elements for negligence are properly pleaded in this claim and Defendant does not even argue otherwise.

Consequently, this Court should not dismiss the seventh cause of action for negligence per se.

### G. Anonymous Pleading is Allowed

On page 24 of the Motion, the State Bar mentions that the Roe plaintiffs are anonymous. However, the Ninth Circuit allows the use of pseudonyms by parties when the issue of right to privacy exists. *See, United States v. Doe*, *655* F.2d 920, 922n. (9th Cir. 1981). Tyler gives no legal authority to show it can have the pleading dismissed on this basis.

The decision whether to permit the use of fictitious names is left to the discretion of the trial court. The plaintiffs should be left anonymous because the records at issue were supposed to be confidential and so impugn a person's reputation that it is hard to ever come back from. A separate motion for protective Order was filed and would have been ruled upon before the motion to dismiss but for the transfer of the case to a new judge. As such, plaintiff refers this Court to the motion and joins in the motion as part of this opposition.

### H. Injunctive Relief Cannot Be Stricken under FRCP 12(b)(6)

Defendant's request to dismiss injunctive relief is frivolous. The injunctive relief cannot be stricken by a FRCP 12(b)(6) motion. There is no reason to take out the request for injunctive relief. The IPA specifically allows for injunctive relief under Cal. Civ. Code §1798.47.

Injunctive relief is available for violations of the Constitution of California. Cal. Const. Art 1 Sect 1. ("Any agency that fails to comply with any provision of this chapter may be enjoined by any court of competent jurisdiction. The court may make any order or judgment as may be necessary to prevent the use or employment by an agency of any practices which violate this chapter." Civ. Code, § 1798.47). There is no showing as of the date of this brief being filed that defendants harm is not continuing.

The Defendants failed to file a Motion to strike the relief prayed for. The motion must be denied as ridiculous and frivolous on this ground.

### I. Leave to Amend

If the Court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires,"

bearing in mind "the underlying purpose of <u>Rule 15</u>... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.* (N.D. Cal. 2018) 313 F. Supp. 3d 1113, 1127 (FRCP 15(a)).

Plaintiff requests leave to amend if the Court is declined to dismiss on any basis provided by the Defendant because such dismissal would be a mere technicality that Plaintiff will be able to correct.

**IV.    CONCLUSION**

Wherefore plaintiff respectfully requests this Court deny Defendant State Bar's motion to dismiss and Order the Defendant to Answer the First Amended Complaint.

Dated:  July 6, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

**23**

1

## PROOF OF SERVICE OF DOCUMENT

2

3   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My
4   business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651
    A true and correct copy of the foregoing document entitled:

5

**PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS**

6

7   will be served or was served **(a)** on the judge in chambers in the form and manner required by
    LBR; and **(b)** in the manner stated below:

8

9   **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
    TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to
10  F.R.Civ.P. on 07-06-2022, I served the following persons and/or entities ECF or email as
    follows:

11

12  X Service information continued on attached page
    I declare under penalty of perjury under the laws of the United States that the foregoing is true
13  and correct.

14

| 07-06-2022 | James D. Ocon | /s/James D. Ocon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE BY ECF**

| **Defendant** | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200<br>San Francisco, CA 94111<br>415-882-8200 |

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*                30-2022-01250695-CU-AT-CXC

| | | |
|---|---|---|
| | | Fax: 415-882-8220<br>Email: jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard 8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email: christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email: david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath LLP<br>1177 Avenue of the Americas 41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email: peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | **Michael Gold** |
| **Rick Rankin** | | MAG@jmbm.com via Email |

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*      30-2022-01250695-CU-AT-CXC

Tiana A. Demas      tdemas@cooley.com

Christina N. Goodrich      klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold      mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert      docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson      learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes      mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich      cwaidelich@cooley.com, kjones@cooley.com

David Belcher      docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio      beth.petronio@klgates.com

Gregory John Merchant      gmerchant@cooley.com

Peter William Baldwin      peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson      banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

PLAINTIFFS' OPPOSITION TO DEFENDANT STATE BAR'S MOTION TO DISMISS
*Roe v The State Bar of California, et al.*        30-2022-01250695-CU-AT-CXC