Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of
themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br>    Defendants. | CASE NO. 22-cv-00983-SSS-DFM<br><br>Assigned to the Hon. Sunshine S. Sykes<br>Complaint filed: 03-18-2022<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: September 16, 2022<br>Time: 2:00PM<br>Crtm: 2 |

 **PLEASE TAKE NOTICE THAT PLAINTIFFS** request this Court take judicial notice under FRE 201 as follows:

1. Declaration of Kevin Schwitzer dated May 3, 2022 authenticating communications with the State Bar of California and Tyler Technologies showing that they agreed to try to obfuscate the breach down to around 1,000 records in order to support the claim of conspiracy or attempt to monopolize, a true and correct copy of which is attached hereto as Exhibit 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  July 6, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane
Roe 2, Jane Roe 3, and John Roe 2, *on behalf of
themselves and all others similarly situated*

**2**
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
*Roe v The State Bar of California, et al.*              30-2022-01250695-CU-AT-CXC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651

A true and correct copy of the foregoing document entitled:

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner stated below:

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. on 07-06-2022, I served the following persons and/or entities ECF or email as follows:

X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07-06-2022 | James D. Ocon | /s/James D. Ocon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE BY ECF**

| **Defendant** | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200<br>San Francisco, CA 94111<br>415-882-8200 |

**4**

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

| | | |
|---|---|---|
| | | Fax: 415-882-8220<br>Email: jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard 8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email: christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email: david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath LLP<br>1177 Avenue of the Americas 41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email: peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | **Michael Gold** |
| **Rick Rankin** | | MAG@jmbm.com via Email |

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

Tiana A. Demas     tdemas@cooley.com

Christina N. Goodrich     klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold     mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert     docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson     learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes     mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich     cwaidelich@cooley.com, kjones@cooley.com

David Belcher     docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio     beth.petronio@klgates.com

Gregory John Merchant     gmerchant@cooley.com

Peter William Baldwin     peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson     banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
*Roe v The State Bar of California, et al.*                    30-2022-01250695-CU-AT-CXC

EX 1

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

## AFFIDAVIT OF KEVAN SCHWITZER

I, Kevan Schwitzer, state and affirm as follows:

1.      I am over eighteen (18) years of age and have personal knowledge of the facts and circumstances stated in this affidavit, and if called upon to testify as a witness, I would testify to these facts.

## Kevan Schwitzer Background Information

2.      I am a software engineer who resides in Irving, Texas.

3.      I studied finance for several years in college at the University of Iowa. Although I did not graduate, I also began learning computer programming while in college.

4.      I have been learning and working in the field of computer programming for over 10 years now and am currently employed as a software engineer at a company that provides software to the utility industry.

5.      I am the creator, owner, and operator of judyrecords.com ("judyrecords"). judyrecords is a completely free nationwide public records search engine with over 600 million United States court cases and other public records.

## judyrecords.com Background Information

6.      I first began collecting public records for judyrecords in 2014 and launched the site in August 2020. The search engine includes records pulled from hundreds of public records databases.

7.      I built the automated program that judyrecords uses to pull public records from publicly maintained records databases.

8.      judyrecords uses MySQL for the database, Elasticsearch for the search function, and the automated program mainly uses PHP code.

1

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

9.     The public records systems that judyrecords pulls records from can largely be divided into two categories, which I call "Type I" and "Type II" Systems. The following information regarding these types of Systems and these definitions are based on my personal experiences downloading public records from many public record databases.

*Type I Systems*

10.     Type I Systems provide simple and straightforward access to the records maintained and hosted in the database.

11.     Type I Systems typically use straightforward URLs (uniform resource locators) that are tied to a standardized case identification number ("Case ID Numbers") and allow for a variety of search types, including for example, simply searching date filed to retrieve all the cases in a certain date range. These straightforward URLs and searches allow an automated program, like the one used by judyrecords, to collect records contained in the database by simple and straightforward means.

