COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT J. ANDERSON (318539) (banderson@cooley.com)
WALTER C. WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-SSS-DFM<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom: 2<br>Judge: Hon. Sunshine S. Sykes |

Pursuant to paragraph 10 of the Court's Reassignment Order filed by the Court on June 29, 2022 in the above-captioned case, (Dkt. 48), Plaintiffs and Defendants The State Bar of California, Tyler Technologies, Inc. ("Tyler"), and Rick Rankin, by and through their respective counsel of record (collectively, the "Parties"), hereby provide their Joint Case Management Statement.

### a. Filing Date

PLAINTIFFS' POSITION:

Plaintiff generally accepts Defendants' position below.

DEFENDANTS' POSITION:

Plaintiffs filed this case in California state court on March 18, 2022. Tyler removed the case to this court on May 13, 2022. (Dkt. 1.)

### b. Description of Parties

PLAINTIFFS' POSITION:

Plaintiffs are class representatives consisting of attorney members, one former judge, and complainants whose identities were breached, representing the 300,525 other members and complainants that had their confidential records publicized on the internet.

The State Bar is not organized under the California Constitution. It is organized under the State Bar Act (see Bus & Prof Code § 6001).

Tyler Technologies is the vendor who sold their software system called Odyssey to the State Bar. It was the portal and failure to institute proper checks that led to making all of the confidential investigations and matters public at the State Bar.

Rick Rankin is the interim Information Technology Director for the State Bar.

DEFENDANTS' POSITION:

Plaintiffs are five anonymous individuals who are allegedly either (a) attorneys who have been the subject of a State Bar disciplinary proceeding or (b) individuals who have submitted complaints against attorneys, *i.e.*, complaining witnesses.

The State Bar is a public corporation organized under the California Constitution as an administrative arm of the California Supreme Court for the licensing and regulation of attorneys.

Tyler is a software company that created and maintains the Odyssey Portal, an online case management system used by the State Bar.

Mr. Rankin is an independent contractor hired by the State Bar as its interim IT Director.

**c.     Summary of Claims**

PLAINTIFFS' POSITION:

This is a data breach case wherein the State Bar of California did not care to protect the members who were breached displaying what some may consider to be anticompetitive animus. The breach included members who had medical issues in addition to confidential investigations that the State Bar instituted, in at least one instance the information included the member's social security number. The description of the causes of action listed below by Defendants' is generally accepted by plaintiffs.

DEFENDANTS' POSITION:

This case arises from a third party's harvesting and posting of limited nonpublic docket-level information about attorney disciplinary complaints filed with the State Bar and hosted on the Odyssey Portal. Plaintiffs have asserted seven claims:

<u>Claim One</u>: Violation of the California Information Practices Act, Cal. Civ. Code §1798, against the State Bar, for which Plaintiffs seek injunctive relief, actual and general damages, costs, attorney fees, and any further relief the Court would deem appropriate and just.

<u>Claim Two</u>: Invasion of privacy under article I, section 1 of the California Constitution, against all Defendants, for which Plaintiffs seek injunctive relief, costs, attorney fees, and any further relief the Court would deem appropriate and just.

<u>Claim Three</u>: Invasion of privacy under the California Information Practices

Act, Cal. Civ. Code §1798.53, against Tyler and Does 4 through 10, for which Plaintiffs seek actual and general damages, costs, exemplary damages of at least $2,500 per Plaintiff and class member, attorney fees, and any further relief the Court would deem appropriate and just.

Claim Four: Violation of section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, against the State Bar, Tyler, and Does 4 through 10, for which Plaintiffs seek actual and general damages, costs, attorney fees, treble damages, and any further relief the Court would deem appropriate and just.

Claim Five: Violation of section 3 of the Sherman Antitrust Act, 15 U.S.C. § 3, against the State Bar, Tyler, and Does 4 through 10, for which Plaintiffs seek injunctive relief, actual and general damages, costs, attorney fees, treble damages, and any further relief the Court would deem appropriate and just.

