Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Beth W. Petronio, admitted *pro hac vice*
beth.petronio@klgates.com
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Facsimile: (214) 939-5849

Attorneys for Defendant
Tyler Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC., a Delaware corporation; KEVAN SCHWITZER, an individual; RICK RANKIN, an individual; and DOES 4 through 10, inclusive,

Defendants.

Case No. 8:22-cv-00983-DFM

**TYLER TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[Assigned to Hon. Douglas F. McCormick, Courtroom 6B]

Hearing Date: September 16, 2022
Time: 2:00 p.m.

# TABLE OF CONTENTS

**I. INTRODUCTION ..... 1**

**II. ARGUMENT ..... 1**

**A. The FAC Fails to State a Claim for Constitutional or Common Law Invasion of Privacy ..... 1**

**B. The Roe Plaintiffs Did Not Allege a Statutory IPA Claim Against Tyler ..... 6**

**C. The Roe Plaintiffs Fail to Properly Allege Any Antitrust Claim ..... 6**

**D. The Roe Plaintiffs Fail to State a Claim for Negligence ..... 9**

**E. Plaintiffs' Negligence *Per Se* "Claim" Is Not a Standalone Claim ..... 10**

**F. Anonymous Pleading is Improper ..... 11**

**G. Leave to Amend Would be Futile ..... 11**

**III. CONCLUSION ..... 11**

# TABLE OF AUTHORITIES

## Cases

*Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991 (9th Cir. 2010) .......... 9

*Belluomini v. Citigroup, Inc.*, No. CV 13-01743 CRB, 2013 WL 3855589 (N. D. Cal., July 24, 2013) .......... 4

*Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) .......... 14

*Catlin v. Wash. Energy Co.*, 791 F.2d 1343 (9th Cir. 1986) .......... 9

*Columbus Univ. v. Tummala*, 2022 WL 1492167 (C.D. Cal. Feb. 8, 2022) .......... 5

*Corales v. Bennet*, 567 F.3d 554 (9th Cir. 2009) .......... 12

*Doe v. U.S. Healthworks Inc.*, No. CV 15-05689 SJO, 2016 WL 11745513 (C.D. Cal., Feb. 4 2016) .......... 14

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014-GPC-BLM, 2016 WL 6523428 (S.D. Cal., Nov. 3, 2016) .......... 8, 13

*Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044 (E.D. Cal. 2008) .......... 5

*Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1 (1994) .......... 6

*Holly v. Alta Newport Hosp., Inc.*, No. 2:19-cv-07496-ODW (MRWx), 2020 WL 1853308 (C.D. Cal., Apr. 10, 2020) .......... 13

*In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......... 7

*In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016 (N.D. Cal. 2014) .......... 4, 8

*Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 4, 8

*McDonald v. Aps*, 385 F. Supp. 3d 1022 (N.D. Cal. 2019) .......... 7

*McGarry v. Sax*, 158 Cal. App. 4th 983 (2008) .......... 12

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988). .......... 11

*Naso v. Park*,
850 F. Supp. 264 (S.D.N.Y. 1994) .......... 11

*People of Cal. v. Kinder Morgan Energy Partners, L.P.*,
569 F. Supp. 2d 1073 (S.D. Cal. 2008) .......... 13

*Razuki v. Caliber Home Loans, Inc.*,
No. 17cv1718-LAB (WVG),
2018 WL 2761818 (S.D. Cal., June 8, 2018) .......... 6

*Rebel Oil Co. v. Atl. Richfield Co.*,
51 F.3d 1421 (9th Cir. 1995) .......... 10

*Ruiz v. Gap, Inc.*,
540 F. Supp. 3d 1121 (N.D. Cal. 2008),
*aff'd*, 380 Fed. App'x 689 (9th Cir. 2010).......... 8

*Samia v. Experian Info. Sols.*,
21-cv-1015-WVG, 2022 WL 298369 (S.D. Cal. Feb. 1, 2022) .......... 13

*Schmitt v. SN Servicing Corp.*,
No. 21-CV-03355-WHO, 2021 WL 5279822 (N.D. Cal. Nov. 12, 2021).......... 7

*Shapiro v. AT&T Mobility, LLC*,
No. 2:19-CV-8972-CBM-FFM,
2020 WL 4341778 (C.D. Cal., May 18, 2020).......... 8

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 7

*U.S. Philips Corp. v. KXD Tech. Inc.*,
No. CV 05-8953 ER (PLAx),
2006 WL 8421895 (C.D. Cal. Sept. 14, 2006) .......... 10

*Wheeler v. City of Santa Clara*,
894 F.3d 1046 (9th Cir. 2018) .......... 14

*Williams v. City of Long Beach*,
2:19-cv-05929-ODW (AFMx),
2021 WL 4442426 (C.D. Cal. May 14, 2021).......... 13

*Willis v. Santa Ana Community Hospital*,
58 Cal. 2d 806 (Cal. 1962).......... 11

**Statutes**

Cal. Bus. & Prof. Code § 6060.2(a) ..... 5
Cal. Bus. & Prof. Code § 6086.1(b) ..... 5
Cal. Bus. & Prof. Code § 6090.6 ..... 5
Cal. Bus. & Prof. Code § 6168 ..... 5
Cal. Bus. & Prof. Code § 6200 ..... 5
Cal. Bus. & Prof. Code § 6234 ..... 5
15 U.S.C. § 3 ..... 11

# I. INTRODUCTION

The Roe Plaintiffs' First Amended Complaint (the "FAC") is fatally flawed in numerous ways and fails to state any cognizable claims against Tyler. The Roe Plaintiffs' Opposition to Defendant Tyler Technologies' Motion to Dismiss (the "Opposition;" Dkt. 55) does nothing to establish otherwise. Indeed, the Opposition fails to address various arguments raised in Tyler's Motion to Dismiss (Dkt. 35) and often simply quotes or cites the same conclusory and legally-insufficient allegations from the FAC without any effort to explain how or why they actually state a claim.

The Roe Plaintiffs' privacy claims fail because they have not alleged a legally protected privacy right or a serious, egregious invasion of that right. Indeed, the Roe Plaintiffs have not alleged that any sensitive information specific to them was disclosed, much less accessed or viewed by a member of the public. The Roe Plaintiffs' negligence claims similarly fail because they have not sufficiently alleged a duty owed by Tyler and cannot allege anything more than mere speculative and potential damages. Finally, the Roe Plaintiffs' antitrust claims are nonsensical and amount to nothing more than a complaint regarding how the State Bar handles disciplinary matters. Neither the FAC nor the Opposition come remotely close to articulating how that would rise to the level of an antitrust claim against Tyler. Tyler's Motion to Dismiss should be granted in full and, because amendment would be futile, leave to amend should be denied.

# II. ARGUMENT

## A. The FAC Fails to State a Claim for Constitutional or Common Law Invasion of Privacy

The California Constitution and common law each set a "high bar" for establishing an invasion of privacy claim. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)*; see also In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014), *citing Belluomini v. Citigroup, Inc.*, No. CV 13-01743 CRB, 2013 WL 3855589, at *6 (N. D. Cal., July 24, 2013). Here, Plaintiffs cannot meet that high bar as a matter of law.

First, the Roe Plaintiffs have failed to allege a legally protected privacy interest. The Opposition offers two new and related theories regarding how this disclosure supposedly involves a legally protected privacy interest. The Opposition contends that (i) "[t]he existence of these investigations and cases qualifies as confidential as a matter of law because such are statutorily designated as confidential under the State Bar Act codified in the California Business & Professions Code;" and (ii) "the existence of the document itself" is confidential." (Opposition, p. 5.) As an initial matter, these theories appear nowhere in the FAC, and the Court should not permit the Roe Plaintiffs to effectively amend their complaint via the Opposition. *Columbus Univ. v. Tummala*, 2022 WL 1492167, at *6 (C.D. Cal. Feb. 8, 2022) ("the complaint may not be amended by briefs in opposition to a motion to dismiss"); *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("statements in [an] opposition brief cannot amend the Complaint").

Even if the Court considers these new theories, they do not establish a legally-protected privacy right under these circumstances. Importantly, the Roe Plaintiffs fail to cite a single case that supports the suggestion that matters statutorily designated as confidential automatically give rise to a legally protected privacy interest. Moreover, as the Opposition recognizes, even the confidentiality statutes addressing disciplinary records permit disclosure of the information under various circumstances, including when formal charges are filed. *See, e.g.,* Cal. Bus. & Prof. Code § 6090.6 (disclosure of certain information with notice); § 6168 (disclosure after subsequent proceedings); § 6086.1(b) (investigations confidential until formal charges or proceedings are filed).[1] Nowhere in the FAC do the Roe Plaintiffs plead that the Case Data allegedly disclosed was not otherwise publicly available based on the filing of formal proceedings or some other permitted disclosure.

[1] A number of the specific sections of the California Business & Professions Code cited by the Roe Plaintiffs (Opposition, p. 4) have nothing whatsoever to do with confidentiality of disciplinary records. Instead, they address confidentiality in other contexts. *See, e.g.,* Cal. Bus. & Prof. Code § 6060.2(a) (investigations of applicants to State Bar); § 6200 (arbitration); § 6234 (Attorney Diversion and Assistance Program).

Nor is there any basis to support the allegation that the mere existence of a disciplinary record is what is confidential.[2] As noted, there are many circumstances under which the existence of a disciplinary record might become public. And, even if the existence of the record were confidential, the FAC still has not alleged how that constitutes a legally protected privacy interest as either a legal or factual matter.

In fact, the Roe Plaintiffs have simply ignored the limited nature of this disclosure. The information disclosed on JudyRecords.com was non-substantive Case Data—case number, filing date, case type, case status, and respondent and complaining witness names. The Roe Plaintiffs have failed to allege how this Case Data would be considered sensitive confidential data, even in light of the statutes cited. Importantly, the Roe Plaintiffs have also failed to allege what specific information pertaining to them was disclosed publicly or whether any member of the public actually accessed and viewed information regarding any specific Plaintiff.[3] The Roe Plaintiffs' conclusory allegations do not suffice. In the absence of an allegation that any of the Roe Plaintiffs had a legally protected privacy interest, this Court should dismiss the invasion of privacy claim.

Second, Roe Plaintiffs have not properly pled a serious invasion of privacy.[4] As a matter of law, "[l]osing personal data through insufficient security doesn't rise to the level of an egregious breach of social norms underlying the protection of sensitive data." *Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB (WVG), 2018 WL 2761818, at *2 (S.D. Cal., June 8, 2018). "Even negligent conduct that leads to theft of highly

---

2 This assertion in the Opposition is inconsistent with the allegation in the FAC that the allegedly actionable disclosure was the "details" of the disciplinary records. (FAC ¶ 25.)

3 Because the Roe Plaintiffs have chosen, in violation of Federal Rule of Civil Procedure 10(a), to proceed anonymously without pre-approval of the Court, there is no way to confirm whether any of their information was accessed, and, if so, whether what was accessed was legally protected information.

4 As an initial matter, the Opposition asserts that this "element is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6)." (Opposition, p. 8). However, where the "undisputed material facts show . . . an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 40 (1994).

personal information, including social security numbers, does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiff's right to privacy." *Id.*, *quoting In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012); *see also Schmitt v. SN Servicing Corp.*, No. 21-CV-03355-WHO, 2021 WL 5279822, at *4 (N.D. Cal. Nov. 12, 2021) (finding even negligent data breach exposing personal and financial information, including names, addresses, loan numbers, balance and billing information, not sufficient to state a claim).

With regard to this element, the Opposition refers to one conclusory allegation in the FAC: that Tyler's conduct was a serious invasion of privacy because the "records were confidential" and, thus, public disclosure would be "highly offensive to an objective reasonably person." (Opposition, p. 8.)[5] But, "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Opposition also points out that "[c]riminal conduct is not required." (Opposition, p. 6, citing *McDonald v. Aps*, 385 F. Supp. 3d 1022, 1036 (N.D. Cal. 2019).)[6] Tyler has not argued, however, that that the Roe Plaintiffs must allege criminal conduct. Instead, where the FAC states—at best—alleged negligence against Tyler (*see* FAC ¶¶ 112-120)[7], such allegations are, as a matter of law, insufficient to rise to the

---

[5] The Opposition also cites to Paragraphs 38-41 and 61 of the FAC, but none of those paragraphs include allegations related to or establishing a serious invasion of privacy. Instead, these allegations, which are themselves conclusory, relate to potential harms that "could" happen based on a disclosure and other unrelated disclosures of data by the State Bar.

[6] *McDonald* does nothing to aid the Roe Plaintiffs here. That case involved an intrusion-upon-seclusion claim arising from the intentional collection of behavioral data from children through various mobile gaming applications. The case did not even analyze whether such collection constituted a serious invasion of privacy, much less discuss a distinction between negligent and criminal actions. Moreover, the complaint included what the court described as "detailed and specific allegations" about why the intrusions would be highly offensive to a reasonable person. That is not the case here.

[7] Tyler does not concede that its conduct here was negligent. Still, the FAC does at least allege negligence; it does not allege any intentional effort by Tyler to obtain and disclose sensitive personal information of the Roe Plaintiffs.

level of an egregious breach of social norms required to state a claim under either the California Constitution or common law. *See, e.g, Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014-GPC-BLM, 2016 WL 6523428, at *12 (S.D. Cal., Nov. 3, 2016) ("Plaintiff fails, for example, to allege any facts that would suggest that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one.").

It is also insufficient to make the conclusory allegation that the breach was "egregious" simply because it involved allegedly confidential information. (Opposition, p. 6.) "Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *In re Yahoo*, 7 F. Supp. 3d at 1038; *see also Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778, at *2 (C.D. Cal., May 18, 2020) ("The alleged disclosure of . . . personal, business, legal, and financial information does not constitute an egregious breach of social norms."); *In re iPhone,* 844 F. Supp. 2d at 1063 (disclosure of personal data did not constitute an egregious breach of privacy); *Ruiz v. Gap, Inc.*, 540 F. Supp. 3d 1121, 1127-28 (N.D. Cal. 2008), *aff'd*, 380 Fed. App'x 689 (9th Cir. 2010) (theft of laptop containing personal information, including social security numbers, was not egregious breach of privacy).

In addition, under these circumstances, where the Roe Plaintiffs have not alleged that their limited Case Data was accessed and viewed by any member of the public, they have failed to sufficiently allege a serious invasion of privacy. *See, e.g., Low*, 900 F. Supp. 2d at 1025 (N.D. Cal. 2012) (refusing to find serious invasion of privacy where plaintiffs could not allege that third parties actually obtained or viewed any confidential information).

The Roe Plaintiffs have failed to allege a sufficient factual basis to state a claim for either constitutional or common law invasion of privacy. The Court should dismiss those claims with prejudice.

///

**B. The Roe Plaintiffs Did Not Allege a Statutory IPA Claim Against Tyler**

The Opposition includes an argument regarding a statutory claim against Tyler under the Information Practices Act ("IPA"). (Opposition, pp. 7-8.) However, the FAC did not assert such a claim against Tyler. (*See* FAC, p. 9 (asserting IPA claim "Against Defendant State Bar of California").) The Court should disregard this portion of the Opposition.[8]

**C. The Roe Plaintiffs Fail to Properly Allege Any Antitrust Claim**

With regard to the Roe Plaintiffs' Sherman Act antitrust claims, all the Opposition does is state the elements of a Section 2 monopolization claim and then quote various portions of the FAC. (Opposition, pp. 9-10.) The Opposition utterly fails to explain how the confusing and conclusory allegations that are quoted or cited properly state an antitrust claim. At bottom, the Roe Plaintiffs appear to believe that the State Bar unfairly targets solo practitioners for disciplinary action. (*See* Opposition, p. 12). Even if that were true, it does not give rise to an antitrust claim in general, and certainly not to one against Tyler.

To succeed on a Section 2 claim, a plaintiff must establish "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal anti-trust injury." *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998 (9th Cir. 2010). Attempted monopolization under Section 2 requires that a plaintiff allege "(1) specific intent to monopolize a relevant market; (2) predatory or anticompetitive conduct; and (3) a dangerous probability of success." *Catlin v. Wash. Energy Co.*, 791 F.2d 1343, 1348 (9th Cir. 1986). Here, Plaintiffs have not sufficiently alleged any of these elements.

---

8 Similarly, the Court should not consider the Declaration of Kevan Schwitzer, dated May 3, 2022, that is attached to Roe Plaintiffs' Request for Judicial Notice (Dkt. No. 57), which was filed simultaneously with the Opposition. The Declaration and its contents are not referenced anywhere in the Opposition or otherwise made part of the Roe Plaintiffs' arguments. Thus, for purposes of Tyler's Motion, the Court need not consider the Schwitzer Declaration.

First, the Roe Plaintiffs have failed to properly plead monopoly power or an intent to monopolize in a relevant market. It is not sufficient to merely state that "[t]he market in this case is comprised of the approximately 250,000 members of the California State Bar." (FAC ¶ 85; Opposition, p. 10.)[9] Even if this conclusory allegation were appropriate, the FAC fails to allege that Tyler (or any of the other Defendants) compete in that market (indeed, none of the Defendants practices law), much less that Tyler or any other Defendant "own a dominant share of that market." *U.S. Philips Corp. v. KXD Tech. Inc.*, No. CV 05-8953 ER (PLAx), 2006 WL 8421895, at *2 (C.D. Cal. Sept. 14, 2006), *quoting Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995). The FAC fails to include any well-pled allegations that Tyler is in possession of monopoly power or poses a dangerous possibility of monopolizing the market for practicing law in California.

Second, the Roe Plaintiffs have failed to sufficiently allege actionable anticompetitive activity by Tyler. The FAC only includes the conclusory allegation that "Tyler Technologies and the State Bar joined in anticompetitive behavior which benefitted lawyers." (FAC ¶ 96.) Without more, this allegation is not sufficient. The FAC fails to allege that Tyler participated in setting monopolistic prices, attempted to gain market share in the relevant market, or otherwise took anticompetitive actions directed at the market for law practice in California. To the extent the Roe Plaintiffs are suggesting that the anticompetitive action giving rise to the monopoly was the disclosure of the Case Data, that action cannot form the basis of their claim. The Roe Plaintiffs readily admit that the State Bar's alleged monopolistic behavior existed prior

---

[9] The Opposition also references the allegation in paragraph 90 of the FAC that "Tyler Technologies had market power in the public sector by 2021." (Opposition, p. 10). That allegation, however relates to Tyler's alleged role as "the leading provider of digital services to state and federal government agencies." (FAC ¶ 90; Opposition, p. 10). That market is distinct from the legal market for members of the State Bar, which the Opposition identifies as the relevant market. (FAC ¶ 85; Opposition, p. 10). The contradiction and confusion regarding what market is even the subject of the Roe Plaintiffs' claims underscores the inadequacy of the antitrust claims. Even if the "digital services" market were the relevant market, the FAC contains no allegations that Tyler has monopoly power or that Tyler's alleged monopolization of that market has harmed the Roe Plaintiffs in any way.

to the disclosure of Case Data. (Opposition, pp. 11-12; *see also* Opposition, p. 15 ("The State Bar also has been doing this even before the data breach.").)

Third, to the extent they are alleging an actual monopoly, the Roe Plaintiffs have failed to plead an antitrust injury. An antitrust injury is "injury to the market or to competition in general, not merely injury to individuals." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 812 (9th Cir. 1988). Here, at most, the Roe Plaintiffs alleged only speculative, uncertain and potentially negative impacts on certain individual attorneys because clients *might* avoid hiring attorneys with disciplinary complaints. (*See, e.g.,* FAC ¶ 99.) This allegation does not rise to the level of an antitrust injury. The Opposition does nothing to address this issue other than to merely state that "there antitrust injury was born out of unlawful conduct." (Opposition, p. 11.) This is insufficient.

Finally, the Roe Plaintiffs' claim that purports to allege a violation of Section 3 of the Sherman Act must be dismissed. *Naso v. Park,* 850 F. Supp. 264, 272 n.6 (S.D.N.Y. 1994). Section 3 applies only to agreements made "in restraint of trade or commerce *in any Territory of the United States or the District of Columbia*." 15 U.S.C. § 3 (emphasis added). The alleged actions here were directed to California, not the District of Columbia or any Territory of the United States. The Opposition ignores the scope of Section 3 and instead argues that the FAC properly alleges a Sherman Act Section 1 violation and/or a "common law" antitrust claim. (Opposition, pp. 12-16.)[10] The Roe Plaintiffs, however, did not assert a Section 1 claim or any sort of common law antitrust claim; they expressly asserted an improper Section 3 claim. (FAC ¶¶ 106-111 (Defendants "violated Section 3 of the Sherman Act").) This claim fails as a matter of law.[11]

[10] The Roe Plaintiffs' Opposition cites *Willis v. Santa Ana Community Hospital*, 58 Cal. 2d 806, 810 (Cal. 1962) and suggests it is a similar Section 3 Sherman Act case. That case, however, was not a Sherman Act case and instead asserted claims pursuant to California's Cartwright Act.

[11] Even if the Roe Plaintiffs were to attempt to plead a Section 1 claim for restraint of trade, that claim would fail for many of the same reasons that the Section 2 claim fails. Because the Roe Plaintiffs have not plead a Section 1 claim, the Court can

**D. The Roe Plaintiffs Fail to State a Claim for Negligence**

To state a claim for negligence in California, a plaintiff must establish the following elements: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennet*, 567 F.3d 554, 572 (9th Cir. 2009), *citing McGarry v. Sax,* 158 Cal. App. 4th 983, 994 (2008). The Roe Plaintiffs have not adequately alleged any of these elements.

First, the Roe Plaintiffs have not sufficiently alleged that Tyler owed a duty directly to the Roe Plaintiffs. Instead, the FAC only superficially alleges the following conclusory statement: "Defendant Tyler Technologies voluntarily undertook to take responsibility for one or more of their Co-defendant's duties and/or owed the Plaintiffs and all members of the Classes a general duty of care when securing the confidential disciplinary records so it could not be accessed through the portal." (FAC ¶116.) The FAC, however, contains no facts to support this conclusion. The Roe Plaintiffs' conclusory and generalized allegations of a duty and nebulous breach of that duty are insufficient to state a claim. The Opposition does little to explain how the FAC's allegations are sufficient. The Roe Plaintiffs suggest that Tyler, as a vendor to the State Bar, was bound by the State Bar's duty to maintain proper security. (Opposition, p. 17.) This is the same bald allegation previously asserted in the FAC and, standing in isolation, is not sufficient. The FAC fails to allege the source of such a duty or what security measures would have been "proper."[12]

---

disregard those portions of the Opposition that address that claim. (Opposition, pp. 12-15.) Likewise, the Roe Plaintiffs have not asserted a "common law" claim for antitrust, as addressed on pages 15-16 of the Opposition, and the Court can disregard this portion of the Opposition as well.

[12] The Opposition purports to incorporate arguments regarding a "special relationship" from the Opposition to Rick Rankin's Motion to Dismiss. This is problematic for two reasons. First, the FAC does not allege a "special relationship" between Tyler and the Roe Plaintiffs (nor could it). (*See* FAC ¶ 118.) Second, incorporating all or parts of that Opposition would add numerous pages to the 21-page

Second, the FAC fails to allege anything more than speculative injury. For example, the Roe Plaintiffs allege that the public disclosure "*can* lead to reputation loss, job loss, [and] emotional distress" and that a "complainant *may* suffer in their employment" or that "any attorney *could* be harmed by others." (FAC ¶39) (emphasis added). The Roe Plaintiffs then make the conclusory allegation, unsupported by any facts, that they have suffered "harm…including, but not limited to, time, expense, worry, anxiety, reputational harm, and emotional distress." (FAC ¶41.)[13]

The Opposition suggests that the FAC properly alleges "emotional distress." (Opposition, p. 18.) However, "although actual damages can include emotional distress, a plaintiff must support [their] claim for pain and suffering with something more than [their] own conclusory allegations, such as specific claims of genuine injury." *See, e.g., Holly v. Alta Newport Hosp., Inc.*, No. 2:19-cv-07496-ODW (MRWx), 2020 WL 1853308, at *6 (C.D. Cal., Apr. 10, 2020). Indeed, the cases cited in the Opposition also support the conclusion that "a bald assertion of emotional distress [does not] suffice[] to show actual damages." (Opposition, p. 18, citing *Samia v. Experian Info. Sols.*, 21-cv-1015-WVG, 2022 WL 298369, at *5 (S.D. Cal. Feb. 1, 2022).) The Roe Plaintiffs' negligence claim should also be dismissed with prejudice.

**E. Plaintiffs' Negligence *Per Se* "Claim" Is Not a Standalone Claim**

In California, "negligence *per se* does not state an independent cause of action because '[t]he doctrine does not provide a private right of action for violation of a statute.'" *Dugas*, 2016 WL 6523428, at *12, *quoting People of Cal. v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008). The FAC fails to allege a negligence *per se* claim for the same reasons that the Roe Plaintiffs' negligence

---

Opposition to Tyler's motion and thus in effect allow Plaintiffs to far exceed the 25-page limit in Local Rule 11-6. The Court should not consider arguments not asserted in the Opposition as to Tyler. *Williams v. City of Long Beach*, 2021 WL 4442426, at *1 n.1 (C.D. Cal. May 14, 2021) ("[T]he Court will disregard the portion of Plaintiff's Opposition beyond the twenty-fifth page.").

[13] The Roe Plaintiffs' inability to allege any concrete damages makes sense given the fact that they also have not alleged that any of the Case Data accessed on JudyRecords.com actually related to any of the Roe Plaintiffs.

claim fails and because, as detailed above, the FAC does not properly allege that Tyler has violated a law or statute.

**F. Anonymous Pleading is Improper**

Contrary to the Opposition, it is improper under Federal Rule of Civil Procedure 10(a) to proceed pursuant to a pseudonym without leave of Court. A complaint filed in violation of that Rule is subject to dismissal. *See, e.g., Doe v. U.S. Healthworks Inc.*, No. CV 15-05689 SJO, 2016 WL 11745513, at *6 (C.D. Cal., Feb. 4 2016). On June 14, 2022, well after the Complaint was filed, the Roe Plaintiffs filed a Motion for Protective Order that seeks to proceed based on the pseudonyms. (Dkt. 41.) For the reasons given in Defendants' Opposition to that motion [Dkt. 46], leave should be denied and the FAC should be dismissed for this additional reason.

**G. Leave to Amend Would be Futile**

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Here, the Roe Plaintiffs cannot cure the pleading defects even if permitted an additional amendment. Plaintiffs have already amended the FAC once and do not "propose any specific allegations that might rectify their" pleading failures. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). As such, the complaint should be dismissed with prejudice.

**III. CONCLUSION**

In light of the foregoing, Tyler respectfully requests that the Court grant its motion, dismiss all of the Roe Plaintiffs' claims against Tyler with prejudice, and grant Tyler such other and further relief to which it may be entitled.

**K&L GATES LLP**

Dated: July 25, 2022

By: */s/ Zachary T. Timm*
Beth W. Petronio
Christina N. Goodrich
Zachary T. Timm

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.