COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT J. ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,

Defendants.

Case No. 8:22-cv-00983-DFM

**REPLY IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Courtroom: 6B
Judge: Hon. Douglas F. McCormick
Date: September 16, 2022
Time: 2:00 p.m.

1

**TABLE OF CONTENTS**

2
                                                                          **Page**

3   I.      INTRODUCTION ...................................................................... 1

4   II.     ARGUMENT ............................................................................ 2

5           A.    PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE IPA ........ 2

6                 i.    The State Bar Is Not Subject to the IPA ................................ 2

                  ii.   Plaintiffs Fail to Satisfy the CTCA ..................................... 3

7                 iii.  Plaintiffs Fail to Allege an Adverse Effect ............................. 3

8           B.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY
                  UNDER THE CALIFORNIA CONSTITUTION ............................... 4

9                 i.    Plaintiffs Fail to Plead a Serious Invasion of Their
                        Privacy ........................................................................ 4

10                ii.   Plaintiffs Fail to Plead a Legally Protected Privacy
                        Interest ........................................................................ 7

11
                  iii.  Plaintiffs Fail to Plead a Reasonable Expectation of
12                      Privacy ........................................................................ 9

13          C.    PLAINTIFFS FAIL TO STATE A CLAIM FOR EITHER NEGLIGENCE OR
                  NEGLIGENCE *PER SE* ...................................................... 10

14                i.    The CTCA Bars Plaintiffs' Negligence Claims ...................... 10

                  ii.   Plaintiffs Fail to Allege Duty ........................................... 10
15
                  iii.  Plaintiffs' Negligence Claims Fail for Lack of Injury ............ 13
16
                  iv.   Plaintiffs' Negligence *Per Se* Theory Is Unsupported ............ 14

17          D.    PLAINTIFFS FAIL TO STATE A SHERMAN ACT CLAIM ....................... 15

18                i.    Plaintiffs' Section 2 Allegations Fail to State a Claim ............ 16

                  ii.   The State Bar is Immune from Antitrust Liability .................. 19
19
                  iii.  Section 3 of the Sherman Act Does Not Apply ...................... 20
20
                  iv.   Plaintiffs Also Fail to State a Claim Under Section 1 ............. 20

21          E.    PLAINTIFFS' ANONYMOUS PLEADING IS IMPROPER ............................. 21

            F.    PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF ..................... 22
22
            G.    THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND ........ 22

23  III.    CONCLUSION ........................................................................ 23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

i

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*In re Adobe Systems, Inc. Privacy Litigation*,
5
   66 F. Supp. 3d 1197 (N.D. Cal. 2014)........................................................... 12, 13

*Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*,
6
   592 F.3d 991 (9th Cir. 2010) ....................................................................... 16

7

*Bell Atlantic Corp. v. Twombly*,
8
   550 U.S. 544 (2007) ...................................................... 15, 16, 17, 18

9

*Carrico v. City & Cnty. of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ...................................................................... 22

10

*Catlin v. Wash. Energy Co.*,
   791 F.2d 1343 (9th Cir. 1986)...................................................................... 16
11

12

*Cianci v. Superior Court*,
   40 Cal.3d 903 (1985) ............................................................................. 20, 21

13

*Columbus Univ. v. Tummala*,
14
   2022 WL 1492167 (C.D. Cal. Feb. 8, 2022) ...................................... 9, 14, 21

15

*David Rovinsky LLC v. Peter Marco, LLC*,
   2020 WL 5645792 (C.D. Cal. Sept. 21, 2020) ............................................. 6

16

*Del Rio v. Schwarzenegger*,
17
   2011 WL 3320493 (C.D. Cal. July 27, 2011)  ............................................. 22

18

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
   596 F.3d 1036 (9th Cir. 2010)...................................................................... 21

19

*Doe v. U.S. Healthworks Inc.*,
20
   2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) ......................................... 21, 22

21

*Drew v. Equifax Info. Servs., LLC*,
   690 F.3d 1100 (9th Cir. 2012)...................................................................... 13

22

*Duenas v. Cnty. of Riverside*,
   2022 WL 2163014 (C.D. Cal. May 27, 2022) .............................................. 10
23

24

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)..................................... 5, 11, 14, 22

25

*Fabbrini v. City of Dunsmuir*,
   544 F. Supp. 2d 1044 (E.D. Cal. 2008) .................................................. 9, 14, 20
26

27

*Folgelstrom v. Lamps Plus, Inc.*,
   195 Cal. App. 4th 986 (2011).......................................................................... 5

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

**REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM**

*People ex rel. Freitas v. City & County of San Francisco*,
  92 Cal. App. 3d 913 (1979) ................................................................ 20

*Goldfarb v. Virginia State Bar*,
  421 U.S. 773 (1975) ............................................................................ 19

*Guimond v. Trans Union Credit Info. Co.*,
  45 F.3d 1329 (9th Cir. 1995) .............................................................. 13

*Hennegan v. Pacifico Creative Serv., Inc.*,
  674 F. Supp. 303 (D. Guam 1987) ...................................................... 20

*Hicks v. PGA Tour, Inc.*,
  897 F.3d 1109 (9th Cir. 2018) ............................................................ 17

*Hill v. Nat'l Collegiate Athletic Assn.*,
  7 Cal. 4th 1 (1994) ................................................................... 1, 4, 7, 9

*Hirsh v. Justices of Supreme Court of State of Cal.*,
  67 F.3d 708 (9th Cir. 1995) .................................................................. 2

*Holly v. Alta Newport Hosp., Inc.*,
  2020 WL 1853308 (C.D. Cal. Apr. 10, 2020) ..................................... 14

*Hoover v. Ronwin*,
  466 U.S. 558 (1984) ............................................................................ 20

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................ 5, 6

*J'Aire Corp. v. Gregory*,
  24 Cal.3d 799 (1979) .................................................................... 11, 12

*Karraa v. City of Los Angeles*,
  2020 WL 6882947 (C.D. Cal. Nov. 9, 2020) .......................... 16, 19, 21

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ............................................................ 18

*Lacano Invs., LLC v. Balash*,
  765 F.3d 1068 (9th Cir. 2014) .............................................................. 7

*McDonald v. Aps*,
  385 F. Supp. 3d 1022 (N.D. Cal. 2019) ................................................ 7

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .............................................................. 18

*North Carolina State Board of Dental Examiners v. Federal Trade Commission*,
  574 U.S. 494 (2015) ............................................................................ 19

*Novation Ventures, LLC v. J.G. Wentworth Co., LLC*,
  156 F. Supp. 3d 1094 (C.D. Cal. 2015) .............................................. 17

*Paralyzed Veterans of Am. v. McPherson*,
2008 WL 4183981 (N.D. Cal. Sep. 9, 2008) ........................................ 19

*Power Analytics Corp. v. Operation Tech., Inc.*,
2018 WL 10231437 (C.D. Cal. July 24, 2018) ............................ 16, 21

*Razuki v. Caliber Home Loans, Inc.*,
2018 WL 2761818 (S.D. Cal. June 8, 2018) ................................... 5, 6

*Rick-Mik Enters., Inc. v. Equilon Enters. LLC*,
532 F.3d 963 (9th Cir. 2008) .............................................................. 15

*In re Rose*,
22 Cal. 4th 430 (2000) .......................................................................... 2

*Roy v. Contra Costa Cty.*,
2015 WL 5698743 (N.D. Cal. Sept. 29, 2015) ................... 3, 10, 13, 22

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689
(9th Cir. 2010) ...................................................................................... 6

*Samia v. Experian Information Solutions*,
2022 WL 298369 (S.D. Cal. Feb. 1, 2022) .................................. 13, 14

*Schneider v. Cal. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ................................................. 9, 14, 21

*Shapiro v. AT&T Mobility, LLC*,
2020 WL 4341778 (C.D. Cal. May 18, 2020) ...................................... 6

*Sheahan v. State Farm General Ins. Co.*,
394 F. Supp. 3d 997 (N.D. Cal. 2019) ................................... 17, 18, 21

*Silva v. City of San Leandro*,
744 F. Supp. 2d 1036 (N.D. Cal. 2010) ............................... 3, 10, 13, 22

*Soderstrom v. Ocampo*,
2019 WL 8014552 (C.D. Cal. June 17, 2019) ...................................... 2

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) ................................................. 16, 18, 22

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ......................................... 11, 12

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .............................................................. 4

*State Oil v. Khan*,
522 U.S. 3 (1997) ................................................................................ 15

*U.S. v. Standard Oil Co. of Cal.*,
404 U.S. 558 (1972) ............................................................................ 20

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

*Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*,
  540 U.S. 398 (2004) ........................................................................ 17

*Wheeler v. City of Santa Clara*,
  894 F.3d 1046 (9th Cir. 2018) ........................................................ 22

*Williams v. City of Long Beach*,
  2021 WL 4442426 (C.D. Cal. May 14, 2021) .................................. 6

*Willis v. Santa Ana Community Hospital Association*,
  58 Cal.2d 806 (1962) ...................................................................... 21

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ..................................... 4, 6, 10

*In re Yahoo! Inc. Customer Data Security Breach Litigation*,
  313 F. Supp. 3d 1113 (N.D. Cal. 2018) ...................................... 12, 13

**Statutes**

15 U.S.C.
  § 3 ................................................................................................... 20
  § 22 ................................................................................................. 20

Cal. Bus. & Prof. Code ................................................................... 8, 14
  § 6001 .............................................................................................. 20
  § 6002 .............................................................................................. 20
  § 6060.2 ............................................................................................. 8
  § 6086.1(b) ........................................................................................ 8
  § 6090.6 ............................................................................................. 8
  § 6168 ................................................................................................ 8
  § 6200 ................................................................................................ 8
  § 6234 ................................................................................................ 8

California Civil Code
  § 1714(a) .......................................................................................... 10
  § 1798.3(b)(2) .................................................................................... 2

Cartwright Act .............................................................................. 20, 21

Fair Credit Reporting Act ................................................................... 13

Sherman Act ............................................................................... *passim*

State Bar Act ..................................................................... 7, 10, 11, 14

**Other Authorities**

California Constitution ................................................................ *passim*

Federal Rule of Civil Procedure 15 .................................................... 22

Cooley LLP
Attorneys at Law
Los Angeles

v

Reply in Support of The CA State
Bar's Motion to Dismiss FAC
Case No. 8:22-CV-00983-DFM

1

Federal Rule of Evidence 201 ................................................................... 19

Local Rule 11-6 ............................................................................................ 6

Rule 12(b) ................................................................................................... 22

Rule 12(b)(6)...................................................................................... 7, 9, 22

*State Bar Antitrust Policy*, California Courts (Sept. 26, 2017),
    *available at* https://tinyurl.com/vbursk2h ......................................... 19

Cooley LLP
Attorneys at Law
Los Angeles

Reply in Support of The CA State
Bar's Motion to Dismiss FAC
Case No. 8:22-CV-00983-DFM

## I.    INTRODUCTION

Each of the claims alleged in the FAC is deficient in myriad ways, and Plaintiffs' Opposition to Defendant State Bar's Motion to Dismiss, (Dkt. 56 (the "Opposition")), does nothing to save them.[1]   The Opposition fails to respond to dispositive arguments plainly asserted in the State Bar's opening brief, advances incoherent positions unsupported by law or any well-pled factual allegation (or both), and cuts-and-pastes whole paragraphs from the FAC with little or no explanation. Because Plaintiffs have not demonstrated that any of their claims are sufficiently pled, the Court should dismiss the FAC with prejudice for failure to state claims.

*First*, the Opposition is wrong that the IPA applies to the State Bar, which is not an "agency" within the ambit of the statute because (as numerous courts agree) it is established under Article VI of the California Constitution.  Additionally, nothing in the Opposition demonstrates that Plaintiffs complied with the CTCA (as they must) or suffered the required "adverse effect."

*Second*, with respect to Plaintiffs' invasion-of-privacy claim under the California Constitution, the Opposition points to no non-conclusory allegation that any purported invasion was serious enough to "constitute an egregious breach of the social norms underlying the privacy right."  *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994).  The FAC is also deficient with respect to the claim's other  two elements—a legally protected privacy interest or reasonable expectation of privacy—and the Opposition fails to sustain them.

*Third*, Plaintiffs ignore that the CTCA bars their two overlapping negligence claims.  Moreover, the Opposition does not explain how the FAC sufficiently pleads the required elements of duty or actual damages, or a predicate violation of any law sufficient to sustain the negligence *per se* claim.

*Fourth*, the Opposition's rambling, illogical arguments in support of the two

---

[1] Shorthand references in this brief correspond to those in the State Bar's opening brief.  Additionally, "Br." refers to the State Bar's opening brief, (Dkt. 38-1), and "Opp." refers to Plaintiffs' Opposition, (Dkt. 56).

Sherman Act claims reveal that there is simply no federal antitrust violation, period. Rather, the FAC falls far short of adequately alleging the necessary elements of an antitrust claim. Plaintiffs also fail to undermine the State Bar's immunity from federal antitrust liability or explain how a Section 3 claim—which only applies to conduct in federal territories (not states like California)—could apply here.

For these reasons, the Court should dismiss the FAC. Because no amendment would permit any claim to survive another motion to dismiss, the Court should dismiss without leave to amend.

## II.    ARGUMENT

### A.    PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE IPA

The Opposition fails to refute any of the three independent grounds for dismissing Plaintiffs' IPA claim. (Br. at 8–10.)

#### i.    The State Bar Is Not Subject to the IPA

Plaintiffs first contend that the State Bar is not an "agency" established under Article VI of the California Constitution. (Opp. at 3.) Plaintiffs are wrong. Section 9 of Article VI establishes the State Bar. Courts uniformly agree that "[t]he State Bar is a public corporation established by the California State Constitution." *Soderstrom v. Ocampo*, 2019 WL 8014552, at *2 (C.D. Cal. June 17, 2019) (citing Cal. Const., art. VI, § 9); *see also In re Rose*, 22 Cal. 4th 430, 438 (2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function."). Plaintiffs cite no authority contradicting this clear precedent.[2] Section 1798.3(b)(2) of the California Civil Code thus requires dismissal of Plaintiffs' IPA claim with prejudice. (Br. at 8.)[3]

---

[2] While the State Bar is not an "agency" under the IPA's clear definition of that term, it is sometimes considered an "agency" in other contexts. *See, e.g., Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 714 (9th Cir. 1995) (recognizing the State Bar as a "state agency").

[3] Because the IPA does not apply to the State Bar, Plaintiffs' argument that the statute is to be liberally construed, (Opp. at 3), is irrelevant.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

### ii.    Plaintiffs Fail to Satisfy the CTCA

Next, Plaintiffs argue that the allegation that "a claim was filed with the State Bar of California," (FAC ¶ 42), is sufficient to comply with the presentation requirement of the CTCA, (Opp. at 4). The Opposition does not address any of the three reasons why that is incorrect: (1) alleging only a singular claim does not show that all five Plaintiffs complied with the CTCA; (2) the FAC does not identify which Plaintiff (if any) purportedly submitted "a claim"; and (3) the FAC does not aver that any claim was "acted upon." (Br. at 8–9.) "When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail." *Roy v. Contra Costa Cnty.*, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) (dismissing five causes of action with prejudice because "Plaintiff failed to respond with any explanation as to why [the] suit against the [defendant] should survive"); *see also Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."). The IPA claim therefore fails for the independent reason that Plaintiffs do not allege compliance with the CTCA.

### iii.    Plaintiffs Fail to Allege an Adverse Effect

Plaintiffs cut-and-paste three full paragraphs from the FAC into the Opposition and baldly assert they sufficiently plead an "adverse effect" under the IPA. (Opp. at 4–5.) As explained in the State Bar's opening brief, threadbare allegations that complainants or attorneys "have been harmed" are not sufficient. (Br. at 9–10.) Plaintiffs do not cite any authority, do not attempt to distinguish the State Bar's authority, and do not otherwise grapple with the State Bar's argument that "[t]hese threadbare allegations are insufficient to sustain the damages element of an IPA claim." (Br. at 10.) Plaintiffs thus concede the point. *Silva*, 744 F. Supp. 2d at 1050; *Roy*, 2015 WL 5698743, at *3 n.7. The lack of any adequate allegation of adverse effect is a third independent reason that the IPA claim must be dismissed.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

**B.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION**

The Opposition fails to cure the FAC's plain deficiencies, which falls far short of meeting the "'high bar' for establishing an invasion of privacy claim" under the California Constitution. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) (internal quotation marks omitted); (*see also* Br. at 10–12).

### i.    Plaintiffs Fail to Plead a Serious Invasion of Their Privacy

Starting with the third element, Plaintiffs do not dispute that they must allege an invasion of privacy that is "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. Instead, Plaintiffs assert that the FAC satisfies this exacting standard. (Opp. at 7–8.) It does not.

To begin, the Opposition recites the bare allegation that "the State Bar's conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." (Opp. at 8.) "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiffs' attempt to allege a serious privacy invasion fails that basic test.

The Opposition's off-handed citations to FAC paragraphs 38–41 and 61 fare no better. (Opp. at 8.) Plaintiffs do not explain how they support the serious-invasion element. They do not. Paragraphs 38 and 39 allege hypothetical harms that "could" have happened, but do not identify any actual, specific harm purportedly suffered by any Plaintiff. Paragraphs 40 and 61 are unsupported accusations that the State Bar in the past received unspecified complaints about "disclosing confidential information," which, even if true, does not demonstrate an invasion of *Plaintiffs'* privacy rights, let alone a serious one. Paragraph 41 alleges in conclusory fashion

4

that Plaintiffs incurred harm in the form of "time, expense, worry, anxiety, reputational harm, and emotional distress," but it lacks any supporting facts, such as what data of theirs was made available or how it specifically affected them. Plaintiffs fail to demonstrate these purported harms were "sufficiently serious" to plead the third element. Read generously, the FAC avers no more than a claim premised on "[l]osing personal data through insufficient security," which, even if accepted as true, "doesn't rise to the level of an egregious breach of social norms." *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 2761818, at *2 (S.D. Cal. June 8, 2018).

Next, Plaintiffs contend they pled the requisite intent by alleging "[t]he State Bar intended to use the Odyssey system, enter the confidential information in a low code set up without security so it could be scraped by a third party," and "refused to give notice to the victims of the breach." (Opp. at 7–8.) None of those allegations is supported by any well-pled fact, and none demonstrate "an intentional violation of Plaintiff[s'] and other class members' privacy." *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016). At best, the FAC and properly incorporated documents allege the State Bar's intent to use the Odyssey Portal to administer attorney disciplinary proceedings, (*see, e.g.*, FAC ¶ 16–19), and Defendants' intent to promptly remediate the Incident and notify affected individuals, (*see, e.g.*, Ex. A (announcing "urgent action to address a breach of confidential attorney discipline case data" two days after it was "discovered"); Ex. B at 1 (explaining the State Bar's detailed "notification plan for complainants, witnesses, and respondents" affected by Incident); Br. at 4–5.)[4] Such allegations do not show an intent to invade Plaintiffs' privacy rights; rather, they are akin to "routine commercial behavior" that courts rule unactionable. *Folgelstrom v. Lamps Plus, Inc.,* 195 Cal. App. 4th 986, 992 (2011); *see also In re iPhone Application Litig.*,

---

[4] "Ex." refers to the Exhibits attached to the Declaration of Tiana Demas filed with the State Bar's opening brief. (Dkt. 38-2, *et seq*.) These documents are properly incorporated by reference into the FAC, subject to judicial notice, or both, for the reasons explained in the State Bar's request for judicial notice. (Dkt. 39.)

844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (holding alleged disclosure without plaintiffs' consent of "unique device identifier number, personal data, and geolocation information from Plaintiffs' [devices]" did not adequately allege constitutional invasion-of-privacy claim); *Yahoo*, 7 F. Supp. 3d at 1038 (finding "[e]ven disclosure of very personal information" is not, without more, enough to aver violation of California constitution); *Shapiro v. AT&T Mobility, LLC*, 2020 WL 4341778, at *2 (C.D. Cal. May 18, 2020) (ruling same for "alleged disclosure of . . . personal, business, legal, and financial information").

The Opposition does not address the State Bar's squarely applicable authority. In Plaintiffs' opposition to Defendant Rankin's motion to dismiss, they attempt to distinguish the *Razuki* and *iPhone Application* cases, but only on the basis that those cases did not address "confidential records" from "State Bar investigations." (Dkt. 54 at 9.)[5]  That distinction is irrelevant here.  The court in *Razuki* held that a plaintiff must allege an "intentional, egregious privacy invasion" and "[e]ven negligent conduct that leads to theft of highly personal information, including social security numbers, does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy."  2018 WL 2761818, at *2; *see also iPhone Application*, 844 F. Supp. 2d at 1063 (applying same standard to find claim insufficient under third element). Plaintiffs do not even attempt to distinguish *Ruiz v. Gap, Inc.*, which applied the same reasoning to dismiss an invasion-of-privacy claim premised on a data breach because the allegations "d[id] not constitute an egregious breach and therefore are not

---

[5] Plaintiffs seek to "incorporate by reference the legal arguments" in their opposition briefs to Mr. Rankin's and Tyler's motions to dismiss.  (Opp. at i; *see also id.* at 2, 7, 18 (seeking to incorporate Plaintiffs' other briefs).)  Incorporating all or parts of those briefs would add many pages to the 23-page Opposition and, in effect, allow Plaintiffs to far exceed the 25-page limit in Local Rule 11-6.  The Court should not incorporate the other briefs.  *Williams v. City of Long Beach*, 2021 WL 4442426, at *1 n.1 (C.D. Cal. May 14, 2021) ("[T]he Court will disregard the portion of Plaintiff's Opposition beyond the twenty-fifth page.");  *David Rovinsky LLC v. Peter Marco, LLC*, 2020 WL 5645792, at *2 (C.D. Cal. Sept. 21, 2020) ("The Court does not consider any argument beyond the twenty-fifth substantive page of these briefs.").

Cooley LLP
Attorneys at Law
Los Angeles

6

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

violations of the California Constitutional right to privacy." 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010). The same standard from these cases applies here, and the FAC plainly fails to satisfy it.

The only case that Plaintiffs cite, *McDonald v. Aps*, 385 F. Supp. 3d 1022 (N.D. Cal. 2019), does not help them. *McDonald* addressed an intrusion-upon-seclusion claim arising from the intentional collection of data from children for advertising purposes. *Id.* at 1027–28. The court found the complaint contained detailed allegations about what data was taken, how it was taken, and the harm incurred, and further "present[ed] detailed and specific allegations about why these intrusions would have been highly offensive to the reasonable person on the basis of multiple sources, including reports, studies, surveys, case law and secondary legal materials." *Id.* at 1035. The reasoning in *McDonald* only confirms that detailed factual allegations (not legal conclusions masquerading as facts) are required to sustain a claim. *See also Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (declining to accept as true legal conclusions "cast in the form of factual allegations" (internal quotation marks and citation omitted)).

Lastly, Plaintiffs attempt to avoid dismissal by claiming the "third element is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6)." (Opp. at 8.) Where the "undisputed material facts show . . . an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." *Hill*, 7 Cal. 4th at 40. Even construing Plaintiffs' allegations in their favor, they have not sufficiently alleged a serious invasion of their privacy rights, and the Court should dismiss the constitutional invasion-of-privacy claim under Rule 12(b)(6).

### ii.    Plaintiffs Fail to Plead a Legally Protected Privacy Interest

The Opposition also fails to show that the FAC pleads the first element, which requires Plaintiffs have "a legally protected privacy interest," *Hill*, 7 Cal. 4th at 39–40. The Opposition advances two theories: (1) that Docket Data is "confidential as a matter of law because such are statutorily designated as confidential under the State

Cooley LLP
Attorneys at Law
Los Angeles

7

Reply in Support of The CA State
Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DFM

Bar Act codified in the California Business & Professions Code" and (2) whether any Docket Data was actually viewed is "irrelevant" because "the existence of the docket was the breach of confidential information." (Opp. at 5–7.) Neither suffices.

*First*, the Opposition cites no authority suggesting that a legally protected privacy interest is created simply because materials are "designated as confidential" by a statute.[6] Moreover, as the Opposition acknowledges, information about the disciplinary proceedings listed in the Docket Data may become public in certain circumstances, such as when "public charges are filed." (Opp. at 5); *see also* Cal. Bus. & Prof. Code § 6086.1(b) ("All disciplinary investigations are confidential *until the time that formal charges are filed . . .*" (emphasis added)).) Neither of the two State Bar Rules of Procedure alleged in the FAC are to the contrary. (FAC ¶¶ 14–15 (alleging both Rules allow confidentiality "[e]xcept as otherwise provided by law or these rules").)[7] The FAC contains no allegations that any Docket Data connected to any of the Plaintiffs was made public or that, even if it was, such Docket Data was not already public through these legally authorized mechanisms, which (if so) would defeat Plaintiffs' claim as a matter of law. Furthermore, by proceeding anonymously, Plaintiffs have deprived the State Bar of the ability to verify whether any of their information became public or, if so, how that happened.

*Second*, Plaintiffs argue, for the first time, "it is not the content contained in the document that is confidential and sensitive, but the *existence of the document itself* (the record)." (Opp. at 7.) This new theory is not supported by any allegation

---

[6] The Court should also discount Plaintiffs' attempt—asserted in their opposition to Mr. Rankin's motion to dismiss—to distinguish several cases on the basis that the disclosed information at issue in those cases was "not statutorily defined as confidential like the State Bar disciplinary records are." (Dkt. 54 at 6–7.) Plaintiffs do not explain why that makes the reasoning in these cases inapt here.

[7] The other provisions Plaintiffs cite are inapt because they do not apply to the types of records hosted on the Odyssey Portal, which only relate to State Bar attorney disciplinary proceedings. *See* Cal. Bus. & Prof. Code § 6060.2 ("investigations or proceedings . . . concerning the moral character of an applicant" to the State Bar); § 6090.6 ("nonpublic court records"); § 6168 ("investigation of the conduct of the business of a law corporation"); § 6200 ("discussions and offers of settlement"); § 6234 ("Attorney Diversion and Assistance Program").

Cooley LLP
Attorneys at Law
Los Angeles

8

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

in the FAC. The Court should decline to consider it because "the complaint may not be amended by briefs in opposition to a motion to dismiss." *Columbus Univ. v. Tummala*, 2022 WL 1492167, at *6 (C.D. Cal. Feb. 8, 2022) (internal quotation marks and citation omitted)); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) (ruling "statements in [an] opposition brief cannot amend the Complaint").

This new theory also appears to contradict the FAC, which alleges (albeit without support) that the case is premised on certain "details" of "confidential disciplinary records or other confidential information." (FAC ¶ 25.) The Opposition cites no case where the mere existence of a document was recognized as a legally protected privacy interest. And if this unpled theory truly is the basis of the FAC, then Plaintiffs have only substituted one problem for another because they do not explain how merely disclosing the existence of a document is a serious invasion of their privacy rights or could have caused any of the conclusory harms asserted.

Reduced to its core, the FAC contains no allegations demonstrating that any of the limited, non-substantive Docket Data—which only consists of a case number, filing date, case type, case status, and respondent and complaining witness names—comes within a legally protected privacy interest. Nor could it, when Plaintiffs have not alleged facts showing what specific information of theirs (if any) was made public in the Incident, that anyone viewed such information, or that Plaintiffs were thereby injured. The FAC thus fails to allege the first element of the constitutional invasion-of-privacy claim. (Br. at 11–12.)

### iii.    Plaintiffs Fail to Plead a Reasonable Expectation of Privacy

With respect to the second element—which requires Plaintiffs to allege "a reasonable expectation of privacy," *Hill*, 7 Cal. 4th at 36—the Opposition just cites

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

9

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

to paragraphs 67 and 68 of the FAC and asserts they are enough, (Opp. at 7). Both are simply legal conclusions under the guise of factual allegations and, as such, are "fatally conclusory." *Yahoo*, 7. F. Supp. 3d at 1041; (*see also* Br. at 11–12).

## C.    PLAINTIFFS FAIL TO STATE A CLAIM FOR EITHER NEGLIGENCE OR NEGLIGENCE *PER SE*

The State Bar provided four separate reasons why the negligence claims should be dismissed. (Br. at 12–18.) The Opposition does not undermine any of them.

### i.    The CTCA Bars Plaintiffs' Negligence Claims

The Opposition entirely ignores the State Bar's argument that the CTCA bars their negligence and negligence *per se* claims, (Br. at 13), and therefore admits that there is no reply. *Silva*, 744 F. Supp. 2d at 1050; *Roy*, 2015 WL 5698743, at *3 n.7. For that reason alone, both negligence claims must be dismissed with prejudice.

### ii.    Plaintiffs Fail to Allege Duty

The FAC's single conclusory allegation that the State Bar owed duties to Plaintiffs arising from the Incident is unsupported by any well-pled fact; none of these duties exist. (Br. at 13–14.) The Opposition conjures two responses: the duties arise from either (1) a mishmash of inapt statutes and rules—the IPA, California Civil Code Section 1714(a), the State Bar Act, and the State Bar Rules of Procedure—or (2) a non-existent "special relationship" between the State Bar and Plaintiffs. (Opp. at 17–19.) None of these grounds creates a duty.

*First*, as argued above, the IPA does not apply to the State Bar and cannot form the basis of a duty here. (*See* Section II.A.i, *supra*.) Plaintiffs' citation to Section 1714(a) is unavailing; that statute relates to "furnishing alcoholic beverages," and therefore "does not impose any duty on Defendants to Plaintiffs." *Duenas v. Cnty. of Riverside*, 2022 WL 2163014, at *5 (C.D. Cal. May 27, 2022). While the Opposition gestures to "the State Bar Act and State Bar Rules of Procedure," (Opp. at 18), Plaintiffs cite no case in which a court found a duty arising from either. Moreover, the FAC does not allege which State Bar Act provision Plaintiffs believe

1 applies here, let alone how the State Bar could have violated it, nor does it plead

2 adequate facts showing a violation of the State Bar Act or Rules of Procedure. (*See*

3 Section II.B.ii & n.7 *supra*.)  No duty arises from these laws and rules.

4    *Second*, Plaintiffs' assertion of a "special relationship" with the State Bar is

5 irredeemably flawed. (Opp. at 18–19.)[8]  Courts determine the existence of a special

6 relationship by analyzing six factors: (1) the extent to which the transaction (usually

7 a contract) was intended to affect the plaintiff; (2) the foreseeability of harm to the

8 plaintiff; (3) the degree of certainty the plaintiff suffered injury; (4) the closeness of

9 the connection between the defendant's conduct and the injury suffered; (5) the moral

10 blame attached to the defendant's conduct; and (6) the policy of preventing future

11 harm. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 804 (1979).

12    Plaintiffs do not allege facts sufficient to satisfy the *J'Aire* factors.  The only

13 allegation in the FAC regarding a "special relationship" is that Plaintiffs "stood in a

14 special relationship with the Defendant State Bar of California as members of the

15 State Bar or complainants." (FAC ¶¶ 118, 124.)  Plaintiffs offer no underlying factual

16 allegations to support this legal conclusion.  Courts consistently find such allegations

17 insufficient. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,

18 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012) (ruling "Plaintiffs' negligence claim must

19 fail" because they "failed to adequately allege why" *inter alia* "the *J'Aire* factors

20 weigh in favor of finding a 'special relationship'"); *Dugas*, 2016 WL 6523428, at *12

21 (dismissing negligence claim where plaintiff "put[] forth no facts to demonstrate that

22 a special relationship existed between him and Defendants").

23    Attempting to apply the *J'Aire* factors only confirms that Plaintiffs have failed

24 to allege a special relationship.  For the first factor, the Opposition offers no support

25 for its bare claim that any "member attorney or . . . complainant seeking assistance

26

27 ───────────────

[8] The Opposition again purports to "incorporate[] the legal analysis on special relationships and personal information (PI) from the Opposition to Rick Rankin's motion to dismiss," (Opp. at 18), which together are several pages long, (Dkt. 54 at 12–19).  The Court should not incorporate them. (*See* n.5, *supra*.)

28

Cooley LLP
Attorneys at Law
Los Angeles

11

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

from the State Bar's disciplinary process," (Opp. at 18), has entered into a transaction for purposes of the "special relationship" test, let alone a transaction intended to benefit that person "above and beyond what was offered to all consumers," *Sony Gaming*, 996 F. Supp. 2d at 972 (holding first *J'Aire* factor not met because "Plaintiffs have failed to allege why the transactions at issue were intended to affect Plaintiffs in a way particular to them"). For factors two, three, and four, Plaintiffs' deficient allegations of emotional distress fail to demonstrate that this type of injury was foreseeable (especially considering the FAC at most claims that limited, non-substantive Docket Data was allegedly made public), that there is any degree of certainty Plaintiffs suffered this injury, or that it is closely connected to the State Bar's alleged conduct. (Br. at 14–18).

For the fifth factor, moral blame, Plaintiffs argue that the State Bar has suffered "repeated security breaches" and employed "wholly inadequate safeguards," but point to no specifics. (Opp. at 19.) Plaintiffs also assert that the State Bar "refus[ed] to notify Plaintiffs" of the Incident, (Opp. at 19), but this is contradicted by incorporated documents demonstrating the State Bar notified affected individuals in numerous ways: press releases, frequently updated website posts, and direct communications. (*See, e.g.*, Ex. A (press release); Ex. B (website posts and explanation of "notification plan").) Finally, for the sixth factor, the FAC alleges no facts suggesting the Incident was anything but an isolated event resulting from the previously unknown security vulnerability in the Odyssey Portal provided by Tyler, which Defendants promptly addressed and remedied mere days after it was discovered. (*See id.* at 4–5 (describing State Bar's numerous efforts to remedy Incident); Ex. A (same).) As such, there is no plausible risk of future harm.

The two cases Plaintiffs cite in support of their special relationship argument— *In re Adobe Systems, Inc. Privacy Litigation*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014), and *In re Yahoo! Inc. Customer Data Security Breach Litigation*, 313 F. Supp. 3d 1113 (N.D. Cal. 2018)—are inapposite. The plaintiffs in *Adobe* asserted a claim for

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

unfair competition, not negligence, and thus the court had no occasion to examine duty or special relationship. 66 F. Supp. 3d at 1227. The plaintiffs' extensive allegations in *Yahoo!* are a world apart from the FAC's scant allegations here. Specifically, the plaintiffs alleged that they had entered a services contracts with Yahoo; malicious hackers broke into Yahoo email accounts and accessed their account credentials, country codes, recovery emails, dates of birth, passwords, cell-phone numbers, and zip codes; and Yahoo had suffered numerous data breaches in the past, putting the company on notice of its inadequate data security practices. 313 F. Supp. 3d at 1132–33. The FAC contains no similar factual allegations. There is no basis to find a special relationship exists, and the FAC thus fails to allege a duty.

### iii.    Plaintiffs' Negligence Claims Fail for Lack of Injury

The Opposition asserts Plaintiffs suffered one injury: emotional distress. (Opp. at 19–20.) Plaintiffs' failure to assert any other category of damages connected to their negligence claims—such as lost time and expense, future injury, delayed notification, physical injury, or economic damages, (Br. at 15–18)—is an admission the FAC does not sufficiently plead any of those injuries. *Silva*, 744 F. Supp. 2d at 1050; *Roy*, 2015 WL 5698743, at *3 n.7.

As for emotional damages, Plaintiffs strain to analogize their purported injury to those alleged by the plaintiffs in *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100 (9th Cir. 2012), and *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995). These cases did not address negligence claims; they principally involved claims against credit reporting agencies under the Fair Credit Reporting Act. More importantly, "[n]either case stands for the proposition that a bald assertion of emotional distress suffices to show actual damages," as explicitly recognized by a third case cited by Plaintiffs: *Samia v. Experian Information Solutions*, 2022 WL 298369, *3 (S.D. Cal. Feb. 1, 2022). Plaintiffs' conclusory allegations of emotional distress in this case are far afield from the "specific allegations" and expert testimony from the plaintiffs in *Drew* and *Guimond*. Instead, like in *Samia*, Plaintiffs "fail[] to

Cooley LLP
Attorneys at Law
Los Angeles

13

Reply in Support of The CA State
Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DFM

provide any facts supporting [their] damages claims." *Id.*; *see also Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020) (ruling "although actual damages can include emotional distress, a plaintiff must support her claim for pain and suffering with something more than her own conclusory allegations, such as specific claims of genuine injury" (cleaned up)).  Both negligence claims thus fail for lack of adequately alleged damages.  (Br. at 14–15.)

### iv.    Plaintiffs' Negligence *Per Se* Theory Is Unsupported

Plaintiffs appear to concede that negligence *per se* "does not provide a private right of action for violation of a statute."  *Dugas*, 2016 WL 6523428, at *12 (internal quotation marks omitted).   The Opposition instead frames this claim as another "cause[] of action for negligence," (Opp. at 21), which the FAC expressly predicates on the State Bar's alleged violations of the IPA and California Constitution, (FAC ¶¶ 125–26).  Plaintiffs also seem to admit that their negligence *per se* claim cannot survive if the State Bar did not violate those laws or is not subject to the IPA; rather, they argue only that "the FAC sufficiently alleged defendant violated the IPA and Cal[ifornia] Constitution." (Opp. at 20.)  Consequently, if the Court dismisses those two predicate claims—as it should, (*see* Section II.A–B, *supra*)—then it should also dismiss the negligence *per se* claim.  (Br. at 18.)

The Opposition purports to add new predicates under the California Business and Professions Code, the State Bar Act, and the State Bar Rules of Procedure.  (Opp. at 21.)  The FAC alleges none of these as predicates to the negligence *per se* claim; the Court should reject this improper attempt to amend the FAC by way of the Opposition.  *Schneider*, 151 F.3d at 1197 n.1; *Columbus*, 2022 WL 1492167, at *6; *Fabbrini*, 544 F. Supp. 2d at 1050.  The Opposition also does not cite any authority where a negligence *per se* claim was sustained on any of these unpled predicates. Just as with the IPA and California Constitution claims, the FAC fails to state a claim under any of those statutes or rules.  (*See* Section II.B.ii & n.7, *supra*.)

Finally, the Court should dismiss the negligence *per se* claim for the same

14

1  reasons it should dismiss the negligence claim: the FAC does not sufficiently allege

2  any of the other required elements.  (*See* Section II.C.ii–iii, *supra*.)

3  ### D.    PLAINTIFFS FAIL TO STATE A SHERMAN ACT CLAIM

4       "[T]he primary purpose of the antitrust laws is to protect interbrand

5  competition." *State Oil v. Khan*, 522 U.S. 3, 15 (1997).  Plaintiffs' antitrust claims

6  simply do not fit that paradigm, and the Opposition fails to explain how the legal

7  conclusions and bald accusations in the FAC state a claim under the Sherman Act.

8  At base, Plaintiffs posit the existence of a grand conspiracy between the State Bar

9  and Tyler "not to notify the victims of the breach and obfuscate the breach," (Opp. at

10 9), apparently as part of a scheme to harm solo practitioners, (*id.* at 12).  That wild

11 fantasy is untethered to any well-pled fact and contradicts common sense.  The FAC

12 provides no reason the State Bar, which is constitutionally created and governed by

13 the California Supreme Court, would conspire with Tyler or seek to hurt solo

14 practitioners.  The Court should reject this meritless theory, and the antitrust claims

15 premised on it, out of hand.

16      The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

17 (2007), requires Plaintiffs allege facts to show their claims are plausible.[9]  But instead

18 of identifying specific facts and explaining how they meet this standard (they do not),

19 the Opposition simply block quotes entire paragraphs of conclusions from the FAC,

20 which (even if accepted as true) do not "raise a right to relief above the speculative

21 level."  *Id.* at 555.  Shorn of its "labels and conclusions," *id.*, the FAC and

22 incorporated documents fail to show any antitrust violation, and instead show only

23 that Defendants acted quickly to remediate the Incident as soon as they learned of it

24 and, as they did, published statements about their efforts and notified affected

25 individuals.  (Br. at 4–5, 20–21; Ex. A; Ex. B.)  This "obvious alternative

26 ───────────────────

27 [9] The Ninth Circuit recognized after *Twombly* that, "at least for the purposes of
   adequate pleading in anti-trust cases, the Court specifically abrogated the usual
   'notice pleading' rule." *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963,

28 971 (9th Cir. 2008) (cleaned up).  Plaintiffs are therefore incorrect to suggest notice
   pleading applies to their Sherman Act causes of action.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

15

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

explanation" dooms the antitrust claims. *Twombly*, 550 U.S. at 567; *see also Somers v. Apple, Inc.*, 729 F.3d 953, 965 (9th Cir. 2013) (finding antitrust theory inadequate because of "obvious alternative explanations" (cleaned up)).

Further, because the State Bar is immune from antitrust liability here, and Section 3 of the Sherman Act—which only governs alleged conduct in federal territories—does not apply, the antitrust claims should be dismissed with prejudice.

### i.      Plaintiffs' Section 2 Allegations Fail to State a Claim

Plaintiffs have not adequately alleged the elements of a Section 2 claim: "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal anti-trust injury." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998 (9th Cir. 2010) (internal quotation marks omitted).  Plaintiffs also have not alleged the elements of conspiracy or attempt under Section 2.  "To establish a conspiracy to monopolize claim under Section 2, plaintiffs must plead: (1) the existence of a combination or conspiracy to monopolize; (2) an overt act in furtherance of the conspiracy; (3) the specific intent to monopolize; and (4) causal antitrust injury." *Karraa v. City of Los Angeles*, 2020 WL 6882947, at *5 (C.D. Cal. Nov. 9, 2020) (internal quotation marks and citation omitted).  Attempted monopolization requires "(1) a specific intent to monopolize a relevant market; (2) predatory or anticompetitive conduct; and (3) a dangerous probability of success." *Catlin v. Wash. Energy Co.*, 791 F.2d 1343, 1348 (9th Cir. 1986).

*First*, the FAC lacks any well-pled fact showing the State Bar "acted with specific intent to monopolize" a relevant market.  *Power Analytics Corp. v. Operation Tech., Inc.*, 2018 WL 10231437, at *24 (C.D. Cal. July 24, 2018). Plaintiffs' retort is to recite full paragraphs from the FAC.  (Opp. at 10–11 (quoting FAC ¶¶ 83–85, 94).)  The only *facts* they allege are about the State Bar's purchase of the Odyssey Portal, which do not support a plausible inference the State Bar acted with specific intent to monopolize.  The rest is "legal conclusion couched as factual

allegation," which is not enough. *Twombly*, 550 U.S. at 555 (cleaned up); *see also Novation Ventures, LLC v. J.G. Wentworth Co.*, 156 F. Supp. 3d 1094, 1104 (C.D. Cal. 2015) (dismissing Section 2 claim because "Plaintiff has still failed to allege *facts* supporting Plaintiff's conclusory allegation of such a scheme").

"Plaintiffs have not clearly alleged what the relevant market is, . . . nor have Plaintiffs clearly alleged market power." *Sheahan v. State Farm General Ins. Co.*, 394 F. Supp. 3d 997, 1010 (N.D. Cal. 2019). "The relevant market must include both a geographic market and a product market." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018). Plaintiffs' alleged market—"approximately 250,000 members of the California State Bar," (Opp. at 10)—includes neither. As for market power, the Opposition is silent, and the FAC's sole allegation—"Tyler Technologies had market power in the public sector by 2021," (Opp. at 10)—is nonsensical, conclusory, and inapplicable to the State Bar. It also falls well short of pleading the State Bar has monopoly power, which is "when a party has sufficient market power to exclude competition or control prices." *Sheahan*, 394 F. Supp. 3d at 1011. Without these necessary elements, the Section 2 claim is deficient. *Id.* (dismissing antitrust claims in part for failure to sufficiently plead relevant market, market power, or "substantive allegations on the possession of monopoly power"); *see also Hicks*, 897 F.3d at 1123 (affirming dismissal of antitrust claim for failure to adequately allege relevant market); (Br. at 19–20).

*Second*, even monopoly power "will not be found unlawful unless it is accompanied by an element of anticompetitive conduct." *Novation Ventures*, 156 F. Supp. 3d at 1103. The FAC's lone, conclusory allegation is that the State Bar "joined in anticompetitive behavior." (Opp. at 11.) The Opposition concedes this purported "behavior" is "the State Bar Board's *failure to act*," (Opp. at 11), which is not actionable because it is not affirmative "anticompetitive *conduct*." *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). The Section 2 claim also is deficient because it is not supported by "substantive

Cooley LLP
Attorneys at Law
Los Angeles

17

Reply in Support of The CA State
Bar's Motion to Dismiss FAC
Case No. 8:22-cv-00983-DFM

1    allegations" of anticompetitive activity, as required to state a federal antitrust claim.

2    *Sheahan*, 394 F. Supp. 3d at 1011; (*see also* Br. at 20–21).[10]

3        *Third*, the FAC does not allege a cognizable "antitrust injury of the type the

4    antitrust laws were intended to prevent and that flows from that which makes the

5    defendants' acts unlawful." *Sheahan*, 394 F. Supp. 3d at 1011 (cleaned up).  Again,

6    the Opposition does little more than transpose entire paragraphs from the FAC.  (Opp.

7    at 11–12 (quoting FAC ¶¶ 94–99, 101–02).)    Plaintiffs fail to explain how the

8    speculative and conclusory "injury" alleged—that clients *might* avoid some attorneys

9    and attorneys *might* avoid some clients, (*id.* ¶ 99)—flows from anticompetitive

10   conduct or is of the type the Sherman Act was meant to prevent.    Moreover, the

11   Opposition elides the question of how such "injury" would be to "competition in

12   general," rather than just Plaintiffs.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802,

13   812 (9th Cir. 1988).  The FAC does not adequately allege antitrust injury.  *Somers*,

14   729 F.3d at 965 (affirming dismissal of antitrust claims for failure to "allege facts

15   that rise beyond mere conceivability or possibility"); (*see also* Br. at 21).

16       *Fourth*, Plaintiffs fail to allege a conspiracy because the FAC lacks "enough

17   factual matter (taken as true) to suggest that an agreement was made" between the

18   State Bar and Tyler.  *Twombly*, 550 U.S. at 556.  The Opposition yet again resorts to

19   cutting-and-pasting entire FAC paragraphs, (Opp. at 9–10 (quoting FAC ¶¶ 90–92)),

20   but those allegations are just "a bare assertion of conspiracy," which "will not

21   suffice."  *Id.* at 556; *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th

22   Cir. 2008) (affirming dismissal of antitrust claim for "fail[ure] to plead any

23   evidentiary facts beyond parallel conduct to prove their allegation of a conspiracy");

24   _____

25   [10] Elsewhere in the Opposition, Plaintiffs allege different "discriminatory conduct"
     to "destroy competing members through the disciplinary process."  (Opp. at 12.)
26   That allegation is deficient for numerous reasons: (1) it is unsupported by any well-
     pled fact; (2) Plaintiffs do not describe how such conduct, even if true, was aimed at
27   "the willful acquisition or maintenance of [monopoly] power," *Sheahan*, 394 F.
     Supp. 3d at 1010; and (3) such conduct could not have caused the alleged antitrust
28   injury because it supposedly began "[p]rior to the data breach," (Opp. at 12; *see also
     id.* at 16 (arguing purported conduct was occurring "even before the data breach")).

Cooley LLP
Attorneys at Law
Los Angeles                                18                    Reply in Support of The CA State
                                                                 Bar's Motion to Dismiss FAC
                                                                 Case No. 8:22-cv-00983-DFM

1    *Karraa*, 2020 WL 6882947, at *4 (dismissing Sherman Act claims in part because

2    complaint "only contains the bare assertion of an agreement"); (*see also* Br. at 21).

3                    **ii.    The State Bar is Immune from Antitrust Liability**

4            The State Bar is immune from federal antitrust claims under *North Carolina*

5    *State Board of Dental Examiners v. Federal Trade Commission*, 574 U.S. 494 (2015).

6    The Opposition wholly ignores this controlling precedent and does not address the

7    State Bar's argument that "[b]ecause th[e] alleged injury necessarily arises from the

8    State Bar's execution of its disciplinary authority, the State Bar is immune from

9    antitrust liability here." (Br. at 22.) So it should be. (*Id.* at 21–23.)[11]

10           The Opposition argues that "[t]he state acting as sovereign, did not compel the

11   State Bar to delay or refrain from disclosing the data breach to those affected." (Opp.

12   at 13.) But state action applies even if the state does not compel each and every

13   action of the agency; all that is required is that the agency, as here, is (1) acting

14   according to a clear state policy and (2) is actively supervised by the state. *Dental*

15   *Exam'rs*, 574 U.S. at 503–04. Plaintiffs' argument also is factually wrong in two

16   ways. *First*, the state did compel the State Bar to administer the disciplinary process,

17   which is the relevant conduct for the immunity analysis for these antitrust claims

18   because they are predicated on the FAC's baseless allegations that the State Bar

19   misused the disciplinary process. (FAC ¶ 99.) *Second*, the allegation the State Bar

20   delayed or refrained from notifying affected individuals is conclusory and

21   contradicted by the FAC and incorporated documents, which detail the State Bar's

22   near-immediate efforts to notify the public of the Incident followed by its individual

23   notices to affected persons. (Br. at 4–5, 20–21; Ex. A; Ex. B.)

24           Plaintiffs' cases are inapposite. In *Goldfarb v. Virginia State Bar*, the Supreme

---

11 The Opposition does not dispute the State Bar has adopted an antitrust policy to
satisfy the requirements in *Dental Examiners*. (*See State Bar Antitrust Policy*,
California Courts (Sept. 26, 2017), *available at* https://tinyurl.com/vbursk2h; Br.
at 22 n.10.) The Court may take judicial notice of this policy under Federal Rule of
Evidence 201 because it is publicly available "information on [a] government agency
website[]." *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D.
Cal. Sep. 9, 2008).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

19

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

Court declined to immunize the Virginia State Bar from an antitrust claim arising from the Virginia State Bar's requirement that members pay certain fees because, among other things, "state law simply does not refer to fees" and "there is no indication in this record that the Virginia Supreme Court approves the opinions" under which the fees were assessed. 421 U.S. 773, 790–91 (1975). The same is not true here, where the State Bar administers the disciplinary process under rules dictated by state law and the California Supreme Court supervises the State Bar's decisions. *See* Cal. Bus. & Prof. Code §§ 6001–02; *Hoover v. Ronwin*, 466 U.S. 558, 573 (1984). The other cases cited by Plaintiffs—*Cianci v. Superior Court*, 40 Cal.3d 903 (1985), and *People ex rel. Freitas v. City & County of San Francisco*, 92 Cal. App. 3d 913 (1979)—both addressed claims under a California state law—the Cartwright Act—not the federal Sherman Act. Notably, the court in *Freitas* reasoned that "federal case holdings provide no guide to the interpretation of California antitrust law." 92 Cal. App. 3d at 917. The reverse is also true; the California cases are inapt here. The Court should find the State Bar immune from the antitrust claims.

### iii.    Section 3 of the Sherman Act Does Not Apply

The Opposition does not dispute the Incident occurred in California, not a "Territory of the United States or . . . the District of Columbia." 15 U.S.C. § 3. Plaintiffs suggest Section 3 is about "venue[]," (Opp. at 14), but they are mistaken; the Sherman Act's venue provision is in Section 22, not Section 3. 15 U.S.C. § 22. Rather, the restriction to federal territories is a "jurisdictional aspect" of Section 3. *Hennegan v. Pacifico Creative Serv., Inc.*, 674 F. Supp. 303, 307 (D. Guam 1987); *see also U.S. v. Standard Oil Co. of Cal.*, 404 U.S. 558, 559 (1972) (holding "[American] Samoa is a 'Territory' within the meaning of [Section] 3"). The Section 3 claim must be dismissed. (*See* Br. at 23.)

### iv.    Plaintiffs Also Fail to State a Claim Under Section 1

Plaintiffs erroneously suggest they have alleged a Section 1 claim via their Section 3 claim. (Opp. at 13–17.) The Court should decline the invitation to address

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

20

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

a claim absent from the FAC. *Schneider*, 151 F.3d at 1197 n.1; *Columbus*, 2022 WL 1492167, at *6; *Fabbrini*, 544 F. Supp. 2d at 1050.  In any event, a Section 1 claim would be deficient for the same reasons as the Section 2 claim: the State Bar is immune from antitrust liability, the FAC does not sufficiently allege a relevant market, the existence of a conspiracy, or specific intent to conspire, nor does it "plausibly allege anticompetitive conduct that caused antitrust injury."  *Power Analytics*, 2018 WL 10231437, at *24; *see also Sheahan*, 394 F. Supp. 3d at 1010–11 (dismissing claims under Sections 1 and 2 together); *Karraa*, 2020 WL 6882947, at *5 ("Plaintiffs' conspiracy claim under § 2 fails for the same reason as its § 1 claim—failure to plead facts from which a combination or conspiracy can be reasonably inferred."); (Br. at 23–24).[12]

## E.    PLAINTIFFS' ANONYMOUS PLEADING IS IMPROPER

The Opposition wrongly asserts an absence of "legal authority" establishing the FAC may be dismissed for their improper use of fictitious names.  (Opp. at 22.) The State Bar cited a case dismissing a complaint "because the Court lacks jurisdiction over all anonymous plaintiffs until the Court has given leave to proceed anonymously."  *Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *2, 6 (C.D. Cal. Feb. 4, 2016); *see also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010) ("[W]e affirm the district court's order dismissing the case based on plaintiffs' failure to disclose their identities.").

Plaintiffs submitted a request for the Court's leave to proceed using pseudonyms only after the State Bar filed its motion to dismiss.  (Dkt. 41.)  On June 27, 2022, the State Bar joined with the other Defendants to oppose that request.

---

[12] The Opposition contends "the facts support a common law claim," (Opp. at 16), but no common-law cause of action appears in the FAC.  Plaintiffs' one case—*Willis v. Santa Ana Community Hospital Association*, 58 Cal.2d 806 (1962)—examined the Cartwright Act, a California state law also not alleged in the FAC.  The California Supreme Court overruled *Willis* four decades ago in *Cianci*, 40 Cal.3d at 925, which further ruled "the Sherman Act codified the common law," *id.* at 919.  Plaintiffs cite no other authority suggesting an antitrust common-law claim still exists or, if so, that it would apply in this case.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

21

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

1    (Dkt. 47.)  Should the Court deny Plaintiffs' request to proceed pseudonymously, it

2    should also dismiss the FAC, unless and until Plaintiffs allege their true identities.

3    *Healthworks*, 2016 WL 11745513, at *6.

4        **F.**    **PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF**

5        The Opposition does not refute that, in order to obtain injunctive relief,

6    Plaintiffs must allege they "personally would benefit in a tangible way" from an

7    injunction and are "realistically threatened by a repetition of the violation."  (Br.

8    at 24–25 (quoting *Dugas*, 2016 WL 6523428, at *8).)  Plaintiffs thereby admit they

9    have no riposte.  *Silva*, 744 F. Supp. 2d at 1050; *Roy*, 2015 WL 5698743, at *3 n.7.

10       Plaintiffs' only argument is that "injunctive relief cannot be stricken by a

11   FRCP 12(b)(6) motion."  (Opp. at 22.)  The Opposition provides no authority that the

12   State Bar's argument must be levied in a motion to strike as opposed to a motion to

13   dismiss.  Such a rule would make no sense under Rule 12(b), which expressly allows

14   a party to assert its available defenses "by motion."  *See, e.g., Somers*, 729 F.3d at

15   966–67 (affirming order granting Rule 12(b)(6) motion to dismiss Sherman Act

16   "claims for injunctive relief" for lack of antitrust injury); *Del Rio v. Schwarzenegger*,

17   2011 WL 3320493, at *1–2 (C.D. Cal. July 27, 2011) (dismissing all injunctive relief

18   claims pursuant to Rule 12(b)(6) because plaintiff failed to timely present claims

19   under CTCA).  The FAC's claim for injunctive relief should be dismissed.

20       **G.**    **THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND**

21       Leave to amend "is properly denied" under Federal Rule of Civil Procedure 15

22   when "amendment would be futile."  *Carrico v. City & Cnty. of San Francisco*, 656

23   F.3d 1002, 1008 (9th Cir. 2011).  Plaintiffs already amended the FAC once and do

24   not "propose any specific allegations that might rectify their" pleading failures.  *Id.*

25   Further, the IPA, negligence, negligence *per se*, and antitrust claims are all barred by

26   operation of law.  Thus, the FAC should be dismissed without leave to amend because

27   another amended complaint "would be subject to dismissal."  *Wheeler v. City of*

28   *Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); (*see also* Br. at 25).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

22

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

For the reasons state above, Court should dismiss the FAC with prejudice.[13]

Dated:  July 25, 2022                          COOLEY LLP

                                               */s/ Tiana Demas*
                                               Tiana Demas

                                               *Attorneys for Defendant*
                                               THE STATE BAR OF CALIFORNIA

---

[13] On the same date Plaintiffs filed the Opposition, they also filed a request for judicial notice ("RJN") attaching an affidavit from Kevan Schwitzer—who was, until recently, a defendant in this case, (Dkt. 26)—and "sample communications" between Mr. Schwitzer, Mr. Rankin, and an individual named Jeremy Ward. (Dkt. 57.) The Opposition does not reference any of these materials, and neither it nor the RJN explain the import of, or provide a basis for the admissibility for, the Schwitzer affidavit or the sample communications. The Court should decline to consider these filings when resolving the State Bar's motion to dismiss.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

23

REPLY IN SUPPORT OF THE CA STATE
BAR'S MOTION TO DISMISS FAC
CASE NO. 8:22-CV-00983-DFM