JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL A. GOLD (Bar No. 90667)
*Mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for DEFENDANT RICK RANKIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual, JANE ROE 1, an individual, JANE ROE 2 an individual, JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, TYLER TECHNOLOGIES, INC., KEVAN SCHWITZER, RICK RANKIN, and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8-22-CV-00983-DFM<br><br>**DEFENDANT RICK RANKIN'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:      September 16, 2022<br>Time:      2:00 p.m.<br>Place:     Courtroom 6B<br>Judge:    Hon. Douglas F. McCormick |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION ......................... 1

    A.   Plaintiffs Fail to Plead a Serious Invasion of Their Privacy .................. 2

    B.   Plaintiffs Fail to Plead a Legally Protected Privacy Interest ................. 4

    C.   Plaintiffs Fail to Plead a Reasonable Expectation of Privacy ................ 6

III. PLAINTIFFS FAIL TO STATE A CLAIM FOR EITHER NEGLIGENCE OR NEGLIGENCE *PER SE* ...................................... 7

    A.   Plaintiffs Fail to Allege Duty ............................................................. 7

    B.   Plaintiffs' Negligence Claims Fail for Lack of Injury ........................... 9

    C.   Plaintiffs' Negligence *Per Se* Theory is Unsupported ......................... 10

IV.  PLAINTIFFS' ANONYMOUS PLEADING IS IMPROPER ...................... 11

V.   PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF ............... 11

VI.  THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND ................................................................................................ 12

VII. CONCLUSION ...................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carrico v. City & Cnty. of San Francisco*,
656 F.3d 1002 (9th Cir. 2011) ................................................................. 12

*Columbus Univ. v. Tummala*,
2022 WL 1492167 (C.D. Cal. Feb. 8, 2022) ................................. 6, 8, 10

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
596 F.3d 1036 (9th Cir. 2010) ................................................................. 11

*Doe v. U.S. Healthworks Inc.*,
2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) ........................................ 11

*Drew v. Equifax Info. Servs., LLC*,
690 F.3d 1100 (9th Cir. 2012) ................................................................... 9

*Duenas v. Cnty. of Riverside*,
2022 WL 2163014 (C.D. Cal. May 27, 2022) .......................................... 8

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) .................................. 2, 9, 11

*Fabbrini v. City of Dunsmuir*,
544 F. Supp. 2d 1044 (E.D. Cal. 2008) ......................................... 6, 8, 10

*Guimond v. Trans Union Credit Info. Co.*,
45 F.3d 1329 (9th Cir. 1995). (Opposition .) ........................................... 9

*Hill v. Nat'l Collegiate Athletic Assn.*,
7 Cal. 4th 1 (1994) ............................................................................ 2, 4, 7

*Holly v. Alta Newport Hosp., Inc.*,
2020 WL 1853308 (C.D. Cal. Apr. 10, 2020) .......................................... 9

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) ......................................... 3

*Lacano Invs., LLC v. Balash*,
765 F.3d 1068 (9th Cir. 2014) ................................................................... 4

Case No. 8-22-CV-00983-DFM
DEFENDANT RICK RANKIN'S REPLY ISO MTD PLAINTIFFS' FIRST AMENDED COMPLAINT

*McDonald v. Aps*,
   385 F. Supp. 3d 1022 (N.D. Cal. 2019) ................................................... 4

*Razuki v. Caliber Home Loans, Inc.*,
   2018 WL 2761818 (S.D. Cal. June 8, 2018) ...................................... 2, 3

*Roy v. Contra Costa Cty.*,
   2015 WL 5698743 (N.D. Cal. Sept. 29, 2015) ................................. 9,11

*Ruiz v. Gap, Inc.*,
   540 F. Supp. 3d 1121 (N.D. Cal. 2008), *aff'd*,
   380 Fed. App'x 689 (9th Cir. 2010) ....................................................... 3

*Samia v. Experian Information Solutions*,
   2022 WL 298369 (S.D. Cal. Feb. 1, 2022) ......................................... 9

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ............................................... 6, 8, 10

*Shapiro v. AT&T Mobility, LLC*,
   No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778
   (C.D. Cal., May 18, 2020) ........................................................... 3

*Silva v. City of San Leandro*,
   744 F. Supp. 2d 1036 (N.D. Cal. 2010) ......................................... 9,11

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ............................................................. 11

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................. 2

*Wheeler v. City of Santa Clara*,
   894 F.3d 1046 (9th Cir. 2018) ........................................................... 12

*In re Yahoo Mail Litig.*,
   7 F. Supp. 3d 1016 (N.D. Cal. 2014) ......................................... 1, 3, 7

**Statutes**

California Business & Professions Code
   § 6060.2 .............................................................................................. 5
   § 6086.1(b) ........................................................................................... 5
   § 6090.6 ................................................................................................ 5

JMBM | Jeffer Mangels Butler & Mitchell LLP

California Business & Professions Code
   § 6168 ............................................................................................. 5
   § 6200 ............................................................................................. 5
   § 6234 ............................................................................................. 5

California Civil Code
   § 1714(a) ...................................................................................... 7, 8

**Other Authorities**

Federal Rule of Civil Procedure
   Rule 12(b) ..................................................................................... 11
   Rule 12(b)(6) ............................................................................. 6, 11
   Rule 15 ........................................................................................... 11

JMBM | Jeffer Mangels Butler & Mitchell LLP

DEFENDANT RICK RANKIN'S REPLY ISO MTD PLAINTIFFS' FIRST AMENDED COMPLAINT

## I.   __INTRODUCTION__

Plaintiffs' FAC is fatally flawed in numerous ways and fails to state any cognizable claims against Rankin.  Their Opposition to Defendant Rankin's Motion to Dismiss (the "Opposition;" Dkt. 54) does not establish otherwise.  Indeed, the Opposition fails to address various arguments raised in the Motion to Dismiss and frequently quotes or cites the same conclusory and bare legal conclusions masquerading as facts – which are legally insufficient as a matter of law – without any effort to explain how or why they could actually state a claim.  Moreover, the Opposition fails to explain why Rankin himself is liable under any of Plaintiffs' theories, instead frequently citing allegations applicable to other Defendants.  The Court should disregard Plaintiffs' attempts to shoehorn Rankin into their case.

Plaintiffs' privacy claim fails because they have not alleged a legally protected privacy right or a serious, egregious invasion of that right.  They have not even alleged that any sensitive information specific to them was disclosed, much less accessed or viewed by a member of the public.  Plaintiffs' negligence claims similarly fail because they have not sufficiently alleged a duty owed by Rankin and cannot allege anything more than speculative and potential damages (in part because they have not alleged that any member of the public actually accessed any protected information).  Rankin's Motion to Dismiss should be granted in full and, because amendment would be futile, leave to amend should be denied.

## II.   __PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION__

The Opposition fails to cure the FAC's plain deficiencies, which falls far short of meeting the "'high bar' for establishing an invasion of privacy claim" under the California Constitution.  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) (quoting *Belluomini v. Citigroup, Inc.*, 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013)); (*see also* Mot. at 6-10).

A.    <u>**Plaintiffs Fail to Plead a Serious Invasion of Their Privacy**</u>

Starting with the third element, Plaintiffs do not dispute that they must allege an invasion of privacy that is "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994). Instead, Plaintiffs assert that the FAC satisfies this exacting standard. It does not.

To begin, the Opposition recites the bare allegation that Rankin's "conduct constituted a serious invasion of privacy causing injury to the Plaintiffs and all Classes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." (Opposition at 10-11.) However, "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiffs' attempt to allege a serious invasion of their privacy fails that basic test.

Read generously, the FAC avers no more than a claim premised on "[l]osing personal data through insufficient security," which, even if accepted as true, "doesn't rise to the level of an egregious breach of social norms." *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 2761818, at *2 (S.D. Cal. June 8, 2018).

Next, Plaintiffs fail to even contend that they plead the required intent, and thereby concede the point. Plaintiffs' conclusory allegation that Rankin's actions involved "intentional conduct" (FAC ¶ 25) is insufficient, and the FAC fails to allege any intentionally malicious or criminal conduct, instead alleging at most mere negligence. (FAC ¶¶ 112-120.) Such allegations are, as a matter of law, insufficient to rise to the level of an egregious breach of social norms required to state a claim under the California Constitution. *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016); *see also* Mot. at 7-8.

It is also not sufficient to make the conclusory allegation that the breach was "egregious" because it involved confidential information. (Opposition at 11.)

1    "Even disclosure of very personal information has not been deemed an 'egregious

2    breach of social norms' sufficient to establish a constitutional right to privacy." *In*

3    *re Yahoo*, 7 F. Supp. 3d at 1038; *see also Shapiro v. AT&T Mobility, LLC*,

4    No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778, at *2 (C.D. Cal., May 18, 2020)

5    ("The alleged disclosure of . . . personal, business, legal, and financial information

6    does not constitute an egregious breach of social norms."); *In re iPhone Application*

7    *Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure of personal data did

8    not constitute an egregious breach of privacy); *Ruiz v. Gap, Inc.*, 540 F. Supp. 3d

9    1121, 1127-28 (N.D. Cal. 2008), *aff'd*, 380 Fed. App'x 689 (9th Cir. 2010) (theft of

10   laptop containing personal information, including social security numbers, was not

11   egregious breach of privacy).

12        Plaintiffs attempt to distinguish the *Razuki* and *iPhone Application* cases only

13   on the basis that those cases did not address "confidential records" from "State Bar

14   investigations." (Opposition at 9.)  That distinction is irrelevant here.  The court in

15   *Razuki* held that a plaintiff must allege an "intentional, egregious privacy invasion"

16   and that "[e]ven negligent conduct that leads to theft of highly personal information,

17   including social security numbers, does not approach the standard of actionable

18   conduct under the California Constitution and thus does not constitute a violation of

19   Plaintiffs' right to privacy."  2018 WL 2761818, at *2; *see also In re iPhone,* 844 F.

20   Supp. 2d at 1063 (applying same standard to find claim insufficient under third

21   element).  Plaintiffs do not even attempt to distinguish *Ruiz v. Gap, Inc.*, which

22   applied the same reasoning to dismiss an invasion-of-privacy claim premised on a

23   data breach because such a claim "do[es] not constitute an egregious breach and

24   therefore are not violations of the California Constitutional right to privacy."  540 F.

25   Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010).  The

26   same standard applies to this case and the FAC plainly fails to satisfy it.[1]

27

28   _____
     [1] For the same reason, the Court should reject Plaintiffs' attempts to distinguish *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012).

1    The only case that Plaintiffs cite, *McDonald v. Aps*, 385 F. Supp. 3d 1022
2    (N.D. Cal. 2019), does not help them.  *McDonald* addressed an intrusion-upon-
3    seclusion claim arising from the intentional collection of data from children for
4    advertising purposes.  *Id.* at 1027–28.  The court found that the complaint contained
5    detailed allegations about what data was taken, how it was taken, and the harm
6    incurred, and further "present[ed] detailed and specific allegations about why these
7    intrusions would have been highly offensive to the reasonable person on the basis of
8    multiple sources, including reports, studies, surveys, case law and secondary legal
9    materials." *Id.* at 1035.  The reasoning in *McDonald* only confirms that detailed
10    factual allegations (and not legal conclusions described by Plaintiffs as facts) are
11    required to sustain a claim.  *See also Lacano Invs., LLC v. Balash*, 765 F.3d 1068,
12    1071 (9th Cir. 2014) (declining to accept as true legal conclusions "cast in the form
13    of factual allegations" (internal quotation marks and citation omitted)).

14    Last, Plaintiffs attempt to avoid dismissal by claiming that the "third element
15    is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6)."
16    (Opposition at 10.)  Where, however, the "undisputed material facts show . . . an
17    insubstantial impact on privacy interests, the question of invasion may be
18    adjudicated as a matter of law."  *Hill*, 7 Cal. 4th at 40.  Even construing Plaintiffs'
19    allegations in their favor, they have not sufficiently alleged a serious invasion of
20    their privacy rights, and the Court should dismiss the constitutional invasion-of-
21    privacy claim.

22    **B.    Plaintiffs Fail to Plead a Legally Protected Privacy Interest**

23    The Opposition also fails to show that the FAC pleads the first element,
24    which requires Plaintiffs have "a legally protected privacy interest."  *Hill*, 7 Cal. 4th
25    at 40.  The Opposition advances two theories: (1) that Docket Data is "confidential
26    as a matter of law because such are statutorily designated as confidential under the
27    State Bar Act codified in the California Business & Professions Code" and (2)
28    whether any Docket Data was actually viewed is "irrelevant" because "the existence

JMBM | Jeffer Mangels Butler & Mitchell LLP

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  of the docket was the breach of confidential information."  (Opposition at 4–7.)

2  Neither suffices.

3    *First*, the Opposition cites no authority suggesting that a legally protected

4  privacy interest is created simply because materials are "designated as confidential"

5  by a statute.[2]  Moreover, as the Opposition acknowledges, information about the

6  disciplinary proceedings listed in the Docket Data may become public in certain

7  circumstances, such as when "public charges are filed."  (Opposition at 4); *see also*

8  Cal. Bus. & Prof. Code § 6086.1(b) ("All disciplinary investigations are confidential

9  *until the time that formal charges are filed. . .*" (emphasis added)  Neither of the

10  State Bar Rules of Procedure alleged in the FAC are to the contrary.  (FAC ¶¶ 14–15

11  (providing confidentiality "[e]xcept as otherwise provided by law or these rules").)[3]

12  The FAC contains no allegations that any Docket Data connected to any of the

13  Plaintiffs was made public or that, even if it was, that such Docket Data was not

14  already made public through these legally authorized mechanisms, which (if so)

15  would defeat Plaintiffs' claim as a matter of law.  Furthermore, by proceeding

16  anonymously, Plaintiffs have deprived Rankin of the ability to verify whether any of

17  information became public or, if so, how it was made public.

18    *Second*, Plaintiffs argue for the first time that "the complaint is not about the

19  specific information posted online, but about the fact that the documents even

20  exist… ."  (Opposition at 9.)  This new theory is not supported by any allegations in

21  the FAC.  The Court should decline to consider it because "the complaint may not

22

23  _____

  [2] The Court should also discount Plaintiffs' attempt to distinguish several cases on the basis that

24  the disclosed information at issue in those cases was "not statutorily defined as confidential like
the State Bar disciplinary records are."  (Opposition at 6–7.)  Plaintiffs do not explain why that

25  makes the reasoning in these cases inapt here.

  [3] The other provisions Plaintiffs cite are inapt because they do not apply to the types of records

26  hosted on the Odyssey Portal, which only relate to State Bar attorney disciplinary proceedings.  *See*
Cal. Bus. & Prof. Code § 6060.2 ("investigations or proceedings . . . concerning the moral character

27  of an applicant" to the State Bar); § 6090.6 ("nonpublic court records"); § 6168 ("investigation of
the conduct of the business of a law corporation"); § 6200 ("discussions and offers of settlement");

28  § 6234 ("Attorney Diversion and Assistance Program").

1  be amended by briefs in opposition to a motion to dismiss." *Columbus Univ. v.*

2  *Tummala*, 2022 WL 1492167, at *6 (C.D. Cal. Feb. 8, 2022) (internal quotation

3  marks and citation omitted)); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d

4  1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6)

5  dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers,

6  such as a memorandum in opposition to a defendant's motion to dismiss.");

7  *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) (ruling

8  "statements in [an] opposition brief cannot amend the Complaint").

9      The new theory also appears to contradict the FAC, which alleges (without

10 support) that the case is premised on certain "details" of "confidential disciplinary

11 records or other confidential information."  (FAC ¶ 25.)   The Opposition cites no

12 case where the mere existence of a document was recognized as a legally protected

13 privacy interest.  And if this unpled theory is actually the basis of the FAC, then

14 Plaintiffs have only substituted one problem for another, because they do not

15 explain how merely disclosing the existence of a document is a serious invasion of

16 their privacy rights or could have plausibly caused any of the conclusory harms

17 asserted.

18      Reduced to its core, the FAC contains no allegations demonstrating that any

19 of the limited, non-substantive Docket Data—which only consists of a case number,

20 filing date, case type, case status, and respondent and complaining witness names—

21 comes within a legally protected privacy interest.  Nor could it, when Plaintiffs have

22 not alleged facts showing what specific information of theirs (if any) was actually

23 made public in the Incident, that any such information was viewed by anyone, or

24 that Plaintiffs were injured by that disclosure.  The FAC thus fails to allege the first

25 element of the constitutional invasion-of-privacy claim.  (Mot. at 6-8.)

26      **C.    Plaintiffs Fail to Plead a Reasonable Expectation of Privacy**

27      With respect to the second element—which requires Plaintiffs allege "a

28 reasonable expectation of privacy," *Hill*, 7 Cal. 4th at 39—the Opposition merely

1  cites to paragraphs 67 and 68 of the FAC and asserts that they are enough.

2  (Opposition at 8-9.)  Both are simply legal conclusions masquerading as factual

3  allegations and, as such, are "fatally conclusory."  *Yahoo*, 7. F. Supp. 3d at 1041.

4  **III.**    **PLAINTIFFS FAIL TO STATE A CLAIM FOR EITHER**

5        **NEGLIGENCE OR NEGLIGENCE *PER SE***

6        Rankin stated three reasons why the negligence claims should be dismissed.

7  (Mot. at 12–18.)  The Opposition does not undermine any of them.[4]

8        **A.    Plaintiffs Fail to Allege Duty**

9        The FAC's single conclusory allegation that Rankin owed duties to Plaintiffs

10  arising from the Incident is unsupported by any well-pled facts; none of these

11  purported duties exist.  (Mot. at 11.)  In response to Rankin's pointing out the plain

12  deficiencies in Plaintiffs' allegations, the Opposition newly argues that the duties

13  arise from either: (1) a mishmash of inapt statutes and rules—the IPA, California

14  Civil Code Section 1714(a), the State Bar Act, and the State Bar Rules of

15  Procedure—or (2) a non-existent and un-alleged "special relationship" between

16  Rankin and Plaintiffs.  (Opposition at 17–19.)  None of these grounds creates a duty.

17        *First*, Plaintiffs have not sufficiently alleged that Rankin owed a duty directly

18  to them.  Instead, the FAC only superficially alleges the following conclusory

19  statement: "Rankin [was] under a mandatory duty and owed a duty of due care to

20  plaintiffs and all class members to (1) provide reasonable notice of the breach; (2)

21  provide the plaintiffs and members steps to take to protect themselves; (3) institute

22  proper security measures to keep the information confidential; and/or (4) maintain

23  proper security measures to ensure the information remained confidential."  (FAC

24  ¶ 115.)  The FAC, however, contains no allegations to support this conclusion.

---

[4] Plaintiffs additionally argue that the Docket Data – consisting only of a case number, filing date, case type, case status, and respondent and complaining witness names – constitutes personal information. (Opposition at 12-14.)  Rankin does not concede that any of the Docket Data is personal information – the mere existence of those records (as opposed to their content) cannot be "information … that identifies or describes an individual."  Cal. Civ. Code § 1798.3.

JMBM | Jeffer Mangels Butler & Mitchell LLP

Plaintiffs' conclusory and generalized allegations of a duty and nebulous breach of

that duty are insufficient to state a claim.  Plaintiffs further suggest that Rankin, as

an independent contractor for the State Bar, was bound by the IPA's rules

specifically applicable to "agencies."  (Opposition, pp. 14-15.)  Plaintiffs do not

explain how the IPA's rules applicable to agencies should be imputed to the State

Bar's independent contractor, when the IPA is not even applicable to the "agency"

in question here.  (Dkt. 38-1 at 8.)  This is the same bald allegation previously

asserted in the FAC and, standing in isolation, is not sufficient to survive dismissal.

Plaintiffs' citation to Section 1714(a) is also unavailing; that statute relates to

"furnishing alcoholic beverages," and therefore "does not impose any duty on

Defendants to Plaintiffs."  *Duenas v. Cnty. of Riverside*, 2022 WL 2163014, at *5

(C.D. Cal. May 27, 2022).

Finally, the Opposition gestures to "the State Bar Act and State Bar Rules of

Procedure," (Opposition at 15), but cites no case in which a court found a duty

arising from either.  Moreover, the FAC does not allege what State Bar Act

provision Plaintiffs believe applies here, let alone how Rankin could have violated

it, and the FAC does not plead adequate facts showing a violation of the two Rules

of Procedure averred.  No duty arises from these laws and rules.

*Second*, Plaintiffs' assertion of a "special relationship" with Rankin is

hopelessly flawed.  (Opposition at 15-18.) The FAC does not allege a special

relationship between Rankin and Plaintiffs, and the Court should reject Plaintiffs'

argument as an attempt to amend the FAC by way of the Opposition.  *Schneider*,

151 F.3d at 1197 n.1; *Columbus*, 2022 WL 1492167, at *6; *Fabbrini*, 544 F. Supp.

2d at 1050.  Nor does the Opposition even attempt to show a special relationship

between Rankin and Plaintiffs, instead describing ***only*** the State Bar's purported

conduct without explaining whatsoever why that conduct establishes a special

relationship with Rankin.  (Opposition at 15-19.)  The negligence claim should be

dismissed.

### B.    **Plaintiffs' Negligence Claims Fail for Lack of Injury**

The Opposition asserts only that Plaintiffs suffered one injury: emotional distress. (Opposition at 19–20.) Plaintiffs' failure to assert any other category of damages connected to their negligence claims – such as lost time and expense, future injury, delayed notification, physical injury, or economic damages, (Mot. at 11–15) – is an admission that the FAC does not sufficiently plead any such injuries. *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."); *Roy v. Contra Costa Cty.*, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) (dismissing five causes of action with prejudice because "Plaintiff failed to respond with any explanation as to why [the] suit against the [defendant] should survive").

As for emotional damages, Plaintiffs strain to analogize their purported injury to those alleged by the plaintiffs in *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100 (9th Cir. 2012), and *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995). (Opposition at 19–20.) These cases did not address negligence claims; they principally involved claims against credit reporting agencies under the Fair Credit Reporting Act. More importantly, "[n]either case stands for the proposition that a bald assertion of emotional distress suffices to show actual damages," as explicitly recognized by a third case cited by Plaintiffs, *Samia v. Experian Information Solutions*, 2022 WL 298369, *3 (S.D. Cal. Feb. 1, 2022).

Here, Plaintiffs' conclusory allegations of emotional distress are far afield from the "specific allegations" and expert testimony from the plaintiffs in *Drew* and *Guimond*. *Id.* Instead, like in *Samia*, Plaintiffs "fail[] to provide any facts supporting [their] damages claims." *Id.*; *see also Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020) (finding "although actual damages can include emotional distress, a plaintiff must support her claim for pain and suffering with something more than her own conclusory allegations, such as

DEFENDANT RICK RANKIN'S REPLY ISO MTD PLAINTIFFS' FIRST AMENDED COMPLAINT

1    specific claims of genuine injury" (cleaned up)).   The negligence claim thus fails.

2          **C.     <u>Plaintiffs' Negligence *Per Se* Theory is Unsupported</u>**

3          Plaintiffs appear to concede that negligence *per se* "does not provide a private

4    right of action for violation of a statute."   *Dugas*, 2016 WL 6523428, at *12

5    (internal quotation marks omitted).   They instead position this claim as another

6    "cause of action for negligence," (Opposition at 22), which the FAC expressly

7    predicates on Rankin's alleged violations of the IPA and the California constitution,

8    (FAC ¶ 125–26).   Plaintiffs also appear to admit that a negligence *per se* claim

9    cannot survive if Rankin did not violate those laws; rather, they argue only that "the

10   FAC sufficiently alleged defendant violated the IPA and Cal[ifornia] Constitution."

11   (Opposition at 20.)

12         The FAC did not assert a claim for violation of the IPA against Rankin, and

13   as a result, Rankin's Motion to Dismiss did not address that claim.   (*See* FAC at 9

14   (asserting IPA claim "Against Defendant State Bar of California").)   Nor does the

15   unsupported and conclusory allegation that Rankin did in fact violate the IPA (FAC

16   ¶ 127) suffice at the pleading stage.   The Court should disregard Plaintiffs'

17   argument.

18         Consequently, if the Court dismisses Plaintiffs' California Constitutional

19   invasion of privacy predicate claim – and it should (*see* Section II) – then it should

20   also dismiss the negligence *per se* claim.   (Mot. at 16.)

21         The Opposition purports to add new predicates under the California Business

22   and Professions Code, the State Bar Act, and the State Bar Rules of Procedure.

23   (Opposition at 21.)   None of these new predicates appear in the FAC; the Court

24   should reject this improper attempt to amend the FAC by way of the Opposition.

25   *Schneider*, 151 F.3d at 1197 n.1; *Columbus*, 2022 WL 1492167, at *6; *Fabbrini*,

26   544 F. Supp. 2d at 1050.   The Opposition also does not cite any authority where a

27   negligence *per se* claim was sustained on any of those unpled predicates.   Just as

28   with the IPA and California Constitutional claims, the FAC fails to state a claim

1  under any of those statutes or rules as to Rankin.

2      Finally, the Court should dismiss the negligence *per se* claim for the same

3  reasons it should dismiss the negligence claim: the FAC does not sufficiently allege

4  any of the other required elements.  (*See* Section III.A-B, *supra*.)

5  ## IV.    PLAINTIFFS' ANONYMOUS PLEADING IS IMPROPER

6      The Opposition simply ignores the case cited by Rankin where the court

7  dismissed a complaint "because the Court lacks jurisdiction over all anonymous

8  plaintiffs until the Court has given leave to proceed anonymously." *Doe v. U.S.*

9  *Healthworks Inc.*, 2016 WL 11745513, at *2, 6 (C.D. Cal. Feb. 4, 2016); *see also*

10 *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th

11 Cir. 2010) ("[W]e affirm the district court's order dismissing the case based on

12 plaintiffs' failure to disclose their identities.").  Plaintiff's authorities generally

13 permitting the use of pseudonyms are inapposite.

14     Plaintiffs submitted a request for the Court's leave to proceed using

15 pseudonyms only after Rankin filed his motion to dismiss.  (Dkt. 41.)  On June 27,

16 2022, Rankin joined the other Defendants in opposing that request.  (Dkt. 47.)

17 Should the Court deny Plaintiffs' request to proceed pseudonymously, it should also

18 dismiss the FAC unless and until Plaintiffs allege their true identities.  *Healthworks*,

19 2016 WL 11745513, at *6.

20 ## V.    PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF

21     The Opposition does not refute that, in order to obtain injunctive relief,

22 Plaintiffs must allege they "personally would benefit in a tangible way" from an

23 injunction and are "realistically threatened by a repetition of the violation."  (Mot. at

24 24 –25 (quoting *Dugas*, 2016 WL 6523428, at *8).)  Plaintiffs thereby admit they

25 have no riposte.  *Silva*, 744 F. Supp. 2d at 1050; *Roy*, 2015 WL 5698743, at *3 n.7.

26 Plaintiffs' only argument is that "injunctive relief cannot be stricken by a FRCP

27 12(b)(6) motion."  (Opposition at 22.)  The Opposition provides no authority that

28 Rankin's argument must be made in a motion to strike instead of in a motion to

JMBM | Jeffer Mangels Butler & Mitchell LLP

dismiss.  Moreover, such a rule would make no sense under Rule 12(b), which expressly allows a party to assert its available defenses "by motion."  *See also Somers v. Apple, Inc.*, 729 F.3d 953, 966-67 (9th Cir. 2013) (affirming order granting Rule 12(b)(6) motion on Sherman Act "claims for injunctive relief" for lack of antitrust injury). The FAC's claim for injunctive relief should thus be dismissed.

## VI.    <u>THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND</u>

Leave to amend "is properly denied" under Federal Rule of Civil Procedure 15 when "amendment would be futile."  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).  Plaintiffs have already amended the FAC once and do not "propose any specific allegations that might rectify their" pleading failures. *Id.*  Further, because Plaintiffs' invasion of privacy, negligence, and negligence *per se* claims are all barred by operation of law, another amended complaint "would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).  The FAC should be dismissed without leave to amend.

## VII.   <u>CONCLUSION</u>

For the reasons state above, the Court should dismiss the FAC with prejudice as to Rankin.[5]

---

[5] On the same date Plaintiffs filed the Opposition, they also filed a request for judicial notice ("RJN") attaching an affidavit from Kevan Schwitzer—who was, until recently, a defendant in this case, (Dkt. 26)—and "sample communications" between Mr. Schwitzer, Rankin, and an individual named Jeremy Ward.  (Dkt. 57.)  The Opposition does not reference any of these materials, and neither it nor the RJN explain the import of, or provide a basis for the admissibility for, the Schwitzer affidavit or the sample communications.  The Court should thus decline to consider these filings when resolving Rankin's motion to dismiss.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    DATED:  July 25, 2022            Respectfully submitted,

2

3                                     JEFFER MANGELS BUTLER &
                                      MITCHELL LLP
4                                     MICHAEL A. GOLD
                                      JUSTIN ANDERSON
5

6                                     By:        /s/ *Michael A. Gold*
                                      _____
7                                              MICHAEL A. GOLD
                                      Attorneys for Defendant Rick Rankin
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RICK RANKIN'S REPLY ISO MTD PLAINTIFFS' FIRST AMENDED COMPLAINT