Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of*
*themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive, <br> Defendants. | CASE NO. 22-cv-00983-DFM <br><br> Assigned to the Hon. Douglas F. McCormick, Complaint filed: 03-18-2022 <br><br> **PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS** <br><br> Hearing Date: September 16, 2022 <br> Time: 2:00PM <br> Crtm: 2 |

**PLEASE TAKE NOTICE THAT PLAINTIFFS** request this Court to CONSIDER THIS SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE on the grounds that Kevan Schwitzer, owner of JudyRecords.com recently updated his "information" page on judyrecords.com with additional information relevant to the reason for the breach and Tyler Technologies lack of the most basic security measures that were put in place.

Plaintiffs request this Court take judicial notice under FRE 201 as follows:

1.  Information page with Kevin Schwitzer's explanation of how the breach occurred and why it occurred updated on July 22, 2022 a true and correct copy of <u>Exhibit 1</u> which

1

is attached hereto and can be verified by going to the URL:

https://www.judyrecords.com/what-happened-with-tyler-technologies

2. Information page with Kevin Schwitzer's explanation of how the breach occurred and why it occurred updated on July 27, 2022 a true and correct copy of <u>Exhibit 2</u> which is attached hereto and can be verified by going to the URL:

https://www.judyrecords.com/info

3. First hyperlink on the highlighted updated portion of the Information page with Kevin Schwitzer's explanation of how the breach occurred and why it occurred updated on July 27, 2022 a true and correct copy of <u>Exhibit 3</u> which is attached hereto and can be verified by going to the URL:

https://www.judyrecords.com/public-uploads/duty.png

4. Second hyperlink on the highlighted updated portion of the Information page with Kevin Schwitzer's explanation of how the breach occurred and why it occurred updated on July 27, 2022 a true and correct copy of <u>Exhibit 4</u> which is attached hereto and can be verified by going to the URL:

https://www.judyrecords.com/public-uploads/150.png

5. Third hyperlink on the highlighted updated portion of the Information page with Kevin Schwitzer's explanation of how the breach occurred and why it occurred updated on July 27, 2022 a true and correct copy of <u>Exhibit 5</u> which is attached hereto and can be verified by going to the URL:

https://developer.wordpress.org/reference/functions/current_user_can/

The Court has the ability to take judicial notice of these website pages. See <u>Fed. R. Evid. 201(b)</u>; Caldwell v. Caldwell, <u>2006 WL 618511, at *4</u> (N.D. Cal. Mar. 13, 2006).

The website pages are attached hereto and " are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

1
2
questioned." <u>Fed.R.Evid. 201(b)</u>." *Caldwell v. Caldwell* (N.D. Cal., Mar. 13, 2006, No. C 05-4166 PJH) [pp. 6].

3
4
5
6
7
8
9
10
These website pages are relevant to show that Tyler Technologies owed a duty to the plaintiffs and breached that duty by failing to implement even the most basic security measure "everyone already knew what the problem was. **Direct case access did not perform any access control check before returning case data**." Additionally, since the State Bar hired Tyler Technologies and Rick Rankin was the acting director in charge to make sure and test the software to ensure that security measures were in place, they had a duty which they breached as well. Like *Wible v. Aetna Life Ins. Co.* (C.D. Cal<u>. 2005) 375 F. Supp. 2d 956, 96</u>6 which opined

11
12
13
14
15
16
17
18
" the Court is permitted to review evidence outside of the administrative record. Tremain v. Bell Industries, Inc., 196 F.3d 970, 976-77 (9th Cir. 1999) ("In determining whether a plan administrator's conflict of interest affected its decision to deny benefits, evidence outside the administrative record may be considered.")." *Wible v. Aetna Life Ins. Co.* (C.D. Cal. 2005) 375 F. Supp. 2d 956, 966; this Court is permitted to review evidence on the JudyRecords website by the person who helped these defendants discover what was defective in their Odyssey CRM. The Motion to dismiss for failure to allege a duty that was plausible should be denied.

19
20
21
22
23
24
25
Dated:  July 29, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

26
27
28

**3**

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*        30-2022-01250695-CU-AT-CXC

1

**PROOF OF SERVICE OF DOCUMENT**

2

3   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My
    business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651
4   A true and correct copy of the foregoing document entitled:

5   **PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN**
6   **OPPOSITION TO THE MOTIONS TO DISMISS**

7   will be served or was served **(a)** on the judge in chambers in the form and manner required by
    LBR; and **(b)** in the manner stated below:

8

9   **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE**
    **TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to
10  F.R.Civ.P. on 07-29-2022, I served the following persons and/or entities ECF or email as
11  follows:

12  X Service information continued on attached page
13  I declare under penalty of perjury under the laws of the United States that the foregoing is true
    and correct.

14

15  07-29-2022           James D. Ocon                    /s/James D. Ocon

16  *Date*             *Printed Name*                    *Signature*

17

18

19

20

21

22

23

24

25

26

27

28

**4**

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN**
**OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

## SERVICE BY ECF

| **Defendant** | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200 |

5

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*    30-2022-01250695-CU-AT-CXC

| | | San Francisco, CA 94111 |
| | | 415-882-8200 |
| | | Fax: 415-882-8220 |
| | | Email: jason.haycock@klgates.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Christina N Goodrich** |
| | | K and L Gates LLP |
| | | 10100 Santa Monica Boulevard 8th Floor |
| | | Los Angeles, CA 90067 |
| | | 310-552-5000 |
| | | Fax: 310-552-5001 |
| | | Email: christina.goodrich@klgates.com |
| | | *ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher** |
| | | Faegre Drinker Biddle and Reath LLP |
| | | 1800 Century Park East Suite 1500 |
| | | Los Angeles, CA 90067 |
| | | 310-203-4000 |
| | | Fax: 310-229-1285 |
| | | Email: david.belcher@faegredrinker.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Peter William Baldwin** |
| | | Faegre Drinker Bibble and Reath LLP |
| | | 1177 Avenue of the Americas 41st Floor |
| | | New York, NY 10036 |
| | | 212-248-3140 |
| | | Fax: 212-248-3141 |
| | | Email: peter.baldwin@faegredrinker.com |
| | | *ATTORNEY TO BE NOTICED* |

6

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*       30-2022-01250695-CU-AT-CXC

| **Defendant** | | **Michael Gold** |
| **Rick Rankin** | | MAG@jmbm.com via Email |

Tiana A. Demas      tdemas@cooley.com

Christina N. Goodrich      klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold      mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert      docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson      learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes      mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich      cwaidelich@cooley.com, kjones@cooley.com

David Belcher      docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio      beth.petronio@klgates.com

Gregory John Merchant      gmerchant@cooley.com

Peter William Baldwin      peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson      banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

**7**

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS**

*Roe v The State Bar of California, et al.*      30-2022-01250695-CU-AT-CXC

EX 1

# judyrecords
# (//www.judyrecords.co

| search anything | Search |
|---|---|

search tips (/info#searchTipsHeader)

## 630 million+

United States Court Cases

home (/)    terms (/terms)    info (/info)

Update here (/info) (7/27).

## What Happened With Tyler Technologies

First off, thanks for taking the time to read this. If you're here, you're probably already familiar with what's happened. If not, check out here (/info).

If you're already familiar with all that or aren't interested in reading through it, here's the setup:

   — Sat, Feb 26th around 7pm, California State Bar puts out the press release here (https://www.calbar.ca.gov/About-Us/News/News-Releases/state-bar-of-california-addresses-breach-of-confidential-data) (updates here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates)), announcing that it is taking urgent action against a breach and unlawful display of 260,000 nonpublic State Bar attorney discipline records. Forensics experts have been retained, law enforcement has been contacted, the software vendor has been contacted, my domain registrar and web host have been notified.

   — Sat, Feb 26th around 7:30pm, news websites begin picking up the story, the first of which I saw here (https://www.pe.com/2022/02/26/260000-confidential-attorney-discipline-records-published-after-data-breach-state-bar-says/), and the corresponding tweets here (https://twitter.com/TheChalkOutline/status/1497769824474128386) and here (https://twitter.com/TheChalkOutline/status/1497791192049717248), hashtag #hackers on each.

And I run judyrecords.

Holy. Shit.

I see these around 11pm, along with several other news websites already picking up the story, immediately stop browsing reddit, and start rifling through a temp file for the closest thing that could delete the CA State Bar cases off the index.

### Meeting With California State Bar. Monday Morning.

The night I learned of the issue, I'd immediately called out the CA State Bar saying that all the records accessed were publicly available (confidential & non-confidential).

By Monday morning, however, the story had already hit local and national media.

And (https://www.latimes.com/california/story/2022-02-27/california-bar-investigates-possible-data-breach-after-discipline-records-published-online) I (https://www.reuters.com/legal/legalindustry/california-bar-says-hack-exposed-1000s-attorney-discipline-cases-2022-02-28/) was (https://news.bloomberglaw.com/us-law-week/california-bar-disciplinary-lawyer-data-hack-under-investigation) a (https://finance.yahoo.com/news/california-bar-investigates-confidential-discipline-220622886.html) hacker (https://today.westlaw.com/Document/I73bd192098c311ec89d6c95015d2aa50/View/FullText.html?transitionType=CategoryPageItem&contextData=(sc.Default)).

In what can only be described as simultaneously the most bizarre *and* unbizarre meeting I have ever had, by the time the Monday morning meeting arrived, everyone already knew what the problem was. Direct case access did not perform any access control check before returning case data.

Holy. Fucking. Shit.

It's one of those things that almost doesn't compute, honestly. A security measure so fundamental, and without which the system can't even be called secure. There's no buildup or grand reveal on the technical side of things, if you were hoping for one.

You might be wondering then, what's the most reliable way to size this up? What information available would have the highest liklihood of accurately reflecting what is actually true?

And I would simply suggest looking at what happened in the following days.

Tyler starts taking their portals offline accross the county. I disable the search on judyrecords, and disable all Tyler Technologies cases from direct access.

Silence.

### The Great Retraction

Given the severity of the software defect, I'd like to think it was an entirely foregone conclusion about what the Bar's response would be after the initial meeting.

The California State Bar released the following statement that same day:

> The State Bar has continued its investigation with the help of an IT
> security firm, and has also been in contact with the owner of the
> judyrecords site, who has been very responsive and collaborative. It is now
> the State Bar's belief that there was no malicious "hack" of its system.
> Instead, it appears that a previously unknown security vulnerability in the
> Tyler Technologies Odyssey case management portal allowed the nonpublic
> records to be unintentionally swept up by judyrecords when they attempted to
> access the public records, using a unique access method. The State Bar is
> working with Tyler Technologies, the maker of the Odyssey system, to
> remediate the security vulnerability, which we believe may not be unique to
> the State Bar's implementation and could impact other users of Odyssey
> systems.

Within the span of 48 hours, I had metamorphisized from an ordinary citizen to a hacker. And to an ordinary citizen, once more.

The least biased reporting I've found up to this point here (https://followourcourts.com/2022/02/state-bar-case-website-exchange-allegations-over-data-illegally-made-public/).

### Requests, Requests, Requests

At this point, you're undoubtedly wondering about this "unique access method" described above. Any funny business going on there?

The short answer, is yes.

But only from the court systems themselves, actually, not from me.

Broadly speaking, there are 2 kinds of public data systems:

(1) Public data systems that make their public data available and accessible.

(2) Public data systems that make their public data available and accessible, while simultaneously and intentionally errecting barriers that make simple and straightforward access difficult. Two-faced (https://www.vocabulary.com/dictionary/two-faced) systems, if you will.

> *adjective: marked by deliberate deceptiveness especially by pretending one*
> *set of feelings and acting under the influence of another*
>
> *synonyms: Janus-faced, ambidextrous, deceitful, double-dealing, double-*
> *faced, double-tongued, duplicitous, dishonest, dishonorable*

**Type 1 systems**

- Oklahoma Statewide Court System System

- United States Patent and Trademark Office System

- United States Trademark Trial and Appeal Inquiry System

- Clayton County, Georgia Court Records Inquiry

- Arkansas Statewide Courts System

- The Supreme Court of the United States

What makes these and others Type 1 systems?

Look at the URLs here (https://www.oscn.net/dockets/GetCaseInformation.aspx?
db=adair&number=SC-2021-199), here (https://www.courts.mo.gov/casenet/cases/parties.do?
inputVO.caseNumber=03CV215589&inputVO.courtId=CT16), here
(https://ttabvue.uspto.gov/ttabvue/v?pno=91274902), here
(https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_docket_report?
case_id=CR-10-707), here (https://weba.co.clayton.ga.us/casingcgi-bin/wci205r.pgm?
ctt=L&dvt=V&cyr=2013&ctp=CV&csg=01913&jdg=C), here
(https://www.supremecourt.gov/opinions/slipopinion/21), here
(https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-
6826.html), here (https://apps.calbar.ca.gov/attorney/Licensee/Detail/206929), here
(https://search.txcourts.gov/Case.aspx?cn=WR-93,354-04&coa=coscca), here
(https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_docket_report?
backto=P&case_id=JP16-09-000472), here
(https://gscivildata.shelbycountytn.gov/pls/gnweb/ck_public_qry_doct.cp_dktrpt_docket_report?
backto=P&case_id=1716876&begin_date=end_date=), here
(https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?
caseId=24D82035328&loc=69&detailLoc=CC), and here (https://patft.uspto.gov/netacgi/nph-
Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-
bool.html&r=1&f=G&l=50&col=AND&d=PTXT&s1=PP11,170.PN.&OS=PN/PP11,170&RS=PN/PP11,170).

Seriously, take a look at these URLs.

Go ahead, open some new tabs, and check them out. By the way, I mean the URLs themselves, not the pages.

And what do they all have in common?

They all present simple and straightforward mechanisms to access data.

Public records portals allowing simple and straigtforward access to public records. Great!

**And Type 2 systems?**

Well, in Type 2 systems you have garbage like this:

- /CV_CaseInformation_Summary.aspx?q=H7N1DikRRhKJF5LgUOpm6Q2

- /Case/CaseDetail?eid=cntgXDLsxsfSNXmdnHGDvA2

       – /webcivil/FCASCaseInfo?

index=m9hvMsrh7eROg7HqOFHhMA%3D%3D&county=EI3JYjjXFaKuMnnvdD2LYA%3D%3D&civilCaseId=yRBmzd3Mtkany19QS4lgsg%3D%3D

What. The. Fuck.

This is from organizations that are in *the same class of entity* as the Type 1 systems and
URLs given above. Each of the URLs directly above, with *less* effort, could have been:

    – /CV_CaseInformation_Summary.aspx?CaseId=500

    – /Case/CaseDetail?CaseId=500

    – /webcivil/FCASCaseInfo?index=5&county=2&civilCaseId=500

But the programmers of these systems went out of their way to intentionally create barriers
that make simple and straightforward access to public records difficult.

In each of the cases above, a level of indirection was added to make the collection of
public records as difficult as possible.

This is a common anti-scraping technique, which is justifiable for those with proprietary
data that aren't funded by taxpayers dollars, but has no place among publicly-funded public
records systems.

> *judyrecords, YouTube, and others use this same technique, in fact. See* here
> *(https://judyrecords.com/record/vz3gd3xnv6ba2) and* here
> *(https://www.youtube.com/watch?v=dQw4w9WgXcQ).*

**But wait, more Type 2 public records systems glory!**

In addition to the above scheme, you also see garbage like this:

    (1) Date filed searches are arbitrarily restricted, preventing the ability to simply
query all cases filed within (even a small) date range and get all the cases.

    (2) Want to get an update to a case or download a public case document? Fill out a
captcha first to request the case URL.

    (3) Want to get all the cases of a type, filed within a certain date range? First specify
at least 2 characters of the last name, and one first name character.

I've just checked 10 random Odyssey Portals and not a single one allows doing a simple date
filed search. Each one requires that additional information be supplied.

Are you seeing a pattern here?

In terms of public records access, this is intentionally antagonistic.


## Records Wide Open

Tyler, as it happens, sells Type 2 public records systems. They've implemented every single
tactic mentioned above to varying degrees across their portals.

Honestly, you just deal with it.

These systems and the people who sign off on them certainly have a special place in public
records hell, but you take what you can get, and move on.

I'd pulled data from about 20 of Tyler's Odyssey Portals from jurisdictions around the
country. California, Georgia, Texas, and so on, marshalling through searches, farming out
the captcha solving to a third-party service when needed.

Another day in public records aggregation paradise.

In Tyler's Odyssey Portal, cases could be requested directly, no need to jump through hoops
for that part. More often than not, cases can be requested directly, but sometimes you have
to do a search first, sometimes you need to fill out a captcha, etc. It depends on how far
Type 2 they've made the system, but in this case, direct requests were available.

So, remember that first set of garbage URLs from Type 2 systems above?

The second one was actually one of Tyler's, corresponding to whatever case ID.

I remember looking at the table (/public-uploads/tyler-urls-1.png) of a portal I'd already pulled from, and thinking:

> *Huh, maybe they're using the same URLs for the same case IDs?*

And it turns out, they were (/public-uploads/tyler-urls-2.png).

At this point, it's just a matter of marching through case IDs, as usual.

If you've followed all the way through to this point, you might've figured out what went wrong.

Tyler went out of their way to implement Type 2 measures, intentionally requiring convoluted access approaches by their own design, but didn't bother with basic security.

Did I ever think a direct case request could lead to private records?

Not in a million years.

Because that would mean the software had a defect so severe that any and all systems running that software would need to be taken offline immediately, due to its inability to perform arguably its most critical function.

Well, that happened (https://www.law360.com/articles/1470532/court-files-offline-in-several-states-after-security-flaw-found).

And I downloaded from about 30 different Tyler Odyssey portals this way.

The California State Bar times 30 — potentially.

## It Gets Worse

There's an old Internet adage:

> *On the Internet, nobody knows you're a dog.*

Tyler's software didn't know either.

If you had a link, you were a fully authorized user — tail or otherwise.

I pointed out early on that this isn't just a judyrecords problem.

If these links are not performing access control checks, if a case is found by a docket aggregator, and then goes private and has updates, those updates that happened after the case became private are still public and subject to be downloaded.

That would seem to be a large and widespread problem, but simply hasn't been noticed yet.

Docket aggregators have millions of cases from this software system. Probably no less than 10 million on average.

According to Tyler's own spec sheet (https://web.archive.org/web/20220318140229/https://www.tylertech.com/Portals/0/OpenContent/Files/3651/ODYSSEY-Portal-Product-Sheet.pdf), this software system serves more than 600 counties across 22 states — although I believe this counts their legacy Odyssey system as well, which doesn't have the same issue.

Two days in, I had two asks for Tyler.

My exact message:

> *(#1 by Thursday)*
>
> *#1. Publicly clarify: Based on Tyler's understanding of the situation, what is Tyler's public position regarding whether it views the incident the same way as the CA Bar or not.*
>
> *#2. Willing to budget dedicated internal staff/resources toward helping individual portals get their data up to date on judyrecords *and* other docket aggregators.*

7/29/22, 12:17 PM    Case 8:22-cv-00983-DFM    Document 70    Filed 07/29/22    Page 14 of 41    Page ID
What happened with Tyler Technologies - judyrecords
#:665

> *Solely from docket aggregators using URLs that, when those URLs become confidential,*
> *those URLs are still public to have data updated from (and those URLs having been*
> *this way for probably the entirety of the Odyssey case management system's*
> *lifetime), that is more than enough for Tyler to reach the same conclusion and start*
> *shepherding a unified data fix solution that can be checked and updated by other*
> *docket aggregators.*
>
> *(other known docket aggregators: DocketAlarm, LexisNexis CourtLink, West's docket*
> *product, Bloomberg, UniCourt)*

## Type 2 Collaboration And Disbelief

By Thursday of the same week I had initially met with the California State Bar, I had
already shared exactly how I downloaded cases from their portals.

Some by search first, then direct access. The others just by direct access.

By Friday, it was great to clear the air. We discussed leveraging the same ability to
identify which cases were actually viewed that the CA State Bar used. That there are far
fewer cases intended to be private that have been viewed vs. the number that have been
downloaded is an incredibly tempering circumstance.

judyrecords had also saved all case identifiers for every case downloaded, which would
allow accurate cross-referencing between systems. I've done this for every system where
possible, not just Odyssey.

A strong point of contention was exactly how data would flow. I wanted data to flow from
Tyler to me first, and Tyler wanted the opposite.

When data flows from my end first, I have no ability to know what's what, Tyler can say
whatever it wants about the data, and I don't have any basis to know, evaluate, or say
anything. They control the information entirely. My main concern however, was that data
flowing from me first would kill their incentive to collaborate back in kind.

But by the end of Friday, still in the very first week of it all, I was already sending
them data up front.

I did manage to require that I wouldn't be sending more than 5 sources before they had to
send data back before getting more. But I gave in to the next special request, and the
next, and the next. By the middle of the next week, I had provided 15 data sources up
front.

Then, I went out of my way to create truncated files with actual data for every direct
access portal. 10k-record files that could be used for testing, and for any data source for
which I haven't given them a full file for yet.

But two weeks later, after significant back and forth, and despite the nature of the
software defect, they are unwilling to even say they believe the access to records meant to
be nonpublic was inadvertent.

And I've only received one data file back of nonpublic case IDs to remove.

## Where Do We Go From Here?

As far as removing cases on judyrecords retrieved from Odyssey (non-legacy) portals that
were meant to be nonpublic, I only need a list of case IDs. After that, a confirmation
check on a sample of the cases provided, and confirmation of the records removed.

As for general cleanup, the only viable solution I see is for Tyler to establish an API on
their public records portals so that docket aggregators can voluntarily synchronize their
datasets to remove currently nonpublic cases. This will have the effect of handling cases
that became private, but updates were received after that.

After that, I seriously hope they'll consider getting rid of Type 2 designs that
intentionally erect barriers that make simple and straightforward access to public records
difficult.

**Supplemental Q&A** (last updated 7/22)

**Which versions of Odyssey Portal were affected by the direct access issue?**

Tyler has 2 major Odyssey products that I know of. Odyssey "New" (referred to as just
Odyssey Portal now) and Odyssey "Old", their legacy Odyssey system.

First one looks like this (https://discipline.calbar.ca.gov/portal/), second like this
(http://ac5.co.anderson.tx.us/PublicAccess/default.aspx).

I've asked Tyler multiple times.

I finally caved.

And just asked: What's the complicated part?

My exact words:

> *...confirming whether any portal has a direct access issue should be a
> straightforward check that could be done by level 1 or level 2 support for any of
> the portals.*
>
> *If you don't mind me asking, what is the complicated part about verifying the
> authorization issue?*
>
> *1) Go to a case in a portal that is supposed to be non-public*
>
> *2) Open the web tools network tab and copy the URL for the case*
>
> *3) Open another browser and go to the URL. If the URL displays the case, there was
> no authorization check.*
>
> *So right now, my understanding is that any non classic Odyssey Portal had the issue
> of no authorization check for direct access.*

It's like talking to a brick wall.

**Is sharing the access method or case IDs security sensitive?**

> *Tyler sent this (/public-uploads/what-happened-with-tyler-technologies-response-
> 2022-03-20.png) 3/19. Response to #1.*

No, absolutely not.

First, access method.

Tyler has already taken their public portals offline across the country.

If there are any portals that have either (1) been taken offline then brought back online
without fixing the issue or (2) have the issue but have not been taken offline, that would
be extrordinarily incompetent.

If this is the case, there are even bigger problems with Tyler.

Second, case IDs or URLs aren't sensitive information in any practical sense. Only the lack
of access control upon those, is what can make them insecure.

I just checked Washington's Odyssey system, just for the heck of it. Both identifiers exist
in the case right now. See here (/public-uploads/tyler-washington-case-number-and-url-2022-
03-20.png).

Does that mean the system is insecure? No! It's entirely irrelevant.

As mentioned previously, judyrecords, YouTube, and others use the *same* type of URLs as
Tyler's Odyssey system. In fact, here's an export of internal case ID mapping to URLs for
judyrecords for a currently restricted datasource — 569k cases total!

CaseIdPlusUrlMapping-AccessControlDemo.zip (/public-uploads/CaseIdPlusUrlMapping-
AccessControlDemo.zip)

Here's the format:

```
{"caseId":"1","url":"\/record\/jkh17e7c"}
{"caseId":"2","url":"\/record\/v2bgn9bd1"}
{"caseId":"3","url":"\/record\/v6lcb2de6"}
{"caseId":"4","url":"\/record\/dh52mb1a9"}
{"caseId":"5","url":"\/record\/dg26f343d"}
...
```

These cases were blocked at the beginning of the month. (March)

Am I any less secure now?

No.

I've implemented access control.

Those cases are for my eyes only.

It does not matter whether you have the case IDs or URLs.

Does not fucking matter.

Tyler not doing this is the exact cause of the current situation.

Exact fucking cause.

That Tyler thinks these IDs are security sensitive shows an unbelievable lack of
understanding of security, and of access control specifically.

**Is Tyler Technologies a Type 2 collaborator?**

> *Tyler sent* *this (/public-uploads/what-happened-with-tyler-technologies-response-
> 2022-03-20.png)* *3/19. Response to #2.*

From Tyler:

> *"expect to get you some additional files back within the next couple of days" — 3/9*
>
> *"we should be able to turn that around in relatively short order" — 3/9*
>
> *"for clarity's sake, we're ready to pull the trigger" — 3/9*
>
> *"6 clients that we are actively testing with" — 3/6*

Those are the only timetables I've known about.

Kinda makes you feel like you're being hung out to dry.

And a company has a defect in their software so bad, that by the admission of their own
actions (https://www.law360.com/articles/1470532/court-files-offline-in-several-states-
after-security-flaw-found) is enough to warrant immediately taking everything offline, but
you can't be given the benefit of the doubt of relying on that circumstance not being true?
And if it weren't true, the code would have retrieved exactly the information intended?

I don't know how you can use the word responsible, not owning up to the issue, then leaving
doubt to be cast on me for this entire clusterfuck.

**Tyler has said that judyrecords needs to provide full data about cases up front, and that this is necessary. Is that true?**

> *Tyler sent* *this (/public-uploads/what-happened-with-tyler-technologies-response-
> 2022-03-20.png)* *3/19. Response to #3.*

That's an absolute lie.

Data in this situation can flow 2 ways and achieve the exact same end result:

- judyrecords to Tyler
- Tyler to judyrecords

There is absolutely nothing in the way of achieving the exact same result when Tyler sends data to judyrecords first.

How does it look like when data comes from judyrecords first?

   1) judyrecords provides all case IDs to Tyler for a datasource, with supplemental view data

   2) Tyler returns back intersection of case IDs of cases to remove

   3) Done

How does it look like when data comes from Tyler first?

   1) Tyler provides case IDs to remove

   2) judyrecords returns back intersection case IDs to Tyler, with supplemental view data

   3) Done

As of 3/26, I've told Tyler I will no longer be providing any data sources upfront, due to their extraordinary dishonesty and incompetence in the whole situation. Only in return.

Also see the questions:

- Is sharing the access method or case IDs security sensitive?

- Which data sources were provided to Tyler upfront?


**How bad was the defect, 1 to 10?**

Case access is the most critical point to ensure access control. Everything else is a distant second. Security would easily be the most important non-functional (https://en.wikipedia.org/wiki/Non-functional_requirement) requirement of software handling sensitive information. Easily 10.


**Does Tyler Technologies have a page for this issue?**

Yes, this page (https://www.tylertech.com/dataharvest) whispered its way onto the Internet about 2 weeks ago.

Interestingly, it was just updated today. (3/21)

Earlier version here (https://web.archive.org/web/20220319203703/https://www.tylertech.com/dataharvest).


**How many Odyssey Portal cases meant to be private does judyrecords have?**

At this point, I believe this number is well into the millions.

These cases have been accessible over roughly the past year.

Also, this is not considering the "any dog with a link" update issue described in the section "It Gets Worse".


**Where do things stand with the California State Bar?**

While the investigation is considered ongoing, the California State Bar has stated:

> *The State Bar plans to notify complainants, witnesses, and respondents whose names appeared in the approximately 322,525 confidential records that were available on judyrecords during the period in question, though the current evidence suggests that only 1,034 of those were actually viewed. We continue to investigate this incident and will provide additional details about the notification plan and timeline as soon as possible.*

and

> *The majority of Cooley's rates and costs will be covered by the State Bar's insurance. The State Bar and its carrier intend to pursue reimbursement from Tyler Technologies.*

Updates here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates).

### I'm a CIO of a potentially affected jurisdiction. How can I contact judyrecords?

You can email me at judyrecordssite@gmail.com.

I've provided information for numerous portal sites to Tyler upfront. I'm sure you couldn't care less about that, and I wouldn't either, honestly.

That said, I have never had any reservations about providing data, except that it will disincentivize returning data in kind.

Toward that end, the best way to move forward is just to provide a list of case IDs of non-public cases that can be checked against. After that, I'd be happy to provide all relevant data back about those cases, and remove them.

Tyler has taken the position that judyrecords not providing data first has held things up somehow. I cannot tell you how incredibly frustrating and outright dishonest that is.

I'd be happy to help in this situation. Basically, you need to write a query that will return all non-public cases. Writing this query may not be just a plain query with a single filter, so it may be necessary to reach out to Tyler technical support to those who have worked on similar queries already. Obviously, you don't need judyrecords data to make this happen and move things forward. ~~Two~~ ~~Four~~ ~~Five~~ Six jurisdictions have done so already.

### Which Tyler Technologies Odyssey Portals were accessed by search, then direct case requests?

- Alameda County, California - Court Records
- Brazos County, Texas - Court Records (received case IDs, courtesey processed)
- Chambers County, Texas - Court Records (received case IDs, pending)
- DeKalb County, Georgia - Court Records
- Fresno County, California - Court Records
- Glenn County, California - Court Records
- Glynn County, Georgia - Court Records
- Gwinnett County, Georgia - Court Records
- Harris County, Texas - Court Records
- Houston County, Georgia - Court Records
- Hunt County, Texas - Court Records
- Kansas - Statewide Court Records
- Kern County, California - Court Records
- Napa County, California - Court Records
- Ohio - Court Records
- Rockwall County, Texas - Court Records
- San Bernardino County, California - Court Records
- Santa Barbara County, California - Court Records
- Santa Clara County, California - Court Records
- Wichita County, Texas - Court Records (received case IDs, courtesey processed)
- Yolo County, California - Court Records

Courtesey processed means that there's no basis or reason to believe that these data sources are at issue, as far as judyrecords is concerned, but that the jurisdiction still provided the list of case IDs intended to be public or nonpublic out of caution.

### Which Tyler Technologies Odyssey Portals were accessed by direct case requests?

* Case IDs of cases meant to be nonpublic have been provided
* Case IDs of cases meant to be nonpublic have not been provided

Current progress as of 7/29:

Odyssey Portal cases removed:

1,390,336

- * California State Bar - Court Records
  - 322,525 cases removed (Mar 2)
- * Forsyth County, Georgia - Superior & State Court Records
  - 259,473 cases removed (Mar 9)
- * Bell County, Texas - Court Records
  - 286,200 cases removed (Mar 30)
- * San Mateo County, California - Court Records
  - 18,691 cases removed (Apr 5)
- * San Diego County, California - Court Records
  - 124,943 cases removed (Apr 13)
- * Santa Cruz County, California - Court Records
  - 30,381 cases removed (Apr 13)
- * Tehama County, California - Court Records
  - 27,526 cases removed (Apr 13)
- * Bexar County, Texas - Court Records
  - 105,136 cases removed (Apr 13)
- * Sutter County, California - Court Records
  - 946 cases removed (Apr 17)
- * Yuba County, California - Court Records
  - 1,136 cases removed (Apr 17)
- * Mendocino County, California - Court Records
  - 20,859 cases removed (Apr 17)
- * Butte County, California - Court Records
  - 1,193 cases removed (Apr 21)
- * Stanislaus County, California - Court Records
  - 6,505 cases removed (Apr 21)
- * Kings County, California - Court Records
  - 9,146 cases removed (Apr 21)
- * Calaveras County, California - Court Records
  - 5,513 cases removed (Apr 27)
- * Washington - Statewide Court Records
  - 12,151 cases removed (Apr 27)
- * Sonoma County, California - Court Records
  - 409 cases removed (Apr 29)
- * Merced County, California - Court Records
  - 151,790 cases removed (Apr 29)
- * Vermont - Statewide Court Records
  - 3,913 cases removed (Jul 20)
- * Maine - Statewide Court Records
  - 1,900 cases removed (Jul 21)

- * Chatham County, Georgia - Court Records (contacted Jul 20th)
- * Dallas County, Texas - Court Records (received case IDs, in progress)
- * Ector County, Texas - Court Records (contacted Jul 20th)
- * Kane County, Illinois - Court Records (contacted by)
- * Lowndes County, Georgia - Court Records (contacted Jul 20th)
- * Lubbock County, Texas - Court Records (contacted Jul 20th)
- * Muscogee County, Georgia - Court Records (contacted Jul 20th)
- * New Hampshire - Statewide Court Records (contacted Jul 20th)

- ∗ Potter County, Texas - Court Records (contacted Jul 21st)

- ∗ Rhode Island - Statewide Court Records (contacted Jul 21st)

- ∗ Shelby County, Tennessee - Criminal Court Records (contacted Jul 20th)

- ∗ Spalding County, Georgia - Court Records (contacted by)

- ∗ St Tammany, Louisiana - Court Records (received case IDs, in progress)

- ∗ Tazewell County, Illinois - Court Records (contacted Jul 21st)

**Which data sources were provided to Tyler upfront?**

Complete record listings were provided to Tyler upfront for the following data sources on
the dates noted:

- Butte County, California - Court Records (provided Mar 4th)

- Calaveras County, California - Court Records (provided Mar 4th)

- Kings County, California - Court Records (provided Mar 4th)

- Mendocino County, California - Court Records (provided Mar 4th)

- Merced County, California - Court Records (provided Mar 4th)

- ~~Muscogee County, California - Court Records (provided Mar 4th)~~

- San Diego County, California - Court Records (provided Mar 4th)

- San Mateo County, California - Court Records (provided Mar 4th)

- Santa Cruz County, California - Court Records (provided Mar 4th)

- Sonoma County, California - Court Records (provided Mar 4th)

- Stanislaus County, California - Court Records (provided Mar 4th)

- Sutter County, California - Court Records (provided Mar 4th)

- Tehama County, California - Court Records (provided Mar 4th)

- Bexar County, Texas - Court Records (provided Mar 4th)

- Forsyth County, Georgia - Superior & State Court Records (provided Mar 5th)

- Dallas County, Texas - Court Records (provided Mar 9th)

Data sources returned by Tyler as of Apr 1st:

- Forsyth County, Georgia - Superior & State Court Records (returned Mar 9th)

According to Tyler's 4/1 update here (https://www.tylertech.com/dataharvest):

> We continue to work on securing cooperation from judyrecords.com

Considering I sent Tyler ~~16~~ 15 data sources upfront nearly a month ago, while they've
returned only 1, the above statement is extraordinarily dishonest.

And previous updates:

> judyrecords.com's continued cooperation is extremely important

> The operator of judyrecords.com has indicated a willingness to share
> detailed information that will assist Tyler

Additionally, my understanding now is that Tyler likely represented to California courts
that I had provided data for only 3 California courts, when in fact I had actually provided
all 13 California direct access data sources on March 4th.

* 7/18 - Muscogee is a county in Georgia and was inadvertently included in the original
list.

**My jurisdiction was not in the first list. Does that mean nonpublic cases weren't exposed?**

In general, no.

However, these are low risk at least as far as judyrecords is concerned.

If judyrecords has any issues with these data sources, then Tyler's entire product was
access control defective, not just the most important part (i.e., case access).

As mentioned in the first question, it is my current understanding/assumption that any non classic Odyssey Portal had the issue of no authorization check for direct access.

Depending on what the counts look like when data is provided, whether or the extent to which this is the case will become more apparent.

Additionally, this is not considering the "any dog with a link" update issue described in the section "It Gets Worse".

### How long has Tyler known about which jurisdictions were accessed which way by judyrecords?

I provided Tyler this information on March 4th, before the end of the first discussion I had with them.

### How long has Tyler known about the "any dog with a link" problem?

See the section "It Gets Worse" for details.

I sent that message to the CA State Bar to forward to Tyler on March 2nd, who had been in communication with Tyler up to that point, whereas I had not.

### Will judyrecords be providing any more data upfront?

> *Tyler sent* *this (/public-uploads/tyler-technologies-3-26.png) 3/26.*

No.

Only in return at this point.

Any other form of collaboration is unacceptable.

Tyler's software had an extrordinaliy (https://www.law360.com/articles/1470532/court-files-offline-in-several-states-after-security-flaw-found) bad (https://www.law360.com/articles/1473316/odyssey-portal-security-gap-verified-as-developer-tackles-fix) defect, we've got a huge fucking mess, and I've gone far beyond what was agreed. 3x more to be exact. See "Type 2 Collaboration And Disbelief" for details.

Yet Tyler's position has been to continue to demand more without returning data in kind.

At some point, you have to put on the brakes (/public-uploads/tyler-technologies-3-26-2.png).

Tyler:

You fucked up not implementing basic security, and you need to own it.

I'm not going to do anything that will hamper your incentive to collaborate back at this point, and that means not providing data upfront, any longer. Only in return.

Why?

I have to do this because that's the only way I have a fighting chance of keeping you accountable and maximally ensuring I can get the data right on my side.

Regarding #2, Odyssey Portals (non classic) that were accessed by direct case requests only would be the scope of cases at issue as far as judyrecords is concerned.

Also see "Tyler has said that judyrecords needs to provide full data about cases up front, and that this is necessary. Is that true?".

### Were any of the unprotected case links indexed by Google from Odyssey Portals?

Yes.

The number still indexed by Google as of 4/4 in fact is around a quarter million — even after Tyler changed the case URLs for all their sites. See here (https://www.google.com/search?q=inurl:%22CaseDetail?eid%22&filter=0).

The number for Idaho alone is sitting around 100K right now. See here (/https://www.google.com/search?q=inurl:%22CaseDetail? eid%22%20site:https:/mycourts.idaho.gov&filter=0).

Even sealed (https://www.google.com/search?q=inurl:%22CaseDetail? eid%22%20site:https:/mycourts.idaho.gov%20%22case%20sealed%22%20-%22un-sealed%22%20- %22unsealed%22&filter=0) cases (https://www.google.com/search?q=inurl:%22CaseDetail? eid%22%20site:https:/mycourts.idaho.gov%20%22order%20expunging%20juvenile%22%20- %22denied%22&filter=0) — unprotected and publicly available in Google's index from Idaho's own Tyler portal. Google suggests the phrase "felony expungement (/public- uploads/screencapture-google-search-2022-04-04-11_45_40.png)", seemingly related to the contents of the search.

According to Google (/public-uploads/2022-04-04_12-23-06.png), cases from Idaho's portal have been indexed as far back as 2015. This is consistent with the Internet Archive's capture of the Odyssey Portal at that link here (https://web.archive.org/web/20161124004111/https://mycourts.idaho.gov/).

Has Google been keeping up to date on the sealed cases of Odyssey Portal clients?

Well, yes. From Google's cache here (/public-uploads/2022-04-04_12-11-09.png). Sealed cases receiving updates on Google months, even years, after the fact.

Does that mean sealed cases have been publicly available from other jurisdictions on Google, like Idaho?

Also yes.

The number of these unprotected case links still lingering in Google's index as of today, even though it's still almost a quarter million, is likely to be a small subset compared to what's been available over previous years.

**Where was the mapping of case ID to URL provided?**

The mapping was provided as part of the Odyssey search API case results object.

An actual example:

```
"CaseResults": [{
    "NodeID": "222223",
    "LocationName": "Civil",
    "CaseId": 2900,
    "EncryptedCaseId": "3m9UXE4eRxReDKtlQO5X-A2",
    "Charges": [],
    "CaseLoadUrl": "https://caglennportal.tylerhost.net/Portal/Case/CaseDetail?eid=3m9UXE4eRxReDKtlQO5X-A2",
    "CaseNumber": "02SC00272",
    "Style": "THODAS VS FIPPS",
    "FileDate": "10/7/2002 12:00:00 AM",
    "CaseTypeId": {
        "Word": "SCL",
        "Description": "Small Claims",
        "HasValue": true
    },
    "CaseStatusId": {
        "Word": "OPE",
        "Description": "Opened",
        "HasValue": true
    },
    "DefendantName": "FIPPS, C. EDWARD",
    "CaseCategoryKey": "CV",
    "DateOfBirth": null,
    "PartyTypeKey": "Defendant",
    "FileDateParsed": "\/Date(1033974000000)\/",
    "DoBSortKey": "\/Date(-62135568000000)\/"
}],
```

EX 2

# judyrecords
# (//www.judyrecords.c

| search anything | Search |
|---|---|

search tips (/info#searchTipsHeader)

## 630 million+

United States Court Cases

home (/)    terms (/terms)    info (/info)

## Info

### About judyrecords

judyrecords is a 100% free nationwide search engine that lets you instantly search hundreds of millions of United States court cases and lawsuits.

judyrecords has over 100x more cases than Google Scholar and 10x more cases than PACER, the official case management system of the United States federal judiciary.

As of Dec 2021, judyrecords now features free full-text search of all United States patents from 1/1/1976 to 11/10/2021 — over 7.9 million patents in total.

Update (7/27): Received and processed Case ID list from Maine. Received Case ID list from Dallas. Reached out to remaining jurisdictions. Tyler's incident response page still (/public-uploads/robots-noindex-nofollow.png) coded (/public-uploads/noindex2.png) to prevent search engines from finding and indexing it. In a class-action lawsuit in federal court arising from the CA Bar incident, Tyler argued on 7/25 (/public-uploads/duty.png) they had no duty directly to those whose intended-to-be-confidential records were exposed, nor did they owe a duty to the CA Bar itself. In case you're wondering, by contrast, this was me (/public-uploads/150.png) to the California State Bar — literally *150* days ago today. Last thing — proper security. The software needs to implement a check like this (https://developer.wordpress.org/reference/functions/current_user_can/) before returning intended-to-be-confidential cases — otherwise everything is wide open — which means no security. (Hint: Exchange the word "edit" with "view" and "post" with "case".)

Update (7/20): Per the message (/public-uploads/moving-forward.png) linked in the 7/15 update, reached out to the jurisdictions noted in this section (/what-happened-with-tyler-technologies#tylerByDirectRequests) with that open offer to resolve the situation. I've got Friday off (7/22) from my job to be available for those who wish to connect and continue to reach out to those I haven't heard from. I expect Case ID lists from Dallas County TX and Maine this week. Processed Vermont Case ID list today.

Update (7/19): In a possible first for an incident response page, linked to below by judyrecords and from the CA Bar incident page, Tyler's page (https://www.tylertech.com/dataharvest) actually includes explicit code (/public-uploads/robots-noindex-nofollow.png) preventing (/public-uploads/noindex2.png) the page from being found and indexed by search engines. Something you might call "reverse transparency". If you couldn't find the page, that would be why. At the same time, based on new information from one of the jurisdictions, the number of intended-to-be-confidential cases will tentatively surpass 2 million this week, and is at 1.3 million currently

(/what-happened-with-tyler-technologies#tylerTyBertRequests). CVE report of this issue here
(https://cve.report/CVE-2022-26665), referencing my original account of the issue here (/what-
happened-with-tyler-technologies).

Update (7/15): After Tyler's blatant lies in the 6/30 update, which included a failure of 60+
days to communicate basic information to jurisdictions, and went as far as creating a self-
serving false threat that judyrecords would restore data of affected Odyssey portals without
significant advance notice and intended to do so on June 27th, my lawyers requested that Tyler
provide this message (/public-uploads/moving-forward.png) to jurisdictions.

Update (7/6): Per the update directly below, but to clarify here: Is there any basis or evidence
that cases downloaded by judyrecords in the non-direct access group are at issue regarding
nonpublic cases?

No. I have clarified to great lengths the nature of the software defect that caused nonpublic
cases to be exposed on the what happened page here (/what-happened-with-tyler-technologies). It
was found that Tyler was essentially operating a series of YouTube sites (i.e., Odyssey Portals)
where if a video was marked private, the only thing that resulted from the designation of
private was that the video didn't show up in search results. The videos (i.e., cases) were
otherwise publicly available and did not implement basic security.

Per the CA State Bar: "These records came from the State Bar's Odyssey Portal, which was
supposed to provide access to public case records only ... The State Bar verified that this
vulnerability allowed judyrecords to scrape both public and nonpublic State Bar attorney
discipline case records from the Odyssey Portal. ... Importantly, the Odyssey vulnerability was
only triggered by web scraping; regular searches of the Odyssey Portal did not permit access to
nonpublic records."

Therefore, access by search, then direct case request would not have resulted in nonpublic cases
being downloaded by judyrecords, whereas directly accessing cases allowed both public and
nonpublic cases to be downloaded. However, if there is still concern regarding the non-direct
access group, see the note below. (Please note this has no bearing on access that (/public-
uploads/screencapture-google-search-2022-04-04-11_45_40.png) occurred
(https://web.archive.org/web/20220403205006/https://www.google.com/search?
q=inurl%3A%22CaseDetail%3Feid%22&filter=0) outside
(https://web.archive.org/web/20220719082900/https://www.docketalarm.com/search/?
q=idaho+%22case+sealed%22+-%22un-sealed%22+-%22unsealed%22) judyrecords.)

There has also been continued confusion regarding case IDs, and I will be posting an update on
that as well. Unfortunately, this has been misrepresented and I will be further clarifying this
issue.

Update (6/30): I found out last week Tyler communicated this (/public-uploads/nowords.png)
message to jurisdictions.

First, over 2 months ago, I made it clear that just providing a list of *public case IDs* is
absolutely fine (/public-uploads/then-just-provide-the-public-cases.png). This is the exact
information portals already provide, if there was any reluctance to provide IDs affirmatively
specifying non-public case IDs.

Second, the message is misleading in that it implies judyrecords will not provide point-in-time
data. I have always been clear that I would be happy to provide information about records
intended to be nonpublic in return, and include additional information identifying cases viewed,
dates viewed, and the content of cases downloaded.

A largely mitigating factor of this entire situation is that I acted swiftly and competently
when the original CA state bar incident came to light, and worked aggressively to find ways to
minimize the damage of the situation, including capturing page view analytics, cross-referencing
that data to cases, and making that information available for jurisdictions (and Tyler) to
assist in resolving the situation.

Third, and most importantly, neither I nor anyone on my behalf gave a deadline that judyrecords would post information by June 27th if a resolution was not reached.

This is a deliberately false communication of information off-band of their published incident page in an attempt to instigate litigation or legal threats against me, mislead, and create fear.

I'll be posting another update relatively soon and also adding an update to the Q&A page further clarifying direct and non-direct access jurisdictions. There has been some confusion, but I'm happy to accommodate non-direct access jurisdictions as well and have done so for a number of jurisdictions already, but a list of case IDs will need to be sent upfront — and it's fine to just provide the list of public case IDs (and the same for direct access jurisdictions).

Update (6/9): Thank you for the support — from the general public to attorneys to judges to those working within the jurisdictions themselves.

A class action lawsuit was filed in the Orange County, CA Superior Court on 3/18. (case no. 30-2022-01250695-CU-AT-CXC) On 5/13, the case was removed to federal court in the U.S. District Court for the Central District of California (case no. 8:2022cv00983). Five days later on 5/18, judyrecords was dismissed with prejudice from the lawsuit. Tyler Technologies and the State Bar of California remain as defendants.

The last few months, I've had a front row seat to unimaginable recklessness, incompetence, and dishonesty. Four international law firms are involved, Tyler Technologies hired the most prestigious security firm in the world (yet hasn't given even a basic account of the software defect (/public-uploads/tyler-technologies-dont-always.png)), and I caught the tail end of (and documented) what has likely been millions of unprotected court cases sprayed across Google's search index from Tyler's Odyssey Portals over the last 5-7 years.

I'll be posting an update in the coming days here (/tyler-technologies-part-2).

Update (3/20 10:15AM CT): Updated What Happened With Tyler Technologies to add Q&A here (/what-happened-with-tyler-technologies).

Update (3/18 3:02PM CT): What Happened With Tyler Technologies is now available here (/what-happened-with-tyler-technologies). I'm going to push out restoring general access to at least next week.

Update (3/16 8:15AM CT): CA State Bar has published an update here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates) (3/15 update). They have re-enabled their attorney discipline portal.

Update (3/14 7:25PM CT): CA State Bar has published an update here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates) (3/14 update).

Update (3/14 11:30AM CT): General access will be restored this week, minus affected data sources. A page will be available by the end of the week here (/what-happened-with-tyler-technologies).

Update (3/11 4:30PM CT): CA State Bar has published an update here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates) (3/10 update). Related here (https://www.law.com/therecorder/2022/03/10/bowing-to-pressure-state-bar-walks-back-comments-on-illegality-of-posting-exposed-discipline-docs/), here (https://firstamendmentcoalition.org/2022/02/fac-letter-to-california-state-bar-on-first-amendment-concerns/), and here (https://s3.documentcloud.org/documents/21409065/response-to-david-loy.pdf). Also, in the interest of transparency and clarity, the article leading me to disable search and certain case access on 3/1 here (https://www.law360.com/articles/1469291/calif-court-leak-reveals-wider-exposure-of-court-records). I'll be addressing the issues raised soon and provide updates. Related here (https://www.law360.com/legalindustry/articles/1470532/court-files-offline-in-several-states-after-security-flaw-found).

Update (3/11 2:50PM CT): Tyler Technologies has put up a page for this issue here (https://www.tylertech.com/dataharvest).

Update (3/10 6:48PM CT): I am working to get the site back online for general access, minus affected data sources, as well as a separate page for this issue.

Update (3/9 5:00PM CT): There have been significant steps in collaboration with Tyler Technologies and the State Bar of California over the last week. I believe that Cal Bar will be releasing more detailed information soon, but anticipate that the number of affected cases will be relatively close to my original estimate of < 1,000.

In working with Tyler Technologies, we have identified a subset of portals that may be similarly impacted, and judyrecords has saved case identifiers that will allow cross-referencing between systems. Together, we have tentatively identified a process that will allow answering questions about which non-public records may have been exposed.

The way in which non-public case data had been downloaded by judyrecords has been shared fully, openly, and discussed with Tyler for about a week (since last Thursday). At this point, I have let them know that I am asking them to take a public position on whether they believe, don't believe, or are undecided about whether non-public cases were accessed inadvertently / unintentionally by the end of the day tomorrow, and I have also let them know I intend to collaborate fully as we have discussed/agreed regardless of the position they take. It is important to me that if there is any belief or any question whatsoever as to whether the non-public case data was accessed intentionally, that I make my position known openly and clearly that the access to non-public cases was inadvertent and not intentional in any way.

Update (3/8 4:10PM CT): Continued positive movement. Expect to have an update later tonight or tomorrow (Wed) now.

Update (3/7 3:20PM CT): Expect to have an update tomorrow now (Tues) but a lot of positive movement happening.

Update (3/7 3:20PM CT): Expect to have an update tomorrow now (Tues) but a lot of positive movement happening.

Update (3/4 6:15PM CT): Expect to have an update Monday.

Update (3/3 11:45PM CT): No updates for today.

Update (3/2 10:00PM CT): CA State Bar has published a noteworthy update here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates) (3/2 update).

Update (3/1 12:30PM CT): Out of an abundance of caution, the search function is disabled while any possible case access issues are resolved. Additionally, direct access to cases of the affected case management system have been disabled.

Update (2/28 8:40PM CT): CA State Bar has published an update here (https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates) (2/28 update).

Update (2/27 11:05PM CT): Accepted an invite to discuss the issue. Tentatively, the number of affected cases is less than 1,000.

Update (2/27 4:45PM CT): CA State Bar has reached out in writing to discuss the issue.

Update (2/27 11:30AM CT): CA State Bar updated their press release to indicate the removal of the records as noted above.

Update (2/27 1:22AM CT): Web host responded that after verification, no such issues have been reported.

Update (2/26 11:50PM CT): I also contacted web host to inform them of the issue and ask about if/what time they have received any communication about this issue.

Original Post: judyrecords was recently mentioned in this press release (https://www.calbar.ca.gov/About-Us/News/News-Releases/state-bar-of-california-addresses-breach-of-confidential-data) (2/26), which was found after this article

[https://www.pe.com/2022/02/26/260000-confidential-attorney-discipline-records-published-after-data-breach-state-bar-says](https://www.pe.com/2022/02/26/260000-confidential-attorney-discipline-records-published-after-data-breach-state-bar-says) was published. After seeing this, CA State Bar disciplinary records have already been removed from the index, including those intended to have been published as well.

These records were all (confidential & non-confidential) previously publicly available at https://discipline.calbar.ca.gov (now offline).

Additionally, I reached out directly to the email in the press release to address the issue and offered to help as appropriate. After checking, I have neither been attempted to be contacted directly or indirectly about this matter yet, although issue was mentioned as being discovered on the 24th. It's possible efforts to contact have been made, but I haven't seen any yet.

**Extended searches**

The first 500K results are displayed instead of just the first 2K.

- murder - 757K cases
- fraud - 1.7 million cases
- burglary - 3.4 million cases
- assault - 7.3 million cases

**Downloadable datasets**

- All Digitized Texas Appeals Court Cases Since 1900 ([download Kaggle dataset](https://www.kaggle.com/judyrecords/all-digitized-texas-appeals-court-cases-since-1900))

**Select upcoming datasources**

- US Tax Court
- Minnesota Appeals Courts

**Search tips**

- Trigger name matching
  - Strict name matching (name + 3 commas)
    - first middle last,,,
    - first m last,,,
    - first last,,,
  - Lenient name matching (name + 2 commas)
    - first middle last,,
    - first m last,,
    - first last,,
  - Trying strict then lenient matching each using a full middle name often produces the most useful results.
    - 1st - donald john trump,,,
    - 2nd - donald john trump,,
  - If extra filtering is needed, additional qualifiers may be specified after the name part.
    - donald j trump,, texas
    - barack obama,, ("affordable care act" OR "aca")
  - Sometimes both modes will produce the same results.
- Exact phrase
  - "economic loss rule"
  - "46.2-806"
  - "donald j trump"
- Exact phrase proximity

- "donald j trump"~4 - allow those terms to be up to 4 words out of order.
  - Matches "donald j trump" but also "trump donald j".
- "trump casino"~5
  - Search for trump close to the word casino.
- Exclude
  - "donald trump" -florida
  - cnn.com -patent (exclude patents)
- AND/OR/NOT/()
  - "summary judgment" AND "employment discrimination"
  - ("donald j trump"~4) OR ("donald john trump"~4) OR ("donald trump"~3)
  - AND/OR/NOT must be uppercase.
  - AND/OR/NOT should generally be used with parentheses to ensure you get the expected results.
    - For example, (donald trump) OR (paul manafort) will produce the expected results. donald trump OR paul manafort will not, and will be logically interpreted as donald AND (trump OR paul) AND manafort, rather than the expected (donald AND trump) OR (paul AND manafort).
    - Combine with exact phrase proximity for better results: ("donald trump"~3) OR ("paul manafort"~3)
  - AND is the default operator implicitly used between terms.
    - For example, ("donald trump"~3) AND ("paul manafort"~3) is the same thing as "donald trump"~3 "paul manafort"~3.

**Case count log**

2020-08-13 - 364.4 million/launch

2020-08-19 - 377.1 million

2020-08-20 - 379.5 million

2020-08-26 - 393.2 million

2020-09-24 - 397.3 million

2020-09-26 - 402.1 million

2020-09-27 - 404.4 million

2020-09-28 - 409.2 million

2020-09-30 - 409.8 million

2020-10-02 - 410.6 million

2020-10-05 - 413.6 million

2020-10-16 - 418.9 million

2020-10-28 - 419.3 million

2020-11-05 - 426.6 million

2020-11-16 - 435.4 million

2020-11-18 - 439.8 million

2020-12-02 - 440.3 million

2020-12-03 - 441.1 million

2020-12-05 - 444.0 million

2020-12-07 - 446.3 million

2020-12-09 - 448.4 million

2020-12-10 - 449.0 million

2020-12-12 - 449.4 million

2020-12-14 - 451.6 million

2020-12-15 - 453.2 million

2020-12-18 - 464.4 million

```
2021-01-09 - 477.8 million
2021-02-23 - 480.7 million
2021-02-25 - 480.9 million
2021-02-26 - 481.3 million
2021-02-27 - 481.5 million
2021-03-22 - 485.6 million
2021-03-23 - 487.6 million
2021-03-24 - 489.3 million
2021-03-28 - 495.1 million
2021-03-29 - 498.0 million
2021-03-31 - 507.7 million
2021-04-01 - 511.3 million
2021-04-02 - 514.8 million
2021-04-05 - 518.3 million
2021-04-12 - 529.7 million
2021-04-17 - 541.2 million
2021-04-20 - 563.7 million
2021-04-21 - 564.1 million
2021-04-24 - 564.6 million
2021-04-26 - 565.6 million
2021-04-29 - 566.1 million
2021-05-04 - 566.8 million
2021-05-05 - 567.6 million
2021-05-07 - 568.1 million
2021-05-08 - 569.0 million
2021-05-14 - 569.3 million
2021-05-20 - 570.5 million
2021-05-27 - 571.8 million
2021-06-01 - 574.2 million
2021-06-12 - 574.9 million
2021-06-19 - 575.0 million
2021-06-22 - 582.6 million
2021-07-12 - 583.5 million
2021-07-27 - 584.1 million
2021-08-01 - 584.3 million
2021-09-25 - 584.5 million
2021-09-26 - 584.8 million
2021-10-05 - 585.3 million
2021-10-13 - 588.3 million
2021-10-14 - 589.5 million
2021-10-15 - 591.1 million
2021-10-24 - 592.6 million
2021-10-25 - 593.3 million
2021-10-26 - 593.8 million
2021-10-27 - 594.3 million
2021-10-28 - 595.6 million
2021-10-29 - 596.5 million
2021-10-30 - 597.0 million
2021-10-31 - 597.9 million
2021-11-01 - 598.1 million
```

```
2021-11-02 - 599.2 million
2021-11-05 - 601.6 million
2021-11-07 - 602.4 million
2021-11-10 - 605.5 million
2021-11-13 - 607.8 million
2021-11-14 - 608.3 million
2021-11-19 - 608.7 million
2021-11-23 - 608.9 million
2021-11-25 - 609.1 million
2021-11-28 - 609.3 million
2021-11-30 - 609.4 million
2021-12-04 - 609.6 million
2021-12-05 - 610.0 million
2021-12-07 - 610.2 million
2021-12-11 - 611.8 million
2021-12-13 - 612.5 million
2021-12-19 - 612.9 million
2021-12-28 - 614.0 million
2022-01-02 - 620.6 million
2022-01-04 - 621.3 million
2022-01-06 - 621.6 million
2022-01-10 - 624.1 million
2022-01-13 - 637.3 million
2022-02-08 - 637.4 million
```

**Other legal databases**

- Caselaw Access Project (https://case.law) – Free. 1.7 million+ federal cases. 4.9
  million+ state cases.

  CAP includes all official, book-published United States case law — every volume
  designated as an official report of decisions by a court within the United States.
  Cases years range from 1658 to 2018.

- CourtListener (https://courtlistener.com) – Free. 4 million+ federal and state
  court opinions. 70K+ oral arguments. 38K+ hours of oral argument audio.

  Primarily focused on federal courts, state courts of last resort, and state
  appellate courts. CourtListener features advanced search capability, alerts for
  new opinions matching any search criteria, and ranking of search results that
  takes into account the authority of opinions based on citation and precedence
  factors. Individual opinion pages are richly cross-referenced to related case law.
  PACER notwithstanding, CourtListener is the most powerful case law research tool
  available online — and in many ways is much more powerful.

- Fastcase Docket Alarm (https://www.docketalarm.com) – Several free searches
  granted. Premium access upsell. 26 million+ federal cases. 91 million+ state
  cases. 19 million+ specialized agency cases (patent, trademark, tax, international
  trade, etc.). In addition to case tracking/alerts, Fastcase's Docket Alarm
  includes advanced analytics and calendaring capabilities.

- Google Scholar Case Law (https://scholar.google.com) – Free. Google doesn't
  provide the exact number of court cases. Being focused on federal courts, state
  courts of last resort, and state appellate courts, Google's case law database is

highly likely to be roughly the same size of CourtListener's case law database of 4-5 million cases.

Google's Case Law search is extremely fast to search and navigate, has a very clean user interface, supports Google's standard query operators, and allows the creation of alerts for new results that match a given search.

- PACER (https://pacer.uscourts.gov) – Fee-based, unless usage is less than $30 within a quarter or you are an exempted group or individual. 56 million+ federal court cases, including bankruptcy, criminal, civil, and appellate.

  PACER is the official case management system of the United States federal judiciary, run by the Administrative Office of the United States Courts (AOUSC). Fees are charged for almost every kind of request for case info, including each search result page viewed, and even when a search returns no results.

- UniCourt (https://unicourt.com) – Several free searches granted. Premium access upsell. 9 million+ federal cases. 114 million+ state cases.

  UniCourt offers premium API-based access to legal data and case tracking/alerts for the cases in its database and any case available in PACER. A large selling point of UniCourt's solutions is that they use powerful data normalization processes and algorithms to add value to their legal data, which includes normalization of case classification and entity names (e.g., people, companies, attorneys, law firms, judges).

EX 3



4    conduct for the protection of others against unreasonable risks (duty); (2) failure to

5    conform to that standard (breach of the duty); (3) a reasonably close connection between

6    the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

7    (damages)." *Corales v. Bennet*, 567 F.3d 554, 572 (9th Cir. 2009), *citing McGarry v.*

8    *Sax*, 158 Cal. App. 4th 983, 994 (2008). The Roe Plaintiffs have not adequately alleged

9    any of these elements.

10       First, the Roe Plaintiffs have not sufficiently alleged that Tyler owed a duty

11   directly to the Roe Plaintiffs. Instead, the FAC only superficially alleges the following

12   conclusory statement: "Defendant Tyler Technologies voluntarily undertook to take

13   responsibility for one or more of their Co-defendant's duties and/or owed the Plaintiffs

14   and all members of the Classes a general duty of care when securing the confidential

15   disciplinary records so it could not be accessed through the portal." (FAC ¶116.) The

16   FAC, however, contains no facts to support this conclusion. The Roe Plaintiffs'

17   conclusory and generalized allegations of a duty and nebulous breach of that duty are

18   insufficient to state a claim. The Opposition does little to explain how the FAC's

19   allegations are sufficient. The Roe Plaintiffs suggest that Tyler, as a vendor to the State

20   Bar, was bound by the State Bar's duty to maintain proper security. (Opposition, p. 17.)

21   This is the same bald allegation previously asserted in the FAC and, standing in

22   isolation, is not sufficient. The FAC fails to allege the source of such a duty or what

23   security measures would have been "proper."[12]

EX 4

After reviewing the issue, I'd like to take the lead on an action plan for immediate next steps and outline what I think is the right thing to do and logical way to proceed.

Currently, all the CA State Bar cases have been taken down from judyrecords. At this point, however, the urgent priority needs to be on making sure any other cases that were publicly accessible but shouldn't have been are removed ASAP. For this, I'll basically need to get in contact with a capable engineer on the Tyler side to get a list of IDs that can be cross-referenced so that appropriate action can be taken. The 2nd part isn't specifically related to CA State Bar cases but is what needs to be the priority right now. This will allow identifying the scope of the issue and most importantly getting right with the data and making sure any issue of non-public cases being accessible is resolved.

After these steps are taken, then it would make sense to take next steps as far as understanding the situation and moving from there. And at that point, all parties are in a justifiable position to report on the issue, it's scope, and how the issue has been dealt with and steps taken going forward. I think this makes the most sense from a public relations perspective but most importantly the steps above are the right thing to do today/right now. So to clarify, right now the issue needs to be treated as a technical one and once the steps above are handled, the appropriate non-technical steps can be taken and be appropriately informed.

EX 5

# Code Reference

Browse: Home / Reference / Functions / current_user_can()

## current_user_can( *string* $capability, *mixed* $args )

Returns whether the current user has the specified capability.

## Description

This function also accepts an ID of an object to check against if the capability is a meta capability. Meta capabilities such as `edit_post` and `edit_user` are capabilities used by the `map_meta_cap()` function to map to primitive capabilities that a user or role has, such as `edit_posts` and `edit_others_posts`.

Example usage:

```
current_user_can( 'edit_posts' );
current_user_can( 'edit_post', $post->ID );
current_user_can( 'edit_post_meta', $post->ID, $meta_key );
```

While checking against particular roles in place of a capability is supported in part, this practice is discouraged as it may produce unreliable results.

Note: Will always return true if the current user is a super admin, unless specifically denied.

| CONTENTS |
| --- |
| Description |
| ○ See also |
| Parameters |
| Return |
| Source |
| Related |
| ○ Uses |
| ○ Used By |
| Changelog |
| User Contributed Notes |
| ○ Feedback |
| ○ Feedback |

## See also

Top ↑

- WP_User::has_cap()
- map_meta_cap()

## Parameters

Top ↑

**$capability**

> *(string) (Required)* Capability name.

**$args**

> *(mixed) (Optional)* further parameters, typically starting with an object ID.

## Return

Top ↑

*(bool)* Whether the current user has the given capability. If `$capability` is a meta cap and `$object_id` is passed, whether the current user has the given meta capability for the given object.

## Source

File: wp-includes/capabilities.php

```
692   function current_user_can( $capability, ...$args ) {
693       return user_can( wp_get_current_user(), $capability, ...$args );
694   }
```

| View on Trac | View on GitHub |

## Related

Top ↑

| Uses | Description |
|------|-------------|
| wp-includes/capabilities.php: user_can() | Returns whether a particular user has the specified capability. |
| wp-includes/pluggable.php: wp_get_current_user() | Retrieve the current user object. |

| Used By | Description |
|---------|-------------|
| wp-includes/rest-api/endpoints/class-wp-rest-block-patterns-controller.php: WP_REST_Block_Patterns_Controller::get_items_permissions_check() | Checks whether a given request has permission to read block patterns. |
| wp-includes/rest-api/endpoints/class-wp-rest-global-styles-controller.php: WP_REST_Global_Styles_Controller::get_theme_items_permissions_check() | Checks if a given request has access to read a single theme global styles config. |
| wp-includes/rest-api/endpoints/class-wp-rest-block-pattern-categories-controller.php: WP_REST_Block_Pattern_Categories_Controller::get_items_permissions_check() | Checks whether a given request has permission to read block patterns. |
| wp-includes/rest-api/endpoints/class-wp-rest-menu-items-controller.php: WP_REST_Menu_Items_Controller::check_has_read_only_access() | Checks whether the current user has read permission for the endpoint. |
| wp-includes/rest-api/endpoints/class-wp-rest-global-styles-controller.php: WP_REST_Global_Styles_Controller::get_theme_item_permissions_check() | Checks if a given request has access to read a single theme global styles config. |

Show 459 more used by

## Changelog

Top ↑

| Version | Description |
|---------|-------------|
| 5.8.0 | Converted to wrapper for the user_can() function. |
| 5.3.0 | Formalized the existing and already documented ...$args parameter by adding it to the function signature. |
| 2.0.0 | Introduced. |

## User Contributed Notes

Top ↑

▲ 11 ▼  Contributed by *Ahir Hemant* — *2 years ago*

If you want to check more than two roles, you can check if the roles of the current user is inside an array of roles, something like:

```
1  $user = wp_get_current_user();
2  $allowed_roles = array( 'editor', 'administrator', 'author' );
3  if ( array_intersect( $allowed_roles, $user->roles ) ) {
4      // Stuff here for allowed roles
5  }
```

Log in to add feedback    Show Feedback

---

▲ 8 ▼  Contributed by *Umar Draz* — *3 years ago*

hide admin bar if the current user is not an admin or do not have administrative access

```
1  if ( ! current_user_can( 'manage_options' ) ) {
2      add_filter( 'show_admin_bar', '__return_false' );
3  }
```

Log in to add feedback

---

▲ 8 ▼ Contributed by *Ari Stathopoulos* — *2 years ago*

Reference: List of all Roles and Capabilities

Log in to add feedback

---

▲ 4 ▼ Contributed by *Jacob Peattie* — *2 years ago*

Note: Will always return true if the current user is a super admin, unless specifically denied.

This note is a bit misleading. Explicitly denying the capability by using `$user->add_cap( 'capability', false )` will not work. The only way to explicitly deny a capability for super admins is to use the [map_meta_cap filter](#) to return `do_not_allow` for checks for that capability.

[Log in to add feedback](#)

---

▲ 3 ▼   Contributed by *[shossain571](#)* — [3 years ago](#)

Check if the current user can edit the post with a specific post ID:

```
1  if ( ! current_user_can( 'edit_post', $post_id ) ) {
2      return false;
3  }
```

[Log in to add feedback](#)

---

▲ 1 ▼   Contributed by *[Andrija Naglic](#)* — [3 years ago](#)

The old Codex says **current_user_can( $capability , $object_id );** but there's no parameter **$object_id** in the head title on this page, even though it is listed in the Parameters section.

[Log in to add feedback](#)   [Show Feedback](#)

---

You must [log in](#) before being able to contribute a note or feedback.

About                 Support              Showcase             WordCamp             WordPress.com

News                  Developers           Plugins              WordPress.TV         Matt

Hosting               Get Involved         Themes               BuddyPress           Privacy

Donate                Learn                Patterns             bbPress              Public Code