ROBERT G. RETANA (148677)
Interim General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA  94105-1639
Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

Attorneys for Defendant State Bar of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual, et al.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:22-cv-00983-SSS-DFM<br><br>**THE STATE BAR OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP AS REPRESENTATIVES OF THE STATE BAR OF CALIFORNIA**<br><br>Courtroom: 6B<br>Judge: Hon. Douglas F. McCormick<br>Date: September 16, 2022<br>Time: 2:00 p.m. |

## I. INTRODUCTION

Defendant The State Bar of California opposes Plaintiffs' Motion to Disqualify Wagstaffe, von Loewenfeldt, Busch & Radwick LLP as Representatives of the State Bar of California (Dkt. 42 ("Mot." or the "Motion").) Pursuant to Local Rule 7-4, this Court should not consider this Motion because Plaintiffs failed to properly meet and confer prior to its filing in violation of Local Rule 7-3.

Should this Court choose to consider it, the Motion should be denied on the merits. As a threshold matter, Wagstaffe, von Loewenfeldt, Busch & Radwick LLP ("WVBR") has not entered an appearance in this case and has never at any time represented the State Bar in this action, and therefore cannot be disqualified. Moreover, Plaintiffs' sole basis for disqualification is a purported conflict of interest because WVBR represents the State Bar in an unrelated adversary proceeding brought against the State Bar by class counsel Lenore Albert. A law firm's representation of the same client in two distinct matters does not constitute a conflict of interest, nor does it amount to any cognizable violation of California ethical rules. Plaintiffs' frivolous Motion should be denied.

## II. RELEVANT BACKGROUND

This is a class-action lawsuit filed against the State Bar, Tyler Technologies, Inc., and Rick Rankin filed by attorney Lenore Albert on behalf of five anonymous individuals. (Dkt. 1-1 (the "Roe Action").) On or around May 2, 2022, the State Bar retained the law firm Cooley LLP to represent it in this action. (Declaration of Robert Retana ("Retana Decl.") ¶ 4.)

On May 19, 2022, four Cooley attorneys entered a Notice of Appearance in this case on behalf of the State Bar. (Dkts. 17, 19, 20, and 21.) On the same day, Cooley attorney Tiana Demas filed an application to appear *pro hac vice* on behalf of the State Bar, (Dkt. 18), which the Court granted on May 27, 2022. (Dkt. 33.) On June 8, 2022, Ms. Demas filed a Notice of Designation of Cooley attorneys Michael G. Rhodes, Tiana Demas, Barrett Anderson, and Walter Waidelich as lead

1  counsel for the State Bar. (Dkt. 40.) On June 29, 2022, State Bar Assistant General
2  Counsel Suzanne Grandt filed a Notice of Appearance on behalf of the State Bar.
3  (Dkt. 50.)

4  *Albert v. Farfan, et al.*, Case No. 18-ap-01065 (the "Albert Action"), is an
5  unrelated adversary proceeding currently pending in the United States Bankruptcy
6  Court for the Central District of California brought by Ms. Albert against the State
7  Bar, and numerous State Bar employees, alleging violations of bankruptcy law
8  related to the State Bar's suspension of Ms. Albert's license. (Retana Decl., Ex. 1;
9  *Albert*, Case No. 18-ap-01065, Dkt. 85.)[1] Ms. Albert represents herself in the Albert
10 Action. *Id.* On or around May 12, 2022, the State Bar retained WVBR to represent
11 them in the Albert Action. (Retana Decl. ¶ 5.) On May 23, 2022, WVBR attorney
12 Michael von Loewenfeldt filed a Notice of Appearance on behalf of the State Bar.
13 (Mot., Ex. A; *Albert*, Case No. 18-ap-01065, Dkt. 363.) On June 23, 2022, WVBR
14 attorney Frank Busch filed a Notice of Appearance on behalf of the State Bar. (Mot.,
15 Ex. B; *Albert*, Case No. 18-ap-01065, Dkt. 392.) The State Bar has not retained
16 WVBR to represent it in the Roe Action. (Retana Decl. ¶ 10.)

17 Plaintiffs assert in the Motion that on June 7, 2022, Ms. Albert wrote to Mr.
18 von Loewenfeldt to ask if he believed his firm's representation of the State Bar in
19 the Roe Action was a conflict of interest, but that he would not discuss his retention
20 with her. (Declaration of Lenore Albert in Support of Mot. ("Albert Decl."), Dkt.
21 42 ¶¶ 11, 13.) On June 23, 2022, Plaintiffs filed the Motion seeking to disqualify
22 WVBR as counsel from this case due to a purported conflict of interest. (Dkt. 42.)
23 The State Bar opposes.

---

[1] Most of these claims have been dismissed or adjudicated, including all claims against the individual defendants. (Retana Dec., Exs. 3,4; *Albert*, Case No. 18-ap-01065, Dkts. 174, 391.)

## III. LEGAL STANDARD

Motions to disqualify counsel are "strongly disfavored." *Visa U.S.A. Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003). That is because disqualification "imposes heavy burdens on both the clients and courts: clients are deprived of their chosen counsel, litigation costs inevitably increase and delays inevitably occur." *Sharp v. Next Entm't, Inc.*, 163 Cal. App. 4th 410, 424 (2008) (internal citations omitted); *see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (holding motions to disqualify are subject to "particularly strict judicial scrutiny" (citation and internal quotation marks omitted)). "The moving party . . . carries a heavy burden and must satisfy a high standard of proof." *SAS v. Sawabeh Info. Servs. Co.*, 2012 WL 12886487, at *2 (C.D. Cal. Nov. 30, 2012); *Multimedia Patent Trust v. Apple, Inc.*, 2011 WL 1636928, at *1 (S.D. Cal. Apr. 29, 2011) ("Because a motion to disqualify is often tactically motivated and can be disruptive to the litigation process, disqualification is considered to be a drastic measure that is generally disfavored and imposed only when absolutely necessary."); *Gregori v. Bank of Am.*, 207 Cal. App. 3d 291, 300–01 (1989) ("Motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent.").

Motions to disqualify counsel are governed by state law. *In re County of Los Angeles* 223 F.3d 990, 995 (9th Cir. 2000); *Beltran v. Avon Prods.*, 867 F. Supp. 2d 1068, 1076 (C.D. Cal. 2012). The decision to disqualify counsel is within the trial court's discretion limited by applicable legal principles. *See Trone v. Smith,* 621 F.2d 994, 999 (9th Cir. 1980); *UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046, 1062 (C.D. Cal. 2007); *People ex rel. Dep't of Corp. v. SpeeDee Oil,* 20 Cal. 4th 1135, 1143, 86 Cal. Rptr. 2d 816 (1999). Courts in the Central District apply the California State Bar Act, the California Rules of Professional Conduct, and the related judicial decisions in assessing the standards of professional conduct. *See* C.D. Cal. L.R. 83–3.1.2; *see also Rodriguez v. W. Publ'g Corp.,* 563

F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred.").

Disqualification due to conflict arises when the circumstances of a particular case present "a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person." *Sharp,* 163 Cal. App. 4th 410 at 426 (internal citations omitted). This type of conflict typically occurs when an attorney represents a client with adverse interests to a former client, or where an attorney seeks to represent in a single action multiple parties with potentially adverse interests. *Western Sugar Coop. v. Archer-Daniels-Midland Co*. 98 F. Supp. 3d 1074, 1080 (C.D. Cal. 2015). In these cases, the attorney may be in violation of the State Bar Act or the California Rules of Professional Conduct. *See, e.g.*, Cal. Rules of Prof. Conduct 1.7, 1.9. The underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during its representation that would be relevant to the other matter in which disqualification is sought. *Trone*, 621 F.2d at 999; *see also UMG Recordings*, 526 F. Supp. 2d at 1064 (discussing disqualification cases reflecting situations in which attorneys obtained confidential information about one client and then later engaged in representation adverse to that client's interests).

## IV.   ARGUMENT

### A. This Court Should Decline to Consider this Motion Because Plaintiffs Failed to Comply with the Local Rule 7-3.

Local Rule 7-3 provides that counsel contemplating filing a motion must first contact opposing counsel "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The Court may decline to consider a motion unless this meet-and-confer requirement is met. L.R. 7-4. This Rule "isn't just a piece of petty pedantry put down to trip up lawyers. Nor is Local Rule 7-3 a mere formalism simply there to be checked off by lawyers." *Lopez v.*

*Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2–3 (C.D. Cal. Oct. 17, 2016) (denying motion for violation of Local Rule 7-3); see also *Supply Corp. v. Zeiadeh*, 2017 WL 2919080, at *2–3 (C.D. Cal. Feb. 6, 2017); *Singer v. Live Nation Worldwide, Inc.*, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (same).

Plaintiffs do not contend that counsel ever contacted any of the Cooley attorneys or Ms. Grandt, the only counsel of record for the State Bar in this case. Rather, Plaintiffs claim that Ms. Albert "attempted to initiate communications with Michael von Loewenfeldt of the [WVBR] firm and State Bar Office of General Counsel who refused to engage on any discussion of the retainer agreement possible conflict of interest." (Mot. at 2; *see also* Albert Decl. ¶¶ 11, 13.) Mr. von Loewenfeldt does not represent the State Bar in this matter, (Retana Decl. ¶ 10), nor has he ever entered an appearance in this case. (Mot. at 5.)[2]

Moreover, Ms. Albert's statement that she "asked" Mr. von Loewenfeldt about the conflict of interest, (Albert Decl. ¶ 11), does not satisfy Local Rule 7-3's detailed meet-and-confer requirements. Plaintiffs fail to allege that Ms. Albert communicated Plaintiffs' intent to file a disqualification motion, much less that any discussion took place regarding the substance of such a motion. Plaintiffs simply failed to comply with the local rules. Notably, the bankruptcy court adjudicating the Albert Action declined to consider a motion filed by Ms. Albert in violation of that court's local rules. (Retana Dec. Ex. 4; *Albert,* Case No. 18-ap-01065, Dkt. 298, ["[Albert]'s failure to follow the procedures set forth herein have hindered the Court's ability to address the substantive merit of the underlying discovery disputes raised in [Albert]'s Motion."].) That same outcome should obtain here.

The State Bar was prejudiced by this willful disregard for the rules. Had Ms. Albert requested a meet-and-confer prior to filing this motion, counsel could have

---

[2] The Motion also references communications with the "State Bar Office of General Counsel," (Mot. at 2), but does not indicate who were parties to these communications or how they would satisfy the local rules' meet-and-confer requirement.

5

1  clarified that WVBR is not representing the State Bar in the Roe Action, eliminating
2  the need for this Motion. *See Alcatel-Lucent*, 2009 WL 3346784, at *4 (C.D. Cal.
3  Oct. 13, 2009) (finding "this entire motion could have been avoided if Defendant
4  had met and conferred with Plaintiffs beyond a mere telephone call on the day of
5  filing"). At the very least, the parties could have "focus[ed] and clarif[ied]" the
6  dispute, which is the very purpose of the Rule. *Lopez*, 2016 WL 6088257, at *2.
7  Instead, Albert rushed into court, wasting the State Bar's time and judicial resources
8  litigating a peripheral issue. Accordingly, this Court should decline to consider the
9  Motion under Local Rule 7-4.

### B. This Court Cannot Disqualify a Law Firm that Is Not Representing Any Party in This Action.

Should the Court consider the merits of the Motion, it should be denied as baseless. WVBR is not counsel of record for any party in this case. The State Bar has not hired WVBR to represent them in this proceeding. (Retana Decl. ¶ 10.) Plaintiffs concede that WVBR has not filed a notice of appearance in this matter, (Mot. at 5), and therefore WVBR does not represent any party in this action. Accordingly, disqualification is not proper nor even possible.

### C. Plaintiffs Fail to Set Forth a Legal Basis for Disqualification.

Plaintiffs' sole basis for disqualification is an alleged conflict of interest due to WVBR's representation of the State Bar in the Albert Action. Even if WVBR were representing the State Bar in the Roe Action (and it is not), such an argument would fail because there is no conflict. Here, Plaintiffs argue that WVBR is privy to Plaintiffs' "personal" information and that WVBR was hired solely to "feed" Cooley information "that it could not otherwise obtain about plaintiff's counsel without at least requesting such permission from this Court." (Mot. at 4–5.) These specious allegations do not demonstrate any conceivable conflict.

Plaintiffs' authorities prove the points. The State Bar is the *client* in both the Roe and Albert Actions, rendering its posture completely unlike the typical

1  disqualification cases in which one attorney represents different clients with interests
2  adverse to the other. *UMG Recordings*, 526 F. Supp. 2d at 1064. That was the
3  context of the only two cases cited by Plaintiffs to support disqualification. (Mot. at
4  4 [citing *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.*, 179 F. Supp. 2d
5  1157, 1178-1179 (C.D. Cal. 2001); *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App.
6  4th 719, 724 (2003).].) These cases thus do not apply here.[3]

Plaintiffs do not—and cannot—identify any adverse interest in this context. Plaintiffs fail to cite to any ethical rules or other authority that prevents an attorney from representing the same client in multiple cases. The underlying concern regarding the sharing of privileged information obtained during the course of such dualling representations is absent when there is only one client.

Moreover, Plaintiffs do not provide any ethical rules or other authority that would prohibit a party from sharing with its counsel any information it possesses about an opposing attorney. Plaintiffs also do not identify what type of information about their attorney, Ms. Albert, is at issue here, and do not explain why such information could not be shared by WVBR or the State Bar with Cooley. WVBR has never represented Ms. Albert, has never had an attorney-client relationship with her, and has no duty of confidentiality to her. As a party to both cases, the State Bar would already possess any information that WVBR has learned about Ms. Albert and would be entitled to share it with its other counsel to aid its legal defense.

Lastly, Plaintiffs do not demonstrate how or why information disclosed in the Albert Action impacts the Roe Action, much less how such information would provide an "unfair advantage" that "undermines the integrity of the judicial process." (Mot. at 4.) Because Plaintiffs fail to provide a legal basis for disqualification, and fail to provide any evidence in support, the Motion should be denied.

---

[3] The *Koo* decision is also inapt because the Court of Appeal reversed the trial court's granting of the disqualification motion on the basis that the moving party failed to establish an attorney-client relationship between the attorney and of the alleged adverse parties. 109 Cal. App. 4th at 724.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to meet their heavy burden of demonstrating the "drastic remedy" of disqualification is proper. *Frank Gari Productions, Inc. v. Smith*, 2012 WL 12895903, at *1 (C.D. Cal., June 15, 2012). The Court should deny the Motion.

Dated: August 2, 2022            Respectfully submitted,

                                      SUZANNE C. GRANDT

                                      By: /s/ *SUZANNE C. GRANDT*
                                           SUZANNE C. GRANDT
                                           Attorney for Defendant
                                           State Bar of California

# DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 2, 2022, following ordinary business practice, I filed via the United States District Court, Central District of California electronic case filing system, the following:

**DEFENDANT THE STATE BAR OF CALIFORNIA'S OPPOSITION TO MOTION TO DISQUALIFY WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP AS REPRESENTATIVES OF THE STATE BAR OF CALIFORNIA**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on August 2, 2022.

/s/Joan Randolph
Joan Randolph