ROBERT G. RETANA (148677)
Interim General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA  94105-1639
Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

Attorneys for Defendant State Bar of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual, et al.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:22-cv-00983-SSS-DFM<br><br>**DECLARATION OF ROBERT G. RETANA IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S OPPOSITION TO MOTION TO DISQUALIFY WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP AS REPRESENTATIVES OF THE STATE BAR OF CALIFORNIA**<br><br>Courtroom:  6B<br>Judge:       Hon. Douglas F. McCormick<br>Date:        September 16, 2022<br>Time:        2:00 p.m. |

I, Robert G. Retana, hereby state and declare the following:

1. I am the Interim General Counsel for the State Bar of California.

2. I have personal knowledge of the facts stated in this declaration.

3. I make this declaration in support of The State Bar of California's Opposition to Motion to Disqualify Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP as Representatives of the State Bar of California.

4. On or around May 2, 2022, the State Bar retained the law firm Cooley LLP to provide representation and legal services in connection with the class-action lawsuit in this Court currently captioned *Roe, et al. v. The State Bar of California, et al.*, Case No. 8:22-cv-00983-SSS-DFM (the "Roe Action").

5. On or around May 12, 2022, the State Bar retained the law firm Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP ("WVBR") to provide representation and legal services in connection with the adversary proceeding currently pending in the United States Bankruptcy Court for the Central District of California captioned *Albert v. Farfan, et al.*, Case No. 18-ap-01065 (the "Albert Action").

6. Attached hereto as Exhibit 1 is a true and correct of the First Amended Complaint filed on April 28, 2021, in the Albert Action.

7. Attached hereto as Exhibit 2 is a true and correct of the bankruptcy court's order granting the State Bar's Motion to Dismiss filed on June 29, 2021, in the Albert Action.

8. Attached hereto as Exhibit 3 is a true and correct of the bankruptcy court's order granting the State Bar's Motion for Summary Judgment filed on June 21, 2022, in the Albert Action.

9. Attached hereto as Exhibit 4 is a true and correct copy of the bankruptcy court's order denying Albert's Application for an Order Shortening Time and Motion for Discovery Sanctions filed on April 4, 2022 in the Albert Action.

10. The State Bar has not retained WVBR to represent it in the Roe Action.

1

2      I declare under penalty of perjury under the laws of the United States of

3 America that the foregoing is true and correct.  Executed on this 2nd day of August,

4 2022, at San Francisco, California.

5

6                                    */s* ROBERT G. RETANA
                                     ROBERT G. RETANA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dec of Robert G. Retana ISO State Bar's Opposition to Motion to Disqualify          8:22-cv-00983-SSS-DFM

# EXHIBIT 1

ORIGINAL

Lenore L. Albert (SBN 210876)
31872 Joshua Drive #22C
Trabuco Canyon, CA 92679
Telephone (424) 365-0741
Email: lenorealbert@msn.com
Plaintiff and Debtor, pro se



FILED

APR 28 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT<br><br>          Debtor,<br>LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT,<br><br>      Petitioner/Plaintiff(s),<br>v.<br>MARICRUZ FARFAN, an individual; BRANDON TADY, an individual; ALEX HACKERT, an individual; PAUL BERNARDINO, an individual; HON. YVETTE ROLAND, an individual; STATE BAR OF CALIFORNIA, a public corporation,<br><br>      Respondents/Defendants.<br><br>LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT, | Chapter 7<br>CASE NO. SA 8:18-bk-10548-ES<br>ADVERSARY NO. 18-ap-01065-SC<br><br>      20-ap-01095-SC<br><br>Assigned to the Hon. Scott C. Clarkson<br>Ctrm: 5C – Fifth Floor<br><br>**FIRST AMENDED CONSOLIDATED COMPLAINT**<br>1. Declaratory relief/dischargeability of debt<br>2. Violation of Automatic Stay/Discharge Injunction<br>3. Excessive Fines – Eighth Amendment<br>4. Excessive Fines – Art 1 Sect 17<br>5. 11 USC §525(a) Violation<br>Punitive Damages Requested |

1
COMPLAINT
Albert-Sheridan v Farfan, et al.

|  | Petitioner/Plaintiff(s), |
| --- | --- |

v.

MARICRUZ FARFAN, an individual;
TIMOTHY BYER, ESQ. an individual;
STATE BAR OF CALIFORNIA, a public
corporation, NIRA WOODS, an individual;
DEVIN LUCAS, ESQ.; and DOES 1
through 10, inclusive.

Respondents/Defendants.

Plaintiff and Debtor Lenore Albert-Sheridan ("Lenore Albert") alleges as follows:

## JURISDICTION

1.    This adversary proceeding relates to the bankruptcy estate of Lenore Albert-Sheridan, Case No. 18-bk-10548-ES to obtain relief from creditors who continue to collect on discharged debt in her bankruptcy.

2.    This is a core proceeding within the meaning of 28 USC §157 and 28 USC § 1334 pursuant to FRCP 7001.

## PARTIES

3.    Plaintiff Lenore Albert-Sheridan (hereinafter "Plaintiff" or "Debtor") is a Chapter 7 Debtor: *in re Lenore Albert-Sheridan*, Case No. 18-bk-10548-ES. She was admitted to practice law on December 5, 2000 before the California Supreme Court and given member license number 210876. She remains a member of the following bars: The United States Supreme Court.

4.    Defendant Maricruz Farfan is an employee working in the probation department of the California State Bar located at 845 S Figueroa Street, Los Angeles, California who was assigned to Plaintiff in or about March 2018 and again in or about

2
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

September 2019. She violated the State Bar policies and procedures leading to the damage of Debtor.

5.     Defendant Brandon Tady is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the State Bar court level. (Neither Mia Ellis nor Sheryll MacFarlane who originally prosecuted the State Bar matters against Debtor are assigned prosecutors, so they have not been named). Brandon Tady prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Tady about the back dated suspension Tady refused to communicate with her.

6.     Defendant Alex Hackert is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the Review Department. Alex Hackert prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Hackert about this back dated suspension Hackert refused to communicate with her.

7.     Defendant Paul Bernardino is an attorney and employee working in the General Counsel office of the California State Bar located in San Francisco, California. He is the attorney that argued the state civil rights appellate case, arguing that the state courts have no jurisdiction over the subject matter of any of Debtors' constitutional rights violated by the State Bar. Paul Bernardino defended the prosecutors' actions knowing plaintiff had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Bernardino about this back dated suspension Bernardino refused to communicate with her.

3
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

8.      Defendant Timothy Byer is an employee working in the Office of Chief Trial Counsel of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He violated the State Bar policies and procedures leading to the damage of Debtor. Timothy Byer's act of prosecuting Debtor outside of the fee arbitration program while she was in bankruptcy for fees former client Nira Woods wanted refunded was in violation of clear State Bar policies and procedures. He took over the prosecution from Sherrell McFarlane who also violated these policies and procedures.

9.      Plaintiff is informed and believes and alleges thereon that Defendant State Bar of California is a public corporation that is fully funded by private members as opposed to tax revenue. State Bar of California employees, Tim Byer, Brandon Tady, Mia Ellis, Sheryll MacFarlane, Alex Hackert, Paul Bernardino, and State Bar hearing judge, the Hon. Yvette Roland and others worked on the prosecution against Plaintiff in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. Linda Knitter is an administrator for the California State Bar. State Bar of California's act of refusing to allow Debtor to make affordable monthly payments or forgive some of the money Ordered she pay was in violation of clear State Bar policies and procedures and/or law. Conditioning the length of suspension based on repayment was a clear violation of law. The State Bar of California violated the State Bar policies and procedures and/or law leading to the damage of Debtor.

10.     Defendant Hon. Yvette Roland is a judge and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. She has been assigned all of the cases against Debtor and it is her pen that can lift the suspension making her a necessary and indispensable party to this action.

4
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

11.     Defendant Devin Lucas is an individual residing in Orange County, California and was the general counsel for Fin City Foods, a company that was dissolved in or about 2015.

12.     Defendant Nira Woods is an individual residing in Los Angeles County, California and was a former client of Plaintiff-Debtor.

13.     David Bitzer and Bonnie Kent were former clients of Plaintiff-Debtor.

14.     Defendants named Does 1 through 10 are fictitiously named and when Debtor learns of their real names, Debtor will amend the complaint to correct those defendants responsible to their true and correct names.

## GENERAL FACTUAL BACKGROUND

### 10675 S Orange Park Blvd LLC Prepetition Debt

15.     Debtor was a whistleblowing member of the State Bar of California. In or about December 4, 2014 Debtor sent the State Bar an anti-retaliation letter. In retaliation for Debtor's whistleblowing on their alliance and push on the antitrust violations, the State Bar prosecuted Debtor in December 2015 alleging Debtor violated a Court order by failing to pay civil discovery sanctions to opposing counsel Phil Green, Esq. for his clients aka creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC in the amount of $5,738.00 plus interest as of 8/31/12.

16.     On December 18, 2015 attorney Jennifer Needs recorded an Abstract of Judgment in the amount of $5,738.00 against Lenore Albert in the Orange County recorder's office.

17.     On December 13, 2017, the California Supreme Court ordered Ms. Albert pay 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest as a condition to having her license reinstated after a 30-day suspension which was a condition of probation. (Ex 2),

5
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

18.     Ms. Albert moved for the Court's reconsideration which was denied on February 14, 2018.

19.     On February 20, 2018 Ms. Albert filed for protection under Chapter 13 of the U.S. Bankruptcy Code.

20.     Defendants State Bar, Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, and the Hon. Yvette Roland were given notice that Ms. Albert filed for bankruptcy protection on or about February 20, 2018.

21.     After the stay, on or about March 16, 2018 the State Bar represented to others via its website that it suspended Debtor's license on February 14, 2018 with a 30-day suspension. The reinstatement of her license to practice law was conditioned on Debtor paying creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC $ 8,929.27 ($5,738.00 plus interest as of 8/31/12) although they were never her clients plus the State Bar an additional $18,714.00. (Ex 3).

22.     On March 16, 2018, after the 30-day suspension period had ended, Ms. Albert demanded the State Bar defendants reinstate her license, but they failed and refused to do so on the ground Ms. Albert had not paid 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest.

23.     On or about June 1, 2018 the State Bar defendants reinstated Ms. Albert's license and back dated the reinstatement to March 16, 2018. However, Ms. Albert could not show any income for the past three months because the State Bar had refused to reinstate her license, so the Court converted her case to Chapter 7. Since, her case converted to Chapter 7, the State Bar revoked Ms. Albert's license to practice law on or about June 28, 2018 through February 2, 2019 for failure to pay the discovery sanctions to 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest in violation of federal bankruptcy law.

In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

24.    Although Ms. Albert was in bankruptcy, Defendant Maricruz Farfan reported Ms. Albert for further discipline to the California State Bar when she did not timely or accurately fill out reports that required her to check a box reaffirming that payment was owed to 10675 S. Orange Park Blvd LLC. The reports were required in April 2018, July 2018, October 2018, and January 2019. Each report required Ms. Albert to affirm:

25.    Sanctions *(proof due February 11, 2018 & Until)*

    (a) I have fully paid the sanctions as required by my order and attached are front/back copies of the negotiated/cancelled checks or a declaration (must include amount and date paid) from the payee(s) acknowledging receipt of the payments.

26.    The form attached to the quarterly report further warned:

    **(a)** Generally, proof of **receipt** of payment is required by the deadline. **NOT** just sending of the payment. If you are even one day late, you are **not in compliance.**

27.    On June 10, 2020 the Ninth Circuit court of appeals opined that the discovery sanctions to 10675 S. Orange Park Blvd LLC was discharged in bankruptcy.

28.    However, the California State Bar did not petition to modify the California Supreme Court dated December 13, 2017 conditioning Ms. Albert's reinstatement upon payment of the discharged debt or take any other step to comply with US Bankruptcy law.

### **Nira Woods and Fin City Food Debt**

29.    In or about January 2016, the California State Bar officially announced on the internet it was prosecuting Debtor. This was in violation of clearly established policy, or rule, or law in California which barred a State Bar from publicizing

<div align="center">7
COMPLAINT
Albert-Sheridan v Farfan, et al.</div>

In re Lenore Albert-Sheridan                                      SA 8:18-bk-10548-ES

prosecution proceedings against an attorney with an active license who was not already on probation like Debtor.

30.     With this public knowledge, on or about March 13, 2016 Defendant Devin Lucas demanded an extra $75.00 from Plaintiff on a civil discovery sanctions payment in the case of Kent v Fin City Foods.  The State Bar monitored the payment process. Plaintiff mailed him an extra check for $75.00.  Thereafter, Devin Lucas refused to cash the $75.00 check demanding that another check approximating $45.00 be sent to him. Plaintiff told him to cash the $75.00 check and if he thought it was too much to send her a refund. Defendant Devin Lucas refused. Fin City Foods was dissolved by September 2015. Devin Lucas knew this as he was the general counsel for Fin City Foods and handled the dissolution.

31.     Around that same time, Nira Woods walked into Debtor's law office and pulled a copy of the State Bar's publication out of a large yellow envelope in a threatening manner while discussing disbursement of a jury verdict Debtor won for her that prior October. Later, on or about April 1, 2016, Defendant Nira Woods demanded $20,000.00 representing refund of a retainer paid on a patent litigation matter from Debtor after Debtor refused to sue a handful of nurses and doctors for Woods.

32.     On September 9, 2016, the State Bar filed charges against Ms. Albert in Case No. 16-O-10548 assigned to Hon. Yvette Roland for failing to obey a Court order by paying Devin Lucas, Esq. aka Fin City Foods $903.00 as demanded by the State Bar, instead of $875.00 as ordered and because Devin Lucas chose not to cash a $75.00 check, he was owed $47.00 in violation of a civil discovery sanctions order dated January 2015.

33.     On March 6, 2017, the State Bar filed charges against Ms. Albert in Case No. 16-O-12548 assigned to Hon. Yvette Roland alleging Ms. Albert owed her former client Nira Woods $20,000.00 refund on her patent litigation because working over 100

8
COMPLAINT
Albert-Sheridan v Farfan, et al.

hours for Nira Woods which culminated in having attorney Zimmerman retained who filed her patent litigation claims against AT&T in New Jersey federal court was not sufficient to earn a $20,000.00 retainer over a one-year time period.

34.    Cases 16-O-12548 and 16-O-10548 were consolidated.

35.    On May 4, 2018, the State Bar added two charges to the Woods portion, which if found would include dishonesty which would entitle restitution under the Client Security Fund. At trial, the Court did not find Ms. Albert committed acts of dishonesty as alleged in the amended charges.

36.    Requested review by Ms. Albert on February 8, 2019 was denied for failure to pay $2,100.00 in transcript costs which she could not afford. (Ex 4).

37.    On July 10, 2019, the California Supreme Court ordered Ms. Albert pay Nira Woods $20,000.00 plus 10% interest and Fin City Foods $47.00 as a condition to have her license reinstated after serving a six-month suspension as a condition of her probation. (Ex 1). (This was a probation term – suspension was stayed.).

38.    Ms. Albert petitioned for rehearing which was denied on August 28, 2019.

39.    Six months later, on or about February 28, 2020 the State Bar did not reinstate Ms. Albert's license contending she had to pay Nira Woods $20,000.00 plus 10% interest and Fin City Foods $47.00. (Ex. 10).

40.    Ms. Albert was also requested to reaffirm the third-party debt every quarter in quarterly reports. (Ex. 7).

41.    Although Ms. Albert was in bankruptcy, Defendant Maricruz Farfan reported Ms. Albert for further discipline to the California State Bar when she did not timely or accurately fill out reports that required her to check a box reaffirming that payment was owed to Nira Woods and Fin City Foods. The reports were required in October 2019, January 2020, April 2020, July 2020, October 2020, January 2021, April 2021, July 2021, and October 2021. Each report required Ms. Albert to affirm:

**Restitution**

(a) I have made restitution payments to the Complaining Witnesses and
attached are front/back copies of the negotiated/cancelled checks or a
declaration (must Include amount and **date paid)** from the payee(s)
acknowledging receipt of the payments.

OR

(b) I have fully paid restitution to the Complaining Witnesses and attached are
front/back copies of the negotiated/cancelled checks or a declaration (must
include amount and date paid) from the payee(s) acknowledging receipt of
the payments.

(Ex. 7).

42.    Ms. Albert wrote on the reports various things such as:

(a) n/a Discharged 2-19
(b) I don't pay extortion or blackmail. This was extortion or blackmail.
(c) Discharged in BK 2-19. See in re Scheer.
(d) Plus see Lenore Albert-Sheridan v California State Bar (Ninth Cir. Opn
2020).
(e) No intentional or willful violation by me.
(Ex 7).

### Bitzer and Failure to Pay Woods by 1/29/2020

43.    The State Bar took short shrift of Ms. Albert's notations on her State Bar
quarterly probation reports and on or about January 29, 2020 the California State Bar
filed two more disciplinary actions against Ms. Albert, this time for failure to pay Nira
Woods the $20,000.00 plus 10% interest as ordered on July 10, 2019 and for failure to
account to David Bitzer $6,500.00 he alleged he paid for legal services.

44.    On or about August 15, 2017, David Bitzer demanded a refund of his
$6,500.00 in attorney fees he purported to pay Debtor after she refused to represent him
further.

45.    The State Bar also charged Ms. Albert for failure to timely and accurately
file her Quarterly Probation reports as listed above.

10
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

## **The Bankruptcy**

46.     On February 20, 2018 Debtor filed for bankruptcy protection under Chapter 13 of the US Bankruptcy Code, Case No. 8:18-bk-10548-ES including the disputed debts owed to David Bitzer, Nira Woods and Devin Lucas. On February 26, 2019, her debts were discharged in Chapter 7. It was an asset case with $167,500.00 collected by the Chapter 7 Trustee who sold out her Ford Litigation for that amount.

47.     Plaintiff is informed and believes and alleges thereon that Maricruz Farfan, Alex Hackert, Brandon Tady, Paul Bernardino, Timothy Byer, David Bitzer, Devin Lucas, Nira Woods, Phil Green Esq. and Gary Schneider on behalf of 10675 S Orange Park Blvd LLC and the California State Bar were notified of Debtor's bankruptcy on or about February 20, 2018.

48.     Debtor filed her Schedule E/F for Unsecured Claims which included David Bitzer, Nira Woods and Devin Lucas (Fin City Foods) as creditors with debts she wished to discharge:

   (a) David Bitzer in the amount of $6,500.00 (line 13).
   (b) Devin Lucas in the amount of $45.00 (line 15).
   (c) Devin Randall Lucas, Esq. in the amount of $1.00 (line 16); and
   (d) Nira Schwartz Woods in the amount of $20,000.00 (line 24).

49.     Debtor filed her Schedule D for Secured Claims which included the California State Br and 10675 S Orange Park Blvd LLC:

   (a) California State Bar in the approximate amount of $19,000.00 (line 2.1); and
   (b) Gary A Schneider $5,738.00 (Phil Green Esq and 10675 S Orange Park Blvd LLC (line 2.5).

50.     Creditors David Bitzer, Devin Lucas, Nira Woods and 10675 S Orange Park Blvd LLC directly or indirectly through the California State Bar demanded payment on the purported debts from Debtor after February 20, 2018.

11
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

51.     On or about June 1, 2018 the California State Bar reinstated Debtor's license to practice law.

52.     On or about June 26, 2018 the Bankruptcy Court converted Debtor's bankruptcy from a Chapter 13 to Chapter 7.

53.     Within 48 hours (June 28, 2018) the California State Bar suspended Debtor's license to practice law and it appeared on the website member page.

54.     Creditors 10675 S Orange Park Blvd LLC, David Bitzer, Devin Lucas, Nira Woods directly or indirectly through the California State Bar continued to demand payment on the purported debts from Debtor after June 26, 2018.

55.     On or about September 18, 2018 Defendant Tim Byer pressed on demanding Debtor owed money to Nira Woods and Fin City Foods while Debtor was in bankruptcy.

56.     Brandon Tady, Alex Hackert, Paul Bernardino and Tim Byer's actions violated clear State Bar policies and procedures and/or a clearly established law.

57.     On February 26, 2019, the Bankruptcy Court discharged Plaintiff's debts listed in her Schedules without objection or a filing of determination of Dischargeability from any of the Defendants.

58.     The State Bar did not object or challenge the Dischargeability of debt to Bonnie Kent, 10675 S Orange Park Blvd LLC, Nira Woods, Devin Lucas, or David Bitzer either.

59.     Creditors 10675 S Orange Park Blvd LLC, Nira Woods, Devin Lucas (Fin City Foods), Bonnie Kent and David Bitzer directly or indirectly through the California State Bar continued to demand payment from Plaintiff on these debts.

60.     On September 11, 2019 Defendant Farfan Maricruz uploaded a letter for Debtor to read which demanded she pay the discharged debt to Nira Woods, Fin City Foods and the State Bar.

12
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

61.    The letter Maricruz Farfan drafted and sent to Debtor violated clearly established State Bar policies and procedures and/or a clearly established law.

62.    On December 20, 2019 Debtor received her 2020 annual Bar payment invoice that was uploaded to her State Bar member page which demanded she pay $37,555.90 in fees to the State Bar by February 2, 2020.

63.    On December 23, 2019 Defendant Maricruz Farfan refused to stop the collection efforts and replied all the debts were nondischargeable.

64.    Debtor is informed and believes and alleges thereon that Maricruz Farfan then reported that Debtor refused to pay the discharged debts and referred her off for further prosecution based, in part, on the failure to pay the discharged debts.

65.    From on or about January 29, 2020 to the present, Defendant California State Bar continued to harass and prosecute Debtor, in part, for failure to pay the discharged debt and for failure to reaffirm it.

66.    On or about March 26, 2020 Debtor received notice from the State Bar Client Security Fund (the "Fund") informing Debtor the Fund intended to pay Nira Woods out of the Fund which it would then turn around and collect the discharged debt from Debtor.

67.    When Debtor objected to the Client Security Fund's notice to her, Nira Woods responded further demanding payment.

68.    Both Nira Woods and Devin Lucas presented before the State Bar urging payment from Debtor in September 2018 knowing Debtor had sought bankruptcy relief.

69.    In or about March 2020, Ms. Albert put her home up for sale and received two offers to buy the home. Both offers were large enough to pay of the State Bar disciplinary costs but not large enough to pay off the State Bar disciplinary costs and the third parties as the State Bar demanded.

In re Lenore Albert-Sheridan                                                    SA 8:18-bk-10548-ES

70.    On April 1, 2020 Plaintiff wrote the State Bar asking what she had to pay in order to have her license reinstated.

71.    On April 3, 2020, the State Bar of California through Linda Knitter replied that in order to reinstate Debtor's license, she would have to pay $75,813.79 plus apply for special reinstatement proceedings if her 30-day suspension had now extended beyond two years. (Ex 6).

72.    On June 10, 2020 the Ninth Circuit explained in Albert-Sheridan v California State Bar that the discovery sanctions to 10675 S Orange Park Blvd LLC were not payable to a government and thus discharged.

73.    After June 10, 2020 to the present the State Bar has continued to keep the December 13, 2018 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on 10675 S Orange Park Blvd LLC debt intact. (Ex 2).

74.    After June 10, 2020 to the present the State Bar has continued to keep the July 10, 2019 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on Fin City Foods debt intact. (Ex 1).

75.    After June 10, 2020 to the present the State Bar has continued to keep the July 10, 2019 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on Nira Woods debt intact. (Ex 1).

76.    From in or about May 2018 through February 2021 Ms. Albert petitioned the California State Bar Court, Review Department and California Supreme Court for waiver or modification of the State Bar disciplinary costs, based on financial hardship, but her requests were not granted.

77.    On April 19, 2021, the State Bar notified Ms. Albert it paid Nira Woods out of the CSF funds and demanded her reimbursement of $20,000.00 plus interest and processing costs.

14
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                              SA 8:18-bk-10548-ES

78.     Ms. Albert was also notified that the State Bar was going to charge her with additional discipline, of an unknown nature.

79.     On April 20, 2021, the State Bar represented it deemed the payment to Woods/CSF $20,000.00 non-dischargeable and the $47.00 to Fin City Foods non dischargeable. Nevertheless, it would immediately reinstate Ms. Albert's license if she paid the State Bar $37,555.90 in reinstatement fees plus $20,801.90 in restitution costs, processing fees and interest. (This was increased in cost from representations at the hearing.).

80.     Ms. Albert immediately borrowed $58,357.08 and paid the State Bar $37,555.90 for reinstatement fees through the State Bar portal and $20,801.18 with two checks as requested which was delivered at 9:28AM on April 21, 2021. (Ex 8-9).

81.     As of April 28, 2021 Ms. Albert's license still has not been reinstated by the California State Bar. (Ex 11).

82.     No fair ground of doubt exists that payments to third parties were discharged in February 2019, yet the State Bar used the tactic of refusing to reinstate Ms. Albert's license in order to collect on discharged debt in violation of federal law.

**ADDITIONAL VIOLATION OF POLICIES AND PROCEDURES**

83.     After Debtor entered bankruptcy on or about March 16, 2018 through to the present on multiple occasions, Defendant Maricruz Farfan violated the State Bar policies and procedures by failing to provide and process the quarterly reports, initiation letters, and/or 9.20 warnings in a timely and proper manner; failing to follow the "and until" State Bar policies, by failing to allow Debtor to appear by phone for her probation meeting and failing to adhere to the email correspondence guidelines set by the State Bar, failing to maintain confidentiality, failing to send out the required restitution reminder letters in proper form, using an outside source to inform the public

15
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

that Debtor was suspended and referring her off for further discipline for failure to pay Disciplinary costs.

84.    The Fourteenth Amendment "prohibits states from denying any person due process of law. This guarantee of due process affords [] defendants the right to a fair trial, imposing on states certain duties consistent with their sovereign obligation to ensure that justice shall be done. Prosecutors, as agents of the sovereign, must honor these obligations. A prosecutor must refrain from using evidence that the prosecutor knows to be false. A prosecutor must correct false evidence when it appears. Under Brady v. Maryland, a prosecutor must disclose to the defense evidence that is favorable to the accused and material either to guilt or to punishment." Defendant Timothy Byer and Sherrell McFarlane violated this policy and procedure and/or clearly established law when he prosecuted Debtor in or about September 2018 after Debtor entered bankruptcy.

85.    Debtor is informed and believes and alleges thereon that Does 1 through 10 were State Bar employees who either violated the policy and procedure of the California State Bar or clearly established law resulting in the harm alleged below jointly and severally with the co-defendants named herein.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against All Defendants)**

86.    Plaintiff incorporates the allegations in paragraphs 1 through 85 as though fully set forth herein.

87.    First, the two California Supreme Court Orders were both orders of probation where an actual suspension was stayed. There is a case or controversy on how the Orders are to be read which is significant because when the suspension is merely a condition of probation as was the case here, then the date the disciplinary costs were owed did not accrue until the following year. (Ex 1 & 2; Ex 3 & 5).

16
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

88.    Second, the debt allegedly owed by her to her former clients, or as discovery sanctions as listed above, has been discharged under 11 USC § 727(a) because it was a debt that existed on the petition date and is not enumerated as a non-dischargeable debt under the exception set forth in 11 USC § 523(a) (7).

89.    The debt is not a debt payable to a governmental unit and therefore is not included within section 523(a)(7). It is further "compensation for actual pecuniary loss" and thus is not within section 523(a)(7).

90.    As to the amount owed to the State Bar Client Security Fund, the debt is by its terms compensation for actual pecuniary loss, and *at the time the petition* for bankruptcy was merely debt owed to a private third party, Nira Woods, and/or was of a pecuniary/compensatory nature and thus is not within section 523(a)(7).

91.    Finally, the State Bar continues to "investigate" Ms. Albert for prior debt allegedly owed to former clients, including but not limited to Bonnie Kent for $90,000.00. Ms. Albert provided an accounting showing she performed over $200,000.00 worth of work for Bonnie Kent which concluded in 2017. However, the State Bar continues to investigate this matter and may be part of the two new charges that the State Bar intends to add to their new disciplinary charges against Ms. Albert.

92.    An actual controversy has arisen between the parties and now exists between them as to whether or not the State Bar can continue to prosecute Ms. Albert for prepetition debts to former clients, and whether or not the conditions ordering Ms. Albert to pay the debt to the CSF fund or the third parties in the California Supreme Court Order has been discharged.

93.    A court determination of the relative rights of the parties with respect to the dischargeability of the California Supreme Court Orders and prepetition debts to her former clients is necessary. Until such determination is made, the parties will not know whether the debt has been discharged or not. If the debt has been discharged, as Plaintiff

17
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

asserts, the "Discharge Injunction" has gone into effect pursuant to Section 524 of the Bankruptcy Code and any effort to collect it is a violation of that injunction.

94.     Wherefore Plaintiff prays the court declares the debt dischargeable.

### SECOND CAUSE OF ACTION
### VIOLATION OF AUTOMATIC STAY AND PERMANENT INJUNCTION
### (11 USC 105a, 362, 524 & 727)
### (Against All Defendants)

95.     Plaintiff incorporates the allegations in paragraphs 1 through 94 and the exemplary damages section below as though fully set forth herein.

96.     On June 28, 2018, the State Bar violated 11 USC 362 by demanding payment of discovery sanctions before they reinstated Ms. Albert's license to practice law.

97.     On or about December 18, 2020 the State Bar violated 11 USC § 727 by converting the $20,000.00 discharged debt originally owed to Nira Woods into a debt owed to the Client Security Fund of the California State Bar after the discharge injunction went into effect and demanding repayment thereon from Ms. Albert.

98.     On April 20, 2021 Ms. Albert obtained a loan and paid the Client Security Fund of the California State Bar $20,801.90 to regain reinstatement of her license, thus causing her damage.

99.     From on or about February 20, 2018 through February 25, 2019, on multiple occasions, Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10, violated the automatic stay under 11 USC §362 by attempting to collect the $47.00 Fin City Foods debt and $20,000.00 Woods debt from Ms. Albert. On or about January 10, 2019 the California State Bar Hon. Yvette Roland issued a written recommendation to the California Supreme Court that required Ms. Albert to pay $20,000.00 to Nira Woods plus 10% interest from April

18
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                               SA 8:18-bk-10548-ES

1, 2016 to the present and pay Fin City Foods $47.00. This was based on a request made by Timothy Byer in October 2018.

100.   From on or about February 20, 2018 through February 25, 2019, on multiple occasions, Defendants Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, and Does 1 through 10, violated the automatic stay under 11 USC §362 by attempting to collect the $5,837.00 10675 S Orange Park Blvd LLC debt from Ms. Albert. Such illegal attempts included but is not limited to refusing to reinstate Ms. Albert's law license from March 16, 2018 to May 30, 2018 in a timely manner and then by revoking her license again on June 28, 2018 through at least February 2, 2019 because the sanctions owed to 10675 S Orange Park Blvd LLC was dischargeable debt.

101.   As a further and proximate cause of failing to reinstate Ms. Albert's license, the calbar.ca.gov website page of Ms. Albert's membership has further damaged her reputation by making it appear that the 30-day suspension was much longer lasting now nearly three years. As a further result, she had to petition other jurisdictions for time waivers because the suspension lasted so long, she did not have the time of practice in for motion into another state for a Bar license.

102.   Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 knew the automatic stay provisions of 11 USC §362 was applicable because Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 were named creditors of Debtor's bankruptcy.

103.   Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intended the actions which violated the automatic stay provisions of 11 USC

19
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

§362 by prosecuting plaintiff in an attempt to collect purported debts owed to Nira Woods and Devin Lucas f/d/b/a Fin City Foods.

104.   Plaintiff is informed and believes and alleges thereon that the automatic stay was willfully violated by Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10.

105.   As a direct and proximate result of Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 violation, Plaintiff suffered damages, actual, emotional, and reputational.

106.   Moreover, this has prevented Debtor from being able to obtain a license in another jurisdiction.

107.   Plaintiff is entitled to actual damages (including emotional distress damages), costs and attorney fees against Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10.

108.   Second, on or about February 26, 2019 Plaintiff's debts were discharged under 11 USC §727.

109.   Ms. Albert is informed and believes and alleges thereon that Defendants Maricruz Farfan, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 have violated the discharge injunction under 11 USC §524 on multiple occasions from February 26, 2019 to the present.

110.   Debtor is informed and believes and alleges thereon that Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 knew the discharge injunction under 11 USC §524 was

20
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

applicable because Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, third party David Bitzer and Does 1 through 10 were a named creditor of the bankruptcy.

111.   Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intended the actions which violated the discharge injunction under 11 USC §524 by demanding the discharged debt was owed by Debtor.

112.   As a direct and proximate result of Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 violation of the discharge injunction, causing actual damages which are consequential, emotional, and reputational in nature.

113.   Moreover, this has prevented Debtor from being able to obtain a license in another jurisdiction.

114.   Debtor is entitled to injunctive relief under 11 USC §105a and punitive damages under 11 USC §524.

115.   The individual Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Nira Woods, Devin Lucas, and Does 1 through 10 conduct was malicious, wanton and/or oppressive warranting punitive damages.

116.   The aforementioned conduct of defendant(s) Nira Woods, Maricruz Farfan, Devin Lucas, Brandon Tady, Alex Hackert, Paul Bernardino, and Timothy Byer were an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant(s) with the intention on the part of the defendant(s) of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable

21
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
### EXCESSIVE FINES – EIGHTH AMENDMENT
### (Against California State Bar)

117.    Plaintiff incorporates the allegations in paragraphs 1 through 116 as though fully set forth herein.

118.    The California State Bar creates a fixed mandatory disciplinary cost sheet on an annual basis. It is meant to compensate the State Bar for investigation and hearing costs. The costs increase as the stage of the disciplinary proceeding increases. The first disciplinary case Ms. Albert was assessed with $18,714.00 in State Bar disciplinary costs. In the second disciplinary Order, Ms. Albert was assessed with $18,490.00 in State Bar disciplinary costs. The State Legislature enacted 6140.7 which requires a lawyer to pay the costs before their license is reinstated if there is an actual suspension or the lawyer must pay the cost as part of their annual fee in order to continue to have an active license if their suspension was stayed. (Ex 1-3, 5).

119.    Defendants violated the Eighth Amendment to the U.S. Constitution by imposing an excessive fine or penalty in the form of State Bar Disciplinary costs which had to be paid before plaintiff's license could be reinstated without considering plaintiff's financial condition.

120.    In light of the minor nature of the violations (such as paying Devin Lucas $75.00 instead of $47.00) and their financial effect on the plaintiff (thus owing the State Bar $18,490.00 in costs), the aforementioned State Bar disciplinary costs are punitive in nature, and are grossly excessive and disproportionate, particularly when accumulated and/or added to the other costs and fees and given the State Bar's conditioning reinstatement of the plaintiff's law license based on full payment thereon. The dollar amount and enforcement of these penalties constitute a violation of the prohibition in

22
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

the Eighth Amendment to the United States Constitution of excessive fines, as
incorporated to the states in the Fourteenth Amendment.

121.   As a direct result of said constitutional violations, plaintiff has suffered and
will suffer damages, including, but not limited to, the loss of money and property, and
the loss of use and enjoyment of her license – her fundamental right to practice in her
chosen profession.

122.   Additionally, plaintiff faces immediate and irreparable injury for which
there is no adequate remedy at law if the aforementioned penalties and policies to
enforce them are allowed to continue because the State Bar just has to create another
Notice of Disciplinary Charges in order to obtain another Order having to pay the State
Bar nearly $20,000.00.  The device is being used to create a suspension indirectly of the
type it could not do so directly.

123.   There is a real and actual controversy between the parties as to whether the
State Bar disciplinary costs described above, and their enforcement violate the Eighth
and Fourteenth Amendment's prohibition of excessive fines.

124.   Although Ms. Albert obtained a loan to pay the above amount, she faces
two more disciplinary actions and there may be more charges in the future. Plaintiff
maintains that the penalties and their enforcement violate the excessive fines clause of
the Eighth and Fourteenth Amendments, which the California State Bar disputes. This
imposition of, and continued effort to collect, these penalties constitute a legal injury
which is concrete and particularized. It is likely that these injuries will be fairly
addressed by a favorable Court ruling. Plaintiff therefore seeks declaratory relief in
order to declare the penalty scheme unconstitutional, and that they did not and do not
owe and need not pay said penalties and attendant collection costs and are entitled to
restitution of them if they were paid.

## FOURTH CAUSE OF ACTION

23
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

## EXCESSIVE FINES - ART 1 SECT. 17 OF CALIFORNIA CONSTITUTION
### (Against California State Bar)

125.   Plaintiff incorporates the allegations in paragraphs 1 through 124 as through fully alleged herein.

126.   This claim for relief is brought under the California Constitution.

127.   The dollar amount and enforcement of the penalties constitute a violation of the prohibition in the Article 1, Section 17 of the California Constitution against the imposition of excessive fines.

128.   The California State Bar has been unjustly enriched to the extent plaintiff paid the State Bar Disciplinary costs that violated Article 1, Section 17 of the California Constitution.

129.   As a direct result of said constitutional violations, plaintiff has suffered and will suffer damages, including, but not limited to, the loss of money and property, and the loss of use and enjoyment of her license – her fundamental right to practice in her chosen profession.

130.   Additionally, plaintiff faces immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned penalties and policies to enforce them are allowed to continue because the State Bar just has to create another Notice of Disciplinary Charges in order to obtain another Order having to pay the State Bar nearly $20,000.00.  The device is being used to create a suspension indirectly of the type it could not do so directly.

131.   There is a real and actual controversy between the parties as to whether the State Bar disciplinary costs described above, and their enforcement violate the Eighth and Fourteenth Amendment's prohibition of excessive fines.

132.   Although Ms. Albert obtained a loan to pay the above amount, she faces two more disciplinary actions and there may be more charges in the future. Plaintiff maintains that the penalties and their enforcement violate the excessive fines clause of

24
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

the Eighth and Fourteenth Amendments, which the California State Bar disputes. This imposition of, and continued effort to collect, these penalties constitute a legal injury which is concrete and particularized. It is likely that these injuries will be fairly addressed by a favorable Court ruling. Plaintiff therefore seeks declaratory relief in order to declare the penalty scheme unconstitutional, and that they did not and do not owe and need not pay said penalties and attendant collection costs and are entitled to restitution of them if they were paid.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 11 USC §525(a)
### (Against the State Bar of California)

133.   Plaintiff incorporates the allegations in paragraphs 1 through 132 as though fully set forth herein.

134.   Defendant State Bar of California is a governmental unit that revoked and/or refused to reinstate Debtor-plaintiff's license based on debt that was dischargeable in bankruptcy, to wit the State Bar disciplinary costs to the extent they were an excessive fine as alleged above.

135.   Alternatively, Defendant State Bar of California is a governmental unit that revoked and/or refused to reinstate Debtor-plaintiff's license based on debt that was dischargeable in bankruptcy, to wit the debt owed to Nira Woods for $20,000.00 and $47.00 to Devin Lucas who was the general counsel for now defunct Fin City Foods, Inc.

136.   Defendant State Bar of California is a governmental unit that has denied, revoked, suspended, or refused to renew Debtor's license and/or conditioned such a grant to Debtor's license, and/or discriminated against Debtor with respect to such a grant against Debtor, a person that is or has been a debtor in Bankruptcy, solely because such Debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this

25
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

title or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

137.    On Jun 10, 2020 the Ninth Circuit ruled the discovery sanctions payable to 10675 S Orange Park Blvd LLC were discharged. Yet the State Bar defendants did not vacate that part of the judgment.

138.    Even after Plaintiff paid $37,555.90 in State Bar disciplinary fees and $20,801.90 as demanded for the Client Security Fund on April 20, 2021, the State Bar still has not reinstated Ms. Albert's license as of April 28, 2021. (Ex 10-11).

139.    Defendant State Bar of California acting through its employees, Hon. Yvette Roland, Brandon Tady, Alex Hackert, Paul Bernardino and Timothy Byer refused to modify or terminate or waive the monetary sanctions or costs or fees it levied against Debtor after Debtor filed for bankruptcy protection in violation of the State Bar's own rules and/or laws. It did not take into consideration Debtor's ability to pay or repay at time of ruling or upon motion or request of Debtor to have those fees or costs or sanctions waived which were conditioned on reinstatement of her license, amounting to an excessive fine or penalty in or about the sum of $77,000.00.

140.    Said acts noted in this cause of action violated the Debtor's Constitutional rights, rules, and laws of the state of California, and/or California State Bar policies and procedures.

141.    As a result of the Defendants conduct, Plaintiff has been harmed by being barred from her sole source of income and has caused/is causing irreparable harm to her fundamental right to her license in violation of her right entitling her to damages under 42 USC § 1983.

142.    Defendant's conduct is a substantial factor in bringing out that harm.

143.    Plaintiff is therefore entitled to a judicial declaration and a judgement against all defendants finding that the Defendants violated her rights under 11 USC

26
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

525§(a). Debtor is also entitled to costs of suit, attorney fees, restitution, and injunctive relief.

## EXEMPLARY AND PUNITIVE DAMAGES

144.   Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, and Does 1 through 10 are individuals whose conduct was reprehensible as more fully alleged above.

145.   Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, and Does 1 through 10 acted with the intent to cause injury to Plaintiff as evidenced by their conduct alleged above.

146.   Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland understood that the California Supreme Court Orders did not order an actual suspension but suspension was stayed as understood in 6140.7 but pressed on directly or through their representatives at the State Bar as if there was an actual suspension thus depriving plaintiff of her constitutional right to practice law in 2018 making their conduct fraudulent, reprehensible, despicable and acting with a depraved heart.

147.   Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 conduct was despicable and was one with a willful and knowing disregard of the rights or safety of another as alleged in the facts above, including but not limited to creating impossible terms and conditions that they knew Debtor could not comply with whether it was a bait and switch on how much she owed or her fee agreement arrangement to backdating probation deadlines and suspensions.

148.   Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 acted with knowing disregard when the defendant was aware of the probable

27
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

dangerous consequences of his, her, or its conduct and deliberately failed to avoid those consequences as alleged above.

149.   Defendants Maricruz Farfan, and Timothy Byer, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 acted with "Oppression" in that they used their administrative position to oppress Debtor and what she knew without any legal authority to do so. Defendant's conduct was despicable and subjected Debtor to cruel and unjust hardship in knowing disregard of her rights.

150.   Defendants Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland, Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 conduct is so vile, base, or contemptible that it would be looked down on and despised by reasonable people. Nira Woods and Devin Lucases' acts were nothing short of extortion/blackmail or fraud.

151.   Defendants Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland, Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intentionally misrepresented or concealed a material fact that there was actually a patent litigation case filed for Nira Woods by one of the top patent lawyers in the United States that Debtor consulted with or that the State Bar and Devin Lucas told Debtor to send Devin Lucas the check after she did, he refused to cash it and the State Bar prosecuted Debtor because it was not in the amount of $47.00. If the State Bar Tim Byer was going to prosecute based on the timing, then the demand to pay Devin Lucas over $800.00 was a fraud, extortion, or blackmail that Debtor paid. Byer knew Debtor did not forge Woods's name but made it appear so to the public in the papers he filed. It was not questionable because Woods's signature was not even on the document at all. Farfan knew she did not request Debtor to meet with her by February 14, 2018 until on or about March 20, 2018 yet recorded it as a probation

28
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                              SA 8:18-bk-10548-ES

violation of Debtor that Debtor could never rectify under the Rules which could be prosecuted further. That was a material misrepresentation of fact or deceit.

152.    Alternatively, the conduct constituted malice, oppression, or fraud by the defendants as alleged above and the other co-defendants either conspired, aided, and abetted or acted in concert with the other co-defendants making them jointly and severally liable.

153.    Prior to December 15, 2015, Debtor had an unblemished State Bar record. She has had multiple legal successes in the area of consumer rights. One appellate opinion where she represented a homeowner has been cited over 300 times since it was published in 2013. Her work mattered.

154.    Plaintiff files this complaint with regret and outrage.

## PRAYER

Wherefore the Plaintiff prays for judgment as follows:

A. First Cause Action – Declaratory Relief

    1. Declaration of rights

    2. Costs and Attorney Fees;

    3. Injunctive relief, including correcting the slander on the member page;

    4. Any further relief this Court may deem fair and just.

B. Second Cause of Action – Violation of Stay/Discharge Injunction

    1. Actual Damages

    2. General Damages

    3. Punitive Damages as to the individual defendants

    4. Preliminary and permanent injunction consistent with the allegations in the pleadings;

    5. Costs and Attorney Fees;

    6. Any further relief this Court may deem fair and just.

C. Third Cause Action – Excessive Fines Eighth Amendment

29
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                              SA 8:18-bk-10548-ES

1. Declaratory relief;

2. Damages;

3. Costs of suit and Attorney Fees and other expenses pursuant to 42 U.S.C. § 1988;

4. Injunctive relief prohibiting Defendant's unlawful penalties and fines and fine enforcement practices;

5. Any further relief this Court may deem fair and just.

D. Fourth Cause Action – Excessive Fines Art 1 Sect 17

1. Declaratory relief;

2. Restitution;

3. Costs of suit and Attorney Fees;

4. Injunctive relief prohibiting Defendant's unlawful penalties and fines and fine enforcement practices;

5. Any further relief this Court may deem fair and just.

E. Fifth Cause Action – Failure to Reinstate License

1. Preliminary and permanent injunction consistent with the allegations in the pleadings;

2. Costs and Attorney Fees;

3. Any further relief this Court may deem fair and just.

Dated: April 28, 2021          Respectfully Submitted,

/s/ Lenore L. Albert
Lenore L. Albert, Esq.)
Plaintiff and Debtor, pro se

30
COMPLAINT
Albert-Sheridan v Farfan, et al.

SUPREME COURT
**FILED**

State Bar Court Nos. 16-O-12958, 16-O-10548

JUL **1 0** 2019

**S254967**

**Jorge Navarrete Clerk**

# IN THE SUPREME COURT OF CALIFORNIA<sup>Deputy</sup>

**En Banc**

---

In re LENORE LUANN ALBERT on Discipline.

---

The request to correct or augment the record and/or for judicial notice is denied. The petition for writ of review is denied.

The court orders that Lenore LuAnn Albert (Respondent), State Bar Number 210876, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and Respondent is placed on probation for two years subject to the following conditions:

1. Respondent is suspended from the practice of law for a minimum of the first six months of probation, and Respondent will remain suspended until the following requirements are satisfied:

    i. Respondent makes restitution to the following payees or such other recipient as may be designated by the Office of Probation or the State Bar Court (or reimburses the Client Security Fund, to the extent of any payment from the Fund to such payee, in accordance with Business and Professions Code section 6140.5) and furnishes satisfactory proof to the State Bar's Office of Probation in Los Angeles:

        (1) Dr. Nira Schwartz-Woods in the amount of $20,000 plus 10 percent interest per year from April 1, 2016; and

        (2) Fin City Foods in the amount of $47.00.

    ii. If Respondent remains suspended for two years or longer as a result of not satisfying the preceding requirement, Respondent must also provide proof to the State Bar Court of rehabilitation, fitness to practice and present learning and ability in the general law before the suspension will be terminated. (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

2. Respondent must also comply with the other conditions of probation recommended by the Hearing Department of the State Bar Court in its Decision filed on January 9, 2019.

3. At the expiration of the period of probation, if Respondent has complied with all conditions of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Respondent must also comply with California Rules of Court, rule 9.20, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order. Failure to do so may result in disbarment or suspension. Respondent must also maintain the records of compliance as required by the conditions of probation.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.


Kruger, J., was absent and did not participate.

**CANTIL-SAKAUYE**

*Chief Justice*

FILED

DEC 1 3 2017

**Jorge** Navarrete Clerk

Deputy

State Bar Court No. 15-O-11311

S243927

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re LENORE LUANN ALBERT on Discipline.

The petition for review and request for stay is denied.

The court orders that Lenore LuAnn Albert, State Bar Number 210876, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and she is placed on probation for one year subject to the following conditions:

1.    Lenore LuAnn Albert is suspended from the practice of law for the first 30 days of probation, and she will remain suspended until the following conditions are satisfied:

    a.    She pays the following sanctions (or reimburses the Client Security Fund, to the extent of any payment from the Fund to the payees, in accordance with section 6140.5), and furnishes proof to the State Bar Office of Probation in Los Angeles: the $2,675.50, $1,242.50, and $1,820 sanctions awards issued on August 31, 2012, by the Superior Court of Orange County in case no. 30-2012-00568954-CL-UD-CJC, plus 10 percent interest per year from August 31, 2012.

    b.    If she remains suspended for two years or more as a result of not satisfying the preceding requirements, she must also provide proof to the State Bar Court of her rehabilitation, fitness to practice, and learning and ability in the general law before her suspension will be terminated.   (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

2.    Lenore LuAnn Albert must comply with the other conditions of probation recommended by the Review Department of the State Bar Court in its Opinion filed on June 30, 2017; and

3.    At the expiration of the period of probation, if Lenore LuAnn Albert has complied with all conditions of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Lenore LuAnn Albert must also take and pass the Multistate Professional Responsibility Examination within one year after the effective date of this order and provide satisfactory proof of such passage to the State Bar's Office of Probation in Los Angeles within the same period.   Failure to do so may result in suspension.   (Cal. Rules of Court, rule 9.10(b).)

If Lenore LuAnn Albert remains suspended for 90 days or more, she must comply with the requirements of rule 9.20 of the California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 120 and 130 days, respectively, after the effective date of this order.   Failure to do so may result in disbarment or

suspension.

Costs are awarded to the State Bar in accordance with Business and Professions
Code section 6086.10 and are enforceable both as provided in Business and Professions
Code section 6140.7 and as a money judgment.

CANTIL-SAKAUYE
*Chief Justice*

| STATE BAR COURT OF CALIFORNIA<br>845 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515<br>(213) 765-1400 | FOR STATE BAR COURT USE<br>O<br>**FILED**<br>AUG 09 2017 ε·Ρ·<br>**STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES** |
|---|---|
| In the Matter of<br><br>LEONORE LUANN ALBERT, No. 210876<br><br>Member of the State Bar | |
| CERTIFICATE OF COSTS | CASE NO.: 15O11311, 15O11708,<br>15O12260. |

1.  TAXABLE COSTS of the Office of the Chief Trial Counsel (Code Civ. Proc. §1033.5(a)).

    $ \phantom{xxxxx}$ Witness fees pursuant to Government Code.
    $ \phantom{xxxxx}$ Fees of expert witnesses when ordered by the Court.
    $ \phantom{xxxxx}$ Deposition expenses, including transcript and travel costs.
    $ \phantom{xxxxx}$ Service of process.
    $ \phantom{xxxxx}$ Photocopies of exhibits.
    $ \phantom{xxxxx}$ Models and blowups of exhibits.

2.  REASONABLE COSTS PURSUANT TO FORMULA APPROVED BY THE BOARD OF TRUSTEES
    (Bus. & Prof. Code § 6086.10(b)(3)).

    $ 16,758.00$ Base Charge.
    $ 1,956.00$ Charge of $978 for Investigations over one.
    $ \phantom{xxxxx}$ Minimum charge for consolidated matter.
    $ \phantom{xxxxx}$ Resignation charge ($ 137.00).

3.  OTHER REASONABLE COSTS—Incidental expenses of the Office of the Chief Trial Counsel
    (Bus. & Prof. Code §6086.10(b)(1); CCP §1033.5(c)).

    $ \phantom{xxxxx}$ Reporter's transcript of State Bar Court proceedings.
    $ \phantom{xxxxx}$ Cost for certifying court documents.
    $ \phantom{xxxxx}$ Staff travel expenses.
    $ \phantom{xxxxx}$

4.  $ 18,714.00$   SUBTOTAL

By: _____   Dated: 10/21/16
     Herman Cendejas, Administrative Assistant, Office of Chief Trial Counsel

5.  OTHER REASONABLE COSTS OF THE STATE BAR COURT

    $ 00.00 $ _____

| $ 18,714.00 | **TOTAL OF ALL COSTS** |

By: _____   Dated: 8/9/17
     Deputy Court Clerk, Office of the State Bar Court
Cost Form 4/15

EX 3

## CERTIFICATE OF SERVICE

[Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Deputy Court Clerk of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on August 9, 2017, I deposited a true copy of the following document(s):

### CERTIFICATE OF COSTS

in a sealed envelope for collection and mailing on that date as follows:

( X )   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

      LENORE L. ALBERT
      LAW OFC LENORE ALBERT
      7755 CENTER AVE STE 1100
      HUNTINGTON BEACH, CA   92647

(X)   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

    Brandon Keith Tady, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on August 9, 2017.

Elizabeth Alvarez
Deputy Court Clerk
State Bar Court

FAC pg 36

| STATE BAR COURT OF CALIFORNIA | FOR CLERK'S USE ONLY |
|---|---|
| REVIEW DEPARTMENT | |
| 845 S. Figueroa St., Los Angeles, CA 90017 | |
| In the Matter of: | Case No(s): 16-O-10548; 16-O-12958 (Consolidated) |
| LENORE LUANN ALBERT<br>Member No. 210876 | **NOTICE RE FAILURE TO COMPLY WITH RULE 5.151(D)** |
| A Member of the State Bar. | |

**TO ALL PARTIES AND COUNSEL IN THE ABOVE ENTITLED MATTER:**

Pursuant to rule 5.151(D) of the Rules of Procedure of the State Bar, you are hereby NOTIFIED

that unless LENORE LUANN ALBERT submits payment of $2100.00 for the transcripts within five

(5) days from service of this notice, the request for review will be dismissed with prejudice, and if no

other party requested review, the decision of the hearing judge in this matter will become final decision

of the State Bar Court.

Dated. February 13, 2019

Mel Zavala
Court Specialist
Review Department

| STATE BAR COURT OF CALIFORNIA<br>845 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515<br>(213) 765-1400 | FOR STATE BAR COURT USE<br><br>**FILED**<br><br>MAR 27 2019<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
|---|---|
| In the Matter of<br><br>LENORE LUANN ALBERT, No. 210876<br><br>Member of the State Bar | |
| CERTIFICATE OF COSTS | CASE NO.: 16O12958, 16O10548. |

1. **TAXABLE COSTS** of the Office of Chief Trial Counsel (Code Civ. Proc. §1033.5(a)).

| $ 201.90 | Witness fees pursuant to Government Code. |
|---|---|
| $ | Fees of expert witnesses when ordered by the Court. |
| $ | Deposition expenses, including transcript and travel costs. |
| $ | Service of process. |
| $ | Photocopies of exhibits. |
| $ | Models and blowups of exhibits. |

2. **REASONABLE COSTS PURSUANT TO FORMULA APPROVED BY THE BOARD OF TRUSTEES**
(Bus. & Prof. Code §6086.10(b)(3)).

| $ 17,574.00 | Base Charge. |
|---|---|
| $ 1,026.00 | Charge of $1,026 for investigations over one. |
| $ | Minimum charge for consolidated matter. |
| $ | Resignation charge ($144). |

3. **OTHER REASONABLE COSTS**—Incidental expenses of the Office of Chief Trial Counsel
(Bus. & Prof. Code §6086.10(b)(1); CCP §1033.5(c)).

| $ | Reporter's transcript of State Bar Court proceedings. |
|---|---|
| $ 40.00 | Cost for certifying court documents. |
| $ | Staff travel expenses. |
| $ | |

4. $ 18,841.90     **SUBTOTAL**

By: _____     Dated: 03/26/19
Herman Cendejas, Program Assistant II, Office of Chief Trial Counsel

5. OTHER REASONABLE COSTS OF THE STATE BAR COURT

$ 00.00

| $ 18,841.90 | **TOTAL OF ALL COSTS** |
|---|---|

By: _____     Dated: 3-27-19
Sr. Administrative Assistant, Office of the State Bar Court

Cost Form 4/15

# CERTIFICATE OF SERVICE

[Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Sr. Administrative Assistant of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on March 27, 2019, I deposited a true copy of the following document(s):

## CERTIFICATE OF COSTS

in a sealed envelope for collection and mailing on that date as follows:

( X )   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:


        LENORE L. ALBERT
        LAW OFC LENORE ALBERT
        14272 HOOVER STREET SP 69
        WESTMINSTER, CA 92683


(X)     by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

        Timothy G. Byer, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on March 27, 2019.


Jesus Hernandez
Sr. Administrative Assistant
State Bar Court

**Farfan, Maricruz**

| | |
|---|---|
| **From:** | Knitter, Linda |
| **Sent:** | Friday, April 03, 2020 2:19 PM |
| **To:** | 'lenore albert' |
| **Cc:** | Farfan, Maricruz |
| **Subject:** | RE: Amount to Reinstate SBN 210876 |

Dear Ms. Albert,

You have inquired regarding what amounts you owe the State Bar in order to be reinstated. I have described what you owe the State Bar, as well as what additional requirements must be met prior to your reinstatement to the State Bar.

### I.    Payments Owed to the State Bar

One of the conditions to your reinstatement is payment of all outstanding disciplinary costs to the State Bar. (Bus & Prof Code, §§ 6086.10; 6140.7). You currently owe **$37,555.90** in disciplinary costs. This amount represents the sum of the disciplinary cost assessments for the following two State Bar Court cases:

Case Number 15-O-11311:  $18,714.00
Case Number 16-O-12958:  $18,841. 90

You will not be automatically reinstated if this money is paid to the State Bar. Rather, you must meet all other conditions of your discipline, as ordered by the California Supreme Court. These conditions include submission of proof to the Office of Probation of various payments made to third parties as described below.

### II.    Payments Owed to Third Parties

You have been ordered to pay restitution and sanctions to third parties (or to the Client Security Fund, to the extent they have reimbursed any payee) as a condition of your reinstatement. You will remain suspended until you make these payments and provide satisfactory proof thereof to the Office of Probation. The total amount owed to third parties, with interest calculated through April 17, 2020, is **$38,257.89**, broken down as follows:

| Case Number | Sanctions/ Restitution Principal Amount | Payee | Interest Accruing From | Interest Accrued to April 17, 2020* | Total Amount |
|---|---|---|---|---|---|
| S243927 (15-O-11311, et al.) | $5,738.00 | 10675 S. Orange Park Boulevard, LLC, Inc. | 08/31/12 | $4,379.74 | $10,117.74 |
| S254967 (16-O-12958, | $20,000.00 | Dr. Nira Schwartz-Woods | 04/01/16 | $8,093.15 | $28,093.15 |

1

EX 6

| | | | | | |
|---|---|---|---|---|---|
| et al.) | | | | | |
| S254967 (16-O-12958, et al.) | $47.00 | Fin City Foods | | | $47.00 |
| | **$25,785.00** | | | **$12,472.89** | **$38,257.89** |

*Please note that interest will continue to accrue on any unpaid balance, until the principal is paid in full. Interest is calculated from the date <u>the bank posts the check,</u> not the check date or mailing date.*

For detailed information regarding satisfactory proof of payments, you should refer to the Proof of Payment Instructions printout which was attached to the Office of Probation's courtesy reminder letters uploaded to your private "My State Bar Profile" on March 20, 2018 and September 11, 2019.

You will still not be automatically reinstated upon your submission of documents claiming payment to the Office of Probation. The Office of Probation verifies that any documents submitted provide "satisfactory proof" of restitution, and may also contact the payees.

Please be advised that if you remain suspended for two years or more, you must also provide proof to the State Bar Court of your rehabilitation, fitness to practice law, and learning ability in the general law before your suspension is terminated. (Rules Proc. Of State Bar, tit. iV, Stds. For Atty Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

Once your payments have been verified, you will be reinstated to Active status. At that time you will be billed the full Active license fees for the year in which you are reinstated and will be given a 45-day payment deadline to pay your annual fees.

I hope this answers your questions.

Sincerely,

Linda Knitter
Program Supervisor, Attorney Regulation and Consumer Resources
<u>The State Bar of California</u> | 180 Howard St. | San Francisco, CA 94105
415.538.2241 | <u>linda.knitter@calbar.ca.gov</u>

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*


**From:** lenore albert [mailto:lenalbert@interactivecounsel.com]
**Sent:** Wednesday, April 01, 2020 12:13 AM
**To:** Knitter, Linda
**Cc:** Farfan, Maricruz; Courtroom B; Courtroom C
**Subject:** Amount to Reinstate SBN 210876

Dear Ms. Knitter,

What amount would I have to pay the State Bar in order to have my State Bar license
reinstated at this point in time? Second, would my license be reinstated automatically upon
that payment or would I have to take another step first? If so, what?

I have copied the Court and Probation Officer if the question should be directed to them
instead. Time is of the essence in the reply. Thank you.


Sincerely,



Lenore

3

| IN THE MATTER OF<br>Lenore L. Albert<br><br><br>CASE NO(s): S254967 (16-O-12958, et al.)<br><br>(Probation) | *(For Office of Probation Use Only)* |
|---|---|

## QUARTERLY REPORT

*For each report, mark the box for the correct reporting period and write the correct year.*

**First Report Due: October 10, 2019**    **– Final Report Due: August 28, 2021**
(for period August 28, 2019 through September 30, 2019)    (for period July 1, 2021 through August 28, 2021)

**Due:** ☒ January 10, 20__   ☒ April 10, 20__   ☐ July 10, 20__   ☐ October 10, 20__
(for period 10/01 through 12/31) (for period 01/01 through 03/31) (for period 04/01 through 06/30) (for period 07/01 through 09/30)

*Make sufficient copies of this form for future use and transmit reports to the State Bar of California, Attn: Office of Probation, 845 South Figueroa Street, Los Angeles, California 90017-2515, or Fax at 213- 765-1439, OR e-mail at Maricruz.Farfan@calbar.ca.gov*

**EACH INQUIRY MUST BE ANSWERED. Place an "X" before each of the statements that applies to you for each inquiry.**

**Compliance with State Bar Act and Rules**

☒ During the reporting period noted above, I have complied with all provisions of the State Bar Act and Rules of Professional Conduct.

**-OR-**

☐ During the reporting period noted above, I have complied with all provisions of the State Bar Act, Rules of Professional Conduct, **EXCEPT (please list specific violations):**

_____

_____

_____

(attach declaration under penalty of perjury if more space is needed).

Lenore L. Albert
S254967 (16-O-12958, et al.)
Page 2

## Review Rules of Professional Conduct and B&P Codes

Within 30 days after the effective date of the order imposing discipline in this matter
(**September 27, 2019**), I read the:
1. California Rules of Professional Conduct and
2. Business and Professions Code sections 6067, 6068 and 6103 through 6126.

**-OR-**

☐ Within 30 days after the effective date of the order imposing discipline in this matter
(**September 27, 2019**), I did **NOT** read the:
1. California Rules of Professional Conduct and/or
2. Business and Professions Code sections 6067, 6068, and 6103 through 6126.
I understand I am **NOT** in compliance with my probation.

**-OR-**

☐ Although **NOT** within 30 days after the effective date of the order imposing discipline in this
matter (**September 27, 2019**), I did read the:
1. California Rules of Professional Conduct and
2. Business and Professions Code sections 6067, 6068, and 6103 through 6126.
I understand I completed this condition late and am **NOT** in compliance with my probation.

## Restitution

☐ I have made restitution payments to the Complaining Witnesses and attached are front/back
copies of the negotiated/cancelled checks **or** a declaration (**must include amount and date paid**)
from the payee(s) acknowledging receipt of the payments.

**-OR-**

☐ I have fully paid restitution to the Complaining Witnesses and attached are front/back copies of
the negotiated/cancelled checks **or** a declaration (**must include amount and date paid**) from the
payee(s) acknowledging receipt of the payments.

# OFFICE OF PROBATION
## NOTICE OF COUNSEL REPRESENTATION

| | |
|---|---|
| Respondent: | **Lenore L. Albert** |
| State Bar Case Number: | **S254967 (16-O-12958, et al.)** |
| State Bar Number: | **210876** |
| | |
| Counsel's Name: | *I don't know who this is* |
| Firm Name: | |
| Address: | |
| Bar Number: | |
| Phone Number: | |
| | |
| Respondent's Signature: | |
| Date: | |
| Counsel's Signature: | |
| Date: | |

**Please complete and return this form to the State Bar of California, Attention: Office of Probation,
845 South Figueroa Street, Los Angeles, CA 90017-2515.**

Lenore L. Albert
S254967 (16-O-12958, et al.)
Page 3

I declare under penalty of perjury under the laws of the State of California that all of the
information provided in this report is true and accurate.

Date: 5-5-2020 ~~03-23-2020~~        Signature: _Lenore L. Albert_
(Actual date of signature)           Lenore L. Albert

Original handwritten signature (do not use a photocopied,
typewritten, stamp, digital or other duplicate signature)

## My Probation Conditions and Deadlines

| CONDITION | DEADLINE(S) |
|---|---|
| 1. Schedule Required Meeting | September 12, 2019 |
| 2. Participate in Required Meeting | September 27, 2019 |
| 3. Review Rules of Professional Conduct and B&P Codes[2] | September 27, 2019/October 10, 2019 |
| 4. 9.20 Compliance Declaration | October 7, 2019 |
| 5. Quarterly Reports | Quarterly, beginning October 10, 2019 |
| 6. Final Report | August 28, 2021 |

*(Handwritten notes):* I did not type this. I have not wilfully violated my probation conditions. I declare under penalty of perjury the following is true & correct during the Covid-19 pandemic. 5-5-2020

---
[2] You must read the California Rules of Professional Conduct (Rules of Professional Conduct) and
Business and Professions Code sections 6067, 6068, and 6103 through 6126 no later than September
27, 2019. You must provide a declaration, under penalty of perjury, attesting your compliance with
this requirement, with your first Quarterly Report due **October 10, 2019**.





The State Bar *of California*

## Payment Gateway

### ⚠ Thank you for your payment

| | |
|---|---|
| **Invoice No** | |
| **Payment Date** | 04-20-2021 |
| **Payment Amount** | |
| **Payment Confirmation No** | |
| **Transaction Reference** | |
| **Payment Method** | Checking - 1644 |

### ⚠ You will be redirected in *18 seconds*

FAC pg 48

# The State Bar
## of California

**OFFICE OF ATTORNEY REGULATION &
CONSUMER RESOURCES**

180 Howard Street, San Francisco, CA 94105

AttorneyRegulation@calbar.ca.gov
888-800-3400

## Payment Summary

Lenore L. Albert (210876)

31872 Joshua Dr
Apt 22C
Trabuco Cyn, CA 92679

| | |
|---|---|
| **Payment Reference:** | M7DC19_210876_2021_1_20210420171826229 |
| **Payment Method:** | Checking-5044 |
| **Payment Status:** | In Process |
| **Transaction Date:** | Apr 20 2021 |

| Item Description | Cost |
|---|---|
| Prior Year(s) and/or Reinstatement Fee | $37,555.90 |
| **Grand Total** | **$37,555.90** |

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

PAC pg 49

## The State Bar of California

**OFFICE OF ATTORNEY REGULATION & CONSUMER RESOURCES**

180 Howard Street, San Francisco, CA 94105

AttorneyRegulation@calbar.ca.gov
888-800-3400

## Information about your 2021 State Bar of California annual license fees

Rule 2.10 of the Rules of the State Bar states that ""Annual license fees" are those fees that any licensee must pay to maintain active or inactive status in a calendar year." The 2021 annual license fees were assessed December 1, 2020. The payment deadline is February 1, 2021. Failure to pay will lead to penalties and suspension. (Bus. & Prof. Code §6143.)

**Active Fee**
The 2021 active rate annual license fees is $515 and is comprised of: a base fee of $395 (Bus. & Prof. Code § 6140); $40 for the Client Security Fund (§ 6140.55); $25 for the discipline system (§6140.6); $10 for Lawyer Assistance Program (§6140.9); and $45 for Legal Services Assistance (§6140.03).

Attorneys may also make donations, take deductions, accrue fees and be assessed costs, late fees and other penalties (§§6140.5(c), 6140.7, 6143). The deadline to pay is February 1, 2021. Late payments will incur penalties of $100. Failure to pay by the deadline will lead to penalties and suspension (§6143).

**Inactive Fee**
The 2021 inactive rate annual license fees is $182.40 and is comprised of: a base fee of $97.40 (Bus. & Prof. Code §6141); $10 for the Client Security Fund (§ 6140.55); $25 for the discipline system (§6140.6); $5 for Lawyer Assistance Program (§6140.9); and $45 for Legal Services Assistance (§6140.03).

Attorneys may also make donations, take deductions, accrue fees and be assessed costs, late fees and other penalties (§§6140.5(c), 6140.7, 6143). The deadline to pay is February 1, 2021. Late payments will incur penalties of $30. Failure to pay by the deadline will lead to penalties and suspension (§6143).

**Multijurisdictional Practice (MJP) Fee**
The 2021 MJP rate is $515. Applies to out-of-state attorneys registered with the State Bar as legal aid attorneys (formerly called registered legal services attorneys) or in-house counsel. See Active Fee breakdown above.

**Optional Deductions**
- Attorneys are not required to pay and may deduct five dollars ($5) from their annual fees if they do not wish to support lobbying and related activities of the State Bar that are outside the parameters for expenditures of mandatory dues set forth in *Keller*. Cal. Bus. & Prof. Code §6140.05.
- Attorneys are not required to pay and may deduct two dollars ($2) from their annual fees if they do not wish to support programs that address concerns of access and bias in the legal profession and the justice system.
- Attorneys are not required to pay and may deduct forty five dollars ($45) from their annual fees if they do not wish to support nonprofit organizations that provide free legal services to persons of limited means. Cal. Bus. & Prof. Code § 6140.03.

THOMAS SCOTT SCHALES
16522 HILLVIEW CIRCLE B
HUNTINGTON BEACH, CA 92649

326

4-20-2021
Date

Pay to the
Order of    State Bar of California                    | $ 2,000

Two thousand                                              Dollars

Credit Union of
Southern California
8028 Greenleaf Ave., Whittier, CA 90602
(562) 698-8326 or visit www.cusocal.org

For Lenore Albert CSF-16-F-12555

0326

---

THOMAS SCHALES
16522 HILLVIEW CIR APT B
HUNTINGTN BCH, CA 92649-3748

1002

4-20-2021
Date

Pay to the
Order of    State Bar of California                   | $ 18,801

Eighteen thousand eighthundred one and 18/100      Dollars

USAA FEDERAL SAVINGS BANK
10750 McDERMOTT PWY
SAN ANTONIO, TEXAS 78288-0544
(210) 498-8000 1-800-632-3724

USAA

For Lenore Albert CSF-16-F-12555

1002

EX 9



Address:          15951 GOLDENWEST ST
                  HUNTINGTON BEACH
                  CA 92647
Location:         JLBKK
Device ID:        -BTC04
Transaction:      940298616453

FedEx Priority Overnight
786225767492     0.10 lb (S)      28.06
Declared Value  0
Recipient Address:
California State Bar
Client Security Fund
845 S. Figueroa st
Los Angeles, CA 90017
2137651000

Scheduled Delivery Date 4/21/2021

Pricing option:
  STANDARD RATE

Package Information:
  FedEx Envelope

        Shipment subtotal:    $28.06

            Total Due:    $28.06

        (S) CreditCard:   $28.06
        ***********4002

M = Weight entered manually
S = Weight read from scale
T = Taxable item

Terms and Conditions apply. See
fedex.com/us/service-guide for details.

        Visit us at: fedex.com
        Or call 1.800.GoFedEx
        1.800.463.3339

    Apr 20, 2021 6:37:32 PM

  ********** WE LISTEN **********
    Tell us how we're doing
& receive a discount on your next order!
fedex.com/welisten or 800-398-0242



Align top of FedEx Express® shipping label here.

ORIGIN ID:APVA  (424) 365-0741
LENORE ALBERT
31072 JOSHUA DR. #22C
TRABUCO CANYON, CA 92679
UNITED STATES US

SHIP DATE: 20APR21
ACTWGT: 0.10 LB
CAD: 6995578/SSF02121

BILL CREDIT CARD

TO  CALIFORNIA STATE BAR
    CLIENT SECURITY FUND
    845 S. FIGUEROA ST

    LOS ANGELES CA 90017
    (213) 765-1000

FedEx
Express

E

TRK#  7862 2576 7492
0201

WED – 21 APR 10:30A
PRIORITY OVERNIGHT

WZ JBPA                    90017
                   CA-US  LAX

FAC pg 52

# The State Bar *of California*

**Lenore LuAnn Albert #210876**
License Status: Not Eligible to Practice Law

Address: 31872 Joshua Dr, Apt 22C, Trabuco Cyn, CA 92679-3111
Phone: (424) 365-0741 | Fax: Not Available
Email: lenalbert@interactivecounsel.com | Website: www.InteractiveCounsel.com

## More About This Attorney ▾

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|------|----------------|------------|------------------------|
| Present | Not Eligible To Practice Law in California | | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-O-00045 | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-N-00044 | |
| 8/28/2019 | Not Eligible To Practice Law in California | Discipline w/actual suspension 16-O-12958 | |
| 6/28/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/16/2018 | Active | | |
| 2/14/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/6/2017 | | Disciplinary charges filed in State Bar Court 16-O-12958 | |
| 9/9/2016 | | Disciplinary charges filed in State Bar Court 16-O-10548 | |
| 12/16/2015 | | Disciplinary charges filed in State Bar Court 15-O-11311 | |
| 12/5/2000 | Admitted to The State Bar of California | | |

**State Bar Court Cases**
**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature.**

| Effective Date | Case Number | Description |
|----------------|-------------|-------------|
| 8/28/2019 | 16-O-12958 | Decision [PDF] |
| 2/14/2018 | 15-O-11311 | Opinion [PDF] |

**Additional Information:**
- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

EX 10

FAC pg 53

The State Bar Court began posting public discipline <u>documents</u> online in 2005. Copies of additional documents in a case are <u>available upon request</u>.

On May 31, 2019, the State Bar Court launched online case dockets. If a case was open or filed on or after Feb 7, 2019, documents are being added online as events occur, and can be accessed with the new <u>Search for a Case</u> feature.

To search for a case filed on or after Feb. 7, 2019, please copy the case number displayed above, click the button below, and add the prefix SBC to the case number, e.g. SBC[CASE NUMBER].

<div style="text-align:center; background:black; color:white; padding:1em;">**Search for a Case**</div>

Older case records are <u>available on request</u>.

**NOTE:** Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket (Search for a Case).

**DISCLAIMER:** Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

Copyright © 2021 The State Bar of California

  

## The State Bar *of California*

**Lenore LuAnn Albert #210876**
License Status: Not Eligible to Practice Law

Address: 31872 Joshua Dr, Apt 22C, Trabuco Cyn, CA 92679-3111
Phone: (424) 365-0741 | Fax: Not Available
Email: lenalbert@interactivecounsel.com | Website: www.InteractiveCounsel.com

## More About This Attorney ▾

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|------|---------------|-----------|----------------------|
| Present | Not Eligible To Practice Law in California | | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-O-00045 | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-N-00044 | |
| 8/28/2019 | Not Eligible To Practice Law in California | Discipline w/actual suspension 16-O-12958 | |
| 6/28/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/16/2018 | Active | | |
| 2/14/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/6/2017 | | Disciplinary charges filed in State Bar Court 16-O-12958 | |
| 9/9/2016 | | Disciplinary charges filed in State Bar Court 16-O-10548 | |
| 12/16/2015 | | Disciplinary charges filed in State Bar Court 15-O-11311 | |
| 12/5/2000 | Admitted to The State Bar of California | | |

**State Bar Court Cases**
**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature.**

| Effective Date | Case Number | Description |
|---------------|-------------|-------------|
| 8/28/2019 | 16-O-12958 | Decision [PDF] |
| 2/14/2018 | 15-O-11311 | Opinion [PDF] |

**Additional Information:**
- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

*The State Bar Court began posting public discipline <u>documents</u> online in 2005. Copies of additional documents in a case are <u>available upon request</u>.*

*On May 31, 2019, the State Bar Court launched online case dockets. If a case was open or filed on or after Feb 7, 2019, documents are being added online as events occur, and can be accessed with the new <u>Search for a Case</u> feature.*

*To search for a case filed on or after Feb. 7, 2019, please copy the case number displayed above, click the button below, and add the prefix SBC to the case number, e.g. SBC[CASE NUMBER].*

**Search for a Case**

Older case records are <u>available on request</u>.

**NOTE:** *Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket (Search for a Case).*

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

Copyright © 2021 The State Bar of California

  

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
31872 Joshua Drive #22C, Trabuco Canyon, CA 92679

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED CONSOLIDATED COMPLAINT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 21, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**James J Chang,** The State Bar of California, 180 Howard St, San Francisco, CA 94105
415-538-2381, Fax : 415-538-2321, Email: james.chang@calbar.ca.gov

**Suzanne C Grandt,** State Bar of California, 180 Howard St, San Francisco, CA 94111
415-538-2388, Fax : 415-538-2321, Email: suzanne.grandt@calbar.ca.gov

**Jeffrey I Golden (TR),** Weiland Golden Goodrich LLP, P.O. Box 2470, Costa Mesa, CA 92628-2470
(714) 966-1000

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/28/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Nira Woods** 2550 Pacific Coast Hwy Trlr 68, Torrance, CA 90505 NiraSchwartzWoods@yahoo.com
**Devin Lucas** Law Offices of Devin Lucas, 2901 W. Coast Hwy Ste 200, Newport Beach, CA 92663-4045
Devin@DevinRLucas.com

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 21, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson, 411 West Fourth Street, Santa Ana, CA 92701

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04-28-2021 | James Ocon | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT 2

FILED & ENTERED

JUN 29 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Lenore LuAnn Albert-Sheridan<br><br><br><br><br>Debtor. | Case No.:  8:18-bk-10548-ES<br><br>CHAPTER 7<br><br>Adv No:   8:18-ap-01065-SC<br><br>**ORDER GRANTING STATE BAR DEFENDANTS' MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE, AND OVERRULING PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
| Lenore LuAnn Albert-Sheridan<br><br>Plaintiff,<br><br>   v.<br><br>Maricruz Farfan, et al.<br><br><br>Defendant(s). | Date: June 2, 2021<br>Time: 1:30 p.m.<br>Courtroom:  5C – virtual |

On June 2, 2021, the Court held a hearing on the State Bar Defendants' Motion to Dismiss First Amended Complaint filed May 12, 2021 [Dk. 115] ("Motion"). Having

carefully considered the Motion, all related pleadings, and the arguments raised at the

hearing ("June 2 Hearing"), the Court took the matter under submission. As more fully

set forth below, the Court has determined that there is good cause to GRANT the

Motion, and partially dismiss the First Amended Complaint filed April 28, 2021 [Dk. 85]

("FAC") with prejudice, and OVERRULE Plaintiff's Evidentiary Objections.

## I.    Background[1]

Several years prior to Debtor and Plaintiff Lenore Albert-Sheridan's[2] bankruptcy

filing, the State Bar of California ("State Bar") initiated an investigation and commenced

disciplinary proceedings against Albert (a licensed attorney). FAC [Dk. 85] Pg. 5:13-19.

As a result of the disciplinary proceedings, the California Supreme Court issued a

disciplinary order against Albert, which was dated December 2017 ("December 2017

Order"). FAC [Dk. 85] Pg. 5:24-27. The December 2017 Order suspended Albert's law

license for 30 days, conditioning her reinstatement upon her payment of discovery

sanctions and disciplinary costs. FAC [Dk. 85] Pg. 5:24-27.

Albert filed a Chapter 13 petition on February 20, 2018. FAC [Dk. 85] Pg. 6:3-4.

The case was converted to Chapter 7 on June 26, 2018. FAC [Dk. 85] Pg. 6:22;

Conversion Order, Case No. 8:18-bk-10548-ES, [Dk. 198].

On April 6, 2018, Albert filed an adversary complaint against the State Bar and

several individuals employed by the State Bar, Maricruz Farfan, Brandon Tady, Alex

Hackert, Paul Bernardino, and Hon. Yvette Roland, alleging the following causes of

action: (1) dischargeability of debts under 11 U.S.C. § 523(a)(7); (2) the violation of 11

U.S.C. § 525(a); (3) the violation of her rights under 42 U.S.C. § 1983; (4) the violation

of California's Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt

---

[1] This section has been derived from either the facts as alleged in the FAC, or from judicially noticeable filings and orders of this Court. "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). See also *In re Rigel Pharm., Inc. Sec. Litig.*, *Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 876 (9th Cir. 2012).

[2] This action was initially filed by Albert under the name "Albert-Sheridan," but her later pleadings have consistently utilized "Albert." The Court will use "Albert" throughout this order.

Collection Practices Act; and (5) that California Business and Professions Code §§ 6103, 6086.10, and 6140.7 are unconstitutional. *See generally* Original Complaint [Dk. 1]. This Court, after notice and a hearing, dismissed the complaint upon finding that certain discovery sanctions and costs sought to be discharged were not dischargeable and, *inter alia*, deeming the remaining causes of action to be reliant on the premise that the entire amount was dischargeable. Order Granting Motion to Dismiss entered August 9, 2018 [Dk. 48]. Albert appealed to the Bankruptcy Appellate Panel (B.A.P.), who affirmed this Court's dismissal. B.A.P. Judgment entered April 26, 2019 [Dk. 69]. Albert appealed the B.A.P.'s affirmance to the Ninth Circuit. The Ninth Circuit affirmed in part this Court's dismissal, reversing only as to the determination that discovery sanctions were dischargeable under 11 U.S.C. § 523(a)(7). *See* Ninth Circuit Mandate entered January 28, 2021 [Dk. 74].

On June 4, 2020, Albert filed a second adversary proceeding against the State Bar and two of its employees, Timothy Byer and Maricruz Farfan. Adversary No. 20-ap-01095-SC [Dk. 1]. On April 14, 2021, Albert and Defendants filed a stipulation to consolidate the adversary proceedings and allow Albert to file an amended consolidated complaint with additional claims. Stipulation to Consolidate Adversary Proceedings [Dk. 76]. The Court approved the stipulation on April 20, 2021 [Dk. 78], and the adversary proceedings were consolidated.

On April 28, 2021, Albert filed a First Amended Complaint ("FAC") [Dk. 85] against multiple defendants, including the State Bar and the following State Bar employees: Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, Hon. Yvette Roland, and Timothy Byer (the employees are collectively referred to as the "Individual State Bar Defendants"). The FAC alleges (1) dischargeability of debts under 11 U.S.C. § 523(a)(7)[3] against all Defendants; (2) violation of the automatic stay and discharge

---

[3] More specifically, Albert seeks a determination that amounts owed to the State Bar Client Security Fund ("CSF") are dischargeable pursuant to 11 U.S.C. § 523(a)(7). This debt was not the subject of the Ninth Circuit's opinion; in fact, the Ninth Circuit expressly stated in the decision that the dischargeability of reimbursements to the Client Security Fund was not an issue before them. See Ninth Circuit Mandate [Dk. 74].

injunction against all Defendants; (3) violation of the 8th Amendment of the U.S.

Constitution for excessive fines against the State Bar only; (4) violation of Article 1,

Section 17 of the California Constitution for excessive fines against the State Bar only;

and (5) violation of 11 U.S.C. § 525(a) against the State Bar only, for its failure to

reinstate Albert's license based on a dischargeable debt.[4] FAC [Dk. 85].

On May 15, 2021, the State Bar and Individual State Bar Defendants (together,

the "State Bar Defendants") filed this Motion to Dismiss [Dk. 115]. The Motion seeks

partial dismissal[5] of the FAC as follows: (1) Dismissal *in part* of the second cause of

action regarding the automatic stay, for failure to state a claim; (2) Dismissal of the third

cause of action for violation of the United States Constitution, for lack of subject-matter

jurisdiction and failure to state a claim; (3) Dismissal of the fourth cause of action for

violation of the California Constitution relating to alleged excessive fines, for lack of

subject-matter jurisdiction and failure to state a claim; (4) Dismissal of the fifth cause of

action relating to 11 U.S.C. § 525, for lack of subject-matter jurisdiction (mootness); and

(5) Dismissal of the first two causes of action as to the Individual State Bar Defendants

(the only claims asserted against them), for failure to state a claim.

Having reviewed the Motion, as well as the Opposition filed May 19, 2021 [Dk.

133], and Reply[6] filed May 26, 2021 [Dk. 142], and having heard oral argument by both

---

[4] Multiple of the causes of action contained in the FAC appear to be mere restatements of the issues already decided by the Court in the previous motion to dismiss. Though this issue was not raised by the State Bar Defendants as an independent basis for dismissal, the doctrine of issue preclusion may be applied to prevent Albert from collaterally attacking issues that have already been decided by this Court and affirmed by the Ninth Circuit on appeal. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767, 769, 795 P.2d 1223, 1225 (1990) ("Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.") (internal citations omitted).
[5] "The State Bar Defendants are *not* moving to dismiss (1) the first cause of action regarding dischargeability of the Client Security Fund debt as against the State Bar or (2) the second cause of action regarding the discharge injunction as against the State Bar, and will answer those claims in due course." Reply [Dk. 142], Pg. 2:1-4 (emphasis added).
[6] At the June 2 Hearing, Albert voiced a general objection to the Reply (without providing examples) because, in her view, the State Bar Defendants' Reply raised "new issues" which she asserted that she didn't get a chance to brief. 6/2/2021 Hearing, 1:49:05. However, having further reviewed the Reply, the Court does not agree with Albert's view. The State Bar Defendants did not impermissibly raise "new issues" in their Reply, but rather responded to the

parties at the June 2 Hearing, the Court GRANTS the Motion, for the reasons set forth below.

## II.    Discussion

The State Bar Defendants move under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The standards for each of these Rules are independently set forth below, followed by a separate analysis.

### a.  Standards for Dismissal under FRCP 12(b)(1)

The Motion seeks dismissal of the third, fourth, and fifth causes of action for lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court. *See Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Federal courts are courts of "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "They possess only that power authorized by Constitution and statute." *Id*.

When subject matter jurisdiction is challenged, the burden of proof is placed on the plaintiff to demonstrate that such subject matter jurisdiction exists. *Id*. To survive a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that subject matter jurisdiction exists; otherwise, the Court may presume lack of subject matter jurisdiction and dismiss the case. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Kokkonen*, 511 U.S. at 376-78 (1994).

A Rule 12(b)(1) motion may be made on "facial" or "factual" grounds. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

arguments contained within the Opposition.

If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. *Gibson v. FedEx Corp.*, No. 2:09-cv-01738-MCE-KJM, 2010 U.S. Dist. LEXIS 111022, at *5 (E.D. Cal. Oct. 19, 2010). However, as noted by the *Safe Air* Court, the Court need not presume the truthfulness of the allegations of the complaint when evaluating a Rule 12(b)(1) motion which factually attacks subject matter jurisdiction:

> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

*Id.*

As more fully explained below, the grounds asserted in the Motion are facial attacks and do not require the Court to review evidence beyond the FAC and documents attached thereto as exhibits. While the State Bar Defendants requested that the Court consider its Declaration of James Chang [Dk. 115] and Request for Judicial Notice [Dk. 117], both filed on May 12, 2021, the Court found it unnecessary to do so for the purposes of this decision.

### b.  Standards for Dismissal under FRCP 12(b)(6)

The Motion seeks dismissal of part of the second cause of action, and the entirety of the third and fourth causes of action for failure to state a claim pursuant to FRCP 12(b)(6). Likewise, the Motion seeks dismissal of the first two causes of action as

1    to the Individual State Bar Defendants for failure to state a claim on FRCP 12(b)(6)

2    grounds.

3          A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

4    Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. See *Davis*

5    *v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive a Rule 12(b)(6)

6    motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

7    plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

8    standard requires the plaintiff to allege facts that add up to "more than a sheer

9    possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10   (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic

11   recitation of the elements of a cause of action will not do." *Id.*

12         In deciding whether the plaintiff has stated a claim upon which relief can be

13   granted, the court must assume that the plaintiff's allegations are true and must draw all

14   reasonable inferences in favor of the nonmoving party. *Cholla Ready Mix, Inc. v. Civish*,

15   382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192

16   (9th Cir. 2003)). However, the court need not accept conclusory allegations in the

17   complaint as true; rather, the court should "examine whether [they] follow from the

18   description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115,

19   1121 (9th Cir. 1992) (citation omitted); *Cholla Ready Mix*, 382 F.3d at 973 (citing *Clegg*

20   *v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)) (stating that on Rule

21   12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of

22   factual allegations if those conclusions cannot reasonably be drawn from the facts

23   alleged[]"). "Nor is the court required to accept as true allegations that are merely

24   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

25   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A complaint does not need

26   detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of

27   action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

28   678–79, 129 S.Ct. 1937.

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider*, 151 F.3d at 1197 n.1. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). *Id.* (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

### c. Relief Requested in the Motion

As noted above, the State Bar Defendants seek partial dismissal of the FAC as follows: (1) Dismissal *in part* of the second cause of action regarding the automatic stay, for failure to state a claim; (2) Dismissal of the third cause of action for violation of the United States Constitution, for lack of subject-matter jurisdiction and failure to state a claim; (3) Dismissal of the fourth cause of action for violation of the California Constitution relating to alleged excessive fines, for lack of subject-matter jurisdiction and failure to state a claim; (4) Dismissal of the fifth cause of action relating to 11 U.S.C. § 525, for lack of subject-matter jurisdiction (mootness); and (5) Dismissal of the first two causes of action as to the Individual State Bar Defendants, on the grounds that the Individual State Bar Defendants are immune from suit. The Court will address the grounds for dismissal of each cause of action separately below.

### d. Dismissal of part of the Second Cause of Action (Violation of the Automatic Stay) is warranted, as the FAC fails to state a claim for relief.

The second cause of action listed in the FAC is for violation of the automatic stay and discharge injunction against all State Bar Defendants. The State Bar Defendants seek to dismiss the portion of the second cause of action which pertains to the violation of the automatic stay for Albert's failure to state a valid claim for relief.[7]

---

[7] The State Bar Defendants have expressed their intention to defend the cause of action as it relates to the alleged

As noted above, Albert filed her bankruptcy petition on February 20, 2018. FAC [Dk. 85].  She received a discharge on February 26, 2019. FAC [Dk. 85] Pg. 11:4-5. Therefore, the automatic stay was in effect between February 20, 2018 and February 26, 2019. The FAC contains mostly conclusory allegations regarding alleged violations of the stay, which are unhelpful to the Court and fail to meet the standards to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must allege "enough *facts* to state a claim to relief that is plausible on its face.") (emphasis added); *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged[]").

In support of the conclusory allegations, the FAC provides only a few specific examples of conduct. However, none of the facts, even if taken as true, are sufficient to demonstrate that a violation of the automatic stay occurred.

Albert alleges that "[o]n or about January 10, 2019, the California State Bar Hon. Yvette Roland issued a written recommendation to the California Supreme Court" and that this action, along with the actions of others at the State Bar, were "illegal attempts... not limited to refusing to reinstate Ms. Albert's law license from March 16, 2018 to May 30, 2018 in a timely manner and then by revoking her license again on June 28, 2018...because the sanctions owed to 10675 S Orange Park Blvd LLC [were a] dischargeable debt." FAC [Dk. 85] Pg. 18:20 – 19:12.

First, the State Bar Defendants' prosecution of disciplinary actions against Albert fall within the government regulatory exemption of 11 U.S.C. § 362(b)(4).[8] *See In re Wade*, 948 F.2d. 1122, 1124 (9th Cir. 1991) (holding that attorney disciplinary proceedings are excepted from the automatic stay). Pursuant to § 362(b)(4), the filing of a petition does *not* operate as a stay against "the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ...

---

violation of the discharge injunction. See Reply [Dk. 142] Pg. 2:1-4.
[8] The issue of the immunity of the Individual State Bar Defendants is not discussed in this section, but is addressed in Section II.h below.

police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4).

Further, attorney disciplinary proceedings are excepted from the automatic stay, as such proceedings are not designed or intended to be debt collection mechanisms, even where attorneys are ordered to pay money. *See Bach v. State Bar*, 52 Cal. 3d 1201, 1207 (1991) (where the court noted that in exercising their power to discipline attorneys, the State Bar and the California Supreme Court further the goals of protecting the public, preserving confidence in the legal profession, and the rehabilitation of errant attorneys and do not "sit in disciplinary matters as a collection board for clients aggrieved over fee matters."). Therefore, Albert's allegation that California State Bar Hon. Yvette Roland's issuance of a written recommendation to the California Supreme Court was a violation of the automatic stay is a non-starter.

Turning to the issue of the refusal to reinstate Albert's license, the allegations appear to be predicated on a mistaken belief that the State Bar impermissibly suspended her law license due to a dischargeable debt, which is wholly inaccurate as the Ninth Circuit has already established that the State Bar "may condition the reinstatement of Albert's law license on payment of those [nondischargeable disciplinary] costs." *Lenore L. Albert-Sheridan, DBA Law Offices of Lenore Albert v. State Bar (In re Albert-Sheridan)*, 808 F. App'x 565, 566 (9th Cir. 2020).

Albert's attempts to circumvent the Ninth Circuit ruling by arguing that the December 2017 Order suspending her license states that "her punishment was a stayed suspension with probation," and not an actual suspension, and so the only charges to be paid as a condition to reinstatement were the discovery sanctions discharged by Albert's bankruptcy filing.[9] Opposition [Dk. 133] Pg. 6:24 – 7:1. However, this Court

---

[9] The Opposition also states that "If the orders are ambiguous, they are void and the violation remains. *McMurtry v. State Board of Medical Examiners*, 180 Cal. App. 2d 760, 771-772 (1960)." Opposition [Dk. 133] Pg. 7:1-2. The Court does not find the 2017 Order to be ambiguously drafted.

finds Albert's position to be inapposite with the Ninth Circuit rulings on this issue, as well as the plain language of the December 2017 Order itself.

The Ninth Circuit has previously noted, while referring to the December 2017 Order, that "the supreme court ordered Albert suspended for 30 days, to be continued" until certain conditions were met. See Ninth Circuit Mandate [Dk. 74], Pg. 6. Additionally, a plain reading of the December 2017 Order, which Albert attaches to her FAC as Exhibit 2, indicates that Albert was actually suspended for a period of at least 30 days and would remain suspended unless and until she paid discovery sanctions and disciplinary costs:

   "Lenore LuAnn Albert is *suspended from the practice of law for the first 30 days of probation, she will remain suspended* until... she pays the following sanctions..."

"Costs are awarded to the State Bar...and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment."

FAC [Dk. 85], Exhibit 2 (emphasis added)

Bus & Prof. Code § 6140.7 states that "costs assessed against a licensee ... who is actually suspended... shall be paid as a condition of applying for reinstatement of his or her license to practice law or return to active license status." Cal. Bus & Prof. Code § 6140.7. Because Albert was actually suspended by the plain language of the December 2017 Order, the discovery sanctions and disciplinary costs awarded to the State Bar in the December 2017 Order properly became a condition of her reinstatement. The Ninth Circuit deemed the discovery sanctions dischargeable, but affirmed this Court's determination that the disciplinary costs were non-dischargeable; therefore, the fact that the discovery sanctions were later determined by the Ninth Circuit to be dischargeable has no bearing on the analysis. Albert's license was not reinstated until 2021 because Albert did not pay the disciplinary costs until 2021 (well after the automatic stay had expired). *See* Opposition [Dk. 133] Pg. 7-11.

The FAC provides no factual allegations from which, if true, the Court may

conclude that the State Bar Defendants illegally refused to properly reinstate Albert's law license during the time that the automatic stay was in effect. Therefore, Albert has not provided "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or alleged facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In conclusion, Albert has failed to state a claim for violation of the automatic stay and the portion of the second cause of action pertaining to that claim is dismissed.

**e.     Dismissal of the Third Cause of Action (Violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution) is warranted, as Albert fails to establish the Court's subject matter jurisdiction.**

The third cause of action listed in the FAC is the allegation that the disciplinary costs sought by the State Bar from Albert were excessive fines that violate the Eighth Amendment of the United States Constitution. The State Bar seeks to dismiss this cause of action pursuant to FRCP 12(b)(1) on the basis that the Court lacks subject matter jurisdiction.[10]

As explained above, a party may seek dismissal of a complaint on the basis that the Court lacks subject matter jurisdiction. When a court's subject matter jurisdiction is challenged by a defendant, the burden of proof remains on the plaintiff (i.e., the party asserting that jurisdiction exists). See *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Here, the burden of proof lies with Albert.

The Excessive Fines Clause of the Eighth Amendment applies to the states, as incorporated by the Due Process Clause of the Fourteenth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) (where the State of Indiana sought civil forfeiture of a petitioner's SUV on the ground that it had been used to transport heroin). The Ninth

---

[10] As explained above, a Rule 12(b)(1) motion can be either "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (2004) (citing *White v. Lee* 227 F.3d 1214, 1242 (9th Cir. 2000)). Here, Defendants' motion is facial and will not require the Court to review evidence beyond the FAC, with the exception of the judicially noticed facts referenced in Section I above.

1  Circuit has held that "the *Timbs* decision affirmatively opens the door for Eighth
2  Amendment challenges to fines imposed by state and local authorities." *Pimentel v. City*
3  *of Los Angeles*, 966 F.3d 934, 937-938 (9th Cir. 2020) (where the City of Los Angeles
4  sought a parking fine). However, the State Bar is neither a state nor a local government;
5  rather, the State Bar is a state agency:

6  > A state bar operating as an instrumentality of the state supreme court is a state
7  > agency. See *Goldfarb*, 421 U.S. at 776 n. 2, 790. In *Goldfarb*, the Court refused
8  > to apply the state action exemption to the Virginia State Bar's enforcement of a
9  > minimum-fee schedule published by a county bar association. The Court
10 > acknowledged that the state bar was "a state agency by law," *id.* at 789-90, but
11 > held that the bar had not been acting pursuant to any state mandate. In a later
12 > discussion of the case, the Supreme Court read *Goldfarb* as establishing that "for
13 > purposes of the Parker doctrine, not every act of a state agency is that of the
14 > State as sovereign." *City of Lafayette*, 435 U.S. at 410.

15 *Hass v. Or. State Bar*, 883 F.2d 1453, 1461 (9th Cir. 1989).

16      The State Bar asserts that a claim for violation of constitutional rights may only
17 be made pursuant to statutory authority, citing *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct.
18 285 (1976). Albert's FAC references no statutory authority under which she seeks relief;
19 therefore, the State Bar argues that Albert's claim should be construed under 42 U.S.C.
20 § 1983.[11] Section 1983 provides that "[e]very *person* who, under color of any statute,
21 ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be
22 subjected, any citizen of the United States or other person within the jurisdiction thereof
23 to the deprivation of any rights, privileges, or immunities secured by the Constitution
24 and laws, shall be liable to the party injured." *See* 42 U.S.C. § 1983 (emphasis added).

25      The State Bar further argues that the State Bar is not a "person" under Section
26 1983, and so cannot be liable thereupon.[12] In support of this argument, the State Bar

27

28 _____
   [11] Albert does not object to this assertion or provide legal authority which is otherwise inconsistent therewith,
   instead attacking the substance of the argument as further articulated below.
   [12] Albert had previously brought 42 U.S.C. § 1983 claims in her originally dismissed complaint, however, those

-13-

cites to several cases, including *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (which held that Caltrans was not subject to suit under § 1983). Albert objects, citing to *Timbs* and *Pimental* (which do not refer to state agencies) and noting that the State Bar "cit[ed] law inferior to the United State Supreme Court." Opposition [Dk. 133] Pg. 14:23-25. However, contrary to Albert's assertion, the Ninth Circuit has held, even after *Timbs* was decided in 2019, that state agencies are not amenable to suit under § 1983. *See Isaacs v. USC Keck Sch. of Med.,* No. 20-55239, 2021 U.S. App. LEXIS 11914, at *5 (9th Cir. Apr. 22, 2021) ("Pursuant to well-settled law, '[s]tate agencies . . . are not 'persons' within the meaning of [42 U.S.C.] § 1983, and are therefore not amenable to suit under that statute.').

Additionally, in the prior motion to dismiss, this Court considered allegations that the State Bar and its employees violated Albert's constitutional rights. The Court dismissed those actions, and the B.A.P affirmed this Court, noting that "conduct by the State Bar and its agents cannot constitute a deprivation of any federally protected rights. *See, e.g., Margulis v. State Bar of Cal.*, 845 F.2d 215, 216-17 (9th Cir. 1988); *Giannini v. Comm. Of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988); *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967)." B.A.P. Judgment [Dk. 69] Pg. 22.

As noted above, because the State Bar has challenged subject matter jurisdiction, the burden of proof to establish such jurisdiction exists lies with Albert. See *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In light of the foregoing, Albert has not met her burden to demonstrate that subject matter jurisdiction for this cause of action exists against the State Bar; therefore, the third cause of action is dismissed.

**f.      Dismissal of the Fourth Cause of Action (Violation of the Excessive Fines Clause under Article 1, Section 17 of the California Constitution) is warranted, as Albert fails to establish the Court's subject matter jurisdiction.**

The fourth cause of action listed in the FAC is the allegation that the disciplinary costs sought by the State Bar from Albert were excessive fines that would violate Article

---

claims were asserted against individually named defendants and not the State Bar.

1, Section 17 of the California Constitution. The State Bar seeks to dismiss this cause of action on the basis that the Court lacks subject matter jurisdiction.[13] More specifically, the State Bar alleges that the operative FAC does not challenge the State Bar disciplinary costs on any bankruptcy-law related grounds, so this cause of action is subject to dismissal.

The "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995). "Two statutes, 28 U.S.C. §§ 157(a) and 1334, allow district courts to refer proceedings arising in, arising under, or related to the Bankruptcy Code, to bankruptcy courts." *Battle Ground Plaza, LLC v. Ray*, 624 F.3d 1124, 1130 (9th Cir. 2010). "[B]ankruptcy courts have jurisdiction to hear a broad array of issues, but the exercise of their jurisdiction to enter any final order or judgment is limited to (1) 'cases under title 11,' § 157(b)(1); (2) 'core' bankruptcy proceedings that either 'arise under' the Bankruptcy Code or 'arise in' a case under the Code, *id*.; or (3) cases in which all interested parties 'consent' to the bankruptcy court having jurisdiction to enter a final order in a matter that is "related to" a case under the Bankruptcy Code, § 157(c)(2); see also N. *Pipeline Constr. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982); *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 & n.3 (9th Cir. 2009)." *Id.*

"Core" proceedings generally involve causes of action created or determined by the Bankruptcy Code or administrative matters arising only in bankruptcy cases. *In re Harris Pine Mills*, 44 F.3d 1431, 1435-36 (9th Cir. 1995). On the other hand, "noncore" proceedings are those that do not "invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. While a non-core proceeding may be related to the bankruptcy because of its potential effect, it is still considered not considered a "core proceeding." *Id.* An action is "related to" a case under

---

[13] As was the case with prior Section II.e., the Motion is facial and will not require a review of evidence beyond the FAC.

the code, if the outcome of the action could alter "the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and … in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir, 1988); *see also In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013).

Again, because the State Bar has challenged subject matter jurisdiction, the burden of proof to establish such jurisdiction exists lies with Albert. See *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Albert's FAC generally alleges that "this is a core proceeding." FAC [Dk. 85] Pg. 2:6-17. *See also* Opposition [Dk. 133] Pg. 21:12-13. However, despite Albert's assertion to the contrary, the fourth cause of action cannot be and is not a "core" matter. The basis of her claim is Article 1, Section 17 of the California Constitution, which does not invoke a substantive right created by the federal bankruptcy law and is purely governed by state law. Moreover, Albert did not allege in her FAC, or assert in her Opposition, how this state-law claim is "related to" the core causes of action in the FAC (i.e., the dischargeability determination of amounts owed to the Client Security Fund, and violation of the discharge injunction).

Instead, in her Opposition, Albert argues, without citing any authority, that the Court may proceed on "ancillary state law claims when no party makes a motion to have that claim heard in state court." See Opposition [Dk. 133] Pg. 21:14-15.[14]

If a bankruptcy court does not have "arising under" jurisdiction (as explained above), it can retain jurisdiction under a theory of ancillary jurisdiction. "Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees." *Battle Ground Plaza, LLC v. Ray*, 624 F.3d at 1135 (citing *Sea*

---

[14] As noted by the State Bar, "the remainder of Plaintiff's Opposition addressing the state law claim does not address jurisdiction at all; instead, it veers into re-litigation of her already-rejected challenge to the Ninth Circuit's decision in *In re Findley*, 593 F.3d 1048 (9th Cir. 2010) holding that the State Bar discipline costs are non-dischargeable. See *Albert-Sheridan*, 960 F.3d at 1192. ("Albert argues that *Findley* was wrongly decided given that disciplinary proceeding costs are based on the amount of time the State Bar expends, not on the attorney's underlying conduct—which fits more with compensation rather than punishment. Albert asks us to overrule Findley for this reason. This is a non-starter. *Findley* is binding precedent on this question, and we must follow it.")." Reply [Dk. 142] Pg. 8:23 – 9:3.

*Hawk Seafoods, Inc. v. Alaska*, 439 F.3d 545, 549 (9th Cir. 2006); *Kokkonen v.*
*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80, 114 S. Ct. 1673, 128 L. Ed. 2d 391
(1994)).

The disciplinary cost debt is not properly challenged elsewhere in the FAC on
bankruptcy-law related grounds, and Albert has not established that there is any factual
interdependence of this claim with any other claim alleged in the FAC. Therefore, Albert
has not met her burden to demonstrate that ancillary subject matter jurisdiction for this
cause of action exists. For these reasons, the fourth cause of action is dismissed.

**g.      Dismissal of the Fifth Cause of Action (Violation of Section 525(a)) is**
**warranted, as the FAC fails to state a claim for relief.**

The fifth cause of action listed in the FAC is for violation of § 525(a) against the
State Bar. The FAC alleges that § 525(a) was violated when the State Bar failed to
reinstate Albert's license based on her failure to pay dischargeable discovery sanctions
and excessive disciplinary costs. The FAC seeks the following in its prayer for relief on
this cause of action: "(1) [p]reliminary and permanent injunction consistent with the
allegations in the pleadings; (2) (c)osts and attorney fees; [and] (3) [a]ny further relief
this Court may deem fair and just." FAC [Dk. 85] Pg. 30:14-18. The State Bar seeks to
dismiss the cause of action as moot, because Albert's license was reinstated on May 5,
2021, and so there is no need for Albert to seek either preliminary or permanent
injunctive relief at this juncture.[15]

"The jurisdiction of federal courts depends on the existence of a 'case or
controversy' under Article III of the Constitution," *Pub. Utilities Comm'n of State of Cal.*
*v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996), and "[a]n actual controversy must be
extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v.*
*Cty. of Los Angeles,* 279 F.3d 862, 871 (9th Cir. 2002). "No justiciable controversy is
presented where the question sought to be adjudicated has been mooted by

---

[15] Because the third and fourth causes of action have been dismissed by Sections II.e and II.f, above, Albert may not
rely on the alleged excessiveness of disciplinary costs as "new" grounds for this cause of action. However, dismissal
is warranted independently of this Court's decision on those grounds, as articulated more fully herein.

1   developments subsequent to filing of the complaint." *M.M. v. Lafayette Sch. Dist.*, 767

2   F.3d 842, 857 (9th Cir. 2014). In particular, "[c]laims for injunctive relief become moot

3   when the challenged activity ceases . . ." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549

4   (9th Cir. 1998).[16]

5          Since the filing of the FAC, it is uncontroverted that Albert's license to practice

6   law has been reinstated; thus, her request for injunctive relief pursuant to § 525 is moot.

7   The Court cannot grant relief where there is no case or controversy at issue.

8   Nonetheless, Albert argues that the cause of action should not be dismissed because

9   [t]he Court did not enjoin the State Bar and the State Bar's act [to reinstate the license]

10  was voluntary" and "[t]he State Bar is free to go back to its old ways." Opposition [Dk.

11  133] Pg. 18:1-4. Albert further argues that because the State Bar has ongoing

12  disciplinary proceedings against her based on other pre-petition debt, and has revoked

13  her license at least once before "it cannot be said with assurance that there is no

14  reasonable expectation that the alleged violation will not recur." Opposition [Dk. 133]

15  Pg. 18: 23-27. However, as noted by the State Bar at the June 2 Hearing, Albert's

16  interpretation of the injunctive relief she seeks seems to be overly broad, even falling

17  outside of the scope of § 525(a).[17]

18         Where a party voluntarily ceases allegedly unlawful activity, a plaintiff must show

19  at least a "reasonable expectation" that illegal conduct will recur to avoid dismissal for

20  mootness. *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975). Albert, however, has not

21  demonstrated that she has a "reasonable expectation" that the State Bar will revoke her

22  license in such a way that triggers a violation of § 525(a). While Albert may fear future

23  suspension in connection with other disciplinary proceedings, she has not established

24  that she has a reasonable expectation that illegal conduct will occur. *See generally*

25

26  _____

27  [16] Even "the existence of an attorneys' fees claim does not resuscitate an otherwise moot controversy."
    Cammermeyer v. Perry, 97 F.3d 1235, 1238 (9th Cir.1996). See also, e.g., *Marcus I. ex rel. Karen I. v. Dep't of
    Educ.*, 434 Fed. App'x 600, 602 (9th Cir. 2011) (unpublished); *Termine ex rel. Termine v. William S. Hart Union
28  High Sch. Dist.*, 249 Fed. App'x 583, 587 (9th Cir. 2007).
    [17] According to the State Bar, Albert seems to be seeking some kind of "shield" from pending State Bar litigation
    that has not yet been fully adjudicated. 6/2 Hearing, 1:53:41.

1    *Preiser* 422 U.S. at 402 (1975). Further, to the extent that Albert seeks some kind of

2    broad "shield" from the State Bar in connection with her other litigation, beyond that

3    which is alleged in the FAC, this Court will not be complicit in her request.

4         "Federal courts generally abstain from interfering with state bar proceedings

5    given States' extensive control over the professional conduct of attorneys. Albert has

6    not alleged any reason to depart from this general view." *Lenore L. Albert-Sheridan,*

7    *DBA Law Offices of Lenore Albert v. State Bar (In re Albert-Sheridan)*, 808 F. App'x 565,

8    566 (9th Cir. 2020) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457

9    U.S. 423, 434, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)) (internal quotations and

10   citations omitted). Likewise, in this instance, Albert has not alleged any reason to depart

11   from the general view that this Court should not unduly prevent the State Bar from fully

12   adjudicating and enforcing new disciplinary orders against Albert to the extent that such

13   litigation is not within the scope of this proceeding.

14        At the June 2 Hearing, Albert argued that her license to practice law was not

15   "fully reinstated" and that her "license reinstatement was not the only thing to be

16   enjoined or restrained" by this cause of action. 6/2 Hearing, 1:41:30-37. In support of

17   this contention, Albert described her inability to obtain an Interest on Lawyer Trust

18   Account (IOLTA) account because the "membership page makes it look to the world

19   that there is such a danger" and that her probation documents require her to affirm that

20   she has or will pay debts that have been discharged. 6/2 Hearing, 1:41:45 – 1:42:09.

21   The Court is unpersuaded by these arguments, as Albert did not allege in the FAC why

22   her ability to obtain a IOLTA account and required completion of probation documents

23   are an illegal violation under § 525(a) for which the State Bar is liable. First, the ability of

24   Albert to obtain an IOLTA account is not within the control of the State Bar, but rather

25   financial institutions.  Second, Albert did not allege in the FAC how her required

26   completion of probation documents meets the standards for § 525(a), nor does the FAC

27   clearly allege that the requested injunctive relief was intended to apply to the substance

28   of the probationary reports. See FAC [Dk. 85] Pgs. 25:11 – 27:2.

Moreover, as noted on multiple occasions throughout this opinion, Albert had included a similar cause of action for violation of §525(a) in her original complaint, which was dismissed by this Court based on the conclusion that the debts then-owed (i.e., disciplinary costs and discovery sanctions) were nondischargeable. The B.A.P. affirmed, stating that because "the bankruptcy court did not err in finding those debts nondischargeable, it did not err in dismissing the § 525 claim, as it is premised entirely on the debt at issue being dischargeable." B.A.P. Judgment [Dk. 69], Pg. 20. Though the Ninth Circuit has since held that the "discovery sanctions" were dischargeable, the Ninth Circuit also concluded that the disciplinary costs at issue were not dischargeable. *See* Ninth Circuit Mandate [Dk. 74]. Moreover, the Ninth Circuit upheld this Court's decision to dismiss the prior §525(a) action, because a finding that there were *any* nondischargeable debts necessarily eradicates the foundation of Albert's argument. See *Lenore L. Albert-Sheridan, DBA Law Offices of Lenore Albert v. State Bar (In re Albert-Sheridan),* 808 F. App'x 565, 567 (9th Cir. 2020) "(Albert's obligation to pay the State Bar for its disciplinary proceedings is not dischargeable; accordingly, the suspension of her license due to this debt does not violate § 525(a) or any other federal law alleged in the complaint."). The fact that the disciplinary sanctions are nondischargeable remains fatal to Albert's argument that a §525 violation has occurred.[18] Therefore, the Court hereby dismisses Albert's fifth cause of action as the FAC fails to state a claim for relief.

**h.    The Individual State Bar Defendants are entitled to Immunity; therefore, the First and Second Causes of Action should be dismissed as to the Individual State Bar Defendants.**

The first and second causes of action contained in the FAC include allegations against the Individual State Bar Defendants. As previously stated, the Individual State Bar Defendants include: Maricruz Farfan, a probation officer of the State Bar, Brandon Tady, Alex Hackert, Paul Bernardino, and Timothy Byer, all prosecutors of the State

---

[18] As noted above, the doctrine of issue preclusion prevents Albert from collaterally attacking issues that have already been decided by this Court and affirmed by the Ninth Circuit on appeal. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767, 769, 795 P.2d 1223, 1225 (1990).

Bar, and Hon. Yvette Roland, a State Bar Judge. FAC [Dk. 85] Pg. 2:24 – 3:26. The

Individual State Bar Defendants assert that "absolute immunity" applies under well-

established law, and that the FAC should be dismissed accordingly for failure to state a

claim.

To survive a Rule 12(b)(6) motion to dismiss, Albert must allege "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). If Albert seeks to assert a claim against a party with immunity

where no relief can be legally obtained, then it follows that Albert has not alleged

sufficient facts to state a plausible claim for relief.

This Court had previously granted a motion to dismiss on similar grounds, finding

that the individual defendants alleged in the then-operative complaint had absolute

immunity and deeming that the complaint could not state a viable claim for relief. The

Ninth Circuit B.A.P. affirmed this Court, stating:

> "As to those defendants, the bankruptcy court did not err in ruling that they were
> entitled to immunity. State Bar employees are entitled to absolute quasi-judicial
> immunity under the Civil Rights Act for acts performed in their official capacities.
> See *Greene v. Zank*, 158 Cal. App. 3d 497, 508-09, 204 Cal. Rptr. 770 (1984).
> Ms. Albert argues that Appellee Maricruz Farfan did not perform acts of a judicial
> nature because she was in charge of probation. But under California law,
> probation officers performing their official duties of monitoring probation are
> performing quasi-judicial functions and are entitled to immunity. *Demoran v. Witt*,
> 781 F.2d 155, 158 (9th Cir. 1985); *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir.
> 1970).")

B.A.P. Judgment [Dk. 69] Pg. 21-22.[19]

In support of their argument, the Individual State Bar Defendants rely on the

Ninth Circuit decision in *Hirsh v. Justices of the Supreme Court*:

---

[19] The Ninth Circuit did not weigh in on the issue of immunity when it affirmed the B.A.P. decision. *See* Ninth
Circuit Mandate [Dk. 74]; *Lenore L. Albert-Sheridan, DBA Law Offices of Lenore Albert v. State Bar (In re Albert-
Sheridan)*, 808 F. App'x 565, 567 (9th Cir. 2020).

The Bar Court judges and prosecutors have *quasi-judicial immunity* from

monetary damages. Administrative law judges and agency prosecuting attorneys

are entitled to *quasi-judicial immunity* so long as they perform functions similar to

judges and prosecutors in a setting like that of a court. *Butz v. Economou*, 438

U.S. 478, 511-17, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978). The factors cited by

the *Butz* Court apply equally to the personnel of the Bar Court - hearings are

adversarial, errors are correctable on appeal, the judges make factual findings

and perform other adjudicatory functions, and Bar Court decisions are

controversial enough to stimulate harassing damage actions against the

adjudicators, as this case illustrates.

*Hirsh v. Justices of the Supreme Court,* 67 F.3d 708, 715 (9th Cir. 1995).

In response, Albert asserts that "qualified immunity" is not a ground for a 12(b)(6)

or 12(b)(1) motion, but rather that it is an "affirmative defense." Opposition [Dk. 133] Pg.

24:7-8. Albert further asserts that "*Hirsh* does not state that attorneys at the State Bar

have absolute immunity. To the contrary, the *Hirsh* court found that State Bar Court

judges and prosecutors only enjoy quasi-judicial immunity from monetary damages."

Opposition [Dk. 133] Pg. 26:18-21.

Albert appears to be confusing "quasi-judicial" immunity with "qualified" immunity.

As judicial immunity is absolute, "quasi-judicial" immunity is likewise absolute:

Judges have *absolute immunity* not because of their particular location within the

Government but because of the special nature of their responsibilities. This point

is underlined by the fact that prosecutors -- themselves members of the

Executive Branch -- are also *absolutely* immune. It is the functional comparability

of their judgments to those of the judge that has resulted in both grand jurors and

prosecutors being referred to as 'quasi-judicial' officers, and their immunities

being termed 'quasi-judicial' as well.

*Butz v. Economou*, 438 U.S. 478, 511-12, 98 S. Ct. 2894, 2913 (1978) (internal

quotations omitted).

1        "The reasoning behind [quasi-judicial immunity] was suggested in *Robichaud v.*

2 *Ronan*, 9 Cir., 351 F.2d 533, 536, where this court stated that 'the key to the immunity

3 previously held to be protective to the prosecuting attorney is that the acts, alleged to

4 have been wrongful, were committed by the office in the performance of an integral part

5 of the judicial process.'" *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (finding

6 that "[a]s an arm of the Washington Supreme Court in connection with disciplinary

7 proceedings, the Bar Association is an 'integral part of the judicial process' and is

8 therefore entitled to the same immunity which is afforded to prosecuting attorneys in

9 that state.).[20]

10        Albert points out that the FAC includes allegations that several of the Individual

11 State Bar Defendants had engaged in conduct which she deems outside of the scope of

12 immunity. For example, Albert notes that the FAC alleges that parties acted in violation

13 of the policies and procedures of the State Bar. Opposition [Dk. 133] Pgs. 19:15-26,

14 26:5-9. Further, Albert highlights that the conduct alleged goes beyond the "traditional

15 role of an attorney" and outside the scope of an "official duty" into "debt collection"

16 (again, alleging that certain employees participated in the failure of the Individual State

17 Bar Defendants to reinstate her license until she paid certain debts that she alleges

18 were discharged in the bankruptcy and ignoring the fact that she had not paid

19 nondischargeable debts all the while).

20        However, "bare allegations of malice will not suffice to subject government

21 officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*

22 *v. Fitzgerald*, 457 U.S. 800, 802, 102 S. Ct. 2727, 2729 (1982) (stating that "government

23 officials performing discretionary functions, generally are shielded from liability for civil

24

---

25 [20] Albert states that "the Ninth Circuit in *Scheer v Bar (In re Scheer)* 819 F3d 1206 (9th Cir 2016) had no problem
allowing Scheer to go after the Bar and its employees for violating the injunction order." The Court finds this

26 statement unpersuasive; the immunity of the individual employees named as defendants was not discussed in that
decision. The decision contains a footnote which pertains to the sovereign immunity of States under Amendment 11

27 of the U.S. Constitution, but that footnote does not appear to be applicable to the objections raised by the Individual
State Bar Defendants in this Motion. Likewise, Albert's use of *Zamsky v. Hansell*, 933 F.2d 677, 679 (9th Cir. 1991)

28 is unpersuasive. Unlike the LCDC proceedings, State Bar proceedings are often adversarial, and the "functions of
lawmaker and monitor of compliance" have not been so collapsed such that it is "inconsistent with the judicial role
and judicial immunity." *Id.*

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). This is particularly the case where Albert's bare, conclusory allegations, appear to be based on her own mischaracterization of the terms of her suspension and her misunderstanding of the rights of the State Bar to condition her suspension on the payment of nondischargeable debts. The allegations of unspecified deviations from established policies and procedures of the State Bar, are not sufficient to demonstrate that the Individual State Bar Defendants should be liable in their personal capacity; just as Albert's conclusory allegations regarding violations of the Bankruptcy Code are insufficient, particularly where this Court has already ruled on the issue of immunity in prior decisions, and the dischargeability of Albert's CSF debts are an issue of first impression in the Ninth Circuit (meaning that no reasonable person would have known that their conduct would violate "clearly established statutory or constitutional rights." *Id.*)

Albert has not demonstrated that immunity from suit is inapplicable to the Individual State Bar Defendants here, and so the first and second causes of action of the FAC is dismissed accordingly for failure to state a claim.

### III.    Leave to Amend

Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Harris v. Amgen, Inc.*, 573 F.3d 728, 736 (9th Cir. 2009). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. An outright refusal to grant leave to amend without a justifying reason is, however, an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1027 (9th Cir. 2008).

Multiple of the foregoing factors weigh in favor of denying leave to amend. Albert

initiated this action against the State Bar Defendants[21] in 2018 (three years ago), and

has litigated this matter in an imprecise and misleading manner – essentially repeating

the same general, conclusory allegations against the State Bar Defendants and

repeating arguments that were previously addressed by the Court in prior proceedings

without alerting the Court to those prior decisions. More importantly, the deficiencies

identified in the FAC are substantive, and are not, in the view of this Court, of the type

that can be addressed with rephrasing or wordsmithing, or otherwise overcome by

further amendment. In fact, at the June 2 Hearing, Albert herself asserted that that she

already felt that she had "over-plead" her case. 6/2 Hearing, 1:48:22. "Although leave to

amend should be liberally granted, the amended complaint may only allege other facts

consistent with the challenged pleading." *Reddy v. Litton Indus.,* 912 F.2d 291, 296-97

(9th Cir. 1990).

       Noting the foregoing, and that the FAC is still rife with issues despite being a

reiteration of many of the same allegations recharacterized as different causes of action

from the original complaint, the Court finds that further amendment would be futile,

cause undue delay of the proceedings, and unduly prejudice the State Bar Defendants.

Albert's core, bankruptcy-related claims, however, survive. Therefore, Albert's request

for leave to amend is DENIED.

### IV.    Evidentiary Objections

       In connection with her Opposition, Albert filed multiple Evidentiary Objections on

May 19, 2021 [Dks. 134-135].[22] Because Albert has failed to specify which aspects of

the exhibits at issue were objectionable, as more fully explained below, the Court

hereby OVERRULES both of the Evidentiary Objections.[23]

---

[21] Though several of the named parties differ between the two causes of action, the general idea that the State Bar and its employees have been defending this lawsuit since 2018 still stands.

[22] Albert's Objection to Defendants' Attorney James Chang's Declaration Date 5-12-2021 [Dk. 134] will be referred to as the "Chang Objection" and Albert's Objection to Defendants' Request for Judicial Notice [Dk. 135] as the "RJN Objection."

[23] For the avoidance of doubt, the evidence objected to was not utilized by the Court in making its determination on the Motion.

### a. Chang Objection

An evidentiary objection can be overruled not just based on the nature of the objection, but also based on the form the objection takes. *Atkinson v. Kofoed*, No. CIV S-06-2652 RRB EFB P, 2008 U.S. Dist. LEXIS 13378, at *8 (E.D. Cal. Feb. 22, 2008). To prevail on an evidentiary objection, the objecting party has the burden of proof of objecting to specific statements and explaining the rationale behind that objection; failure to meet the standard is a valid basis for overruling the objection. *Id.* Indeed, "the court is not inclined to comb through these documents, identify potential hearsay, and determine if an exception applies - all without guidance from the parties." *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1124 (E.D. Cal. 2006).

As it relates to the Chang Objection, Albert simply asserts that Exhibits A, B, and C are irrelevant and contain inadmissible hearsay. Chang Objection [Dk. 134] Pgs. 1:25 – 2:4. Albert fails to explain why the Exhibits are irrelevant and does not specify which statements in the Exhibits are hearsay, or whether she is asserting that every sentence in the Exhibit is hearsay. Furthermore, Albert fails to explain why certain statements in the Exhibit, or every sentence in the Exhibit in its entirety, are inadmissible hearsay per the Federal Rules of Evidence ("FRE"). *See Burch*, 433 F. Supp. 2d at 1124 (E.D. Cal. 2006) (explaining that "the burden is...to state their objections with specificity"). Simply including the rule number of FRE 801, as Albert did, is not an explanation.

### b. RJN Objection

FRE 201 allows the court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201. Judicial notice permits the court to consider a matter of law or fact that is widely known and cannot be reasonably disputed as undisputed fact, without the need for formal proof of the matter. To demonstrate that a court should not give judicial notice as to the contents/information within a document, the objecting party must therefore explain why the matter can in fact

1    be reasonably disputed. *Lee v. Gipson*, No. 2: 11-cv-2855 MCE KJN P, 2012 U.S. Dist.

2    LEXIS 154264, at *54 (E.D. Cal. Oct. 25, 2012).

3         Similarly, Albert fails to support her RJN Objection with the necessary level of

4    detail. Albert objects to the State Bar Defendants' request for judicial notice of several

5    documents, including State Bar Court Hearing Decisions and a Client Security Fund

6    Commission Final Decision, pursuant to FRE 201, asserting that the information

7    contained in the documents is hearsay, not undisputed fact. RJN Objection [Dk. 135]

8    Pg. 1:23-28. However, Albert improperly fails to demonstrate how or why the

9    information is inadmissible hearsay, nor does she explain how the documents are

10   subject to reasonable dispute, particularly since they appear to be public records of the

11   State Bar and at least of the type that can be "accurately and readily determined from

12   sources whose accuracy cannot reasonably be questioned" under FRE 201.

13       **V.    Conclusion**

14        For the foregoing reasons, the Motion is GRANTED. The first and second causes

15   of action as to the Individual State Bar Defendants, and the portion of the second cause

16   of action related to violation of the automatic stay, along with the third, fourth, and fifth

17   causes of action as to all State Bar Defendants are dismissed with prejudice.

18   Additionally, Albert's Evidentiary Objections are OVERRULED.

19       **IT IS SO ORDERED.**

20

21

22

23

24

25      Date: June 29, 2021

                                    Scott C. Clarkson
                                    United States Bankruptcy Judge

26

27

28

# EXHIBIT 3

FILED & ENTERED

JUN 21 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Lenore LuAnn Albert-Sheridan<br><br><br><br><br><br>Debtor(s). | Case No.:  8:18-bk-10548-ES<br><br>CHAPTER 7<br><br>Adv No:  8:18-ap-01065-SC<br><br>**ORDER GRANTING THE STATE BAR'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing held:<br>Date:        May 31, 2022<br>Time:        1:30 PM<br>Courtroom:  5C |
| Lenore LuAnn Albert-Sheridan<br><br>Plaintiff(s),<br>    v.<br><br>Maricruz Farfan, et al.<br><br>Defendant(s). | |

On May 31, 2022, the Court held a hearing on a Motion for Summary Judgment filed by the State Bar of California ("State Bar") on April 19, 2022 [Dk. 320] (the "Motion"). Appearances are as noted on the record. Having carefully considered the Motion, all related pleadings, and the arguments raised at the hearing, the Court took

the matter under submission. For the reasons more fully stated below, the Court finds

good cause to GRANT the Motion and enter partial[1] summary adjudication in favor of

the State Bar and against Plaintiff, Lenore Albert[2] ("Albert").

### I.    Factual Background

#### a.  The 2017 Disciplinary Proceeding

Albert is a California attorney, who was first licensed by the State Bar to practice

in California on December 5, 2000. State Bar's Separate Statement of Uncontroverted

Facts ("SUF") filed April 19, 2022, Dk. 321, ¶ 1, which is undisputed by Albert's

Statement of Genuine Issues of Material Fact ("SGI") filed May 10, 2022, Dk. 343, ¶ 1.[3]

Prior to Albert's February 20, 2018, bankruptcy filing, the State Bar initiated a

disciplinary proceeding against Albert. SUF, ¶ 2 & 28, SGI, ¶ 2.[4] The California Supreme

Court issued a disciplinary order on December 13, 2017 ("2017 Order"), which

suspended Albert from the practice of law until she paid discovery sanctions and

discipline costs totaling $18,714.00. SUF, ¶ 3-5; SGI, ¶ 3.[5]

#### b.  The Bankruptcy Filing

On February 20, 2018, Albert filed a Ch. 13 bankruptcy petition, scheduling the

---

[1] To clarify, the State Bar's seeks adjudication on two causes of action, except as it relates to any alleged violations of the discharge injunction (i.e., the Second Cause of Action (defined below)) which may have occurred between April 21, 2021, through May 5, 2021.

[2] This action was initially filed by Albert under the name "Albert-Sheridan," but her later pleadings have consistently utilized "Albert." The Court will use "Albert" throughout this order.

[3] Albert filed a Statement of Genuine Issues of Material Fact; however, she does not dispute the majority of the facts contained in the State Bar's Statement of Uncontroverted Facts. Further, even where she does dispute a fact, Albert typically does not dispute the reality of the "fact" presented, but rather objects to the inferences drawn by the State Bar in relation to that fact. As noted below, the Court does not accept conclusory inferences drawn by either party and relies solely on the undisputed facts to determine whether summary adjudication is appropriate. Notwithstanding the foregoing, to the extent that Albert marks a fact as disputed in her SGI, this Court will address the grounds for her dispute either in text or in a corresponding footnote.

[4] Albert does not dispute that the State Bar initiated a disciplinary proceeding against her pre-petition, however, objects to the relevance of SUF ¶ 2. The Court overrules Albert's objection and relies on ¶ 2 only insofar as it demonstrates that the disciplinary action cited therein was initiated pre-petition and pertained to Albert's failure to pay discovery sanctions, which issues are wholly relevant to the adversary proceeding.

[5] Albert disputes the fact presented at SUF ¶ 3, however, her dispute appears to pertain only to the statement that "the California Supreme Court adopted the Review Department's recommendations," which portion of fact is not material and not relied upon by the Court herein. *See* Albert Declaration filed May 11, 2022 ("Albert Declaration"), Dk. 344, ¶ 3.

State Bar, Dr. Woods[6], and Fin City Foods (among others) as creditors. SUF, ¶ 28 – 30;

SGI, ¶ 29.[7] On June 1, 2018, the State Bar reinstated Albert's license, effective March 16,

2018. SUF, ¶ 31. Albert's Ch. 13 case was converted to Ch. 7 on June 26, 2018. SUF ¶ 32.

Several days later, Albert's license was returned to an "inactive" or "ineligible" status.

SUF, ¶ 33; SGI, ¶ 33.[8] Albert received a discharge on February 26, 2019.

### c.  The 2019 Disciplinary Proceeding

Separate from the 2017 disciplinary proceeding referenced above, the State Bar

initiated *another* disciplinary proceeding against Albert, and the California Supreme

Court issued a disciplinary order in that proceeding on July 10, 2019, ("2019 Order")

which also suspended Albert from the practice of law until she paid discipline costs in

the amount of $18,841.90 and restitution to, *inter alia*, her former client, Dr. Woods.

SUF, ¶ 7-10; SGI, ¶ 7-10.[9] Additionally, the 2019 Order stated that Albert's

reinstatement to the practice of law may be expressly conditioned on a reimbursement

to CSF of the $20,000.00 (plus processing costs and interest) owed to Dr. Woods to the

extent applicable. SUF, ¶ 25. Importantly, the terms of the 2019 Order state the

following:

> "I.  Respondent is suspended from the practice of law for a minimum of the first
> six months of probation, and Respondent will remain suspended until the
> following requirements are satisfied:
>> i.      Respondent makes restitution to the following payees or such other
>>         recipient as may be designated by the Office of Probation or the
>>         State Bar Court (or reimburses the Client Security Fund, to the
>>         extent of any payment from the Fund to such payee, in accordance

---

[6] Dr. Woods is sometimes referred to as Dr. "Schwartz-Woods" in the pleadings. This Court will refer to her as Dr. "Woods" throughout this order.

[7] Albert does not dispute these facts; however, she objects to the relevancy of SUF ¶ 29. Such objection is overruled. The parties that Albert listed on her petition are relevant to this adversary proceeding.

[8] Albert disputes that her license stated it was "inactive." Rather, Albert asserts that her membership profile reflected that she was "ineligible" rather than "inactive." For the purposes of this Motion, Albert's dispute appears to be a distinction without a difference; in either case, Albert was not permitted to practice law.

[9] Albert disputes the fact presented at SUF ¶ 7 in part, however, her dispute appears to pertain only to the statement that "the California Supreme Court adopted the Review Department's recommendations," which portion of fact is not relied upon by the Court herein. *See* Albert Declaration, Dk. 344, ¶ 4. Further, Albert disputes in part the fact contained at SUF ¶ 8, but does not provide a basis for her dispute, except to indicate that she objects to the relevance of the fact presented. Such objection is overruled; the 2019 Order and the terms thereof are highly relevant to this adversary proceeding.

with Business and Professions Code Section 6140.5) …

    (1)      Dr. Nira Schwartz-Woods in the amount of $20,000 plus 10 percent interest per year from April 1, 2016; and

    (2)      Fin City Foods in the amount of $47.00.

Declaration of Marc Shapp ("Shapp Declaration") filed May 10, 2022, Dk. 326, Exhibit 5, Pg. 1.

Dr. Woods filed an application for reimbursement from the Client Security Fund (CSF), and on December 18, 2020, the CSF issued a final decision concluding that Dr. Woods should be reimbursed due to Albert's conduct. SUF, ¶ 19 and 21; SGI, ¶ 19 and 21.[10] On December 29, 2021, Dr. Woods was paid by the CSF. SUF, ¶ 24; SGI, ¶ 24.[11] As of April 21, 2021, the amount owed to CSF to reimburse the payment made to Dr. Woods was $20,801.18. SUF, ¶ 26; SGI, ¶ 26.[12]

### d. The Status of Albert's Bar License

On April 20, 2021, the State Bar received payment of $37,555.90, an amount equal to the sum of the discipline costs deemed payable by Albert in the 2017 Order and 2019 Order. SUF, ¶ 43; SGI, ¶ 43.[13] Additionally, on April 21, 2021, the State Bar received checks from Thomas Shales, who lent money to Albert, in order for Albert to make payments to the State Bar to reimburse the CSF. SUF, ¶ 44-45. On May 5, 2021, Albert was reinstated to the practice of law, retroactive to April 21, 2021. SUF, ¶ 47; SGI ¶ 47.[14]

---

[10] Alberts purports to dispute the fact presented at SUF ¶ 19, however, her "dispute" merely adds that Dr. Woods filed her application for reimbursement from the CSF when she filed her Complaint in 2016. As noted below, it is undisputed that Dr. Woods filed her application pre-petition. The Court's analysis is based on these undisputed facts.

[11] Albert does not dispute that Dr. Woods was paid by the CSF; however, she objects to the fact presented at SUF ¶ 24 on the basis that is it irrelevant. Such objection is overruled, as the fact is relevant to the proceeding at issue.

[12] Albert disputes the fact presented at SUF ¶ 26, however, does not dispute the amount at issue. Rather, Albert disputes the State Bar conclusion that such amount was "owed" on the basis that the debt was discharged. Albert's conclusory statements regarding the dischargeability of this debt– the very issue regarding which she seeks judicial determination in her FAC – need not be accepted by this Court, nor are they sufficient grounds upon which to dispute the State Bar's proffered factual contentions.

[13] Albert does not dispute the fact contained at SUF ¶ 43, except to add that she had filed a fee waiver seeking modification of this amount based upon her economic status, which waiver was pending resolution at the time of this payment.

[14] Albert disputes in part the fact presented at SUF ¶ 47, however, her "dispute" merely adds that she was reinstated because the Court said it would issue sanctions of $10,000 per day for delay.

### e. Procedural History of this Adversary Proceeding

On April 6, 2018, Albert filed this adversary proceeding against the State Bar and several individuals employed by the State Bar. SUF, ¶ 34. The Court dismissed Albert's complaint with prejudice. SUF, ¶ 35. Albert appealed, and the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the Court's holding. SUF, ¶ 36. Albert appealed to the Ninth Circuit, which affirmed this Court's dismissal of Albert's claim under 11 U.S.C. § 525, and the determination that the disciplinary costs were nondischargeable, but reversed as to this Court's determination regarding discovery sanctions, finding that discovery sanctions were dischargeable under 11 U.S.C. § 523(a)(7). SUF, ¶ 37. *See also Albert-Sheridan v. State Bar of California (In re Albert-Sheridan)*, 960 F.3d 1188, 1190-1196 (9th Cir. 2020).

On June 4, 2020, Albert filed a second adversary proceeding against the State Bar and two of its employees. Adversary No. 20-ap-01095-SC, Dk. 1. On April 14, 2021, Albert and Defendants filed a stipulation to consolidate the adversary proceedings and allow Albert to file an amended consolidated complaint with additional claims. Stipulation to Consolidate Adversary Proceedings filed April 14, 2021, Dk. 76. The Court approved the stipulation by an order entered April 20, 2021. Order approving Stipulations, Dk. 78.

On April 28, 2021, Albert filed a First Amended Complaint ("FAC") [Dk. 85] against the State Bar, certain of its employees (the employees are collectively referred to as the "Individual State Bar Defendants"), and non-State Bar defendants. The FAC was partially dismissed, with prejudice, as to all causes of action against the Individual State Bar Defendants and non-State Bar defendants, and as to several causes of action against the State Bar (i.e., violation of automatic stay, constitutional claims, violation of Section 525). *See* Order Granting State Bar's Motion to Partially Dismiss FAC entered June 29, 2021, Dk. 174; Order Dismissing Plaintiff's First Amended Complaint as to Defendants Devin Lucas and Nira Woods entered October 14, 2021, Dk. 227.

Considering the foregoing, the FAC remains operative only as to the following

causes of action, and against the State Bar only: (1) the dischargeability of amounts owed to CSF ("First Cause of Action"); and, (2) the violation of the discharge injunction ("Second Cause of Action").

On April 19, 2022, the State Bar filed this Motion [Dk. 320] seeking summary adjudication on both remaining causes of action, except as it relates to any alleged violation of the discharge injunction (i.e., the Second Cause of Action) during April 21, 2021, through May 5, 2021. In support of its Motion, the State Bar filed a Separate Statement of Uncontroverted Facts, Request for Judicial Notice, and several supporting declarations [Dks. 321 – 326]. Albert filed her Opposition to the Motion on May 10, 2022 [Dk. 342][15], along with a Separate Statement of Disputed Facts, Supporting Declaration, and Deposition of State Bar 30(b)(6) Representative Donna Hershkowitz [Dks. 343 – 345]. The State Bar filed a Reply on May 17, 2022 [Dk. 355], along with a Response to Plaintiff's Statement of Disputed Facts [Dk. 356].

## II.    Summary Judgment Standards

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. ("FRCP") 56(a) (incorporated by Fed. R. Bank. P. 7056); *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008) (applying FRCP 56 summary judgment standards to adversary proceedings). An issue is "genuine" only if a reasonable fact finder, looking at the evidence, could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Id.* at 250; *see also* Fed. R. Civ. P. 56(c), (e). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

---

[15] Albert filed an Errata correcting certain grammatical and administrative errors contained in the Opposition on May 11, 2022 [Dk. 349].

1  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve
2  the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec.*
3  *Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

4        However, the nonmoving party cannot avoid summary judgment by relying solely
5  on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d
6  1040, 1045 (9th Cir. 1989). *See also Travelers Cas. & Sur. Co. v. Washington Tr. Bank*,
7  86 F. Supp. 3d 1148, 1152 (E.D. Wash. 2015) ("Once the moving party has carried its
8  burden, the opponent must do more than simply show there is some metaphysical doubt
9  as to the material facts. Rather, the opposing party must come forward with specific
10  facts showing that there is a genuine issue for trial."). *See also Medina–Munoz v. R.J.*
11  *Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) ("Even in cases where elusive
12  concepts such as motive or intent are at issue, summary judgment may be appropriate if
13  the non-moving party rests merely upon conclusory allegations, improbable inferences,
14  and unsupported speculation.")

15        Summary judgment may be used defensively where the moving party can show
16  "that there is an absence of evidence to support the nonmoving party's case." *Celotex*
17  *Corp. v. Catrett,* 477 U.S. 317, 325 (1986). "[T]he plain language of Rule 56(c) mandates
18  the entry of summary judgment, after adequate time for discovery and upon motion,
19  against a party who fails to make a showing sufficient to establish the existence of an
20  element essential to that party's case, and on which that party will bear the burden of
21  proof at trial." *Id.* at 322. *See also Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th
22  Cir. 1997).

23      **III.**    **The State Bar is entitled to Summary Adjudication on Albert's**
24               **First Cause of Action for Declaratory Relief**

25        The First Cause of Action contained in Albert's FAC seeks a "court determination
26  of the relative rights of the parties with respect to the dischargeability of the California
27  Supreme Court Orders and prepetition debts to her former clients." FAC, Dk. 85, ¶ 93.
28  Albert's complaint also seeks a determination of "whether or not the conditions ordering

Ms. Albert to pay the debt to the CSF fund or the third parties in the California Supreme

Court Order ha[ve] been discharged." *Id.* at ¶ 92. In its Motion, the State Bar asserts that

there is no genuine issue of material fact as to the dischargeability of the debts created

by the two separate California Supreme Court orders at issues (i.e., 2017 Order and 2019

Order), and that the State Bar is entitled to summary adjudication. For the reasons more

fully stated below, the Court agrees.

As noted in the factual recitation above, there are two separate California

Supreme Court orders at issue (i.e., 2017 Order and 2019 Order), each of which created

different debt obligations. The Court considers each order in turn to identify if summary

adjudication is appropriate.

### a. The 2017 Order

Pursuant to the 2017 Order, Albert was required to pay, as a condition of her

reinstatement: (1) discovery sanctions of $5,738; and (2) discipline costs of $18,714.[16]

The Ninth Circuit has already held that the discovery sanctions were dischargeable, and

that the discipline costs were not. *Albert-Sheridan*, 960 F.3d at 1992 and 1996. There is

no issue requiring further Court determination with respect to the 2017 Order, thus the

State Bar is entitled to summary adjudication.

### b. The 2019 Order

Pursuant to the 2019 Order, Albert was required to pay, as condition of her

reinstatement: (1) discipline costs in the amount of $18,841.90; (2) restitution to, *inter

alia*, her former client, Dr. Woods; and (3) reimbursement to the CSF (plus processing

costs and interest), to the extent applicable. As noted above, the Ninth Circuit has

already held that discipline costs are not dischargeable. *Albert-Sheridan*, 960 F.3d at

1992 and 1996. Further, it is undisputed that the restitution debts ordered payable to

---

[16] Albert's allegation that the discipline costs "did not accrue until the following year," [FAC ¶ 87, Dkt. No. 85 at 16], has been discredited by this Court on multiple occasions. *See* Order Granting State Bar Defendants' Motion to Partially Dismiss First Amended Complaint With Prejudice, Dkt No. 174, at 11 ("Because Albert was actually suspended by the plain language of the December 2017 Order, the discovery sanctions and disciplinary costs awarded to the State Bar in the December 2017 Order properly became a condition of her reinstatement.")

non-governmental third parties (e.g., Dr. Woods) were discharged in Plaintiff's

bankruptcy because such debts do not fall within the 11 U.S.C § 523(a)(7) discharge

exception, which requires payment "to and for the benefit of a governmental unit."

*Albert-Sheridan,* 960 F.3d at 1193-1194.

The Ninth Circuit has not yet determined whether debt owed to a CSF is non-

dischargeable under § 523(a)(7).[17] Accordingly, this Court must decide whether Albert's

obligation to reimburse the CSF, as expressly stated in the 2019 Order, is a

dischargeable or non-dischargeable debt. This Court concludes that the CSF debt is non-

dischargeable as a matter of law, despite arising pre-petition, because it falls into the 11

U.S.C § 523(A)(7) exception to discharge.

"A Chapter 7 bankruptcy discharge releases the debtor from personal liability for

her *pre-bankruptcy* debts." *Boeing N. America v. Ybarra (In re Ybarra)*, 424 F.3d 1018,

1022 (9th Cir. 2005) (emphasis added). Debts incurred post-petition are not discharged.

The State Bar asserts that the CSF debt did not arise until December 18, 2020, when the

final decision to pay Dr. Woods from the CSF was rendered. Albert asserts that the CSF

debt is not a post-petition debt but is merely a "contingent" claim – "meaning that if

[Albert] did not pay Dr. Woods, then the State Bar had the right to pay Dr. Woods and

obtain reimbursement of that payment from [Albert]." Opposition filed May 10, 2022

("Opposition"), Dk. 342, Pg. 16:24-26.

Albert is correct that contingent claims may be discharged in bankruptcy under

the "fair contemplation test." Under the "fair contemplation test," "a claim arises when a

claimant can fairly or reasonably contemplate the claim's existence even if a cause of

action has not yet accrued under nonbankruptcy law." *Goudelock v. Sixty-01 Ass'n of*

---

[17] A bankruptcy court in this district, through well-reasoned analysis which is adopted by this Court herein, recently held that debt owed to the CSF is nondischargeable pursuant to section 523(a)(7). *Kassas v. State Bar of Cal. (In re Kassas),* 631 B.R. 469 (Bankr. C.D. Cal. 2021). The *Kassas* decision has been appealed to the Ninth Circuit, and it is this Court's understanding that such appeal is presently pending. At the hearing, Albert urged the Court to deny the motion for summary judgment in the absence of clear law in the Ninth Circuit on this issue, however, Albert also conceded that the Court does not have to wait for the Ninth Circuit to resolve the *Kassas* appeal before rendering its decision on the Motion. *See* May 31, 2022, Hearing, 2:29.

*Apartment Owners*, 895 F.3d 633, 638 (9th Cir. 2018) (where the Ninth Circuit analyzed whether the obligation to pay condominium association assessments constituted a debt at the time of purchase of the condominium).

The State Bar argues that Albert's application of the "fair contemplation test" to the CSF debt and her conclusion that the "State Bar could contemplate that the CSF fund may grant Dr. Wood's claim ... by the time of discharge," [Opposition, Dk. 342, Pg. 17:13-14], ignores the realities of the quasi-judicial process that is engaged in before a CSF debt arises. As explained by the State Bar, "the CSF cannot award payment to a victimized client unless the responding attorney has already been disciplined by the California Supreme Court... [so] the imposition of Plaintiff's discipline was itself entirely *contingent* on the California Supreme Court exercising its authority and discretion to impose discipline." Reply, Dk. 354, Pg. 7:26 – 8:4 (emphasis added). Further, the State Bar argues that even after the California Supreme Court issued the 2019 Order, the CSF debt does not arise until after a subsequent quasi-judicial process[18], requiring criteria for reimbursement to be met under stringent rules, which are met only in certain attorney discipline cases.

Notwithstanding the State Bar's above arguments, it does not dispute that Dr. Woods filed her application for reimbursement from the CSF fund pre-petition [Albert Declaration, Dk. 344, Exhibit 2]. This fact indicates that the State Bar was or should have been aware of the possibility that Dr. Woods could be reimbursed by the CSF fund, triggering a potential obligation for Albert to reimburse the fund, even before Albert filed her bankruptcy petition. The Court has surveyed the Ninth Circuit caselaw regarding the "fair contemplation" test, and despite finding that no cases are directly on point, concludes that, based on the logic presented in the cases analyzed, the debt being "contingent" upon the exercise of the California Supreme Court's authority and a subsequent quasi-judicial process related to the reimbursement itself does not erase the

---

[18] *See Kassas,* 631 B.R. at 472-473 for an excellent description of the quasi-judicial process surrounding the reimbursement of aggrieved parties by the CSF.

potential that such a debt would arise or remove it from being "fairly contemplated" at the time of Albert's petition. *See Camelback Constr. v. Castellino Villas, A.K.F. LLC (In re Castellino Villas, A.K.F. LLC),* 836 F.3d 1028, 1034 (9th Cir. 2016) (where attorneys' fees incurred by the creditor during litigation after confirmation of the debtor's Chapter 11 bankruptcy plan were discharged by that bankruptcy under 11 U.S.C.S. § 1141(d)(1) as the creditor's claim for attorneys' fees arose before the debtor filed its bankruptcy petition, and the debtor's post-discharge conduct did not amount to a whole new course of litigation); *Cal. Dep't of Health Servs. v. Jensen (In re Jensen)*, 995 F.2d 925, 931 (9th Cir. 1993) (where a state environmental regulatory agency was aware that the groundwater at the debtors' site was seriously contaminated before the debtors filed a bankruptcy petition, and so a contingent claim for cleanup costs was in the "fair contemplation" of the state at the time the debtors filed their Chapter 7 petition and discharged in bankruptcy).

Aside from conclusory statements, the State Bar offers no evidence or cogent legal argument to demonstrate that the State Bar could not have fairly or reasonably contemplated the existence of the CSF debt at the time of Albert's filing. Accordingly, this Court concludes that, as a matter of law, the CSF debt was "fairly contemplated" to arise pre-petition and could be subject to discharge.

Notwithstanding the above, the Court's conclusion that the CSF debt arose pre-petition is no dispositive to the Motion, because the CSF debt is nondischargeable as a matter of law pursuant to 11 U.S.C. § 523(a)(7). Section 523 of the Bankruptcy Court enumerates multiple categories of debts that are excepted from a bankruptcy discharge. One of the exceptions provides that a debt is not dischargeable in a Chapter 7 bankruptcy if the following requirements are met: (1) it must be "payable to and for the benefit of a governmental unit;" and (2) it may not be "compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). All the foregoing elements are met with respect to the CSF debt.

-11-

1    Despite Albert's contentions otherwise, there can be no question that the CSF

2    debt is payable to a government unit. Albert's obligation is to reimburse the CSF, and

3    not to her former client, Dr. Woods. In fact, Dr. Woods has already been paid by funds

4    existing in the CSF prior to Albert making any payments thereinto. Accordingly, Albert's

5    payment to the CSF was not used to pay Dr. Woods, but rather has been or will be used

6    to fund payments to future aggrieved applicants, just as Dr. Woods was not paid by

7    Albert, but rather from funds paid to the fund by other attorneys that had been subject

8    to prior disciplinary action. *See Kassas*, 631 B.R. at 474 (Bankr. C.D. Cal. 2021)

9    ("[P]ayments made by Kassas to the Client Security Fund will not be directed not to

10   Kassas's clients but rather will enable the Fund to reimburse other victims of attorney

11   misconduct. The payments, therefore, are 'clearly for the benefit of the public at large,'

12   *Brookman*, 46 Cal. 3d at 1009, not for the benefit of Kassas's victims.").

13   Additionally, the debt is not "compensation for actual pecuniary loss" but rather

14   is a "penalty" against Albert. *See In re Phillips*, 2010 U.S. Dist. LEXIS 130478, at *4

15   (C.D. Cal. 2010). ("[A] debt to the State Bar's [Client Security Fund] is a penalty that

16   serves the state's interest in the rehabilitation and punishment of attorneys who have

17   committed ethical violations."). *See also Kassas,* 631 B.R. at 474 ("The debt owed by

18   Kassas to the Client Security Fund is a penalty imposed in furtherance of the State's

19   interest in punishing and rehabilitating errant attorneys, rather than compensation for

20   actual pecuniary loss."); *In re Young*, 577 B.R. 227, 230 (Bankr. W.D. Va. 2017)

21   (reimbursement to Virginia's client security fund non-dischargeable as the state's CSF

22   was a "a protective measure designed to ensure that the Debtor complies with the

23   requirements as necessary to show that he is fit to resume the practice of law, and thus it

24   is a penalty designed to protect the public"); *In re James*, 2017 WL 4564694 at *6

25   (Bankr. E.D. Tex., Oct. 11, 2017) (restitution payable to Texas CSF non-dischargeable

26   due to the significant penal, rehabilitative, and protective policies that the Texas

27   attorney disciplinary procedures are designed to promote and as a protective measure to

28   assure Plaintiff was fit to practice law); *In re Bertsche*, 261 B.R. 436, 438 (Bankr. S.D.

1    Ohio 2000) ("Because Kelly provides that federal courts are not to interfere with a

2    state's efforts to protect its citizens and Ohio disciplinary proceedings, similar to

3    criminal proceedings, serve to protect the public, this Court concludes that the

4    obligations to reimburse the Clients' Security Fund and pay for the publication costs of

5    the suspension order are non-dischargeable under § 523(a)(7).")

6           Albert's argument that the CSF debt is not a penalty because the debt totals the

7    amount of Albert's unearned fees and as such is merely a debt "to compensate the CSF

8    for money it unilaterally chose to pay" and repay "a pecuniary loss to the state" is not

9    persuasive. Opposition, Dk. 342, Pg. 12:2-4. That a penalty may be directly proportional

10   to the amount of money wrongfully obtained through dishonest conduct is not sufficient

11   to show that it is "compensation of actual pecuniary loss," especially in the context of the

12   CSF. *Kassas*, 631 B.R. at 475.[19]

13          In light of the foregoing, in the absence of a showing that any genuine disputes of

14   material fact exist and considering Albert's failure to demonstrate evidence to support

15   her First Cause of Action[20], the State Bar is entitled to summary adjudication in its

16   favor.

17

18   [19] As was the case in *Kassas*, Albert attempts to use *Scheer v. State Bar of Cal.* (In re Scheer) (9th Cir.
     2016) 819 F.3d 1206, 1211, to demonstrate that the CSF debt is dischargeable. As explained in *Kassas*,
19   which analysis has been adopted by this Court herein, reliance on *Scheer* ignores several key distinctions:

20          In *Scheer*, the disciplined attorney was ordered to pay $5,500 *directly* to a former client. Here, by
            contrast, Kassas's debt is payable to the Client Security Fund, not to his former clients. Any
21          payments made by Kassas to the Client Security Fund will go not to his former clients—who have
            already been reimbursed—but to other victims of dishonest attorneys. This reality highlights a
22          second key distinction between *Scheer* and the instant case—the fact that the victim in *Scheer* had
            not been compensated for the damages caused by the attorney's misconduct. That fact made it
23          possible for the *Scheer* court to categorize the payment in question as "compensation for actual
            pecuniary loss" falling with the § 523(a)(7) discharge exception. Unlike the situation in *Scheer*,
24          payments made by Kassas to the Client Security Fund will not be directed not to Kassas's clients
            but rather will enable the Fund to reimburse other victims of attorney misconduct. The payments,
25          therefore, are "clearly for the benefit of the public at large," *Brookman*, 46 Cal. 3d at 1009, not for
            the benefit of Kassas's victims.
26

27   *Kassas*, 631 B.R. at 474 (emphasis is original).
     [20] As noted above, summary judgment may be used defensively where the moving party can show "that
28   there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "[T]he
     plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery
     and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

**IV.    The State Bar is entitled to partial summary adjudication as to Albert's Second Cause of Action for Violation of the Discharge Injunction, subject to the exceptions set forth in the Motion (i.e., the time period between April 21, 2021, through May 5, 2021).**

The Second Cause of Action contained in Albert's FAC seeks a finding that the State Bar "violated the discharge injunction under 11 U.S.C. § 524 on multiple occasions from February 26, 2019 to the present." FAC, Dk. 85, ¶ 109. In its Motion, the State Bar asserts that there is no genuine issue of material fact that "any alleged action taken by the State Bar after February 26, 2019 (the date of Albert's discharge) and until the State Bar received payment of the discipline costs and CSF debt Plaintiff owed was either not an action to collect discharged debt, or was an attempt to collect debt the State Bar reasonably believed at the time was discharged." Motion, Dk. 320, Pg. 22:16-19. Accordingly, the State Bar asserts that it is entitled to summary adjudication. For the reasons more fully stated below, the Court agrees.

A discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. 11 U.S.C. § 524(a)(2). Factors determining whether a communication is an action to collect debt include "whether the communication serves a clear purpose other than to collect a discharged debt like providing a debtor with information . . . [and] whether there is a regulatory or public policy justification for the communication." *Flint v. W. Va. State Tax Dep't (In re Flint)*, 557 B.R. 461, 467 (Bankr. N.D.W. Va. 2016).

Where there are violations of the discharge injunction, courts use their inherent civil contempt power to provide a remedy. 11 U.S.C. §§ 105(a), 524(a). *See In re Baker*, 390 B.R. 524, 531 (Bankr. D. Del. 2008); *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006) (party who knowingly violates the discharge injunction can be held in contempt

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322; *see also Abromson v. Am. Pac. Corp.,* 114 F.3d 898, 902 (9th Cir. 1997).

-14-

under section 105(a) of the bankruptcy code). *See also In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002); *Walls v. Wells Fargo Bank*, N.A., 276 F.3d 502, 507 (9th Cir. 2002) (civil contempt is an appropriate remedy for a willful violation of section 524's discharge injunction).

A party seeking the issuance of an order holding a violating party in contempt must show at the outset that the alleged contemnor: (1) knew the discharge injunction applied; and (2) intended the actions that violated the injunction. *In re Mellem*, 625 B.R. 172, 178 (B.A.P. 9th Cir. 2021). In *Taggart v. Lorenzen*, the Supreme Court concluded that "a court may hold a creditor in civil contempt for violating the discharge order *if there is no fair ground of doubt as to whether the order barred the creditor's conduct.*" 139 S. Ct. 195, 1799 (2019) (emphasis added). That is, "civil contempt may be appropriate if there is no *objectively reasonable basis* for concluding that the creditor's conduct might be lawful" under the discharge order. *Id.* (emphasis added).

The State Bar asserts that the uncontroverted facts demonstrate that any alleged action taken by the State Bar after February 26, 2019 (the date of Albert's discharge)[21] and through April 21, 2021 (when the State Bar received payment of the discipline costs and CSF debt Albert owed) was either not an action to collect a discharged debt, or was an attempt to collect debt the State Bar reasonably believed at the time was not discharged. This Court agrees, finding Albert's arguments in opposition to be unpersuasive for the reasons stated below.

First, Albert argues that the quarterly probation reports sent to her by the State Bar violated the discharge injunction. Contrary to Albert's assertion, however, there is no evidence to demonstrate that the State Bar knew the discharge injunction applied to

---

[21] At the hearing, Albert makes general assertions regarding State Bar actions occurring in March 2018, alleging that such actions were violative of the discharge injunction; however, Albert did not receive a discharge until February 26, 2019. Accordingly, the discharge injunction was not in effect in March 2018. Additionally, this Court has already dismissed Albert's cause of action as it pertains to her allegations that the State Bar violation of the automatic stay during that period. *See* Order Granting State Bar's Motion to Partially Dismiss FAC entered June 29, 2021 [Dk. 174]. To the extent that Albert was arguing that actions which violate the stay date back and become violations of the discharge injunction after the discharge is entered, Albert provided no caselaw during the hearing to support her interpretation of the law and the Court is aware of none. Further, Albert's Opposition is silent as to this argument.

the issuance of such reports and intended actions that violated the injunction. As a
preliminary matter, the probationary reports do not fall within the category of "an act to
collect, recover or offset" a discharged debt. 11 U.SC. § 524(a)(2). Rather, as correctly
noted by the State Bar, these documents serve a regulatory purpose in assessing
compliance with conditions of probation, regardless of Albert's payment of the debts at
issue. Further, while Albert alleges that the reports required her to reaffirm her debts,
and that such "constant pressure to pay" eroded the protections afforded her by the
discharge injunction [Opposition, Dk. 342, Pg. 16:17-23], the Court has reviewed the
language contained in such reports (which language related to the status of Albert's
financial debts as outlined in the 2017 Order and the 2019 Order) and finds that such
language does not elevate the State Bar's act of requiring such reports into the subset of
collection activities precluded by the discharge injunction.[22]

Albert also alleges that she received various letters and emails from the State Bar
informing Albert that she owed discipline costs, discovery sanctions, and restitution as a
condition of her reinstatement under the 2017 Order and the 2019 Order. The State Bar
asserts that these communications were not attempts to collect a debt, but rather were
provided in response to Albert's requests for information. However, the Court need not
render a finding on this issue, because even if the Court construes these
communications as attempts to collect debt, the State Bar had an "objectively reasonable
basis" for concluding that the collection of those debts was lawful.

---

[22] As noted by the State Bar, Albert's conclusory allegation that the Office of Probation "reported Albert
for further discipline... for failure to timely and accurately fill out quarterly reports which included
statements re: restitution," (FAC ¶¶ 41, 43, 45, Dkt. No. 85 at 9-10) is unsupported by evidence and
inconsistent with the evidence provided by the State Bar. *See* Motion filed April 19, 2022, Dk. 320, Pg.
25:24 – 26:6 ("[T]he notice of disciplinary charges filed by the Office of Chief Trial Counsel alleges
multiple deficiencies in Plaintiff's probation reports, as well as numerous probation violations that have
nothing to do with affirming the payment of restitution. SUF ¶ 15. There is no evidence that Plaintiff has
ever been disciplined for failure to pay dischargeable debt.") The Court has reviewed the Notice and
concludes that it contains charges for probation violations beyond Albert's compliance with the probation
reports.  Notice of Disciplinary Charges contained in the Shapp Declaration, Dk. 326, Exhibit 7. Therefore,
while Albert disputes that charges were filed against her for "multiple deficiencies... that have nothing to
do with affirming the payment of restitution," she does so without providing evidence to support such
contention, and this Court may conclude that such conclusory statements are insufficient to demonstrate
that dispute of a material fact exists.

As noted above, discipline costs are nondischargeable as a matter of law, and therefore the State Bar's acts to collect this debt did not violate the discharge injunction. *Albert-Sheridan*, 960 F.3d at 1196 ("Our court has already addressed whether a debtor may discharge the costs of the State Bar's attorney disciplinary proceedings imposed under California Business and Professions Code § 6086.10. The clear answer is no.") (citing to *State Bar v. Findley (In re Findley),* 593 F.3d 1048, 1049 (9th Cir. 2010) as binding precedent that must be followed).

Second, as to the discovery sanctions and restitution debts identified in communications from the State Bar, it is not unreasonable that the State Bar believed that such payments were nondischargeable pursuant to the Section 523(a)(7) discharge exception.[23]  Because the State Bar had an "objectively reasonable basis" to conclude its conduct was lawful, this Court cannot hold the State Bar in contempt for such communications. *Taggart,* 139 S. Ct. at 1799.

Further, having reviewed the evidence provided, the Court concludes that such communications would not rise to the level of violation warranting a contempt sanction – particularly where, as here, the circumstances indicate that there were multiple debts owed by Albert at the time of the communications (many of which were not discharged in the bankruptcy) and an adversary proceeding relating to the debts at issue was pending.

Third, Albert asserts that the CSF debt was discharged, and communications from the State Bar pertaining to that debt constitute a violation of the discharge injunction. However, as noted above, this Court has concluded that the CSF debt, as a matter of law, is nondischargeable; therefore, the State Bar cannot be liable for violation of Albert's discharge on this basis.[24]

---

[23] In fact, until the Ninth Circuit rendered its opinion in *Albert-Sheridan*, 960 F.3d, there was no established precedent on this issue and both this Court and the Ninth Circuit B.A.P. were under the same impression as the State Bar that discovery sanctions were nondischargeable. *See Albert-Sheridan*, 2019 Bank. LEXIS 1187 at *17 (B.A.P. 9th Cir. 2019) and Order Granting Defendant's Motion to Dismiss Complaint entered August 9, 2018, Dk. 47, Pg. 4:1-11.

[24] Even if the Ninth Circuit renders a decision on *Kassas* which is inconsistent with the position taken by this Court, Albert's concession that there has been an absence of clear law in the Ninth Circuit on this

1   In light of the foregoing, in the absence of a showing that any genuine disputes of

2 material fact exist and considering Albert's failure to demonstrate evidence to support

3 her Second Cause of Action, the State Bar is entitled to summary adjudication in its

4 favor for the time period so stated in its Motion.

5 ///

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

issue is sufficient to refute Albert's allegations that the State Bar knowingly and intentionally violated the discharge injunction. *See* May 31, 2022, Hearing, 2:29.

## V.    Conclusion

Having carefully considered the Motion, all related pleadings, and the arguments raised at the hearing, and the for the reasons more fully explained above, the Court finds good cause to GRANT the State Bar's Motion and enter partial summary adjudication in favor of the State Bar against Plaintiff as to the First and Second Causes of Action for the time period so stated in its Motion.[25]

Date: June 21, 2022

Scott C. Clarkson
United States Bankruptcy Judge

---

[25] As noted throughout, the Motion does not seek adjudication of any alleged violation of the discharge injunction (i.e., the Second Cause of Action) during April 21, 2021, through May 5, 2021 – which will be the sole issues remaining in this adversary proceeding.

# EXHIBIT 4

1

2

3

4

5

6

7

FILED & ENTERED

APR 04 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                          **SANTA ANA DIVISION**

11

| | |
|---|---|
| In re: | Case No.:  8:18-bk-10548-ES |
| Lenore LuAnn Albert-Sheridan | CHAPTER 7 |
| | Adv No:   8:18-ap-01065-SC |
| Debtor(s). | **ORDER DENYING (1) APPLICATION FOR ORDER SHORTENING TIME [DK. 290], AND (2) MOTION FOR DISCOVERY SANCTIONS OF $5,000 AGAINST THE STATE BAR AND ITS COUNSEL; TO STRIKE ITS ANSWER; ORDER OF ISSUE PRECLUSION OR COMPEL DISCOVERY [DK. 276], AND VACATING HEARING** |
| Lenore LuAnn Albert-Sheridan, | <u>Hearing to be Vacated</u> |
| Plaintiff(s), | Date:        April 19, 2022 |
| v. | Time:        1:30 PM |
| Maricruz Farfan, et al., | Courtroom:  5C |
| Defendant(s). | |

26           Before the Court are Plaintiff's (1) Application for a hearing on shortened time

27  ("Application") [Dk. 290] and the corresponding (2) Motion for Discovery Sanctions

28  $5,000.00 Against The State Bar And Its Counsel; To Strike Its Answer; Order Of Issue

-1-

Preclusion Or Compel Discovery, on March 24, 2022, [Dk. 276] ("Motion"). The Motion was noticed and set for hearing by Plaintiff for April 19, 2022 ("Hearing"). More than a week later, on March 31, 2022, Plaintiff filed the Application to Shorten Time and Advance the Hearing on the Motion ("Application") [Dk. 290].[1] Having carefully considered the Motion and the Application, and all related pleadings, including Defendant's Opposition filed April 1, 2022 [Dk. 293] and the Declaration of Suzanne Grandt ("Grandt Dec.") [Dk. 294], the Court has determined that this matter is appropriate for disposition without a hearing and for the reasons more fully stated below, DENIES the Application, the Motion, and VACATES the Hearing.

## I.  Summary-Background

In her Motion, Plaintiff generally alleges that Defendant's document productions contain irrelevant information, that Defendant's objections to the interrogatories were obstructive, and that the testimony of the State Bar's witness pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6) was evasive, and that as a result of the foregoing, Plaintiff is entitled to sanctions for Defendant's improper discovery conduct.[2] Defendant opposes the Motion, asserting that Plaintiff did not comply with the requirements of Local Bankruptcy Rule ("LBR") 7026-1, and that the Motion should be DENIED. Defendant further contends that, under the plain text of the forecited rule, Defendant is entitled to sanctions against Plaintiff in the amount of $3,250.00, for the reimbursement of attorney's fees incurred by Defendant in opposing the Motion and the Application.

---

[1] The originally noticed hearing date, April 19, 2022, falls after the discovery cut-off date of April 15, 2022, which was set by an order entered January 20, 2022 [Dk. 254] modifying the scheduling order issued in this case and entered October 27, 2021 [Dk. 230]. As noted in the scheduling order, the discovery cut-off date includes the date by which all discovery motions must be heard and resolved. Plaintiff filed a motion on March 24, 2022, seeking to modify the scheduling order and extend the discovery cut-off date [Dk. 281], which will be DENIED via separate order of the Court for lack of good cause shown.

[2] The Motion also asserts that the Court should strike Defendant's Answer and enter default, and the caption page of the Motion includes reference to issuance of an order of issue preclusion/compelling of discovery; however, Plaintiff's Motion contains insufficient information and legal authority from which the Court can ascertain the scope of Plaintiff's requested relief and any legal entitlement thereto. See *Lopez v. Liberty Mut. Ins. Co.*, No. CV1405576BROJCX, 2014 WL 12853283 at *4 (C.D. Cal. Oct. 24, 2014), where the court declined to consider the merits of arguments that were not fully briefed by the parties.

## II.    Requirements of LBR 7026-1

LBR 7026-1(c) requires that prior to the filing of any motion relating to discovery, the parties must meet and confer, and if unable to resolve the dispute through the meet and confer process, the party seeking discovery must file and serve a motion together with a written stipulation by the parties which, *inter alia*, identifies with particularity each disputed issue. The rule also provides that in the absence of such a stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

As noted specifically in the LBR, "[t]he stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated." LBR 7026-1(c)(3)(B).

The Court observes that the foregoing rule is in place for multiple reasons. The very act of creating such a joint stipulation often fosters resolution between the parties, or at least the narrowing of the issues presented to the Court. Further, and perhaps most importantly, discovery disputes are highly fact dependent. In the absence of a joint stipulation containing the particularity of the disputes at issue, the Court lacks the required framework to fully understand the positions of each party and the crux of the dispute. The rules thus fosters resolution while simultaneously enhances judicial efficiency.

Accordingly, as cited above, the rule explicitly warns the parties of what happens in the event of noncompliance: "[i]n the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court **will not** consider the discovery motion." LBR 7026-1(c)(3)(C) (emphasis added).

## III.    Denial of the Motion

### A.  LBR 7026-1

The Motion does not comply with the plain provisions of LBR 7026-1; therefore, it

is procedurally infirm and must be DENIED.[3]

First, while the parties have met and conferred on several occasions regarding discovery related issues, it does not appear that the parties met and conferred in order to specifically address the issues Plaintiff raises in the Motion *prior to its filing,* as required by the rule. This failure is, in itself, a distinct and separate failure to comply with the local rule, warranting denial of the Motion.

Second, the Motion does not contain a joint stipulation, nor does it contain a declaration that the opposing party failed to cooperate with the drafting of such stipulation. Notwithstanding the foregoing failure to meet and confer, failure to comply with the requirement to file a joint stipulation is fatal to Plaintiff's Motion.

Despite the Court's independent review of the entirety of the Motion and all exhibits attached thereto, Plaintiff's failure to follow the procedures set forth herein have hindered the Court's ability to address the substantive merit of the underlying discovery disputes raised in Plaintiff's Motion.

**B. No Other Basis Offered**

Plaintiff, while pro se, is an attorney, who has filed prior discovery motions and has complied with the applicable procedures [Dks. 232 and 234]; thus, she is aware of them and has offered no excuse for her above failures; nor has she provided the Court, and the Court is aware of none, any other basis upon which to justify a deviation from the above rules.

Significantly, at the October 13, 2021, status conference, this Court engaged Plaintiff in a discussion specifically regarding the discovery cutoff date and fully explained the ramifications of the cutoff date (which includes the date by which discovery motions must be heard and resolved). Plaintiff indicated on the record that she understood.

Within this framework, the Court finds that Plaintiff has not met her burden to

---

[3] As Plaintiff's Motion is hereby denied, it follows that the Application is also denied as moot; there exists no good cause to grant the Application when the underlying Motion is denied.

1    demonstrate that she is entitled to the relief requested in her Motion.

2    **IV.    Defendant's Request for Sanctions**

3        As noted above, Defendant contends that it is entitled to sanctions

4    against Plaintiff in the amount of $3,250.00, for the reimbursement of attorney's fees

5    incurred by Defendant in opposing Plaintiff's Motion and Application.

6        LBR 7026-1 mandates that "[t]he failure of any party either to cooperate in

7    this procedure, to attend the meeting of parties, or to provide the moving party the

8    information necessary to prepare the stipulation required by this rule within 7 days of the

9    meeting of parties *will* result in the imposition of sanctions, including the sanctions

10   authorized by FRBP 7037 and LBR 9011-3." LBR 7026-1(4) (emphasis added).

11       FRBP 7037 incorporates FRCP 37, which "authorizes the court to direct that

12   parties or attorneys who fail to participate in good faith in the discovery process pay the

13   expenses, including attorney's fees, incurred by other parties as a result of that failure."

14       Likewise, LBR 9011-3(a) states that "[t]he violation of, or failure to conform to, the

15   FRBP or these rules may subject the offending party or counsel to penalties, including

16   monetary sanctions, the imposition of costs and attorneys' fees payable to opposing

17   counsel, and/or dismissal of the case or proceeding."

18       The rules themselves, however, are silent as to the procedural aspects of a

19   request for fees contained in an opposition. This Court requires a separately noticed

20   motion and therefore DENIES, at this time, the State Bar's request for sanctions.

21   ///

22   ///

## V.     Conclusion

In light of the foregoing, and as set forth above, the Court finds good cause to
DENY both the Motion and the Application, without prejudice. The April 19, 2022,
hearing is VACATED.

IT IS SO ORDERED.

Date: April 4, 2022

Scott C. Clarkson
United States Bankruptcy Judge

## DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 2, 2022, following ordinary business practice, I filed via the United States District Court, Central District of California electronic case filing system, the following:

**DECLARATION OF ROBERT G. RETANA IN SUPPORT OF DEFENDANT THE STATE BAR OF CALIFORNIA'S OPPOSITION TO MOTION TO DISQUALIFY WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP AS REPRESENTATIVES OF THE STATE BAR OF CALIFORNIA**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on August 2, 2022.

/s/Joan Randolph
Joan Randolph