Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of
themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*, <br><br>         Plaintiff, <br><br> vs. <br><br> THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive, <br>         Defendants. | CASE NO. 22-cv-00983-DFM <br><br> Assigned to Hon. Douglas F. McCormick <br> Complaint filed: 03-18-2022 <br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hearing Date: September 15, 2022 <br> Time: 2:00PM <br> Crtm: 6B |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**COMES NOW PLAINTIFFS,** John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, and putative class hereby moves for a preliminary injunction under Fed. R. Civ. Proc. Rule 65 before the Honorable Douglas F. McCormick sitting in Courtroom 6B of the United States District Court for the Central District of California located at 411 W. Fourth Street, Santa Ana, California at the above mentioned date and time or as soon as the matter may be heard.

Meeting of Counsel: On May 26, 2022 counsel for all parties met and conferred on the issue whether the State Bar, its agents and employees should be enjoined pending final outcome of trial. A follow up email exchange occurred on July 25, 2022. Defense responded on August 1, 2022. As such Local Rule 7-3 has been met by a good faith attempt to informally resolve this dispute before seeking relief with the Court.

This motion is based on the motion, attached memorandum of points and authorities, Request for Judicial Notice, declarations filed concurrently herewith; further declarations filed thereafter in support of the motion and any other pleadings or papers that may be presented at the time of hearing.

Dated:  August 5, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

**2**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

# TABLE OF CONTENTS

I.      FACTS........................................................................................1

II.     LAW .........................................................................................2

III.    LEGAL ARGUMENT ..............................................................2

A. Plaintiffs Are Likely To Succeed on the Merits ...................................2

      1.  Serious Questions that the State Bar Violated the Information Practices Act ("IPA") Exist ..............................4

      2.  Serious Questions that the State Bar Violated the Plaintiffs' Constitutional Right of Privacy (Cal Const Art 1 § 1) Exist ........................................................................7

B. Plaintiffs Are Likely to Suffer Irreparable Harm in Absence of the Preliminary Injunction.............................................................9

C. The Balance of Equities Tips in Favor of the Plaintiffs....................10

D. Public Policy Tips in Favor of the Injunction Issuing ......................11

E. Conflict of Interest.................................................................12

IV.     CONCLUSION ......................................................................13

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*        22-CV-00983-DFM

1

2

# TABLE OF AUTHORITIES

## Cases

*Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1131 ................ 2

*American Airlines v. Sheppard* (2002) 96 Cal.App.4th 1017, 1033-34 .......................... 13

*Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37 .................................. 7

*In re Facebook Internet Tracking Litig.* (N.D. Cal. 2017) 263 F. Supp. 3d 836, 843 ....... 7

*Legal Aid Soc'y v. Legal Servs. Corp.*, 961 F. Supp. 1402, 1421 ..................................... 11

*Leiva-Perez v. Holder* (9th Cir. 2011) 640 F.3d 962, 966 .............................................. 2

*McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1037 ..................................... 9

*United States v. Doe*, 655 F.2d 920, 922n. (9th Cir. 1981) .............................................. 2

## Statutes

Cal. Bus & Prof. Code § 6000 ......................................................................................... 8

Cal. Bus & Prof Code §6001 ........................................................................................... 6

Cal. Bus & Prof Code § 6060.2(a) ............................................................................... 8, 9

Cal. Bus. & Prof. Code § 6086.1(b) .............................................................................. 8, 9

Cal. Bus. & Prof. Code § 6090.6 ................................................................................. 8, 9

Cal. Bus. & Prof. Code § 6094.5 ................................................................................. 3, 10

Cal. Bus. & Prof. Code § 6140.2 ............................................................................. 3, 10, 12

Cal. Bus. & Prof. Code § 6168 ..................................................................................... 8, 9

Cal. Bus. & Prof. Code § 6200 ..................................................................................... 8, 9

Cal. Bus. & Prof. Code § 6234 ..................................................................................... 8, 9

Cal. Civ. Code 1798.3(b)(2) ............................................................................................. 6

Cal Civ. Code § 1798.21 .................................................................................................. 4

Cal Civ Code § 1798.24 .................................................................................................. 4

Cal Civ Code § 1798.29 ............................................................................................ 4, 5, 6

Cal. Civ. Code, § 1798.47 .............................................................................................. 12

Cal. Civ. Code, § 1798.63 .............................................................................................. 12

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

Cal. Govt Code § 11549.3..................................................................................... 9

Fed. R. Civ. Proc. Rule 65 ............................................................................... 1, 2

**Other Authorities**

State Bar Formal Opinion No. 1981-63, p. 3 ...................................................... 13

**Rules**

State Bar Rules of Procedure, Rule 2301 ........................................................... 8

State Bar Rules of Procedure, Rule 2302(e)(2)(a)............................................... 8

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

1

2

3

## MEMORANDUM OF POINTS & AUTHORITIES

## I.       FACTS

On March 18, 2022 the plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated* filed this putative class action in the Superior Court of California, county of Orange alleging that the State Bar of California and others violated their right to privacy when over 226,000 confidential records State Bar disciplinary records were published on the internet through a public records search site with the URL JudyRecords.com. One of the claims was that the State Bar failed to give notice to the victims of the breach.

From on or about May 18, 2022 through to the present the State Bar has been sending out notices to approximately 1,600 people that said: their confidential information had evidence of "page views." On or about May 23, 2022 through to the present, the State Bar sent out a second notice to approximately 100,000 or more people that said: their confidential information did not have evidence of "page views."

Some of these notices are not being sent to the victims of the data breach, but to their attorneys of record. Some are not being sent notices at all.

The notices do not contain the information required by the Information Practices Act so many people who received the second notice type understood it to mean that their confidential information did not end up on the internet because it said that their information had no purported "page views."

There is no disagreement among the parties that the records were leaked onto a public internet site judyrecords.com or that they were supposed to be confidential; and that confidential nature relates to the identity of the witness or attorney involved.

Plaintiffs' counsel requested assurances that the State Bar would not begin filing public disciplinary charges on old matters thereby purporting to lessen the harm to the plaintiffs and putative class making the confidential nature transitory. The State Bar

**1**

## MOTION FOR PRELIMINARY INJUNCTION

*Roe v The State Bar of California, et al.*                  22-CV-00983-DFM

could not do so. As a result, plaintiffs and members of the putative class now seek injunctive relief.

## II.   LAW

Fed. R. Civ. Proc. Rule 65 allows a party to move for a preliminary injunction upon notice to the other party.

The Ninth Circuit allows the use of pseudonyms by parties when the issue of right to privacy exists. *See, United States v. Doe*, *655* F.2d 920, 922n. (9th Cir. 1981).

The decision whether to issue a preliminary injunction is based on considering four factors using a sliding scale approach. This is called the serious questions test. The four elements:

> Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction. *Id.* The Court wrote, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374.

*Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1131

> "[W]e hold that the `serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. In other words, `serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."

*Leiva-Perez v. Holder* (9th Cir. 2011) 640 F.3d 962, 966

## III.   LEGAL ARGUMENT

### A. Plaintiffs Are Likely To Succeed on the Merits

The Information Practices Act requires timely notice of a Data Breach. The State Bar did not do that. It also requires the notice provide specific items that were missing from the notice under 1789.29 as detailed below.

None of the notices sent, which can be found on the State Bar's own website contained this information. As such an injunction should issue.

The Information Practices Act requires that a government agency set adequate security measures around confidential information they collect. The evidence shows that the State Bar failed to implement the basic security measure of an access **The Relief Being Sought is Reasonable to Prevent the Risk of Irreparable Harm to the Plaintiffs and Putative Class**

The State Bar has argued that the harm to the plaintiff members is fleeting on the purported grounds that these confidential investigations would eventually become public. However, the 2020 State Bar audit shows that only 3.5% of all such investigations become public. When asked for assurances that these investigations would remain confidential the Board said it could not do so necessitating this motion. (RJN).

Both Bus. & Prof. Code § 6140.2 and Bus. & Prof. Code § 6094.5 require the State Bar to file the charges within six months. The goal and policy of the State Bar is to complete its investigation and either file or dismiss the complaint prior to filing public charges within 6 months. The Legislature set a goal that these investigations should conclude within 6 months. Bus. & Prof. Code, § 6094.5.

> The State Bar shall set as a goal the improvement of its disciplinary system so that no more than six months will elapse from the receipt of complaints to the time of dismissal, admonishment of the attorney involved, or the filing of formal charges by the State Bar Office of Trial Counsel.

Bus. & Prof. Code, § 6140.2

On or about February 24, 2022 the State Bar reported 322,525 of these confidential records were released and discovered on the internet in a free public search database. This is far more than the number being actively pursued by the State Bar. According to the Audit only 3% of these investigations culminate in public charges.

The ability of the State Bar to retaliate against the class representatives and putative class by taking the confidential investigation and making it a public charge is real after their identity is known. When asked for reassurances from the State Bar that they would not do such a thing, they said they could not do it. As such, the restraining order and order to show cause should issue restraining the State Bar from filing any public charges that were confidential yet breached if that investigation is more than six months old or some other reasonable point.

### 1. Serious Questions that the State Bar Violated the Information Practices Act ("IPA") Exist

The State Bar of California, has a duty under California Civil Code § 1798.24 to not disclose personal information in a manner that would link the information disclosed to the individual to whom it pertains.

Defendant, State Bar of California, also has a duty under California Civil Code § 1798.29 to prevent Plaintiffs' and class members' nonencrypted and nonredacted personal information from unauthorized access and exfiltration, theft, or disclosure.

Defendant, State Bar of California, has a duty under California Civil Code § 1798.21 to establish appropriate and reasonable administrative, technical, and physical safeguards to ensure compliance.

Defendant, State Bar of California, also has a duty to disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California in the most expedient time possible and without unreasonable delay (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

The Notice should have contained the following parts:

"[NAME OF INSTITUTION / LOGO] _____ _____ Date: [insert date]

NOTICE OF DATA BREACH

**4**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*            22-CV-00983-DFM

What Happened?

What Information Was Involved?

What We Are Doing.

What You Can Do.

Other Important Information.[insert other important information]

For More Information.Call [telephone number] or go to [internet website]" Civ. Code, § 1798.29

Civil Code § 1798.29/

The State Bar did none of these things.

Prima facie evidence exists to show the State Bar violated the Information Practices Act of 1977 so a preliminary injunction should be granted. The State Bar admitted that its Odyssey Case Management system was breached resulting in 322,525 confidential records being released onto a free public records search site with the URL judyrecords.com. The State Bar posted that the breach was not due to any hacking but it was due to a failure of their own security measures. Kevan Schwitzer explained in his declaration and on his website that this was a basic security flaw where there was no access control check in place. Meaning anyone who knocked on the front door was allowed to enter and take out whatever was inside. The State Bar also posted an update admitting that it did not notify anyone of the breach until four months after the State Bar had actual knowledge of the breach. The State Bar then went ahead with posting the form letters it sent via a third party through email or the US mail. Each party admission against interest shows that the State Bar violated the plaintiffs' right to privacy via this data breach with their own admissions or declarations against interest, which is an exception to the hearsay rule. The representative declarants have testified on paper that either they received notice that their information was breached or they believe the State Bar knew of their identity prior to sending out the notices which occurred after this case

**5**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

was filed. When plaintiff's counsel filed a Tort Claims Act claim on the plaintiffs behalf, she received a new notice of disciplinary charges on a matter that was several years old. The State Bar dismissed the notice of disciplinary charges for failure to cite the local rules that were allegedly violated. The plaintiffs that are members of the Bar fear that the State Bar will start taking their old confidential investigation files and file charges, not because they believe there is more merit to them, but because they can then argue there was no damage due to the breach because the confidential information eventually became public through filing the charges. The complainants, on the other hand, fear retaliation. This evidence supports a finding that serious questions exist warranting injunctive relief.

Defendant State Bar is established under the State Bar Act, Cal. Bus & Prof Code §6001 et seq. As such, the Information Practices Act applies to the State Bar as a professional licensing agency of the state of California making the Information Practices Act applicable to it. Cal. Civ. Code 1798.3(b)(2).

The State Bar is not an agency established under Article VI of the Cal. Const. It is not a Judiciary and Article VI merely mentions that some members of the State Bar may participate in several committees. The State Bar is a consumer protection agency like the Medical Board and Board of Accountancy. Defendant, State Bar of California, is a public corporation that owns or licenses computerized data that includes personal information of California residents. It is therefore subject to the Cal. Civil Code § 1798.29.

Public disclosure of such private facts including the identity of a complainant or member under investigation can lead to reputation loss, job loss, emotional distress and in extreme cases bodily injury or loss of life. A complainant may suffer in their employment if they complained about their boss or may have a chilling effect on finding future representation to their injury. Likewise, an attorney could be harmed by others knowing the State Bar opened an investigation thus causing a chilling effect where potential clients

**6**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

will look elsewhere for representation. Additionally, an investigation on a complaint of stalking or violence leaked out to the public could lead to the respondent prematurely learning of it, leading to potential bodily harm upon the complaining victim. Likewise, not all investigations or even most complaints are meritorious; having an unmeritorious complaint land on a public website can lead to reputational harm, threats of extortion, or even job loss or loss of job opportunities. The reputation of an attorney is one of the most valuable assets an attorney has, and this can devastate his or her entire livelihood. It can cost anywhere between $10,000.00 to $25,000.00 per year to just try to combat and repair reputational harm on the internet. So, the preliminary injunction should be granted.

## 2. Serious Questions that the State Bar Violated the Plaintiffs' Constitutional Right of Privacy (Cal Const Art 1 § 1) Exist

The plaintiffs have also sued alleging that their right to informational privacy was violated. To state a valid cause of action that the plaintiff's Constitutional right to information privacy was violated, three elements must be alleged: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of the privacy interest. *Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37. "[A] plaintiff need not show actual loss to establish standing for common-law claims of invasion of privacy and intrusion upon seclusion. " *In re Facebook Internet Tracking Litig.* (N.D. Cal. 2017) 263 F. Supp. 3d 836, 843

Prima facie evidence exists to support each of the three elements to support a cause of action for Invasion of Privacy under the California Constitution Article 1, section 1 using the same facts asserted for the IPA violation.

Plaintiff had a legally protected privacy interest. [FAC ¶ 66]. A legally protected privacy interest includes "confidential" or "sensitive" information. Plaintiff alleged the information was confidential or sensitive information State Bar disciplinary matters

1    about the plaintiffs which included biometric data. [FAC ¶8, 12, 16, 17, 22, 25, 34-36,
2    66-67]

3        The State Bar Act which is codified at Cal. Bus & Prof. Code §§ 6000 to 6243
4    defines *all* State Bar investigations and disciplinary matters "**confidential**" as a matter of
5    law until public charges are filed. (See, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. &
6    Prof. Code § 6086.1(b), Cal. Bus. & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168,
7    Cal. Bus & Prof Code § 6200, and Cal. Bus. & Prof. Code § 6234.

8        This concept of privacy is incorporated into the State Bar Rules of Procedure. For
9    example, State Bar Rules of Procedure, Rule 2301 and State Bar Rules of Procedure,
10   Rule 2302(e)(2)(a). [FAC ¶14-15]

11       The cause of action gives adequate notice by alleging the State Bar "maintains a
12   large volume of sensitive private information, which was recently expanded to include
13   biometric data about members of the State Bar." [¶ 12] All State Bar complaints and
14   investigations are confidential until public Notice of Disciplinary Charges are filed. Some
15   complaints and investigations never end up being prosecuted, others remain confidential
16   through prosecution, and still others become confidential after being "expunged." [¶13].

17       Plaintiffs alleged and the State Bar has published that this confidential and
18   sensitive information was released onto the internet from at least October 2021 through
19   February 2022. [FAC ¶22, 31] As such, plaintiffs' allegations that they "had a legally
20   protected privacy interest in the 260,000 confidential records released from the State Bar
21   of California" is supported by prima facie evidence.

22       As stated above, the second element is the reasonable expectation of privacy. The
23   plaintiffs had a reasonable expectation of privacy because the investigations were
24   confidential pursuant to state statute.

25       The invasion was serious because those records were confidential containing
26   unproven accusations about a professional's conduct or medical diagnosis.

**8**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

Cal. Govt Code § 11549.3 lists various aspects any state agency must undertake in controlling, maintaining, and tracking personal information it collects. This includes creating policies and procedures. This section of the Government Code would not exist if the personal information ("PI") was not confidential and sensitive in nature.

Like the *McDonald* case, the plaintiffs have no access or control over the data that the State Bar gathered about them.  In fact, under the State Bar Act, the plaintiffs are even deprived of obtaining the information that the government agency collects on them because their rights under California Public Records Act were taken away. (*See*, Cal. Bus & Prof Code § 6060.2(a), Cal. Bus. & Prof. Code § 6086.1(b), Cal. Bus & Prof. Code § 6090.6, Cal. Bus. & Prof. Code § 6168, Cal. Bus & Prof. Code § 6200, Cal. Bus. & Prof. Code § 6234). The fact that these records were deemed to be so confidential that the subject could not even obtain a record of it for themselves demonstrates that this breach was egregious enough to warrant injunctive relief. *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1037

**B. Plaintiffs Are Likely to Suffer Irreparable Harm in Absence of the Preliminary Injunction**

Plaintiffs that are members of the State Bar already fear retaliation by the State Bar. Plaintiffs that are complainants fear retaliation of those they complained against or by being wrongfully labeled as vexatious or affiliated with an unsavory group that convinced them to file a State Bar complaint for an ulterior motive. For those that are not aware that they were victims of a breach, the harm is that they have no knowledge that they should take steps to protect themselves. The harm to those that know, is that the State Bar has not given the plaintiffs any steps to take to protect themselves. A unique problem in this case is that the plaintiffs are not allowed to know what the investigations were about that were placed on the internet. This makes having meaningful steps to protect themselves from the effects of a data breach even more important.

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

It is easy fodder to then be doxxed on the dark web, set up for harassment by never-do-wells or extortion. Money cannot adequately compensate the plaintiffs for this type of harm which the Information Practices Act has already acknowledged by placing the right to injunctive relief within the statute.

There is no risk of harm to the public or to the State Bar because plaintiffs are only asking this Court to order the State Bar to follow the law already in place. Both Bus. & Prof. Code § 6140.2 and Bus. & Prof. Code § 6094.5 provide that the State Bar should file the charges within six months.

## C. The Balance of Equities Tips in Favor of the Plaintiffs

The balance of equities tips in favor of the plaintiffs because the plaintiff complainants fear publication could result in retaliation and the plaintiff attorney members fear that they will be forced to defend against confidential investigations, but for the data breach, would have never been filed publicly.

Additionally, the Information Practices Act has already codified that there is implied irreparable damage when a state agency collects confidential information but does not implement sufficient security measures to allow it to escape. When it escapes, the state agency is required to give notice which lists and takes adequate steps. The State Bar did not follow any of these steps, did not give notice, then the purported notice it gave three months later was so obtuse some victims did not understand that they were victims of the breach.

There is no financial harm to the Defendant State Bar by issuing the injunction, on the other hand. It will not cost them more money to keep these investigations confidential.  The State Bar already has the list of victims and has a portal upload which it uses for annual billing statements and can simply use that process to send out proper notification letters to all victims in compliance with the Information Practices Act. This cost would be negligible.

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

Moreover, there is no risk to the protection of the public because the plaintiffs are only seeking to keep matters confidential meaning not to file any public notice of disciplinary charges against any of the victims on investigations that were more than six months old as such these were not presumptively "serious" matters.  This timeline is set by the legislature in the Business & Professions Code, thus asking the State Bar to comply with the guidance of the legislature.

### D.  Public Policy Tips in Favor of the Injunction Issuing

There is a strong public interest in maintaining an independent and effective judicial system and in assuring that the channels [**59] of government are open to people whose legal rights have been or may be adversely affected by government action. Therefore, the public interest will also be served by granting a **preliminary injunction**.

*Legal Aid Soc'y v. Legal Servs. Corp.*, 961 F. Supp. 1402, 1421

Although not technically a judiciary, the same public policy would exist for a state professional licensing board like the State Bar. Using the State Bar disciplinary system to lessen liability by making matters the State Bar kept confidential for years public now would erode the integrity of an effective disciplinary system in the State Bar. In the 1970s, the state legislature codified such a policy which applies to all professional licensing agencies in California.

The Information Practices Act of 1977 provides for immediate injunctive relief or other orders as necessary to prevent an agency from doing anything that would violate the statute.

Any agency that fails to comply with any provision of this chapter may be enjoined by any court of competent jurisdiction. The court may make any order or judgment as may be necessary to prevent the use or employment by an agency of any practices which violate this chapter.

Actions for injunction under this section may be prosecuted by the Attorney General, or any district attorney in this state, in the name of the people of the

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

State of California whether upon his or her own complaint, or of a member of the general public, or by any individual acting in his or her own behalf.

Civ. Code, § 1798.47

As shown above, serious questions exist showing that the State Bar of California has and/or intends to use a tactic or act that would violate the statute.

Because the State Bar failed to file the spurious charges within 6 months as required by the Legislature in Bus. & Prof. Code § 6140.2 and Bus. & Prof. Code §6094.5, but only in reaction to the filing of the government tort claims with the State Bar just days earlier. This Court should infer that the State Bar chose to file the charges in reaction to the claim forms it received.

This should be enough evidence to grant the motion for a preliminary injunction in this case. If it is not, there are a few people willing to step in or step up as class representatives and allow their names to be exposed.

A preliminary injunction should issue, though, to protect them and all others similarly situated.

Finally, the type of relief being requested should issue, too. "The provisions of this chapter shall be liberally construed so as to protect the rights of privacy arising under this chapter or under the Federal or State Constitution." Civ. Code, § 1798.63. Hence, the type of relief although not traditional, should be allowed in this case to protect the rights of privacy arising under the law.

**E. Conflict of Interest**

Another unique circumstance in this case is that the Defendant has collected sensitive confidential information about the plaintiff and now sitting as an adversary, can try to exploit that information as part of their defense. A conflict of interest's scope is not limited to attorney-client relationships.

the scope of rule 5-102(B) includes conflicts of interest arising other than in the course of legal representation. [Fn. omitted.]

**12**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*        22-CV-00983-DFM

`[A] conflict of interest [under rule 5-102(B)] may arise from an attorney's relationship with a nonclient. Such a conflict of interest may arise [1] where an attorney's relationship with a person or entity creates an expectation that the attorney owes a duty of fidelity. It may also arise [2] where the attorney has acquired confidential information in the course of such a relationship which will be, or may appear to the person or entity to be, useful in the attorney's representation in an action on behalf of a client.' (Cal. Compendium on Professional Responsibility . . . , State Bar Formal Opinion No. 1981-63, p. 3.)" ( *William H. Raley Co. v. Superior Court, supra,* 149 Cal.App.3d at pp. 1046-1047, italics added.)

*American Airlines v. Sheppard* (2002) 96 Cal.App.4th 1017, 1033-34

Here, the State Bar has acquired confidential information from the plaintiff members in the course of the relationship as complainants or members of the State Bar of California which will be or appears to be useful to the State Bar as an adversary in this case. "Confidential and fiduciary relations are, in law, synonymous, and may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another." *American Airlines v. Sheppard* (2002) 96 Cal.App.4th 1017, 1034. Consequently, the State Bar should be enjoined from sharing any of that information with the defendants or their counsel in this case.

## IV.   CONCLUSION

For all of the foregoing reasons, the Plaintiffs, and each of them, respectfully request that this Court find serious questions go to the merits of this case and grant preliminary injunctive relief including the following:

1.  Restrain the State Bar from using the phrase "page views" in their notices to the victims of the data breach because it is misleading and is tricking those who receive said notices into believing their confidential information was not found on the internet.

2.  Restrain the State Bar from filing public Notices of Disciplinary Actions against any State Bar member where the investigation began more than six

13

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

months ago but was never filed or other time period that this Court deems reasonable.

3. Restrain the State Bar from sharing any confidential or sensitive information it has accumulated on the plaintiffs with the Defendant's counsel or defendants in this case. If it has done so, then substitute out counsel from this case, as necessary, due to the conflict of interest.

4. Prepare and upload Notices of Breach in compliance with the Information Practices Act, email to all members, if no email then to the last known address by mail, and email or mail if no email address the same Notice to the complainants that are not members of the State Bar within the next 10 days. The notices should contain the following:

5. The Notice should have contained the following parts:

    a. "[NAME OF INSTITUTION / LOGO] _____ _____ Date: [insert date]

    b. NOTICE OF DATA BREACH

    c. What Happened?

    d. What Information Was Involved?

    e. What We Are Doing.

    f. What You Can Do.

    g. Other Important Information.[insert other important information]

    h. For More Information. Call [telephone number] or go to [internet website]" as required in Civ. Code, § 1798.29

6. Any other relief this Court may find reasonable and just.

Dated:  August 5, 2022

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on*

**14**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

*behalf of themselves and all others similarly situated*

15

**MOTION FOR PRELIMINARY INJUNCTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651
A true and correct copy of the foregoing document entitled:

**MOTION FOR PRELIMINARY INJUNCTION**

will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR; and **(b)** in the manner stated below:

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE**
**TRANSMISSION OR EMAIL**</u> (state method for each person or entity served):
Pursuant to F.R.Civ.P. on 08-05-2022, I served the following persons and/or entities ECF
or email as follows:

X Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing
is true and correct.

| | | |
|---|---|---|
| 08-05-2022 | James D. Ocon | /s/James D. Ocon |
| *Date* | *Printed Name* | *Signature* |

**16**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

**SERVICE BY ECF**

<u>**Defendant**</u>

| | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

**17**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*        22-CV-00983-DFM

| | | |
|---|---|---|
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200<br>San Francisco, CA 94111<br>415-882-8200<br>Fax: 415-882-8220<br>Email:<br>jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard<br>8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email:<br>christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email:<br>david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath LLP |

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

| | | 1177 Avenue of the Americas 41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email:<br>peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **Defendant** | | **Michael Gold** |
| **Rick Rankin** | | MAG@jmbm.com via Email |

Tiana A. Demas      tdemas@cooley.com

Christina N. Goodrich      klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold      mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert      docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson      learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes      mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich      cwaidelich@cooley.com, kjones@cooley.com

David Belcher      docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio      beth.petronio@klgates.com

Gregory John Merchant      gmerchant@cooley.com

**19**

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*        22-CV-00983-DFM

Peter William Baldwin     peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson     banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

**MOTION FOR PRELIMINARY INJUNCTION**

*Roe v The State Bar of California, et al.*          22-CV-00983-DFM