| | |
|---|---|
| 1 | COOLEY LLP<br>MICHAEL G. RHODES (116127) (rhodesmg@cooley.com) |
| 2 | 3 Embarcadero Center<br>20th Floor |
| 3 | San Francisco, CA  94111<br>Telephone:  (415) 693-2000 |
| 4 | Facsimile:   (415) 693-2222 |
| 5 | TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)<br>110 N. Wacker Drive, Suite 4200 |
| 6 | Chicago, IL  60606<br>Telephone: (312) 881-6500 |
| 7 | Facsimile:   (312) 881-6598 |
| 8 | BARRETT J. ANDERSON (318539) (banderson@cooley.com)<br>WALTER WAIDELICH (300798) (cwaidelich@cooley.com) |
| 9 | 4401 Eastgate Mall<br>San Diego, CA 92121 |
| 10 | Telephone:  (858) 550-6000<br>Facsimile:   (858) 550-6420 |
| 11 | |
| 12 | GREGORY MERCHANT (341287) (gmerchant@cooley.com)<br>3175 Hanover Street |
| 13 | Palo Alto, CA 94304<br>Telephone:  (650) 843-5000 |
| | Facsimile:   (650) 849-7400 |
| 14 | |
| 15 | *Attorneys for Defendant*<br>THE STATE BAR OF CALIFORNIA |
| 16 | *Additional counsel on next page* |
| 17 | UNITED STATES DISTRICT COURT |
| 18 | CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION |
| 19 | |

| | | |
|---|---|---|
| 20 | JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated, | Case No. 8:22-cv-00983-DFM |
| 21 | | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR JOINT MOTION TO STRIKE AND OBJECTION TO PLAINTIFFS' REQUESTS FOR JUDICIAL NOTICE** |
| 22 | | |
| 23 | | |
| 24 | Plaintiffs,<br>v. | Courtroom: 6B<br>Judge:   Hon. Douglas F. McCormick |
| 25 | THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive, | Date:     September 15, 2022<br>Time:     11:00 a.m. |
| 26 | | |
| 27 | | |
| 28 | Defendants. | |

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Interim General Counsel
SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel
180 Howard Street
San Francisco, CA 94105-1639
Telephone:  (415) 538-2388
Facsimile:  (415) 538-2517

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA


K&L GATES LLP
BETH W. PETRONIO (*pro hac vice*) (beth.petronio@klgates.com)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone:  (214) 939-5815
Facsimile:  (214) 939-5849

CHRISTINA N. GOODRICH (261722) (christina.goodrich@klgates.com)
ZACHARY T. TIMM (316564) (zach.timm@klgates.com)
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
Facsimile:  (310) 552-5001

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.


JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL A. GOLD (90667) (mgold@jmbm.com )
JUSTIN ANDERSON (328969) (janderson@jmbm.com)
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

*Attorneys for Defendant*
RICK RANKIN

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. RELEVANT FACTS ........................................................................................... 2
III. ARGUMENT ....................................................................................................... 3
    A. The Court should strike both RJNs under Rule 12(f) ............................ 3
        1. The Court should strike both RJNs as improper attempts to amend the FAC without leave of the Court ............................ 3
        2. The Court should strike the Second RJN because it is an improper sur-reply filed without leave of the Court ................... 4
    B. The Court should deny the RJNs because they do not contain facts properly subject to judicial notice under Rule 201(b) ................. 5
IV. CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
   301 F.R.D. 487 (C.D. Cal. 2014) ................................................................... 3, 4

*Caldwell v. Caldwell*,
   2006 WL 618511 (N.D. Cal. Mar. 13, 2006) ..................................................... 6

*Chavez v. Credit Nation Auto Sales, Inc.*,
   966 F. Supp. 2d 1335 (N.D. Ga. 2013) ............................................................... 3

*Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*,
   364 F. Supp. 3d 253 (S.D.N.Y.) ......................................................................... 6

*Columbus Univ. v. Tummala*,
   2022 WL 1492167 (C.D. Cal. Feb. 8, 2022) ...................................................... 3

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
   895 F.3d 1166 (9th Cir. 2018) ............................................................................ 4

*Fabbrini v. City of Dunsmuir*,
   544 F. Supp. 2d 1044 (E.D. Cal. 2008) .............................................................. 4

*Lussier v. Runyon*,
   50 F. 3d 1103 (1st Cir. 1995) ............................................................................. 5

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ............................................................................ 4

*Turnacliff v. Westly*,
   546 F.3d 1113 (9th Cir. 2008) ........................................................................ 5, 6

*U.S. v. Mariscal*,
   285 F. 3d 1127 (9th Cir. 2002) ........................................................................... 5

*Walker v. Woodford*,
   454 F. Supp. 2d 1007 (S.D. Cal. 2006) .......................................................... 5, 7

**Other Authorities**

Fed. R. Evid.
    201 ..................................................................................................................... 5
    201(b) ........................................................................................................ 1, 5, 6
    201(b)(2) ........................................................................................................... 2

Fed. R. Civ. P.
    12(f) ............................................................................................................. 1, 3
    12(b)(6) ............................................................................................................ 4

Local Rule
    7-10 ......................................................................................................... 1, 3, 4

## I. INTRODUCTION

Plaintiffs filed a Request for Judicial Notice on July 6, 2022, (Dkt. 57 (the "First RJN")), and a Supplemental Request for Judicial Notice in Opposition to the Motions to Dismiss on July 29, 2022 (Dkt. 70 (the "Second RJN" and, together with the First RJN, the "RJNs"). Defendants the State Bar of California, Tyler Technologies, Inc. ("Tyler"), and Rick Rankin object to the First and Second RJNs, and their incorporated exhibits, because they are deficient for several reasons. Defendants jointly move to strike or otherwise request that the Court deny both RJNs for the following reasons:

*First*, the RJNs are procedurally improper. Plaintiffs filed the First RJN as a standalone document without explaining how it, or the exhibits attached to it, are authentic, admissible, or relevant to the case, and none of those filings are referenced in Plaintiffs' opposition briefs to Defendants' motions to dismiss the First Amended Complaint ("FAC"). The Second RJN, which contains substantive arguments and attaches further exhibits purportedly related to Plaintiffs' oppositions to the motions to dismiss, is improper for a different reason: Plaintiffs filed it only *after* Defendants submitted their replies in support of their motions to dismiss the FAC. Local Rule 7-10 prohibits parties from filing post-reply pleadings without first seeking court approval. Because the RJNs are not properly filed, the Court should strike them both (and their exhibits) from the docket under Federal Rule of Civil Procedure 12(f).

*Second*, both RJNs are also deficient under Federal Rule of Evidence 201(b) because they ask the Court to take notice of disputed facts that are central to the claims and defenses in this case. Here, Plaintiffs allege that the State Bar uses an online case management system called the Odyssey Portal, which was created and is maintained by Tyler, to administer the attorney disciplinary process committed to the State Bar under state law. The RJNs contain statements by former Defendant Kevan Schwitzer about the harvesting of certain nonpublic attorney discipline docket data—case number, filing date, case type, case status, and respondent and

complaining witness names—from the Odyssey Portal, which Mr. Schwitzer allegedly indexed and posted on JudyRecords.com, a website he manages that aggregates court records from around the United States (the "Incident"). The statements by Mr. Schwitzer in the RJNs include blog posts he authored and published on Judyrecords.com and an affidavit that Plaintiffs secured in exchange for voluntarily dismissing Mr. Schwitzer as a defendant from the case.[1] Mr. Schwitzer's statements and opinions about the underlying causes of, or events related to, the Incident cannot be credited because he did not and does not have access to, or full knowledge of, the Odyssey Portal or its security features. Thus, his statements are not judicially noticeable because they do not come from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid 201(b)(2).

For those reasons, the Court should strike or otherwise deny both RJNs.

## II.    RELEVANT FACTS

Plaintiffs filed this litigation in California state court on March 18, 2022, and thereafter amended it several times, ultimately resulting in the FAC. (Dkt. 1 ¶¶ 1, 4, 7, 10.) Tyler removed the suit to this Court on May 13, (*id.*), and Defendants each filed motions to dismiss the FAC on June 6. (Dkts. 35, 36, 38.)

Plaintiffs filed their oppositions to the motions to dismiss on July 6. (Dkts. 54, 55, 56.) On the same day, Plaintiffs also filed the First RJN, which attaches a purported affidavit from Mr. Schwitzer and two email communications to which Mr. Schwitzer was allegedly a party. (Dkt. 57 at 1.) The First RJN does not explain the relevance of the affidavit or emails, does not argue or establish their authenticity or admissibility, and does not otherwise reference any of Plaintiffs' opposition briefs. (*Id.*) Additionally, none of Plaintiffs' opposition briefs cite to or even reference the First RJN or the documents attached to it. (*See* Dkts. 54, 55, 56.)

Defendants filed their replies in support of their motions to dismiss on July 25. (Dkts. 67, 68, 69.) Four days later, on July 29, Plaintiffs filed the Second RJN "in

---

[1] The Court dismissed Mr. Schwitzer as a defendant on May 20, 2022. (Dkt. 26.)

Opposition to the Motions to Dismiss." (Dkt. 70.) The Second RJN attaches several new exhibits, including five separate website posts that Mr. Schwitzer allegedly published on JudyRecords.com. (*Id.* at 1–2.) The Second RJN also argues that these website posts "are relevant to show that" Defendants "owed a duty to the plaintiffs and breached that duty," such that Defendants' "Motion[s] to dismiss for failure to allege a duty that was plausible should be denied." (*Id.* at 3.) Plaintiffs did not seek leave from the Court before filing the Second RJN.

### III. ARGUMENT

The Court should strike the First and Second RJNs under Rule 12(f) because both are improper attempts by Plaintiffs to amend the FAC—and thus try to dodge the arguments in Defendants' motions to dismiss—without first seeking the required leave from the Court. The Court should also strike the Second RJN because it contains arguments in opposition to Defendants' motions to dismiss but was filed after Defendants' reply briefs, and thus constitutes an improper sur-reply brief filed without leave of the Court under Local Rule 7-10. Alternatively, the Court may treat the "arguments in support of [Defendants'] motion[] to strike as objections" and deny the First and Second RJNs accordingly. *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013).

#### A. The Court should strike both RJNs under Rule 12(f)

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 490 (C.D. Cal. 2014) (cleaned up).

##### 1. The Court should strike both RJNs as improper attempts to amend the FAC without leave of the Court

A "complaint may not be amended by briefs in opposition to a motion to dismiss." *Columbus Univ. v. Tummala*, 2022 WL 1492167, at *6 (C.D. Cal. Feb. 8,

2022) (cleaned up)); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) (ruling "statements in [an] opposition brief cannot amend the Complaint").

Here, Plaintiffs' only conceivable purpose for submitting the RJNs is to oppose the arguments in Defendants' motions to dismiss and reply briefs. Although the First RJN does not reference (and is not referenced by) Plaintiffs' opposition briefs, Plaintiffs filed the First RJN at the same time as those oppositions, it attaches an affidavit containing alleged statements by Mr. Schwitzer about the Incident, and it has no other apparent purpose in this litigation. Plaintiffs explicitly titled the Second RJN as an "Opposition to the Motions to Dismiss" and filed it days after Defendants submitted their reply briefs. Moreover, the Second RJN attached purported statements and opinions by Mr. Schwitzer that, according to Plaintiffs, somehow rebut Defendants' motions to dismiss arguments. (*See* Dkt. 70 at 3.) The Court should deem both RJNs improper attempts to amend the FAC and strike them.[2]

### 2. The Court should strike the Second RJN because it is an improper sur-reply filed without leave of the Court

Local Rule 7-10 states that, "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." "Plainly, the practice rules recognize the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.,* 895 F.3d 1166, 1171–72 (9th Cir. 2018) (analyzing similar N.D. Cal. local rule).

Here, the Second RJN constitutes a sur-reply brief because it contends that

---

[2] If Plaintiffs did not intend for the Court to consider the First or Second RJNs in connection with their oppositions to Defendants' motions to dismiss, then the RJNs serve no purpose. If that is the case, then the Court should strike them both as wholly "impertinent" to the existing litigation. *Amini Innovation Corp.*, 301 F.R.D. at 490.

Defendants' motions to dismiss should be denied and attaches purported evidence in support of Plaintiffs' opposition briefs. Plaintiffs did not seek prior approval from the Court before filing the Second RJN. The Court should strike it.

### B. The Court should deny the RJNs because they do not contain facts properly subject to judicial notice under Rule 201(b)

Under Rule 201(b), a fact not referenced in a complaint may only be judicially noticed if it is "not subject to reasonable dispute." In contrast, a court may not take judicial notice of any matter that is in dispute. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006), *aff'd in part*, 393 F. App'x 513 (9th Cir. 2010). To qualify as a judicially noticeable, a fact must either be (1) "generally known within the trial court's territorial jurisdiction" or (2) capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Neither of those prongs applies here.

*First*, "[g]enerally known" facts under the first prong of Rule 201(b) are limited to "those that exist in the unrefreshed, unaided recollection of the populace at large." *Lussier v. Runyon*, 50 F. 3d 1103, 1114 (1st Cir. 1995). This aspect of Rule 201 is reserved for obvious facts requiring no investigation, for example that "surgery is painful" or the "general shape of snowmen." *U.S. v. Mariscal*, 285 F. 3d 1127, 1132 (9th Cir. 2002) (citations omitted). Nothing in either the First or Second RJNs or their exhibits—which are all documents authored by Mr. Schwitzer—constitutes such an obvious fact that does not require investigation. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008) (refusing to judicially recognize facts submitted in a declaration because they were "not generally known" (cleaned up)). Moreover, the exhibits contain Mr. Schwitzer's opinions, unattributed statements, and multiple levels of hearsay. (*See, e.g.,* Second RJN, Ex. 1 ("In what can only be described as the most bizarre and unbizarre meeting I have ever had, by the time the Monday morning meeting arrived, everyone already knew what the problem was.").) The first prong of Rule 201(b) is thus inapplicable.

*Second*, the alleged facts in the RJNs and their exhibits do not satisfy the second prong of Rule 201(b) because they are not from a source "whose accuracy cannot reasonably be questioned." *Turnacliff*, 546 F.3d at 1120 n.5 (denying request for judicial notice of declaration from former employee on key facts to the litigation). There are several reasons that the accuracy of the RJNs and their exhibits may be questioned. Plaintiffs obtained the affidavit and emails attached to the First RJN from Mr. Schwitzer in exchange for Plaintiffs voluntarily dismissing him as a defendant in this case. And both RJNs attach statements by Mr. Schwitzer in which he purports to explain what he understands to be the cause of, and events surrounding, the Incident, but he does not assert (nor could he) that he has ever had full access to the Odyssey Portal or its security features. Taken together, this context demonstrates that some or all of Mr. Schwitzer's statements about the Incident could tell an incomplete story, be simply mistaken, or be incorrect because they were motivated by personal self-interest. Additionally, courts regularly decline to find that online blog posts and website publications—such as Mr. Schwitzer's website posts attached to the Second RJN—are "sources whose accuracy cannot be reasonably questioned." *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y.), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (denying judicial notice for facts from online news articles from Chalk Beat and The New York Times).

Plaintiffs' citation to *Caldwell v. Caldwell*, 2006 WL 618511 (N.D. Cal. Mar. 13, 2006), is inapposite. In *Caldwell*, the plaintiff brought a taxpayer lawsuit alleging that a University of California website wrongfully endorsed certain religions because it stated that evolution did not contradict the beliefs of those religions, and requested judicial notice of the webpage so the court could consider the alleged statements. *Id.* at *1. Crucially, the plaintiff did not ask the court to accept the *truth* of those statements; *i.e.*, that evolution did not actually contradict the religions' beliefs. In contrast, Plaintiffs in this case ask the Court to accept Mr. Schwitzer's statements about the Incident as true and rely on them when deciding Defendants' motions to

1  dismiss. Such statements are therefore not properly subject to judicial notice.

2  Ultimately, Defendants strongly dispute many of the key facts that Plaintiffs allege in the FAC about the causes and events surrounding the Incident. Because Defendants similarly dispute many of the facts contained in or attached to the RJNs, which Plaintiffs improperly seek to inject into this case, those documents are not the proper subject of a request for judicial notice. *See Walker,* 454 F. Supp. 2d at 1022.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to strike Plaintiffs' First and Second RJNs, or otherwise deny them both.

| | | |
|---|---|---|
| 1 | Dated: August 18, 2022 | COOLEY LLP |
| 2 | | |
| 3 | | */s/ Tiana Demas* |
| | | Tiana Demas |
| 4 | | |
| | | *Attorneys for Defendant* |
| 5 | | THE STATE BAR OF CALIFORNIA |
| 6 | | *The filer, Tiana Demas, attests that the other signatories listed, on whose behalf the filing also is submitted, concur in the filing's content and have authorized the filing.* |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Dated: August 18, 2022 | K&L GATES LLP |
| 11 | | |
| 12 | | */s/ Beth W. Petronio* |
| | | Beth W. Petronio |
| 13 | | |
| | | *Attorneys for Defendant* |
| 14 | | TYLER TECHNOLOGIES, INC. |
| 15 | | |
| 16 | Dated: August 18, 2022 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 17 | | |
| 18 | | */s/ Michael A. Gold* |
| | | Michael A. Gold |
| 19 | | |
| 20 | | *Attorneys for Defendant* |
| | | RICK RANKIN |