Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of*
*themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*,<br><br>                              Plaintiff,<br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br>                              Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to the Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br><br>**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**<br><br>Hearing Date: September 15, 2022<br>Time: 11:00AM<br>Crtm: 6B |

1

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

*Roe v The State Bar of California, et al.*                              22-cv-00983-DFM

# MEMORANDUM OF POINTS & AUTHORITIES

## I.     FACTS

The Defendants filed three motions to dismiss the First Amended Complaint. In Opposition to the motions plaintiff filed a Request for Judicial Notice on July 6, 2022 (Doc. 57) with former declaration. On July 29, 2022 plaintiffs filed a supplemental Request for Judicial Notice that contained pages from JudyRecords.com which was the former defendant's website where he was providing updates after the breach was discovered. The hearing was set for August 8, 2022 then September 16, 2022 then September 15, 2022.

On August 19, 2022, 2022 the Defendants filed a joint motion to strike both Requests under Fed. R. Civ. Proc. Rule 12(f). (See 84-1 Table of Authorities page 5 of 13).

There was no meet and confer of counsel prior to filing the motion to strike by Defendants because the Supplemental Request for Judicial Notice was not contemplated in May 2022.

## II.     LAW

Fed. R. Civ. Proc. Rule 12(f) provides:

**(f)** MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:**(1)** on its own; or**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12

FRE 201 provides:

**(a)** SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.**(b)** KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it:**(1)** is generally known within the trial court's territorial jurisdiction; or**(2)** can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned.**(c)** TAKING NOTICE. The court:**(1)** may take judicial notice on its own; or**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.**(d)** TIMING. The court may take judicial notice at any stage of the proceeding.**(e)** OPPORTUNITY TO BE HEARD. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.**(f)** INSTRUCTING THE JURY. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

Fed. R. Evid. 201

### III.   LEGAL ARGUMENT

In Doc. 57 plaintiff requested the court judicially notice former defendant's declaration made as part of the settlement in this case. Plaintiff asserted that the declaration of the former defendant was relevant under FRE 401 to support the plausibility of the anticompetitive behavior alleged in the antitrust causes of action. Plaintiff was not asking this court to consider the facts true, only to show that the allegations made were plausible which is the relevant standard used by the court when determining whether a motion to be dismiss is granted. So the Court should not strike the request for judicial notice in Doc. 50.

Second, Defendants do not move to strike the substance in plaintiffs' supplemental request for judicial notice, but argue it should be stricken because it is untimely. However, Fed. R. of Evid. Rule 201 subsection (d) does not restrict timing. "The court may take judicial notice at any stage of the proceeding." Id. The Supplemental Request for Judicial Notice was filed well in advance of the hearing giving defendants time to file evidentiary objections. Since the requests can objected to, it is customary to accept such evidence prior to the hearing without regard to filing a

motion for leave to file the request for judicial notice. See, e.g., Stocke v. Shuffle Master, Inc. (D. Nev. 2009) 615 F. Supp. 2d 1180.

As stated in the supplemental request, website pages can be and have been used while considering whether a motion to dismiss should be granted or not. See Fed. R. Evid. 201(b); Caldwell v. Caldwell, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

The website pages come from former defendant Judyrecords.com site. It is material what steps were or were not taken after Tyler Technologies and the State Bar knew of the breach. The Court doesn't have to determine the veracity of the statements but can judicially notice that the operator of JudyRecords was posting updates throughout which can support the plausibility of the allegations when it comes to lack of notice and duty.

Not to bury the lead but "only pleadings, not motions, are subject motions to strike under FRCP 12(f). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)." *Hill v. Assuranceforeningen Skuld* (D. Guam, Mar. 9, 2017, CIVIL No. 15-00025) [pp. 20]. The request to strike the request for judicial notice is frivolous because motions to strike under Fed. R. Civ. Proc. Rule 12(f) are limited to pleadings.

There was no meet and confer by Defense counsel prior to filing the 12(f) motion to strike by Defendants because the Supplemental Request for Judicial Notice was not contemplated in May 2022.

## IV. CONCLUSION

Wherefore, Plaintiffs respectfully request that this Court deny the Defendants' motion to strike.

Dated: August 25, 2022            Respectfully Submitted,
                                  LAW OFFICES OF LENORE ALBERT

/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651

A true and correct copy of the foregoing document entitled:

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner stated below:

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

Pursuant to F.R.Civ.P. on 08-25-2022, I served the following persons and/or entities ECF or email as follows:

X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08-25-2022 | James D. Ocon | /s/James D. Ocon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

*Roe v The State Bar of California, et al.*        22-cv-00983-DFM

**SERVICE BY ECF**

| Defendant | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes**<br>Cooley LLP<br>3 Embarcadero Center 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>Fax: 415-693-2222<br>Email: rhodesmg@cooley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Barrett J Anderson**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA<br>858-550-6000<br>Fax: 858-550-6420<br>Email: banderson@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory John Merchant**<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>650-843-5620<br>Email: gmerchant@cooley.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Walter Waidelich**<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>Fax: 858-550-6420<br>Email: cwaidelich@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

*Roe v The State Bar of California, et al.*            22-cv-00983-DFM

| | | |
|---|---|---|
| **Tyler Technologies, Inc.**<br>*also known as*<br>Doe 1 | represented by | **Jason Nathaniel Haycock**<br>K and L Gates LLP<br>Four Embarcadero Center Suite 1200<br>San Francisco, CA 94111<br>415-882-8200<br>Fax: 415-882-8220<br>Email: jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard 8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email: christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email: david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

*Roe v The State Bar of California, et al.*          22-cv-00983-DFM

|  |  | LLP<br>1177 Avenue of the Americas<br>41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email: peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **<u>Defendant</u>**<br>**Rick Rankin** |  | **Michael Gold**<br>MAG@jmbm.com via Email |

Tiana A. Demas   tdemas@cooley.com

Christina N. Goodrich   klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold   mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert   docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson   learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes   mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich   cwaidelich@cooley.com, kjones@cooley.com

David Belcher   docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio   beth.petronio@klgates.com

Gregory John Merchant   gmerchant@cooley.com

9

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE REQUESTS FOR JUDICIAL NOTICE DOC. NO. 57 AND 70**

*Roe v The State Bar of California, et al.*       22-cv-00983-DFM

Peter William Baldwin     peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson     banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com