COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, CA  94111
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL  60606
Telephone: (312) 881-6500
Facsimile:   (312) 881-6598

BARRETT J. ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

*Additional counsel on next page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>        Defendants. | Case No. 8:22-cv-00983-DFM<br><br>**THE STATE BAR OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Courtroom:  6B<br>Judge:      Hon. Douglas F. McCormick<br>Date:       September 15, 2022<br>Time:       11:00 a.m. |

1    OFFICE OF GENERAL COUNSEL
     THE STATE BAR OF CALIFORNIA
2    ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
     Interim General Counsel
3    SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
     Assistant General Counsel
4    180 Howard Street
     San Francisco, CA 94105-1639
5    Telephone:   (415) 538-2388
     Facsimile:   (415) 538-2517
6
     *Attorneys for Defendant*
7    THE STATE BAR OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................. 1

II.  RELEVANT BACKGROUND .............................................................. 2

    A.   The State Bar ................................................................................ 2

    B.   The Incident and the State Bar's Response to It .................................. 4

    C.   This Litigation ............................................................................. 5

III. LEGAL STANDARD ........................................................................... 7

IV.  ARGUMENT ....................................................................................... 9

    A.   The Motion Should Be Denied Because Plaintiffs Fail to Satisfy Each of the Four *Winter* Factors ............................................................ 9

        1.   Plaintiffs fail to show a likelihood of success on the merits ...................................................................................... 9

            a.   The IPA claim is unlikely to succeed on the merits.......... 9

            b.   The invasion of privacy claim under the California Constitution is unlikely to succeed on the merits .......... 12

        2.   Plaintiffs fail to show they will suffer irreparable harm .......... 13

            a.   The Court should not credit the declarations ................. 14

            b.   Plaintiffs' documents do not establish irreparable harm ................................................................... 15

            c.   The Motion fails to show harm that is irreparable ......... 16

            d.   Plaintiffs' delay weighs against irreparable harm.......... 16

        3.   The Balance of Equities Favors the State Bar ......................... 17

        4.   The Proposed Relief Would Not Serve the Public Interest ...... 18

    B.   The Motion Should Be Denied Because Plaintiffs' Requested Relief is Overbroad, Not Tailored to the Harm Alleged in the FAC, and Otherwise Is Improper .......................................................... 19

V.   CONCLUSION ................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Nasser v. Serdy*,
  2020 WL 3129206 (C.D. Cal. June 12, 2020) ..................................................... 13

*Albert v. State Bar of California*,
  2018 WL 1529285 (Cal. Ct. App. Mar. 29, 2018) ............................................. 19

*All. for the Wild Rockies v. Pena*,
  865 F.3d 1211 (9th Cir. 2017) .................................................................. 7, 8, 9

*Am. Passage Media Corp. v. Cass Commc'ns, Inc.*,
  750 F.2d 1470 (9th Cir. 1985) .................................................................... 13

*American Airlines v. Sheppard*,
  96 Cal. App. 4th 1017 (2002) ..................................................................... 22

*In re Attorney Discipline Sys.*,
  19 Cal.4th 582 (Cal. 1998) ........................................................................... 3

*Califano v. Yamasaki*,
  442 U.S. 682 (1979) ..................................................................................... 20

*Caribbean Marine Servs. Co. v. Baldrige*,
  844 F.2d 668 (9th Cir. 1988) ................................................................. 13, 16

*Castle v. Soto*,
  2015 WL 2415536 (C.D. Cal. May 15, 2015) ................................................. 21

*Doe v. Fed. Dist. Ct.*,
  467 F. App'x 725 (9th Cir. 2012) ................................................................... 9

*E. Bay Sanctuary Covenant v. Barr*,
  934 F.3d 1026 (9th Cir. 2019) ..................................................................... 20

*Eccles v. Peoples Bank of Lakewood Village, Cal.*,
  333 U.S. 426 (1948) ............................................................................... 13, 21

*Exergy Dev. Grp. of Idaho, LLC v. Dressel*,
  2010 WL 4323079 (E.D. Cal. Oct. 26, 2010) ................................................. 22

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Fallon Paiute-Shoshone Tribe v. U.S. Dep't of the Interior,*
2022 WL 3031583 (9th Cir. Aug. 1, 2022) ........................................................ 8

5

6

*Garcia v. Google, Inc.,*
786 F.3d 733 (9th Cir. 2015) ........................................................ 8, 9, 16

7

8

*Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.,*
736 F.3d 1239 (9th Cir. 2013) ........................................................ 13

9

10

*Hill v. Nat'l Collegiate Athletic Assn.,*
7 Cal.4th 1 (1994) ........................................................ 12, 13

11

*Jacobs v. State Bar,*
20 Cal.3d 191 (1977) ........................................................ 19

12

13

*Keller v. State Bar of Cal.,*
496 U.S. 1 (1990) ........................................................ 17

14

15

*Lachtman v. Regents of Univ. of Cal.,*
158 Cal. App. 4th 187 (2007) ........................................................ 10

16

17

*Lamb-Weston, Inc. v. McCain Foods, Ltd.,*
941 F.2d 970 (9th Cir. 1991) ........................................................ 20

18

19

*Link Treasure Ltd. v. Baby Trend, Inc.,*
809 F. Supp. 2d 1191 (C.D. Cal. 2011) ........................................................ 14

20

21

*Meghrig v. KFC Western, Inc.,*
516 U.S. 479 (1996) ........................................................ 8

22

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
457 U.S. 423 (1982) ........................................................ 18, 19

23

24

*Mothershed v. Justs. of Supreme Ct.,*
410 F.3d 602 (9th Cir. 2005) ........................................................ 19

25

26

*Munaf v. Geren,*
553 U.S. 674 (2008) ........................................................ 7

27

28

*Oakland Trib., Inc. v. Chron. Pub. Co.,*
762 F.2d 1374 (9th Cir. 1985) ........................................................ 13, 16

- iii -

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Olagues v. Russoniello*,
 770 F.2d 791 (9th Cir. 1985) ................................................................. 19

*In re Pac. Pictures Corp.*,
 679 F.3d 1121 (9th Cir. 2012) ......................................................... 17, 18

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
 810 F.3d 631 (9th Cir. 2015) ................................................................ 20

*Pleasant Grove City, Utah v. Summum*,
 555 U.S. 460 (2000) ............................................................................. 17

*In re Rose*,
 22 Cal.4th 430 (Cal. 2000) .............................................................. 2, 19

*Rosenthal v. Justices of the Sup. Ct. of Cal.*,
 910 F.2d 561 (9th Cir. 1990) .................................................................. 3

*Sampson v. Murray*,
 415 U.S. 61 (1974) ............................................................................... 16

*Schneider v. Cal. Dep't of Corr.*,
 151 F.3d 1194 (9th Cir. 1998) .................................................. 10, 11, 15

*Soderstrom v. Ocampo*,
 2019 WL 8014552 (C.D. Cal. June 17, 2019) .................................... 10

*Stormans, Inc. v. Selecky*,
 586 F.3d 1109 (9th Cir. 2009) ............................................................. 19

*Trammel v. United States*,
 445 U.S. 40 (1980) ............................................................................... 18

*United States v. AMC Ent., Inc.*,
 549 F.3d 760 (9th Cir. 2008) ......................................................... 19, 20

*Univ. of Texas v. Camenisch*,
 451 U.S. 390 (1981) ............................................................................... 7

*Upjohn Co. v. United States*,
 449 U.S. 383 (1981) ............................................................................. 22

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Walker v. Woodford*,
    454 F. Supp. 2d 1007 (S.D. Cal. 2006) ............................................................... 15

*Winter v. Natural Resources Defense Council, Inc.*,
    555 U.S. 7 (2008) .........................................................................................*passim*

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) .................................................................. 12

*Zepeda v. U.S. I.N.S.*,
    753 F.2d 719 (9th Cir. 1983) ..............................................................7, 21, 22

**Statutes**

Cal. Bus. & Prof. Code
    § 6001 ..................................................................................................................... 2
    § 6001.1 ............................................................................................................. 2, 7
    § 6007(b)(3) ........................................................................................................... 4
    § 6079.5(a) ............................................................................................................. 3
    § 6086.1(b) ............................................................................................................. 3

Cal. Civ. Code
    § 1798.3(b)(2) ........................................................................................................ 9
    § 1798.53 ................................................................................................................ 6

California Information Practices Act ...............................................................*passim*

California Tort Claims Act ................................................................... 1, 6, 10

Sherman Antitrust Act
    § 2 ........................................................................................................................... 6
    § 3 ........................................................................................................................... 6

**Other Authorities**

California Constitution
    Article I, § 1 ..................................................................................................*passim*
    Article VI ............................................................................................................... 9
    Article VI, § 9 ....................................................................................................... 2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

Fed. R. Evid.

    201(b).................................................................................................. 15

    402 ....................................................................................................... 14

    403 ....................................................................................................... 14

    602 ....................................................................................................... 14

    701 ....................................................................................................... 14

    802 ....................................................................................................... 14

    901 ....................................................................................................... 14

    1002 ..................................................................................................... 14

Federal Rule of Civil Procedure

    12(b)(6) ...................................................................................... 6, 10, 15

    56(c)(4) ................................................................................................ 14

C.D. Cal. Local Rule 7-7 ..................................................................... 14

## I.      INTRODUCTION

Plaintiffs' Motion for Preliminary Injunction, (Dkt. 72 ("Mot.")), is legally unsupported, factually deficient, and falls far short of the high standard for preliminary injunctions.   Plaintiffs rest their request chiefly on the baseless accusation that the State Bar of California would file public disciplinary charges against licensed attorneys for the sole purpose of lessening the damages that Plaintiffs seek in this litigation.   Plaintiffs offer no evidence that the State Bar would or even could do such a thing, especially given that—as the State Bar explained to Plaintiffs before they filed this Motion—decisions about whether to file public charges are committed to the sound discretion of the Office of Chief Trial Counsel ("OCTC"), an independent prosecutor who is confirmed by the California Senate.  For that reason alone, Plaintiffs' request for a preliminary injunction should be denied.

The Court should also deny the Motion because Plaintiffs fail to meet their burden of clearly showing that each of the four factors from *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), weigh in their favor:

*First*, Plaintiffs do not demonstrate a likelihood of success on the merits because the two claims on which the Motion rests—violation of the California Information Practices Act ("IPA") and invasion of privacy under the California Constitution—are sorely lacking.  The State Bar has already argued in the briefs filed in support of its motion to dismiss that both claims fail as a matter of law.  (Dkts. 38, 68.)  The IPA does not apply to the State Bar, Plaintiffs did not comply with the California Tort Claims Act's ("CTCA") presentation requirement, and Plaintiffs have not shown the requisite "adverse effect" necessary to support an IPA claim.  Furthermore, Plaintiffs' constitutional invasion-of-privacy count fails for lack of well-pled allegations showing (1) a serious invasion that constitutes an egregious breach of social norms, (2) intent to invade a legally protected privacy interest, or (3) a reasonable expectation of privacy, all of which are required elements to state a claim.

Cooley LLP
Attorneys at Law
Los Angeles

1

State Bar's Opp. to Plaintiffs'
Mot. for Preliminary Injunction
Case No. 8:22-cv-00983-DFM

*Second*, the Motion fails to establish that Plaintiffs are likely to suffer irreparable harm absent the relief they seek.  None of the evidence submitted by Plaintiffs—including their conclusory, irrelevant, and otherwise incredible declarations—contains any fact showing that OCTC is likely to file public charges for the sole reason of lessening the Plaintiffs' asserted damages claims or that this would cause irreparable harm necessitating a preliminary injunction.  Moreover, Plaintiffs' five-month delay in filing the Motion suggests no irreparable harm exists.

*Third*, the balance of equities does not favor Plaintiffs.  In contrast to the conclusory and speculative harms advanced in the Motion, an order prohibiting OCTC from filing *any* attorney disciplinary charges would tremendously impede the State Bar's efforts to regulate the legal profession and thus fulfill its chief obligation as required by law: the "protection of the public."  Cal. Bus. & Prof. Code § 6001.1.

*Fourth*, for similar reasons, the public interest manifestly does not favor an injunction here.  The public's interest in the integrity of the legal profession vastly outweighs Plaintiffs' speculative interest in seeking damages in this case.

Finally, the Motion seeks other forms of relief that are both wildly overbroad, not tailored to the harms alleged in the FAC, and otherwise wholly unsupported: (1) preventing the State Bar from using the phrase "page views"; (2) requiring the State Bar to prepare and send new notices to all affected individuals; and (3) perhaps most extreme, prohibiting the State Bar from sharing information central to this litigation with its defense counsel or other defendants.  The Court should not grant Plaintiffs their fanciful wish-list and deny the Motion.

## II.    RELEVANT BACKGROUND

### A.    THE STATE BAR

The State Bar is a constitutional entity, established by article VI, section 9 of the California Constitution, and an integral part of the judicial function of the State of California.  *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; *In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000).  It is a public corporation created as an

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

administrative arm of the California Supreme Court for the purpose of assisting in matters of attorney admission and discipline. *See In re Attorney Discipline Sys.*, 19 Cal.4th 582, 598–99 (Cal. 1998); *see also Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566 (9th Cir. 1990). Although the State Bar conducts disciplinary proceedings under statutory authority, the California Supreme Court retains inherent power to control all matters related to attorney discipline. *In re Attorney Discipline Sys.*, 19 Cal.4th at 600.

A core part of the State Bar's function is attorney discipline, which includes reviewing and prosecuting, as necessary, ethics complaints against attorneys. *Id.* at 589. Disciplinary investigations are confidential until formal charges are publicly filed. Cal. Bus. & Prof. Code, § 6086.1(b). The State Bar maintains records of disciplinary investigations and proceedings through the Odyssey Portal, an online case management system created and maintained by Tyler Technologies, Inc. ("Tyler"). (Ex. A; Ex. B at 4–5.)[1] The Odyssey Portal, which is accessible from the State Bar Court's website, allows complainants and respondents to view publicly filed documents from State Bar Court disciplinary proceedings, *i.e.*, once formal charges are filed. (Ex. A.)

OCTC "handles complaints about unethical attorney conduct." (Ex. C.) The Board of Trustees of the State Bar appoints OCTC "for a term of four years," which is "subject to confirmation by the Senate." Cal. Bus. & Prof. Code § 6079.5(a). OCTC "shall report to and serve under the Regulation, Admissions, and Discipline Oversight Committee of the Board of Trustees of the State Bar or its successor committee on attorney discipline, and shall not serve under the direction of the chief executive officer [of the State Bar]." *Id.* "The Board of Trustees of the State Bar delegate[d] to the Office of Chief Trial Counsel exclusive jurisdiction to review inquiries and complaints, conduct investigations and determine whether to file notices of disciplinary charges in the State Bar Court," except in narrow situations

---

[1] "Ex." refers to Exhibits to the Declaration of Tiana Demas filed with this brief.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

not applicable here.  Cal. Bar R. Proc. 2101.[2]  The Board of Trustees thus cannot control or otherwise interfere with OCTC's independence or discretion to investigate and prosecute disciplinary proceedings.

### B.  THE INCIDENT AND THE STATE BAR'S RESPONSE TO IT

This case arises from a third party's harvesting and posting of limited nonpublic docket-level information about attorney disciplinary complaints—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—that had been filed with the State Bar and hosted on the Odyssey Portal (the "Incident").  (Ex. A; Ex. B at 3.)  The State Bar learned of the Incident on February 24, 2022, after which the State Bar, Tyler, and Rick Rankin (collectively, "Defendants") acted promptly to secure the Odyssey Portal and remove the Docket Data from the internet, which they completed two days later, on February 26.  (Ex. A; Ex. B at 4–5.)

The State Bar issued a public statement about the Incident and posted to its website Frequently Asked Questions ("FAQs"), which it regularly updated.  (Exs. A, B.)  In those statements, the State Bar described the Docket Data involved in the Incident and confirmed that it "d[id] not include full case records," (Ex. A), and "[t]he nonpublic records available on the [third party] site do not include detailed State Bar case records."  (Ex. B at 4.)  The State Bar also informed the public that, during the time Docket Data was available on JudyRecords.com, only 1,034 records showed signs of having been viewed ("Viewed Records"), and only six Viewed Records contained the case type "Inactive 6007(b)(3) Mental Illness or Substance Abuse."  (Ex. B at 1.)[3]

---

[2] The Rules of Procedure of the State Bar of California are available online here: https://www.statebarcourt.ca.gov/Portals/2/documents/Rules/Rules-of-Procedure.pdf (last visited August 25, 2022).

[3] Pursuant to California Business & Professional Code § 6007(b)(3), a licensee may be enrolled as inactive if "because of mental infirmity or illness, or because of habitual use of intoxicants or drugs, [the licensee] is (i) unable or habitually fails to perform his or her duties or undertakings competently, or (ii) unable to practice law without substantial threat of harm to the interests of his or her clients or the public."

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

4

The State Bar also stated it would voluntarily notify anyone affected by the Incident, and it did.  In May 2022, the State Bar began to send notification letters and emails in four groups.  Group 1 included the "approximately 1,300 complainants, witnesses, or respondents whose names appeared in the [Viewed Records]."  (*Id.*)  For this Group, the State Bar sent different letters to: (a) complainants and witnesses, (Ex. D); (b) respondents, (Ex. E); and (c) the individuals connected with the six records with the case type involving mental health or substance abuse.  (Ex. F.)  Groups 2, 3, and 4 included "respondents" and "complainants and witnesses whose names appeared in confidential records for which there is no evidence of a page view." (Ex. B at 1.)  The individuals in Groups 2, 3, and 4 received the same type of notice, (Ex. G), either by email or—for those whom the State Bar had only a postal address—by postal mail.  (Ex. B at 1.)  All notices sent to affected individuals, regardless of their Group, contained the following information:

 a. The name of the State Bar and the date the notice was sent;

 b. The title "INFORMATIONAL NOTICE RE ODYSSEY PORTAL VULNERABILITY";

 c. An overview of what happened with the Incident;

 d. A description of the Docket Data involved in the Incident;

 e. The actions the State Bar had taken and was taking to address the Incident;

 f. Whether the individual's information was a Viewed Record or not;

 g. Important information about the State Bar's investigation and remediation of the Incident; and

 h. For those individuals with Viewed Records (Group 1), an email address they could contact if they had questions that were not addressed.

(Exs. D, E, F, G.)  By July 11, 2022, the State Bar had sent notices to all affected individuals for whom it had contact information by July 11, 2022.  (Ex. B at 1.)

## C. THIS LITIGATION

Plaintiffs filed this class-action lawsuit in California state court on

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

March 18, 2022 and on April 13 filed the operative First Amended Complaint ("FAC"). (Dkt. 1 ¶¶ 1, 10.) In the FAC, Plaintiffs allege that they reside in California and are either (a) attorneys who have been the subject of a State Bar disciplinary proceeding or (b) non-attorneys who have submitted complaints against attorneys, *i.e.*, complaining witnesses. (Dkt. 1-8 ¶¶ 1–5.) The FAC lodges seven causes of action against various groupings of defendants: (1) violation of the IPA; (2) invasion of privacy under article I, section 1 of the California Constitution; (3) invasion of privacy under California Civil Code section 1798.53; (4) violation of section 2 of the Sherman Antitrust Act; (5) violation of section 3 of the Sherman Antitrust Act; (6) negligence; and (7) negligence *per se*. (*Id.* ¶¶ 50–129.) All but the third cause of action are brought against the State Bar. (*Id.*)

Tyler, with the consent of all Defendants, removed the lawsuit to this Court on May 13. (Dkt. 1.) Defendants each filed a motion to dismiss on June 6, (Dkts. 35, 36, 38); Plaintiffs filed oppositions on July 6, (Dkts. 54, 55, 56); and Defendants filed replies on July 25, (Dkts. 67, 68, 69). The State Bar argued in its briefing that each of the causes of action alleged against it failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). With respect to the IPA claim, the State Bar contended that (1) the State Bar is not subject to that statute because it is not an "agency" as that term is defined in the IPA; (2) Plaintiffs did not comply with the CTCA's administrative claim presentation requirement, which mandates that a putative plaintiff submit a written claim to the State Bar and have that claim "acted upon" before commencing litigation; and (3) Plaintiffs failed to allege that they suffered an "adverse effect" from the alleged IPA violation. (Dkt. 38-1 at 8–10; Dkt. 68 at 2–3.) The State Bar also asserted that the FAC contained only conclusory allegations to support the invasion-of-privacy claim under the California Constitution, such that Plaintiffs failed to plead any of the three required elements: (1) a serious invasion of privacy; (2) a legally protected privacy interest; or (3) a reasonable expectation of privacy. (Dkt. 38-1 at 10–12; Dkt. 68 at 4–10.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

On May 26, 2022, the parties met and conferred regarding Defendants' motions to dismiss and "the basis for Plaintiffs' potential motion for preliminary injunction." (Ex. H at 1.) Two months later, on July 26, Plaintiffs' counsel sent an email "seeking a written reassurance from the State Bar of California that it will immediately cease and desist from filing any public notice of disciplinary charges against any victim of the breach if the investigation/complaint is more than six months old." (Ex. I at 1–2.) The State Bar did not agree to the request for three reasons: (1) OCTC "is responsible for the enforcement and prosecution of disciplinary charges"; (2) "the Board of Trustees of the State Bar may not interfere with the OCTC's independence or his discretion to investigate and prosecute disciplinary proceedings;" and (3) "delaying a disciplinary proceeding would result in undermining the State Bar's 'highest priority' as established by law, which is the '[p]rotection of the public.'" (*Id.* at 1 (quoting Cal. Bus. & Prof. Code § 6001.1).)

It was not until August 5—almost five months after Plaintiffs filed this lawsuit and more than two months after Plaintiffs' counsel first proposed filing a motion for preliminary injunction—that Plaintiffs finally filed the Motion at issue here. The State Bar now submits this opposition.

## III.   LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 676 (2008), that "can only be employed for the 'limited purpose' of maintaining the status quo," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 728 n.1 (9th Cir. 1983) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Thus, a district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. In the Ninth Circuit, "[a] party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

1     The first variant is the four-factor test established by the Supreme Court in
2  *Winter*, where a party seeking a preliminary injunction "must establish" that (1) "he
3  is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the
4  absence of preliminary relief," (3) "the balance of equities tips in his favor," and
5  (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20.

6     Under the second variant, the Ninth Circuit employs a "sliding scale" approach
7  to two of the *Winter* factors, "which allows a strong showing on the balance of
8  hardships to compensate for a lesser showing of likelihood of success." *Fallon*
9  *Paiute-Shoshone Tribe v. U.S. Dep't of the Interior*, 2022 WL 3031583, at *2 (9th Cir.
10  Aug. 1, 2022). "[I]f a plaintiff can only show that there are 'serious questions going
11  to the merits'—a lesser showing than likelihood of success on the merits—then a
12  preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the
13  plaintiff's favor,' and the other two *Winter* factors are satisfied." *Pena*, 865 F.3d at
14  1217.

15     Yet a third variant of the preliminary injunction standard applies when a party
16  seeks a "mandatory" injunction; *i.e.*, one that requires another party to "take action"
17  as opposed to a "prohibitory" injunction that merely "restrains" a party from further
18  action. *Meghrig v. KFC Western, Inc.,* 516 U.S. 479, 484 (1996). To obtain a
19  mandatory injunction, a party must demonstrate the four *Winter* factors, but on the
20  merits element they "must establish that the law and facts *clearly favor* [their]
21  position, not simply that [they are] likely to succeed." *Garcia v. Google, Inc.*,
22  786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions are "particularly
23  disfavored." *Id.* (internal quotation marks and citation omitted).

24
25
26
27
28

Cooley LLP
Attorneys at Law
Los Angeles

8

State Bar's Opp. to Plaintiffs'
Mot. for Preliminary Injunction
Case No. 8:22-cv-00983-DFM

IV.   **ARGUMENT**

A.   **THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO SATISFY EACH OF THE FOUR *WINTER* FACTORS**

1.   **Plaintiffs fail to show a likelihood of success on the merits**

As thoroughly argued in the State Bar's briefing supporting its motion to dismiss the FAC, Plaintiffs have failed to state a claim for violation of the IPA or invasion of privacy under the California Constitution as a matter of law.  (Dkt. 38-1 at 8–12; Dkt. 68 at 2–10.)[4]  For the same reasons, those two claims are unlikely "to succeed on the merits."  *Winter*, 555 U.S. at 20; *see also Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012) ("Because Doe's complaint was insufficient to survive a motion to dismiss for failure to state a claim, she could not show a strong likelihood of success on the merits.").

As argued below, (*see* Section IV.A.3, *infra*), the balance of the equities does not favor Plaintiffs, let alone "tip *sharply* in [their] favor."  *Pena*, 865 F.3d at 1217. Therefore, the Court should decline Plaintiffs' invitation to apply the "serious questions" variant of the *Winter* test in this case.  (Mot. at 2.)  Additionally, one of Plaintiffs' requests—that the State Bar "[p]repare and upload Notices of Breach in compliance with the [IPA]," (Mot. at 14)—seeks a mandatory injunction, and thus Plaintiffs must show that "the law and facts *clearly favor*" their merits arguments to obtain that relief.  *Garcia*, 786 F.3d at 740.  Regardless of which standard applies, Plaintiffs' Motion misses the mark.

a.   **The IPA claim is unlikely to succeed on the merits**

Plaintiffs are unlikely to succeed on the merits of their IPA claim for three independent reasons.  *First*, the IPA does not apply to the State Bar.  The IPA applies only to an "agency," which does not include "any agency established under Article VI of the California Constitution."  Cal. Civ. Code 1798.3(b)(2).  That is the article

---

[4] Plaintiffs do not assert any of their other causes of action in the Motion and, as such, have waived any argument that those claims would support a preliminary injunction.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

9

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

under which the State Bar is established.  *See Soderstrom v. Ocampo*, 2019 WL 8014552, at *2 (C.D. Cal. June 17, 2019) ("The State Bar is a public corporation established by the California State Constitution." (citing Cal. Const., art. VI, § 9)). The IPA's inapplicability to the State Bar is clear from a recently-proposed bill in the California State Legislature that would (if ultimately enacted) subject the State Bar to certain provisions of the IPA in the future.  (Ex. J.)  Of course, the Legislature would have no need to consider adopting such a bill if the State Bar were already subject to the IPA.

*Second*, even if the State Bar were subject to the IPA, the FAC does not allege that each of the five Plaintiffs satisfied the CTCA's presentation requirements by "present[ing]" a claim to the State Bar or that the State Bar "acted upon" that claim. Cal. Gov. Code § 945.4.  Plaintiffs belatedly attempt to cure this plain deficiency by submitting one purported government claim and three purported claim rejections (one of them rejecting a claim made by Plaintiffs' *counsel*, not one of the Plaintiffs). (Dkt. 74 at 18–24.)  These documents are not part of the FAC and cannot save this claim from dismissal under Rule 12(b)(6).  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (ruling "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers").  In any event, these documents do not cure the deficiency; there are five Plaintiffs, but only one claim and two claim rejections.  Also, both rejections are dated May 2, 2022, (Dkt. 74 at 20, 22), showing that these alleged government claims were plainly not "acted upon" as of April 13—the date that Plaintiffs filed the FAC containing the IPA cause of action.[5]

*Third*, the FAC does not adequately allege that Plaintiffs suffered an "adverse effect," which is an "essential element of a claim under the IPA."  *Lachtman v.*

---

[5]  While the declaration of Plaintiffs' counsel purports to identify these two individuals as Plaintiffs, (Dkt. 74 ¶ 2), counsel still refuses to identify her clients to the State Bar.  (Declaration of Tiana Demas ¶ 2.)  The State Bar is thus unable to verify if these individuals are Plaintiffs.

Cooley LLP
Attorneys at Law
Los Angeles

10

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

*Regents of Univ. of Cal.*, 158 Cal. App. 4th 187, 212 (2007).  Threadbare allegations that complainants or attorneys "have been harmed" are not sufficient.  *See id.* (dismissing IPA claim where the plaintiff failed show "that any purported disclosure of his student records with other students had an adversely effected [sic] on him").

The Court should also reject Plaintiffs' attempt to amend the FAC by submitting the notices that four Plaintiffs allegedly received from the State Bar concerning the Incident.  Again, attempting to amend a complaint in this way is improper.  *Schneider*, 151 F.3d at 1197 n.1.  In any event, the documents submitted by Plaintiffs demonstrate what the State Bar (and the other defendants) have argued: Plaintiffs fail to allege an adverse effect.  There are five anonymous Plaintiffs, yet only four individuals submitted notices, three of which plainly state "**the State Bar has no evidence that your nonpublic State Bar record(s) had page views**." (Dkt. 75 at 9–10; Dkt. 77 at 10–11; Dkt. 79 at 10–11.)  The fifth attested that she "ha[s] not received an email from the State Bar." (Dkt. 83 ¶ 6.)  And none of the five individuals—including the one who received a notice suggesting their Docket Data "showed evidence of a page view," (Dkt. 76 at 8–10)—proffered any non-conclusory facts showing the Incident caused them an adverse effect.  Thus, even if these declarations are considered credible by the Court (and they should not be), they do not demonstrate that the IPA claim is likely to succeed.[6]

The declaration submitted by the individual who identifies as either "R.S" or "N.G."—the declaration contains both sets of initials—is particularly untrustworthy. In it, R.S./N.G. asserts that they believe their "identity has been stolen" because their "date of birth, social security number, IRS ID and my NCBE . . . was part of the data breach."  (Dkt. 79 ¶ 9.)  But the FAC contains no allegations that such information

---

[6] The Court should also reject Plaintiffs' brand-new argument that the notices fail to satisfy the IPA. (Mot. at 4–5.)  As argued above, the State Bar is not subject to the IPA.  In addition, neither the notices, nor the allegation that they fail to comply with the IPA, is in the FAC.  Even if they were, the notices appear to include the minimum information required by the IPA and, consequently, the Court should find Plaintiffs have not clearly shown a likelihood of success on the IPA claim at this stage.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

11

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

1    was part of the Incident; to the contrary, it concedes that only limited Docket Data—

2    which does not include such information—is at issue in this case.  (FAC ¶ 32; *see*

3    *also* Exs. A, B.)  R.S./N.G. also provides no specific facts supporting their claim of

4    identity theft.   Three days after filing the declaration, Plaintiffs filed a notice

5    "withdraw[ing] the statements made in [the] declaration that can be found in

6    paragraphs 1, 3, and 10" because "[R.S./N.G.] is not a member of the California State

7    Bar."   (Dkt. 80.)   Rather, Plaintiffs now contend that R.S./N.G.'s "confidential

8    investigation that was breached related to [their] attempt to become admitted into the

9    State Bar of California."  (Dkt. 80.)   But the FAC does not allege that attorney

10   applicant information was part of the Incident.  As Plaintiffs allege, the Odyssey

11   Portal contains only records related to "disciplinary proceedings," (FAC ¶ 17), not

12   attorney admissions.    Consequently,   even   assuming  R.S./N.G. is   one  of   the

13   anonymous Plaintiffs, that individual may not be a proper party to this case.  At a

14   minimum, their declaration should not be credited.

### b.    The invasion of privacy claim under the California Constitution is unlikely to succeed on the merits

17          Plaintiffs' constitutional invasion of privacy claim is not likely to succeed on

18   the merits because it does not satisfy the "high bar for establishing" any of the claim's

19   three elements.  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014)

20   (internal quotation marks omitted).  For example, the Motion fails to clearly show

21   that the alleged violation was "sufficiently serious in [its] nature, scope, and actual

22   or potential impact to constitute an egregious breach of the social norms underlying

23   the privacy right."  *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal.4th 1, 37 (1994).

24   Plaintiffs' bare-bones allegations in the FAC fail to identify any actual, specific harm

25   they purportedly suffered.  The self-serving declarations submitted with the Motion

26   from individuals purporting to be Plaintiffs, which the Court should disregard as

27   unreliable, likewise contain no such specific facts.  And neither the FAC nor the

28   Motion contain any well-pled or credible fact showing the State Bar's intent to invade

1   anyone's privacy, let alone Plaintiffs'.

2       The Motion also fails to clearly show the other two elements of this claim: that

3   Plaintiffs had a "legally protected privacy interest" and a "reasonable expectation of

4   privacy" in the Docket Data.  *Hill*, 7 Cal.4th at 39–40.   Neither element is

5   demonstrated by well-pled allegations in the FAC or by specific facts in the deficient

6   declarations.  "Because it is a threshold inquiry, when a plaintiff has failed to show

7   the likelihood of success on the merits, [the Court] need not consider the remaining

8   three *Winter* elements."  *Al-Nasser v. Serdy*, 2020 WL 3129206, at *2 (C.D. Cal. June

9   12, 2020).  Plaintiffs fail to clearly show they are likely to succeed on the merits and

10  the Court should deny the Motion for that reason alone.

11          **2.**      **Plaintiffs fail to show they will suffer irreparable harm**

12      "[P]laintiffs seeking preliminary relief [must] demonstrate that irreparable

13  injury is *likely* in the absence of an injunction."  *Winter*, 555 U.S. at 22.  Plaintiffs

14  "must proffer evidence sufficient to establish a likelihood of irreparable harm."  *Herb*

15  *Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir.

16  2013).  In other words, "a plaintiff must *demonstrate* immediate threatened injury as

17  a prerequisite to preliminary injunctive relief," *Caribbean Marine Servs. Co. v.*

18  *Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  "[C]onclusory" affidavits "without

19  sufficient support in facts" do not pass muster.  *Am. Passage Media Corp. v. Cass*

20  *Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (finding affidavits from

21  plaintiff's "own executives delineating" harm were insufficient to support irreparable

22  injury).  Alleged harm that is "too remote and insubstantial" or "too speculative in

23  nature" cannot support injunctive relief.  *Eccles v. Peoples Bank of Lakewood*

24  *Village, Cal.*, 333 U.S. 426, 434 (1948).  Furthermore, a "plaintiff must demonstrate

25  that there exists a *significant* threat of irreparable injury."  *Oakland Trib., Inc. v.*

26  *Chron. Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (emphasis added).  Here,

27  Plaintiffs' purported "evidence" does not come close to satisfying their tall burden.

28

Cooley LLP
Attorneys at Law
Los Angeles

13

State Bar's Opp. to Plaintiffs'
Mot. for Preliminary Injunction
Case No. 8:22-cv-00983-DFM

**a.      The Court should not credit the declarations**

At the threshold, the Court should find that the declarations and documents submitted with the Motion are not credible.  These documents are plainly deficient. The five individuals who purport to be Plaintiffs filed declarations under pseudonyms or using sometimes conflicting initials that may not be theirs.[7]  Such "testimony" from unidentified sources lacks proper foundation and has not been properly authenticated; it is thus inadmissible under Local Rule 7-7 and Federal Rule of Civil Procedure 56(c)(4), which requires a declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  *Link Treasure Ltd. v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011) (ruling declaration "lacking an adequate foundation" is inadmissible under Rule 56(c)(4)).

The declaration and exhibits submitted by Plaintiffs' counsel, (Dkt. 74), are inadmissible and not credible because they lack proper foundation, recite numerous hearsay statements, contain improper opinion by counsel, and—insofar as counsel purports to "us[e] [her]self as an example," (*id.* ¶ 15)—are both irrelevant to *Plaintiffs'* alleged harm and unfairly prejudicial.  Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 402, 403, 602, 701, 802, 901, 1002.  The Court should disregard them.

Finally, the declaration and exhibits submitted for Kevan Schwitzer—a former defendant in this case—are irrelevant to Plaintiffs' alleged need for relief and merely another improper attempt by Plaintiffs to amend the FAC.  Notably, Plaintiffs misleadingly filed the declaration "in support of motion for preliminary injunction," (Dkt. 78 at 1), but that is certainly not what Mr. Schwitzer intended when he provided his affidavit and documents to Plaintiffs in exchange for them dismissing him as a defendant.   (Dkt. 26.)   Defendants recently moved to strike Mr. Schwitzer's

---

[7] Each of these individuals asserts that "the State Bar and other defendants should be able to figure out my identity."  (Dkt. 75 ¶ 7; Dkt. 76 ¶ 5; Dkt. 77 ¶ 5; Dkt. 79 ¶ 5; Dkt. 83 ¶ 8.)  If that is true, Plaintiffs do not explain why they are unwilling to disclosure their true identities or withdraw their motion to proceed under pseudonyms in this litigation.  (Dkts. 41, 58.)

Cooley LLP
Attorneys at Law
Los Angeles

14

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

1   declaration and several exhibits filed by Plaintiffs under a request for judicial notice
2   as both an improper attempt to amend the FAC and not properly subject to judicial
3   notice under Federal Rule of Evidence 201(b).  (Dkt. 84.)  The State Bar requests that
4   the Court strike or otherwise disregard the Schwitzer declaration submitted with the
5   Motion for the same reasons.  *See Schneider*, 151 F.3d at 1197 n.1 (holding courts
6   may not consider documents outside the complaint under Rule 12(b)(6)); *Walker v.*
7   *Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006), *aff'd in part*, 393 F. App'x
8   513 (9th Cir. 2010) (holding courts may not take judicial notice of matters in dispute).

9   **b.      Plaintiffs' documents do not establish irreparable harm**

10  Even if the Court considers some or all of these documents, they do not clearly
11  show a likelihood of irreparable harm.  Plaintiffs assert two kinds of harm, but do not
12  establish that either of these harms actually exists or is likely to occur imminently.
13  *First*, the individual identifying as "M.A.," a non-attorney, asserts that she "filed
14  State Bar complaints against people who work/worked for the San Mateo District
15  Attorney's Office" and claims that, if those charges were publicly filed now, she
16  might be "in danger of retaliation."  (Dkt. 75 ¶¶ 1, 9.)  But the notice she claims she
17  received stated that "**the State Bar has no evidence that your nonpublic State Bar**
18  **record(s) had page views**."  (*Id.* at 9.)  And M.A. provides no facts explaining why
19  she fears retaliation, let alone fears it *now*, as opposed to when she originally filed
20  her complaints, when she was presumably aware they could become public if OCTC
21  brought charges.  If M.A. was not aware the charges might become public, that is not
22  the State Bar's fault and (even if true) would not support irreparable harm or the relief
23  Plaintiffs seek here.

24  *Second*, the other four purported individuals' only alleged harm arises from
25  their claim that they "fear that the State Bar will start taking . . . old confidential
26  investigation files and file charges, not because they believe there is more merit to
27  them, but because they can then argue there was no damage due to the breach."  (Mot.
28  at 6.)  To be clear, the State Bar has not done this, has not threatened to do this, and

would never do this.  Nor could the State Bar do this because among things, OCTC controls all charging decisions and Plaintiffs have not revealed their true identities to the State Bar.  In contrast, Plaintiffs provide *zero* credible, non-conclusory evidence to sustain their remarkable theory.  The declarations of the four individuals asserting this alleged harm contains only bald speculation.  That is not enough.  *See Caribbean Marine,* 844 F.2d at 674 ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").  Plaintiffs have offered no evidence supporting irreparable injury.

### c.     The Motion fails to show harm that is irreparable

It is well-settled that "the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88 (1974); *see also Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198, 1208 (E.D. Cal. 2020) (ruling "economic injury is not irreparable because monetary damages are an adequate remedy").  Even if taken at face value, Plaintiffs' two theories of harm—fear of retaliation or lessened ability to seek damages in this litigation—involve alleged losses that plainly would be compensable by money damages.  Injunctive relief is inapt.

### d.     Plaintiffs' delay weighs against irreparable harm

Plaintiffs filed this lawsuit on March 18, 2022, and notified the State Bar they were considering filing a motion for preliminary injunction on May 26, but did not file the Motion until August 5.  A months-long delay of this sort "undercut[s]" Plaintiffs' "claim of irreparable harm." *Garcia*, 786 F.3d at 738 (affirming district court's conclusion that five-month delay militated against "a clear showing of irreparable harm"); *see also Oakland Trib.,* 762 F.2d at 1377 ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").  Plaintiffs offer no justification for their delay.  For the reasons above, the Motion fails to establish the second *Winter* factor of irreparable harm.

Cooley LLP
Attorneys at Law
Los Angeles

16

State Bar's Opp. to Plaintiffs'
Mot. for Preliminary Injunction
Case No. 8:22-cv-00983-DFM

### 3.     The Balance of Equities Favors the State Bar

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. The scale tips strongly toward the State Bar.

On Plaintiffs' side, the Motion neither establishes a likelihood of success nor provides evidence supporting their asserted harms. (*See* Sections IV.II.A–B, *supra*.) The Motion also lacks authority for the bare claim that the IPA "has already codified that there is an implied irreparable damage." (Mot. at 10.) In sum, the Court should accord zero weight to Plaintiffs' claims of injury.

For the State Bar, the hardships that would be imposed by the requested preliminary injunction are substantial and unjustified. For example, the relief sought by Plaintiffs would require the State Bar to prepare and send to hundreds of thousands of duplicative notices containing the same basic information as the first round, but without using the phrase "page views" (all because Plaintiffs' counsel suggests that some unidentified individuals were momentarily confused by it).[8] Such drastic preliminary relief would impose an enormous and unnecessary cost on a public entity; Plaintiffs' bald claim that "[t]his cost would be negligible" is disingenuous and incorrect. *Id.*

Moreover, if the Motion is granted, the State Bar would also be precluded from freely communicating with its defense counsel and to the other defendants about evidence and information central to the claims and defenses in this litigation. *See* Mot. at 14 (seeking injunction to "restrain the State Bar from sharing any confidential or sensitive information it has accumulated on the plaintiffs with the Defendants counsel or defendants in this case"). "[Courts] have long recognized that 'the

---

[8] The requested relief also would raise serious constitutional concerns. The State Bar has the right to "speak for itself." *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2000). As the Supreme Court has recognized, "[i]f every citizen were to have a right to insist that no one paid by public funds express a view with which he disagreed, debate over issues of great public concern to the public would be limited to those in the private sector, and the process of government as we know it would be radically transformed." *Keller v. State Bar of Cal.*, 496 U.S. 1, 12–13 (1990).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

17

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

advocate and counselor [needs] to know all that relates to the client's reasons for seeking representation' if he is to provide effective legal advice." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (quoting *Trammel v. United States,* 445 U.S. 40, 51 (1980)). Granting this unprecedented and extreme form of relief would severely undermine the State Bar's counsel's ability to effectively represent the State Bar for no corresponding benefit.

Finally, the State Bar would face significant hardship in performing one of its core functions: enforcing attorney discipline in California. Plaintiffs demand that the Court order the State Bar to interfere with the independence of OCTC and prevent it from exercising its discretion to proceed with charges against *any* licensed attorney who is suspected of an ethical violation if those charges spring from an investigation more than six months old. "[T]he public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). If OCTC's discretion is curtailed, and it is barred from prosecuting a certain set of disciplinary charges for reasons unrelated to the merits of those cases, unethical attorneys could continue to prey on unsuspecting clients or the general public. That outcome would completely undermine the State Bar's ability to perform its critical disciplinary function and cause damage to the State Bar's reputation and the public's perception of the overall legal profession. As such, the equities weigh overwhelmingly in the State Bar's favor.

### 4. The Proposed Relief Would Not Serve the Public Interest

Finally, the "public interest" factor requires courts to "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (citation omitted). Here, the Court would serve the public interest by denying the Motion and enabling the State Bar to continue upholding "professionally ethical conduct of attorneys" in California. *See, e.g.*, *Middlesex*, 457

Cooley LLP
Attorneys at Law
Los Angeles

18

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

U.S. at 434.[9]  The public interest would not be served by establishing a precedent that courts may order parties not to communicate freely with their counsel about matters crucial to their defense.  *See, e.g.*, *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 611 (9th Cir. 2005) (recognizing "at least as a general matter—the right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition" (internal quotation marks omitted)).

Plaintiffs contend the public interest is served by their requested relief because the State Bar is "[u]sing the State Bar disciplinary system to lessen liability by making matters the State Bar kept confidential for years public now" and doing so "would erode the integrity of an effective disciplinary system." (Mot. at 11.)  That is nonsense.  "[T]he Court should weigh the public interest in light of the *likely* consequences of the injunction.  Such consequences must not be too remote, insubstantial, or speculative and must be supported by evidence." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009).  Plaintiffs' conclusory assertions, bereft of any factual support, are unavailing.  The public interest factor cuts sharply against the relief sought by the Motion.  And because Plaintiffs fail to clearly show any of the four *Winter* factors, the Motion should be denied.

### B. The Motion Should Be Denied Because Plaintiffs' Requested Relief is Overbroad, Not Tailored to the Harm Alleged in the FAC, and Otherwise Is Improper

In addition to failing the *Winter* test, the Motion is deficient for numerous other reasons.  "[A] trial court abuses its discretion by fashioning an injunction which is

---

[9] While not strictly applicable here, federal abstention doctrines provide a useful analogy. "Federal courts generally are required to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *In re Rose*, 22 Cal. 4th at 447; *see also Olagues v. Russoniello*, 770 F.2d 791, 804 (9th Cir. 1985) (finding "similar considerations of restraint in ordering such relief arise out of principles of comity and federalism").  Because it is California's "legislative policy to limit jurisdiction in attorney disciplinary actions to [the Supreme Court of California], and to the State Bar," *Jacobs v. State Bar*, 20 Cal.3d 191, 198 (1977), it would not serve the public interest for the Court to grant preliminary relief that interferes with OCTC's prosecutorial independence, *see also Albert v. State Bar of California*, 2018 WL 1529285, at *4 (Cal. Ct. App. Mar. 29, 2018) (holding "the California Supreme Court essentially exercises original, exclusive, and plenary jurisdiction over attorney disciplinary proceedings").

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

19

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

1   overly broad." *United States v. AMC Ent., Inc.*, 549 F.3d 760, 768 (9th Cir. 2008).

2   Injunctive relief also "'must be tailored to remedy the specific harm alleged.'" *E.*

3   *Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (quoting

4   *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)).   In

5   other words, "there must be a relationship between the injury claimed in the motion

6   for injunctive relief and the conduct asserted in the underlying complaint." *Pac.*

7   *Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636–37 (9th Cir.

8   2015) (denying motion "based on potential misconduct entirely unrelated to

9   [movant's] unfair trade practices claims"); *see also Califano v. Yamasaki*, 442 U.S.

10  682, 702 (1979) (ruling scope of injunctive relief "is dictated by the extent of the

11  violation established").

12       The Motion does not satisfy any of these requirements.   Plaintiffs seek to

13  restrain the State Bar in three ways: from (1) using the phrase "page views" in its

14  notifications to individuals affected by the Data Incident; (2) filing public Notices of

15  Disciplinary Actions against State Bar members whose investigation began more

16  than six months ago; and (3) sharing confidential information it has accumulated

17  about Plaintiffs with its counsel or other defendants. (Mot. at 13–14.)   The Motion

18  also seeks to require the State Bar to disseminate "Notices of Breach" that say what

19  Plaintiffs wish. (*Id.* at 14.)   Each is deficient and should not be granted.

20       *First*, Plaintiffs' request that the State Bar not use the phrase "page views" in

21  its notices is overbroad and not tailored to any claimed injury in the FAC, which was

22  filed before the State Bar sent the notices and thus does not mention them at all.   The

23  only injuries alleged in the FAC are emotional distress, (FAC ¶¶ 38, 41, 119, 128),

24  and time and expenses spent responding to the Incident, (*id.* ¶¶ 41, 110, 129), none

25  of which have anything to do with the phrase "page views" as it appears in the notices.

26  The relief Plaintiffs seek here is also unsupported by any evidence.   Nowhere do the

27  five individuals purporting to be Plaintiffs allege that they were confused by that

28  phrase.   The declaration from Plaintiffs' counsel that "[s]ome of the people who

Cooley LLP
Attorneys at Law
Los Angeles

20

State Bar's Opp. to Plaintiffs'
Mot. for Preliminary Injunction
Case No. 8:22-cv-00983-DFM

reached out to me" believed that phrase meant none of their Docket Data "landed on the website," (Dkt. 74 ¶ 25), should be disregarded as unsupported, noncredible, self-serving hearsay. *See Eccles*, 333 U.S. at 434 (holding "claims of injury . . . supported entirely by affidavits . . . is apt to be treacherous"). Finally, because the State Bar has already sent the notices that use the phrase "page views," it is too late to change them; a preliminary injunction would be pointless.

    *Second*, the Motion seeks to stop the State Bar from filing charges against *any* licensed attorney arising from investigations more than six months old, regardless of whether those charges have merit. Such a request is, on its face, overbroad; it both encompasses meritorious charges and extends far beyond the three alleged attorneys and one alleged attorney-applicant who claim to be Plaintiffs. Plaintiffs cannot claim to seek an injunction for the putative class because, "[w]ithout a properly certified class, a court cannot grant relief on a class-wide basis." *Zepeda*, 753 F.2d at 728 n.1. This relief is also not linked to any alleged harms arising from the IPA or constitutional invasion-of-privacy claims, which rest on the State Bar's alleged conduct during and after the Incident, not the alleged filing of non-meritorious public charges. (FAC ¶¶ 50–72.) "Plaintiff[s'] request for preliminary injunctive relief must be denied because the injury alleged in the instant Motion is unrelated to the conduct giving rise to the Complaint." *Castle v. Soto*, 2015 WL 2415536, at *2 (C.D. Cal. May 15, 2015). And, as argued above, Plaintiffs proffer no credible evidence that the State Bar would or could file public charges for no other reason than to reduce Plaintiffs' asserted damages. (*See* Section IV.A.2.a, *supra*.) Rather, the discretion to bring public charges is committed to OCTC and the State Bar is unable to interfere with OCTC's prosecutorial independence. (*See* Section II.A, *supra*.) The relief sought by Plaintiffs here is thus not tailored to the alleged harm and should be denied.

    *Third*, Plaintiffs' effort to interfere with the State Bar's relationship with its counsel and co-defendants is legally meritless, factually unsound, and entirely unmoored from the claimed harms at issue in this litigation. Plaintiffs cite no

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

21

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

applicable authority for the extreme intrusion into the attorney-client relationship they seek.  The only case Plaintiffs cite in support, *American Airlines v. Sheppard*, 96 Cal. App. 4th 1017 (2002), concerns attorney-client relations generally and in no way resembles the facts of this case or supports Plaintiffs' requested relief.  To the contrary, precluding free and open communication between clients and their attorneys about matters vital to ongoing litigation would undermine the well-established principle that "sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's ***being fully informed by the client***." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (emphasis added).

Nor do Plaintiffs specify what "confidential information from the plaintiff members . . . will be or appears to be useful to the State Bar as an adversary." (Mot. at 13.)  If Plaintiffs are referring to the Docket Data from the Incident, such information is obviously central to the claims and defenses in this litigation, and counsel for the State Bar is entitled to review and discuss it with counsel.  At core, "Plaintiffs offer nothing meaningful to support their claim of irreparable injury," and instead "rest on unsubstantiated generalities and provide no support for purported intangible injuries which could not otherwise be remedied by a damages award." *Exergy Dev. Grp. of Idaho, LLC v. Dressel*, 2010 WL 4323079, at \*2 (E.D. Cal. Oct. 26, 2010).

*Fourth*, the Motion seeks to have the State Bar prepare and send new notices.  Again, this proposed relief is overbroad; it improperly reaches far beyond the five Plaintiffs.  *Zepeda*, 753 F.2d at 728 n.1.  Nor is it supported by a clear showing of immediacy.  Plaintiffs concede that the State Bar already sent out notices and, as shown by the documents submitted with the Motion, four of the individuals purporting to be Plaintiffs received notices that contained information about, among other things, the Incident and steps the State Bar had taken to address it.  (*See* Section II.B, *supra*.)  Plaintiffs have simply failed to show that a preliminary injunction ordering any of the relief they seek is necessary or proper.

Cooley LLP
Attorneys at Law
Los Angeles

22

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM

1
**V.     CONCLUSION**

2
        For the foregoing reasons, the State Bar respectfully requests that the Court

3
deny Plaintiffs' Motion.

4

5

6
Dated:  August 25, 2022                       COOLEY LLP

7
                                              */s/ Tiana Demas*
                                              Tiana Demas

8

9
                                              *Attorneys for Defendant*
                                              THE STATE BAR OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

23

STATE BAR'S OPP. TO PLAINTIFFS'
MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 8:22-CV-00983-DFM