# EXHIBIT E

**[DATE]**

## INFORMATIONAL NOTICE RE ODYSSEY PORTAL VULNERABILITY

Dear [NAME],

On February 24, 2022, the California State Bar became aware that judyrecords.com (judyrecords), a public website that aggregates nationwide court case records, had included both public and nonpublic State Bar case records in its search engine. These records came from the State Bar's Odyssey Portal, which was supposed to provide access to public case records only. The State Bar immediately asked the owner of judyrecords to remove the nonpublic records from the search engine (which they did) and launched an investigation with the assistance of a third-party IT forensics firm (Forensics Firm).

We are notifying you because the State Bar has evidence that your nonpublic State Bar record(s) showed evidence of a page view on judyrecords. This notice provides you with information about the data fields contained in a nonpublic record where you were listed as a respondent. We explain below the steps we have taken to investigate and remediate the issue.

**Immediate Steps Taken to Remove Nonpublic Records from Judyrecords**

The owner of judyrecords informed the State Bar that they had intended to index only publicly available State Bar case records, and they were unaware that records intended to be nonpublic had been automatically collected by their computer program, a technique called "scraping." Judyrecords fully cooperated with the State Bar's investigation and: (1) removed all confidential State Bar records from judyrecords by February 26, 2022; (2) provided relevant website logs and analytics logs; and (3) provided a detailed explanation of the scraping method used, which revealed a previously unknown vulnerability in the Odyssey case management software provided by Tyler Technologies, a third-party vendor.

The State Bar verified that this vulnerability allowed judyrecords to scrape both public and nonpublic State Bar attorney discipline case records from the Odyssey Portal. The scraping occurred on or about October 15, 2021.

To determine if a record may have been viewed, the State Bar and Forensics Firm analyzed detailed judyrecords website logs for the month of February 2022, as well as website analytics logs for the period between October 15, 2021, and February 26, 2022, the full period when State Bar records were indexed on the site.

**Data Fields Contained in Your Nonpublic Record**

The nonpublic State Bar records indexed on judyrecords contained basic case information:

- case number;
- file date;
- case type;
- case status;
- respondent name; and
- sometimes complaining witness or other witness names.

For some of these cases, the same information ultimately became public through the course of the State Bar's disciplinary process, including where discipline ultimately was imposed.

Full confidential case documents were not scraped by and were not indexed on judyrecords. That means no complaints, transcripts of hearings, mental health reports, or other documents related to

267845267 v4

nonpublic attorney discipline proceedings were available or viewed by unauthorized individuals as a result of the Odyssey vulnerability.

The information in your nonpublic record consisted of: your first and last name, case number, file date, case type,[1] case status, and your California Bar number.

**More Information About the State Bar Investigation and Remediation**

The State Bar confirmed that judyrecords has deleted all nonpublic records from the site.

Importantly, the Odyssey vulnerability was only triggered by web scraping; regular searches of the Odyssey Portal did not permit access to nonpublic records. There is no evidence to suggest the Odyssey Portal was scraped by any entity besides judyrecords. The investigation revealed no evidence that scraped State Bar records were on internet archive sites. The State Bar took the Odyssey Portal offline on February 25, 2022, so Tyler Technologies could remediate the vulnerability.

Access to the State Bar's Odyssey Portal was restored on March 15, 2022, after Tyler Technologies had remediated the vulnerability. Thereafter, both the State Bar and the Forensics Firm confirmed that nonpublic records could no longer be scraped.

Our previous posts on this issue can be found here: https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates.

\*\*\*

**The State Bar takes the confidentiality of its bar members and community seriously and sincerely regrets that this event occurred. If you have questions that you feel have not been addressed by this notice, please contact [EMAIL ADDRESS] for more information.**

Sincerely,

The State Bar of California

---

[1] The case types at issue here are: 6180/6190, 9.20 Violation – State Bar Court Order, ADP, Agreement in Lieu of Discipline, Conviction Matter, Discipline in Other Jurisdiction, Early Neutral Evaluation Conference, Moral Character, Original Matter, Other, Pre-filing Motion to Quash, Probation, Probation Violation, RA – Insufficient Funds, RA—Insurance Claim, RA – Reversal of Judgment, RA – Sanction Order, Reinstatement, Reproval, Resignation with Charges Pending, Rule 2605 – Vexatious Complainant, Rule. 9.20 – Interim Conviction Matter, Rule 9.20 – Order, Rule 9.20 – Resignation, and Unauthorized Practice of Law – Non-Attorney. Some of these case types reflect internal State Bar coding references.

267845267 v4