1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  3 Embarcadero Center
   20th Floor
3  San Francisco, CA 94111
   Telephone: (415) 693-2000
4  Facsimile:  (415) 693-2222

5  TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
   110 N. Wacker Drive, Suite 4200
6  Chicago, IL 60606
   Telephone: (312) 881-6500
7  Facsimile:  (312) 881-6598

8  BARRETT J. ANDERSON (318539) (banderson@cooley.com)
   WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
9  4401 Eastgate Mall
   San Diego, CA 92121
10 Telephone: (858) 550-6000
   Facsimile:  (858) 550-6420
11
   GREGORY MERCHANT (341287) (gmerchant@cooley.com)
12 3175 Hanover Street
   Palo Alto, CA 94304
13 Telephone: (650) 843-5000
   Facsimile:  (650) 849-7400
14
   *Attorneys for Defendant*
15 THE STATE BAR OF CALIFORNIA

16 *Additional counsel on next page*

17                    UNITED STATES DISTRICT COURT
18            CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
19

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-DFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO STRIKE AND OBJECTION TO PLAINTIFFS' REQUESTS FOR JUDICIAL NOTICE**<br><br>Courtroom: 6B<br>Judge: Hon. Douglas F. McCormick<br>Date: September 15, 2022<br>Time: 11:00 a.m. |

| | |
|---|---|
| 1 | OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA |
| 2 | ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)<br>General Counsel |
| 3 | ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)<br>Deputy General Counsel |
| 4 | SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)<br>Assistant General Counsel |
| 5 | 180 Howard Street<br>San Francisco, CA 94105-1639 |
| 6 | Telephone:  (415) 538-2388<br>Facsimile:   (415) 538-2517 |
| 7 | |
| 8 | *Attorneys for Defendant*<br>THE STATE BAR OF CALIFORNIA |
| 9 | |
| 10 | K&L GATES LLP<br>BETH W. PETRONIO (*pro hac vice*) (beth.petronio@klgates.com) |
| 11 | 1717 Main Street, Suite 2800<br>Dallas, TX 75201 |
| 12 | Telephone:  (214) 939-5815<br>Facsimile:   (214) 939-5849 |
| 13 | CHRISTINA N. GOODRICH (261722) (christina.goodrich@klgates.com) |
| 14 | ZACHARY T. TIMM (316564) (zach.timm@klgates.com)<br>10100 Santa Monica Boulevard |
| 15 | Eighth Floor<br>Los Angeles, California 90067 |
| 16 | Telephone:  (310) 552-5000<br>Facsimile:   (310) 552-5001 |
| 17 | *Attorneys for Defendant* |
| 18 | TYLER TECHNOLOGIES, INC. |
| 19 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 20 | MICHAEL A. GOLD (90667) (mgold@jmbm.com )<br>JUSTIN ANDERSON (328969) (janderson@jmbm.com) |
| 21 | 1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308 |
| 22 | Telephone:  (310) 203-8080<br>Facsimile:   (310) 203-0567 |
| 23 | *Attorneys for Defendant*<br>RICK RANKIN |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Defendants' Joint Motion to Strike Plaintiffs' Requests for Judicial Notice, (Dkt. 84 (the "Motion")), should be granted. The Opposition to Defendants' Joint Motion to Strike, (Dkt. 85 (the "Opposition")), confirms that the RJNs and attached exhibits submitted by Plaintiffs are improper, for the following five reasons:

*First*, Plaintiffs attempt to use the RJNs and attached exhibits to cure the deficiencies in the FAC is improper. (Mot. at 3–4.) Plaintiffs admit that they filed these documents "[i]n Opposition to [Defendants'] motions [to dismiss]" as "evidence prior to the hearing" offered to "support the plausibility of the anticompetitive behavior alleged in the antitrust causes of action" and to "support the plausibility of the allegations [in the FAC] when it comes to lack of notice and duty." (Opp. at 2–4.) There is thus no dispute that the RJNs and attached exhibits are documents "beyond the complaint" that Plaintiffs request the Court consider "[i]n determining the propriety of a Rule 12(b)(6) dismissal." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). These documents are manifestly improper and the Court should not consider them. *Id.*; (*see also* Mot. at 3–4).

*Second*, Plaintiffs acknowledge that "motions to strike under Fed. R. Civ. Proc. Rule 12(f) are limited to pleadings." (Opp. at 4.) As stated in the Opposition, the RJNs are Plaintiffs' efforts to amend the FAC and, as such, are properly construed as (attempted and improper) pleadings. A Rule 12(f) motion to strike is proper here.

*Third*, the Opposition fails to show that the RJNs or the exhibits attached to them—Mr. Schwitzer's affidavit, communications, and blog posts—are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); (*see also* Mot. at 5–7). Plaintiffs' only argument is that "website pages can be and have been used while considering whether a motion to dismiss should be granted or not." (Opp. at 4.) But the one case cited by Plaintiffs is far afield from the situation here and does not support that the documents at issue, whose accuracy and reliability may be questioned for numerous reasons, are properly subject to judicial notice under

1  Rule 201(b). (Mot. at 6–7.) Additionally, Plaintiffs' suggestion that the Court need
2  not "determine the veracity of [Mr. Schwitzer's] statements" in order to use them to
3  "support the plausibility of the allegations [in the FAC]," (Opp. at 4), is nonsense. A
4  statement can hardly support the plausibility of an allegation of fact if it is not
5  accepted as true. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)
6  (holding "a complaint [must allege] enough factual matter (taken as true)" to render
7  claim "plausible"). The Court should not judicially notice the contested facts
8  included in, or attached to, the RJNs.

9      *Fourth*, Plaintiffs argue that the Second RJN was timely and "filed well in
10 advance of the hearing giving defendants time to file evidentiary objections." (Opp.
11 at 3.) But the issue is not the timing of the Second RJN, it is that the Second RJN
12 contains matters of disputed fact that are not properly subject to judicial notice and
13 is, in effect, an improper effort to file a sur-reply brief filed without leave. And
14 Plaintiffs' suggestion that "Defendants do not move to strike the substance" of the
15 Second RJN, (*id.*), is incorrect. Defendants expressly challenged the substance of
16 both RJNs as improper efforts to introduce facts not properly subject to judicial notice
17 and as inappropriate attempts to amend the FAC. (*See* Mot. at 3–6.) The Court
18 should thus strike or otherwise disregard the Second RJN.

19     *Fifth*, and finally, the Opposition asserts that the parties did not meet and
20 confer prior to Defendants filing the Motion. (Opp. at 2, 4.) Plaintiffs do not submit
21 that another meet and confer between the parties would have resolved the subject of
22 the Motion. In any event, the parties held a telephonic conference on May 26, 2022,
23 during which they discussed Defendants' positions with respect to the FAC's
24 deficiencies. Plaintiffs filed both RJNs without prior notice to Defendants in an effort
25 to remedy those deficiencies. No further discussions were required.

26     For those reasons, and those in Defendants' opening Motion, the Court should
27 strike or otherwise disregard Plaintiffs' First and Second RJNs.
28

| | | |
|---|---|---|
| 1 | Dated: September 1, 2022 | COOLEY LLP |
| 2 | | |
| 3 | | */s/ Tiana Demas* |
| 4 | | Tiana Demas |
| 5 | | *Attorneys for Defendant*<br>THE STATE BAR OF CALIFORNIA |
| 6 | | *The filer, Tiana Demas, attests that the other signatories listed, on whose behalf the filing also is submitted, concur in the filing's content and have authorized the filing.* |
| 7 | | |
| 8 | | |
| 9 | Dated: September 1, 2022 | K&L GATES |
| 10 | | |
| 11 | | */s/ Beth W. Petronio* |
| 12 | | Beth W. Petronio |
| 13 | | *Attorneys for Defendant*<br>TYLER TECHNOLOGIES, INC. |
| 14 | | |
| 15 | Dated: September 1, 2022 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 16 | | |
| 17 | | */s/ Michael A. Gold* |
| 18 | | Michael A. Gold |
| 19 | | *Attorneys for Defendant*<br>RICK RANKIN |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |