Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, Jane Roe 1,
Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Hearing Date: September 15, 2022<br>Time: 11:00AM<br>Crtm: 6B |

## MEMORANDUM OF POINTS & AUTHORITIES

### I. FURTHER LEGAL ARGUMENT

**A. The State Bar's Argument Going to the Merits of the First Amended Complaint are Weak**

The State Bar purports there are three reasons why plaintiffs have not met their burden in showing the allegations in the first amended complaint have merit. Each of their contentions are weak: (1) the IPA does not apply so the plaintiffs cannot show there is a likelihood of success on the merits (Doc. 86 p. 8-9); (2) plaintiffs failed to show irreparable harm because there is no evidence showing the State Bar is going to file old charges; and (3) the balance of equities tips in favor the State Bar of California because it would impede the purported "protection of the public" and (4) the relief requested is "wildly overbroad" and not in the public interest. (Doc. 86 p. 8-10).

**1. The IPA including Cal Civ Code § 1798.29 Clearly Applies and the State Bar Clearly Violated This Law**

First, the State Bar argues "First, the IPA does not apply to the State Bar. The IPA applies only to an "agency," which does not include "any agency established under Article VI of the California Constitution." Cal. Civ. Code 1798.3(b)(2). That is the article under which the State Bar is established." (Doc. 86 p. 8-9).

The State Bar of California was not created by the judicial branch, but by the Legislature and approved by the Governor of California on March 31, 1927.

The California Constitution was created in 1849. It was amended in 1879. From 1849 through 1966, the State Bar was not mentioned in Art V1 Section 9 of the California Constitution. Plaintiffs are vehemently opposed to the State Bar's position that they were created alongside Judicial Officers in Art VI of the Cal. Constitution.

In fact, it is incongruous with the scope and procedures that separate the bench from the bar. Attorneys, as members of the Bar, can practice law. Judges, as members of the Bench, cannot practice law. The State Bar can disbar attorneys, but not judges. Judges, on the other hand can be impeached, but not attorneys.

1

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*           22-CV-00983-DFM

The State Bar Act was adopted by the legislature and approved by the Governor of California on March 31, 1927 and became effective on July 29, 1927. (Stats. 1927, p. 38.) *State Bar v. Superior Court* (1929) 207 Cal. 323, 328. The Legislature created a public corporation to regulate attorneys by enacting Cal. Bus. & Prof Code § 6000 et seq. The purpose to create the State Bar in the Act is laid out in Cal. Bus. & Prof Code 6001, "The State Bar of California is a public corporation. It is hereinafter designated as the State Bar. The State Bar has perpetual succession and a seal and it may sue and be sued." Cal. Bus. & Prof Code 6001). The State Bar even reprinted the entire State Bar Act onto the State Bar's website which can be found at: https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Selected-Legal-Authority/The-State-Bar-Act.

In the early 1960s the Legislature created the Constitution Revision Commission, which has then since amended the California Constitution after 1879. Cal Const Art VI Section 9 referred to by the Defendants in opposition to the motion, was not amended to include the State Bar until November 8, 1966; long after the State Bar was already established. The State Bar was established and continued to exist from 1929 to 1966 without being in the Constitution because it was not created in the Constitution. The creation of the State Bar by the Legislature and its limited scope to attorneys as opposed to judges was discussed in the case of *State Bar v Superior Court* (1929) 207 Cal. 323.

> The so-called "State Bar Act" was adopted by the legislature and approved by the Governor of California on March 31, 1927, and became effective on July 29, 1927. (Stats. 1927, p. 38.) In the title of the act it is stated to be "An act to create a public corporation to be known as 'The State Bar of California.'"

*State Bar v. Superior Court* (1929) 207 Cal. 323, 328

As explained at length in the State Bar v Superior Court case, Judicial Officers do not practice law and the State Bar regulates the practice of law so the State Bar cannot discipline Judicial Officers, only lawyers. It is up to impeachment proceedings for Judicial Officers who obtain their power from the Constitution. Whereas, the Legislature gave birth to the State Bar using its legislative powers by creating a public corporation and enacting Bus & Prof Code §

6001 et seq. As such, the contention that the State Bar was created under the Constitution as a judicial arm is mistaken.[1]

The fact that the Legislature has sought to amend the IPA to include the State Bar in section (m) in Assembly Bill (AB) 2958 which the Defendants attached as Exhibit J does not take this point away. Because Cal. Civ. Code 1798.29 already applied to the State Bar, Exhibit J is irrelevant to show that the IPA purportedly did not apply beforehand. The State Bar misquotes the California Constitution in its opposition and took it off their website. (Opp. Doc 86 p. 18) Section 9 of Article VI actually reads:

> SEC. 9. The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this State is and shall be a member of the State Bar except while holding office as a judge of a court of record.

Cal. Const. Art. VI, Sec. 9.

The amendment in 2958 is redundant in this regard. The comments that after the breach it wants to turn on the disciplinary spigot tilts in the plaintiff's favor of obtaining injunctive relief. This has nothing to do with Girardi and more to do with the State Bar's attempt to legislate its way out of this mess instead of taking responsibility.

### 2. Mandating the State Bar Obey the Law and Give Proper Notice to the Victims of the Breach Is Narrowly Tailored to the Requirements in Cal Civ Code § 1798.29

This is not a typical data breach case where a person's use of an online financial company or social media company was hacked and their online information was released.

The State Bar argues that the relief requested in Number 1, 4 and 5 in the conclusion of the motion is mandatory relief which is rarely granted, but it has otherwise failed to oppose plaintiffs' request for relief in Number 1, 4 and 5 relating to properly noticing all victims of the breach.

> "A mandatory injunction orders a responsible party to take action, while [a] prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." []

---

[1] Govt Code 955.9 which directs service of summons to all judicial branch entities does not refer to the State Bar either. And tort claims against the judicial branch entities are considered by the Judicial Council not the State Bar. Cal Govt Code 912.7.

> We ask whether the plaintiffs seek to maintain or alter the status quo. "The 'status quo' refers to the legally relevant relationship *between the parties* before the controversy arose."
>
> *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.* (9th Cir., Aug. 29, 2022, No. 22-15827) [pp. 29-30]

If the plaintiffs were all inactive attorneys now sitting on the bench, the defendant would have likely provided expedient notice that fully explained there was a breach of the judges' information and the judges would not have to seek a court order making the defendant follow the law. Although plaintiffs are requesting mandatory relief, it is the type of relief the law already clearly requires. Also, the status quo was not on the day the plaintiffs filed suit. The controversy arose before the lawsuit was filed when the State Bar failed to notify the victims of the breach in a expedient manner and with accuracy listing steps to take as required by the IPA. The requested notice mirrors the IPA requirements making it clear. The law was created in 1977 because agencies were accumulating a ton of private information on individuals. No one could have guessed the State Bar would have argued the IPA did not apply to them until the breach occurred when the organization was created by the State Bar Act and not the California Constitution. In essence, it is nothing more than ordering the Defendant to follow and obey the law in Cal Civ Code § 1798.29 by giving the victims of the data breach proper notice including what steps to take because the State Bar is willfully disobeying the law. It is clear that the IPA applies to the State Bar and that there is irreparable harm when an agency fails to give notice that the victim's confidential information has been accessible to users on the internet since 2018.

    Number 5 is narrowly tailored to the IPA claim that the State Bar failed to comply with the IPA by giving the victims proper notice of the breach. Number five repeats the contents required in a notice in order to be in compliance with Cal. Civ. Code 1798.29. Since there law and harm are clear, the injunction should issue including the relief requested in Number 5.

    Related to Number 5 is requirement Number 1 - the Court should restrain the State Bar from interjecting the phrase "page views" into the notice which then confuses the recipient as to whether or not their confidential record ended up on the open internet. This request is not mandatory relief but prohibitive relief thus the lower standard is met if the Court finds that

4

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*     22-CV-00983-DFM

serious questions go to the merits of the legitimacy of this litigation and there is irreparable harm.

Also related to Number 5, is Number 4 which requires the State Bar to take a properly prepared Notice and upload it to the member's State Bar profile for the member to retrieve. The notices the State Bar emailed were not from the State Bar but a third party giving notice of an "Odyssey portal breach." A victim of the breach is not going to know that this email is important or from the State Bar because it doesn't say it is from the State Bar.

The emails may simply end up in spam and get deleted. However, having the Notices uploaded to the attorney's online portal where the portal already is used to upload and communicate official business with the State Bar is a much more predictable forum ensuring the attorney will look at it. Moreover, the State Bar will be able to see if and when the victim goes to the site and actually downloads the notice, assuring notice was effectuated.

There is no counter public interest to the State Bar – meaning it would not protect the public by denying the relief requested – proper Notice to the victims and there are no equities on the side of the State Bar. However, irreparable harm can ensue when a person is not notified that there has been a breach of their confidential information on the internet.

Because the defendant did not oppose the requested relief in Numbers 1, 4 and 5, other than on the basis it was mandatory, this Court should grant preliminary injunctive relief consistent with these requests.

### 3. Restraining the State Bar from Filing Public Charges on Old Confidential Files Is in the Public Interest Because Serious Questions Going to the Merits Have Abound

Defendants focus their opposition on the request to bar the State Bar from filing new notice of public disciplinary charges that are more than six months old and from divulging sensitive/confidential information contained in the confidential files to the defense counsel.

Confidential investigations spanning several decades being placed on a free search engine on the internet is a "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." Hill v. Nat'l Collegiate Athletic Assn., 7 Cal.4th 1, 37 (1994).

5

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

As shown above, it is simple math using the Defendant's own numbers show the magnitude of the breach which spans decades. A statute of limitations is imposed on legal malpractice of one year, State Bar complaints of three to five years and from open investigation to file has a statutory goal of six months. Yet the State Bar doesn't want to be constrained at all. There are no hidden "Tom Girardi" attorneys out there. The State Bar was well aware for decades of his actions.

Pulling out old investigations and filing public disciplinary charges which leads to immediate reputation loss and economic harm with the risk of sanction, suspension or disbarment for the sake of lessening liability to the State Bar is exactly the type of irreparable harm such injunctive relief now could prevent.

There are many good people who work at the State Bar that would never trample on someone's rights like that, but that does not include everyone and this type of risk shouldn't even exist, but it does. The fact the State Bar would not back off from implying they would show harm is temporary because many of the over 300,000 investigations may become public is horrifying. We don't even have that many active members practicing in California.

With over 300,000 confidential records breached and only 10,000 investigations opened on average per year, it's simple math to demonstrate this breach included records of investigations that occurred decades ago, yet the State Bar is resisting any injunctive relief including an agreement to simply affirm they are not going to publicly go after a person whom they did not deem appropriate to do so before the breach. It should be a nonissue.

Defendants failed to file an evidentiary objection with their opposition and their arguments based on relevance are misplaced. Former Defendant Kevan Schwitzer gave the documents and written testimony as consideration for his dismissal by way of settlement precisely so the plaintiffs could use that evidence in this case in any manner that it fits. It is relevant to demonstrate the reason for the breach was egregious and the defendants didn't care about assisting the victims so they could protect themselves with the breach as much as they did in massaging the messaging to obfuscate the damage done. Plaintiffs suspect many victims still do not know their information was breached because the email notices were not even from the State Bar but a third party that could have easily landed in their spam folder.

6

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

Finally, the defendants own documents support this relief. It is their own audit that showed only 3.5% of investigations turned into public disciplinary charges. It is the State Bar counsel's own email response refusing to give any assurance that the members who had old investigations would not turn into public disciplinary matters now. And it is the State Bar's own Exhibits showing that AB 2859 tacked on emergency legislation to purport to immunize or demonstrate they were not part of the IPA when they were - showing just how quickly the State Bar can have the law changed to suit their needs.

Assembly Bill (AB) 2958 was rushed through after the plaintiffs filed suit when the State Bar failed to take action and protect the victims of the data breach.

It is labeled "emergency legislation" but whose emergency was it? It surely wasn't the victims of the data breach. The amendment purports to immunize the State Bar from being enjoined or having to pay victims of a data breach in the future. If that isn't political, then what is?

Unlike other state agencies, it is the State Bar members who fund a substantial portion of the State Bar but the State Bar tends to take half of those proceed to act as an advocate against the members who pay. In comparison to other state licensing agencies, its coffers are ten times the size. As such, members of the State Bar fear the State Bar. There are many other instances where rights of the people have been taken away when someone becomes a member of the State Bar.

**4. Miscellaneous Other Items**

The State Bar also contends that the plaintiffs had to prove compliance with the State Tort Claims Act in order to proceed. The State Tort Claims Act is not a prerequisite to obtaining injunctive relief (it is only applied to determine if the plaintiff is entitled money damages). *Long v. City of Los Angeles* (1998) 68 Cal.App.4th 782, 787 This rule still applies even if money damages are also sought because that is considered incidental. See, e.g., *Eureka Teacher's Assn. v. Board of Education* (1988) 202 Cal.App.3d 469, 475

Defendant asserts the breach only contained case docket information. (Doc. 86 p. 20) But the Defendant's own notice it drafted included social security numbers as the type of information that was found breached.

Defendant also asserts that "The Motion also fails to clearly show the other two elements of this claim: that Plaintiffs had a "legally protected privacy interest" and a "reasonable expectation of privacy" in the Docket Data. Hill, 7 Cal.4th at 39–40." (Opp Doc 86 p. 21). The records were deemed confidential pursuant to statute, leading to a reasonable expectation of privacy. The minimal merit required or at least serious questions going to the merits of this cause of action exist warranting preliminary injunctive relief.'

**5. An Attorney Only Has Her Reputation**

Professional reputation of a lawyer is unique to each person. Every public disciplinary charge, whether pursued or not – leaves a little mud on the knees of the person's reputation. No amount of money can compensate for that and the reputation can never be fully restored.

> The reputation of an attorney is one of his or her most valued possessions. *In re Williams*, 156 F.3d 86, 90 (1st Cir. 1998)… Any complaint lodged against an attorney whether founded or unfounded is a stain on that badge.

*In re Moncier* (E.D. Tenn. 2008) 550 F. Supp. 2d 768, 774

> The reputation you develop for intellectual and ethical integrity will be your greatest asset or your worst enemy…There is no victory, no advantage, no fee, no favor, which is worth even a blemish on your reputation for intellect and integrity . . . Dents to [your] reputation are irreparable.

*In re Moncier* (E.D. Tenn. 2008) 550 F. Supp. 2d 768, 774-75

"While the reputation of an attorney cannot determine whether a sanction should be imposed, the potential damage to an attorney's reputation and career is a factor that should be considered in determining the nature of the sanction. *Thomas v. Capital Sec. Services, Inc.* (5th Cir. 1988) 836 F.2d 866, 878 superseded by statute.

The above case quotes show just how much an attorney depends on a good reputation and how damaging a confidential investigation that never rose to the level of a public disciplinary matter now arising from the dead can cause irreparable harm.

The injunction should issue. There is no legitimate reason for the State Bar to assert there is an issue of protection of the public on confidential investigations that have languished for years or even decades by now.

**6. The Delay of 25 Days Was Justified**

8

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*          22-CV-00983-DFM

Next, the State Bar contends that this Court should deny injunctive relief because the plaintiffs were not diligent in seeking redress.

It took the State Bar 135 days (from February 26, 2022 to July 11, 2022) to notify attorneys, former judges, law students and complainants of the data breach. Plaintiffs, on the other hand, filed their motion requesting injunctive relief twenty-five (25) days later. "That it took them months to do their diligence does not suggest that Edmo will not be harmed absent an injunction." *Edmo v. Corizon, Inc.* (9th Cir. 2019) 935 F.3d 757, 798

Finally, the State Bar argues that "The public interest would not be served by establishing a precedent that courts may order parties not to communicate freely with their counsel about matters crucial to their defense." (Opp. Doc. 86 p. 27).

The confidential matters that were contained in the breach are not relevant. The point is that no one else was supposed to know the investigation exists. There is no known affirmative defense or legal theory where there is an exception to a data breach based on the allegations made in the confidential investigation file or the reasons or facts contained in a confidential investigation file. The State Bar fails to explain how the content contained in confidential investigations made by the State Bar that was never meant to be disclosed beyond the department of the OCTC would be "crucial to their defense."

The State Bar characterizes the plaintiffs' concern that the State Bar will mitigate their damages by filing more than intended public disciplinary charges from the putative class members as "nonsense." But the State Bar already implied the harm was less on the grounds that some of these confidential records became public between February 26, 2022 and May 23, 2022.

On May 23, 2022 the State Bar sent out a notice which stated "For some of these cases, the same information ultimately became public through the course of the State Bar's disciplinary process, including where discipline ultimately was imposed." (Doc. 74 pg. 31). In order to make this representation, the State Bar both compiled a list of all members who had confidential records in the breach and charges that were filed after February 26, 2022.

The notice also provided "Full confidential case documents were not scraped by and were not indexed on judyrecords. That means no complaints, transcripts of hearings, mental

9

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*        22-CV-00983-DFM

health reports, or other documents related to nonpublic attorney discipline proceedings were available or viewed by unauthorized individuals as a result of the Odyssey vulnerability." (Doc. 74 pg. 31).

However, the State Bar's own Update on the State Bar website alerted the public that at least one social security number, mental and substance abuse files were also found in the breach.

"Group 1: Confidential records with page views The State Bar will notify approximately 1,300 complainants, witnesses, or respondents whose names appeared in the 1,034 confidential records that showed evidence of a page view. Sample witness notice | Sample respondent notice Of these records, 6 contained the case type "Inactive 6007(b)(3) Mental Illness or Substance Abuse." Sample notice Notices to Group 1 will be sent by email, or by postal mail if we do not have email addresses on file." (Doc. 74 pg. 34).

Although, the State Bar was able to identify that at least one social security number and six cases classified as inactive due to mental illness or substance abuse tends to show that the information in the public domain was of such a personal nature an injunction should issue. "That it took them months to do their diligence does not suggest that Edmo will not be harmed absent an injunction." *Edmo v. Corizon, Inc.* (9th Cir. 2019) 935 F.3d 757, 798.

## II.   CONCLUSION

Wherefore, plaintiffs respectfully request that this Court grant the motion in whole or in part.

Dated:  September 1, 2022          Respectfully Submitted,
                                   LAW OFFICES OF LENORE ALBERT
                                   /s/ Lenore Albert_____
                                   LENORE L. ALBERT, ESQ.
                                   Attorney for Plaintiffs, John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3, and John Roe 2, *on behalf of themselves and all others similarly situated*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1968 S Coast Hwy #3960, Laguna Beach, CA 92651

A true and correct copy of the foregoing document entitled:

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner stated below:

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. on 08-05-2022, I served the following persons and/or entities ECF or email as follows:

X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09-01-2022 | Lenore Albert | /s/Lenore Albert |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

**11**
**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*   22-CV-00983-DFM

SERVICE BY ECF

| Defendant | | |
|---|---|---|
| **The State Bar of California** | represented by | **Michael G Rhodes** <br> Cooley LLP <br> 3 Embarcadero Center 20th Floor <br> San Francisco, CA 94111 <br> 415-693-2000 <br> Fax: 415-693-2222 <br> Email: rhodesmg@cooley.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br><br> **Barrett J Anderson** <br> Cooley LLP <br> 4401 Eastgate Mall <br> San Diego, CA <br> 858-550-6000 <br> Fax: 858-550-6420 <br> Email: banderson@cooley.com <br> *ATTORNEY TO BE NOTICED* <br><br> **Gregory John Merchant** <br> Cooley LLP <br> 3175 Hanover Street <br> Palo Alto, CA 94304 <br> 650-843-5620 <br> Email: gmerchant@cooley.com <br> *ATTORNEY TO BE NOTICED* <br><br> **Walter Waidelich** <br> Cooley LLP <br> 4401 Eastgate Mall <br> San Diego, CA 92121 <br> 858-550-6000 <br> Fax: 858-550-6420 <br> Email: cwaidelich@jonesday.com <br> *ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Tyler Technologies, Inc.** <br> *also known as* <br> Doe 1 | represented by | **Jason Nathaniel Haycock** <br> K and L Gates LLP <br> Four Embarcadero Center Suite 1200 <br> San Francisco, CA 94111 |

| | | |
|---|---|---|
| | | 415-882-8200<br>Fax: 415-882-8220<br>Email: jason.haycock@klgates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christina N Goodrich**<br>K and L Gates LLP<br>10100 Santa Monica Boulevard 8th Floor<br>Los Angeles, CA 90067<br>310-552-5000<br>Fax: 310-552-5001<br>Email: christina.goodrich@klgates.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Kevan Schwitzer** | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email: david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Peter William Baldwin**<br>Faegre Drinker Bibble and Reath LLP<br>1177 Avenue of the Americas 41st Floor<br>New York, NY 10036<br>212-248-3140<br>Fax: 212-248-3141<br>Email: peter.baldwin@faegredrinker.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | **Michael Gold** |

| **Rick Rankin** | MAG@jmbm.com via Email |
|---|---|

Tiana A. Demas    tdemas@cooley.com

Christina N. Goodrich    klgateseservice@klgates.com, christina.goodrich@klgates.com

Michael Allan Gold    mgold@jmbm.com, cl7@jmbm.com, mastercalendar@jmbm.com

Lenore L Albert    docket@interactivecounsel.com, lenorealbert@msn.com, lenalbert@interactivecounsel.com

Justin Alexander Anderson    learly@jmbm.com, janderson@jmbm.com, mastercalendar@jmbm.com

Michael G Rhodes    mrhodes@cooley.com, john-brocales-7263@ecf.pacerpro.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, rhodesmg@cooley.com, smartinez@cooley.com

Walter Waidelich    cwaidelich@cooley.com, kjones@cooley.com

David Belcher    docketgeneral@faegredrinker.com, shanta.teekah@faegredrinker.com, david.belcher@faegredrinker.com

Beth W. Petronio    beth.petronio@klgates.com

Gregory John Merchant    gmerchant@cooley.com

Peter William Baldwin    peter.baldwin@faegredrinker.com, usacac.criminal@usdoj.gov, peter.baldwin@usdoj.gov

Barrett J Anderson    banderson@cooley.com, mdejesus@cooley.com, efiling-notice@ecf.pacerpro.com

14

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF A PRELIMINARY INJUNCTION**
*Roe v The State Bar of California, et al.*    22-CV-00983-DFM