# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1 et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE BAR OF CALIFORNIA et al., <br><br> Defendants. | No. SA CV 22-00983-DFM <br><br> Order Denying Plaintiffs' Motion to Disqualify (Dkt. 42) |

Plaintiffs move to disqualify the law firm of Wagstaffe, von Lowenfeldt, Busch & Radwick LLP ("WVBR") from representing Defendant State Bar of California ("State Bar"). See Dkt. 42 ("Mot."). The State Bar opposed the motion. See Dkt. 71 ("Opp'n"). Plaintiffs did not file a Reply. The Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15.

For the following reasons, the Motion is DENIED.

## I. BACKGROUND

In this putative class action, Plaintiffs allege that Defendants violated their right to privacy when confidential State Bar disciplinary records were published on the Internet. See Dkt. 1-8, First Amended Complaint.

On May 2, 2022, the State Bar retained the law firm Cooley LLP to represent it in this action. See Dkt. 71-1, Declaration of Robert G. Retana

("Retana Decl.") ¶ 4. On May 13, Lenore L. Albert filed a Notice of Appearance on behalf of Plaintiffs. See Dkt. 5. On June 8, Cooley attorney Tiana Demas filed a Notice of Designation of Cooley attorneys Michael G. Rhodes, Tiana Demas, Barrett Anderson, and Walter Waidelich as lead counsel for the State Bar. See Dkt. 40. On June 29, State Bar Assistant Counsel Suzanne Grandt filed a Notice of Appearance on behalf of the State Bar. See Dkt. 50. WVBR has not entered in an appearance in this case. See Retana Decl. ¶ 10.

Albert v. Farfan et al., Case No. 18-ap-01065 (the "Albert Action"), is an unrelated adversary proceeding currently pending in the United States Bankruptcy Court for the Central District of California brought by Albert against the State Bar and numerous State Bar employees, alleging violations of bankruptcy law related to the State Bar's suspension of Albert's license. See id., Dkt. 85, First Amended Consolidated Complaint. On May 12, 2022, the State Bar retained WVBR to represent it in the Albert Action. See Retana Decl. ¶ 5. On May 23, WVBR attorney Michael von Loewenfeldt filed a Notice of Appearance on behalf of the State Bar. See Albert, Case No. 18-ap-01065, Dkt. 363. On June 23, WVBR attorney Frank Busch filed a Notice of Appearance on behalf of the State Bar. See id., Dkt. 392.

On June 7, 2022, the State Bar convened in special session to approve a contract to retain WVBR in this case and the Albert Action. See Dkt. 42, Declaration of Lenore Albert ("Albert Decl.") ¶ 8. That same day, Albert wrote to WVBR attorney von Loewenfeldt to ask if he believed WVBR's representation of the State Bar in this action was a conflict of interest, but he would not discuss his retention with her. See id. ¶¶ 11-13.

## II. LEGAL STANDARD

### A. Disqualification Generally

In the Ninth Circuit, state law governs motions to disqualify. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."); see also In re Cty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000) ("Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue."). The Central District applies the California State Bar Act, the California Rules of Professional Conduct, and related judicial decisions in assessing the standards of professional conduct. See L.R. 83-3.1.2.

The decision to disqualify counsel is within the trial court's discretion and limited by applicable legal principles. See Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980); People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1143-44 (1999). Due to the potential for abuse, motions to disqualify are subject to strict judicial scrutiny. Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985). A court should examine the implications of disqualification, including "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." SpeeDee, 20 Cal. 4th at 1145.

### B. Disqualification Due to Conflict

California Rule of Professional Conduct 1.7 provides, "A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter." Rule 3-310 provides that a member shall not, without the informed written consent of each client,

"Accept representation of more than one client in a matter in which the interests of the clients potentially conflict."

Disqualification due to conflict arises when the circumstances of a particular case present "a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person." Sharp v. Next Ent., Inc., 163 Cal. App. 4th 410, 426 (2008) (internal citations omitted). This type of conflict typically occurs when an attorney represents a client with adverse interests to a former client, or where an attorney seeks to represent in a single action multiple parties with potentially adverse interests. See W. Sugar Coop. v. Archer-Daniels-Midland Co., 98 F. Supp. 3d 1074, 1080 (C.D. Cal. 2015). The underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during its representation that would be relevant to the other matter in which disqualification is sought. See Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980).

### III. DISCUSSION

Plaintiffs argue that WVBR should be disqualified from representing the State Bar in this matter because WVBR's involvement in the Albert Action has given it "a trove of information it can now pass onto Cooley." Motion at 3. But by Plaintiffs' own admission, "no one at [WVBR] has appeared in this case." Id. at 3. The Court is hard pressed to understand how it can disqualify a law firm that has not appeared and is not representing any party to the case.

Additionally, the Court agrees with the State Bar that Plaintiffs fail to set forth a legal basis for disqualification. See Opp'n at 7-9. The State Bar is the client in both this action and the Albert Action, which makes this action unlike typical disqualification cases where one attorney obtains confidential information about a party while associated with one firm, and then switches to

4

another firm that was already representing the client's adversary. See UMG Records, Inc. v. MySpace, Inc., 526 F. Supp. 2d 1046, 1064 (C.D. Cal. 2007) (discussing disqualification cases).

Plaintiffs cite Hueston v. Imperial Credit Commercial Mortg. Inv. Corp., 179 F. Supp. 2d 1157 (C.D. Cal. 2001), but that case is inapposite. There, defendants argued that plaintiff's counsel should be disqualified due to his relationship with co-counsel, who was a former attorney and officer of the defendant and received confidential information concerning the lawsuit. See id. at 1167-68. Noting that the facts constituted "a square peg which does not fit into the round holes of the rules generally applied in attorney disqualification cases," the Court found disqualification appropriate because plaintiff's counsel had conflicting duties. See id. at 1168-80. Here, by contrast, there is no suggestion that WVBR has ever represented Ms. Albert.

Last, Plaintiffs do not explain how or why information disclosed in the Albert Action would impact this lawsuit. Plaintiffs' suggestion that WVBR is being employed to pass on investigative subpoenas of financial accounts to Cooley or "monitor the war chest," Mot. at 3-5, is pure speculation. Plaintiffs are free to seek relief if the State Bar uses the Albert Action to harass or otherwise undermine the judicial process.

## IV. CONCLUSION

Plaintiffs Motion to Disqualify WVBR is DENIED.

Date: September 7, 2022

DOUGLAS F. McCORMICK
United States Magistrate Judge