# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1 et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE BAR OF CALIFORNIA et al., <br><br> Defendants. | No. SA CV 22-00983-DFM <br><br> Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 72) |

Plaintiffs move for a preliminary injunction against Defendant the State Bar of California ("State Bar"). See Dkt. 72 ("Mot."). The State Bar opposed. See Dkt. 86 ("Opp'n"). Plaintiffs responded. See Dkt. 90 ("Reply"). The Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15.

For the following reasons, the Motion is DENIED.

## I. BACKGROUND[1]

In this putative class action, Plaintiffs allege that the State Bar and others violated their right to privacy when confidential State Bar disciplinary records

---

[1] References to the allegations in the First Amended Complaint are made for background purposes. Although the Court has the discretion to give inadmissible evidence some weight in preliminary injunction proceedings, the

were published on the Internet. Since May 2022, the State Bar has sent out notices to 1,600 people that their confidential information had evidence of "page views," and to 100,000 people or more that their confidential information did not have evidence of page views. See Mot. at 6.

All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed. Most State Bar investigations do not culminate in public charges. Plaintiffs worry that the State Bar will retaliate against them by taking their confidential investigations and making them public charges after their identities are known. Id. at 9. Plaintiffs thus seek to enjoin the State Bar from filing any public charges "that were confidential yet breached if that investigation is more than six months old or some other reasonable point." Id. Plaintiffs also seek to enjoin the State Bar from using the phrase "page views" in their notices and sharing any of their confidential or sensitive information with opposing counsel, and to require the State Bar to upload Notices of Breach in compliance with the California Information Practices Act. See id. at 18-19.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 676 (2008) (internal quotations marks omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). A district court should issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

---

Court still relies on evidence, not allegations, as the basis for issuance of an injunction. See Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012).

This requires the district court to make findings of fact and conclusions of law. See Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1157 (9th Cir. 2007).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. The Court evaluates "these factors on a sliding scale, such 'that a stronger showing of one element may offset a weaker showing of another.'" Recycle for Change v. City of Oakland, 856 F.3d 666, 669 (9th Cir. 2017) (quoting All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)). When the balance of equities "tips sharply towards the plaintiff," the plaintiff must raise only "serious questions" on the merits—a lesser showing than likelihood of success. Wild Rockies, 632 F.3d at 1134-35.

### III. DISCUSSION

The Court's inquiry begins and ends with irreparable harm. Plaintiffs' claim of irreparable harm is based on a fear of retaliation and a lessened ability to seek damages in this litigation. Plaintiffs' arguments are unpersuasive.

### A. Allegations of Harm

A non-attorney individual identifying as "M.A." asserts that she "filed State Bar complaints against people who work/worked for the San Mateo District Attorney's Office," and suggests that, if those charges were publicly filed now, she would be "in danger of retaliation." Dkt. 75 ¶¶ 1, 4, 9. As the State Bar persuasively argues, however, M.A. provides no facts explaining why she fears retaliation, let alone fears it now, considering that her complaint could have become public if the Office of Chief Trial Counsel had ever brought charges. See Opp'n at 23. M.A.'s conclusory affidavit without sufficient support in facts does not demonstrate the sort of "immediate threatened

3

injury" that is a "prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Balridge, 844 F.2d 668, 674 (9th Cir. 1998).

The remaining declarations by N.Z., John Roe 2, R.S., and Jane Roe 2, all members of the Bar, claim that they "fear that the State Bar will start taking their old confidential investigation files and file charges, not because they believe there is more merit to them, but because they can argue there was no damage due to the breach because the confidential information eventually became public through filing the charges." Mot. at 9; see Dkts. 76 ¶ 8 (N.Z.), 77 ¶ 8 (John Roe 2), 79 ¶ 12 (R.S.), 83 ¶ 11 (Jane Roe 2). Plaintiffs provide no credible evidence to support their belief that the State Bar will unmark them in order to lessen any damages award. Plaintiffs' bald assertion of harm is the sort of speculative injury that is not sufficient to warrant granting a preliminary injunction. See Caribbean Marine, 844 F.2d at 674; Winters, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.").

In addition to being speculative, Plaintiffs' alleged harms—retaliation and lessened ability to seek damages in this lawsuit—can likely be compensated by money damages, which weighs "heavily against a claim of irreparable harm." Los Angeles Memorial Coliseum Comm'n v. N.F.L., 634 F.2d 1197, 1202 (9th Cir. 1980). Plaintiffs also argue that they will suffer irreparable injury as a result of damage to their reputation. See, e.g., Dkt. 76 ¶ 9 ("I want to preserve my reputation as a lawyer in this state and filing any public charges against me would harm that reputation."). Although the loss of reputation can establish irreparable harm, there must be credible and admissible evidence that such damage threatens the plaintiff's business with termination. See Am. Passage Media Corp. v. Cass Commc'ns., Inc., 750 F.2d 1470, 1473 (9th Cir. 1985) (no irreparable injury without evidence that failure

4

to perform contract "threatened [plaintiff's] existence"); Metromedia Broad. Corp. v. MGM/UA Ent. Co., Inc., 611 F. Supp. 415, 426 (C.D. Cal. 1985) (same). Here, there is no evidence indicating that the four individuals' respective law practices would not survive if disciplinary charges became public.

**B.    Delay**

The Court also finds that Plaintiffs' delay in bringing this motion militates against the likelihood that they would suffer irreparable harm absent a preliminary injunction. See Miller v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."). Approximately ten months have passed since the records were published on the Internet and five months have passed since Plaintiffs filed their complaint. See Dkt. 1, Exh. A (state court complaint filed on March 18, 2022). Such a delay demonstrates a lack of any irreparable harm. See Garcia v. Google, Inc., 786 F.3d 733, 746 (9th Cir. 2015) (affirming district court's finding that five-month delay undercut plaintiff's claim of irreparable harm); Playboy Enters. v. Newscape Commc'ns. Corp., 55 F. Supp. 2d 1070, 1080 (C.D. Cal. 1999) (finding that five-month delay in filing motion for preliminary injunction demonstrated lack of irreparable harm).

Indeed, Plaintiffs' delay in moving for injunctive relief illustrates how speculative their harm is. Jane Doe 2 states that the State Bar "knew [she] was a plaintiff in this case prior to sending out the notice so they removed [her] from their list" and can determine her identity "by [her] status and medical diagnosis." Dkt. 83 ¶¶ 7, 8. The State Bar's ability to identify Jane Doe 2 would not be surprising given her description in the First Amended Complaint. See Dkt. 1-8 ¶ 3 (alleging that Jane Roe 2 is a former judge, a resident of San Diego County, and was the subject of a confidential investigation filed with the

State Bar). Nevertheless, the State Bar has not taken her confidential investigation public in retaliation or to lessen her damages claim in this case.

## IV. CONCLUSION

Plaintiffs' Motion for a Preliminary Injunction is DENIED.

Date: September 7, 2022

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge