COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT J. ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; KEVAN SCHWITZER; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Courtroom: 6B<br>Judge: Hon. Douglas F. McCormick |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
General Counsel
ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Deputy General Counsel
SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2388
Facsimile: (415) 538-2517

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

K&L GATES LLP
BETH W. PETRONIO (*pro hac vice*) (beth.petronio@klgates.com)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Facsimile: (214) 939-5849

CHRISTINA N. GOODRICH (261722) (christina.goodrich@klgates.com)
ZACHARY T. TIMM (316564) (zach.timm@klgates.com)
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.

JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL A. GOLD (90667) (mgold@jmbm.com )
JUSTIN ANDERSON (328969) (janderson@jmbm.com)
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

*Attorneys for Defendant*
RICK RANKIN

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

## I. INTRODUCTION

Pursuant to Local Rule 7-19, Defendants The State Bar of California, Tyler Technologies, Inc., and Rick Rankin (collectively, "Defendants") jointly submit this *ex parte* application for an extension of the deadline to file their supplemental motions to dismiss the federal antitrust claims alleged in Plaintiffs' recently filed Second Amended Complaint ("SAC"). Defendants request an additional four weeks, thus moving their deadline from October 24 to November 21, 2022. To mitigate any possible prejudice, Defendants also propose that the Court set a reasonable briefing schedule granting additional time to Plaintiffs to file their opposition briefs and Defendants to file their reply briefs in support of the supplemental motions to dismiss.

The Court dismissed the federal antitrust claims in Plaintiffs' First Amended Complaint ("FAC") and gave them leave to amend those claims with narrow limitations. Unfortunately, Plaintiffs have instead added to the SAC voluminous and (in many instances) what seem to be entirely irrelevant factual allegations, as well as pleaded what appears to be a new and possibly different—if no less deficient—theory of antitrust liability than that Plaintiffs asserted in the FAC. Strikingly, while the FAC was 19 pages long with 129 paragraphs of allegations, the SAC is more than three times longer, with 66 pages containing 298 paragraphs of allegations and two new exhibits. Defendants thus request additional time because it is necessary for them to fully investigate these new claims, attempt to understand Plaintiffs' modified (albeit still incoherent) antitrust theory of liability, and have sufficient time to prepare and file their supplemental motions to dismiss.

Defendants attempted to avoid the need to trouble the Court with this routine and reasonable request. Counsel for the State Bar, on behalf of Defendants, requested that Plaintiffs' counsel agree to a briefing schedule. (*See* Declaration of Barrett J. Anderson ("Anderson Decl."), ¶¶ 2–4 & Ex. A (email correspondence).) Unfortunately, Plaintiffs' counsel declined Defendants' request and only offered to

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

agree to a seven-day extension, which Defendants do not believe is adequate time for them properly to address the expanded and changed allegations in the SAC. Consequently, Defendants were left with no choice but to file this emergency application seeking an extension of time.

## II. RELEVANT BACKGROUND

Plaintiffs filed the FAC on April 13, 2022. (Dkt. 1-8.) The FAC asserted seven causes of action against various groups of Defendants: (1) violation of the California Information Practices Act; (2) invasion of privacy under Article I, Section 1 of the California Constitution; (3) invasion of privacy under California Civil Code Section 1798.53; (4) violation of Section 2 of the Sherman Antitrust Act; (5) violation of Section 3 of the Sherman Antitrust Act; (6) negligence; and (7) negligence *per se*. (*Id.*) On June 6, 2022, Defendants each filed a motion to dismiss the FAC. (Dkts. 35, 36, 38.) The parties fully briefed those motions and the Court heard oral argument on September 15, 2022. (Dkt. 93.)

At the hearing, the Court focused on the two claims under the Sherman Antitrust Act, expressing that the "Section 3 claims are hopeless as a matter of law and they should be dismissed with[] prejudice." (Dkt. 97 at 8:1–3.) With respect to the Section 2 claim, the Court stated that "the State Bar's disciplinary rules are likely immune from challenge," that "the First Amended Complaint does not allege sufficient facts to demonstrate that the State Bar has a specific intent to monopolize a relevant market," and that "Plaintiffs have failed to allege a plausible antitrust injury." (Dkt. 97 at 8:6–7, 8:17–19, 9:14.) The Court thus opined that "[i]n sum, I think the effort to turn this data breach[] case into an antitrust case seems to me to be an overreach." (*Id.* at 9:15–16.) However, the Court indicated it would likely provide Plaintiffs an opportunity to amend, but that "the amendment should be limited to the Sherman Act claims." (*Id.* at 23:4–5.) Plaintiffs' counsel agreed that the Court could "limit [the amendment] to those two claims." (*Id.* at 32:13.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

On September 19, 2022, the Court issued a written order granting Defendants' motions to dismiss with respect to the FAC's two Sherman Act claims. (Dkt. 94 at 9.) *First*, the Court dismissed the Section 3 claim with prejudice, ruling that Section 3 only applies to alleged violations that take place in a federal territory. (*Id.* at 8–9.) *Second*, the Court dismissed the Section 2 claim, ruling that the State Bar was immune from antitrust liability and that Plaintiffs failed to allege either specific intent to monopolize or cognizable antitrust injury. (*Id.* at 4–8.) But, as suggested, the Court granted Plaintiffs the narrow leeway only "to add additional factual allegations, re-plead the § 2 claim, and add a § 1 claim" (also under the Sherman Act). (*Id.*) To limit the scope of the amended pleading, the Court ordered Plaintiffs "not to add new causes of action or parties." (*Id.*) Presumably on the basis that the amended pleading would be narrow in scope, the Court set forth a short briefing schedule, providing Defendants 14 days to file their supplemental motions to dismiss, Plaintiffs 14 days to file their opposition briefs, and Defendants seven days to file their replies in support of the supplemental motions. (*Id.*)

Plaintiffs filed the operative version of the SAC on October 10, 2022. (Dkt. 100.) The SAC contains 66 pages with 298 paragraphs of allegations, compared to the just over 19 pages with 129 paragraphs of allegations in the FAC. (*Compare* Dkt. 1-8 *with* Dkt. 100.) As revealed by a simple redline comparison between the FAC and SAC, Plaintiffs enlarged their complaint by adding substantial factual allegations regarding issues unrelated to the Sherman Act claims. (*See* Anderson Decl. Ex. B ("Redline").) Among other things, Plaintiffs included substantial new detail concerning the parties, (*id.* ¶¶ 1–5), and, despite the Court's order for Plaintiffs "not to add . . . parties," (Dkt. 94 at 9), added a new party named "Attorney DE," (Redline ¶ 4). The SAC also contains lengthy allegations and a new exhibit purportedly concerning State Bar membership fees and the alleged costs of disciplinary proceedings, (*see, e.g.*, *id.* ¶¶ 18–27 & Ex. A), none of which was ever mentioned in the FAC. Moreover, Plaintiffs' alterations to their Sherman Act causes

3

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

of action appear to add voluminous and possibly irrelevant allegations, and otherwise the SAC appears to attempt to significantly change Plaintiffs' theory of antitrust liability. (*See, e.g.*, *id.* ¶¶ 179–280.)

On October 12, 2022, counsel for the State Bar emailed Plaintiffs' counsel requesting an agreement regarding a stipulated briefing schedule and explaining that it would provide the necessary time for all parties to properly prepare and file their briefs, while avoiding the need for the parties to work during the holidays. (Anderson Decl. Ex. A. at 14–15.) Plaintiffs' counsel declined to agree to the proposed briefing schedule, asserting that it would interfere with counsel's trial schedule, and instead proposed a one-week extension. (*Id.* at 8–10.) Counsel for the State Bar responded that Defendants would need more time than one additional week to investigate and attempt to understand the substantial changes in the SAC, and thus proposed a different briefing schedule specifically designed to accommodate Plaintiffs' counsel's trial schedule. (*Id.* at 7–8.) That proposed briefing schedule was:

- Defendants shall file their Supplemental Motions to Dismiss addressing the Sherman Antitrust Act claims alleged in the Second Amended Complaint, (Dkt. 100), by November 21, 2022.
- Plaintiffs shall file any Supplemental Opposition by January 9, 2023.
- Defendants shall file any Supplemental Reply by January 23, 2023.

(*Id.* at 8.) In response, Plaintiffs' counsel reaffirmed that Plaintiffs would not agree to an extension of more than seven days for Defendants' supplemental motions to dismiss. (*Id.* at 2.) Defendants now file this *ex parte* application seeking the additional time they need to investigate the changed allegations in the SAC, and then to prepare and file their supplemental motions to dismiss.

### III. ARGUMENT

#### A. Exigent circumstances justify this *ex parte* application

Defendants file an *ex parte* application because Plaintiffs' counsel declined multiple requests for a reasonable and adequate extension of time, and Defendants

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

have no other method of obtaining the relief they require. Defendants' current deadline for their motions is October 24, 2022, which is only six days from the filing of this application. There is thus insufficient time for Defendants to request an extension through a regularly noticed motion. *See* Local Rule 6-1 (requiring 28 days' notice for motions). These exigent circumstances justify an *ex parte* application.

### B. Good cause exists to extend Defendants' time to file their supplemental motions to dismiss

Good cause supports Defendants' requested extension and proposed briefing schedule because Defendants need more time to study and try to understand the allegations and legal theories in the substantially enlarged and modified SAC.

Parties regularly stipulate to extensions for responses to complaints as a matter of courtesy, which is a practice recognized and endorsed by the local rules. *See* L.R. 8-3 (providing that stipulations for extensions of time to respond to initial complaints of less than 30 days "need not be approved by the judge"). Even without such stipulations, federal courts in California routinely grant extensions of time to respond to pleadings, including amended complaints. *See, e.g.*, *Immigrant Defs. L. Ctr. v. Mayorkas*, 2021 WL 4296210, at *1 (C.D. Cal. June 2, 2021) (granting *ex parte* application to extend time to respond to complaint); *Roberts v. California Dep't of Corr.*, 2014 WL 333554, at *2 (C.D. Cal. Jan. 29, 2014) (granting *ex parte* application for enlargement of time to respond to first amended complaint); *Jamul Action Comm. v. Chaudhuri*, 2015 WL 6744531, at *2 (E.D. Cal. Nov. 4, 2015) (recognizing that court had previously granted *ex parte* application for enlargement of time to respond to second amended complaint); *Mullen v. Surtshin*, 2008 WL 3823028, at *3 (N.D. Cal. Aug. 13, 2008) (granting motion to enlarge time to respond to second amended complaint).

Here, too, an extension is warranted, because both the volume and substance of the claims in the SAC have changed substantially from the FAC. The Court attempted to limit the scope of Plaintiffs' re-pleading, but Plaintiffs have nevertheless

Cooley LLP
Attorneys at Law
Los Angeles

5

DEFENDANTS' MEMORANDUM ISO OF
EX PARTE APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

significantly altered their allegations and drastically modified their legal theories. As a result, Defendants need more than the 14 days originally provided by the Court to investigate, and attempt to understand, Plaintiffs' claims as they are now alleged, and then prepare and file their motions to dismiss the antitrust claims in the SAC.

*First*, it cannot be disputed that the volume of alleged material has more than tripled in size, increasing from 19 to 66 pages (plus two new exhibits) and from 129 to 298 paragraphs of allegations. Defendants thus need more time simply to investigate, evaluate, and try to comprehend this new material.

*Second*, even setting aside the large increase in the size of the SAC, the substance of Plaintiffs' case also appears to have changed significantly. Plaintiffs have added allegations beyond the scope of the antitrust claims and included what appears to be irrelevant factual material throughout the SAC, which will take time for Defendants to examine and categorize in an intelligible manner.

Furthermore, the antitrust theory alleged in the SAC is wholly incoherent or, at best, extraordinarily difficult to comprehend. As but one example, the SAC confusingly refers to various alleged markets, such as those for "PeopleLaw" and "Organizational Clients," which Defendants do not believe are relevant antitrust markets but which they are now obligated to analyze in more detail regardless. The SAC's antitrust claims also appear to rest on explicit references to certain fees and alleged disciplinary costs, which were not mentioned in the FAC and otherwise appear to have no relation to the alleged incident at the center of this case: a third party's harvesting and posting of limited nonpublic docket-level information about attorney disciplinary complaints. Defendants believe there are additional deficiencies in the SAC's antirust claims that necessitate further investigation and consideration. Consequently, Defendants request more time to evaluate and try to understand the SAC's modified and enlarged allegations so that they can explain to the Court why Plaintiffs still fail to state a claim under the Sherman Act.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS' MEMORANDUM ISO OF
*EX PARTE* APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

*Third*, the extension will not prejudice Plaintiffs. The proposed briefing schedule expressly accommodates Plaintiffs' counsel's trial schedule and provides Plaintiffs with an approximately equivalent amount of time (in light of the holiday period) to prepare and file their opposition briefs. Plaintiffs' counsel's only other basis for refusing to agree to Defendants' requested extension appears to be that Plaintiffs would like to begin discovery. But the case is still in the pleading stage and no discovery schedule has been set by the Court; discovery is thus highly unlikely to begin in the near future and the requested extension of time would thus not impact the overall timing of the case. Rather, no prejudice arises from granting Defendants the modest additional time they need to properly investigate and brief the pleading deficiencies in the SAC while also setting a briefing schedule that accommodates Plaintiff's counsel's trial schedule.

*Fourth*, and finally, there are no conferences, hearings, or other court-ordered deadlines currently scheduled in this case, and thus no other deadline or event in the case would be affected by the requested extension or the proposed briefing schedule.

### IV.  NOTICE TO OPPOSING COUNSEL

Counsel for the State Bar, on behalf of all Defendants, repeatedly requested that Plaintiffs agree to an extension of time for their supplemental motions to dismiss and a briefing schedule and indicated that, if they did not, Defendants intended to file a motion with the Court seeking one. (Anderson Decl. Ex. A at 1, 4, 7–8.) Plaintiffs' counsel repeatedly declined those requests and indicated that Plaintiffs would oppose Defendants' *ex parte* application. (*Id.* at 1–2, 4–6.)

Plaintiffs' counsel who participated in the email exchanges and who has been advised of this *ex parte* application is:

Lenore L. Albert, Esq. (210876) (lenalbert@InteractiveCounsel.com)
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone: (424) 365-0741

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' MEMORANDUM ISO OF
EX PARTE APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this *ex parte* application and set the following briefing schedule for Defendants' supplemental motions to dismiss the antitrust claims in the SAC:

- Defendants shall file their Supplemental Motions to Dismiss by November 21, 2022.
- Plaintiffs shall file any Supplemental Opposition by January 9, 2023.
- Defendants shall file any Supplemental Replies by January 23, 2023.

Dated: October 18, 2022                COOLEY LLP

*/s/ Tiana Demas*
Tiana Demas

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

*The filer, Tiana Demas, attests that the other signatories listed, on whose behalf the filing also is submitted, concur in the filing's content and have authorized the filing.*

Dated: October 18, 2022                K&L GATES

*/s/ Beth W. Petronio*
Beth W. Petronio

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' MEMORANDUM ISO OF
EX PARTE APPLICATION TO EXTEND TIME
CASE NO. 8:22-CV-00983-DFM

Dated: October 18, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP

*/s/ Michael A. Gold*
Michael A. Gold

*Attorneys for Defendant*
RICK RANKIN

9

**DEFENDANTS' MEMORANDUM ISO OF**
***EX PARTE* APPLICATION TO EXTEND TIME**
**CASE NO. 8:22-CV-00983-DFM**

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES