# EXHIBIT F

SUPREME COURT
**FILED**

SEP 2 6 2017

Jorge Navarrete Clerk

_____
Deputy

ADMINISTRATIVE ORDER 2017-09-20

# IN THE SUPREME COURT OF CALIFORNIA

### EN BANC

STATE BAR ANTITRUST POLICY

### PREAMBLE

The California Supreme Court has the inherent authority to regulate the practice of law in this state. The State Bar of California is the administrative arm of the Supreme Court for attorney licensing, regulation, and discipline. The State Bar acts under the authority and at the direction of the Supreme Court in these matters. The Supreme Court's authority over the State Bar includes the authority to review State Bar actions for antitrust issues and impacts on competition. The Supreme Court, in the exercise of its inherent authority, may conduct a de novo review and may modify or reject any policy or action of the State Bar relating to the regulation of the practice of law, including any that may implicate antitrust and competition issues.

Antitrust laws are designed to promote vigorous and fair competition in the marketplace of competitors and to provide consumers with the best combination of price and quality. The antitrust laws are set forth in the Sherman Act, Federal Trade Commission Act, the Clayton Act, and the Robinson-Patman Act, among other statutes. These laws prohibit anticompetitive activities, including price fixing, attempts to monopolize, and other unreasonable restraints on trade. Unless

1

otherwise lawfully mandated by the California Legislature or the California Supreme Court, the State Bar must take no action in violation of the antitrust laws.

Although focused on private conduct, antitrust laws may apply to public entities under certain circumstances. When the action complained of is that of a sovereign arm of the state (such as a state legislature or a state Supreme Court acting in a legislative capacity), the state as a sovereign may enjoy immunity from the antitrust laws, notwithstanding any impact on competition. (*N.C. State Bd. of Dental Exam'rs v. FTC* (2015) __ U.S. __, __ [135 S.Ct. 1101, 1110]; *Hoover v. Ronwin* (1984) 466 U.S. 558, 567-568.)

The State Bar is a public licensing and regulatory entity that acts under the authority lawfully delegated to it by the sovereign arms of the State of California: the Supreme Court and the Legislature. The United States Supreme Court has held that, under certain circumstances, state licensing entities or boards must prove two elements before they may invoke the state action doctrine: first, the challenged restraint has been adopted pursuant to clearly articulated state policy; and second, the policy is being actively supervised by a state official (or state agency) that is not a participant in the market that is being regulated. (*N.C. State Bd. of Dental Exam'rs v. FTC, supra*, 135 S.Ct. at p. 1110; see also Fed. Trade Com., FTC Staff Guidance on Active Supervision of State Regulatory Boards Controlled by Market Participants (Oct. 2015) <https://www.ftc.gov/system/files/attachments/competition-policy-guidance/active_supervision_of_state_boards.pdf.> [as of Sept. 20, 2017].)

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

2

# ORDER

Pursuant to this court's authority over the State Bar, the court hereby orders the State Bar's adherence to the antitrust policy and guidelines below.

## I. A<span>NTITRUST</span> P<span>OLICY</span>

The State Bar must conform to the highest standards of conduct and promote the principles of fair and open competition in all of its policies and actions in pursuit of its overarching public protection mission. Actions of the State Bar that have the effect of advancing the interests of attorneys without a clear benefit to the public must be scrutinized closely for potential antitrust violations. This antitrust policy is intended to assist in the identification and analysis of potential antitrust issues and the compliance with antitrust laws by all employees, entities, and committees that comprise the State Bar. Given the important public mission of the State Bar to enforce and uphold the law, the identification and analysis of any potential antitrust issue must be robust.

It is the responsibility of the State Bar Office of the General Counsel (OGC) to monitor antitrust issues for the State Bar. If any person has a question as to whether a proposed or current State Bar course of action implicates antitrust concerns, the matter should be submitted to OGC. OGC must analyze the matter thoroughly and determine whether the action implicates antitrust concerns. OGC's determinations may be reviewed de novo by the California Supreme Court in accordance with the Supreme Court's procedures. Any action determined by OGC to implicate antitrust concerns may not be implemented unless the Supreme Court determines the action may proceed.

## II. G<span>UIDELINES FOR</span> I<span>DENTIFYING AND</span> A<span>DDRESSING</span> P<span>OTENTIAL</span> A<span>NTITRUST</span> I<span>SSUES AT THE</span> S<span>TATE</span> B<span>AR</span>

### A. Actions that Have Anticompetitive Effects May Implicate the Antitrust Laws

The threshold inquiry in antitrust analysis is whether an action has an effect that could impact competition or could be an unreasonable restraint of trade in the market for legal services. Unreasonable restraints on trade generally: raise prices; reduce output; diminish quality; limit choice; or create, maintain, or enhance market power. Anticompetitive practices may arise when a state empowers a group of active market participants to decide who can participate in its market and on what terms.

If the action or proposed action does not affect competition or has only a de minimis impact, the antitrust laws are not implicated. Courts have held that individualized decisions on admissions or discipline do not impact overall competition in the market to sufficiently raise antitrust concerns. A number of the State Bar's public protection programs have no foreseeable impact on competition in the market for legal services, e.g., the Client Security Fund (compensation of victims), the Lawyer Assistance Program (counseling services for attorneys), and the Commission on Judicial Nominees Evaluation (advisory role to the Governor).

## B. The Role of the California Supreme Court Must Be Analyzed

### 1. California Supreme Court as Final Decision Maker

The California Supreme Court enjoys immunity from the antitrust laws when it acts in its sovereign legislative capacity, such as when it adopts the Rules of Professional Conduct. (*Bates v. State Bar of Arizona* (1977) 433 U.S. 350, 360.) Where the State Bar makes only recommendations to the Supreme Court, and the Supreme Court makes the final decision after the opportunity for a de novo review of the recommendation, the actions are those of the state and may be immune from the antitrust laws, notwithstanding any impact on competition. (See, e.g., Supreme Court Order Approving Modifications to the Cal. Bar Exam, S232907, Mar. 16, 2016.)

The California Supreme Court often exercises its inherent authority to modify or disapprove proposed rules recommended by the State Bar. (See, e.g., Supreme Court Order re Request for Approval of Amends. to Rule 5-110 and Rule 5-220 of the Rules of Professional Conduct of the State Bar of Cal., S239387, May 1, 2017 [granting in part request for approval of recommended amendments to the Rules of Professional Conduct; denying in part and remanding to State Bar to develop further recommendations].)

### 2. Actions and Decisions of the State Bar

If an action of a regulatory agency such as the State Bar has a potential anticompetitive effect, and is not an action of the Supreme Court or the Legislature acting as sovereign, closer analysis will be required. Under these circumstances antitrust immunity is available only if the regulatory entity's action is subject to *active state supervision* and is undertaken pursuant to a *clearly articulated state policy*.

> (a) **Active State Supervision**: Federal Trade Commission staff has issued nonbinding advisory guidelines stating that the following factors should

4

be considered in determining whether the active supervision requirement is met:

 (i) Whether the state supervisor of the regulatory entity has obtained the information necessary for a proper evaluation of the action approved by the regulatory entity.

 (ii) Whether the state supervisor has evaluated the substantive merits of the regulatory entity's action and assessed whether it comports with the standards established by the Supreme Court or the Legislature.

 (iii) Whether the state supervisor has issued a written decision approving, modifying, or disapproving the regulatory entity's action and explaining the reasons and rationale for such decision.

(b) **Clearly Articulated State Policy**: When undertaking action that may be anticompetitive, the regulatory entity must also act pursuant to a clearly articulated state policy of the Supreme Court or Legislature to displace competition.

Example: A state bar could be in violation of the antitrust laws if it acts in an anticompetitive manner outside of a clearly articulated state policy. In *Goldfarb v. Virginia State Bar* (1975) 421 U.S. 773, the Virginia State Bar took action to enforce a minimum fee schedule for lawyers that had not been authorized by the Virginia Supreme Court. The Virginia Supreme Court had not supervised this anticompetitive action, nor was there any clearly articulated statutory or court policy authorizing enforcement of the fee schedule. The United States Supreme Court held the Virginia State Bar's actions constituted illegal price fixing and were not immune from the antitrust laws.

(c) **Detailed Statute or Rule of Court**: The active state supervision and clearly articulated state policy requirements are met when the applicable statute or Rule of Court is so detailed and prescriptive as to remove the regulatory entity's discretion. The detailed legislation or court rule itself articulates the policy and satisfies the supervision requirement. (98 Ops.Cal.Atty.Gen. 12 (2015).)

Example: The State Bar is required by law to place on inactive status attorneys who fail to comply with mandatory continuing legal education requirements. (Bus. & Prof. Code, § 6070, subd. (a); Cal. Rules of Court, rule 9.31(d).) Although the State Bar's actions to remove these

5

attorneys from practice temporarily may impact competition, such actions are only a ministerial activity to enforce the statute and likely would not violate the antitrust laws.

### C. State Bar Personnel Must Report Potential Antitrust Violations Immediately

#### 1. Sensitive Topics

Actions such as collusion among attorneys to fix prices, limit market entry, or otherwise limit competition, whether or not under the auspices of the State Bar, violate the antitrust laws. Meetings convened by the State Bar often involve groups of attorneys who may be considered competitors in the marketplace under the antitrust laws, and discussions in such meetings of price or costs, such as prevailing hourly billing rates and associate or staff salaries, may implicate antitrust concerns. The State Bar may not take actions that have an anticompetitive effect on the marketplace unless authorized by law.

#### 2. Mandatory Reporting

State Bar personnel must comply with the antitrust laws and must immediately report to OGC potential antitrust violations, including but not limited to potential violations caused by actions of the State Bar or the Board of Trustees. In the event OGC reviews a current or proposed action, program, or policy decision and opines there is no potential antitrust violation, OGC remains obligated to forward its analysis to the California Supreme Court, which may choose whether to review the action, program, or policy decision as it deems appropriate.

### D. Potential Antitrust Violations Reported by Members of the Public

Any member of the public may report a potential antitrust violation to the State Bar. The State Bar's determinations on reports of potential antitrust violations brought by members of the public are subject to review by the California Supreme Court in accordance with the Supreme Court's procedures. (Cal. Rules of Court, rule 9.13(d), (e).)

//
//
//
//
//
//
//

This order is final forthwith.

**CANTIL-SAKAUYE**
*Chief Justice*

**CHIN, J.**
*Associate Justice*

**CORRIGAN, J.**
*Associate Justice*

**LIU, J.**
*Associate Justice*

**CUÉLLAR, J.**
*Associate Justice*

**KRUGER, J.**
*Associate Justice*

_____
*Associate Justice*

7