COOLEY LLP
MICHAEL G. RHODES (116127) rhodesmg@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

BARRETT ANDERSON (318539) (banderson@cooley.com)
WALTER WAIDELICH (300798) (cwaidelich@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

GREGORY MERCHANT (341287) (gmerchant@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

*Counsel continued on following page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1, an individual; JANE ROE 1, an individual; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S SUPPLEMENTAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Courtroom: 6B<br>Judge: Hon. Douglas F. McCormick<br>Date: [The Clerk of Court will<br>Time: reach out to set a hearing date, (Dkt. 110)] |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

REQUEST FOR JUDICIAL NOTICE ISO THE CA
STATE BAR'S SUPP. MOTION TO DISMISS SAC
CASE NO. 8:22-CV-00983-DFM

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
General Counsel
ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Deputy General Counsel
SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel
180 Howard Street
San Francisco, CA 94105-1639
Telephone:  (415) 538-2388
Facsimile:  (415) 538-2517

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant The State Bar of California respectfully requests that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the documents identified below in support of the State Bar's concurrently filed Supplemental Motion to Dismiss Plaintiffs' Second Amended Complaint ("Supplemental Motion"). All of the materials subject to this request are attached as Exhibits A, B, C, D, E, and F to the accompanying Declaration of Tiana Demas in Support of The State Bar of California's Supplemental Motion to Dismiss Plaintiffs' Second Amended Complaint ("Demas Decl.").

## I. INTRODUCTION

The Court should consider Exhibits A, B, C, D, E, and F because these documents are incorporated by reference into the Second Amended Complaint ("SAC"), are judicially noticeable under Federal Rule of Evidence 201, or both.

## II. LEGAL STANDARDS

***Incorporation by reference.*** A district court generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under the incorporation by reference doctrine, "[a] court may consider a writing referenced in a complaint but not explicitly incorporated therein, if the complaint relies on the document and its authenticity is unquestioned." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig. ("Sony")*, 903 F. Supp. 2d 942, 954 (S.D. Cal. 2012) (internal quotations omitted). Considering such documents in their entirety is crucial "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those

documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (ruling on motion to dismiss that district court properly incorporated by reference content surrounding allegedly defamatory photograph and caption on defendant's website).

"Once a document is deemed incorporated by reference, ***the entire document is assumed to be true*** for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While the facts contained in such documents cannot be used to controvert "well-pled" facts in a complaint, *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1015 (9th Cir. 2018) (finding no abuse of discretion where district court incorporated by reference an article that "revealed the materiality" of a claim), facts in incorporated documents are properly used to dispute "conclusory" allegations, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *see also Narvasa v. U.S. Bancorp*, 713 F. App'x 728, 729 (9th Cir. 2018) (holding court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998)); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly [presented] by exhibit.").

***Judicial notice.*** Federal Rule of Evidence 201 requires the Court to "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*,

250 F.3d 668, 689 (9th Cir. 2001) (citing *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)).

Courts are authorized to take judicial notice of documents that are publicly filed or otherwise publicly available, including information on government agency websites. *See generally Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Oroamerica Inc. v. D & W Jewelry Co.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of United States Patent and Trademark Office filings); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sep. 9, 2008) ("This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice."); *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 993 (C.D. Cal. 2013) (taking judicial notice of "Frequently Asked Questions" section of government website about city ordinance).

### III. ARGUMENT

**A. Documents subject to this request**

The State Bar submits the following documents for the Court's consideration in connection with the Supplemental Motion:

| Ex. | Description | Cited in SAC |
|---|---|---|
| A | Press release issued by the State Bar, dated February 26, 2022, titled "State Bar of California Addresses Breach of Confidential Data."[1] | (SAC ¶¶ 6, 9, 69–70, 75.) |
| B | Frequently asked questions ("FAQs") issued by the State Bar, dated February 27, 2022 to August 25, 2022, titled "Data Breach Updates."[2] | (SAC ¶¶ 6, 9, 69–70, 75.) |

---

[1] Available at https://www.calbar.ca.gov/About-Us/News/News-Releases/state-bar-of-california-addresses-breach-of-confidential-data (accessed November 17, 2022).
[2] Available at https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates (accessed November 17, 2022).

| Ex. | Description | Cited in SAC |
|---|---|---|
| C | Article in Whittier Daily News, dated February 28, 2022, titled "Security glitch enabled website to publish attorney discipline records, State Bar says."[3] | (SAC ¶ 91.) |
| D | State Bar agenda item, dated January 1, 2011, titled "Response to State Auditor: Updating Formula for Assessing Costs of Discipline Proceedings."[4] | (SAC, Ex. A; *id.* ¶¶ 19, 20, 25, 183, 214, 217–19, 226, 230–31, 244–48.) |
| E | Meeting minutes from the January 7, 2011 meeting of the State Bar's Board of Governors, titled "Board of Governors January 7, 2011 Minutes."[5] | -- |
| F | "State Bar Antitrust Policy," dated September 26, 2017.[6] | -- |

### B. Exhibits A–D are incorporated by reference into the SAC

Exhibits A, B, and C are incorporated into the SAC by reference because Plaintiffs cite to these publications, include statements about what the Exhibits contain, and rely on them for several elements of the claims alleged in the SAC. (SAC ¶¶ 6, 9, 69–70, 75 (citing Exhibits A & B); *id.* ¶ 91 (citing Exhibit C).) As such, these publications "form the basis" of Plaintiffs' claims. *See, e.g.*, *In re Silicon Storage Tech., Inc.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."). In data breach litigation, courts commonly take judicial notice of news articles and press releases about the alleged breach when those materials are referenced in the complaint. *See, e.g.*, *Sony*, 903 F.

---

[3] Available at https://www.whittierdailynews.com/2022/02/28/security-glitch-enabled-website-to-publish-attorney-discipline-records-state-bar-says/ (accessed November 17, 2022).
[4] Available by request at https://www.calbar.ca.gov/About-Us/OurMission/Protecting-the-Public/Public-Records.
[5] Available by request at https://www.calbar.ca.gov/About-Us/Our-Mission/Protecting-the-Public/Public-Records.
[6] Available at https://www.calbar.ca.gov/Portals/0/documents/antitrust/AntitrustPolicy.pdf (accessed November 18, 2022).

Supp. 2d at 954–55 ("[T]he SNE User Agreement, SNE Privacy Policy, SCEA Privacy Policy, *Announcement Update, and CNET Article* are all appropriate for judicial notice as Plaintiffs rely on and quote from each of the documents in the Consolidated Complaint, and do not question their authenticity." (emphasis added)). Furthermore, the Court granted the State Bar's request to judicially notice these same Exhibits A, B, and C submitted with the State Bar's first motion to dismiss. (Dkt. 94 at 3 n.1.) The Court should grant this request for the same reasons.

Exhibit D consists of an agenda for, and an agenda item from, the January 7, 2011 meeting of the State Bar's Board of Governors that concerns the State Bar's formula for calculating disciplinary costs. Specifically, the State Bar hired an independent consulting firm, Hilton Farnkopf & Hobson ("HFH"), to research and recommend a new formula for calculating disciplinary costs that are imposed on attorneys found culpable of ethical violations. HFH's report was appended to the State Bar's agenda item. Exhibit D is incorporated into the SAC by reference through the first exhibit attached to the SAC, which is allegedly a State Bar disciplinary costs sheet. (SAC, Ex. A (the "Costs Sheet").) The Costs Sheet explains that it was the created "[p]ursuant to action by the State Bar's governing board in January 2011 and May 2012"—*i.e.*, actions the State Bar took that were based directly on the agenda item. (Costs Sheet at 73.) The SAC cites extensively and explicitly to the Costs Sheet. (*See, e.g.*, SAC ¶¶ 19, 25, 214, 218–19, 226, 247.) Incorporating Exhibit D is thus necessary to "prevent[] [P]laintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

The SAC also alleges that the Costs Sheet was the result of an "agreement by the Board of the State Bar of California to fix the disciplinary costs." (*Id.* ¶ 183; *see also id.* ¶¶ 20, 214, 217, 226, 230–31, 244–48 (generally alleging that when the Board of Governors approved the agenda item, it entered into a price fixing agreement prohibited by antitrust law).) It is thus proper to incorporate the HFH report here

because Plaintiffs' "claim necessarily depend[s] on" its allegations about the Board of Governor's conduct. *Khoja*, 899 F.3d at 1002.

As such, Exhibits A, B, C, and D should be incorporated by reference into the SAC and considered by the Court along with the Supplemental Motion.

### C. Exhibits A–F are properly subject to judicial notice

"Public records and government documents are generally considered not to be subject to reasonable dispute," and thus subject to judicial notice. *Luviano v. Multi Cable, Inc.*, 2017 WL 9360851, at *4 (C.D. Cal. Mar. 24, 2017); *see also Itzhaki v. United States Liab. Ins. Co.*, 536 F. Supp. 3d 651, 655 (C.D. Cal. 2021) ("Courts may take judicial notice of government documents available from reliable sources."); *Coffee Hut v. Cnty. of Ventura*, 2021 WL 461591, at *2 (C.D. Cal. Feb. 9, 2021) ("judicial notice is appropriate as to public records, government documents"). Documents found on government websites are also presumptively reliable. *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Oroamerica.*, 10 F. App'x at 517 n.4; *Paralyzed Veterans of Am.*, 2008 WL 4183981, at *5; *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.,* 547 F.3d 962, 968–69 n.4 (9th Cir. 2008) (taking judicial notice of gaming compacts located on official California Gambling Control Commission website); *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of "public records" that "can be accessed at Santa Monica's official website"). Federal courts in California also deem online government agency "Frequently Asked Questions" reliable and judicially notice them. *See, e.g.*, *Calop Bus. Sys.*, 984 F. Supp. 2d at 993.

Additionally, Courts regularly take judicial notice of agendas and agenda items of meetings of public boards. *See, e.g.*, *Meeker v. Belridge Water Storage Dist.*, 2005 WL 6246803, at *7 (E.D. Cal. May 3, 2005) (taking judicial notice of a "letter [that] was contained within an agenda packet" of a city board because "it is part of the public record of the Board's proceedings and is subject to judicial notice"); *S.*

*California Healthcare Sys., Inc. v. City of Culver City*, 2021 WL 3160524, at *2 (C.D. Cal. July 23, 2021) (taking judicial notice of "a Culver City council meeting agenda" because it was an "undisputed matter[] of public record"); *Vincent v. City of California City*, 2018 WL 3524621, at *3 (E.D. Cal. July 20, 2018) ("judicial notice is proper of a City Council meeting's agenda as a public record whose accuracy is not in dispute"); *Dominguez v. Schwarzenegger*, 270 F.R.D. 477, 481 (N.D. Cal. 2010) (taking judicial notice of "agenda item before the Santa Clara County Board of Supervisors"). Moreover, "[m]inutes from a public agency's board meeting are public records subject to judicial notice." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1083 n.4 (E.D. Cal. 2010); *see also Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12631849, at *1 (C.D. Cal. Jan. 22, 2014) ("A court may also take judicial notice of the minutes from a board of directors meeting of a public agency.").

This case principally concerns certain limited nonpublic attorney discipline case profile data—case number, filing date, case type, case status, and respondent and complaining witness names—that was inadvertently harvested and indexed on a public website called JudyRecords.com (the "Incident"), and the State Bar's response to the Incident. Exhibit A is a State Bar press release about the Incident, published on the State Bar's website on February 26, 2022, just two days after the Incident was discovered. Exhibit B is an FAQs webpage created by the State Bar on February 27, 2022, and updated through August 25, 2022, about the State Bar's response to the Incident, the types of information involved, and the steps the State Bar has taken to notify affected individuals. Both Exhibits A and B contain publicly available information about the Incident and were issued by a government agency. Further, Exhibit C is a news article from the Whittier Daily News about the Incident, which was posted on the internet on February 28, 2022. "In general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.,* 2020 WL 1694361, at *2 (N.D. Cal. Apr. 7, 2020) (citations omitted).

Exhibits A, B, and C are therefore subject to judicial notice, as the Court already recognized in connection with the State Bar's first motion to dismiss. (Dkt. 94 at 3 n.1.)

Finally, in addition to the Incident, the SAC also includes dozens of allegations claiming the State Bar's attorney discipline function violates federal antitrust law, particularly the fees the State Bar assesses on attorneys found culpable of ethical violations. (*See, e.g.*, SAC ¶¶ 19–27, 214–28, 230–31, 244–48, 262.) As already stated, Exhibit D is an agenda and agenda item from the January 7, 2011 meeting of the State Bar's Board of Governors, and concerns the formula for calculating disciplinary costs. It is available by request on the State Bar website. Exhibit E is the board minutes from that meeting, wherein the Board of Governors unanimously approved and adopted the updated disciplinary costs formula. And, Exhibit F is the State Bar's antitrust policy, which is publicly accessible on the State Bar's website. Exhibits D, E, and F "are official government documents and appropriate subjects of judicial notice." *Dale v. Wells Fargo Bank, N.A.*, 2022 WL 3575418, at *2 (C.D. Cal. July 5, 2022).

The Court should take judicial notice of Exhibits A, B, C, D, E, and F.

## IV. CONCLUSION

For the foregoing reasons, the State Bar respectfully requests that the Court consider under the incorporation by reference doctrine and/or take judicial notice of Exhibits A, B, C, D, E, and F.

Dated: November 21, 2022            COOLEY LLP

                                    */s/ Tiana Demas*
                                    Tiana Demas

                                    *Attorneys for Defendant*
                                    THE STATE BAR OF CALIFORNIA