# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROE 1 et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE BAR OF CALIFORNIA et al., <br><br> Defendants. | No. SA CV 22-00983-DFM <br><br> Order Denying Plaintiffs' Motion for a Protective Order (Dkt. 41) |

Before the Court is Plaintiffs' Motion for a Protective Order, requesting leave to proceed in this matter using fictitious names. See Dkt. 41 ("Mot."). Defendants filed a Joint Opposition. See Dkt. 46 ("Opp'n").

For the following reasons, the Motion is DENIED. However, Plaintiffs need not take affirmative action unless and until the Court denies the pending supplemental motions to dismiss or retains supplemental jurisdiction over the state law claims.

## I. BACKGROUND

In this putative class action, Plaintiffs allege that Defendants violated their right to privacy when confidential State Bar disciplinary records were published on the Internet. See Dkt. 1-8, First Amended Complaint ("FAC"). Plaintiffs allege that they reside in California and are either attorneys who have

been the subject of a State Bar disciplinary proceeding or non-attorneys who have submitted complaints against attorneys. See id. ¶¶ 1-5.

Plaintiffs do not aver their real names in the FAC and have not disclosed their real names to Defendants. Plaintiffs request that the Court allow them to proceed under the pseudonyms of Jane Roes and John Roes. Plaintiffs argue that use of their real names would cause them substantial annoyance, embarrassment, humiliation, and further invasion of their right of privacy. Defendants oppose, arguing that Plaintiffs do not satisfy the exacting standard for proceeding pseudonymously set forth in Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) ("Advanced Textile").

## II. LEGAL STANDARD

The "use of fictious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" Advanced Textile, 214 F.3d at 1067. Nonetheless, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068.

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing Advanced Textile, 214 F.3d at 1068) (cleaned up). The burden is on the party seeking anonymity. See id.

### III. DISCUSSION

#### A. Severity of Threatened Harm and Reasonableness of Fear

The first two Advanced Textile factors—severity of the threatened harm and the reasonableness of the plaintiffs' fear—"are intricately related and should be addressed together." Kamehameha Schs., 596 F.3d at 1043. To proceed anonymously, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id.

The evidence proffered by Plaintiffs falls short. Plaintiffs' declarations assert that they have "become fearful" about who has their information, what the information contained, and the possibility of retaliation. See Dkt. 41-1, Roe Decls. ¶¶ 6, 14, 22, 30. Such vague and conclusory statements are insufficient to demonstrate a specific threat. See Roe v. Skillz, Inc., 858 F.App'x 240, 241-42 (9th Cir. 2021) (affirming denial of pseudonym motion where plaintiff offered only "conclusory and general statements without explanation or support").

Plaintiffs' suggestion that they will become "easy fodder" to become "doxed on the dark web, a set up for harassment by never-do-wells," Mot. at 5, is not backed by any support and is the sort of ambiguous and theorized harm that does not warrant relief. Although "plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation," they must demonstrate "that a reasonable person would believe that the threat might actually be carried out." Advanced Textile, 214 F.3d at 1071; see also Day v. Cal. Lutheran Univ., 2022 WL 2965769, at *4 (C.D. Cal. June 9, 2022) (finding that plaintiffs' general desire to avoid retaliation does not establish a severe harm).

Jane Roe 2 and John Doe 2 both note that they have private medical conditions. See Roe Decls. ¶¶ 13, 29. But they do not claim that those unspecified conditions would be highly stigmatizing to them or are otherwise

related to their involvement in this case. See Doe v. UNUM Life Ins. Co. of Am., 164 F.Supp.3d 1140, 1145-46 (potential disclosure of lawyer-plaintiff's mental health issues was not "exceptional and stigmatizing" such to require anonymity); Skills, 858 F.App'x at 241-42 (gambling addiction and accompanying mental health problems was not the sort of unusual case that justified anonymity). Additionally, the State Bar notes that neither Jane Roe 2 nor Jane Doe 2 had evidence of "page views," see Opp'n at 12, so their disclosure concerns have not been actualized.

**B.   Remaining Factors**

The third factor considers the "plaintiffs' vulnerability to retaliation." Advanced Textile, 214 F.3d at 1072. Plaintiffs' Motion does not address this factor, aside from the conclusory suggestion that they will be doxed on the dark web. Plaintiffs do not argue that they are uniquely vulnerable to identity theft or other malfeasance as attorneys.

The fourth factor considers the prejudice to Defendants. Given that the Court has found Plaintiffs' fears to be unreasonable, it has no trouble determining that those fears "do not outweigh possible prejudice to defendants—however minimal that prejudice might be." Kamehameha Sch., 596 F.3d at 1045.

The fifth factor considers the public interest. "The normal presumption in litigation is that parties must use their real names." Id. at 1042. The "presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." Id. Given Plaintiffs' scant evidence, the Court finds that they have not shown that their need for anonymity outweighs the presumption of openness in judicial proceedings. Additionally, "there is a compelling public interest in open court proceedings, particularly in the context of a class action, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened

interest in knowing who purports to represent their interests in the litigation." In re Ashley Madison Customer Data Sec. Breach Litig., 2016 WL 1366616, at *4 (E.D. Miss. Apr. 6, 2016).

## IV.   CONCLUSION

Plaintiffs' Motion is DENIED. If the Court denies the pending supplemental motions to dismiss or retains supplemental jurisdiction over the state law claims, Plaintiffs will be required to file an amended complaint reflecting their given names. Until then, Plaintiff need not take affirmative action.

Date: March 17, 2023

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge