# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 22-00983-DFM | Date: April 3, 2023 |
| Title John Roe 1 et al. v. The State Bar of California et al. | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Supplemental Jurisdiction

The Court has dismissed the federal antitrust claims with prejudice. Given that no federal claims remain, and because Plaintiffs have not asserted the existence of diversity jurisdiction, the original basis for jurisdiction no longer exists.

As the Court has previously indicated, it is inclined to not exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. §§ 1367(c)(1)-(4); Lima v. United States Dep't of Edu., 947 F.3d 1122, 1128 (9th Cir. 2020) (not error to decline supplemental jurisdiction where "no federal claims remain"); Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011) (not error to decline supplemental jurisdiction where "balance of the factors of 'judicial economy, convenience, fairness, and comity' did not 'tip in favor of retaining the state-law claims' after dismissal of the [federal] claim"); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[S]tate law claims should be dismissed if federal claims are dismissed before trial."). The state-law claims involve issues that are best addressed by the California state courts.

The Court invites the parties to address this issue by submitting supplemental briefing within ten (10) days. Unless otherwise ordered, the Court will take this issue under submission without a hearing.