1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  3 Embarcadero Center
   20th Floor
3  San Francisco, CA 94111
   Telephone: (415) 693-2000
4  Facsimile: (415) 693-2222

5  TIANA DEMAS (*pro hac vice*) (tdemas@cooley.com)
   110 N. Wacker Drive, Suite 4200
6  Chicago, IL 60606
   Telephone: (312) 881-6500
7  Facsimile: (312) 881-6598

8  BARRETT J. ANDERSON (318539) (banderson@cooley.com)
   10265 Science Center Drive
9  San Diego, CA 92121
   Telephone: (858) 550-6000
10 Facsimile: (858) 550-6420

11 GREGORY MERCHANT (341287) (gmerchant@cooley.com)
   3175 Hanover Street
12 Palo Alto, CA 94304
   Telephone: (650) 843-5000
13 Facsimile: (650) 849-7400

14 *Attorneys for Defendant*
   THE STATE BAR OF CALIFORNIA
15
   *Counsel continued on following page*
16
                UNITED STATES DISTRICT COURT
17
        CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
18

19
20 JOHN ROE 1, an individual; JANE          Case No. 8:22-cv-00983-DFM
   ROE 1, an individual; JANE ROE 2 an
21 individual; JANE ROE 3, an individual,   **DEFENDANTS' JOINT SUPPLEMENTAL**
   JOHN ROE 2, on behalf of themselves      **BRIEF IN SUPPORT OF THE COURT'S**
22 and all others similarly situated,       **CONTINUING EXERCISE OF**
                                            **SUPPLEMENTAL JURISDICTION**
                 Plaintiffs,
23                                          Courtroom: 6B
         v.                                 Judge:     Hon. Douglas F. McCormick
24
   THE STATE BAR OF CALIFORNIA;
25 TYLER TECHNOLOGIES, INC.;
   RICK RANKIN; and DOES 4 through
26 10, inclusive,

27               Defendants.

28

1  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
2  ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
   General Counsel
3  ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
   Deputy General Counsel
4  SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
   Assistant General Counsel
5  180 Howard Street
   San Francisco, CA 94105-1639
6  Telephone:   (415) 538-2388
   Facsimile:    (415) 538-2517
7
   *Attorneys for Defendant*
8  THE STATE BAR OF CALIFORNIA

9
   K&L GATES LLP
10 BETH W. PETRONIO (*pro hac vice*) (beth.petronio@klgates.com)
   1717 Main Street, Suite 2800
11 Dallas, TX 75201
   Telephone:   (214) 939-5815
12 Facsimile:    (214) 939-5849

13 CHRISTINA N. GOODRICH (261722) (christina.goodrich@klgates.com)
   ZACHARY T. TIMM (316564) (zach.timm@klgates.com)
14 10100 Santa Monica Boulevard
   Eighth Floor
15 Los Angeles, California 90067
   Telephone:   (310) 552-5000
16 Facsimile:    (310) 552-5001

17 *Attorneys for Defendant*
   TYLER TECHNOLOGIES, INC.
18

19 JEFFER MANGELS BUTLER & MITCHELL LLP
   MICHAEL A. GOLD (90667) (mgold@jmbm.com )
20 JUSTIN ANDERSON (328969) (janderson@jmbm.com)
   1900 Avenue of the Stars, 7th Floor
21 Los Angeles, California 90067-4308
   Telephone:   (310) 203-8080
22 Facsimile:    (310) 203-0567

23 *Attorneys for Defendant*
   RICK RANKIN
24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  FACTUAL BACKGROUND AND PROCEDURAL POSTURE ................. 2

    A.  The Data Incident. .......................................................................... 2

    B.  This litigation. ................................................................................ 3

III.  LEGAL STANDARD .............................................................................. 7

IV.  ARGUMENT .......................................................................................... 8

    A.  Governing Ninth Circuit authority weighs in favor of the Court retaining supplemental jurisdiction in this case. ................................... 9

    B.  The Gibbs factors weigh in favor of the Court retaining supplemental jurisdiction in this case. ............................................... 11

        i.  Judicial economy ................................................................ 11

        ii.  Convenience ...................................................................... 14

        iii.  Fairness ............................................................................. 14

        iv.  Comity ............................................................................... 16

    C.  The Court should rule on Defendants' arguments and dismiss the remaining state-law claims............................................................ 18

V.  CONCLUSION ...................................................................................... 19

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Varian Assocs., Inc.*,
  114 F.3d 999 (9th Cir. 1997) ................................................................. 8, 10, 11

*Arroyo v. Rosas*,
  19 F.4th 1202 (9th Cir. 2021) ....................................................................*passim*

*In re Attorney Discipline System*,
  19 Cal.4th 582 (1998) .......................................................................................... 12

*Cobb v. Brignoni*,
  2016 WL 796871 (Cal. Ct. App. Mar. 1, 2016) ................................................. 18

*Damner v. Facebook Inc.*,
  2020 WL 7862706 (N.D. Cal. Dec. 31, 2020) ................................................... 17

*Elliott v. Solis*,
  2019 WL 2058654 (E.D. Cal. May 9, 2019) .................................... 12, 14, 15, 16

*Jones v. John Crane Inc.*,
  2013 WL 1224871 (Cal. Ct. App. Mar. 27, 2013) ............................................. 18

*Keith v. City of San Diego*,
  2023 WL 2347070 (S.D. Cal. Mar. 3, 2023) ...................................................... 18

*Lima v. United States Dep't of Educ.*,
  947 F.3d 1122 (9th Cir. 2020) ............................................................................ 11

*Mackey v. Pioneer Nat. Bank*,
  867 F.2d 520 (9th Cir. 1989) ......................................................................... 9, 14

*Oliver v. Ralph's Grocery Co.*,
  2009 WL 10680616 (S.D. Cal. Aug. 26, 2009) ................................................. 11

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011) ............................................................................. 11

*Pantazis v. Fior D'Italia, Inc.*,
  1994 WL 519469 (N.D. Cal. Sept. 20, 1994) ............................................... 12, 14

Cooley LLP
Attorneys at Law
Los Angeles

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Razuki v. Caliber Home Loans, Inc.*,
  2018 WL 2761818 (S.D. Cal. June 8, 2018) ...................................... 17

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008)............................................. 17

*Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*,
  4 F.4th 747 (9th Cir. 2021).................................................*passim*

*Soderstrom v. Ocampo*,
  2019 WL 8014552 (C.D. Cal. June 17, 2019).................................... 17

*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir. 2012) ....................................................... 9

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ..........................................................*passim*

*Vellenoweth v. City of Napa*,
  2023 WL 25712 (N.D. Cal. Jan. 3, 2023) ........................................ 18

**Statutes**

28 U.S.C.
  § 1367 .................................................................... 1, 9, 16
  § 1367(a).......................................................................... 7
  § 1367(c)....................................................................1, 8, 9
  § 1367(c)(1) ............................................................... 9, 11
  § 1367(c)(2) ............................................................... 9, 11
  § 1367(c)(3) ...................................................................... 8
  § 1367(c)(4) ...................................................................... 9

42 U.S.C. § 1983.............................................................. 3, 14

California Information Practices Act...........................................*passim*

California Tort Claims Act ..............................................17, 18, 19

Sherman Antitrust Act .......................................................*passim*

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 2, 18

Cooley LLP
Attorneys at Law
Los Angeles

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

## I.    INTRODUCTION

Defendants The State Bar of California (the "State Bar"), Tyler Technologies, Inc. ("Tyler"), and Rick Rankin (collectively, "Defendants") jointly submit this supplemental brief in support of the Court's continuing exercise of supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367 and the factors set forward in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Ever since this case was removed to federal court nearly one year ago, this Court has correctly exercised jurisdiction over the entirety of this case under Section 1367 and applicable Supreme Court precedent.  When Defendants moved to dismiss all of Plaintiffs' claims, including those arising under state law, the Court indisputably had the power to decide the entire motion.  And although the Court recently dismissed the federal claims, the Court retains continuing jurisdiction over the remaining state-law claims.  Defendants acknowledge that the Court "is inclined to not exercise supplemental jurisdiction over the remaining state-law claims." (Dkt. 131 at 1.)  However, under Section 1367(c) and Ninth Circuit law, the Court may choose to exercise its discretion to keep jurisdiction over the state-law claims. There are numerous reasons why the Court should do so here.

*First*, since the parties consented to this Court's jurisdiction nine months ago, the Court has become intimately familiar with this case.  It has addressed and decided myriad interconnected factual and legal issues, held two in-person hearings, and resolved five major motions. And the same core facts and allegations that underlie Plaintiffs' recently dismissed antitrust claims also underlie their state-law claims. The Court is familiar with the parties and their counsel, and their respective arguments and positions on key matters.  This heavy investment of time and resources demonstrates that this Court is better positioned to adjudicate the case to final resolution compared to a state court that is wholly unfamiliar with it.  There is obvious judicial efficiency in the Court simply deciding Plaintiffs' state-law claims now, an outcome well within the Court's discretion.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

*Second*, remand would also be manifestly unfair to Defendants, who already have expended substantial resources briefing and otherwise explaining the numerous deficiencies in Plaintiffs' meritless claims to this Court, efforts that would go to waste if the case were sent to a new judge.  As is clear from many of Plaintiffs' filings—which contain claims that are, as the Court recently described one, "fanciful and unsupported," (Dkt. 130 at 18)—remand would only provide another opportunity for Plaintiffs' counsel to misuse a court of law to burden the State Bar (and all Defendants) with frivolous claims and arguments.  Sending this already 13-month-old case to a *fifth* judge would undoubtedly postpone a final resolution by many months, if not years, and thereby unfairly prejudice Defendants.

*Third*, federal courts commonly adjudicate and decide the very same state-law claims before this Court, and the standard to dismiss in California state court on a demurrer is the same as in federal court under Federal Rule of Civil Procedure 12(b)(6).  As the parties recognized when consenting to this Court's jurisdiction, it is both well-qualified and empowered to decide *all* of the claims in this case.  In sum, the *Gibbs* factors of economy, convenience, fairness, and comity collectively weigh in favor of this Court retaining jurisdiction over and adjudicating to finality Plaintiffs' remaining state-law claims.

## II.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE

### A.   The Data Incident.

On February 24, 2022, the State Bar learned that certain limited and high-level nonpublic attorney disciplinary data from the Odyssey Portal—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—was publicly available on JudyRecords.com (the "Data Incident"). (*See* Dkt. 113-4 at 4.)  Defendants swiftly responded to the Data Incident, including *inter alia* by working to promptly remove all Docket Data from JudyRecords.com by February 26, 2022, and then notifying all affected individuals for whom the State Bar

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

had contact information by July 11, 2022.  (*See* Dkt. 113-4 at 1, 4.)  All of the claims in this lawsuit, as described below, are premised on the Data Incident.

### B.    This litigation.

Plaintiffs originally filed this lawsuit in state court on March 18, 2022, alleging seven causes of action, four of which arose under federal law: two under 42 U.S.C. § 1983 and two under the federal Sherman Antitrust Act.  (Dkt. 1, Ex. A ¶¶ 72–114.)  On April 13, 2022, Plaintiffs filed the First Amended Complaint ("FAC"), which still alleged the Sherman Act claims but not the Section 1983 claims.  (Dkt. 1, Ex. H ¶¶ 81–111.)  The case was initially assigned to Judge Randall J. Sherman of the Superior Court of California, Orange County.  (*Id.* at 1.)  On May 13, 2022, Tyler— with the consent of all Defendants—timely removed the case to the U.S. District Court for the Central District of California.  (Dkt. 1.)  Post-removal, the case was assigned to Judge David O. Carter on May 6, 2022.  (Dkt. 6.)  Several weeks later, it was then re-assigned to Judge Sunshine S. Sykes on June 29, 2022.  (Dkt. 24.)  The parties thereafter consented to Magistrate Judge Douglas F. McCormick on July 15, 2022, (Dkt. 62), which was approved by the Court on July 19, 2022, (Dkt. 65).  No party has filed a motion to remand or otherwise argued that this case was not properly removed to this District or assigned to this Court.

Since removal, the docket has swelled to 131 entries, including ten major motions that the parties have prepared and filed.  (*See* Dkts. 35–36, 38, 41–42, 72, 84, 107, 112–113.) The Court has studiously reviewed the related briefing and arguments, conducted two in-person hearings, carefully considered and applied the applicable law to the facts and allegations, and resolved the following motions:

***First***, on September 7, 2022, the Court denied Plaintiffs' motion for a preliminary injunction.  (Dkt. 92.)  The Court reviewed and analyzed five witness declarations submitted by Plaintiffs alleging "fear of retaliation and a lessened ability to seek damages in this lawsuit."  (*Id.* at 3 (citing Dkts. 75–77, 79, 83).)  After describing the alleged harms, the Court found, among other things, that they were

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

"without sufficient support in facts," "speculative," and lacking "evidence indicating that [four of Plaintiffs'] respective law practices would not survive if disciplinary charges became public." (*Id.* at 3–5.) The Court also found significant Plaintiffs' delay in filing the motion, which "illustrates how speculative their harm is." (*Id.* at 5.) The Court ruled that Plaintiffs had failed to establish they would suffer irreparable harm in the absence of injunctive relief. (*Id.* at 6.)

Notably, Plaintiffs' counsel attempted to inject her personal experiences into the lawsuit by submitting a declaration and exhibits purporting to use herself "as an example" of the alleged harms. (Dkt. 74 ¶ 15; *see also id.* ¶¶ 7–16 & Exs. 5–6.) Counsel noted that, among other things, "the State Bar filed public Notice of Disciplinary Charges against [her]" and recounted parts of her adversarial relationship with the State Bar. (*Id.* ¶¶ 7, 15.)

**Second**, also on September 7, 2022, the Court denied Plaintiffs' motion to disqualify a law firm that was representing the State Bar in "an unrelated adversarial proceeding . . . brought by [Plaintiffs' counsel] against the State Bar and numerous State Bar employees, alleging violations of bankruptcy law related to the State Bar's suspension of [her] license." (Dkt. 91 at 2.) The Court found that it was "hard pressed to understand how it can disqualify a law firm that *has not appeared and is not representing any party to the case*." (*Id.* at 4 (emphasis in original).) The Court further noted that Plaintiffs "fail[ed] to set forth a legal basis for disqualification," it was "pure speculation" that the law firm was passing on information about Plaintiffs' counsel, and "Plaintiffs do not explain how or why information disclosed in [the other proceeding involving their counsel] would impact this lawsuit." (*Id.* at 4–5.) The Court therefore denied the motion. (*Id.* at 5.)

Plaintiffs' counsel again sought to use her personal experiences to support Plaintiffs' motion, filing a declaration and five exhibits under her name, (Dkt. 42 at 7–10 & Exs. A–B), which she claimed demonstrated that she "uniquely understand[s] the challenges when holding the State Bar accountable when they

Cooley LLP
Attorneys at Law
Los Angeles

4

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

violate the law," (*id.* ¶ 5.)  The Court cited Plaintiffs' counsel's declaration for certain facts pertaining to the motion.  (Dkt. 91 at 2.)

*Third*, on September 19, 2022, the Court granted the State Bar's and Tyler's motions to dismiss, but only with respect to the FAC's claims under Sections 2 and 3 of the Sherman Antitrust Act.  (Dkt. 94.)  The Court dismissed the Section 3 claim with prejudice, ruling that Section 3 only applies to alleged violations that take place in a federal territory, not California.  (*Id.* at 9.)  The Court also dismissed the Section 2 claim, ruling that the State Bar was immune from antitrust liability and Plaintiffs had failed to allege either specific intent to monopolize or cognizable antitrust injury.  (*Id.* at 4–8.)  The Court also found that "the State Bar's purchase of the Odyssey Portal . . . does not support a plausible inference the State Bar acted with specific intent to monopolize" and "[t]he remaining allegations are simply legal conclusions."  (*Id.* at 7.)  As for a "cognizable causal antitrust injury," the Court found "Plaintiffs offer no facts in support, only vague economic theories."  (*Id.* at 7–8.)

In connection with the motions to dismiss, the Court also reviewed four other briefs and accompanying exhibits related to dueling requests for judicial notice ("RJNs").  (Dkts. 39, 57, 70, 84.)  The Court granted the State Bar's RJN, but, after examining the exhibits submitted with Plaintiffs' RJN, "decline[d] to rule" on it or Defendants' motion to strike it because "the documents were not necessary in resolving the Motion to Dismiss."  (*Id.* at 3 n.1.)  The Court did not address Plaintiffs' state-law claims: (1) violation of the California Information Practices Act ("IPA"); (2) invasion of privacy under the California Constitution; (3) negligence; and (4) negligence *per se*.

After dismissing the antitrust claims, the Court provided Plaintiffs the opportunity to file an amended complaint "to add additional factual allegations, re-plead the § 2 claim, and add a § 1 claim" under the Sherman Act.  (*Id.* at 9.)  On October 10, 2022, Plaintiffs filed a Second Amended Complaint, (Dkt. 100 ("SAC")), that ballooned from the FAC's 19 pages and 129 paragraphs to 66 pages

Cooley LLP
Attorneys at Law
Los Angeles

5

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

and 298 paragraphs. When Defendants requested a modest extension of time to investigate and respond to the voluminous new allegations, Plaintiffs refused, which required Defendants to file an *ex parte* motion. (Dkt. 107.) Plaintiffs opposed, arguing that an extension of more than seven days prejudiced them and their counsel. (Dkt. 108.) The Court granted Defendants' requested extension. (Dkt. 109.)

*Fourth*, on March 17, 2023, the Court denied Plaintiffs' motion for a protective order seeking to proceed pseudonymously. (Dkt. 127.) The Court explained that Plaintiffs' claim that they would suffer injury if their identities were exposed were "not backed by any support and [are] the sort of ambiguous and theorized harm that does not warrant relief." (*Id.* at 3.) The Court further noted "that neither Jane Roe 2 nor Jane Doe 2 had evidence of 'page views,' so their disclosure concerns have not been actualized." (*Id.* at 4 (quoting Dkt. 46 at 12).) Again, as with Plaintiffs' motion for preliminary injunction, Plaintiffs' counsel filed a declaration and exhibits purporting to use her personal experiences as "an example for this court." (Dkt. 41-2 ¶ 17; *see also id.* ¶¶ 11–17, 22–24 & Exs. 3–4.)

*Fifth*, on April 3, 2023, the Court granted the State Bar's and Tyler's supplemental motions to dismiss the SAC's re-pled antitrust claims, this time dismissing with prejudice. (Dkt. 130.) The Court first concluded that the State Bar was immune from three of the SAC's four theories of antitrust liability. (*Id.* at 6–9.) It also held that all four of Plaintiffs' theories were deficient because they failed to plead several essential elements of either a Section 1 or 2 Sherman Act claim. (*Id.* at 9–19.) In rejecting the antitrust claims, the Court found:

- Plaintiffs' alleged antitrust markets in support of both antitrust claims were not "supported," not "relevant," and "not natural." (*Id.* at 9–11.)

- The SAC failed to plead an agreement to restrain trade under Section 1 "because the State Bar cannot conspire with itself" and Plaintiffs alleged only "conclusory allegations" that an agreement existed. (*Id.* at 11–13.)

- Both antitrust claims also failed because *inter alia* "Plaintiffs' unsubstantiated speculation" meant that "[t]here are no credible allegations" to support an unreasonable restraint on trade. (*Id.* at 14–15 (rejecting Section 1 claim); *see also id.* at 14 ("[T]he Court is hard pressed

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

to understand how this restraint 'harms competition.'"); 17–18 (finding Section 2 claim failed for same reason).)

- Plaintiffs also failed to allege either Sherman Act claim because "at the risk of sounding repetitive," the SAC set forth "conclusory allegations, not factual allegations" of antitrust injury. (*Id.* at 16.) What little facts it did allege "fall well short." (*Id.* at 17 (rejecting Section 1 claim); *see also id.* at 17–18 (finding Section 2 claim failed for same reason).)

- The Court dismissed Plaintiffs' "refusal to deal" theory under Section 2 because there was "no basis" for it: the State Bar "does not provide legal services or compete with lawyers, nor did it terminate a prior course of dealing with [solo practitioners]." (*Id.* at 18.)

- Finally, Plaintiffs' attempted monopolization theory was, as the Court ruled, "both fanciful and unsupported." (*Id.*)

The Court did not address Plaintiffs' third RJN, which attached *inter alia* documents from Plaintiffs' counsel's State Bar disciplinary proceeding. (Dkt. 117, Exs. 4–7.)

The Court dismissed the claims with prejudice because "Plaintiffs' failures to overcome *Parker* immunity and allege a viable antitrust claim cannot be overcome by a grant of leave to amend" and "Plaintiffs have been particularly unable to show an unreasonable restraint of trade or antitrust injury." (Dkt. 130 at 19.) On the same day, the Court also entered a minute order inviting the parties to submit supplemental briefing as to whether it should exercise supplemental jurisdiction over Plaintiffs' four remaining state-law claims. (Dkt. 131.)

## III.   LEGAL STANDARD

In 1990, Congress adopted the current supplemental jurisdiction statute, Section 1367(a), which provides:

> A district court that has original jurisdiction over a civil action '*shall have supplemental jurisdiction*,' subject to certain exceptions, 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (emphasis added). Claims "are so related" when they "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. Unless an exception applies, "district court[s] [are] required to assert supplemental jurisdiction." *Arroyo*, 19 F.4th at 1210.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

If "the district court had federal question jurisdiction," and there is no other relevant federal law authorizing it to decline jurisdiction, a "district court's declination of supplemental jurisdiction can be justified, if at all, only under § 1367(c)." *Id.* Section 1367(c) provides that a court "may decline" supplemental jurisdiction over state-law claims in certain circumstances, including where, as here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Before deciding to decline jurisdiction, the Supreme Court has instructed district courts to consider the "values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Gibbs*, 383 U.S. at 726). Here, those factors weigh in favor of this Court retaining supplemental jurisdiction.

## IV.    ARGUMENT

The Court properly exercised jurisdiction over all of the claims in this case when it first arrived in federal court. The only question is whether, now that the Court has dismissed the federal claims, it should exercise its discretion to continue adjudicating the remaining state-law claims. The answer is an emphatic *yes*.

At the threshold, there is little doubt that the Court properly exercised jurisdiction over the entire case at the time it was removed. It indisputably had federal-question jurisdiction over the Sherman Act claims. (Dkt. 1 ¶¶ 15–16.) It also had supplemental jurisdiction over the state-law claims because they plainly share a common nucleus of operative fact with the federal claims, given that Plaintiffs premised all of them on the Data Incident and a third party's scraping of Docket Data from the Odyssey Portal. (*Id.*; *see also, e.g.*, SAC ¶¶ 148, 162, 171, 179, 241, 281, 290 ("incorporat[ing] herein by reference" the same factual allegations to allege both federal and state-law claims).) No party—Plaintiffs included—has ever moved to remand the case or otherwise asserted that it was improper for this Court to adjudicate the state-law claims. *See Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 760–61 (9th Cir. 2021) *cert. denied sub nom. Slidewaters LLC v.*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

*Washington Dep't of Lab. & Indus.*, 142 S. Ct. 779 (2022) (affirming district court's dismissal of entire complaint, including both federal and state-law claims, because *inter alia* plaintiff "ha[d] not argued to either the district court or [the Ninth Circuit] on appeal that the removal was improper").

On April 3, 2022, the Court dismissed Plaintiffs' Sherman Act claims with prejudice. (Dkt. 130 at 19.)  A "district court may decline to exercise supplemental jurisdiction" when "[it] has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).[1]  Under Section 1367 and controlling Ninth Circuit law, the Court is not required to decline supplemental jurisdiction in this context, but rather is afforded great deference, and must consider the four *Gibbs* factors before it may do so.  Here, a fully considered weighing of the *Gibbs* factors demonstrates that the Court should retain jurisdiction here.

### A.    Governing Ninth Circuit authority weighs in favor of the Court retaining supplemental jurisdiction in this case.

The Ninth Circuit defers to the judgment of district courts that retain supplemental jurisdiction and adjudicate state-law claims even after dismissing all federal claims; it does *not* command that lower courts *must* decline jurisdiction.  *See Slidewaters*, 4 F.4th at 754 (affirming district court's decision to rule on plaintiff's state-law claims but remand defendant's state-law counterclaim); *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 523 (9th Cir. 1989) (affirming district court's decision to exercise supplemental jurisdiction over plaintiff's state-law claims notwithstanding dismissal of federal claim "[a]fter removal, and before summary judgment").

---

[1] Sections 1367(c)(1), (2), and (4) do not apply here.  Subsection (1) is not apt because there are no "potentially weighty or unsettled questions of state law" in this case, such as where there is "no [state] case law dealing with the issues" or "no precedent on the question."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1149 (9th Cir. 2012) (finding unanswered legal questions so uncertain that court would "certify them to the Nevada Supreme Court" if it "[w]ere required to address them").  Subsection (2) requires the Court to assess whether a state-law claim predominates over a federal one, which is not applicable here where the federal claims are no longer in the case.  And Subsection (4) does not apply because neither the Court nor any party has identified any "highly unusual situations that threaten to have a substantial adverse impact on the core *Gibbs* values."  *Arroyo*, 19 F.4th at 1211.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

9

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

*Slidewaters* is squarely on point.  There, the Ninth Circuit addressed a district court decision that "denied the requests for injunctive relief, both preliminary and permanent, and dismissed [the plaintiff's] complaint with prejudice."  4 F.4th at 754.  However, at the same time, "[t]he district court remanded Defendants' state law counterclaim."  *Id.*  The Ninth Circuit squarely rejected the plaintiff's arguments that the district court should likewise have remanded its state-law claims, rather than dismiss them.  *Id.* at 760–62.  In affirming the lower court's decision to rule on the state-law claims, the appellate court found it significant that the plaintiff "repeatedly raised and argued its state law claims, requested the district court expedite its decision on those claims, and never objected to the district court deciding its state law claims."  *Id.* at 760.  The Ninth Circuit further ruled that "[r]esolving the fully briefed claims while remanding the untouched claim was not an abuse of discretion but rather an exercise of judicial economy."  *Id.* at 762.

Here, as in *Slidewaters*, Plaintiffs filed a motion for preliminary injunction that the court denied, repeatedly asserted their state-law claims in various ways (including in their motions for preliminary injunction and to proceed under pseudonyms), asked the Court expedite the case in its opposition to Defendants' request for an extension, and never once objected to this Court deciding the state-law claims.[2]  And in this case, like *Slidewaters*, the Defendants' motions to dismiss the state-law claims are "fully briefed."  4 F.4th at 762.  Therefore, just as the district court did in *Slidewaters*, this Court should retain and decide Plaintiffs' state-law claims.

None of the three cases cited by the Court in its minute order hold to the contrary.  (Dkt. 131 at 1.)  As the Ninth Circuit expressly recognized in the *Acri*

---

[2] The only time Plaintiffs have indicated a preference for remand was in response to the Court's affirmative request that their counsel state their position on "what might happen to the case if the Sherman Act claims are dismissed" at the hearing on Defendants' first motions to dismiss, which was on September 15, 2022.  (Dkt. 97 at 15:1-5.)  In the seven months since, Plaintiffs have never re-affirmed that answer or otherwise pursued remand, nor did their counsel repeat her preference for a remand at the second hearing on March 7, 2023.  (*See* Dkt. 128 at 39:11–14 (stating only "[i]f the Court does remand" Plaintiffs would seek fees and costs).

Cooley LLP
Attorneys at Law
Los Angeles

10

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

decision, "[t]hat state law claims '*should*' be dismissed if federal claims are dismissed before trial, as *Gibbs* instructs, *has never meant that they must be dismissed*." 114 F.3d at 1000 (second emphasis added)). The *Acri* court affirmed the lower court's decision to adjudicate the plaintiff's "supplemental state law claims as well as the federal age discrimination claim," holding that "the district court here was not without jurisdiction over the state law claims." *Id.* at 999, 1001. And in the other two cases the Court cited, the appellate panels simply deferred to a district court's choice to decline jurisdiction; those panels did not find that the lower courts were required to do what they did. *Lima v. United States Dep't of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011).[3] These three rulings reinforce that the Court is well within its power to retain supplemental jurisdiction over the state-law claims here.

### B.    The *Gibbs* factors weigh in favor of the Court retaining supplemental jurisdiction in this case.

Continuing to exercise supplemental jurisdiction over Plaintiffs' pendent state-law claims is not only permitted and defensible, but it also would serve all four *Gibbs* values of economy, convenience, fairness, and comity.

### i.    Judicial economy

Judicial economy weighs strongly in favor of the Court adjudicating the remaining state-law claims, which Defendants already have moved to dismiss on still-ripe arguments.[4] When arguments are "fully briefed" in this way, courts agree that it is an "exercise in judicial economy" to decide them rather than avoid them.

---

[3] The district court in *Oliver* declined supplemental jurisdiction not only because it dismissed the only federal claim, but also because "the Ninth Circuit and the California Court of Appeal are in conflict" on a relevant issue, which "the Ninth Circuit ha[d] certified to the Supreme Court of California," and because the plaintiff's "state-law claims for money damages substantially predominate over the [federal] claim, which provides only for injunctive relief." *Oliver v. Ralph's Grocery Co.*, 2009 WL 10680616, at *4–5 (S.D. Cal. Aug. 26, 2009). Neither of those additional considerations under Sections 1367(c)(1) and (2) exist here.

[4] The State Bar maintained in its supplemental motion to dismiss its request that the Court dismiss the entire action. (Dkt. 113-1 at 2 n.1; Dkt. 118 at 17 n.14.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

11

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

*Slidewaters*, 4 F.4th at 762; *see also Pantazis v. Fior D'Italia, Inc.*, 1994 WL 519469, at *3 (N.D. Cal. Sept. 20, 1994) (finding remand "neither convenient nor economical" because parties would be required "to re-brief and argue [an] issue in a state court which is unfamiliar with the facts and circumstances of th[e] case"); *Elliott v. Solis*, 2019 WL 2058654, at *2 (E.D. Cal. May 9, 2019) (finding "very little judicial economy to be gained or preserved through remand" before trial).

Here, Plaintiffs' state-law claims rest on the same nucleus of operative allegations as the federal claims, which the Court already analyzed (and rejected as conclusory) in two separate rulings after two rounds of briefing and related hearings. While the Court avoided any specific analysis of the state-law claims, it still necessarily opined on issues that are germane to these claims. For example, in finding that the State Bar is immune from liability, the Court twice held that "'the State Bar is a *constitutional* entity subject to [the California Supreme Court's] power over admission and discipline.'" (Dkt. 94 at 6 (quoting *In re Attorney Discipline System*, 19 Cal.4th 582, 601 (1998) (emphasis in original)); Dkt. 130 at 8 (same).) The State Bar's status as a constitutional entity is one of the reasons why Plaintiffs' IPA claim fails as a matter of law. (Dkt. 38-1 at 8; *see also* Dkt. 68 at 2.) "From the perspective of judicial economy and convenience, it makes no sense to decline jurisdiction . . . over a pendent state law claim that that court has effectively already decided." *Arroyo*, 19 F.4th at 1214 (reversing district court's choice to decline jurisdiction in part because "[its] ADA ruling already established that Rosas has violated the Unruh Act, and it identified the specific respects in which she did so").

The Court's analysis and rulings on the kaleidoscope of other legal and factual issues over the past many months likewise demonstrate that it has already effectively addressed aspects of Plaintiffs' state-law claims. For example, in denying Plaintiffs' motion to proceed under pseudonyms, the Court explicitly rejected their claim that they "have 'become fearful' about who has their information" as "vague and conclusory" and their "suggestion that they will become 'easy fodder' to become

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

'doxed on the dark web, a set up for harassment by never-do-wells'" as "ambiguous and theorized." (Dkt. 127 at 3.)  The Court similarly found that, while "Jane Roe 2 and John Doe 2 both note that they have private medical conditions, . . . . they do not claim that those unspecified conditions would be highly stigmatizing to them or are otherwise related to their involvement in this case." (*Id*. at 3–4.)  Moreover, the Court observed that "neither Jane Roe 2 nor Jane Doe 2 had evidence of 'page views,' . . . so their disclosure concerns have not been actualized." (*Id.* at 4.)

Plaintiffs' state-law claims are premised on the precise theory of harm as those the Court already found insufficient; namely, that following the Data Incident, Plaintiffs allegedly "suffered angst, worry, paranoia, that their information would be in the hands of competitors, opposing counsel, other clients, their insurance carriers or never do wells." (SAC ¶ 74; *see also id.* ¶¶ 135, 138 (alleging same harm); ¶¶ 155(b), 160 (asserting same harm for IPA claim); ¶ 176 (same for invasion of privacy claim); ¶¶ 288, 297 (same for negligence claims).)  Defendants each asserted in their respective motions to dismiss that such threadbare allegations of injury are insufficient to state a claim for negligence, (*see* Dkt. 35 at 15–16 (Tyler); Dkt. 36 at 11–13 (Rankin); Dkt. 38-1 at 14–18 (State Bar)), or constitute an "egregious breach of social norms" sufficient to sustain an invasion of privacy claim under the California Constitution, (*see* Dkt. 35 at 9–10 (Tyler); Dkt. 36 at 6–8 (Rankin); Dkt. 38-1 at 11 (State Bar); Dkt. 68 at 4–7 (State Bar reply)).  The State Bar also argued that such conclusory allegations of harm cannot support an IPA claim. (Dkt. 38-1 at 9–10.)  Consequently, the Court need only apply the same, simple analysis to dismiss the state-law claims as a matter of law.[5]  Declining to do so now, when Defendants' arguments are properly before the Court and otherwise ripe, would

---

[5] In dismissing Plaintiffs' federal claims, the Court also twice examined and rejected Plaintiffs' alleged antitrust injury as a matter of law, finding "Plaintiffs' SAC . . . fails to plausibly allege that the State Bar or Tyler engaged in 'unlawful conduct'" and that Plaintiffs' "conclusory allegations . . . . fall well short of establishing antitrust injury." (Dkt. 130 at 16–17; *see also* Dkt. 94 at 7–8 ("Plaintiffs offer no facts in support [of their alleged antitrust injury,] only vague economic theories.").)

Cooley LLP
Attorneys at Law
Los Angeles

13

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

1  be distinctly uneconomical.  *See Arroyo*, 19 F.4th at 1214.

2          In the year since the case arrived in this District, and the nine months since the

3  parties consented to this Court's jurisdiction, the Court has gained an appreciation of

4  the parties, their counsel, the allegations and facts, and the claims and defenses.  It

5  would hardly be economical or efficient for the Court to send the case to state court,

6  forcing it to start from scratch and requiring the parties to re-do the substantial work

7  completed to date.  *See Slidewaters*, 4 F.4th at 762; *Pantazis*, 1994 WL 519469, at *3.

8  And the many months that this case has been in this District also matters; the Ninth

9  Circuit has affirmed decisions retaining jurisdiction in cases that had been in federal

10  court for as little as four months.  *See, e.g.*, *Mackey*, 867 F.2d at 523.  Finally, there

11  is also no guarantee that after remand Plaintiffs would not attempt to re-allege the

12  Section 1983 claims from their original complaint, or even add new federal claims,

13  which would land the parties right back before this Court.  In short, judicial economy

14  tilts overwhelmingly in favor of the Court retaining jurisdiction.

15              **ii.    Convenience**

16          Convenience also weighs toward the Court retaining jurisdiction.  While the

17  federal and state courts are located in the same geographic location, courts find that

18  requiring parties to re-file the same arguments is an inconvenience.  *Elliott*, 2019 WL

19  2058654, at *2 (holding "the convenience and fairness factors weigh strongly against

20  remand in that the parties will be forced to re-file their briefs pertaining to summary

21  judgment in a new forum, which will require more resources in editing and filing

22  fees"); *Pantazis*, 1994 WL 519469, at *3.  The Court can prevent such an

23  inconvenience here by adjudicating the state-law claims.

24              **iii.   Fairness**

25          The fairness factor cuts heavily in favor of exercising supplemental

26  jurisdiction because the parties are entitled to a final resolution of this case, and a

27  remand to state court would result in months or even years of additional delay.

28  Plaintiffs previously asserted that they would be prejudiced by an even shorter delay

Cooley LLP
Attorneys at Law
Los Angeles

14

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

because they "want to have their case heard and get beyond this stage of the proceedings." (Dkt. 108 at 6.) At the second hearing on Defendants' motions to dismiss, counsel for Plaintiffs informed the Court that a remand would mean that "[t]his was just a waste of a year for the Plaintiffs." (Dkt. 128 at 39:15.) Defendants likewise assert that it would be unfair to remand and thus significantly delay a decision on the state-law claims. *See Elliott*, 2019 WL 2058654, at *2 (declining to remand in part because it "will subject the parties to significant delay and expense").[6]

There is an additional reason that a remand would be unfair: as the Court recognized, Plaintiffs' counsel has attempted "to turn this [case] into a wider fight about the State Bar and its governance and its disciplinary process." (Dkt. 128 at 22:10-12.) For example, she has sought to deploy her alleged personal experiences with the State Bar in support of numerous briefs ostensibly filed for Plaintiffs: the motions to proceed under pseudonyms, (Dkt. 41-2), to disqualify, (Dkt. 42 at 3–10 & Exs. A–B), and for preliminary injunction, (Dkt. 74 ¶¶ 7–16 & Exs. 5–6), and the opposition to the State Bar's supplemental motion to dismiss, (Dkt. 115 at 22; Dkt. 117, Exs. 4–7). She has, without basis or good reason, repeatedly named a State Bar attorney in court filings. (Dkt. 42 at 3; Dkt. 115 at 12.) And, after the second hearing on Defendants' supplemental motions to dismiss, Plaintiffs filed what they styled as a post-submission RJN attaching irrelevant reports published by the State Bar about a disbarred attorney who has no connection to this case whatsoever. (Dkt. 126, Ex. 1 at ECF p.10.) Among other things, Plaintiffs used the irrelevant reports to accuse "certain people at the State Bar" of "hav[ing] made decisions regarding discipline of attorney members based on their personal advantage." (Dkt. 126 at 2.)

---

[6] Moreover, Plaintiffs can hardly assert that it is unfair for this Court to adjudicate their state-law claims, given that they did not move to remand or otherwise oppose removal, and they affirmatively consented to this Court's jurisdiction. (Dkt. 62.) Even if Plaintiffs do "request remand," the Court should nevertheless keep jurisdiction after weighing all of the *Gibbs* factors. *Elliott*, 2019 WL 2058654, at *2.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

15

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

These filings reveal that Plaintiffs' counsel has a personal vendetta against the State Bar that she is pursuing not just in this case, but also others, including a State Bar disciplinary proceeding and a bankruptcy case.[7] If this case is sent to state court, it would provide Plaintiffs' counsel yet another forum in which to allege new "fanciful and unsupported" claims, (Dkt. 130 at 18), file more specious papers, and otherwise freshly pursue a grievance that unfortunately is not amendable to a negotiated settlement. It would thus mire a new judge and Defendants in wasteful, frivolous, and protracted litigation on a reset case schedule, precluding a final resolution for many more months or possibly years. Not only would that prejudice the State Bar, the primary target of her ire, but also Tyler and Rankin, who have been caught in the crossfire. Moreover, remand would be unfair to an unsuspecting state court judge, who would be wholly unfamiliar with Plaintiffs' counsel's tactics and history with the State Bar, whereas this Court has already seen—and shown the ability to ignore—her attacks. That unfair outcome is avoidable here because this case is primed for a final resolution on a far speedier timeline in this Court. Fairness thus weighs in favor of adjudicating the claims here.

### iv.    Comity

While state-law claims involve state-law issues—which the Court observed "are best addressed by the California state courts," (Dkt. 131 at 1)—comity is not a paramount factor under *Gibbs* and is "strongly outweighed by issues of convenience and fairness." *Elliott*, 2019 WL 2058654, at *2 (ruling "[i]n its discretion, the Court elects to continue exercising supplemental jurisdiction over the state law claims . . . under 28 U.S.C. § 1367"). Comity should weigh even less where, as here, federal courts regularly opine on the same state-law issues as those before this Court.

Defendants each argued in their first motions to dismiss that Plaintiffs fail to

---

[7] Plaintiffs referenced two of these cases in their opposition to Defendants' *ex parte* request for an extension and opposition to the State Bar's supplemental motion to dismiss. (Dkt. 108 at 5–6; Dkt. 115 at 22.) Plaintiffs also filed with their third RJN several documents from counsel's ongoing State Bar disciplinary proceeding. (Dkt. 117, Exs. 4–7.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

16

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

state a claim for invasion of privacy under the California Constitution in part because they do not plead an egregious breach of social norms. (*See* Dkt. 35 at 9–10 (Tyler); Dkt. 36 at 6–8 (Rankin); Dkt. 38-1 at 11 (State Bar); Dkt. 68 at 4–7 (State Bar reply).) Several other federal courts in California have already resolved that very issue, ruling that a similar allegation that a defendant "[l]os[t] personal data through insufficient security. . . doesn't rise to the level of an egregious breach of social norms" and thus cannot, as a matter of law, support a claim for invasion of privacy under the California Constitution. *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 2761818, at *2 (S.D. Cal. June 8, 2018); *see also Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd,* 380 F. App'x 689 (9th Cir. 2010) (dismissing invasion of privacy claim where "increased risk and the manner in which it was allegedly created . . . d[id] not constitute an egregious breach").

Furthermore, the Court suggested in the first hearing that it did not know whether "wading into . . . the IPA claim or the [California Tort Claims Act ("CTCA")] . . . would be helpful to anyone." (Dkt. 97 at 19:18–21.) To the contrary, Defendants believe that the Court's decision on those statutory claims would be helpful because it would either eliminate or at least narrow the case, thereby producing finality and efficiencies.

It would also not be the first time a federal court addressed the same IPA and CTCA issues that are present here. For example, the State Bar argued that it is not subject to Plaintiffs' IPA claim because the State Bar is an entity established by the California Constitution and therefore not an "agency" as defined in the IPA. (Dkt. 38-1 at 8; Dkt. 68 at 2.)   This Court already ruled that the State Bar is a constitutional entity, (Dkt. 94 at 6; Dkt. 130 at 8), a decision consistent with that of another court in this District, *Soderstrom v. Ocampo*, 2019 WL 8014552, at *2 (C.D. Cal. June 17, 2019).  Moreover, a different California federal court dismissed an IPA claim "as a matter of law" on the ground that the defendant was not an agency under that statute. *Damner v. Facebook Inc.*, 2020 WL 7862706, at *8 (N.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

17

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

Dec. 31, 2020).

The State Bar also argued that as a public entity, it is immunized from Plaintiffs' negligence claims under the CTCA. Just this year, two California federal courts applied the CTCA to dismiss state-law claims alleged against California public entities. *Keith v. City of San Diego*, 2023 WL 2347070, at *8 (S.D. Cal. Mar. 3, 2023) (applying CTCA and finding "California law generally does not permit a public entity to be held directly liable for its own negligence"); *Vellenoweth v. City of Napa*, 2023 WL 25712, at *5 (N.D. Cal. Jan. 3, 2023) (dismissing negligence claim against city under CTCA because "Plaintiffs' Complaint does not identify the statutory basis for the city's direct liability").

The Court's other concern was that it "d[id]n't know whether [California's] standard for a demurrer is the same as the federal standing for a [Rule] 12(b)(6) [motion]." (Dkt. 97 at 24:3-11.) Multiple California state courts evaluating *res judicata* arguments have found that the standards are the same. *See, e.g.*, *Cobb v. Brignoni*, 2016 WL 796871, at *4 (Cal. Ct. App. Mar. 1, 2016) (finding Rule 12(b)(6) dismissals "are comparable to dismissals by California courts after sustaining a general demurrer for failure to state a cause of action" such that "federal court dismissals should have no less res judicata effect than California court dismissals based on the same ground (i.e., failure to state a cause of action)"); *Jones v. John Crane Inc.*, 2013 WL 1224871, at *6 (Cal. Ct. App. Mar. 27, 2013) (explaining "the comparison between the federal law and state law shows the similarity in standards" for dismissal for failure to state claim). Adjudicating Plaintiffs' state-law claims thus would not offend principles of comity and is well within the Court's discretion.

## C.     The Court should rule on Defendants' arguments and dismiss the remaining state-law claims.

Given the briefs the parties have already filed and the rulings the Court has already issued, Defendants' arguments in support of dismissing Plaintiffs' state-law claims are only one yard shy of resolution. No further briefing is needed. The Court

Cooley LLP
Attorneys at Law
Los Angeles

18

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM

only permitted Plaintiffs to re-plead their antitrust claims and forbade Plaintiffs from "add[ing] new causes of action or parties," (Dkt. 94 at 9), so the SAC did not fundamentally alter the existing state-law claims. Defendants' arguments to dismiss them are still ripe.

In any event, many of Defendants' arguments are purely legal and will apply regardless of any additional allegations in the SAC. For example, the Court is empowered to find as a matter of law that the State Bar is not subject to the IPA and immune from Plaintiffs' negligence claims under the CTCA. Consequently, the Court should retain supplemental jurisdiction over the state-law claims and dismiss them for failure to state a claim.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court continue to exercise supplemental jurisdiction over and dismiss Plaintiffs' remaining state-law claims.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

19

JOINT DEFENDANTS' BRIEF RE
SUPPLEMENTAL JURISDICTION
CASE NO. 8:22-CV-00983-DFM

1    Dated: April 13, 2023                COOLEY LLP

2

3                                        */s/ Tiana Demas*
                                         Tiana Demas
4
                                         *Attorneys for Defendant*
5                                        THE STATE BAR OF CALIFORNIA

6                                        *The filer, Tiana Demas, attests that the
                                         other signatories listed, on whose*
7                                        *behalf the filing also is submitted,
                                         concur in the filing's content and have*
8                                        *authorized the filing.*

9

10   Dated: April 13, 2023                K&L GATES

11

12                                       */s/ Beth W. Petronio*
                                         Beth W. Petronio
13
                                         *Attorneys for Defendant*
14                                       TYLER TECHNOLOGIES, INC.

15

16   Dated: April 13, 2023                JEFFER MANGELS BUTLER &
                                          MITCHELL LLP
17

18
                                         */s/ Michael A. Gold*
19                                       Michael A. Gold

20                                       *Attorneys for Defendant*
                                         RICK RANKIN
21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
Los Angeles

20

Joint Defendants' Brief re
Supplemental Jurisdiction
Case No. 8:22-cv-00983-DFM