Lenore L. Albert *Suspended Cal State Bar 03-14-2024*
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1,John Roe 3,
Jane Roe 2, Chad Pratt, and NZ *on behalf of
themselves and all others similarly situated.*
**IN FEDERAL COURT ONLY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3, an individual; JANE ROE 2 an individual; CHAD PRATT, an individual, NZ, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiff, <br> vs. <br><br> THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive, <br> Defendants. | CASE NO. 22-cv-00983-DFM <br><br> Assigned to the Hon. Douglas F. McCormick <br> Complaint filed: 03-18-2022 <br><br> **EX PARTE APPLICATION TO REOPEN THE CASE; VACATE AND RECONSIDER DISMISSAL AND REMAND ORDERS; AND INJUNCTIVE RELIEF** <br><br> Hearing Date: TBD <br> Time: On the papers <br> Crtm: 6B – Sixth Floor |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

    **COMES NOW PLAINTIFFS,** John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ apply for an Order, *ex parte*, to reopen the case and vacate the remand in the interests of justice pursuant to Fed. R. Civ. Proc. Rules 56, 59 and 60 and the Court's inherent authority. The application will be submitted on the papers to the Honorable

Douglas F. McCormick sitting in Courtroom 6B of the United States District Court for the Central District of California located at 411 West Fourth Street, Santa Ana, CA 92701.

Specifically, the plaintiffs request that the Court vacate Orders, Doc. No. 130 (Dismissal of Second Amended Complaint attempt to monopolize cause of action 4-03-2023) and 135 (05-03-2023 Order closing case and remanding case to State Court) and any interim orders therein such as re: supplemental jurisdiction. Plaintiffs also seek injunctive relief and equal protection - in order to preserve their right to pursue their case in federal court with their choice of counsel.

Pursuant to Local Rule 7-18, the application for reconsideration is based on material facts that did not exist at the time the Order was made in 2023.

Pursuant to Local Rule 7-19, the last page of this Application contains the names, addresses, phone numbers, and email addresses of the defendants' attorneys.

Pursuant to Local Rule 7-19.1, notice was given in writing by email to the court and opposing parties counsel what relief was being sought. Notice to opposing parties: Lenore Albert as counsel in federal court only, gave notice to defendants' current counsel on 3-20-2024.

Pursuant to Local Rule 7-20 a proposed order has been drafted and it being submitted herewith.

Plaintiff's counsel is unable to comply with Local Rule 11-3.8(a) because the State Bar has ruled that plaintiff's counsel's addition of the State Bar Number in federal court – is the Unauthorized Practice of Law. She is trying to get herself out of trouble – not in it. To substantially comply, plaintiff's counsel's California State Bar Number is 210876. Her Michigan State Bar Number is P85667. Finally, her U.S. Supreme Court Bar Number is 264066.

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**
*Roe v The State Bar of California, et al.*    22-cv-00983

The motion/application is being made *ex parte* based on irreparable harm. On March 14, 2024 the defendant State Bar of California issued an Interim Order suspending plaintiff's counsel license to practice law in the state of California. Her membership in this federal court is still active.

This application is based on the application, memorandum of points and authorities, Request for Judicial Notice, if any, Declarations of Lenore Albert, Chad Pratt, NZ, John Roe 1, KC, DE and any other declarations that may be returned by time of filing. The application is also based on the court file, papers and pleadings therein.

Dated: March 20, 2024

Respectfully Submitted,
/s/ Lenore Albert_____
LENORE L. ALBERT
Attorney for Plaintiffs, John Roe 1,John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.* **In Federal Court ONLY – __Suspended by California State Bar 03-14-2024__ ***

# TABLE OF CONTENTS

Application .......................................................................................... ii

Table of Contents............................................................................... iv

Table of Authorities............................................................................ v

MEMORANDUM OF POINTS & AUTHORITIES ................................ 1

I.      JURISDICTION ............................................................................ 1

II.     REASONS TO GRANT THE APPLICATION ................................ 1

     A. What Happened to Cause Irreparable Harm Wherein Plaintiffs
       Would Seek to Vacate A Remand Other that they Requested......... 1

     B. Relief Requested ..................................................................... 2

     C. Reasons To Grant Relief.......................................................... 2

       1.    As to Item 1 and 2 ......................................................... 2

       2.    As to Items 1 through 3 .................................................. 2

     D. Merits for Relief...................................................................... 3

       1.    Underlying Facts to Support Relief................................... 3

          a.   Current Events Leading to this Ex Parte
             Application to Reopen ................................................ 3

          b.   Abrupt Interim Suspension in the State of
             California by the State Bar (no order from the
             California Supreme Court)........................................... 4

          c.   Summary of the State Bar Data Breach Case ........... 5

       2.    Notice Given ................................................................... 7

       3.    Plaintiffs' Case is Likely to Succeed on the Merits ............. 8

       4.    Irreparable Harm............................................................. 9

       5.    Legal Basis to Grant the Relief........................................ 11

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983

a. The Court Should Reopen the Case under Rule 60(b)........................................................................11

b. The Court Should Vacate the Order of Dismissal and Order of Remand Under Rule 60(b) ................12

c. Alternatively, the Court Should Give Relief Under Rule 60(b)(6)................................................13

6. The Application is Made Within a Reasonable Time .........14

7. Alternatively, the Court Should Reconsider its Prior Orders under FRCP Rule 59 .............................................15

8. Alternatively, the Court Should Grant Injunctive Relief under FRCP Rule 56 ................................................16

III. CONCLUSION ...................................................................17

IV. Certificate of Word Count..................................................17

V. Proof of Service....................................................................18

VI. Address, Phone, and Email of Opposing Counsel .............19

# TABLE OF AUTHORITIES

**Cases**

*Ariz. Dreamact Coal. v. Brewer* (9th Cir. 2014) 757 F.3d 1053 ................................ 9, 10

*Center for Auto Safety v. Chrysler Group, LLC* (9th Cir. 2016) 809 F.3d 1092 ............. 17

*Cohen v. U.S. Dist. Court* (9th Cir. 2009) 586 F.3d 703, 712 ........................................ 11

*Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA) .... 12, 14

*Ex Parte Robinson,* 86 U.S. 505, 512-13 (1873) ................................................................ 3

*Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ......... 12

*Harvest v. Castro* (9th Cir. 2008) 531 F.3d 737, 744-45 ................................................. 12

*Hernandez v. Guglielmo* (D. Nev. 2011) 796 F. Supp. 2d 1285, 1292 ........................... 11

*In re Poole,* 222 F.3d 618, 622 (9th Cir. 2000) .................................................................. 2

*Jura v. Cnty. of Maui* (D. Haw., Dec. 27, 2012, No. 11-00338 SOM/RLP) [pp. 2-3] ..... 15

*Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005) ...................................... 15

*Lehman v. U.S.*, 154 F.M. 1010, 1017 (9th Circuit 1998) ............................................... 14

*Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir.2012) ................................................. 9

*Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1178-79 (9th Cir. 1998) ................ 15

*Rent–A–Ctr., Inc. v. Canyon Tel. & Appl. Rental, Inc.,* 944 F.2d 597 (9th Cir.1991) ....... 9

*Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957) ................. 3

*United States v. Mouzin* (9th Cir. 1986) 785 F.2d 682, 704 fn. 6 ..................................... 3

*Valle Del Sol Inc. v. Whiting* (9th Cir. 2013) 732 F.3d 1006, 1029 ................................. 10

*White v. Sabatino,* 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) .................................... 15

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................................ 1

Cal. Bus. & Prof. Code, § 6086.1 ....................................................................................... 8

Fed. R. of Civ. Proc. Rule 56 ........................................................................................... 15

Fed. R. of Civ. Proc. Rule 59 ........................................................................................... 15

Fed. R. Civ. Proc. Rule 60(b) ........................................................... 1, 11, 12, 13, 14

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983

Fed. R. Civ. Proc. Rule 60(c)................................................................ 14

Fed. R. Civ. Proc. Rule 60(d)................................................................ 14

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

This Court has jurisdiction to reconsider its orders. (Fed. R. Civ. Proc. Rule 60(b)). It also has jurisdiction over this case under CAFA.

**(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

**(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;

**(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

**(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d).

Here, the controversy far exceeds $5,000,000.00 wherein 322,525 confidential state bar records landed on the public internet where anyone with public access to the internet could view them. (See supporting declarations). This is a putative class action filed on behalf of those members and complainants which far exceeds $5,000,000.00. Second, not all class members are citizens of California although the State Bar is a California agency. Moreover, defendant Tyler Technologies is a Texas corporation although many class members are citizens of California. In sum, diversity jurisdiction under CAFA for this putative class action exits under 28 U.S.C. § 1332(d).

### II.    REASONS TO GRANT THE APPLICATION

### A. What Happened to Cause Irreparable Harm Wherein Plaintiffs Would Seek to Vacate a Remand Order that they Requested:

On March11, 2024 at 5:00PM the California State Bar Review Department issued an Opinion recommending disbarment with an Order of Interim Suspension

**1**

## EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER

*Roe v The State Bar of California, et al.*          22-cv-00983

beginning on 3-14-2024. (the Prior State Bar recommendation did not include interim suspension or disbarment).

**B. Relief Requested:**

1. Vacate the Order Remanding the Case to state court;

2. Vacate the Order dismissing the Case and dismissal of the attempt to monopolize cause of action as to attempt to regulate practice in federal court;

3. Proceeding with the case in federal court using the Fourth Amended Complaint filed in State Court with Lenore Albert as counsel of record.

**C. Reasons to Grant Relief:**

**1. As to Item 1 and 2:**

The plaintiffs (attorneys and judges) are stuck in a State Court action against the State Bar wherein the timing of everything that has happened (or not happened in that case appears to be retaliatory against the attorneys).

The Clerk wouldn't even accept for filing a rushed request for stay in that case to obtain new counsel for the plaintiffs and putative class without Albert reserving a hearing date to appear *ex parte*. If she did so, she would be committing UPL. Although explained to the Court clerk. The Clerk rejected the filing.

Defendants have sought to demurrer to all causes of action, including those previously overruled and to dismiss the motion to certify the class – leaving the plaintiffs and putative class exposed. On 3-20-2024 after giving notice to opposing counsel the Court dismissed the motion to certify the class and continued the CMC date to June 2024.

Fundamental rights are at issue here. Plaintiffs have the evidence with no other courthouse to go to.

**2. As to Items 1 through 3:**

"[S]uspension from federal practice is not dictated by state Rules." *In re Poole,* 222 F.3d 618, 622 (9th Cir. 2000). Our Ninth Circuit explained "[t]he Rules in *Theard v.*

*United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), required a hearing prior to disbarment…and therefore prevented the local Rules from taking effect automatically." *United States v. Mouzin* (9th Cir. 1986) 785 F.2d 682, 704 fn. 6. "Without its observance **no one would be safe from oppression** wherever power may be lodged." *Ex Parte Robinson,* 86 U.S. 505, 512-13 (1873) (emphasis added).

Because this is a federal court and the U.S. District Court for the Eastern District of California is a federal court and Roxanne Gonzalez is an Operations Supervisor in that District Court, the Court should not automatically suspend Albert's membership (like Roxanne Gonzalez did that in 2021 which was the subject matter of the current dispute).

Chief Judge Philip Gutierrez currently is reviewing whether the Central District will issue a reciprocal suspension in this Court. As of today, Albert's membership remains active will all privileges afforded  under that membership in accordance with U.S. Supreme Court precedent.

**D. <u>Merits for Relief</u>**

   **1. <u>Underlying Facts to Support Relief:</u>**

      **a. <u>Current Events Leading to this Ex Parte Application to Reopen</u>**

It appears that counsel for the defendants and the State Bar are using the power of the State Bar to shape events in Court. Snapshot of questionable events include:

- **<u>3-01-2024</u>**  Counsel on Data Breach case in State Court confirm Defendants requested extension of time to demurrer to the Fourth Amended complaint to 3-11-2024.

- **<u>3-01-2024</u>** Counsel on Data Breach case in State Court confirm all Defendants will get their documents to plaintiff's counsel by 3-08-2024.

- Suzanne Grandt,  office of general counsel at State Bar, out of office until 3-06-2024

- **<u>3-08-2024</u>** Chris Weber attorney for State Bar says they need more time to get documents to plaintiffs' counsel. Plaintiffs' counsel responds - get them to me by end of day on 3-12-2024. The rest of the Defendants produce their documents by 3-08-2024.

**3**

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*      22-cv-00983

- **3-11-2024, 4:24PM** I receive and email from the State Bar Review Department that they are not recommending suspension any longer, but now flipped it into a disbarment with interim suspension to start on 3-14-2024.
- **3-11-2024** All defendants filed their demurrers.
- **3-12-2024** plaintiff's counsel requests the documents. State Bar does not reply and does not produce any documents.
- **3-14-2024** Plaintiffs' Counsel was abruptly suspended to practice law in state court.
- **3-15-2024** State Bar and co-defendants file statement with the State Court to dismiss the Class Certification motion.
- **3-19-2024** plaintiff's counsel filed a tort claim against the State Bar and a status report with the State Bar noting the above timeline.
- **3-19-2024** Chris Weber, attorney for the State Bar sends an email – would not produce documents based on the upcoming suspension (that plaintiff's counsel did not know about).
- **3-20-2024** Orange County Superior Court Order Striking the Motion for Class Certification.

  *This happened within 11 minutes last year, too *
- **04-03-2023, 4:10PM:** Federal Court Order filed Dismissing the State Bar Data Breach Claims.
- **04-03-2023, 4:15PM:** Federal Court Minutes filed re: Dismissal of Federal Claims of the State Bar Data Breach case.
- **04-03-2023, 4:21PM:** State Bar issues Recommendation to Suspend Albert for 18 months on purported UPL in Federal Court. (Note the disciplinary proceeding was not filed until after this lawsuit was filed.).

      b. **Abrupt Interim Suspension in the State of California by the State Bar (no order from the California Supreme Court).**

      In response to the news of the impending interim suspension, plaintiff's counsel filed an emergency motion with the Ninth Circuit and notices with all courts.

**4**

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*      22-cv-00983

The Interim Suspension and Opinion of 3-11-2024 is based on practice of law in a federal court that did not sanction, admonish, or suspend plaintiff's counsel. It was an act performed on or about March 1, 2021 by an Operations Supervisor without a Judge advising her to do so. The issue is before the Ninth Circuit.

Plaintiff's counsel's disagreement is not an attempt to obfuscate the disbarment or suspension that is looming over her law license in the State of California. It is merely her recognition that her Constitutional right to practice in federal court is not automatically taken away by a state bar court suspension.

### c.  Summary of the State Bar Data Breach Case

The State Bar of California has been overreaching in their power and authority through self-initiated confidential State Bar investigations. As a result, by October 15, 2021, they had amassed over 322,525 confidential state bar investigations in their database against approximately 191,000 active attorney or judge members of the State Bar.

On October 15, 2021, Kevan Schweitzer scraped/harvested all of the State Bar investigations that was publicly accessible to him and posted them publicly on the internet. The online postings identified each State Bar member connecting them to the confidential state bar investigation. Defendants failed to adequately secure the confidential investigations in violation of Cal. Bus & Prof. Code §6068.1 and other rules of the State Bar Court.

The vulnerability was found in the Tyler Technologies Odyssey Portal of the Odyssey system. As a consequence, the defendants failed to notify approximately 200,000 members of the State Bar that their name was located online in connection with a confidential State Bar investigation until May through July 2022. This delay was so that the other state and local government agencies could get their docket information scrubbed from Kevan Schweitzer's website first. As a result, Tyler Technologies and the other local and state agencies did not have to give notice of the data breach to parties of sealed or expunged records that were also released on the internet.

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs sued the defendants in Orange County Superior Court.

It was removed to this Court by Consent of all parties in May, 2022. (Doc. No. 1).

The antitrust claims were dismissed, and plaintiffs requested that the case be remanded to state court. (Doc. No. 130). The case was remanded to state court on May 3, 2023. (Doc. No. 135).

The defendants went in ex parte to seek a discovery stay until the pleadings were at issue and that was denied.

The defendants refused to comply with discovery requests and the Court issued an IDC order.

On or about December 8, 2023 the Court ruled that the Roe plaintiffs could proceed anonymously so long as there was no public disciplinary record on their State Bar member profile.

On or about January 12, 2024 the Court overruled Defendants demurrers in part with leave to amend the other causes of action. Plaintiffs left the negligence and breach of mandatory duty by a government agency intact which were overruled and amended as allowed by the Court.

On February 22, 2024 the plaintiffs filed their motion to certify the class.

Defendants had been stalling in providing documents to support their discovery responses until a stipulation to a protective order had been signed. The Court granted the protective order on March 7, 2024 (OCSC ROA # 275).

Apparently, desperate to avoid handing over the State Bar documents to plaintiff, the State Bar issued an Interim Order immediately suspending their counsel on March 14, 2024 – killing a class action without counsel that can practice in state court - making this *ex parte* application an urgent matter.

On March 1, 2024, the defendants asserted that due to illness or press of business they needed an extension of time. Looking at the totality of circumstances, it appears that the Defendant State Bar has been reacting to the Court decisions in the Data Breach case.

**6**

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*                    22-cv-00983

After plaintiff's counsel filed this putative class action against the State Bar. The State Bar sent plaintiff's counsel a notice that they were going to proceed with public disciplinary proceedings against her for purportedly violating a federal local rule in the Eastern District of California constituting a purported unauthorized practice of law in the state of California. Not to distract from the purpose here, it is well known constitutional law that an attorney does not leave the federal court out of the same door that an attorney may have become a member in that federal court. States just cannot regulate the practice of law in federal court.

As a result of the State Bar's March 11, 2024 Opinion recommending Disbarment and Order of Interim Suspension effective March 14, 2024 – no other jurisdiction has automatically reciprocated in the suspension.

Now that the Central District has been notified and an Order has been issued in that regard, plaintiffs come to this Court requesting the Court act quickly to take jurisdiction of this case again.

The defendants have filed a demurrer to all causes of action, including those that have been previously overruled and requested that the Court dismiss the motion for class certification based on plaintiff's counsel's suspension in the state of California – which it did on March 20, 2024. In effect, they have bought their own claims by way of suspending the plaintiffs' attorney for purported UPL in federal court in a quick fashion.

## 2. **Notice Given**

Notice was given to the Court on 3-20-2024 that this emergency motion was forthcoming. Notice was also given to opposing counsel on 3-20-2024. The relief sought was clarified in an email string between counsel on 3-20-2024. The email string is attached to the Declaration of Albert filed concurrently herewith.

The notice is reasonable under the circumstances on the grounds that plaintiffs' counsel was not served with the State Bar Review Department Opinion recommending Disbarment and Interim Suspension until nearly 5:00PM on Monday 3-11-2024. That event triggered many events requiring Albert to apply for

emergency relief, give notice to the courts, notice to her clients, and wrap up all of
her clients' cases within an extremely short period of time.

The process, of which this application is part of, is still ongoing.

### 3. <u>Plaintiffs' Case Is Likely to Succeed on the Merits</u>

The act of reopening this case and taking jurisdiction over it again would not be
futile. The state court overruled two causes of action against defendant Tyler
Technologies and the State Bar of California. The State Bar responded in a verified
response that the breach was caused by defendant Tyler Technologies. The state court
found that the State Bar owed a mandatory duty to the plaintiffs under Cal Bus & Prof
Code §6086.1

> **(b)** All disciplinary investigations are confidential until the time that formal
> charges are filed and all investigations of matters identified in paragraph (2)
> of subdivision (a) are confidential until the formal proceeding identified in
> paragraph (2) of subdivision (a) is instituted. These investigations shall not
> be disclosed pursuant to any state law, including, but not limited to, the
> California Public Records Act (Division 10 (commencing with
> Section 7920.000) of Title 1 of the Government Code).
> Cal. Bus. & Prof. Code, § 6086.1

Although the State Bar was under a mandatory duty to keep all state bar
investigations confidential until formal proceedings are instituted, it breached its duty
when 322,525 of those confidential investigations landed on the internet identifying the
member, complainant or witness associated with that confidential investigation. Because
Tyler Technology Inc.'s vulnerability of its Odyssey portal was partially at fault, both are
jointly and severally liable. Rick Rankin was hired to check for vulnerabilities in the
software programs that the State Bar used and failed to use industry standard methods to
check the access control (authorized users only) to the confidential records thus making
him jointly liable as well.

Second, on 04-03-2023 this Court dismissed the attempt to monopolize the regulation of attorneys practicing in federal court as implausible and "fanciful" but the suspension that the State Bar just issued against the plaintiff's counsel is just that – based on practice in federal court. Making reconsideration of its prior ruling proper – and the claim now meritorious.

Thus, the Court would not be performing a futile act by taking this case and putting it back on its active calendar list. To not do so would be turning a blind eye to the defendants' violation of the plaintiffs and class members constitutional rights to equal protection, due process, and to seek legal redress for their grievances.

Because the plaintiffs have established a likelihood on the merits, they have also established that relief would be in the public interest and there is irreparable harm. The public interest and the balance of the equities favor "prevent[ing] the violation of a party's constitutional rights." *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir.2012).

### 4.  **Irreparable Harm**

Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages. *See Rent–A–Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.,* <u>944 F.2d 597, 603</u> (9th Cir.1991).

Here there is no adequate legal remedy only cascading harm to Albert and her clients.

Representatives of this putative Class have declared that Ms. Albert's inability to represent them will cause him irreparable harm. (See supporting Declarations).

Albert has filed a motion with Judge Gutierrez to issue an OSC before reciprocal suspension and he has done so.

"Because intangible injuries generally lack an adequate legal remedy, "intangible injuries [may] qualify as irreparable harm." *Ariz. Dreamact Coal. v. Brewer* (9th Cir. 2014) 757 F.3d 1053, 1068.

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*        22-cv-00983

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"[I]t is clear that it would not be equitable or in the public's interest to allow the state ... to violate the requirements of federal law, especially when there are no adequate remedies available." *Valle Del Sol Inc. v. Whiting* (9th Cir. 2013) 732 F.3d 1006, 1029.

Every sitting judge in California is ultimately reviewed by the California Supreme Court. Thus, suing the State Bar of California in state court must be awkward. Plaintiffs' counsel has asked the Ninth Circuit to accelerate its findings to undo most of the underpinnings that has resulted in this injustice. It just issued an Order providing a briefing schedule on the motion for injunctive relief pending appeal. The Ninth Circuit is doing its part and now plaintiffs seek relief and for this Court do its part as well.

The State Bar cannot simply be immune from following federal Constitutional law. If it tries to do so in order to make federal constitutional due process rules and laws inapplicable, then the Constitution must preempt those state laws.

"A fundamental principle of the Constitution is that Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 372, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000) (citing, *inter alia,* U.S. Const., art. VI, cl. 2; *Gibbons v. Ogden,* 9 Wheat. 1, 6 L.Ed. 23 (1824)). Under this principle, "state law is naturally preempted to the extent of any conflict with a federal statute." *Id.* State law is conflict-preempted when it is impossible to comply with both state law and federal law. *See, e.g., Fla. Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). Additionally, even if it is possible to comply with both state and federal law, state law is conflict-preempted whenever it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States,* —— U.S. ——, 132 S.Ct. 2492, 2501, 183 L.Ed.2d 351 (2012) (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941))

*Ariz. Dreamact Coal. v. Brewer* (9th Cir. 2014) 757 F.3d 1053, 1061

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*                    22-cv-00983

Class actions cannot be prosecuted in pro per – even if the class is comprised of attorneys. Two policy considerations weigh heavily in favor of the plaintiffs' relief they seek: (1) public confidence in the legal system and separation of powers between the federal government and the state; and (2) plaintiffs' right to counsel of their choice and not be left without counsel under threat of disbarment by stepping in.

These equitable decisions are determined on a case-by-case scenario.

In a case where an attorney allowed a plaintiff and his family to house at the attorney's residence in a class action case Rule 1.8 came into play as to whether that counsel and plaintiff could be lead attorney/lead plaintiff. The defendants contended it was unethical giving such financial support and would undermine the confidence of the legal system. There the court stated that "the concern for public confidence in the legal system did not outweigh the plaintiff's interest in being represented by the counsel of his choice, particularly in view of the humanitarian circumstances related to the provision of the living expenses." *Hernandez v. Guglielmo* (D. Nev. 2011) 796 F. Supp. 2d 1285, 1292.

In this case, after plaintiffs filed their motion for class certification and demanded document production that was long overdue, the defendants chose to have the State Bar Defendant determine that their counsel should be disbarred, and an Interim Suspension should issue (for the protection of the public). If plaintiffs' choice of counsel was not reasonable, they could have simply let the motion for class certification play out – but they didn't. They went outside the Court and used its own Powers to thwart the litigation. (See, *Cohen v. U.S. Dist. Court* (9th Cir. 2009) 586 F.3d 703, 712 courts should defer to the plaintiff's choice of counsel.).

Wherefore, relief should be granted.

**5.** **Legal Basis To Grant the Relief**

**a.** **The Court Should Reopen the Case Under Rule 60(b)**

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*    22-cv-00983

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

*Harvest v. Castro* (9th Cir. 2008) 531 F.3d 737, 744-45.

A "party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." (internal quotations omitted.) *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1].

First, the injury is that plaintiff's counsel has been thwarted by the defendant State Bar of California to proceed with the putative class action in state court due to the suspension issued by the State Bar. A class action cannot proceed pro se, as such that is the injury. The circumstances (the suspension) were beyond the control of the plaintiffs and their counsel. There was no reason to believe that an Interim Suspension and disbarment would result from allegations solely of purported misconduct in failing to follow a local rule in federal court.

As such, the plaintiffs and their counsel have good cause to believe that this Court should reopen the case and proceed in federal court at this time.

**b. The Court Should Vacate the Order of Dismissal and Order of Remand Under Rule 60(b)**

The plaintiffs and their counsel have good cause to request that this Court should vacate the remand order after reopening the case at this time.

**b)** GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:**(1)** mistake, inadvertence, surprise, or excusable neglect;**(2)** newly discovered evidence that, with reasonable diligence, could

12

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*        22-cv-00983

not have been discovered in time to move for a new trial under Rule 59(b);**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**(4)** the judgment is void;**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or**(6)** any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b).

Plaintiffs were surprised on March 11, 2024 when the State Bar Review Department changed the recommendation from a suspension to disbarment with an interim suspension to start on March 14, 2024. (Fed. R. Civ. P. Rule 60(b)).

At the very least it was "excusable neglect" to fail to foresee that the defendant State Bar would actually be able to thwart the case proceeding in state court. (Fed. R. Civ. P. Rule 60(b)(1)).

The March 11, 2024 Order was "newly discovered evidence that, with reasonable diligence, could not have been discovered" when plaintiffs sought an Order remanding this case back to state court. (Fed. R. Civ. P. Rule 60(b)(2)).

There is evidence of "misconduct by an opposing party" in suspending plaintiff's counsel's license to practice law thus thwarting class certification in this case. (Fed. R. Civ. P. Rule 60(b)(3)).

Furthermore, applying the remand Order "prospectively is no longer equitable" because plaintiff's counsel is limited to practicing in the federal court now and her license to practice in the state court has been taken away by the Defendant on March 11, 2024.

Finally, it would be a "manifest injustice" to allow the State Bar to thwart the putative class action after it has been worked up and put at issue as to two causes of action: (1) negligence; and (2) violation of a mandatory duty by a government agency.

**c.  Alternatively, the Court Should Give Relief under Rule 60(b)(6)**

13

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983

Alternatively, the plaintiffs and their counsel have good cause to request that this Court should vacate the remand order after reopening the case at this time. Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." *Lehman v. U.S.*, 154 F.M. 1010, 1017 (9th Circuit 1998). The Rule provides that:

**(d)** OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;**(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or**(3)** set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

Here, the intervening circumstance of the Defendant State Bar issuing an Opinion and Order of Interim Suspension in the state of California renders the Order to dismiss the action and Remand the Case to state Court no longer equitable. It ended up being a death knell decision that no one could reasonably expect. ( "any intervening circumstances that render the Order Summarily Remanding Improperly-Removed Action no longer equitable. <u>Fed.R.Civ.P. 60(b)(4)</u>,(5). " *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1]).

Even this Court dismissed an antitrust claim about the state court attempting to control the practice of law in federal court through using its power to suspend attorneys as not plausible. (Doc. No. 130).

Consequently, the Court should grant this ex parte application.

### 6.  <u>The Application is Made Within a Reasonable Time</u>

Here, the case was remanded on 04-03-2023. Request to vacate the remand is timely because it is being made within one year on 03-20-2024. Fed. R. Civ. P. 60(c).

The timing is reasonable because the suspension to proceed in state court was not issued until 03-11-2024.

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**
*Roe v The State Bar of California, et al.*        22-cv-00983

### 7. <u>Alternatively, the Court Should Reconsider its Prior Orders under FRCP Rule 59.</u>

In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See White v. Sabatino</u>, <u>424 F. Supp. 2d 1271, 1274</u> (D. Haw. 2006); <u>Na Mamo O 'Aha 'Ino v. Galiher</u>, <u>60 F. Supp. 2d 1058, 1059</u> (D. Haw. 1999). Courts have established three grounds justifying reconsideration under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. <u>Mustafa v. Clark County Sch. Dist.</u>, <u>157 F.3d 1169, 1178-79</u> (9th Cir. 1998) *Jura v. Cnty. of Maui* (D. Haw., Dec. 27, 2012, CIVIL. No. 11-00338 SOM/RLP) [pp. 2-3]

Plaintiffs incorporate all facts and arguments made in the preceding sections, herein.

Alternatively, for the reasons stated above, the Court should reconsider its prior ruling under Fed. R. of Civ. Proc. Rule 59.

Moreover, the Court should reconsider its Order dismissing the attempt to monopolize cause of action. (Doc. No. 130).

On April 3, 2023 this Court dismissed a monopolization claim finding it "fanciful and unsupported." The Court opined that:

> Plaintiffs allege that the State Bar is attempting to monopolize who can practice in federal court. See SAC ¶ 249. This claim is both fanciful and unsupported. Plaintiffs' SAC does not plausibly allege how the State Bar could control practice in federal court, especially given that "a federal court has the power to control admission to its bar." *Lasar v. Ford Motor Co.*, 399

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**
*Roe v The State Bar of California, et al.*    22-cv-00983

F.3d 1101, 1118 (9th Cir. 2005) (citation omitted). Nor does the SAC allege why the State Bar would want to control the practice of law in federal court. Laid bare, all that remains in the SAC are conclusory allegations of conspiracy and illegal activity, which fails to state a claim. See Twombly, 550 U.S. at 556-57.

Court's Order Dismissing the Amended Complaint – Attempt to Monopolize Practice in Federal Court. Doc. 130 p. 18-19

As previously noted, the State Bar has suspended plaintiffs' counsel for purported UPL in federal court, thus regulating the practice of law in federal court – a notion that this Court thought implausible on April 3, 2023 when it dismissed the attempt of the California State Bar to monopolize the practice of its Bar members in federal court. (Id.).

The Opinion and Interim Order issued by the State Bar of California Review Department on March 11, 2024, is support of this claim. It is new evidence that could not have met this Court's plausibility requirement on April 2, 2023 because the Order had not yet issued. Thus, the Court should Reconsider its Order dismissing that antitrust cause of action and reinstate it along with giving Plaintiffs leave to file their Fourth Amended Complaint in this Court with that cause of action added back in it. It would prevent a manifest injustice to do so.

## 8. <u>Alternatively, the Court Should Reconsider its Prior Orders under FRCP Rule 56.</u>

In the Ninth Circuit, a Court may enter an injunction upon the showing of irreparable harm and a meritorious claim. (Fed. R. Civ. Proc. Rule 56).

Case law is also replete with examples of motions for preliminary injunctions that reflect the need for the public right of access— to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Leucadia,* 998 F.2d at 161 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d

16

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*        22-cv-00983

653, 660 (3d Cir.1991)). Motions for preliminary injunctions have been utilized to: test the boundaries of equal protection; police the separation of powers in times of domestic and global instability; protect "one of our most valuable rights," the right to retain United States citizenship; and even determine life or death. "People in an open society do not demand infallibility from their institutions" with respect to such issues, "but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 572, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). In light of the strong presumption, these impactful motions should not be categorically shielded from the public right of access.

*Center for Auto Safety v. Chrysler Group, LLC* (9th Cir. 2016) 809 F.3d 1092, 1100-01

Plaintiffs incorporate all facts and argument made above herein. As shown above irreparable harm has been laid upon the plaintiffs and putative members of the class by the Defendants wrongful use of their power. The case has merit.

The Court was duped in issuing its ruling on 04-03-2023 in believing the defendants' argument that the State Bar would use its powers to attempt to monopolize practice in federal court. After this Court agreed with the Defendants that such would be implausible, one year later on March 11, 2024 the Defendant State Bar did the "fanciful" and "implausible" by killing this case in issuing a Recommendation of disbarment and Interim Suspension on the plaintiffs' counsel based on purported UPL in federal court. Thus, causing any other attorney to run for the hills rather than take over this case at this time. No reasonable person would put their livelihood on the line.

## III.    CONCLUSION

Wherefore plaintiffs respectfully request that this Court grant this ex parte application to reopen the case (Doc. No. 135), vacate the order of dismissal (Doc. No. 130) and order of remand (Doc. No. 135)  and allow the case to proceed in federal court.

17

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*                    22-cv-00983

Dated:  March 20, 2024                    Respectfully Submitted,
                                          LAW OFFICES OF LENORE ALBERT
                                          /s/ Lenore Albert_____
                                          LENORE L. ALBERT, ESQ.
                                          Attorney for Plaintiffs, John Roe 1,John Roe 3,
                                          Jane Roe 2, Chad Pratt, and NZ *on behalf of
                                          themselves and all others similarly situated. ** In
                                          Federal Court ONLY – **Suspended State Bar 03-
                                          14-2024 ***

        The undersigned, counsel of record for John Roe 1, et al, certifies that this brief

contains 5,283 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 20, 2024                    Respectfully Submitted,
                                          /s/ Lenore Albert_____
                                          LENORE L. ALBERT
                                          Attorney for Plaintiffs, John Roe 1,John Roe 3,
                                          Jane Roe 2, Chad Pratt, and NZ *on behalf of
                                          themselves and all others similarly situated. ** In
                                          Federal Court ONLY – **Suspended State Bar 03-
                                          14-2024 ***

**18**
**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**
*Roe v The State Bar of California, et al.*          22-cv-00983

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651.  On March 20, 2024, I served a copy of the following document(s) described as:

**EX PARTE APPLICATION TO REOPEN THE CASE; VACATE AND RECONSIDER DISMISSAL AND REMAND ORDERS; AND INJUNCTIVE RELIEF**


On the interested parties in this action as follows:

SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth per CCP 1010.6.
**[] BY MAIL**– I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).
 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: March 20, 2024

_/s/  Lenore Albert
Lenore Albert

**19**
**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*        22-cv-00983

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

**EX PARTE APPLICATION TO REOPEN, VACATE AND RECONSIDER**

*Roe v The State Bar of California, et al.*          22-cv-00983