**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/08/2023  TIME: 10:00:00 AM  DEPT: CX105
JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: K. Key
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: R. Lau

CASE NO: **30-2022-01250695-CU-AT-CXC**  CASE INIT.DATE: 03/18/2022
CASE TITLE: **Roe 1 vs. The State Bar of California**
CASE CATEGORY: Civil - Unlimited  CASE TYPE: Antitrust/Trade Regulation

EVENT ID/DOCUMENT ID: 74077805

**EVENT TYPE:** Motion for Protective Order
MOVING PARTY: Jane Roe 2, John Roe 2, John Roe 1, Jane Roe 3
CAUSAL DOCUMENT/DATE FILED: Motion for Protective Order, 08/11/2023

**APPEARANCES**
Zachary Timm, from K&L GATES, LLP, present for Defendant(s) remotely.
Justin Anderson and Beth Petronio, from Jeffer Mangels Butler & Mitchell LLP, present for Defendant(s) remotely.
Lenore Albert, from Law Offices of Lenore Albert, present for Plaintiff(s) remotely.

Hearing held, all participants appearing remotely.

Tentative Ruling posted on the Internet.

All parties submit on the Court's tentative ruling.

The Court hears oral argument and confirms the tentative ruling as follows:

Plaintiffs' Motion for Protective Order to Proceed Using Roe Names is granted as to plaintiffs John Roe 1, John Roe 3 and Jane Roe 2, and denied as to plaintiffs John Roe 2 and Jane Roe 3.

The parties agree that the case of Department of Fair Employment & Housing v. Superior Court (2022) 82 Cal. App. 5th 105, sets the standard for determining when a plaintiff may proceed under a fictitious name absent statutory authorization. "A party's request for anonymity should be granted only if the court finds that an overriding interest will likely be prejudiced without use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access. In deciding the issue the court must bear in mind the critical importance of the public's right to access judicial proceedings. Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur 'only in the rarest of circumstances'." 82 Cal. App. 5th at 111-12.

By law, plaintiffs have a privacy interest in State Bar investigation records until charges are filed. Bus. & Prof. Code §6068.1(b) provides "All disciplinary investigations are confidential until the time that formal charges are filed and all investigations are confidential until the formal proceeding is instituted. These investigations shall not be disclosed pursuant to any state law." Since the Legislature has determined that State Bar investigation records should be confidential until charges are filed, that conclusion will cause this court to conclude that the balancing test as to plaintiffs using fictitious names weighs in favor

CASE TITLE: Roe 1 vs. The State Bar of California    CASE NO: **30-2022-01250695-CU-AT-CXC**

Case 8:22-cv-00983-DFM   Document 139-1   Filed 03/20/24   Page 2 of 2   Page ID #:2619

of the plaintiffs as to whom formal charges have not been filed, and against the plaintiffs as to whom formal charges have been filed. Defendants have shown that John Roe 2 and Jane Roe 3 had disciplinary action taken against them in March 2014 and May 2011. Plaintiffs argue that there may be other complaints in the State Bar investigation records that were posted online that did not result in any discipline, and that as to those records, John Roe 2 and Jane Roe 3 would have privacy rights. However, forcing those plaintiffs to use their real names in this action would not compromise those privacy rights, and any such investigation records would remain confidential.

Similarly, in Doe v. Lincoln Unified School Dist. (2010) 188 Cal. App. 4th 758, the court cited authority holding that anonymity may be permitted "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity". Bus. & Prof. Code §6068.1(b) shows that the Legislature has undertaken this balancing test and favors the plaintiffs who have not had formal charges filed against them but does not favor the plaintiffs who have had formal charges filed against them.

Defendants' argument that plaintiffs waived confidentiality by filing this action is meritless. Accepting that argument would mean that no plaintiff may ever have confidentiality, which is not the law.

Defendants' Joint Motion to Stay Discovery and for a Protective Order is off calendar at the moving parties' request.

Plaintiffs are ordered to give notice of the ruling unless notice is waived.

Parties waive notice.