UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 22-00983-DFM | Date: | March 21, 2024 |
|---|---|---|---|
| Title | John Roe 1 et al. v. The State Bar of California et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Denying Ex Parte Application (Dkt. 138)

Before the Court is Plaintiffs' Ex Parte Application to vacate the order of remand and reopen this case under the Federal Rules of Civil Procedure and the Court's inherent authority. See Dkt. 138. No opposition has yet been filed, and none is needed. For the following reasons, the Court DENIES Plaintiffs' request.

"Ex parte motions are rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). "When an ex parte motion is filed," the Court "drops everything except other urgent matters to study the papers" because it "assume[s] that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken." Id. at 491-92. To justify ex parte relief, the "evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

First, Plaintiffs fail to show irreparable prejudice or harm. Plaintiffs argue that they are "exposed" in the state court lawsuit due to counsel's disbarment. Plaintiffs' need to find new counsel does not amount to prejudice warranting ex parte relief. The state court has already continued the status conference by three months. The fact that Plaintiffs may need to act diligently to secure new representation may be inconvenient but does not present irreparable prejudice.

Second, Plaintiffs fail to show that they are without fault in creating the alleged crisis. If anything, the opposite is true. Plaintiffs note that their class certification motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

was stricken. That is because effective March 14, 2024, Plaintiffs' counsel is no longer eligible to practice law in California. In fact, the State Bar of California Review Department has recommended that Plaintiffs' counsel "be disbarred from the practice of law in California."

Plaintiffs have not met their burden to demonstrate that ex parte relief is warranted. The Application is therefore DENIED without prejudice. Plaintiffs may, if they wish, bring a regularly noticed motion under the Local Rules to obtain the relief sought by the Application.