Lenore L. Albert *Suspended Cal State Bar 03-14-2024*
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, John Roe 3,
Jane Roe 2, Chad Pratt, and NZ *on behalf of
themselves and all others similarly situated.*
***IN FEDERAL COURT ONLY***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3, an individual; JANE ROE 2 an individual; CHAD PRATT, an individual, NZ, *on behalf of themselves and all others similarly situated*,<br><br>                    Plaintiff,<br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br>                    Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to the Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br>Dismissed and remanded: 05-03-2023<br><br>**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**<br><br>**[Motion for Reconsideration and Motion for Injunctive Relief Under Separate Cover]**<br><br>Hearing Date: May 2, 2024<br>Time: 10:00AM<br>Crtm: 6B – Sixth Floor |

## TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:

**COMES NOW PLAINTIFFS,** John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ apply for an Order, upon regularly noticed motion to reopen the case; and vacate: (1) the Order denying a protective order (Doc. No. 127); (2) Order dismissing the antitrust claim of attempted regulation of the practice of law in federal court by the California State Bar (Doc. No. 130); (3) Order declining supplemental jurisdiction (Doc.

i

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

No. 134); and (4) the Order closing and remanding the case (Doc. No.135) pursuant to Fed. R. Civ. Proc. Rules 60 and the Court's inherent authority. The motion will be heard by the Honorable Douglas F. McCormick sitting in Courtroom 6B of the United States District Court for the Central District of California located at 411 West Fourth Street, Santa Ana, CA 92701 at 10:00AM on May 2, 2024, or as soon thereafter as it may be heard.

On March 20, 2024, plaintiffs applied for this relief ex parte. The Court denied the request without prejudice to filing a noticed motion. (Doc. No. 138).

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on 3-26-2024." Pursuant to Local Rules, plaintiffs waited 7 days prior to filing this motion. Pursuant to Local Rule 7-20 a proposed order has been drafted and it is being submitted herewith.

Plaintiff's counsel is unable to comply with Local Rule 11-3.8(a) because the State Bar has ruled that addition of the State Bar Number in federal court – is the Unauthorized Practice of Law. She is trying to get herself out of trouble – not in it. To substantially comply, plaintiff's counsel's California State Bar Number is 210876. Her Michigan State Bar Number is P85667. Finally, her U.S. Supreme Court Bar Number is 264066.

This motion is based on the motion, memorandum of points and authorities, Request for Judicial Notice, if any, Declarations of Lenore Albert, Chad Pratt, NZ, John Roe 1, KC, DE, and any other declarations that may be returned by time of filing. The application is also based on the court file, papers, and pleadings therein.

Dated:  April 2, 2024

Respectfully Submitted,
/s/ Lenore Albert_____
LENORE L. ALBERT
Attorney for Plaintiffs in Central District Only.
John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt,
and NZ *on behalf of themselves and all others
similarly situated.* ** *In Federal Court ONLY –*
***Suspended by California State Bar 03-14-2024*** **

ii

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*        22-cv-00983

## TABLE OF CONTENTS

Motion..................................................................................................... ii

Table of Contents................................................................................... iii

Table of Authorities...............................................................................vi

MEMORANDUM OF POINTS & AUTHORITIES ....................................1

I.      INTRODUCTION..............................................................................1

II.     FACTS...............................................................................................2

       A. Overview of the Data Breach...................................................2

       B. Procedural Facts........................................................................2

       C. Material Events..........................................................................4

III.    JURISDICTION.................................................................................6

IV.    LAW..................................................................................................7

V.     LEGAL ARGUMENT

       A. (Doc. 135) Order Closing the Case and Remanding it to the

          State Court Should be Vacated ................................................8

          1.   The Motion is Timely ...........................................................8

          2.   The Order Should Be Vacated Because Injury and

              Circumstances Were Beyond Plaintiffs' Control .................9

          3.   Mistake, Inadvertence, Surprise, or Excusable Neglect......10

          4.   Newly Discovered Evidence..................................................11

          5.   Fraud, Misrepresentation, or Misconduct by an Opposing

              Party .......................................................................................12

          6.   Applying the Order Prospectively Is No Longer Equitable 13

          7.   Other Reasons to Justify Relief ...........................................14

          8.   Fraud on the Court Under Fed. R. Civ. Proc. Rule

              60(d)(3) .................................................................................14

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*       22-cv-00983

B. (Doc. 134) Order Declining Supplemental Jurisdiction Should
   be Vacated ................................................................................15
   1.   The Motion is Timely ........................................................15
   2.   Mistake, Inadvertence, Surprise, or Excusable Neglect ......16
   3.   Newly Discovered Evidence................................................16
   4.   Fraud, Misrepresentation, or Misconduct by an Opposing
        Party ..................................................................................16
   5.   Applying the Order Prospectively Is No Longer Equitable 16
   6.   Other Reasons to Justify Relief ..........................................17
   7.   Fraud on the Court Under Fed. R. Civ. Proc. Rule
        60(d)(3) .............................................................................17

C. (Doc. No. 130) Order Dismissing the Antitrust Claims Should
   Be Vacated ................................................................................17
   1.   Mistake, Inadvertence, Surprise, or Excusable Neglect ......18
   2.   Newly Discovered Evidence................................................18
   3.   Fraud, Misrepresentation, or Misconduct by an Opposing
        Party ..................................................................................18
   4.   Applying the Order Prospectively Is No Longer Equitable 19
   5.   Other Reasons to Justify Relief ..........................................19
   6.   Fraud on the Court Under Fed. R. Civ. Proc. Rule
        60(d)(3) .............................................................................19

D. (Doc. No. 127) Order Denying Protective Order to Plaintiffs
   Should be Vacated.....................................................................21

E. The Motion is Not an Act of Futility ............................................22

VI.   CONCLUSION .....................................................................22

VII.  Certificate of Word Count........................................................22

iv

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

VIII.       Proof of Service.........................................................................24

IX.        Address, Phone, and Email of Opposing Counsel .............................25

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

# TABLE OF AUTHORITIES

**Cases**

*Arroyo v. Rosas* (9th Cir. 2021) 19 F.4th 1202...................................................... 16

*Carter v. Beverly Hills Sav. and Loan Ass'n* (9th Cir. 1989) 884 F.2d 1186 ......... 9, 10, 17

*Casumpang v. International Longshoremen's & Warehousemen's Union, Local 142* (9th

   Cir. 2001) 269 F.3d 1042 ........................................................................... 16

*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)..................................... 8, 11, 12, 13

*Horne v. Wells Fargo Bank, N.A.,* 969 F.Supp.2d 1203, 1209-10 (CD. Cal. 2013) ........ 16

*Lehman v. U.S.*, 154 F.M. 1010, 1017 (9th Circuit 1998) .......................................... 15, 18

*Pumphrey v. K.W. Thompson Tool Co.* , <u>62 F.3d 1128, 1131</u> (9th Cir. 1995) ................. 22

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124  8, 9, 12, 13, 21,

   22, 24

*United States v. Sierra Pac. Indus., Inc.* (9th Cir. 2017) 862 F.3d 1157.................... 22, 23

*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097 ........................................ 13

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................................ 7

28 U.S.C. § 1367 .............................................................................................................. 15

Cal Bus & Prof Code §6086.1 ............................................................................... 3, 21, 22

Fed. R. Civ. Proc. Rule 12(b)(6) ...................................................................................... 18

Fed. R. Civ. Proc. Rule 58 ........................................................................................... 9, 16

Fed. R. Civ. Proc. Rule 59(b)........................................................................................... 18

Fed.R.Civ.Proc. Rule 60(b)........................................................................... 6, 14, 17, 19, 22

Fed. R. Civ. Proc. Rule 60(d)......................................................................... 8, 14, 17, 19

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs seek relief under Fed. R. Civ. Proc. Rule 60 subsections (b) and (d) on four orders:

1. On March 17, 2023, this Court denied plaintiffs' motion for a protective order to allow the plaintiffs to proceed anonymously. The order was signed by the judge and docketed as **Doc. No. 127**.

2. On April 3, 2023, this Court granted the defendants' supplemental motion to dismiss the antitrust claims. The order was signed by the judge and docketed as **Doc. No. 130**. This Court dismissed a monopolization claim finding it "fanciful and unsupported." The Court opined that:

Plaintiffs allege that the State Bar is attempting to monopolize who can practice in federal court. See SAC ¶ 249. This claim is both fanciful and unsupported. Plaintiffs' SAC does not plausibly allege how the State Bar could control practice in federal court… Nor does the SAC allege why the State Bar would want to control the practice of law in federal court.

Court's Order Dismissing the Amended Complaint (Doc. 130 p. 18-19)

The ruling was based on the State Bar's motion to dismiss which represented:

The attempted monopolization claim fails on numerous levels. For one thing, Plaintiffs offer no fact, plausible or otherwise, in support of their fanciful theory, nor could they: the State Bar has no conceivable motive for controlling the practice of law before the federal judiciary.

State Bar Motion to Dismiss Doc. 113-1 p. 23:8-18 Filed 11/21/22.

3. On May 1, 2023, this Court declined supplemental jurisdiction over the claims in the plaintiffs' second amended complaint. The order dismissed the complaint without prejudice to refiling it in the state court. **Doc. No. 134**.

1

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

4.  On May 3, 2023, this Court vacated dismissal and remanded the case back to the state court. **Doc. No. 135.**

## II.    FACTS

### A. Overview of the Data Breach

The State Bar of California has been overreaching in their power and authority through self-initiated confidential State Bar investigations. As a result, by October 15, 2021, they had amassed over 322,525 confidential state bar investigations in their database against approximately 191,000 active attorney or judge members of the State Bar.

On October 15, 2021, Kevan Schweitzer scraped/harvested all of the State Bar investigations that were publicly accessible to him and posted them publicly on the internet. The online postings identified each State Bar member connecting them to the confidential state bar investigation. Defendants failed to adequately secure the confidential investigations in violation of Cal. Bus & Prof. Code §6068.1 and other rules of the State Bar Court.

The vulnerability was found in the Tyler Technologies Odyssey Portal of the Odyssey system. Therefore, the defendants failed to notify approximately 200,000 members of the State Bar that their name was located online in connection with a confidential State Bar investigation until May through July 2022. This delay was so that the other state and local government agencies could get their docket information scrubbed from Kevan Schweitzer's website first. As a result, Tyler Technologies and the other local and state agencies did not have to give notice of the data breach to parties of sealed or expunged records that were also released on the internet.

### B. Procedural Facts

Plaintiffs sued the defendants in Orange County Superior Court.

It was removed to this Court by consent of all defendants in May 2022. (Doc. No. 1). Thus, the State Bar waived Eleventh Amendment immunity.

2

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

The antitrust claims were dismissed, and plaintiffs requested that the Court remand the case back to state court. (Doc. No. 130). The case was remanded to state court on May 3, 2023. (Doc. No. 135). Discovery ensued. The defendants refused to comply with discovery requests and the Court issued an IDC order.

On or about December 8, 2023, the State Court ruled that the Roe plaintiffs could proceed anonymously so long as there was no public disciplinary record on their State Bar member profile based on Cal. Bus. & Prof. Code § 6086.1 which noted members have a right to privacy. That Code section requires all state bar investigations to remain confidential until public charges are filed.

On or about January 12, 2024, the Court overruled Defendants demurrers in part with leave to amend the other causes of action. Plaintiffs left the negligence and breach of mandatory duty by a government agency intact which were overruled and amended as allowed by the Court.

Plaintiffs filed their Fourth Amended Complaint which now named one John Roe plaintiff, Chad Pratt.

On February 22, 2024, the plaintiffs filed their motion to certify the class.

Defendants had been stalling in providing documents to support their discovery responses until a stipulation to a protective order had been signed. The Court granted the protective order on March 7, 2024 (OCSC ROA # 275).

On March 8, 2024, the State Bar did not produce their documents as previously agreed.

Desperate to avoid handing over the State Bar documents to plaintiff, the State Bar issued an Interim Order on March 11, 2024, immediately suspending their counsel on March 14, 2024 – killing a class action without counsel that can practice in state court - making this *ex parte* application an urgent matter.

After plaintiff's counsel filed this putative class action against the State Bar. The State Bar sent plaintiff's counsel a notice that they were going to proceed with public disciplinary proceedings against her for purportedly violating a federal local rule in the

**3**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

Eastern District of California constituting a purported unauthorized practice of law in the state of California. Not to distract from the purpose here, it is well known constitutional law that an attorney does not leave the federal court out of the same door that an attorney may have become a member in that federal court. States just cannot regulate the practice of law in federal court.

As a result of the State Bar's March 11, 2024, Opinion recommending Disbarment and Order of Interim Suspension effective March 14, 2024 – to date - no other jurisdiction has automatically reciprocated in the suspension.

In effect, they have bought their own claims by way of suspending the plaintiffs' attorney for purported UPL in federal court in a quick fashion.

### C. Material Events

Counsel for the defendants and the State Bar are using the power of the State Bar to shape events in Court. Snapshot of questionable events include:

- **04-03-2023, 4:10PM:** Federal Court Order filed Dismissing the State Bar Data Breach antitrust claims – including attempt to regulate the practice of law in federal courts.

- **04-03-2023, 4:15PM:** Federal Court Minutes filed re: Dismissal of Federal Claims of the State Bar Data Breach case.

- **04-03-2023, 4:21PM:** State Bar issues Recommendation to Suspend Albert for 18 months on purported UPL in Federal Court. (Note the disciplinary proceeding was not filed until after this lawsuit was filed.).

- **01-12-2024**: State Bar's demurrer on the cause of action – breach of mandatory duty overruled along with the negligence cause of action against Tyler Technologies, Inc.

- **02-01-2024**: State Bar recommends plaintiff Chad Pratt disbarred for practice of law in federal court while Chad Pratt was a member in that federal court and where no federal court suspended Chad Pratt or referred the matter to the State Bar for discipline.

**4**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

- **3-01-2024** Counsel on Data Breach case in State Court confirm Defendants requested extension of time to demurrer to the Fourth Amended complaint to 3-11-2024.

- **3-01-2024** Counsel on Data Breach case in State Court confirm all Defendants will get their documents to plaintiff's counsel by 3-08-2024.

- Suzanne Grandt, office of general counsel at State Bar, out of office until 3-06-2024

- **3-08-2024** Chris Weber attorney for State Bar says they need more time to get documents to plaintiffs' counsel. Plaintiffs' counsel responds - get them to me by end of day on 3-12-2024. The rest of the Defendants produce their documents by 3-08-2024.

- **3-11-2024, 4:24PM** Counsel received an email from the State Bar Review Department that they are not recommending suspension any longer, but now flipped it into a disbarment with interim suspension to start on 3-14-2024.

- **3-11-2024** All defendants filed their demurrers.

- **3-12-2024** plaintiff's counsel requests the documents. State Bar does not reply and does not produce any documents.

- **3-14-2024** Plaintiffs' Counsel was abruptly suspended to practice law in state court.

- **3-15-2024** State Bar and co-defendants file statement with the State Court to dismiss the Class Certification motion.

- **3-20-2024** Orange County Superior Court Order Striking the Motion for Class Certification.

   *But for* Pratt being the named plaintiff and Albert as counsel for plaintiffs in the data breach case they would not have been punished by the State Bar by taking their license to practice law and their livelihoods. Even if these aren't antitrust claims, they are *constitutional violations worthy of amendment of the pleadings.*

   In response to the news of the impending interim suspension, plaintiff's counsel filed a request in all federal courts to proceed with her membership.

   The Interim Suspension and Opinion of 3-11-2024 is based on practice of law in a federal court that did not sanction, admonish, or suspend plaintiff's counsel. It was an act

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

performed on or about March 1, 2021, by an Operations Supervisor without a Judge advising her to do so. The issue is before the Ninth Circuit.

Plaintiff's counsel's disagreement is not an attempt to obfuscate the disbarment or suspension that is looming over her law license in the State of California. It is merely her recognition that her Constitutional right to practice in federal court is not automatically taken away by a state bar court suspension. Yet, the state bar attempts to regulate it by disciplining attorneys for practice in federal court.

To date, the U.S. Supreme Court, Ninth Circuit Court of Appeals, and Michigan State Bar has taken no action against Ms. Albert or even decided whether it will issue an OSC based on the recommendation. Today, April 2, 2024 the Ninth Circuit BAP provided a step to unwinding the underpinnings of the suspension and recommended disbarment by finding that the State Bar violated federal law for nearly one year by withholding Ms. Albert's license to practice law in 2018 and that Ms. Albert can pursue the State Bar where she alleged the costs are unconstitutional under California state constitution (notwithstanding the scathing concurring opinion based on the State Bar's character assassination attempt).

### III.   **JURISDICTION**

This Court has jurisdiction to reconsider its orders. (Fed. R. Civ. Proc. Rule 60(b)). It also has jurisdiction over this case under CAFA.

**(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-

**(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;

**(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

**(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

**6**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

28 U.S.C. § 1332(d).

Here, the controversy far exceeds $5,000,000.00 wherein 322,525 confidential state bar records landed on the public internet where anyone with public access to the internet could view them. (See supporting declarations). This is a putative class action filed on behalf of those members and complainants which far exceeds $5,000,000.00. Second, not all class members are citizens of California although the State Bar is a California agency. Moreover, defendant Tyler Technologies is a Texas corporation although many class members are citizens of California. In sum, diversity jurisdiction under CAFA for this putative class action exits under 28 U.S.C. § 1332(d).

**Due to word limitations - See declarations for evidentiary support.**

### IV.    LAW

A Court may vacate any order or judgment and reopen a case under Fed. R. Civ. Proc. Rule 60.

Subsection (b) provides six separate bases for relief:

**(b)** GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*         22-cv-00983

**(6)** any other reason that justifies relief.

Fed. R. Civ. Proc. Rule 60

Fed. R. Civ. Proc. "'Rule 60(b)(6) is a grand reservoir of equitable power' (citation), and it affords courts the discretion and power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" (citation). *Phelps v. Alameida* (9th Cir. 2009) 569 F.3d 1120, 1135.

Additionally, Fed. R. Civ. Proc. Rule 60 subsection (d) provides additional power to the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

"A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

Fed. R. Civ. Proc. Rule 60(c)(1) "provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for [ Rule 60(b) ] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding…recognizing the beginning of a new limitations period as a result of an appellate decision that has 'substantially alter[ed] the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties.'" *Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1136.

## V.    LEGAL ARGUMENT

### A. (Doc. 135) Order Closing the Case and Remanding It to the State Court Should be Vacated

### 1.  The Motion is Timely

Fed. R. Civ. Proc. Rule 60(c) has a one-year time limit for filing a motion to vacate on specific grounds listed in subsection (b).

This motion is timely under the statute. Even if it were longer than a year it would still be timely because the document containing the order was not signed, did not recite "it is so ordered" and was merely captioned "Civil Minutes – General."

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*    22-cv-00983

Specifically, on May 3, 2023, this Court vacated the Order dismissing the case and filed a New Order remanding the case to the State Court. The Order remanding the case and vacating the Dismissal was on a document captioned "Civil Minutes – General" that was not signed by the Clerk. It was placed on the docket (Doc. 135) and the Clerk issued a letter to the Superior Court notifying the Court that the matter was remanded.

In, *Carter v. Beverly Hills Sav. and Loan Ass'n* (9th Cir. 1989) 884 F.2d 1186, 1190, an Order placed on the docket was captioned "Civil Minutes-General." The plaintiff moved for relief under Fed. R. Civ. Proc. Rule 60(b). The district court ruled that the motion was untimely. Like this case, the document in *Carter* was not signed by the Clerk and it did not contain the phrase "IT IS SO ORDERED." The Ninth Circuit reversed the district court's ruling that the motion was untimely under Fed. R. Civ. Proc. Rule 60(b).

The Ninth Circuit found that "such a document does not satisfy the separate document requirement in <u>Rule 58</u>." *Carter v. Beverly Hills Sav. and Loan Ass'n* (9th Cir. 1989) 884 F.2d 1186, 1189.

The Court decided that the docket entry showed it may have been final. "However, the entry was not of a judgment that complied with <u>Rule 58</u> and, thus, the time for filing an appeal **or post-judgment motions** did not commence to run. Thus, the district court erred in denying the 60(b) motion as untimely." *Carter v. Beverly Hills Sav. and Loan Ass'n* (9th Cir. 1989) 884 F.2d 1186, 1190. (bold added).

As such, the plaintiffs' motion to vacate the dismissal and remand order of May 3, 2023, is timely.

## 2. The Order Should Be Vacated Because Injury and Circumstances Were Beyond Plaintiffs' Control

The facts are incorporated herein. Good cause exists to reopen the case because (1) the plaintiffs are being injured if it does not do so; and (2) the injury is based on circumstances beyond their control that prevented the plaintiffs from proceeding differently prior to remand.

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

First, the defendant State Bar of California suspended their attorney barring their attorney of choice from proceeding in state court. The plaintiffs have been unable to secure new counsel because the attorneys believe that the defendant State Bar will retaliate against them if they step.

Second, the defendant State Bar was in control of whether to pursue their counsel after Ms. Albert filed this lawsuit and recommended an interim suspension with disbarment. Furthermore, the pursuit was solely on Ms. Albert's practice in federal court which showed her an active member. The State Bar similarly pursued Mr. Pratt after this lawsuit was filed based on conduct in the federal court. Mr. Pratt is the only plaintiff the state bar ordered to reveal his identity. The timing of the activity supports a finding that the State Bar was attempting to regulate practice in federal court in support of vacating the dismissal of the claim that the State Bar is attempting to regulate the practice in federal court.

The circumstances of the choice to charge and suspend the plaintiff (and their counsel) were beyond the control of the plaintiffs and their counsel. There was no reason to believe that an Interim Suspension and disbarment would result from allegations solely of purported misconduct in failing to follow a local rule in federal court.

As such, the plaintiffs and their counsel have good cause to believe that this Court should reopen the case and proceed in federal court at this time.

### 3.  Mistake, Inadvertence, Surprise, or Excusable Neglect

The facts and Section A2 are incorporated herein. The plaintiffs and their counsel have good cause to request that this Court should vacate the remand order after reopening the case at this time.

Fed. R. Civ. Proc. Rule 60(b)(1) allows a court to vacate a judgment or order upon finding there was a "mistake, inadvertence, surprise, or excusable neglect." Id.

Plaintiffs were mistaken in believing that the defendant State Bar would not thwart the case in state court by suspending their counsel. The suspension was beyond the control of the plaintiffs and the injury is that plaintiffs' case will either die in state court

10

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*    22-cv-00983

or they will lose their counsel of choice, demonstrating "both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

Plaintiffs were surprised on March 11, 2024, when the State Bar Review Department changed the recommendation from a suspension to disbarment with an interim suspension to start on March 14, 2024. (Fed. R. Civ. P. Rule 60(b)).

At the very least it was "excusable neglect" to fail to foresee that the defendant State Bar would be able to thwart the case proceeding in state court. (Fed. R. Civ. P. Rule 60(b)(1)).

As such good cause exists to grant plaintiffs' motion on this ground.

### 4. Newly Discovered Evidence

Fed. R. Civ. Proc. Rule 60(b)(2) allows a court to vacate a judgment or order upon finding that there was "**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

> "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of <u>Rule 60(b)</u> ; (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane* , <u>331 F.3d 1082, 1093</u> (9th Cir. 2003) (citation and internal quotation marks omitted).
>
> *Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1136

Incorporating section A2 above, the March 11, 2024, Order was "newly discovered evidence that, with reasonable diligence, could not have been discovered" when plaintiffs sought an Order remanding this case back to state court. (Fed. R. Civ. P. Rule 60(b)(2)).

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

It did not exist on April 3, 2023. Plaintiffs were diligent in bringing this motion after the Order was entered which is of such magnitude that production of it earlier would have been likely to change the disposition of this Order.

The order of March 11, 2024, suspending plaintiffs' counsel was beyond the control of the plaintiffs and the injury is that plaintiffs' case will either die in state court or they will lose their counsel of choice, demonstrating "both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

As such good cause exists to grant plaintiffs' motion on this ground.

### 5. Fraud, Misrepresentation, or Misconduct by an Opposing Party

Fed. R. Civ. Proc. Rule 60(b)(3) allows a court to vacate a judgment or order upon finding that there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

Incorporating the facts and Section A2 above, there is evidence of "misconduct by an opposing party" in suspending plaintiff's counsel's license to practice law thus thwarting class certification in this case. (Fed. R. Civ. P. Rule 60(b)(3)).

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of fraud, misrepresentation, or other misconduct of an adverse party…. Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect...." *Id.* (citation and internal quotation marks omitted).

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1136

"Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used). Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."" *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1105.

**12**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*        22-cv-00983

Defendant State Bar represented it was not attempting to regulate federal practice. The allegations were "fanciful" and implausible. The Court and plaintiffs relied on the representation when the defendant State Bar made it. The State Bar knew it was false when they made the representation to the Court or had no reason to believe the statement was true when they represented such to the Court. The plaintiffs and their counsel relied on the State Bar's representation to the Court. The reliance was justified on the grounds that the Defendant State Bar made the representation in a signed pleading and filed it in this action as officers of this Court. The reliance was reasonable for the same reasons. As a result of relying on the representation made to this court, the plaintiffs and the case were harmed.

Since the dismissal, the State Bar has recommended disbarment of the only named plaintiff and counsel based on practice in federal court. Both actions were filed by the State Bar after this action was initiated. The disciplinary proceedings were beyond the control of the plaintiffs and the injury is that plaintiffs' case will either die in state court or they will lose their counsel of choice, demonstrating "both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

Plaintiffs and their counsel were prevented from fully and fairly prosecuting their case in state court as a result. As such good cause exists to grant plaintiffs' motion on this ground.

6. **Applying the Order Prospectively Is No Longer Equitable**

Fed. R. Civ. Proc. Rule 60(b)(5) allows a court to vacate a judgment or order upon finding that there was "**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

The facts and Section A2 are incorporated herein. Furthermore, applying the remand Order "prospectively is no longer equitable" because plaintiff's counsel is

**13**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

limited to practicing in the federal court now and her license to practice in the state court has been taken away by the Defendant on March 11, 2024.

Finally, it would be a "manifest injustice" to allow the State Bar to thwart the putative class action after it has been worked up and put at issue as to two causes of action: (1) negligence; and (2) violation of a mandatory duty by a government agency.

As such good cause exists to grant plaintiffs' motion on this ground.

### 7.  Other Reasons to Justify Relief

Fed. R. Civ. Proc. Rule 60(b)(5) allows a court to vacate a judgment or order upon finding that there was **"(6)** any other reason that justifies relief." The facts and Section A2 are incorporated herein.

Alternatively, the plaintiffs and their counsel have good cause to request that this Court should vacate the remand order after reopening the case at this time. Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." *Lehman v. U.S.*, 154 F.M. 1010, 1017 (9th Circuit 1998).

As such good cause exists to grant plaintiffs' motion on this ground.

### 8.  Fraud on the Court Under Fed. R. Civ. Proc. Rule 60(d)(3)

Fed. R. Civ. Proc. Rule 60(d)(3) explains that "this rule does not limit a court's power to…set aside a judgment for fraud on the court." Id. Fed. R. Civ. P. 60(d).

Plaintiff incorporates the facts and Section 2-5 above. Here, the intervening circumstance of the Defendant State Bar issuing an Opinion and Order of Interim Suspension in the state of California renders the Order to dismiss the action and Remand the Case to state Court no longer equitable. It ended up being a death knell decision that no one could reasonably expect. ("any intervening circumstances that render the Order Summarily Remanding Improperly Removed Action no longer equitable. <u>Fed.R.Civ.P. 60(b)(4)</u>,(5)." *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1]).

This was an act *of fraud on the court* because the court adopted the defendant's position that an attempt of the state bar to regulate federal practice of its members was

**14**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*        22-cv-00983

"fanciful." (Doc. No. 130). Yet minutes after this court ruled, the State Bar
recommended counsel's suspension for the same. After the pleadings had a cognizable
claim against the State Bar that was increased to disbarment. The same was true for
plaintiff Chad Pratt as a warning post to all other attorneys to back off of the data breach
case.

Fraud on the court and retaliation are shown by the "circumstantial evidence of the
temporal proximity between [plaintiffs'] criticism of the leaders of [the State Bar] and
the [later disciplinary acts based on federal court practice] [is] amply corroborated by
other actions taken against [plaintiff Pratt and plaintiffs' counsel]." *Casumpang v.
International Longshoremen's & Warehousemen's Union, Local 142* (9th Cir. 2001) 269
F.3d 1042, 1060.

The timing in 2023 and 2024 show a temporal proximity of retaliatory reactions by
the State Bar as shown in the facts above.

As such good cause exists to grant plaintiffs' motion on this ground.

**B.  (Doc. No. 134) Order Declining Supplemental Jurisdiction Should be
Vacated**

The facts and Section A are incorporated herein.

**1.  The Motion is Timely**

"[A] court's exercise of supplemental jurisdiction over remaining state law claims
is discretionary." *Horne v. Wells Fargo Bank, N.A.,* 969 F.Supp.2d 1203, 1209-10 (CD.
Cal. 2013). (See also, *Arroyo v. Rosas* (9th Cir. 2021) 19 F.4th 1202, 1209; and 28
U.S.C. § 1367.).

Defendants consented to supplemental jurisdiction. Changed circumstances exist
wherein plaintiffs no longer object. Thus, there would be no prejudice in vacating this
Order, too.

Finally, like the Order closing the case and remanding it back to state court, the
request to vacate the Order declining Supplemental Jurisdiction is timely because it was
not a signed order. The Order declining supplemental jurisdiction was on a document

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

captioned "Civil Minutes – General" that was not signed by the Clerk. It was placed on the docket (Doc. 135) unsigned and failed to recite "IT IS SO ORDERED." As such, the motion is timely. (See, *Carter v. Beverly Hills Sav. and Loan Ass'n* (9th Cir. 1989) 884 F.2d 1186, 1189 (the Ninth Circuit found that "such a document does not satisfy the separate document requirement in <u>Rule 58</u>.").).

### 2.  Mistake, Inadvertence, Surprise, or Excusable Neglect

For the same reasons listed in Section A above, the plaintiffs and their counsel have good cause to request that this Court should exert supplemental jurisdiction over the state claims under Fed. R. Civ. Proc. Rule 60(b)(1).

### 3.  Newly Discovered Evidence

For the same reasons listed in Section A above, plaintiffs and their counsel have good cause to request that this Court vacate the order based on newly discovered evidence under Fed. R. Civ. Proc. Rule 60(b)(2).

### 4.  Fraud, Misrepresentation, or Misconduct by an Opposing Party

For the same reasons listed in Section A above, and the facts outlined in the declarations of NZ, Chad Pratt, and Lenore Albert, there is evidence of "misconduct by an opposing party" in suspending plaintiff's counsel's license to practice law thus thwarting class certification in this case justifying relief under Fed. R. Civ. P. Rule 60(b)(3).).

### 5.  Applying the Order Prospectively Is No Longer Equitable

Furthermore, applying the Order declining supplemental jurisdiction "prospectively is no longer equitable" because plaintiff's counsel is limited to practicing in the federal court now and her license to practice in the state court has been taken away by the Defendant on March 11, 2024.

Finally, it would be a "manifest injustice" to allow the State Bar to thwart the putative class action after it has been worked up and put at issue as to two causes of action: (1) negligence; and (2) violation of a mandatory duty by a government agency.

The motion should be granted under Fed. R. Civ. Proc. Rule 60(b)(5).

16

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*        22-cv-00983

### 6.  Other Reasons to Justify Relief

Incorporating the argument laid out in Section A above, the plaintiffs and their counsel have good cause to support an order vacating the Court's initial order declining to exert supplemental jurisdiction over the state claims. Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." *Lehman v. U.S.*, 154 F.M. 1010, 1017 (9th Circuit 1998).

*Even if this is not an antitrust cause of action – it is certainly constitutional rights claim at this point under the California Constitution and one that warrants declaratory and injunctive relief under the federal constitution.*

### 7.  Fraud on the Court Under Fed. R. Civ. Proc. Rule 60(d)(3)

Fed. R. Civ. Proc. Rule 60(d)(3) explains that "this rule does not limit a court's power to…set aside a judgment for fraud on the court." Id. Fed. R. Civ. P. 60(d).

Here, the intervening circumstance of the Defendant State Bar issuing an Opinion and Order of Interim Suspension in the state of California renders the Order to dismiss the action and Remand the Case to state Court no longer equitable. It ended up being a death knell decision that no one could reasonably expect. ("any intervening circumstances that render the Order Summarily Remanding Improperly Removed Action no longer equitable. Fed.R.Civ.P. 60(b)(4),(5)." *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1]).

Even this Court dismissed an antitrust claim about the state court attempting to control the practice of law in federal court through using its power to suspend attorneys as not plausible. (Doc. No. 130).

Consequently, the Court should grant this motion.

### C. (Doc. No. 130) Order Dismissing the Antitrust Claims Should be Vacated

The facts and Section A are incorporated herein.

The motion to vacate the Order dismissing the antitrust claims is timely because the order was entered on the docket on 04-03-2023 and the ex parte application which was denied without prejudice and this motion was filed within one year pursuant to Fed.

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

R. Civ. Proc. Rule 60(c) to the extent that plaintiffs rely on the specific sections that the one year applies.

### 1. Mistake, Inadvertence, Surprise, or Excusable Neglect

Plaintiffs incorporate the facts and argument in Section A above, herein, supporting good cause to vacate the 12(b)(6) dismissal order on attempted monopoly as to the State Bar's attempt to regulate federal practice.

Fed. R. Civ. Proc. Rule 60(b)(1) allows a court to vacate a judgment or order upon finding there was a "mistake, inadvertence, surprise, or excusable neglect." Id.

Plaintiffs were surprised on March 11, 2024 when the State Bar Review Department changed the recommendation from a suspension to disbarment with an interim suspension to start on March 14, 2024 based on allegations that their counsel purportedly violated a Local Rule in the U.S. District Court for the Eastern District of California while she was still an active member there. (Fed. R. Civ. P. Rule 60(b)). Even the Court ruled that such attempts by the State Bar were "implausible" and the allegations to the contrary were "fanciful."

At the very least it was "excusable neglect" to fail to foresee that the defendant State Bar would be able to thwart the case proceeding in state court in this manner exists. (Fed. R. Civ. P. Rule 60(b)(1)).

### 2. Newly Discovered Evidence

Plaintiffs incorporate the facts and argument in Section C1 herein which supports vacating the order under Fed. R. Civ. Proc. Rule 60(b)(2) which allows a court to vacate a judgment or order upon finding that there was "**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. Proc. Rule 59(b)."

### 3. Fraud, Misrepresentation, or Misconduct by an Opposing Party

Plaintiffs incorporate the facts and argument in Sections A5, B4, and C1 herein which supports vacating the order under Fed. R. Civ. Proc. Rule 60(b)(3) for fraud or misconduct of the defendants.

**18**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*    22-cv-00983

### 4.  **Applying the Order Prospectively Is No Longer Equitable**

For the reasons stated above, applying the order dismissing all antitrust claims is no longer equitable and should be vacated and set aside under Fed. R. Civ. Proc. Rule 60(b)(5).

### 5.  **Other Reasons to Justify Relief**

Fed. R. Civ. Proc. Rule 60(b)(6) allows a court to vacate a judgment or order upon finding that there was **"(6)** any other reason that justifies relief."

For the reasons stated above, the Court should vacate the order.

### 6.  **Fraud on the Court Under Fed. R. Civ. Proc. Rule 60(d)(3)**

Fed. R. Civ. Proc. Rule 60(d)(3) explains that "this rule does not limit a court's power to…set aside a judgment for fraud on the court." Id. Fed. R. Civ. P. 60(d).

Here, the intervening circumstance of the Defendant State Bar issuing an Opinion and Order of Interim Suspension in the state of California renders the Order to dismiss the action and Remand the Case to state Court no longer equitable. It ended up being a death knell decision that no one could reasonably expect. ("any intervening circumstances that render the Order Summarily Remanding Improperly Removed Action no longer equitable. <u>Fed.R.Civ.P. 60(b)(4)</u>,(5)." *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1]).

Even this Court dismissed an antitrust claim about the state bar attempting to control the practice in federal court. (Doc. No. 130).

The motion is timely because the state court's subsequent ruling on the state claims "substantially alter[ed] the district court's judgment in a manner that disturb[ed] or revise[d] the previous, plainly settled legal rights and obligations of the parties." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1135.

Establishing fraud on the court under Fed. R. Civ. Proc. Rule 60(d) is a higher threshold than proving fraud under subsection Rule 60(b)(3).

For example, in Trendsettah USA the court found that the defendant was able to prove fraud on the jury (not the court) after judgment on an antitrust claim justified

19

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

vacating the judgment under subsection (b)(2) and (b)(3) as it related to tax fraud
because a motion in limine was granted which barred counsel from inquiring about any
excise tax evasion. The party was interviewed in 2017 but that interview was not made
public until 2019 which disclosed the evasion of excise taxes. The court granted the
motion to vacate finding that the jury would have likely changed their motion if the
defendant would have been able to "fully and fairly present []" its defense to the antitrust
claims." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1138.

Nevertheless, the Court also found that the defendant "was unable to meet the high
threshold to establish fraud on the court under <u>Rule 60(d)</u>." *Trendsettah USA, Inc. v.
Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1138 citing, *Sierra Pacific Indus.,
Inc.* , <u>862 F.3d at 1168</u>.

"A court's power to grant relief from judgment for fraud on the court stems from
"a rule of equity to the effect that under certain circumstances, one of which is after-
discovered fraud, relief will be granted against judgments regardless of the term of their
entry." *United States v. Sierra Pac. Indus., Inc.* (9th Cir. 2017) 862 F.3d 1157, 1167.

"Our own cases, similarly, have emphasized that "not all fraud is fraud on the
court." *In re Levander* , <u>180 F.3d 1114, 1119</u> (9th Cir. 1999). "In determining whether
fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent
conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the
judicial process.'" *United States v. Sierra Pac. Indus., Inc.* (9th Cir. 2017) 862 F.3d
1157, 1167-68.

"Thus, fraud on the court "must involve an unconscionable plan or scheme which
is designed to improperly influence the court in its decision." *Pumphrey v. K.W.
Thompson Tool Co.* , <u>62 F.3d 1128, 1131</u> (9th Cir. 1995) (quoting *Abatti v.
Commissioner* , <u>859 F.2d 115, 118</u> (9th Cir. 1988) )." *United States v. Sierra Pac. Indus.,
Inc.* (9th Cir. 2017) 862 F.3d 1157, 1167-68.

"In addition, the relevant misrepresentations must go "to the central issue in the
case," *Estate of Stonehill* , <u>660 F.3d at 452</u>, and must "affect the outcome of the

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*            22-cv-00983

case," *id.* at 448. In other words, the newly discovered misrepresentations must
"significantly change the picture already drawn by previously available evidence." *Id.* at
435." *United States v. Sierra Pac. Indus., Inc.* (9th Cir. 2017) 862 F.3d 1157, 1168.

The Ninth Circuit "and the Supreme Court have consistently applied this standard
for fraud on the court even in cases involving government attorneys." *United States v.
Sierra Pac. Indus., Inc.* (9th Cir. 2017) 862 F.3d 1157, 1168.

Defendants should *be equitably estopped from blowing hot and cold*.

"Finally, relief for fraud on the court is available only where the fraud was not
known at the time of settlement or entry of judgment." *United States v. Sierra Pac.
Indus., Inc.* (9th Cir. 2017) 862 F.3d 1157, 1168.

Consequently, the Court should grant this motion.

## D. (Doc. No. 127) Order Denying Protective Order to Plaintiffs Should be Vacated

The facts and Section A are incorporated herein.

The motion to vacate the Order denying plaintiffs a protective order is timely
because the plaintiffs' rights were substantially changed or altered during amendment in
the state court proceeding, thus tolling the one year provision under Fed. R. Civ. Proc.
Rule 60(c) even though it was entered on the docket on 03-17-2023 to the extent that
plaintiffs rely on the specific sections that the one year applies.

The motion is timely because the state court's subsequent ruling on the state
claims "substantially alter[ed] the district court's judgment in a manner that disturb[ed] or
revise[d] the previous, plainly settled legal rights and obligations of the parties."
*Trendsettah USA, Inc. v. Swisher Int'l, Inc.* (9th Cir. 2022) 31 F.4th 1124, 1135.

On December 8, 2023 the state court issued a protective order holding that any
attorney who did not have a public history of discipline could proceed anonymously (as
well as the Complainants) because Bus & Prof Code §6068.1 granted that right of
privacy to the members. On January 12, 2024, it overruled the demurrer, in part, on this
ground, too.

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

This Court was not focused on Bus & Prof Code §6086.1 when it previously ruled that the plaintiffs could not proceed anonymously. As such, the Court should vacate its decision based on the later ruling in the state court under Fed. Rule Civ. Proc. Rule 60(b)(1), (2), (3), and (6) and (d)(3).

**E. The Motion is Not an Act of Futility**

Reopening this case would not be futile because two causes of action are at issue.

The State Bar owed a mandatory duty to the plaintiffs under Cal Bus & Prof Code §6086.1

The actions the State Bar took against Ms. Albert's license is being unwound. See, Albert-Sheridan v State Bar of California (Farfan) pub. 04-02-2023, BAP No. 23-1024.

Abandoning 191,000 attorneys and 124 State Bar complainants threatens the legitimacy and integrity of the *entire* state and federal judiciary.

No other attorney will take this case out of *justifiable fear of retaliation.* Constitutional rights are at stake.

## VI.    CONCLUSION

Wherefore plaintiffs respectfully request that this Court vacate Orders Doc. No. 127,130, 134, and135 - reserving the right to file a Rule 11/sanctions motion for defendants' scorched earth, bad faith tactics.

Dated:  April 2, 2024                  Respectfully Submitted,
                                       LAW OFFICES OF LENORE ALBERT
                                       /s/ Lenore Albert_____
                                       LENORE L. ALBERT, ESQ.
                                       Attorney for Plaintiffs, John Roe 1, John Roe 3,
                                       Jane Roe 2, Chad Pratt, and NZ *on behalf of
                                       themselves and all others similarly situated.* ** *In
                                       Federal Court ONLY –* **_Suspended State Bar 03-
                                       14-2024_ ****

The undersigned, counsel of record for John Roe 1, et al, certifies that this brief contains 7,000 words, which complies with the word limit of L.R. 11-6.1.

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*          22-cv-00983

1    Dated:  April 2, 2024                    Respectfully Submitted,
2                                             LAW OFFICES OF LENORE ALBERT
3                                             /s/ Lenore Albert
                                              _____
4                                             LENORE L. ALBERT, ESQ.
                                              Attorney for Plaintiffs, John Roe 1, John Roe 3,
5                                             Jane Roe 2, Chad Pratt, and NZ *on behalf of*
                                              *themselves and all others similarly situated.* ** In
6                                             *Federal Court ONLY –* **_Suspended State Bar 03-_**
7                                             **_14-2024_** **

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**23**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*                    22-cv-00983

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651. On April 2, 2024, I served a copy of the following document(s) described as:

**PLAINTIFFS' MOTION TO REOPEN THE CASE AND VACATE DISMISSAL**


On the interested parties in this action as follows:

SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth per CCP 1010.6.
**[] BY MAIL–** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).
 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: April 2, 2024

 _/s/_  Lenore Albert
                Lenore Albert

**24**

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*        22-cv-00983

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

25

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60**

*Roe v The State Bar of California, et al.*    22-cv-00983