UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | SA CV 22-00983-DFM | Date: | May 1, 2023 |
|---|---|---|---|
| Title | John Roe 1 et al. v. The State Bar of California et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Declining Supplemental Jurisdiction and Closing Case

On April 3, 2023, the Court dismissed the federal antitrust claims with prejudice. See Dkt. 131. Given that no federal claims remained, and because Plaintiffs did not assert the existence of diversity jurisdiction, the original basis for jurisdiction no longer existed. The Court indicated that it was inclined not to exercise supplemental jurisdiction over the remaining state-law claims and invited the parties to brief the issue. See Dkt. 133.

Plaintiffs are in favor of remand.[1] See Dkt. 132. Defendants argue Ninth Circuit authority weighs in favor of the Court retaining supplemental jurisdiction. See Dkt. 133.

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000).

---

[1] Plaintiffs also ask that the Court vacate its March 17, 2023 Order denying Plaintiffs' motion for a protective order. See Dkt. 127. That Order required Plaintiffs to file an amended complaint reflecting their given names if the Court denied the supplemental motions to dismiss or retained supplemental jurisdiction. See id. The Court has instead closed this case, so the Order has no practical effect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

    In the exercise of its discretion, and after balancing the relevant factors, the Court finds that they weigh in favor of declining jurisdiction. Resolution of the remaining state-law claims implicate questions concerning the California Constitution, statutory law, and case law, all of which are best addressed by the state courts. See United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 727 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Additionally, this litigation is in its infancy, having been removed in May 2022 and still at the motion to dismiss stage.

    Given the Court's decision to decline jurisdiction, it will not make any further rulings on Defendants' motion to dismiss.

    Judgment shall be entered dismissing this case without prejudice to Plaintiff bringing their state-law claims in state court.