**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 01/12/2024  TIME: 10:00:00 AM  DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: J. Phu
REPORTER/ERM: Lori Anastasiou CSR# 4345
BAILIFF/COURT ATTENDANT: R. Lau

CASE NO: **30-2022-01250695-CU-AT-CXC**  CASE INIT.DATE: 03/18/2022
CASE TITLE: **Roe 1 vs. The State Bar of California**
CASE CATEGORY: Civil - Unlimited  CASE TYPE: Antitrust/Trade Regulation

EVENT ID/DOCUMENT ID: 74111451

**EVENT TYPE:** Demurrer to Complaint
MOVING PARTY: Rick Rankin
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 09/25/2023

EVENT ID/DOCUMENT ID: 74110742

**EVENT TYPE:** Demurrer to Amended Complaint
MOVING PARTY: The State Bar of California
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint to Third Amended Complaint, 09/25/2023

EVENT ID/DOCUMENT ID: 74111403

**EVENT TYPE:** Demurrer to Amended Complaint
MOVING PARTY: Tyler Technologies, Inc.
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 09/25/2023

**APPEARANCES**
Chrstopher Weber, from Freeman, Mathis & Gary, LLP, present for Defendant(s) remotely.
Suzanne Grandt, from Office of General Counsel The State Bar of California, present for Defendant(s) remotely.
Michael A. Gold and Justin A. Anderson (in person), from Jeffer Mangels Butler & Mitchell LLP, present for Defendant(s) remotely.
Beth W. Petronio and Zachary T. Timm, from K&L GATES, LLP, present for Defendant(s).
Lenore Albert, from Law Offices of Lenore Albert, present for Plaintiff(s) remotely.

Tentative Ruling posted on the Internet .

Hearing held, participants appearing remotely and in person.

The Court hears oral argument.

The Court confirms the tentative ruling as follows:

Defendant The State Bar of California's Demurrer to Plaintiffs' Third Amended Complaint, Defendant

Tyler Technologies, Inc.'s Demurrer to Third Amended Complaint, and Defendant Rick Rankin's Demurrer to Third Amended Complaint of Plaintiffs are sustained with 20 days leave to amend as to the First, Sixth (State Bar only), Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action, sustained without leave to amend as to the Second, Third and Sixth (Rick Rankin only) Causes of Action and overruled as to the Fourth and Fifth (State Bar only) Cause of Action. Defendant The State Bar of California's Request for Judicial Notice is denied.

Plaintiffs' First Cause of Action is for Invasion of Privacy. Case law requires that plaintiffs must establish conduct by the defendant constituting a serious invasion of their privacy. Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right. The impact on the plaintiffs' privacy rights must be more than slight or trivial. Hill v. National Collegiate Athletic Assn. (1994) 7 Cal. 4th 1, 37, 40; Mezger v. Bick (2021) 66 Cal. App. 5th 76, 87. Here, none of the plaintiffs allege that any of their social security numbers or medical records information were made public by the State Bar data breach. Rather, plaintiffs admit in ¶21 of their Third Amended Complaint that "plaintiffs and the members of the class can only speculate as to what confidential state bar investigation was publicly posted online that was attached to their identity". Three of the five plaintiffs admit they never received a notice of being affected by the data breach, and the other two plaintiffs admit they received notice that their docket data was involved in the breach but no evidence it was ever viewed. TAC ¶¶92, 100, 110, 114, 119. As a result, plaintiffs fail to allege either a serious invasion of their privacy, an egregious breach of the social norms underlying their privacy rights, or an impact on plaintiffs' privacy rights that is more than slight or trivial. Nor do they allege "conduct by the defendant" constituting a serious invasion of their privacy. Thus, plaintiffs fail to state a cause of action for Invasion of Privacy.

Plaintiffs' Second Cause of Action is for Violation of Civil Code §1798.150(a). Plaintiffs' opposition states that they have withdrawn this cause of action.

Plaintiffs' Third Cause of Action is for Violation of Civil Code §1798.81.5. Plaintiffs' opposition states that they have withdrawn this cause of action.

The Fourth Cause of Action is for Negligence. Defendant Tyler Technologies argues against the sufficiency of plaintiffs' damage allegations, but those arguments are improper at the demurrer stage.

Plaintiffs' Fifth Cause of Action is for violation of Gov. Code §815.6. That statute provides, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Application of Section 815.6 requires that the enactment be obligatory, rather than discretionary or permissive and require that a particular action be taken or not taken. Wilson v. County of San Diego (2001) 91 Cal. App. 4th 974, 980. Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302, mandate that all disciplinary investigations are confidential until the time that formal charges are filed, and that information concerning inquiries, complaints or investigations is confidential, and shall not be shared outside of the State Bar Office of Chief Trial Counsel. These enactments are sufficient to create an obligatory, mandatory duty to protect the confidentiality of plaintiffs' disciplinary records before any formal charges are filed. To avoid liability, defendant State Bar will have to show that it exercised reasonable diligence to discharge that duty.

The Sixth Cause of Action is for violation of Gov. Code §815.4. That statute provides, " A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person." Plaintiffs allege that defendant Rick Rankin is an independent contractor of the State Bar who is liable on other causes of action for his alleged failure to ensure that the State Bar's software had adequate security. Plaintiffs therefore allege enough to state a cause of action against the State Bar

under the statute IF they state viable claims against Rick Rankin, which they do not yet do. Defendant Rick Rankin is not a public entity, and thus cannot possibly be held liable under this statute.

The Seventh Cause of Action is for Negligence per se. The State Bar demurs to this claim on the ground that it is immune from common law tort claims under Gov. Code §815(a), but this argument fails due to the State Bar potentially being liable on the Fifth (and Sixth) Causes of Action, which adequately assert liability pursuant to the Gov. Code. Defendants Tyler Technologies and Rick Rankin argue that negligence per se is not a cognizable cause of action, but is an evidentiary doctrine establishing a presumption of negligence that does not establish tort liability itself. Quiroz v. Seventh Ave. Center (2006) 140 Cal. App. 4th 1256, 1285. This argument is well taken. Plaintiffs should really be asserting a negligence cause of action rather than negligence per se.

The Eighth Cause of Action is for Public Disclosure of Private Facts. In Hill v. National Collegiate Athletic Assn. (1994) 7 Cal. 4th 1, however, the court held, "Common law invasion of privacy by public disclosure of private facts requires that the actionable disclosure be widely published and not confined to a few persons or limited circumstances." 7 Cal. 4th at 27. Plaintiffs fail to allege that private facts of theirs were widely published.

The Ninth Cause of Action is for False Light. To state a false light claim, plaintiffs must allege statements that are (1) assertions of fact, (2) actually false or create a false impression about them, (3) highly offensive to a reasonable person or defamatory, and (4) made with actual malice. De Havilland v. FX Networks, LLC (2018) 21 Cal. App. 5th 845, 865. Here, plaintiffs fail to allege either that defendants made assertions of fact made about them or that defendants made assertions of fact with actual malice.

The Tenth Cause of Action is for Fraud. However, the only alleged false statement was the notice provided by the State Bar to plaintiffs and the class, not any representation by Tyler or Rankin. More importantly, plaintiffs' allegations do not show or explain how their damages were proximately caused by the allegedly false notice from the State Bar, rather than by the data breach itself.

The Eleventh Cause of Action is for Violation of Bus. & Prof. Code §17200. However, plaintiffs fail to allege any anti-competitive or unfair business practices by Tyler or Rankin. Plaintiffs also have not shown how Tyler or Rankin is subject to Bus. & Prof. Code §6086.1, or how any other of the cited statutes apply to them. In seeking monetary relief, plaintiffs plead "reputational harm and time loss" and "lost money" due to mitigation costs, which are not money or property acquired by defendants which would support a claim for restitution, which is the only relief afforded by a UCL claim (aside from an injunction).

Discussions held between the Court and counsel regarding setting of an Informal Discovery Conference, as set forth on the record.

The Court sets an Informal Discovery Conference for 02/09/2024 at 01:30 PM in Department CX105.

Defendants may file a 3 page brief two weeks before the hearing. Plaintiffs may file a response one week before the hearing.

Parties waive notice.