**FREEMAN MATHIS & GARY, LLP**
DAVID M. LIU (SBN 216311) (david.liu@fmglaw.com)
CHRISTOPHER J. WEBER (SBN 233998) (christopher.weber@fmglaw.com)
3030 Old Ranch Parkway, Suite 200
Seal Beach, CA 90740
Telephone:  (213) 615-7000
Facsimile:  (213) 615-7100

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
General Counsel
ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Deputy General Counsel
SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel
180 Howard Street
San Francisco, CA 94105-1639
Telephone:  (415) 538-2388
Facsimile:  (415) 538-2517

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| JOHN ROE 1, *et al.* | CASE NO. 30-2022-01250695-CU-AT-CXC |
| Plaintiff, | Assigned to the Hon. Randall J. Sherman, CX-105 |
| vs. | |
| THE STATE BAR OF CALIFORNIA; *et al.* | **DEFENDANTS' JOINT STATUS REPORT** |
| Defendants. | Date: March 22, 2024<br>Time: 9:00 AM<br>Dept: CX-105 |
| | Complaint filed: March 18, 2022 |

///
///
///
///
///

1

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Tyler Technologies, Inc., Defendant The State Bar of California, and Defendant Rick Rankin (collectively, "Defendants"), by and through their respective counsel of record, hereby jointly submit the following Case Management Conference Statement.

Plaintiffs John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt and NZ (collectively, "Plaintiffs") were represented by Lenore LuAnn Albert (SBN 210876). However, effective as of March 14, 2024, Ms. Albert's license status with the State Bar of California is that she is "Not Eligible to Practice Law in CA". Accordingly, based on Ms. Albert's inability to practice law in this state and her inability to represent Plaintiffs, Defendants were not able to meet and confer with her to prepare this Case Management Conference Statement.

**I.    CASE SUMMARY**

Plaintiffs commenced this action by filing a complaint against Defendants on March 18, 2022, in the Orange County Superior Court. The operative complaint is now the Fourth Amended Class Action Complaint alleging claims for: (i) invasion of privacy (Cal. Const. Art I § 1); (ii) negligence (only against defendant Tyler Technologies), (iii) alleged violation of Government Code § 815.6, (iv) alleged violation of Government Code § 815.4; (v) negligence (against all Defendants); and (vi) for deceit.

**Defendants' Statement of the Case:**

*Introduction.* A core part of the State Bar's function is attorney discipline, which includes reviewing and prosecuting, as necessary, ethics complaints against attorneys. The State Bar maintains records of its disciplinary investigations in a case management system licensed from Tyler. In addition, the State Bar licenses from Tyler a public-facing module referred to as the "Odyssey Portal," which enables certain State Bar information to be accessed and searched online. On February 24, 2022, the State Bar learned that certain, high-level, nonpublic attorney disciplinary data—case number, filing date, case type, case status, and respondent and complaining witness names ("Docket Data")—had been harvested from the Odyssey Portal and posted on JudyRecords.com, a third-party website that aggregates court records (the "Incident"). Defendants took immediate action. Among other things, they disabled the Odyssey Portal, had the Docket Data removed from JudyRecords.com, and retained a forensics firm to investigate the cause of the Incident. By February 26, 2022, JudyRecords.com had

permanently removed all Docket Data from the site. The forensic investigation revealed that 322,525 Docket Data records had been involved in the Incident, but only approximately 1,000 of those records showed evidence of a page view while available on JudyRecords.com.

The State Bar informed the public about the Incident by immediately issuing a press release and providing regular updates on a dedicated webpage. Tyler likewise published a dedicated webpage containing information about the Incident and Tyler's response and provided targeted communications to Odyssey Portal clients, including emails, webinars, and other updates. Although the State Bar was not subject to any statutory requirement to provide notice, it notified individuals associated with the Docket Data records involved in the Incident. The State Bar completed sending notices to all affected individuals for whom it had contact information by July 11, 2022.

**II.   PROCEDURAL STATUS**

As noted, Defendants have each filed demurrers to the Fourth Amended Complaint, which are all set to be heard on June 28, 2024.

Plaintiffs have a motion for class certification set for hearing on June 21, 2024. The motion for class certification should be stricken by the Court because it was filed by Ms. Albert and she can no longer continue with the motion for class certification.

**III.   RULE 3.727 SUBJECTS**

Defendants separately address the following subjects under Rule 3.727 of the California Rules of Court below.

**Topic 1**: *Whether there are any related case:* There are no related cases.

**Topic 2**: *Whether all parties named in the complaint or cross-complaint have been served, have appeared, or have been dismissed:* All defendants that were named in the Fourth Amended Complaint have been served and appeared.

**Topic 3**: *Whether any additional parties may be added or the pleadings may be amended:* Defendants are not aware of any other parties who may be added at this time.

**Topic 4:** *Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures:* The case is not a limited civil case.

**Topic 5**: *Whether any other matters (e.g., the bankruptcy of a party) may affect the court's jurisdiction or processing of the case:* Defendant are aware of no other matters that would affect the Court's jurisdiction of this case.

**Topic 6**: *Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed:* Defendants have not stipulated to judicial arbitration or any other form of alternative dispute resolution.

**Topic 7**: *Whether an early settlement conference should be scheduled and, if so, on what date:* As Plaintiffs are currently not represented by counsel, an early settlement conference should not be scheduled.

**Topic 8**: *Whether discovery has been completed and, if not, the date by which it will be completed:* Discovery has not been completed.

**Topic 9**: *What discovery issues are anticipated:* Defendants have responded to Plaintiff's previously-served discovery. The Court signed a Stipulated Protective Order for this matter which was signed by Ms. Albert. If Plaintiffs are later represented by counsel, Defendants will endeavor to have Plaintiffs' new counsel review and agree to a stipulated protective order for submission to the Court.

Further, based on Ms. Albert's inability to represent Plaintiffs, Defendants would like the Court's guidance on their current respective discovery obligations, including the further production of documents. Defendants Tyler Technologies, Inc. and Rick Rankin have produced documents to Plaintiffs and Defendant the State Bar of California was in the process of doing so when Ms. Albert became ineligible to practice law.

**Topic 10**: *Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure section 598:* Defendants agree that this case should not be bifurcated.

**Topic 11**: *Whether there are any cross-complaints that are not ready to be set for trial and, if so, whether they should be severed:* No cross-complaints have yet been filed in this case.

///

**Topic 12**: *Whether the case is entitled to any statutory preference and, if so, the statute granting the preference:* Defendants agree that this case is not entitled to statutory preference.

**Topic 13**: *Whether a jury trial is demanded, and, if so, the identity of each party requesting a jury trial:* Defendants do not demand a jury trial.

**Topic 14**: *If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates:* Because Plaintiffs are not currently represented by counsel, no trial date should be set in this matter.

**Topic 15**: *The estimated length of trial:* Defendants' forthcoming demurrers may entirely or partly resolve the claims that Plaintiffs allege in an amended pleading, which would greatly affect the length of any trial. Should a trial prove necessary, Defendants estimate one to two weeks.

**Topic 16**: *The nature of the injuries:* Defendants contend that Plaintiffs have not sufficiently pled any injury and Defendants are not aware of any injury Plaintiffs may have suffered.

**Topic 17**: *The amount of damages, including any special or punitive damages:* Defendants contend that Plaintiffs are not entitled to any damages.

**Topic 18**: *Any additional relief sought:* It is Defendants' position that Plaintiffs are not entitled to any additional relief.

**Topic 19**: *Whether there are any insurance coverage issues that may affect the resolution of the case:* Defendants are unaware of any insurance coverage issues that may affect the resolution of the case.

**Topic 20**: *Any other matters that should be considered by the court or addressed in its case management order:* None by Defendants.

Dated: March 15, 2024                    K&L GATES LLP

By: */s/ Beth W. Petronio*
Beth W. Petronio
Christina N. Goodrich
Zachary T. Tim
Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

| | |
|---|---|
| Dated: March 15, 2024 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| | By: */s/ Michael A. Gold* |
| | Michael A. Gold |
| | Justin Anderson |
| | Attorneys for Defendant |
| | RICK RANKIN |
| Dated: March 15, 2024 | FREEMAN MATHIS & GARY LLP |
| | By: */s/ David M. Liu* |
| | David M. Liu |
| | Christopher J. Webber |
| | Attorneys for Defendant |
| | THE STATE BAR OF CALIFORNIA |

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action.

I am employed in Orange County, California, in the office of an active member of the State Bar of California. My business address is 3030 Old Ranch Parkway, Suite 200, Seal Beach, California 90740.

On March 15, 2024, I served a copy of the document(s) entitled:

**DEFENDANTS' JOINT STATUS REPORT**

in the manner described below:

☐ **By United States Mail.** I enclosed the document(s) in the envelope(s) addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) with postage fully prepaid at the United States Postal Service collection box located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐ **By Overnight Delivery.** I enclosed the document(s) in the envelope(s) provided by an overnight delivery carrier and addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) in the box regularly maintained by the express service carrier located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐ **By CM/ECF PORTAL.** I certify that I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ **By Electronic Service.** I attached the document(s) to an email and sent the email from lisa.khan@fmglaw.com to the individual(s) on the attached Service List at the email address(es) stated therein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2024, at Seal Beach, California.

_____
Lisa Khan

# SERVICE LIST

*John Roe v. The State Bar of California*
Case No. 30-2022-01250695-CU-AT-CXC

| | |
|---|---|
| MICHAEL A. GOLD (Bar No. 90667)<br>JUSTIN ANDERSON (Bar No. 328969)<br>**JEFFER MANGELS BUTLER & MITCHELL LLP**<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308 | *Attorneys for Defendant Rick Rankin*<br>Tel:  (310) 203-8080<br>Fax: (310) 203-0567<br>Email: mgold@jmbm.com<br>Janderson@jmbm.com |
| Christina N. Goodrich (SBN 261722)<br>Zachary T. Timm (SBN 316564)<br>**K&L GATES LLP**<br>10100 Santa Monica Boulevard Seventh Floor<br>Los Angeles, California 90067 | *Attorneys for Defendant Tyler Technologies, Inc.*<br>Tel:  : 310.552.5000<br>Fax:  310.552.5001<br>Email:<br>christina.goodrich@klgates.com<br>zach.timm@klgates.com |
| Lenore Albert (SBN 210876)<br>**LAW OFFICES OF LENORE ALBERT**<br>1968 s. Coast Highway, #3960<br>Laguna Beach, CA 92651 | *Former Counsel for Plaintiff*<br>Tel: 424/365-0741<br>lenalbert@interactivecounsel.com |