# Roe v State Bar of California et al

| | |
|---|---|
| From: | Christopher J. Weber (christopher.weber@fmglaw.com) |
| To: | lenalbert@interactivecounsel.com |
| Cc: | david.liu@fmglaw.com |
| Date: | Tuesday, March 19, 2024 at 05:00 PM PDT |

Dear Ms. Albert:

As you are aware, on March 11, 2024, the State Bar of California, Review Department, issued an order recommending your disbarment and transferring your license to practice law in California to "involuntary inactive status" pursuant to Business and Professions Code section 6007, effective March 14, 2024.

Although you requested that the State Bar produce documents by March 12, our receipt of the Review Department order raised the very real and likely possibility that new counsel would be substituting into this matter to assume the representation of plaintiffs. Although your office signed the Protective Order, it was clear from the Review Department order that your representation of Plaintiffs would cease effective March 14, 2024, and that whoever would ultimately assume Plaintiffs' representation would not be bound to terms agreed to in the Protective Order relative to our client's documents. As new counsel had not yet agreed to, nor signed, the operative Protective Order in this case, we did not produce any documents in this matter.

As you know, the Protective Order identifies "Outside Counsel of Record" (See Protective Order section 2.9) as parties who are subject to the terms of the Protective Order. More broadly, the Protective Order itself governs the handling, use, retention, and disposition of Confidential material produced by the parties. Therefore, it is paramount that a party subject to the Protective Order, e.g. Outside Counsel of Record, formally signs the Protective Order on behalf of plaintiffs before the State Bar produces Confidential material in this litigation.

In light of these recent developments, please let us know whether new counsel will be substituting in for plaintiffs, and if so, when they expect to file a substitution of counsel. Please also provide that person's name and contact information. If you are able to provide this to us, we will make the appropriate revisions to the Protective Order for new counsel's signature, circulate the document, and produce responsive documents upon receipt of the signed Protective Order. Thank you.

**Christopher J. Weber**
Partner
**Freeman Mathis & Gary, LLP**
**550 South Hope Street | 22nd Floor | Los Angeles, CA 90071-2631**
**D: 213-615-7049 | C: 818-359-0735**
Christopher.Weber@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX
Please read this important notice and confidentiality statement