Lenore L. Albert *Suspended Cal State Bar 03-14-2024*
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.*
**<u>IN FEDERAL COURT ONLY</u>**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3, an individual; JANE ROE 2 an individual; CHAD PRATT, an individual, NZ, *on behalf of themselves and all others similarly situated*,<br><br>                    Plaintiff,<br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br>                    Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to the Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: May 2, 2024<br>Time: 10:00AM<br>Crtm: 6B – Sixth Floor |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**COMES NOW PLAINTIFFS,** John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ and request the Court take judicial notice pursuant to Evidence Code 201.

1. Court Order filed on 03-17-2023, denying plaintiffs' request for a protective order which can be found at Doc. No. 127;
2. Court Order filed on 04-03-2023, Dismissing the Second Amended Complaint in this action which can be found at Doc. No. 130;

1
**REQUEST FOR JUDICIAL NOTICE**

3. Court Order filed on 05-01-2024, declining to exert supplemental jurisdiction in this action with can be found at Doc. No. 134;

4. Court Order filed on 05-03-2023, Remanding the Case back to State Court in this action which can be found at Doc. No. 135;

5. The case was remanded to Orange County Superior Court with the case number 30-2022-01250695-CU-AT-CXC;

6. Verifiable fact that $23.47 is the next dollar amount greater than $23.46;

7. Verifiable fact that 191,000 multiplied by $23.47 is greater than $5,000,000.00.

8. 12-08-2023 Minute Order issued in OCSC Case No. 30-2022-01250695-CU-AT-CXC allowing the plaintiffs to proceed anonymously, a true and correct copy is attached to Declaration of Albert as Exhibit 5.

9. 1-12-2024 Minute Order issued in OCSC Case No. 30-2022-01250695-CU-AT-CXC overruling defendant Tyler Technologies, Inc. and State Bar of California's demurrers in part as to negligence and violation of 815.6 respectively, a true and correct copy is attached to Decl of Albert as Exhibit 6.

10. 3-07-2024 Protective Order issued in OCSC Case No. 30-2022-01250695-CU-AT-CXC allowing the plaintiffs to obtain documents defendants were withholding on the purported bases they were confidential, previously filed Doc. 139 Request for Judicial Notice attached as Exhibit 3.

11. 3-11-2024 Opinion and Order of Interim Suspension filed by the California State Bar Review Department against plaintiff's counsel Lenore Albert, a true and correct copy is attached to Decl of Albert as Exhibit 9.

12. 3-15-2024 Case Management Statement filed by the Defendant's counsel in the data breach case requesting the class certification motion dismissed on the grounds that plaintiff's counsel was now suspended, a true and correct copy is attached to Decl of Albert as Exhibit 10.

13. 3-20-2024 Minute Order issued in OCSC Case No. 30-2022-01250695-CU-AT-CXC dismissing the class certification motion and continuing the case

management conference, a true and correct copy is attached to Decl. of Albert as Exhibit 12.

14. The California State Bar recommendation issued on 04-03-2023 of 18 month suspension based on purported practice in federal court, a true and correct copy is attached to Decl of Albert as Exhibit 13.

15. The Fourth Amended Complaint on file in the Orange County Superior Court OCSC Case No. 30-2022-01250695-CU-AT-CXC, a true and correct copy is attached to Decl. of Albert as Exhibit 20.

16. Ninth Circuit BAP published decision in Albert-Sheridan v Farfan (State Bar of California) Case No. 23-1024 published on April 2, 2024, a true and correct copy is attached to Decl. of Albert as Exhibt 21.

RELEVANCE

Under Rule 201 states:

(a) SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b) KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) TAKING NOTICE. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) TIMING. The court may take judicial notice at any stage of the proceeding.

(e) OPPORTUNITY TO BE HEARD. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the

fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

FRE 201(a)-(e).

The fourth amended complaint is relevant to show that the claims exceed $5 million and a majority of the causes of action are pled against Tyler Technologies, Inc. which is located in Texas for diversity purposes. The Court can also read which causes of action were previously overruled and at issue.

This Court's orders on 3-17-2023, 4-03-2023, 05-01-2023, and 5-03-2023 are relevant because these are the Orders that the plaintiffs request to be vacated. The 4-03-2023 order is also relevant because it shows that the Court thought the event that just took place on 3-11-2024 by the State Bar's recommended disbarment and suspension was implausible. For the same reason the State Bar Opinion of 3-11-2024 is also relevant. Furthermore, the State Bar Recommendation of 4-03-2023 is relevant to show that it issued when this Court dismissed the claim as implausible and to show that the State Bar Review Department's recommendation of disbarment and Interim Suspension was a surprise and an increase in punishment from what the State Bar recommended. Furthermore, it shows that all conduct alleged was conduct 100% that took place in federal court while Albert was a member in good standing (active) in the Eastern District.

The minute order of 12-08-2023 shows that the plaintiffs were granted to proceed anonymously based on the allegations in the third amended complaint. The 1-12-2024 minute order shows that the plaintiffs beat the demurrer on the negligence cause of action and State Bar's mandatory duty to keep the confidential investigations – confidential. Both show that plaintiffs' case was progressing to a positive resolution with plaintiffs' counsel at the helm. On 3-07-2024 the Court signed the stipulated protective order one day prior to the defendants' agreement to finally turn over their documents. The defendants CMC statement and Court order of 3-20-2024 demonstrate that defendant's ability to suspend plaintiffs' counsel last week has thwarted the entire data breach case.

This all is evidence that the case has merit and should be tried but it is dead in the water in state court and the federal court should take it back in the interest of justice and to preserve judicial integrity in the system. (There are 124 nonattorneys that are part of this lawsuit who already feel as though judicial integrity and justice was lost on them when they resorted to filing a State Bar complaint against an attorney. There are over 191,0000 attorneys and former judges in this case and a portion of them fear – literally fear the State Bar (the government)).

The Ninth Circuit BAP published opinion of today 04-02-2024 is relevant to show that some of the underlying facts issued to support suspension and disbarment have now been found to be in violation of federal law – by the State Bar – not plaintiff's counsel.

The Court should take notice of the timing of the events as circumstantial proof that the State Bar is using its power to defeat this action in an unethical manner.

Wherefore plaintiffs respectfully request that this Court take judicial notice of these events, basic math, and documents filed in state or federal court.

Dated:  April 2, 2024

Respectfully Submitted,
/s/ Lenore Albert_____
LENORE L. ALBERT
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.* ** In Federal Court ONLY – **Suspended by California State Bar 03-14-2024** **

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651.  On March 20, 2024, I served a copy of the following document(s) described as:

**REQUEST FOR JUDICIAL NOTICE**

On the interested parties in this action as follows:

SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

**[] BY MAIL**– I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: April 2, 2024

                                             /s/  Lenore Albert
                                                    Lenore Albert

**ELECTRONIC SERVICE LIST**

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

**REQUEST FOR JUDICIAL NOTICE**

*Roe v The State Bar of California, et al.*     22-cv-00983