Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Beth W. Petronio (admitted *pro hac vice*)
beth.petronio@klgates.com
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Facsimile: (214) 939-5849

*Attorneys for Defendant*
TYLER TECHNOLOGIES, INC.

*Additional counsel on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3; JANE ROE 2 an individual; CHAD PRATT, NZ, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00983-DFM<br><br>*[Assigned to Hon. Douglas F. McCormick]*<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE HEARING AND BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60** |

1 | David M. Liu (SBN 216311)
Christopher J. Weber (SBN 233998)
2 | Danielle A. Ocampo (SBN 353484)
**FREEMAN MATHIS & GARY, LLP**
3 | 3030 Old Ranch Parkway, Suite 200
Seal Beach, CA 90740
4 | Telephone: (213) 615-7000
david.liu@fmglaw.com
5 | christopher.weber@fmglaw.com
danielle.ocampo@fmglaw.com
6 |
7 | Ellin Davtyan (SBN 238609)
Robert G. Retana (SBN 148677)
8 | Suzanne C. Grandt (SBN 304794)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
9 | 180 Howard Street
San Francisco, CA 94105-1639
10 | Telephone: (415) 538-2388
ellin.davtyan@calbar.ca.gov
11 | robert.retana@calbar.ca.gov
suzanne.grandt@calbar.ca.gov
12 |
*Attorneys for Defendant*
13 | THE STATE BAR OF CALIFORNIA
14 |
**JEFFER MANGELS BUTLER & MITCHELL LLP**
15 | MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
16 | JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
17 | 1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
18 | Telephone: (310) 203-8080
Facsimile: (310) 203-0567
19 |
*Attorneys for Defendant*
20 | RICK RANKIN
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

2

DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant The State Bar of California ("State Bar"), Defendant Tyler Technologies, Inc. ("Tyler") and Defendant Rick Rankin ("Rankin") (collectively, "Defendants") jointly will, and hereby do, respectfully submit this *Ex Parte* Application to Continue the Hearing and Briefing Schedule on Plaintiffs' Motion for Relief Under Federal Rule of Civil Procedure 60 (the "Motion"). This Application is brought on the grounds that there is currently a pending Order to Show Cause ("OSC") issued by Chief Judge Philip S. Gutierez as to why Ms. Lenore Albert—Plaintiffs' current counsel of record and the individual who filed Plaintiffs' Motion—should not be suspended from the practice of law in the Central District pursuant to Local Rule 83-3.2. (*See* Case No. 2:24-ad-00002-PSG, DE 1 (attached as Exhibit 1 to the Declaration of Justin Anderson ("Anderson Decl.").) Pending the outcome of this OSC—which was entered on March 14, 2024—Ms. Albert may be suspended from practice in this Court, and the Motion would therefore be moot. Ms. Albert was given 30 days to respond to this OSC, and Defendants request a brief continuance of the hearing and briefing schedule on Plaintiffs' Motion until after any such response has been filed and Chief Judge Gutierrez has entered a final order.

As this Court is aware, Ms. Albert is not currently eligible to practice law in the state of California. (*See, e.g.,* DE 144, at 5:10-12; DE 143.) In recognition of this, on March 14, 2024, Chief Judge Gutierrez issued an OSC, providing Ms. Albert 30 days to respond as to "why he or she should not be suspended from the practice of law before this Court, pursuant to Rule 83-3.2 of the Local Rules for the Central District of California." (*See* Case No. 2:24-ad-00002-PSG, DE 1.)

On March 20, 2024, Ms. Albert filed an *ex parte* application to vacate numerous orders this Court previously entered, including the order remanding this

3
DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' MOTION

action to state court. (DE 138.) On March 21, 2024, this Court denied Ms. Albert's application without prejudice. (DE 143.)

On April 2, 2024, Ms. Albert filed the Motion, seeking substantially similar relief as her *ex parte* application. (DE 144.) Defendants' Application seeks to ensure there is clarity as to whether or not Ms. Albert is permitted to practice law in this Court, such that this case could even proceed before this Court with Ms. Albert as counsel. This clarity is of particular importance here, because Ms. Albert is ineligible to practice in court in the State of California, and the underlying Motion Ms. Albert filed seeks to reopen in this Court a case that was previously remanded to State Court. Before Ms. Albert's Motion is heard, Defendants believe there should be confirmation and clarity as to whether she is eligible to practice law before this Court.

Additionally, the Motion is currently noticed for hearing on Thursday, May 2, 2024.[1] As such, Defendants' opposition papers are due April 11, 2024. This deadline is several days *before* Ms. Albert's deadline to respond to the OSC. This schedule would require Defendants to file any opposition(s) to the Motion before a final decision is rendered regarding the pending OSC—a decision that might moot the Motion.

Finally, the Motion was noticed to be heard on a Thursday. According to this Court's procedures, however, civil motions are heard on Tuesdays. As such, Defendants also seek for the hearing to be continued to a Tuesday and for the briefing schedule to be adjusted accordingly.

---

[1] After Defendants notified Ms. Albert that they intended to file this Application, Ms. Albert responded by informing them she intended to seek to shorten time on the hearing for the Motion. Shortly before Defendants filed this Application, Ms. Albert filed an *ex parte* application to advance the hearing on the Motion to April 30, 2024. (DE 148.) For the avoidance of doubt, and for the reasons discussed herein, Defendants oppose Ms. Albert's *ex parte* application and seek to continue the hearing on the Motion.

In sum, Defendants seek a brief continuance of the hearing and briefing schedule on the Motion to allow the Chief Judge to enter a final order *before* Defendants' opposition deadline so that there is clarity as to whether Ms. Albert is permitted to practice before this Court. This would avoid expending the resources of the parties and the Court to address a lengthy and meandering Motion, only for such Motion to be mooted just days later.

*Ex parte* relief is warranted. The relief sought is to continue the hearing and briefing schedule on a regularly noticed Motion. If this issue is heard on regular notice, it will not be heard until *after* the hearing on the Motion the Application seeks to continue.

Defendants have provided both written and oral notice to Ms. Albert regarding the relief sought in this Application.[2] Specifically, counsel for Tyler sent Ms. Albert an email on April 5, 2024, which specified the relief to be sought by this Application and that Defendants' intended to file the same on Monday, April 8, 2024. (Anderson Decl., Ex 2.) Counsel for Rankin subsequently called Ms. Albert on April 5, 2024, and advised her of the date and substance of this Application. (*Id.*, at ¶ 2.) Ms. Albert has indicated that she would oppose this Application. (*Id.*)

---

[2] Such notice was given with respect to this Application *only*. Defendants are very cognizant of the fact that Ms. Albert is not currently eligible to practice law in California, and is subject to an OSC why she should not be suspended from practicing in this Court as well—hence this Application. Defendants have no intention to countenance or assist Ms. Albert in the unlicensed practice of law in either this or any other court. Because Ms. Albert filed the Motion, however, Defendants provided her with notice pursuant to the Local Rule.

1  Pursuant to Local Rule 7-19, the contact information for all parties in this
2  action is as follows:

| | |
|---|---|
| **LAW OFFICES OF LENORE ALBERT**<br>Lenore L. Albert, Esq.<br>1968 S. Coast Hwy #3960<br>Laguna Beach, CA 92651<br>Telephone (424)365-0741<br>Email: lenalbert@InteractiveCounsel.com | **Attorneys for Plaintiffs** |
| **FREEMAN MATHIS & GARY, LLP**<br>David M. Liu<br>Christopher J. Weber<br>Gaia T. Linehan<br>3030 Old Ranch Parkway, Suite 200<br>Seal Beach, CA  90740<br>Telephone: (213) 615-7000<br>Facsimile: (213) 615-7100<br>Email: david.liu@fmglaw.com<br>christopher.weber@fmglaw.com<br>gaia.linehan@fmglaw.com | **Attorneys for Defendant The State Bar of California** |
| **JEFFER MANGELS BUTLER & MITCHELL LLP**<br>Michael A. Gold<br>Justin Anderson<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br>Email: mgold@jmbm.com<br>Janderson@jmbm.com | **Attorneys for Defendant Rick Rankin** |
| **K&L GATES LLP**<br>BETH W. PETRONIO (*pro hac vice*)<br>(beth.petronio@klgates.com)<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Telephone: (214) 939-5815<br>Facsimile: (214) 939-5849<br><br>CHRISTINA N. GOODRICH (261722)<br>(christina.goodrich@klgates.com)<br>ZACHARY T. TIMM (316564)<br>(zach.timm@klgates.com)<br>10100 Santa Monica Boulevard<br>Eighth Floor<br>Los Angeles, California 90067<br>Telephone: (310) 552-5000<br>Facsimile: (310) 552-5001 | **Attorneys for Defendant Tyler Technologies, Inc.** |

This Application is based on this Notice, the attached memorandum of points and authorities, the attached declaration of Justin Anderson, all pleading, papers and records in this action, and upon such further evidence as may be presented at the hearing.

Date:   April 8, 2024            **K&L GATES LLP**

                         By:  */s/ Zachary T. Timm*
                              Christina N. Goodrich
                              Beth W. Petronio (admitted *pro hac vice*)
                              Zachary T. Timm
                              Attorney for Defendant
                              TYLER TECHNOLOGIES, INC.

Date:   April 8, 2024            **FREEMAN MATHIS & GARY, LLP**

                         By:  */s/ David S. Liu*
                              David M. Liu
                              Christopher J. Weber
                              Danielle A. Ocampo
                              Attorneys for Defendant
                              STATE BAR OF CALIFORNIA

Date:   April 8, 2024            **JEFFER MANGELS BUTLER & MITCHELL LLP**

                         By:  */s/ Justin Anderson*
                              Michael A. Gold
                              Justin Anderson
                              Attorney for Defendant
                              RICK RANKIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Application presents a very simple issue: Defendants seek a brief continuance of the hearing on Plaintiffs' Motion, as well as the briefing thereon. Such continuance is sought to allow the Chief Judge to enter a final order on the OSC as to why the individual who filed the Motion—Ms. Albert—should not be suspended from practice in the Central District of California. Pending resolution of that OSC, Defendants are unsure if, and to what extent, Ms. Albert can practice law in the Central District of California. They do know, however, that Ms. Albert is ineligible to practice law in the state of California, and the Motion she filed seeks removal of a state court case *back* to this Court. Defendants believe it is important that Ms. Albert's eligibility to practice law in the Central District of California and before this Court are determined ***before*** the Motion is heard.

Furthermore, Defendants seek to avoid the inefficiencies and waste of preparing opposition(s) and taking up the Court's time, when the Motion may be mooted shortly thereafter by an order of the Chief Judge declaring Ms. Albert is ineligible to practice before this Court. This is of particular concern because the Motion is lengthy, chaotic, full of inaccuracies, and accompanied by dozens of supporting documents. Responding to the Motion on its merits—or lack thereof—will require a significant amount of time and resources. Defendants want to avoid expending the time and resources to file opposition(s) by April 11, only for the Chief Judge to enter a final order suspending Ms. Albert a few days later t.

Finally, Ms. Albert noticed the Motion for a Thursday, however this Court hears civil motions on Tuesdays. Defendants seek to continue the hearing date on the Motion to a Tuesday consistent with this Court's stated procedures.

Defendants request, therefore, a brief continuance of the hearing of the Motion sufficient to allow the Chief Judge to enter a final order on the currently-pending OSC and to reschedule the hearing for a Tuesday.

## II. FACTUAL AND PROCEDURAL HISTORY

On March 11, 2024, the Review Department of the State Bar of California issued an Opinion and Order of Interim Suspension against Ms. Albert. (Albert Decl., ¶ 11.) Ms. Albert's suspension became effective on March 14, 2024. (*Id.*) That same day, Chief Judge Gutierrez issued an OSC, requiring Ms. Albert to respond within 30 days as to why she should not be suspended from the practice of law in the Central District of California pursuant to Local Rule 83-3.2. (Anderson Decl., Ex. 1.) On March 20, 2024, Ms. Albert filed an *ex parte* application to vacate numerous orders this Court previously entered, including the order remanding this action to state court. (DE 138.) On March 21, 2024, this Court denied Ms. Albert's application without prejudice. (DE 143.)

On March 26, 2024, Ms. Albert filed an *ex parte* application in the administrative matter pertaining to her reciprocal discipline in the Central District seeking "to get the State Bar to retreat and give Ms. Albert some breathing room by clarifying that the Local Rules allow Ms. Albert can continue to practice law in the Central District Court and their Local Rules of Admission are irrelevant to the suspension pending the Order to Show Cause." (*See* Case No. 2:24-ad-00002-PSG, DE 2 at 2:2-5.) Ms. Albert's *ex parte* application in that matter was denied on March 27, 2024. (Case No. 2:24-ad-00002-PSG, DE 3.)

On April 2, 2024, Ms. Albert filed the Motion, seeking substantially similar relief as her March 20, 2024 *ex parte* application filed in this Action. (DE 144.) Ms. Albert noticed this Motion to be heard on Thursday, May 2, 2024. (*Id.*) Defendants' opposition deadline is currently April 11, 2024—mere days before Ms. Albert's response to the OSC is due.

Defendants gave Ms. Albert both written and oral notice of this Application on April 5, 2024. (Anderson Decl., ¶ 2, Ex. 2.) In response, Ms. Albert indicated she would oppose this Application and subsequently informed Defendants she intended to file her own *ex parte* application to advance the hearing on her

2

MEMORANDUM OF POINTS AND AUTHORITIES

Motion. Ms. Albert then filed such application on April 8, 2024, shortly before Defendants filed this Application. (*See* DE 148.)

## III. ARGUMENT

### A. *EX PARTE* RELIEF IS JUSTIFIED TO CONTINUE THE HEARING AND BRIEFING SCHEDULE ON MS. ALBERT'S MOTION

A party seeking *ex parte* relief must: (1) show it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants satisfy both requirements.

#### i. Defendants Will Be Irreparably Prejudiced if the Application is Denied

First, the relief sought *cannot* be obtained via a regularly noticed motion, because any such motion would necessarily be heard only *after* the Motion Ms. Albert has filed that is the subject of this Application. Thus, if Defendants sought the same continuance via a regularly notice motion, such request would be entirely moot and ineffective. That they cannot obtain this relief other than through an *ex parte* application means that a denial of this Application will prejudice Defendants at least by cutting off their access to the relief the Application seeks.

Additionally, Defendants will be prejudiced and harmed if the underlying relief sought is not granted. Defendants seek to continue the hearing and briefing on Plaintiffs' Motion until after the Chief Judge has issued a final ruling on the OSC as to whether Ms. Albert should be suspended or allowed to practice law in the Central District. Defendants are currently uncertain as to Ms. Albert's ability to practice law before this Court, and seek time for the Chief Judge to provide that certainty via a final order on the OSC. Ms. Albert purports to represent a putative class, and so her eligibility to practice law is of paramount importance. Moreover,

Defendants want to avoid *any* appearance or suggestion that they are complicit in any unlicensed practice of law. The case Ms. Albert is attempting to reopen in this Court is currently pending in the Orange County Superior Court in California—a court in which Ms. Albert has been suspended from practicing. Defendants want to avoid engaging Ms. Albert in the merits of the Motion unless and until she has been cleared to continue practicing law before this Court.

Moreover, Ms. Albert's Motion is rife with misstatements, expansive and meandering and attaches dozens of declarations and other exhibits. In order to properly address all arguments and inaccuracies included in the Motion, Defendants will need to expend a significant amount of time and resources. If the final order results in Ms. Albert being suspended, the Motion will become moot, and Defendants and the Court will have wasted time and those resources addressing the Motion.

A denial of this Application, therefore, is likely to result in the Defendants and the Court from expending significant resources on a Motion that very well may be deemed moot because the individual who filed it may be suspended from practicing law in the Central District.

Second, Defendants have not created or contributed to the situation requiring *ex parte* relief. The Chief Judge issued an OSC on March 14, 2024, as to why Ms. Albert should not be suspended from practicing in the Central District. Ms. Albert thereafter filed an *ex parte* application in this matter, which was denied, and has now subsequently brought this Motion seeking substantially similar relief. All the while, Ms. Albert knew of the OSC she faced and her potential suspension in the Central District. Defendants did not direct or encourage Ms. Albert to file her Motion—which seeks, *inter alia*, to vacate an order for remand she previously argued in favor of—and certainly did not direct her to do so *prior* to a decision being entered on the OSC.

### B. PLAINTIFFS WILL SUFFER NO PREJUDICE IF THE APPLICATION IF GRANTED, BUT MAY *ALSO* SUFFER PREJUDICE IF IT IS DENIED

Importantly, Plaintiffs will suffer *zero* prejudice by the requested continuance, but may actually suffer prejudice if the continuance is denied.[3]

Ms. Albert's response to the OSC is due 30 days from when it was entered on March 14, 2024. While Defendants cannot opine on exactly when the Chief Judge might enter a final order thereon, it seems likely that it will follow shortly after Ms. Albert submits her response to the OSC. As such, it is likely a continuance of this Motion will only be for a matter of weeks (if that). There is no prejudice to the Plaintiffs in waiting that amount of time to have their Motion heard in the event Ms. Albert is permitted to continue practicing before this Court.

In fact, Plaintiffs' actually *risk* prejudice if this Application is denied. Ms. Albert is currently ineligible to practice law in the state of California. There is also an OSC pending as to why she should not be similarly suspended from practicing law before this Court. This case was previously remanded to state court at Plaintiffs' encouragement. Ms. Albert now seeks to vacate the prior remand order, and reopen the case in this Court—against her prior argument. Such removal is a substantive action that has real impact and implications on the *actual* Plaintiffs. If Ms. Albert's Motion is granted and the case is reopened, only for Ms. Albert to subsequently be suspended from practicing before this Court, Plaintiffs will need to retain new counsel. And that new counsel may have preferred to remain in state court for one reason or another. Hearing Ms. Albert's

---

[3] Ms. Albert's *ex parte* application to advance the hearing on the Motion states that, because the Motion seeks to reopen a case that was closed on May 3, 2023, the Motion must be heard by May 3, 2024. (DE 148 at 21-22.) Without commenting on or conceding the merits or timeliness of Ms. Albert's underlying Motion, Rule 60 requires a motion to be *made* within one year after the entry of the judgment or order it seeks relief from. It does not require such motion to be *heard* within one year.

Motion before the OSC against her is decided, therefore, may have negative impacts upon the Plaintiffs and putative class members.[4]

If, on the other hand, this Application is granted and the hearing and briefing on the Motion are continued, and Ms. Albert is found to be permitted to continue practicing law in the Central District, the only thing Plaintiffs will have lost is a few weeks of time before having the Motion heard.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Application and continue the hearing and briefing schedule on the Motion to allow the Chief Judge sufficient time to enter a final order on the pending OSC.

Date:   April 8, 2024          K&L GATES LLP

By:   /s/ Zachary T. Timm
      Christina N. Goodrich
      Beth W. Petronio (admitted *pro hac vice*)
      Zachary T. Timm
      Attorney for Defendant
      TYLER TECHNOLOGIES, INC.

Date:   April 8, 2024          FREEMAN MATHIS & GARY, LLP

By:   /s/ David S. Liu
      David M. Liu
      Christopher J. Weber
      Danielle A. Ocampo
      Attorneys for Defendant
      STATE BAR OF CALIFORNIA

---

[4] For avoidance of doubt, Defendants do not believe Plaintiffs claims have merit, nor do they believe Plaintiffs will be able to certify a class. These points are raised merely because Plaintiffs have pled a class-action lawsuit, and so the impact on decisions therein *may* be wide-reaching.

Date: April 8, 2024    JEFFER MANGELS BUTLER & MITCHELL LLP

By: /s/ *Justin Anderson*
Michael A. Gold
Justin Anderson
Attorney for Defendant
RICK RANKIN

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Tyler Technologies, Inc. certifies that this brief contains 1,876 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Zachary T. Timm*
Zachary T. Timm

Counsel for Defendant TYLER TECHNOLOGIES, INC.