Lenore L. Albert *Suspended Cal State Bar 03-14-2024*
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.*
**IN FEDERAL COURT ONLY**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3, an individual; JANE ROE 2 an individual; CHAD PRATT, an individual, NZ, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to the Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br><br>**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**<br><br>Hearing Date: TBD<br>Time: On the papers<br>Crtm: 6B – Sixth Floor |

i

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

*Roe v The State Bar of California, et al.*          22-cv-00983-DFM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **Opposition:**

Defendants have filed a cross ex parte application to continue Plaintiffs' motion for relief under Fed. R. Civ. Proc. Rule 60(b).

Their application is frivolous.

The motion set for May 2, 2024 (Doc. 144), seeks an Order to reopen the case; and vacate: (1) the Order denying a protective order (Doc. No. 127); (2) Order dismissing the antitrust claim of attempted regulation of the practice of law in federal court by the California State Bar (Doc. No. 130); (3) Order declining supplemental jurisdiction (Doc. No. 134); and (4) the Order closing and remanding the case (Doc. No.135) pursuant to Fed. R. Civ. Proc. Rules 60(b) and the Court's inherent authority.

### 1. Defendants' Application is Frivolous Because the Requested Relief is Barred by Fed. R. Civ. Proc. Rule 6(b)(2)

There is no legal basis for the requested relief. Fed. R. Civ. Proc. Rule 6(b)(2) provides that "[a] court **must not** extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and **60(b).**" Id. (bold added).

The matter cannot be heard at a later because it would be in violation of Fed. R. Civ. Proc. Rule 6(b)(2).

The motion that defendants want continued seeks relief under Fed. R. Civ. Proc. Rule 60(b) so the court "must not" extend the time to act. Plaintiff gave defendant notice of this Rule in plaintiff's ex parte application, yet they still went forward with this baseless application. Defendant didn't even cite one case to the contrary in their memorandum.

The defendants gave no other legal basis for the requested relief.

The application must be denied.

### 2. The Defendants Failed to Act Diligently – No Irreparable Harm

1

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

*Roe v The State Bar of California, et al.*   22-cv-00983-DFM

On page 10, defendants cite: *Mission PowerEng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) to support its position that it is being caused irreparable harm of not their making.

However, that Court cautioned "[t]o show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis — the necessity for bypassing regular motion procedures — that requires explanation." *Mission Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F. Supp. 488, 493.

Judge Gutierrez issued his Order to Show Cause on March 14, 2024. The Defendants fail to explain why they did not file a properly noticed motion at that time requesting a stay which could have been heard on the Court's regularly scheduled calendar as soon as April 16, 2024. This Court denied Plaintiff's ex parte application without prejudice to filing a noticed motion on March 21, 2024. The Defendants also fail to explain why they did not file a motion to stay the proceedings after receiving this Court's order on March 21, 2024 either. Moreover, the parties met and conferred on March 26, 2024 per Local Rule wherein the Defendants knew for certain plaintiffs intended on filing a noticed motion and yet Defendants fail to explain why they didn't file a regularly noticed motion at that time, too. Instead, the Defendants waited until 3 days before their opposition to the motion for Relief under Fed. R. Civ. Proc. Rule 60(b) was filed to seek ex parte relief. Consequently, due to the Defendants failure to explain the necessitating for bypassing regular motion procedures, this was a crises of their own making by failing to acting diligently. The application should be denied for failure to show irreparable harm as defined in their own case that they cited.

**3. Fraud on the Court**

Defendants are attempting to forum shop because they have control over state court proceedings. The Defendants do not want this Court to see that they have made

material representations to this Court which this Court relied on in dismissing the antitrust claims.

The underlying motion shows that on April 3, 2023, this Court granted the defendants' supplemental motion to dismiss the antitrust claims. The order was signed by the judge and docketed as **Doc. No. 130**. This Court dismissed a monopolization claim finding it "fanciful and unsupported." The Court opined that:

> Plaintiffs allege that **the State Bar is attempting to monopolize who can practice in federal court.** See SAC ¶ 249. This **claim is both fanciful and unsupported.** Plaintiffs' SAC does not plausibly allege how the State Bar could control practice in federal court… Nor does the SAC allege why the State Bar would want to control the practice of law in federal court.
>
> Court's Order Dismissing the Amended Complaint (Doc. 130 p. 18-19)
> (bold added).

The ruling was based on the State Bar's motion to dismiss which represented:

> The attempted monopolization claim fails on numerous levels. For one thing, **Plaintiffs offer no fact, plausible or otherwise, in support of their fanciful theory, nor could they**: the State Bar has no conceivable motive for controlling the practice of law before the federal judiciary.
>
> State Bar Motion to Dismiss Doc. 113-1 p. 23:8-18 Filed 11/21/22.
> (bold added).

Their application seeking an Order from this Court to continue the hearing on the Motion to Vacate based on the OSC issued by Judge Gutierrez is an example of the State Bar attempting monopolize who can practice in federal court.

Second, Ms. Albert's underlying suspension is another example of the State Bar using its power to attempt to monopolize who can practice in federal court.

The State Bar disciplinary charges that led to this suspension were based on practice in federal court where Ms. Albert was an active member.

"[S]uspension from federal practice is not dictated by state Rules." *In re Poole,* 222 F.3d 618, 622 (9th Cir. 2000). Our Ninth Circuit explained "[t]he Rules in *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), required a hearing prior to disbarment…and therefore prevented the local Rules from taking effect automatically." *United States v. Mouzin* (9th Cir. 1986) 785 F.2d 682, 704 fn. 6. "Without its observance **no one would be safe from oppression** wherever power may be lodged." *Ex Parte Robinson,* 86 U.S. 505, 512-13 (1873) (emphasis added).

Because this is a federal court and the U.S. District Court for the Eastern District of California is a federal court and Roxanne Gonzalez is an Operations Supervisor in that District Court, the Court should not automatically suspend Albert's membership (like Roxanne Gonzalez did that in 2021 which was the subject matter of the current dispute).

Beth Petronio wrote the email because the State Bar is using Ms. Albert's filing in this federal Court at this moment in time as Unauthorized Practice of Law.

Of course, that isn't what the law says, but that is the State Bar attempting to regulate the practice in federal court.

The only named plaintiff in this case, Chad Pratt was also brought up on charges for practice in a federal court after this case was filed and also received a recommendation of disbarment.

The defendant is a state agency attempting to do some tail wagging and defendant Tyler Technologies, Inc. and Rick Rankin and their attorneys are being complicit in their illegal conduct.

### 4. No Legal Basis To Continue Based on the Invited OSC

Finally, the OSC is a red herring. Ms. Albert asked each federal court to issue an OSC, including the U.S. District Court for the Central District of California.

4

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

*Roe v The State Bar of California, et al.*            22-cv-00983-DFM

Judge Gutierrez, former Chief Judge, obliged as did the U.S. District Court for the Eastern District of California. He ruled he will not give an advisory opinion. See Decl.

Continuing the hearing until Judge Gutierrez rules is like usurping the Chief Judge's rule and giving Ms. Albert an interim suspension of my license without any due process of law, causing her irreparable harm.

Additionally, the Ninth Circuit Court of Appeals and the U.S. Supreme Court gave the California Bar Review Department Opinion short shrift - and have not decided whether they are going to issue an Order to Show Cause or not. (Suzanne Grandt has said many times on the record that only the California Supreme Court can issue an Order to suspend or reinstate the license of an attorney – the State Bar can only recommend).

Counsel for the State Bar insisted that Ms. Albert was committing UPL by filing any papers in the Central District by misinterpreting the Local Rules to mean that by the State Bar suspension Ms. Albert was no longer qualified under the Local Rule because she is not "continuously" in good standing with the State Bar.

It is a bunch of hocus pocus logic the State Bar used at the hearing too. The State Bar refused to consider the U.S. Supreme Court precedent and constitutional issues of due process required in federal court before a federal court could disbar or suspend based on a State Court order. Here, there isn't even any state court order yet.

On April 2, 2024, the Ninth Circuit BAP just found that the State Bar wrongfully withheld Ms. Albert's license in 2018. The State Bar has played this game with Ms. Albert's license so many times the BAP coined it a "saga."

Considering Ms. Albert's history with the State Bar and her ability to ride out the carnage they leave in their wake – this case will be heard in federal court in California or in Michigan.

The State Bar has just committed a Constitutional Rights violation against 191,000 attorney members and 124 complainants.

### 5. Irreparable Harm to Plaintiffs

The plaintiffs have legitimate concern with their case sitting in the state court on a rudderless ship. Not hearing this matter swiftly leaves time for the State Bar to dismiss the action in state court. Out of the 191,000 attorneys that could take this case over they fear the State Bar too much to take the case over. Two causes of action were already overruled in state court. The case has legs and a motion for class certification was filed.

Continuing the hearing indefinitely is no less severe than suspending their attorney from practicing before this Court without affording her due process.

The attorneys without a discipline record fear retaliation such as a suspension or disbarment if they took over this case.

Plaintiffs have a First Amendment and Fourteenth Amendment right to seek legal redress, be able to freely associate and organize, and to a fair opportunity to be heard. The Defendants are using the power of the state to take those rights away.

It may sound as implausible as the state bar attempting to regulate practice in federal court, but here we have a situation where 191,000 lawyers are being oppressed by those at the top in an organization of 500.

Here, the intervening circumstance of the Defendant State Bar issuing an Opinion and Order of Interim Suspension in the state of California renders the Order to dismiss the action and Remand the Case to state Court no longer equitable. It ended up being a death knell decision that no one could reasonably expect. ("any intervening circumstances that render the Order Summarily Remanding Improperly Removed Action no longer equitable. Fed.R.Civ.P. 60(b)(4),(5)." *Colfin Al-Ca 4, LLC v. Martinez* (C.D. Cal., Feb. 20, 2013, EDCV13-0063-UA (DUTY)) [pp. 1]).

### I.   CONCLUSION

Wherefore plaintiffs respectfully request that this Court DENY the defendants' ex parte application.

6

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

*Roe v The State Bar of California, et al.*          22-cv-00983-DFM

Dated: April 9, 2024    Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.* ** *In Federal Court ONLY –* **Suspended State Bar 03-14-2024** **

The undersigned, counsel of record for John Roe 1, et al, certifies that this brief contains 2,317 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 9, 2024    Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.* ** *In Federal Court ONLY –* **Suspended State Bar 03-14-2024** *

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651. On April 9, 2024, I served a copy of the following document(s) described as:

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

On the interested parties in this action as follows:

SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth per CCP 1010.6.

**[] BY MAIL–** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: April 9, 2024

                                               /s/ Lenore Albert  
                                                Lenore Albert

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

10

**OPPOSITION TO THE EX PARTE APPLICATION TO CONTINUE THE 05-02-2024 HEARING**

*Roe v The State Bar of California, et al.*          22-cv-00983-DFM