UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 22-00983-DFM | Date: | April 10, 2024 |
|---|---|---|---|
| Title | John Roe 1 et al. v. The State Bar of California et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Ex Parte Applications (Dkts. 148, 149)

On April 2, 2024, Plaintiffs moved for relief under Federal Rule of Civil Procedure 60 to vacate several Court orders and reopen this case. See Dkt. 144. The motion is set for hearing on May 2, 2024. See id. The parties have each moved ex parte to amend the hearing date. See Dkts. 148, 149.

Plaintiffs request the hearing date be advanced to April 30, 2024, and no later than May 3. See Dkt. 148 at 3. Plaintiffs contend that their Rule 60 motion cannot be heard later otherwise it would be untimely. See id. Defendants oppose, noting that Rule 60 requires a motion be made, not heard, within one year after the entry of the judgment or order it seeks relief from. See Dkt. 151.

Defendants are correct. Rule 60 requires that the motion "be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Plaintiffs' Rule 60 Motion seeks to vacate orders entered by this Court on March 17, April 3, May 1, and May 3, 2023. Whether the Motion is timely will run from the date it was filed, which is April 2, 2024, not the hearing date. Accordingly, the hearing date is irrelevant.

Moreover, the Court notes that Plaintiffs' Rule 60 Motion seeks relief under all reasons set forth in Rule 60, including (4), (5), and (6), which do not need to be filed within one year. "The flexibility embedded in [Rule 60's] timing requirement preserves its purpose as a grand reservoir of equitable power, available as a vehicle for vacating judgments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

whenever such action is appropriate to accomplish justice." Bynote v. Baca, 966 F.3d 972, 980 (9th Cir. 2020). Plaintiffs' Application is thus DENIED.

Defendants request the hearing date and briefing schedule be continued. See Dkt. 149. Defendants explain that on March 14, 2024, Judge Gutierrez ordered Plaintiffs' counsel to show cause within thirty (30) days why she should not be suspended from the practice of law in the Central District as a result of the discipline imposed against her by the State Bar of California. See Albert, Case No. 2:24-ad-00002-PSG, Dkt. 1. Defendants note that their opposition to Plaintiffs' Rule 60 Motion is due on April 11, 2024, several days before Plaintiffs' counsel's deadline to respond to the OSC.

Plaintiffs oppose, reiterating several arguments made in their Rule 60 Motion. Inexplicably, Plaintiffs argue that Defendants were not diligent because they did not request a stay after Judge Gutierrez issued the OSC. See Dkt. 150 at 3. But when the OSC was issued, this case was closed with no pending motions. Defendants acted with appropriate speed in seeking a continuance once Plaintiffs' Rule 60 Motion was filed. Next, Plaintiffs assert that a continuance would "usurp" Judge Gutierrez's authority because it would suspend counsel's license without due process. See id. at 4. The Court does not agree that a short continuance would interfere with or comment on the eventual outcome of the 24-0002 matter, either implicitly or explicitly.

Should Judge Gutierrez suspend Plaintiffs' counsel from the practice of law before this Court, it would almost certainly moot Plaintiffs' Rule 60 Motion. Accordingly, the Court finds it in the interest of justice to continue the hearing and briefing schedule and GRANTS Defendants' Application. The Court will accordingly sign Defendants' Proposed Order. See Dkt. 149-4.