Lenore L. Albert *Disbarred Cal Supreme Court*
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Email: lenalbert@InteractiveCounsel.com
Attorney for Plaintiffs, John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.*
**IN FEDERAL COURT ONLY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3, an individual; JANE ROE 2 an individual; CHAD PRATT, an individual, NZ, *on behalf of themselves and all others similarly situated*,<br><br>                            Plaintiff,<br>vs.<br><br>THE STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br>                            Defendants. | CASE NO. 22-cv-00983-DFM<br><br>Assigned to the Hon. Douglas F. McCormick<br>Complaint filed: 03-18-2022<br><br>**NOTICE OF DISBARMENT**<br><br>Hearing Date: TBD<br>Time: On the papers<br>Crtm: 6B – Sixth Floor |

i

**NOTICE OF DISBARMENT**

*Roe v The State Bar of California, et al.*                22-cv-00983-DFM

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**COMES NOW Central District Bankruptcy Member,** Lenore Albert, and gives notice pursuant to Cal. Rules of Court, Rule 9.20 of disbarment notwithstanding this Court's June 24, 2024 Order of the Hon. Dolly M. Gee.

A true and correct certified copy of the California Supreme Court order is attached hereto that was sent by letter to Ms. Albert on July 3, 2024. Ms. Albert will file a separate petition for certiorari with the U.S. Supreme Court.

Ms. Albert intends to file a response within the time limits outlined in the June 24, 2024 Order by the Hon. Dolly M. Gee.

Ms. Albert has not resigned nor ever been convicted of a crime, an alcoholic, nor mentally infirm nor found to have any affliction that may affect her fitness to practice law.

Under U.S. Supreme Court precedent, no such disciplinary proceeding would have taken place.

Furthermore, the Ninth Circuit Court of Appeals B.A.P. found that the State Bar of California violated the automatic stay by failing to reinstate my license to practice law in 2018. It is a published decision that can be found here: https://cdn.ca9.uscourts.gov/datastore/bap/2024/04/02/23-1024.pdf.

Ms. Albert further respectfully requests that this Bar allow her to maintain her ECF filing privileges in this case.

Ms. Albert disagrees with the State Bar Review Department's recommendation and some of the facts recited therein. The State Bar admitted that it was in contempt of a federal bankruptcy order in this case and the timing is on the day Ms. Albert gave for extension to file demurrer (3/11) and provide documents (3/12) in the putative class action of John Roe v State Bar in the data breach case where she was counsel of record.

Ms. Albert represented approximately 191,000 California State Bar members and approximately 124 State Bar Complainants or Witnesses in the putative class action of John Roe, et al v State Bar of California (Tyler Technologies) in the Orange County Superior Court of the state of California wherein the Court overruled demurs by Tyler Technologies as to its Negligence and by the State Bar as to failing to meet its mandatory duty under Business & Professions Code § 6086.1 to keep State Bar investigations confidential until public disciplinary charges are filed. A motion to certify the class was filed and set to be heard this June. According to the California State Bar website, approximately 30-50 attorneys who are barred in Michigan also maintain a California State Bar membership and were more likely than not also victims of the data breach that the defendants have tried to quash. The Orange County Superior Court judge has continued all matters in that case to October 18, 2024 to give the plaintiffs' putative class members a chance to find a new attorney or home. No other attorney in California will take the case because they fear retaliation and see this disbarment solely as retaliation.

**The integrity of the judicial system in California has been destroyed by the State Bar.** The other attorneys filed declarations anonymously, concerning the same but the California Supreme Court refused to look at them.

What the State Bar did to Ms. Albert in her bankruptcy case was nothing short of extortion of nearly $60,000.00. It was not minor – it was criminal.

Please be advised that the disbarment is based on practice of law in a federal court that did not sanction, admonish, or suspend Ms. Albert at the time. It was an act performed on or about March 1, 2021 by an Operations Supervisor without a Judge advising her to do so. And that act occurred AFTER Ms. Albert filed a motion in Noble and an Answer in Grewal. After March 1, 2021, Ms. Albert did not file anything further and her membership was reinstated in that federal court in May 2021. The issue is before the Ninth Circuit.

"[S]uspension from federal practice is not dictated by state Rules." *In re Poole,* 222 F.3d 618, 622 (9th Cir. 2000). Our Ninth Circuit explained "[t]he Rules in *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), required a hearing prior to disbarment…and therefore prevented the local Rules from taking effect automatically." *United States v. Mouzin* (9th Cir. 1986) 785 F.2d 682, 704 fn. 6. "Without its observance no one would be safe from oppression wherever power may be lodged." *Ex Parte Robinson,* 86 U.S. 505, 512-13 (1873).

Ms. Albert's disagreement is not an attempt to obfuscate the disbarment or suspension that is looming over her law license in the State of California.

On August 16, 2024 the Ninth Circuit Court of Appeals is going to hear her appeal of dismissal of her civil lawsuit from this District Court against Roxanne Gonzalez, the Operations Supervisor, under *Bivens* who unilaterally changed her membership status from active to inactive. That can be viewed online at the Pasadena Courthouse location.

Dated:  July 8, 2024         Respectfully Submitted,
                             /s/ Lenore Albert_____
                             LENORE L. ALBERT
                             Attorney for Plaintiffs, John Roe 1, John Roe 3,
                             Jane Roe 2, Chad Pratt, and NZ *on behalf of themselves and all others similarly situated.* ** *In Federal Court ONLY* – **<u>Disbarred Cal Supreme Court</u>**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651.  On July 8, 2024, I served a copy of the following document(s) described as:

**NOTICE OF DISBARMENT**

On the interested parties in this action as follows:

SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

**[] BY MAIL**– I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 8, 2024

                                           /s/  Lenore Albert
                                                 Lenore Albert

## ELECTRONIC SERVICE LIST

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

BY EMAIL: TO ALL JOHN ROE AND JANE ROE PLAINTIFFS, AND CHAD PRATT

EX 1



**The State Bar of California**

180 Howard Street, San Francisco, CA 94105

**DIVISION OF REGULATION**

AttorneyRegulation@calbar.ca.gov
888-800-3400

July 3, 2024

#210876
Lenore L. Albert
Lenore Albert
1968 S Coast Hwy # 3960
Laguna Beach, CA 92651-3681

Dear Lenore L. Albert:

Our records indicate that you owe $27,055.00 to the State Bar of California ("State Bar") for discipline costs and $5,000.00 for monetary sanctions assessed in State Bar Court Case No. SBC-22-O-30348 et al. Please note that you may owe additional debt to the State Bar if you have additional disciplinary cases or owe Client Security Fund ("CSF") reimbursement(s).

This is an opportunity for you to voluntarily pay the sums owed to the State Bar. The State Bar will require full payment in certified funds on or before **August 16, 2024,** which is 30 days after the Supreme Court order (S284532) goes into effect**.** For any questions concerning the amount owed, please call Omar Easley at 415-538-2113 or email AttorneyRegulation@calbar.ca.gov. Send your payment to the State Bar of California, Attn: Office of Finance, 180 Howard Street, San Francisco, CA 94105.

If you do not make the full payment as noted above, the State Bar will enforce these sanctions as a civil money judgment in a Superior Court and/or will submit your account to the Franchise Tax Board ("FTB") to collect the delinquent debt as described below.

Under Business & Professions Code section 6086.10, subdivision (a), and State Bar Rules of Procedure, Rule 5.137, subdivision (G), these assessed monetary sanctions are enforceable as a civil money judgment and may be collected by the State Bar through any means provided by law. This provision applies to any individual who has been disbarred or resigned with charges pending, or received an actual or stayed suspension or a public reproval.

This is an opportunity for you to voluntarily pay the sums owed to the State Bar before a civil money judgment is filed with the Superior Court and subsequent proceedings commence. If such a judgment is filed, you will be liable for additional costs associated with enforcing the judgment and interest.

If payment is not received, the State Bar is also authorized to submit your account to the California Franchise Tax Board (FTB) for collection. FTB is authorized by the California State

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

7

Lenore L. Albert, #210876
July 3, 2024
Page 2


Legislature to collect court-ordered debt for participating courts and agencies under the California Revenue and Taxation Code sections 19280-19283. FTB's Court Ordered Debt program issues wage garnishment, bank levies, and/or seizure of real and personal property or other assets to collect delinquent court-ordered debt.

The State Bar also participates in FTB's Interagency Intercept Collection (FTB-IIC) program pursuant to Business and Professions Code section 6034. FTB IIC program is in conjunction with the State Controller's Office, collecting delinquent liabilities individuals owe to state and local agencies. FTB IIC Program intercepts tax refunds, unclaimed property claims, and lottery winnings owed to individuals. FTB redirects these funds to pay the individual's debts (California Government Code Sections 12419.2, 12419.7, 12419.9, 12419.10, 12419.11, and 12419.12).

If you disagree with the amounts owed, you must provide written documentation of payments or a court order modifying or waiving the amounts owed to the Office of Finance before **August 16, 2024**.

>State Bar of California
>Attn: Office of Finance
>180 Howard Street
>San Francisco, CA 94105

Sincerely,



Division of Regulation



Enclosure

8

**SUPREME COURT**
**FILED**

JUN 17 2024

State Bar Court - No. SBC-22-O-30348

**Jorge Navarrete Clerk**

S284532

**Deputy**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re LENORE LUANN ALBERT on Discipline.

    The "Motion to Augment the Record or Judicially Notice the Declarations in the Alternative" is denied.

    The "Ex Parte Application to Set Aside or Stay the Interim Suspension" is denied.

    The petition for review is denied.

    The court orders that Lenore LuAnn Albert (Respondent), State Bar Number 210876, is disbarred from the practice of law in California and that Respondent's name is stricken from the roll of attorneys.

    Respondent must comply with California Rules of Court, rule 9.20, and perform the acts specified in (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the date this order is filed. (*Athearn v. State Bar* (1982) 32 Cal.3d 38, 45 [the operative date for identification of clients being represented in pending matters and others to be notified is the filing date of this order].)

    Respondent must pay monetary sanctions to the State Bar of California Client Security Fund in the amount of $5,000 in accordance with Business and Professions Code section 6086.13 and rule 5.137 of the Rules of Procedure of the State Bar. Monetary sanctions are enforceable as a money judgment and may be collected by the State Bar through any means permitted by law.

    Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment, and may be collected by the State Bar through any means permitted by law.

**GUERRERO**
*Chief Justice*

I, Jorge Navarrete, Clerk of the Supreme Court of the State of California, do hereby certify that the preceding is a true copy of an order of this Court as shown by the records of my office.
Witness my hand and the seal of the Court this _____ day of JUN 2 4 2024 20____

By: _____ Deputy


Certified Copy

9

| STATE BAR COURT OF CALIFORNIA<br>845 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515<br>(213) 765-1400 | FOR STATE BAR COURT USE<br><br>**FILED**<br>APR 10 2024 |
|---|---|
| In the Matter of<br><br>LENORE LUANN ALBERT, No. 210876<br><br>Member of the State Bar | STATE BAR COURT<br>CLERK'S OFFICE LOS ANGELES |
| CERTIFICATE OF COSTS | CASE NO.: 21-O-05360, SBC-22-O-30348. |

1. TAXABLE COSTS of the Office of Chief Trial Counsel (Code Civ. Proc. §1033.5(a)).

    $          Witness fees pursuant to Government Code.
    $          Fees of expert witnesses when ordered by the Court.
    $          Deposition expenses, including transcript and travel costs.
    $          Service of process.
    $          Photocopies of exhibits.
    $          Models and blowups of exhibits.

2. REASONABLE COSTS PURSUANT TO FORMULA APPROVED BY THE BOARD OF TRUSTEES (Bus. & Prof. Code §6086.10(b)(3)).

    $ 24,695.00     Base Charge.
    $          Charge of $1,178.00 for investigations over one.
    $          Minimum charge for consolidated matter.
    $          Resignation charge ($165.00)

3. OTHER REASONABLE COSTS—Incidental expenses of the Office of Chief Trial Counsel (Bus. & Prof. Code §6086.10(b)(1); CCP §1033.5(c)).

    $ 2,360.00     Reporter's transcript of State Bar Court proceedings.
    $          Cost for certifying court documents.
    $          Staff travel expenses.
    $

4. $27,055.00     **SUBTOTAL**

By: _____ Dated: 04/03/2024
Teresa Sotelo, Program Specialist II, Office of Chief Trial Counsel

5. OTHER REASONABLE COSTS OF THE STATE BAR COURT

    $ 00.00

| $27,055.00 | **TOTAL OF ALL COSTS** |
|---|---|

By: _____ Dated: 4/10/24
Program Specialist III, Office of the State Bar Court

10

The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in the State Bar Court.

ATTEST June 26, 2024
State Bar Court, State Bar of California,
Los Angeles

By _____
Clerk

11