12.     Examples of Type I Systems are those used by the Oklahoma Statewide Courts, the United States Patent and Trademark Office, the United States Trademark Trial and Appeal Inquiry, and the Supreme Court of the United States.

*Type II Systems*

13.     Type II Systems make access to the records maintained and hosted in the database much more difficult.

14.     Type II Systems limit the ability to search for broad categories of records, use randomized URLs that are a string of letters and numbers that are not standardized, and use other methods such as CAPTCHA to slow down records collection. These types of systems make it

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

much more difficult for an automated program to collect records maintained in the database by simple and straightforward means.

15.    Examples of Type II Systems are those used by the California State Bar, the Kansas Statewide Courts, the Kane County, IL Courts, and the Dekalb County, GA Courts.

16.    The aforementioned examples of Type II Systems were all designed and maintained by Tyler Technologies, Inc. ("Tyler Tech."). Tyler Tech. calls these public records portals "Odyssey."

17.    Despite the roadblocks that Odyssey systems can present for the collection of public records, these roadblocks can be dealt with.

18.    For example, although the Tyler Tech. Odyssey systems used randomized URL strings rather than more straightforward Case ID Numbers, the Tyler Tech. Odyssey systems used the exact same randomized URL strings for the same Case ID Numbers in each of the public records systems maintained by Tyler Tech.

19.    The Application Programming Interface ("API") data returned by each Tyler Tech. search result made it apparent (via publicly-returned API results) that Tyler Tech used the exact same randomized URL strings for the same Case ID Numbers in each Tyler Tech. Odyssey system.

20.    This pattern allowed the automated program used by judyrecords to directly access each individual case record in a Tyler Tech. Odyssey system without entering search terms into the portal for a public records database using the Odyssey system.

21.    This method is similar to accessing a sub-page of a website by entering the URL of the specific sub-page rather than first going to the homepage and then clicking the link to take you to the subpage.

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

**judyrecords Collection of California Bar Attorney Discipline Records**

22.     On or about October 15, 2021, judyrecords began to collect records using the automated program, using the pattern in Tyler Tech. Odyssey systems mentioned above. Specifically, the automated program began to directly access California Bar disciplinary records ("California Bar Disciplinary Records") available on the Odyssey system designed and maintained by Tyler Tech.

23.     The California Bar Disciplinary Records that the automated program accessed were located at: https://discipline.calbar.ca.gov/Portal/Home. The access port for all requests was port 443, as this is the port for all traffic using a URL that beings with "https://". This port ensures that any traffic to access the website is secure at the message transport level. The URLs that the automated program directly accessed were an API that returned HTML pages.

24.     The automated program was designed to only access and pull publicly available information and records. The automated program does not have any method or ability to bypass access control checks. The automated program also does not have any capability to de-encrypt records that it retrieves.

25.     If a record intended to be non-public performs an access control check, judyrecords' automated program will not be able to collect the record and will move on to the next record.

26.     The California Bar Disciplinary Records Odyssey System, designed and maintained by Tyler Tech., did not perform access control checks when the automated program directly accessed the individual records.

27.     As the Odyssey system that Tyler Tech. designed and maintained did not perform access control checks upon these requests, the automated program was able to collect

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

approximately 48,000 intended-to-be-public California Bar Disciplinary Records as well as approximately 322,000 intended-to-be-non-public California Bar Disciplinary Records.

28.    After the automated program finished its collection of the California Bar Disciplinary Records, I performed a brief quality control check of the records retrieved.

29.    I do not recall the number of records that I briefly reviewed, but if I followed my standard practices, I likely briefly viewed between twenty and thirty of the California Bar Disciplinary Records for the sole purpose of performing a quality control check to ensure that the automated program had properly collected the records and to see if there were any other issues.

30.    I do not recall the exact records I briefly reviewed for quality control, nor do I recall any specific information contained in those records. I did not take notes on or otherwise record any information from the records I briefly reviewed. After my quality control check and making the California Bar Disciplinary Records available on judyrecords, until the evening of February 26, 2022, I did not take any other action with respect to the records I briefly reviewed or information they contained.

31.    Of the California Bar Disciplinary Records I briefly reviewed, the records only contained docket information as displayed by the Odyssey system, I did not see any underlying documents, and I saw no indication that the records retrieved were anything other than records intended to be publicly available.

32.    As the quality control check did not reveal any issues or concerns with the public records the automated program had collected, the approximately 370,000 California Bar Disciplinary Records were added to the judyrecords website.

33.    Making direct case requests is the process I have followed for many other public records databases that constitute the hundreds of millions of public records available on

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

judyrecords. To name a few, judyrecords makes available records from Oklahoma Statewide

Courts, Wisconsin Statewide Courts, the District of Columbia Court of Appeals, Nevada Supreme

& Appellate Courts, Clayton County GA Courts, Cobb County GA Courts, Shawnee County

Kansas Courts, the Texas Department of Corrections, the Iowa Department of Corrections, the

United States Trademark Trial and Appeal Inquiry and the United States Patent and Trademark

Office. Despite using direct case requests for these public records databases, to this point issues of

non-public records being available on judyrecords have not occurred.

34.    The information contained within the records that were published on judyrecords

was the information that had been available on the Odyssey system case details page. This

information included at least the case title and the parties involved, but the California Bar would

know what information was available for specific records or types of records.

35.    Upon information and belief, based on information conveyed by the California Bar,

the case details page for records intended to be public contained more information than records

intended to be nonpublic.

**<u>Discovery of California Bar Disciplinary Records Intended to be Nonpublic on judyrecords</u>**

36.    The evening of February 26, 2022, I discovered allegations from online reports that

judyrecords had "hacked" the California Bar Disciplinary Records database after googling

judyrecords for recent mentions of the site on the Internet. I first discovered a news story[1] and also

---

[1]    *See* https://web.archive.org/web/20220227032659/https://www.pe.com/2022/02/26/260000-confidential-
attorney-discipline-records-published-after-data-breach-state-bar-says/

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

tweets[2] from the same journalist. After reading this news story, I also found the press release[3] the California State Bar had released.

37.    Immediately after reading the news article, tweets, and press release, I removed all the California Bar Disciplinary Records in the judyrecords search index and then contacted the California Bar to address the issue. In my initial contact I informed the California State Bar that all of the California Bar Disciplinary Records accessed and pulled by the automated program and subsequently published by judyrecords had been publicly available.

38.    The morning of February 28, 2022, as reflected in the emails and other documents accompanying this affidavit, I met with the California Bar to discuss the incident. The people at that meeting were Rick Rankin, the California Bar Chief Information Officer, Nick Albright, an IT security consultant from Emagined Security, and Steve Mazer, the California Bar's Chief Administrative Officer. At that meeting the California Bar stated that, based on their investigation, their current belief was that there had not been an unlawful or malicious hack, and they wanted to quickly understand more about how these records were available to judyrecords.

39.    Over the course of several subsequent communications, I shared the details of the direct access method and we concluded together that the California Bar Disciplinary Records Odyssey System, as designed and maintained by Tyler Tech., did not perform access control checks when the automated program, or anyone else, directly accessed California Bar Disciplinary Records with the direct URL.

---

[2]    *See* https://web.archive.org/web/20220423200147/https://twitter.com/TheChalkOutline/status/1497769824474128386 and at https://web.archive.org/web/20220423200429/https://twitter.com/TheChalkOutline/status/1497791192049717248.
[3]    *See* https://web.archive.org/web/20220227005845/https://www.calbar.ca.gov/About-Us/News/News-Releases/state-bar-of-california-addresses-breach-of-confidential-data.

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

40.    This lack of access control checks in Tyler Tech's Odyssey system meant that California Bar Disciplinary Records that were intended to be nonpublic were in fact publicly accessible by any individual or program that entered the direct URL.

41.    This ability to directly access intended-to-be-nonpublic California Bar Disciplinary Records via the direct URL combined with the lack of access control checks being performed by Tyler Tech.'s Odyssey system, meant that even though judyrecords' automated program was designed and intended to only access publicly available records that were intended to be public, these intended-to-be-non-public records were inadvertently publicly available via this method.

**Corrective Actions Taken with California Bar**

42.    After the initial call with the California Bar, I began to work with Rick Rankin and Nick Albright to determine which California Bar Disciplinary Records intended to be nonpublic were retrieved by judyrecords and had been viewed on judyrecords, to remove the California Bar Disciplinary Records intended to be nonpublic from judyrecords, and to help the California Bar understand why this happened and how to mitigate and prevent any further publication of records intended to be nonpublic.

43.    An examination of the records intended-to-be-nonpublic in the California Bar Disciplinary Odyssey System and records that had previously been available on judyrecords revealed that of the approximately 370,000 California Bar Disciplinary Records that the judyrecords' automated program had collected, roughly 322,000 were intended to be nonpublic and roughly 47,000 were intended to be public.

44.    Although all approximately 370,000 California Bar Disciplinary Records had been available on judyrecords, the California State Bar's internal team and IT security consultants

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

determined, based on judyrecords Google analytics data and other page view data, that only approximately 1,034 of the records intended to be nonpublic showed evidence of a page view.

45.    As substantiated by the documents and communications that I have produced contemporaneously with this affidavit, I was in contact with Rick Rankin and Nick Albright as we worked to resolve the issues as described in paragraphs 39 – 44.

46.    I also communicated with Rick Rankin and Nick Albright through the encrypted messaging platform Signal. While I have produced some screenshots of these conversations, I may not have captured all of these communications through screenshots, and some may now have been deleted automatically by Signal.

47.    Through our cooperation, testing, and collaboration, Rick Rankin, Nick Albright, and myself were able to further confirm that it was the lack of access control checks in Tyler Tech's Odyssey system that had allowed the judyrecords automated program to collect records that the California Bar had intended-to-be-non-public and did not intend to allow to be publicly accessible. This cooperation, testing, and collaboration is substantiated by the documents and communications that I have produced concurrent with this affidavit.

**Corrective Actions Taken with Tyler Technologies**

48.    In addition to collaborating with the California State Bar and Emagined Security, I have also worked with Tyler Tech. to help them understand how the judyrecords automated program functioned and how records intended to be nonpublic were publicly available by their software through a lack of access control checks.

49.    The primary individual at Tyler Tech. that I worked with was Jeremy Ward, a Senior Director of Systems Engineering for Tyler Tech.

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

50.     As with the California Bar, I have collaborated with Tyler Tech. and offered to remove records of Tyler Tech client jurisdictions that were intended to be nonpublic but were publicly available due to the lack of access control in the Tyler Tech. Odyssey system.

51.     Judyrecords continues to collaborate with Tyler Tech. to mitigate further inadvertent exposure or publication of records that were intended-to-be-non-public.

52.     My communications with Tyler Tech. were through the Kiteworks encrypted email platform. I have produced all of the records that I have access to, but it is possible that some communications and documents exchanged between Tyler Tech. and myself were no longer accessible from my end at the time I collected and preserved my documents and communications. It is possible Tyler Tech. may have additional responsive communications and documents that include myself.

53.     In addition to communications through the Kiteworks encrypted email platform, I also initially communicated with Jeremy Ward on Reddit, and have provided screenshots of those communications.

**<u>Miscellaneous</u>**

54.     I have provided the public my thoughts, opinions, and information regarding my involvement in this matter on judyrecords, pdfs of which are produced concurrent with this affidavit. The representations I have made on these pages are consistent with the information contained within this affidavit, the documents and communications that I have produced, and are incorporated within this affidavit by reference through the date of the affidavit.

55.     Although I have provided information and data related to this matter from judyrecords to the California Bar and Tyler Tech., at no time have I been involved in or have knowledge of any internal discussions, decisions, or actions taken regarding these California Bar

Affidavit Executed in *John Roe 1, et al v. The State Bar of California, et al*

Disciplinary Records prior to February 26, 2022 and the only information related to this matter that I am in possession of is reflected in this affidavit or the documents and communications I have produced.

56.    I have informed all parties to this lawsuit, as of the date of this affidavit, that I have maintained an archived copy of the intended-to-be-non-public California Bar Disciplinary Records (the "Archived copy") that were available on judyrecords until I purged them from the website in March 2022. The Archived Copy is hosted on the dedicated server for judyrecords in Canada. I have access to, and would be able to provide access to a third-party, these records if there is a dispute regarding which records were or were not available on judyrecords.

57.    The documents and communications I have produced concurrent with this affidavit are the only documents and communications I possess that are relevant to this lawsuit.

58.    I provide this affidavit as a fact witness and should not be considered an expert witness for any of the matters or issues related to this dispute.

I affirm, under the penalties for perjury, pursuant to the laws of the State of California and federal law that the foregoing representations are true.

Date: May 3, 2022

Kevan Schwitzer, Creator and Operator of judyrecords.com

11

SAMPLE COMMUNICATIONS

This message contains confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.

---

**From:** Kevan Schwitzer <kevanschwitzer@gmail.com>
**Sent:** Sunday, February 27, 2022 15:52
**To:** Rankin, Rick <Rick.Rankin@calbar.ca.gov>
**Subject:** Re: ca state bar confidential data publicly accessible

Sounds good. However, I would like to ask that you provide clarity on whether there is any belief that any kind of unlawful, malicious, or hacking activity has taken place.

If anyone believes this is the case, it's important that I know because it would be reckless to join a meeting about the issue with that backdrop.

On Sun, Feb 27, 2022 at 5:37 PM Rankin, Rick <Rick.Rankin@calbar.ca.gov> wrote:

> Thank you for your speedy reply. I'll send out an invite later today for our call.
>
> Let's discuss our press release in the context of the situation in it's entirety tomorrow. I'm sure we can figure this all out together.
>
> Again, thank you for your quick reply. We look forward to speaking with you tomorrow.
>
> Rick
>
>
> --
>
> **Rick Rankin** | IT Director (Interim)
> The State Bar of California
> 180 Howard St. | San Francisco, CA 94105
> 845 S. Figueroa St. | Los Angeles, CA 90017
> 213-393-6725
>
> **NEW!** Schedule time wi h me HERE
>
> This message contains confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.

---

**From:** Kevan Schwitzer <kevanschwitzer@gmail.com>
**Sent:** Sunday, February 27, 2022 15:30
**To:** Rankin, Rick <Rick.Rankin@calbar.ca.gov>
**Subject:** Re: ca state bar confidential data publicly accessible

Also, the language in the original press release suggested there have been "unlawful activities". Is there any belief at this point that any kind of hacking or unlawful activities have taken place?

I've posted on the info page details where this information was publicly accessible.

**Schwitzer000000100**

4/17/22, 4:51 PM                                    TylerTechnologies KiteWorks

Get the mobile app          Last web login:
                            Apr 15, 2022 4:26 pm        

---

Reply all          Forward          Move to Trash          Print

## Re:a few thoughts

 jeremy.ward@tylertech.com
Mar 07, 2022, 2:49 PM
judyrecordssite@gmail.com
No attachments

---

That is a very good point. I'm hoping that we can use CA Bar as an example of what can be done here once they have the right information.

---

On Mon, Mar 07, 2022 at 02:18 PM judyrecordssite@gmail.com wrote:
Also, just a few thoughts.

I believe CA Bar is basically already close to finishing their analysis of the exposure. To the extent that they are able to say that only say 600 cases were exposed, esp. compared to the numbers that were thrown out individually, I think that can be a big win as far as being able to pigging back on Cal Bar's analysis, as well as being able to point to their ability to specifically determine which cases were affected.

They were basically able to tie up loose ends with the investigation/analysis portion within 1 week. In my opinion, that's incredible for being able to give other jurisdictions a similar level of confidence both in scope and ability to take appropriate action for the exact affected cases.

Schwitzer000000626