Claim Six: Negligence under California state common law against the State Bar, Tyler, and Mr. Rankin, for which Plaintiffs seek actual and general damages, costs, and any further relief the Court would deem appropriate and just.

Claim Seven: Negligence *per se* under California state common law against all Defendants, for which Plaintiffs seek actual and general damages, costs, and any further relief the Court would deem appropriate and just.

d. **Description of Events Underlying the Action**

PLAINTIFFS' POSITION:

In or about 2019, sometime after March 16, 2018, the State Bar of California intentionally transferred some or all their confidential records contained in their AS 400 Case Management System to a new Case Management System referred to as "Odyssey" which it purchased for approximately $3 million from Tyler Technologies. From that time forward, all confidential records maintained by the Office of Chief Trial Counsel were open for the public to scrape from the State Bar website because the State Bar, its interim Director of IT and Tyler Technologies all failed to adequately test and secure the information. On or about February 21, 2022 the State Bar was

notified by a complainant on the East Coast that the confidential records could be viewed in a free public records database called JudyRecords.com online. When members asked if the breach pertained to their information the State Bar refused to give out the information on the grounds it was confidential. When the State Bar started receiving government tort claims, they started to sweep it all under the rug and obfuscate what actually occurred. The existence of the record at all – is what is confidential. These records include everything from members who were being investigated based on an allegation of misconduct that was not public to members who may have had a medical issue. The State Bar's own notice admits that at least one social security number was found in the public domain. Social security numbers are not normally found on "dockets." More importantly, it is not the particular information in the record that is important. It is just knowing that the record exists is the harm. For example, if the FISA court suffered a data breach, every person ever investigated by the FISA court as being a potential terrorist out there in the wild whether legitimate or not would surely taint the reputation and haunt that person forever leading to reputation loss, job loss, even extortion or threats. The same is true for confidential records where they exist in the State Bar whether legitimate or not would surely taint the reputation and haunt that attorney forever leading to reputation loss, job loss, even extortion or threats. Importantly, these confidential matters include sensitive medical issues that may confront a member. The State Bar has the uncanny ability to investigate and suspend a member for not only a mental health issue, but also for drug or alcohol abuse, or even a physical medical condition. Those are all part of the same confidential records residing in Odyssey that was breached from the Office of Chief Trial Counsel.

But, the State Bar, Rick Rankin and Tyler Technologies worried more about the message than trying to mitigate harm to the 322,525 people whose confidential records were released. It was not until on or about May 19, 2022 that it started sending out purported notices, but the notices obfuscated the breach fooling and beguiling some victims into believing their records were not available to the public since 2019.

1    Plaintiffs contend that this lack of proper response by the State Agency and Tyler Technologies was opportunistic and monopolistic in how they characterized the breach and dealt with the aftermath.

Tyler Technologies has a history of problem software solutions. For example, prior lawsuits show that its case management system employed in criminal cases had wrongfully detained persons who were not supposed to be in jail through, possibly, records and names being deleted from the releasee list.

Plaintiffs settled with former Defendant Kevan Schwitzer, the owner of JudyRecords in order to obtain the information he had before all evidence was tainted.

DEFENDANTS' POSITION:

Defendants' Position: The State Bar's mission is to protect the public and includes the primary functions of licensing, regulation, and discipline of attorneys; the advancement of the ethical and competent practice of law; and support of efforts for greater access to, and inclusion in, the legal system. A core part of the State Bar's disciplinary function includes reviewing and prosecuting, as necessary, ethics complaints against attorneys. To carry out these core functions, the State Bar uses the Odyssey Portal, an online case management system created and maintained by Tyler. The Odyssey Portal, which is accessible from the State Bar Court's website, allows interested individuals to view publicly filed documents from State Bar Court disciplinary proceedings, *i.e.*, once formal charges are filed.

On February 24, 2022, the State Bar learned that certain nonpublic attorney disciplinary data—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—had been harvested from the Odyssey Portal and posted on JudyRecords.com, a third-party website that aggregates court records and is managed by an individual named Kevan Schwitzer (the "Incident").[1]

---

[1] Plaintiffs named first JudyRecords.com, and then substituted Mr. Schwitzer, as a defendant in this case. (Dkt. 1-B.) Plaintiffs voluntarily dismissed Mr. Schwitzer on May 9, 2022. (Dkt. 26.)

1    The State Bar and Mr. Rankin—the principal of RPR Impact, LLC and an independent contractor acting as interim IT Director for the State Bar—swiftly responded to the Incident.  Among other things, they immediately disabled the Odyssey Portal, contacted the hosting provider and domain name registrar for JudyRecords.com to demand immediate removal of Docket Data, and then worked with Mr. Schwitzer to delete Docket Data from the site.  By February 26, 2022, JudyRecords.com had deleted all Docket Data from the site.  The State Bar promptly and transparently informed the public about the Incident by immediately issuing a press release and providing regular updates on a dedicated webpage, as well as directly informing the individuals associated with the publicly-disclosed Docket Data records.  The State Bar also informed the public that, during the time Docket Data was available on JudyRecords.com (an approximately four-month period between October 2021 and February 2022), only 1,034 records showed signs of having been viewed ("Viewed Records"), and only six of those viewed records contained the case type "Mental Health/Substance Abuse."

Defendants' investigation revealed that the Odyssey Portal had a previously-unknown vulnerability.  Due to that vulnerability, Mr. Schwitzer's data-scraping program collected both public records and Docket Data, which was not intended to be public.  As soon as Tyler was notified of the Incident, it addressed the security vulnerability, and the Odyssey Portal was back online by March 15.

Plaintiffs are five anonymous individuals who allege that the State Bar maintains disciplinary records that include their information in some way.  John Roe 1 and Jane Roe 1 allegedly filed complaints against attorneys.  Jane Roe 2, Jane Roe 3, and John Roe 2 allegedly are or were attorneys licensed to practice law in the State of California and the subjects of complaints.

Plaintiffs do not allege that Docket Data pertaining to them was affected in any way by the Incident, nor do they allege receiving notification letters from the State Bar stating that their Docket Data was viewed by anyone.  For example, Plaintiffs do

not specifically state that any information about them was released in the Incident, and if so, what that information was, who accessed it, and how this caused Plaintiffs to be negatively impacted. Additionally, the Viewed Records only contained certain surface-level Docket Data—specifically: case number, filing date, case type, case status, and respondent and complaining witness names. The Viewed Records did not contain any social security numbers, sensitive medical or health information, financial information, addresses, emails or other personal identifying information.

Plaintiffs do not identify any concrete action taken or expense they incurred to mitigate the Incident's purported effects. And nowhere do Plaintiffs allege that any particular action or expense would have been a reasonable and necessary response to this Incident, especially given Plaintiffs' awareness that the limited information at issue—the Docket Data—is not the type that can be used to steal someone's identity.

### e.  Description of Relief Sought

PLAINTIFFS' POSITION:

Plaintiffs are seeking monetary damages, injunctive relief, attorney fees and costs.

### f.  Status of Discovery

PLAINTIFFS' POSITION:

Plaintiff had served written discovery upon the Defendants when the case was proceeding in state court (California Superior Court, County of Orange). However, Tyler Technologies, with the consent of all defendants, removed the action to federal court before the defendants responded.

Plaintiffs did settle with Kevan Schwitzer and obtained the communications from him that he had with the other defendants.

Judge Carter's order when issuing the date for Scheduling Conference also allowed for discovery to take place, however, this case was then reassigned to this Court. As such, plaintiffs have not been able to get the discovery to move this case along.

1    DEFENDANTS' POSITION:

2        The Parties have not started discovery and have not stipulated to any discovery limits or cutoffs.

4        Defendants have each filed a motion to dismiss the First Amended Class Action Complaint ("FAC") that would entirely resolve the claims against them. (Dkts. 35, 36, 38.) In the interests of judicial efficiency and conserving the Court's and the Parties' limited resources, Defendants do not believe that discovery should begin until after the Court's resolution of those motions to dismiss.

9        Separately, contrary to Federal Rule of Civil Procedure 10(a), Plaintiffs fail to identify themselves in the FAC, and instead sue under Roe pseudonyms. Plaintiffs' counsel has not identified these Roe Plaintiffs to Defendants' counsel. Plaintiffs filed a motion for protective order requesting leave to proceed using fictitious names, (Dkt. 41), which Defendants opposed, (Dkt. 46). Without the Plaintiffs' identifying information, Defendants are unable to begin discovery into any of individual Plaintiffs' claims, including the threshold issue of whether any of Plaintiffs' information was included in a Viewed Record. As such, it would be improper to allow Plaintiffs to engage in unilateral discovery until this issue is resolved.

       **g.**     **Procedural History**

PLAINTIFFS' POSITION:

       Plaintiff's do not concede the removal was timely but generally accept the procedural outline by defendants below.

DEFENDANTS' POSITION:

       On March 18, 2022, Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2, and Jane Roe 3 filed a complaint in the Superior Court of the State of California for the County of Orange, a case captioned *Roe v. The State Bar of California*, Case No. 30-2022-01250695-CU-AT-CXC. (Dkt. 1, Ex. A.) As originally filed, the complaint named the State Bar, JudyRecords.com, an Employee Doe, and Does 1 through 10 as defendants. (*Id.*)

On March 24, Plaintiffs amended their complaint to substitute JudyRecords.com with Kevan Schwitzer. (Dkt. 1, Ex. B.) On March 25, Plaintiffs amended their complaint to substitute the fictitiously named defendant, Doe 1, with the true name of the party, Tyler. (Dkt. 1, Ex. E.) On April 13, Plaintiffs filed the FAC. (Dkt. 1, Ex. H.) Among other changes, the FAC: (1) added an additional anonymous plaintiff, John Roe 2; (2) substituted a fictitiously named defendant, the Employee Doe, with the true name of an individual, Rick Rankin; (3) eliminated two causes of action alleging violations of Plaintiffs' rights to informational privacy and equal protection under 42 U.S.C. § 1983; (4) added Tyler to the list of Defendants against whom the Sherman Antitrust Act claims were asserted; (5) added causes of action for common law negligence and negligence *per se*; and (6) altered various other allegations.

On May 13, Tyler timely filed a Notice of Removal in the United States District Court for the Central District of California. (Dkt. 1.) All properly joined and served Defendants consented to the removal. Plaintiffs did not move to remand.

On May 19, the Parties stipulated to a briefing schedule for Defendants to submit motions to dismiss, (Dkt. 23), and on June 6, the State Bar, Tyler, and Mr. Rankin each filed a motion to dismiss the FAC. (Dkts. 35 (Tyler's motion and related filings), 36 (Rankin's motion and related filings), 38 (the State Bar's motion and related filings).) On July 6, 2022, Plaintiffs filed oppositions to each of the State Bar's, Tyler's, and Mr. Rankin's motions to dismiss the FAC. (Dkts. 54–56.) Pursuant to the Court's reassignment order, (Dkt. 48), each Defendant has re-noticed its motion to dismiss for September 16, (Dkts. 51–53).

As noted, on June 14, Plaintiffs moved for a protective order, requesting that the Court grant leave for Plaintiffs to proceed using fictitious names. (Dkt. 41.) Defendants filed a joint opposition on June 27. (Dkt. 46.) On June 23, Plaintiffs moved to a disqualify the law firm Wagstaffe, Von Lowenfeldt, Busch & Radwick from representing the State Bar. (Dkt. 42.) The State Bar also intends to oppose that

motion. Plaintiffs have re-noticed their motion for a protective order and motion to disqualify for September 16. (Dkts. 58–59.)

### h. Deadlines Surviving Reassignment

PLAINTIFFS' POSITION:

Plaintiffs generally accept Defendants' position below.

DEFENDANTS' POSITION:

Pursuant to the Parties' stipulated briefing schedule, Defendants' reply briefs in support of their motions to dismiss are due on July 25, 2022. (Dkt. 23 at 2.) No other deadlines were in place before reassignment.[2]

### i. Vacated Conferences and Trial Dates

PLAINTIFFS' POSITION:

Plaintiffs generally accept Defendants' position below.

DEFENDANTS' POSITION:

The Court's Reassignment Order vacated a Scheduling Conference that was scheduled to occur on August 8, 2022, and a Conference of the Parties pursuant to Federal Rule of Civil Procedure 26(f) that was scheduled to occur at least twenty-one days before the Scheduling Conference. (Dkt. 45.) No other conference or trial dates were vacated pursuant to the Court's Reassignment Order.

### j. Consenting to Magistrate

PLAINTIFFS' POSITION:

Plaintiffs consent to proceeding before the Magistrate.

DEFENDANTS' POSITION:

Defendants consent to the jurisdiction of Magistrate Judge Douglas F. McCormick to conduct all further proceedings in this case, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure

---

[2] The Parties agree that the deadlines for the State Bar's opposition to the motion to disqualify and Plaintiffs' reply briefs in support of their motions are set by the Local Rules from the date that Plaintiffs' re-noticed pursuant to the Court's reassignment order (September 16) and thus are not deadlines that "survived" the reassignment.

73(b). Defendants will contact Plaintiffs to coordinate filing a joint Statement of Consent to Proceed Before a United States Magistrate Judge.

      **k.**    **Case Management Conference**

PLAINTIFFS' POSITION:

Plaintiffs generally accept Defendants' position below.

DEFENDANTS' POSITION:

Defendants do not believe that a case management conference is necessary until after the Court resolves Defendants' motions to dismiss.

      **l.**    **Case Schedule Relief**

PLAINTIFFS' POSITION:

There has been no scheduling conference yet.

DEFENDANTS' POSITION:

Defendants do not seek any immediate relief regarding the case schedule.

      **m.**    **Other**

PLAINTIFFS' POSITION:

Plaintiffs were going to file for preliminary injunctive relief, but the case was reassigned. If this Court would entertain a date earlier than September 16, 2022 that would be appreciated by the Plaintiffs.

DEFENDANTS' POSITION:

Defendants will oppose any motion for preliminary injunctive relief. In addition to the fact that more than four months have passed since Plaintiffs filed their Complaint, there is no basis for such a request. All allegedly confidential material previously posted to judyrecords.com was permanently removed from the website by February 27, 2022. Additionally, the Odyssey Portal security vulnerability was promptly remediated by Tyler, and the State Bar has notified impacted individuals. As such, there is no need for any injunctive relief.

| | | |
|---|---|---|
| 1 | Dated: July 14, 2022 | COOLEY LLP |
| 2 | | */s/Tiana Demas* |
| 3 | | Tiana Demas |
| 4 | | *Attorneys for Defendant*<br>THE STATE BAR OF CALIFORNIA |
| 5 | | |
| 6 | | *The filer, Tiana Demas, attests that the other signatories listed, on whose behalf the filing also is submitted, concur in the filing's content and have authorized the filing.* |
| 7 | | |
| 8 | | |
| 9 | Dated: July 14, 2022 | K&L GATES LLP |
| 10 | | */s/Beth Petronio* |
| 11 | | Beth Petronio<br>*Attorneys for Defendant* |
| 12 | | TYLER TECHNOLOGIES, INC. |
| 13 | Dated: July 14, 2022 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 14 | | |
| 15 | | */s/Michael A. Gold* |
| 16 | | Michael A. Gold<br>*Attorneys for Defendant* |
| 17 | | RICK RANKIN |
| 18 | Dated: July 14, 2022 | LAW OFFICES OF LENORE ALBERT |
| 19 | | */s/Lenore L. Albert* |
| 20 | | Lenore L. Albert |
| 21 | | *Attorney for Plaintiffs*<br>John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, on behalf of themselves and all others similarly situated |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |